

FILED
MAY 25 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:　　　　　Deputy Clerk

Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jeremy B. Freedman (State Bar No. 308752)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jeremy.freedman@dinsmore.com

Proposed Special Counsel to Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><br>---<br><br>RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual; ENG TANG, an individual; MARIA EEYA TAN, an individual; JAKE AKERS, an individual; HAN TRINH, an individual; JAYDE TRINH, an individual; WES THOMAS, an individual; SCOTT JAMES EADIE, an individual; JIMMY CHHOR, an individual; DONGLIANG JIANG, an individual; OAKSTONE LAW GROUP PC; GREYSON LAW CENTER PC; PHOENIX LAW GROUP, INC.; MAVERICK MANAGEMENT, LLC; LGS HOLDCO, LLC; CONSUMER LEGAL GROUP, P.C.; VULCAN CONSULTING GROUP LLC; B.A.T. INC. d/b/a COAST PROCESSING; PRIME LOGIX, LLC; TERACEL BLOCKCHAIN FUND II LLC; EPPS; EQUIPAY; AUTHORIZE.NET; WORLD GLOBAL; OPTIMUMBANK HOLDINGS, INC. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No.<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE, RICHARD A. MARSHACK'S MOTION FOR PERMISSION TO FILE OMNIBUS EMERGENCY MOTION AFTER SERVICE OF COURTESY COPY AND AFTER HEARING, AND UNDER SEAL**<br><br>Date: May 26, 2023<br>Time: **T.B.D. By Clerk of Court**<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

d/b/a OPTIMUM BANK; MARICH BEIN, LLC; BANKUNITED, N.A.; REVOLV3, INC.; FIDELITY NATIONAL INFORMATION SERVICES, INC. d/b/a FIS; WORLDPAY, INC.; WORLDPAY GROUP; MERIT FUND, LLC; GUARDIAN PROCESSING, LLC; THE UNITED STATES POSTAL SERVICE; and DOES 1 through 100, inclusive,

Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

Richard A. Marshack ("Trustee" or "Plaintiff"), the Court-appointed Chapter 11 Trustee in the Chapter 11 Bankruptcy Case No. 8:23-bk-10571-SC and Plaintiff in the as yet to be filed Adversary Case No. 1 which will be appended to the OMNIBUS EMERGENCY MOTION FOR: 1) TURNOVER OF ESTATE PROPERTY AND RECORDED INFORMATION PURSUANT TO 11 U.S.C. § 542; 2) PRELIMINARY INJUNCTION; 3) LOCK-OUT; 4) RE-DIRECTION OF UNITED STATES PARCEL SERVICES MAIL; AND 5) ISSUANCE OF ORDER TO SHOW CAUSE RE COMPLIANCE WITH COURT ORDER; AND [PROPOSED] ORDER THEREON ("Omnibus Emergency Motion"), hereby respectfully submits EMERGENCY MOTION FOR PERMISSION TO FILE OMNIBUS EMERGENCY MOTION AFTER SERVICE OF COURT'S COURTESY COPY AND AFTER HEARING, AND UNDER SEAL ("Seal Motion"), pursuant to Local Rule 5003-2(c) and 11 U.S.C. § 107, to prevent filed copies of the within Motion from appearing on the docket until such relief, if any be granted by the Court, can be effected.

## I. INTRODUCTION.

This Seal Motion is made on the grounds that the facts alleged and relief requested in the Omnibus Motion for Turnover of Bankruptcy Property contain confidential research as it pertains to claims the Trustee is investigating, analyzing and pursuing as to third parties who may be liable to the bankruptcy estate for losses, damages, or other forms of harm. It is critical that the work performed by Dinsmore & Shohl LLP ("Dinsmore") on these matters, including on the assessment of various potential claims and litigation strategies, remains confidential. Were such information to be disclosed publicly, it could materially disadvantage the bankruptcy estate and the Trustee's efforts to secure the

maximum recovery. Accordingly, the Trustee requests permission to file under seal his Omnibus Emergency Motion.

