1 | Douglas A. Plazak, SBN#181709
dplazak@rhlaw.com
2 | REID & HELLYER APC
3685 Main Street, Suite 300
3 | P.O. Box 1300
Riverside, California 92502-1300
4 | Telephone: (951) 682-1771
Facsimile: (951) 686-2415
5 |
6 | Attorneys for GREYSON LAW CENTER PC

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C. | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| RICHARD A MARSHACK, Chapter 11 Trustee, | **GREYSON LAW CENTER PC OPPOSITION TO MOTION FOR TURNOVER, PRELIMINARY INJUNCTION, LOCK-OUT, RE-DIRECTION OF US MAIL** |
| Plaintiff, | |
| -vs- | Hearing Date: June 12, 2023 |
| Tony Diab, Daniel E. March, et al., | Time: 1:30 p.m. |
| | Courtroom: 5C |
| | 411 West Fourth Street |
| | Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT CLARKSON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

Greyson Law Center PC ("Greyson") hereby provides the following Opposition to the Trustee, Richard A. Marshack's Motion For Turnover, Preliminary Injunction, Lock-Out, Re-Direction Of Us Mail.

2

# I.

# INTRODUCTION

The Chapter 11 Trustee's Motion is long on allegations concerning Greyson, but short on actual evidence establishing that Greyson is the Alter Ego of The Litigation Practice Group P.C. (LPG).  For reasons explained more fully below, The Chapter 11 Trustee's Motion should be denied in its entirety as to Greyson.

# II.

# STATEMENT OF FACTS

Greyson was founded in March of 2023 by attorney Scott Eadie.  Declaration of Scott Eadie, para. 3; Declaration of  Han Trinh, para. 3.  Mr. Eadie wanted to create a new organization that had a similar business as that performed by LPG (assisting consumers with their debt issues), but that did not involve LPG or Tony Diab. Eadie Decl, para. 3; Trinh Decl., para. 3.  Mr. Eadie was assisted in the development of Greyson by Han Trinh and Eng Taing.

On or about March 9, 2023, Mr. Eadie formed Greyson.  Mr. Eadie was the sole shareholder. (See Eadie Decl., para. 4; see Exhibit A to Eadie Decl, Greyson Articles of Incorporation filed with the California Secretary of State on March 9, 2023) Eadie Decl, para. 3; Trinh Decl., para. 3.

At the time of the initial incorporation in March of 2023, Mr. Eadie was receiving assistance from Eng Taing, Dongliang Jaing, Jimmy Chhor, Raghav Mathur, and Anthony Gabriel with respect to incorporation and setting up domain name and website construction for Greyson.  It was at this time that Greyson moved into office space located at 3161 Michelson Dr., Ste 1675 in Irvine. Eadie Decl, para. 7; Trinh Decl., para. 7.

Greyson only stayed at its initial location for a few weeks until April 27th 2023 when a restrictive access was put into place allowing only Mr. Taing, Mr. Jaing, Mr. Mathur, and Mr. Gabriel to enter the premises. It was at approximately at this time that Mr. Eadie realized that Mr. Taing had stopped prioritizing the law firm and its employees and instead began prioritizing PECC and Touzi Capital, investors of Validation Partners. Eadie Decl, para. 8; Trinh Decl., para. 8.

At this time, Mr. Eadie subsequently severed all ties to Mr. Taing, Mr. Jiang, Mr. Chhor, Mr. Mathur, and Mr. Gabriel.  In this regard, Mr. Taing closed bank accounts that were opened in

