Douglas A. Plazak, SBN#181709
dplazak@rhlaw.com
REID & HELLYER APC
3685 Main Street, Suite 300
P.O. Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415

Attorneys for GREYSON LAW CENTER PC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.<br><br>Debtor.<br><br>RICHARD A MARSHCK, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>-vs-<br><br>Tony Diab, Daniel S. March, et al.,<br><br>Defendants. | Case No. 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-01046-SC<br><br>Chapter 11<br><br>**DECLARATION OF SCOTT EADIE IN SUPPORT OF GREYSON LAW CENTER PC OPPOSITION TO MOTION FOR TURNOVER, PRELIMINARY INJUNCTION, LOCK-OUT, RE-DIRECTION OF US MAIL**<br><br>Hearing Date: June 12, 2023<br>Time: 1:30 p.m.<br>Courtroom: 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

# DECLARATION OF SCOTT EADIE

I, Scott Eadie, declare:

1. I make this declaration in support of Greyson Law Center PC Opposition To Motion For Turnover, Preliminary Injunction, Lock-Out, Re-Direction Of US Mail. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify I could and would testify competently thereto.

2. From August 4, 2021 to January of 2023 I worked full time for The Litigation Practice Group P.C. ("LPG") as an Associate Attorney. During my time working for LPG I became acquainted with Han Trinh.

3. In March of 2023 I advised Ms. Trinh that I wanted to create a new organization that had a similar business as that performed by LPG (assisting consumers with their debt issues), but that did not involve LPG or Tony Diab. Because I knew that she understood the business from my time with LPG, I asked her to assist Eng Taing and me to develop this new business.

4. On or about March 9, 2023, I formed a new business entitled Greyson Law Center PC ("Greyson"). I was the sole shareholder. A true and correct copy of the Articles of Incorporation filed with the California Secretary of State on March 9, 2023, is attached hereto as **Exhibit A**. Request is hereby made that the Court take judicial notice of same. The Chapter 11 Trustee's moving papers incorrectly asserts at p. 11:12-15 that Mr. Diab "set up" Greyson. This assertion is inaccurate for two reasons: (1) Exhibit A clearly reflects that Mr. Diab was not involved in the incorporation of Greyson; and (2) most importantly, the deposition citation provided by the Chapter 11 Trustee at paragraph 12 of his declaration (incorrectly listed as paragraph 11 in the moving papers) Diab RT at 47:5-48:24 only discusses transfers made to Oakstone Law Group, Consumer Legal Group, and Phoenix Law. Greyson is not mentioned in the RT for the simple reason that contrary to the Chapter 11 Trustee's inaccurate assertions, Mr. Diab did not set up Greyson. I set up Greyson with Mr. Taing and Ms. Trinh. Mr. Diab was not involved.

5. The Chapter 11 Trustee also erroneously states at p. 24:17-18 that Mr. Diab admitted and the evidence confirms that Mr. Diab continues to control Greyson, again citing

various declarations and exhibits. However, none of the declarations or exhibits cited by the Chapter 11 Trustee discuss any control of Greyson by Mr. Diab. Moreover, Mr. Diab does not control Greyson, I do.

6. The Chapter 11 Trustee's moving papers also incorrectly asserts at p. 25:3-5 that LPG began notifying its clients that LPG had transferred their files to various firms, including Greyson. This assertion is inaccurate because the deposition citation provided by the Chapter 11 Trustee at paragraph 12 of his declaration (incorrectly listed as paragraph 11 in the moving papers) Diab RT at 47:5-48:24 only discusses transfers made to Oakstone Law Group, Consumer Legal Group, and Phoenix Law Group, and not to Greyson. Moreover, LPG has not transferred its files to Greyson, although I continue to work on some files involving LPG clients in order to avoid any ethical implications that might arise if I abandoned those clients before any other legal representation was secured.

7. At the time of the initial incorporation in March of 2023, I was receiving assistance from Eng Taing, Dongliang Jaing, and Anthony Gabriel with respect to incorporation and setting up domain name and website construction for Greyson. It was at this time that Greyson moved into office space located at 3161 Michelson Dr., Ste 1675 in Irvine.

8. Greyson only stayed at its initial location for a few weeks until April 27th 2023 when a restrictive access was put into place allowing only Mr. Taing, Mr. Jaing, Mr. Mathur, and Mr. Gabriel to enter the premises. It was at approximately at this time that I realized that Mr. Taing had stopped prioritizing the law firm and its employees and instead began prioritizing PECC and Touzi Capital, investors of Validation Partners.

9. At this time, I subsequently severed all ties to Mr. Taing, Mr. Jiang, Mr. Chhor, Mr. Mathur, and Mr. Gabriel. In this regard, Mr. Taing closed bank accounts that were opened in March of 2023. As of today, I do not know where that money went. Ms. Trinh and I opened new bank accounts for Greyson at Citibank. On May 10th, Ms. Trinh and I discovered that Mr. Chhor terminated the prior Articles of Incorporation for Greyson when an attorney with our firm informed us that they received a text from an unknown number with a screenshot of the terminated Articles of Incorporation. When we checked online, we realized that Mr. Chhor never applied for the

Articles of Incorporation under me. Ms. Trinh and I filed new Articles of Incorporation on May 12, 2023, when we discovered that we could not reinstate the original business. A true and correct copy of the Articles of Incorporation filed with the California Secretary of State on May 12, 2023, is attached hereto as **Exhibit B**. Request is hereby made that this court take judicial notice of same. Further I changed the domain from "Greyson PC" to "GreysonLaw PC" to avoid any further association.

10. Contrary to the inaccurate and unsupported assertions by the Chapter 11 Trustee contained at p. 17:14-15, Mr. Diab has not transferred from LPG to Greyson (nor has any known affiliate of LPG transferred) any: (1) LPG clients; (2) names; (3) addresses; (4) ACH information; (5) files; (6) vendors; (7) ACH processing companies; or (8) other intangible assets. Instead, all of Greyson's files, vendors, and ACH processing were derived independent of LPG.

11. Presently, Greyson has approximately less than 60 clients. Of these clients, roughly 35 were derived from marketing providers who have no known affiliation with LPG. The other 20 or so clients were obtained after the LPG client elected to follow their attorney who belonged to Greyson. It is important to note that while the attorneys who work with Greyson are W-2 employees of Greyson, they typically perform work for other clients wholly outside Greyson for their own private practices.

12. It should also be noted that rather than pursuing a factoring business model described by the Chapter 11 Trustee in the moving papers, Greyson's initial business model is a "residual model" whereby it receives clients without any upfront costs from marketing providers, who then receive a percentage of the monies received from the client based upon a variety of factors. Other business models in this field include a hybrid model that provides some upfront payments to the marketing affiliate with lower payments down the line, and an upfront model which provides the marketing affiliate with all the monies at the time the client is signed up.

/ / /

/ / /

/ / /

13. In addition to the above, Greyson also presently obtains revenue from the Phoenix Law Group by way of utilizing its attorneys in various States to perform litigation work for Phoenix clients. In this regard, a certain percentage of Phoenix clients will find themselves a defendant in a lawsuit related to their debt. If, for example, a Phoenix client living in Utah needs someone to defend a lawsuit filed in Utah, Phoenix will reach out to Greyson to locate a Utah attorney to defend the litigation and Greyson will receive a flat fee from Phoenix for locating and securing the attorney representation, often times on an emergency basis.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _11_ day of June, 2023 at _____Irvine_____, California.

_____
SCOTT EADIE