Douglas A. Plazak, SBN#181709
dplazak@rhlaw.com
REID & HELLYER APC
3685 Main Street, Suite 300
P.O. Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415

Attorneys for GREYSON LAW CENTER PC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.<br><br>Debtor.<br><hr>RICHARD A MARSHCK, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>-vs-<br><br>Tony Diab, Daniel S. March, et al.,<br><br>Defendants. | Case No. 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-01046-SC<br><br>Chapter 11<br><br>**DECLARATION OF HAN TRINH IN SUPPORT OF GREYSON LAW CENTER PC OPPOSITION TO MOTION FOR TURNOVER, PRELIMINARY INJUNCTION, LOCK-OUT, RE-DIRECTION OF US MAIL**<br><br>Hearing Date:  June 12, 2023<br>Time:  1:30 p.m.<br>Courtroom:  5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

**DECLARATION OF HAN TRINH**

I, Han Trinh, declare:

1. I make this declaration in support of Greyson Law Center PC's Opposition To Motion For Turnover, Preliminary Injunction, Lock-Out, Re-Direction Of US Mail. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify I could and would testify competently thereto.

2. Starting January of 2023, I worked for The Litigation Practice Group P.C. ("LPG") as an Administrator. Prior to that time, from January of 2021 through December of 2022, I worked for LPG as the Legal Assistant or the Legal Liaison. During my time working for LPG I became acquainted with an attorney named Scott Eadie.

3. In March of 2023 Mr. Eadie advised me that he wanted to create a new organization that had a similar business as that performed by LPG (assisting consumers with their debt issues), but that did not involve LPG or Tony Diab. Because he knew that I understood the business from my time with LPG, Mr. Eadie asked me to assist him and Eng Taing in developing this new organization.

4. On or about March 9, 2023, Mr. Eadie formed a new business entitled Greyson Law Center PC ("Greyson"). Mr. Eadie was the sole shareholder. A true and correct copy of the Articles of Incorporation filed with the California Secretary of State on March 9, 2023, are attached to Mr. Eadie's Declaration as **Exhibit A**. In April of 2023, I joined Greyson as the Administrator. The Chapter 11 Trustee's moving papers incorrectly asserts at p. 11:12-15 that Mr. Diab "set up" Greyson. This assertion is inaccurate for two reasons: (1) Exhibit A clearly reflects that Mr. Diab was not involved in the incorporation of Greyson; and (2) most importantly, the deposition citation provided by the Chapter 11 Trustee at paragraph 12 of his declaration (incorrectly listed as paragraph 11 in the moving papers) Diab RT at 47:5-48:24 only discusses transfers made to Oakstone Law Group, Consumer Legal Group, and Phoenix Law. Greyson is not mentioned in the RT for the simple reason that contrary to the Chapter 11 Trustee's inaccurate assertions, Mr. Diab did not set up Greyson.

5. The Chapter 11 Trustee also erroneously states at p. 24:17-18 that Mr. Diab admitted and the evidence confirms that Mr. Diab continues to control Greyson, again citing various declarations and exhibits. However, none of the declarations or exhibits cited by the Chapter 11 Trustee discuss any control of Greyson by Mr. Diab.

6. The Chapter 11 Trustee's moving papers also incorrectly asserts at p. 25:3-5 that LPG began notifying its clients that LPG had transferred their files to various firms, including Greyson. This assertion is inaccurate because the deposition citation provided by the Chapter 11 Trustee at paragraph 12 of his declaration (incorrectly listed as paragraph 11 in the moving papers) Diab RT at 47:5-48:24 only discusses transfers made to Oakstone Law Group, Consumer Legal Group, and Phoenix Law, and not to Greyson.

7. At the time of the initial incorporation in March of 2023, Mr. Eadie was receiving assistance from Eng Taing, Dongliang Jaing, Jimmy Chhor, Raghav Mathur, and Anthony Gabriel with respect to incorporation and setting up domain name and website construction for Greyson. It was at this time that Greyson moved into office space located at 3161 Michelson Dr., Ste 1675 in Irvine. Greyson moved in under the impression that the sublease included Greyson, not just Touzi Capital and Swift Sync Inc.

8. Greyson only stayed at its initial location for a few weeks until April 27, 2023, when a restrictive access was put into place which only allowed Mr. Taing, Mr. Jaing, Mr. Mathur, and Mr. Gabriel to enter the premises. It was at approximately that time that Mr. Taing stopped prioritizing the law firm and its employees and instead began prioritizing PECC and Touzi Capital, investors of Validation Partners.