## II. DISCUSSION.

Local Rule 5003-2(c) provides, "[s]ubject to 11 U.S.C. § 107, a document may not be filed under seal without a prior written order of the court." "On request of a party in interest, the bankruptcy court **shall**... protect an entity with respect to a trade secret or **confidential research**, development, or commercial information." 11 USC § 107(b)(1).

"A party seeking to seal a judicial record then bears the burden... by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings... that outweigh the general history of access and the public policies favoring disclosure..." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679, n.6 (internal citations and quotations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal citations and quotations omitted).

Here, compelling reasons exist to prevent the public disclosure of the Trustee's Omnibus Motion. The Trustee's Omnibus Motion reveals the Trustee's confidential research and investigation into the Debtor's conduct and transactions, and includes information concerning the potential claims, defenses, and litigation strategies. Specifically, the information contained in the Omnibus Motion reveals the Trustee's strategies to regain assets which appear to have been fraudulently transferred from the bankruptcy estate. The information would alert the Debtor of the Trustee's investigation and allow the Debtor to thwart the Trustee's efforts by diverting further assets from the Bankruptcy estate into other entities. Further, the Omnibus Emergency Motion contains confidential research and reveals the Trustee's strategy throughout its entirety, not just in portions, therefore the Trustee requests the Court's permission to file the Omnibus Emergency Motion under seal in its entirety.

1. The Omnibus Emergency Motion relies on confidential information obtained from the factual investigation conducted by Trustee's counsel. For example, Trustee's general counsel, Ed Hays caught the Debtor's person most knowledgeable concerning LPG's dealings with vendors, Tony Diab ("Diab"), in an outright lie regarding his access to LPG's merchant portal and confirming that in excess of $6,000,000 dollars have been diverted from Debtor in the post-petition period. (Declaration of Trustee Richard Marshack in Support of Omnibus Emergency Motion"Marshack Decl." at ¶¶ 6-7.)

2. Exigent circumstances exist to grant the requested relief. It is anticipated that Diab by and through the entities he controls will continue to initiate ACH transfers of client funds – to which LPG is entitled – including for the bulk of LPG's prior clients on June 1, 2023, which is expected to exceed $1 million dollars. Without an order granting the requested injunctive relief, Mr. Diab would again have the ability to transfer such funds to other corporate entities he controls, including Vulcan Consulting, Maverick Management, LLC, Prime Logix, LLC among many others under his control. (Marshack Decl, at ¶ 15.)

3. As such, property of Debtor's Estate as set forth in the Omnibus Emergency Motion and proposed order, is at great risk of further dissipation, loss, destruction, and fraudulent transfer. (Marshack Decl, at ¶ 16.) In fact, it has been brought to the Trustee's attention that Diab is in the process of creating new corporate entities in furtherance of his attempts to transfer property in which Debtor has an interest as part of his deliberate efforts to hinder, delay, and defraud LPG's creditors. (*Id.*)

4. The Omnibus Emergency Motion, if not filed under seal, would give Diab notice of the Trustee's strategy and would give Diab an opportunity to transfer the property into other entities which have not yet been discovered by the Trustee. Therefore, the Trustee respectfully requests the Omnibus Emergency Motion be filed under seal in order to allow the Trustee to stop the dissipation of property.

///
///
///

### III. CONCLUSION.

For the foregoing reasons, the Trustee requests permission to file his Omnibus Emergency after service of Court's courtesy copy and after hearing, and under seal. The Trustee further requests this Court hold an emergency hearing without notice to grant restraining orders to protect the status quo and prevent further dissipation of estate property.

Dated: May 25, 2023

Respectfully submitted,

DINSMORE & SHOHL LLP

By: /s/ Christopher B. Ghio
    Christopher B. Ghio
    Christopher Celentino
    Proposed Special Counsel to
    Richard A. Marshack