- 3 -

1  March of 2023. As of today, Greyson does not know where that money went. Ms. Trinh and Mr.
2  Eadie opened new bank accounts for Greyson at Citibank. On May 10th, Ms. Trinh and Mr. Eadie
3  discovered that Mr. Chhor terminated the prior Articles of Incorporation for Greyson when an
4  attorney with Greyson informed Greyson that they received a text from an unknown number with a
5  screenshot of the terminated Articles of Incorporation. When Mr. Eadie and Ms. Trinh checked
6  online, they realized that Mr. Chhor never applied for the Articles of Incorporation under Mr.
7  Eadie.  Ms. Trinh and Eadie then filed new Articles of Incorporation on May 12, 2023, when they
8  discovered that we could not reinstate the original business.  Further Mr. Eadie changed the domain
9  from "Greyson PC" to "GreysonLaw PC" to avoid any further association.   Trinh Decl, para 9;
10 Eadie Decl., para 9; see Exhibit B to Eadie Decl., Articles of Incorporation filed with the California
11 Secretary of State on May 12, 2023.
12      Because Greyson was locked out of its space at 3161 Michelson Dr, Suite 1675 in Irvine,
13 Greyson then moved its office from 3161 Michelson and relocated to 3345 Michelson Drive, Suite
14 400B, in Irvine, CA.  Ms. Trinh and her team looked for new office space and were advised by
15 Wes Thomas, an individual with whom she had previously worked with at LPG, that Innovative
16 Solutions had open office space available given Greyson's budget constraints.   Mr. Thomas told
17 Ms. Trinh that Greyson could use the office space, existing furniture, and existing IT equipment for
18 free because Greyson would only need to use the space/furniture/equipment for approximately two
19 months while she was looking for other office space on behalf of Greyson.   Ms. Trinh accepted
20 Mr. Thomas' offer on behalf of Greyson as the Administrator.    Trinh Decl, para 10.
21      Greyson moved into Suite 400B on approximately April 29, 2023.  From the time it moved
22 in until the present, Greyson occupies only a small portion of 400B, about 3,000 square feet of the
23 approximate 32,330 square feet available in Suite 400B.   Ms. Trinh has a shared office at Suite
24 400B and has worked regularly at 400B since May 3, 2023, on behalf of Greyson.  Trinh Decl, para
25 11.
26      From May 3, 2023, to the present, Greyson has employed roughly 140 people at the Suite
27 400B location.  Additionally, 94 employees work remotely for Greyson in California.  Further,
28

- 4 -

Greyson employs roughly 60 people who work in different states outside of California. Trinh Decl, para 12.

Contrary to the inaccurate and unsupported assertions by the Chapter 11 Trustee contained at p. 17:14-15, Mr. Diab has not transferred from LPG to Greyson (nor has any known affiliate of LPG transferred) any: (1) LPG clients; (2) names; (3) addresses; (4) ACH information; (5) files; (6) vendors; (7) ACH processing companies; or (8) other intangible assets. Instead, all of Greyson's files, vendors, and ACH processing were derived independent of LPG. Trinh Decl, para 13; Eadie Decl., para. 10.

Presently, Greyson has approximately less than 60 clients. Of these clients, roughly 35 were derived from marketing providers who have no known affiliation with LPG. The other 20 or so clients were obtained after the LPG client elected to follow their attorney who belonged to Greyson. It is important to note that while the attorneys who work with Greyson are W-2 employees of Greyson, they typically perform work for other clients wholly outside Greyson for their own private practices. Trinh Decl, para 14; Eadie Decl., para. 11.

It should also be noted that rather than pursuing a factoring business model described by the Chapter 11 Trustee in the moving papers, Greyson's initial business model is a "residual model" whereby it receives clients without any upfront costs from marketing providers, who then receive a percentage of the monies received from the client based upon a variety of factors. Other business models in this field include a hybrid model that provides some upfront payments to the marketing affiliate with lower payments down the line, and an upfront model which provides the marketing affiliate with all the monies at the time the client is signed up. Trinh Decl, para 15; Eadie Decl., para. 12.

In addition to the above, Greyson also presently obtains revenue from the Phoenix Law Group by way of utilizing its attorneys in various States to perform litigation work for Phoenix clients. In this regard, a certain percentage of Phoenix clients will find themselves a defendant in a lawsuit related to their debt. If, for example, a Phoenix client living in Utah needs someone to defend a lawsuit filed in Utah, Phoenix will reach out to Greyson to locate a Utah attorney to

defend the litigation and Greyson will receive a flat fee from Phoenix for locating and securing the attorney representation, often times on an emergency basis. Trinh Decl, para 16; Eadie Decl., para. 13.