9. Mr. Eadie subsequently severed all ties to Mr. Taing, Mr. Jiang, Mr. Chhor, Mr. Mathur, and Mr. Gabriel. In this regard, Mr. Taingclosed bank accounts that were opened in March of 2023. As of today, Mr. Eadie and I do not know where that money went. Mr. Eadie and I opened new bank accounts for Greyson at Citibank. On May 10th, Mr. Eadie and I discovered that Mr. Chhor terminated the prior Articles of Incorporation for Greyson when an attorney with our firm informed us that they received a text from an unknown number with a screenshot of the terminated Articles of Incorporation. When we checked online, we realized that Mr. Chhor never

applied for the Articles of Incorporation under me. Mr. Eadie and I filed new Articles of Incorporation on May 12, 2023, when we discovered that we could not reinstate the original business. A true and correct copy of the Articles of Incorporation filed with the California Secretary of State on May 12, 2023, is attached to Mr. Eadie's declaration as **Exhibit B**. Further Mr. Eadie changed the domain from "Greyson PC" to "GreysonLaw PC" to avoid any further association.

10. Because Greyson was locked out of its space at 3161 Michelson Dr, Suite 1675 in Irvine, Greyson then moved its office from 3161 Michelson and relocated to 3345 Michelson Drive, Suite 400B, in Irvine, CA. My team and I had been looking for new office space and were advised by Wes Thomas, an individual with whom I had previously worked with at LPG, that Innovative Solutions had open office space available given Greyson's budget constraints. Mr. Thomas told me that Greyson could use the office space, existing furniture, and existing IT equipment for free because Greyson would only need to use the space/furniture/equipment for approximately two months while I as looking for other office space on behalf of Greyson. I accepted Mr. Thomas' offer on behalf of Greyson as the Administrator.

11. Greyson moved into Suite 400B on approximately April 29, 2023. From the time it moved in until the present, Greyson occupies only a small portion of 400B, about 3,000 square feet of the approximate 32,330 square feet available in Suite 400B. I have a shared office at Suite 400B and have worked regularly at 400B since May 3, 2023, on behalf of Greyson.

12. From May 3, 2023, to the present, Greyson has employed roughly 140 people at the Suite 400B location. Additionally, 94 employees work remotely for Greyson in California. Further, Greyson employs roughly 60 people who work in different states outside of California.

13. Contrary to the inaccurate and unsupported assertions by the Chapter 11 Trustee contained at p. 17:14-15, Mr. Diab has not transferred from LPG to Greyson (nor has any known affiliate of LPG transferred) any: (1) LPG clients; (2) names; (3) addresses; (4) ACH information; (5) files; (6) vendors; (7) attorney network; (8) ACH processing companies; or (9) other intangible assets. Instead, all of Greyson's files, vendors, attorneys, and ACH processing was derived independent of LPG.

Case 8:23-ap-01046-SC   Doc 47-2   Filed 06/12/23   Entered 06/12/23 10:39:37   Desc
Declaration of Han Trinh    Page 5 of 5

14. Presently, Greyson has approximately less than 60 clients. Of these clients, roughly 35 of the clients were derived from marketing providers who have no known affiliation with LPG. The other 20 or so clients were obtained after the LPG client elected to follow the attorney who was handling their file to Greyson. It is important to note that while the attorneys who work with Greyson are W-2 employees of Greyson, they typically perform work for other clients wholly outside Greyson and thus best characterized as part-time employees of Greyson.

15. It should also be noted that rather than pursuing a factoring business model described by the Chapter 11 Trustee in the moving papers, Greyson's initial business model is a "residual model" whereby it receives clients without any upfront costs from marketing affiliates, who then receive a percentage of the monies received from the client based upon a variety of factors.

16. In addition to the above, Greyson also presently obtains revenue from the Phoenix Law Group by way of finding attorneys in various States to perform litigation work for Phoenix clients. In this regard, a certain percentage of Phoenix clients will find themselves a defendant in a lawsuit related to their debt. If, for example, a Phoenix client living in Utah needs someone to defend a lawsuit filed in Utah, Phoenix will reach out to Greyson to locate a Utah attorney to defend the litigation and Greyson will receive a flat fee from Phoenix for locating and securing the attorney representation, often times on an emergency basis.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __11__ day of June, 2023 at _____Orange_____, California.

_____
HAN TRINH