## III.
## LEGAL ARGUMENT

### A. Legal Background

In the context of a Trustee's motion for turnover, prior courts have held, "The quantum of evidence necessary to satisfy the trustee's burden of persuasion will necessarily vary according to the circumstances of individual cases." *Gorenz v. Illinois Dept. of Agriculture*, 653 F.2d 1179, 1184 (7th Cir.1981). As part of a prima facie case, the trustee must demonstrate by clear and convincing evidence that the assets in question are part of the bankrupt's estate. *Maggio v. Zeitz,* 333 U.S. 56, 64 (1948).

Thus, rather than having to only make a showing by a preponderance of the evidence as contended by Trustee (see Mot., p. 14:21-28), Trustee must make the showing by clear and convincing evidence.

### B. LPG/Diab Did Not Set Up Greyson, Nor Do They Control Greyson

The Chapter 11 Trustee's moving papers incorrectly asserts at p. 11:12-15 that Mr. Diab "set up" Greyson. This assertion is inaccurate for two reasons: (1) Exhibit A clearly reflects that Mr. Diab was not involved in the incorporation of Greyson; and (2) most importantly, the deposition citation provided by the Chapter 11 Trustee at paragraph 12 of his declaration (incorrectly listed as paragraph 11 in the moving papers) Diab RT at 47:5-48:24 only discusses transfers made to Oakstone Law Group, Consumer Legal Group, and Phoenix Law. Greyson is not mentioned in the Diab RT for the simple reason that contrary to the Chapter 11 Trustee's inaccurate assertions, Mr. Diab did not set up Greyson. Mr. Eadie set up Greyson with Mr. Taing and Ms. Trinh. Mr. Diab was not involved. Eadie Decl, para. 3-4; Trinh Decl., para. 3-4.

The Chapter 11 Trustee also erroneously states at p. 24:17-18 that Mr. Diab admitted and the evidence confirms that Mr. Diab continues to control Greyson, again citing various declarations and exhibits. However, none of the declarations or exhibits cited by the Chapter 11 Trustee discuss

- 6 -

any control of Greyson by Mr. Diab. Moreover, Mr. Diab does not control Greyson, Mr. Eadie does. Eadie Decl, para. 5; Trinh Decl., para. 5.

The Chapter 11 Trustee's moving papers also incorrectly asserts at p. 25:3-5 that LPG began notifying its clients that LPG had transferred their files to various firms, including Greyson. This assertion is inaccurate because the deposition citation provided by the Chapter 11 Trustee at paragraph 12 of his declaration (incorrectly listed as paragraph 11 in the moving papers) Diab RT at 47:5-48:24 only discusses transfers made to Oakstone Law Group, Consumer Legal Group, and Phoenix Law Group, and not to Greyson.  Moreover, LPG has not transferred its files to Greyson, although Mr. Eadie continues to work on some files involving LPG clients in order to avoid any ethical implications that might arise if he abandoned those clients before any other legal representation was secured.  Eadie Decl, para. 6; Trinh Decl., para. 6.

Contrary to the inaccurate and unsupported assertions by the Chapter 11 Trustee contained at p. 17:14-15, Mr. Diab has not transferred from LPG to Greyson (nor has any known affiliate of LPG transferred) any: (1) LPG clients; (2) names; (3) addresses; (4) ACH information; (5) files; (6) vendors; (7) ACH processing companies; or (8) other intangible assets.  Instead, all of Greyson's files, vendors, and ACH processing were derived independent of LPG.  Trinh Decl, para 10; Eadie Decl., para. 10.

Moreover, and as set forth in the attached declarations of Sally Yde, Peter Yde III, Steven Mader, Thomas Ayen, Lynn Kohn, Tamer Fawzy, Danita Goss, Leann Babcock-McCallum, Debora Jones and Keith Weaver, Greyson's client base either is completely unrelated to LPG, or its clients came to Greyson at the request of the client and not because the LPG or Diab "transferred" the client to Greyson.

Thus, there is no evidence, let alone clear and convincing evidence, that Greyson is the Alter Ego of LPG.

////

////

////

////

- 7 -

## IV.

## CONCLUSION

The Chapter 11 Trustee's Motion does not assert any actual evidence establishing that Greyson is the Alter Ego of LPG. As such, The Chapter 11 Trustee's Motion should be denied in its entirety as to Greyson.

DATED: June 12, 2023                REID & HELLYER, APC


By: /s/ Douglas A. Plazak
    Douglas A. Plazak
    Attorney for Greyson Law Center PC