PETER C. ANDERSON
United States Trustee
Kenneth M. Misken (State Bar No. 349167)
Assistant United States Trustee
Queenie K. Ng (State Bar No. 223803)
Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Tel: (714) 338-3403
Fax: (714) 338-3421
Email: Kenneth.M.Misken@usdoj.gov
Email: Queenie.K.Ng@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**THE LITIGATION PRACTICE GROUP, P.C.,**<br><br>Debtor. | Case Number 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OPPOSITION TO EMERGENCY MOTION AUTHORIZING THE CHAPTER 11 TRUSTEE TO ENTER INTO AN EXPENSE REIMBURSEMENT AGREEMENT WITH THE AD HOC COMMITTEE**<br><br>DATE:  June 28, 2023<br>TIME:  11:00 a.m.<br>CTRM:  5C<br>411 W. 4th Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, CHAPTER 11 TRUSTEE, AND ALL PARTIES IN INTEREST:**

The United States Trustee (hereinafter "U.S. Trustee") hereby files this opposition (the "Opposition") to the Emergency Motion (the "Motion") Authorizing the Chapter 11 Trustee to Enter Into an Expense Reimbursement Agreement With the Ad Hoc Committee, as set forth below.

## I. INTRODUCTION

In the Motion, the Chapter 11 Trustee ("Trustee") seeks for an entry of an order authorizing him to enter into a post-petition expense reimbursement agreement (the "Reimbursement Agreement") to pay the expenses of members of the Ad Hoc Committee ("AHC") and the fees and expenses of the professionals retained by AHC pursuant to 11 U.S.C. § 363.

The Motion is not appropriate because: (1) the United States Trustee is re-soliciting a committee; (2) § 503(b) of the Code is the exclusive avenue for payment of administrative expenses and § 503(b)(3) is the specific and sole authority for an estate to pay the legal fees and expenses of an unsecured creditor. That section requires the Court to find that the creditor made a substantial contribution to the case and that the fees and expenses are reasonable and to do so only after notice and a hearing. By definition, one cannot have a prospective claim for having made a substantial contribution; (3) While the Trustee relies on § 363 as authority to pay the AHC's legal and other professional fees; the general provisions of § 363 cannot be used to evade the specific provisions of § 503(b)(3) and (4); (4) the Trustee failed to disclose the identity of any members of the AHC and provided no evidence that the AHC serves as the "legal representative for approximately 50,000 customer claims who have been clients of The Litigation Practice Group, P.C. ("Debtor") and who have paid for debt relief legal services; and (5) the Trustee failed to disclose the hourly rates of the professionals, including Pachulski Stang Ziehl & Jones LLP ("Pachulski" or "AHC Counsel"). Accordingly, the Court should deny the Motion.

## II. BACKGROUND FACTS

1. On March 20, 2023, Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Central District of California [Bankr. Dkt. #1].
2. On March 30, 2023, the U.S. Trustee filed a Motion (the § 1112(b) Motion") to Dismiss or Convert the Debtor's Case pursuant to 11 U.S.C. § 1112(b) [Bank. Dkt. # 21].
3. On May 4, 2023, the Court granted the § 1112(b) Motion and entered an Order Directing United States Trustee to Appoint a Chapter 11 Trustee [Bankr. Dkt. # 58].
4. On May 8, 2023, the Court entered an Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee. Richard Marshack is appointed as the Chapter 11 Trustee in this case [Bankr. Dkt. # 65].
5. On June 13, 2023, the Trustee filed the Motion [Bankr. Dkt. # 102].
6. By its Motion, the Trustee seeks approving of the Reimbursement Agreement attached as Exhibit "A" to the Motion pursuant to § 363. In summary, the Reimbursement Agreement provides:

a. The Trustee has agreed to pay: (i) the reasonable and documented out-of-pocket expenses of members ("AHC Members") of the AHC; (ii) the AHC Counsel's reasonable and documented fees and out-of-pocket expenses for the period from the date the AHC Counsel was retained by AHC (May 30, 2023) through the date of termination of the Reimbursement Agreement. *See* Exhibit "A" to the Motion [Bankr. Dkt. # 102].

b. During the term of the Reimbursement Agreement, the AHC Counsel shall file monthly fee statements and interim and final fee applications with the Bankruptcy Code as set forth in the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals (the "Interim Compensation Order").[1] *Id.*

c. Either party can terminate the Reimbursement Agreement at any time and for any reason by providing written notice to the other party, and such termination will be effective ten business days following the delivery of the written notice. *Id.*

7. On June 15, 2023, the Trustee filed a Notice (the "Notice") of Errata Re: Motion [Bankr. Dkt. # 111]. The Notices that states: (a) the Trustee will withdraw the Motion if the U.S. Trustee appoints an official committee of consumer creditors; or (b) if no official committee is appointed and the Court does not grant the Motion, the Trustee requests that the Court enter an order directing the appointment of consumer committee pursuant to § 1102(a)(2).

### III. ARGUMENT

1. **The United States Trustee is in the Process of Re-Soliciting Creditors to Form an Official Committee of Unsecured Creditors under 11 U.S.C. § 1102**.

Section 1102 of the Code requires that the U.S. Trustee appoint a committee of unsecured creditors (the "Official Committee") as soon as practicable after the order for relief has been entered. *See* 11 U.S.C. § 1102(a)(1). The U.S. Trustee initially solicited the creditors listed on the top 20 largest creditors list filed by the Debtor, but The U.S. Trustee did not appoint an Official Committee under § 1102 because of an insufficient number of unsecured creditors willing or able to serve.

Nonetheless, the U.S. Trustee is currently re-soliciting creditors, from the creditors that have filed proofs of claim, to determine if he can form a representative Official Committee pursuant to § 1102(a)(1). The U.S. Trustee's goal is to appoint one, but it has to be representative of all unsecured creditors in this

---

[1] As of the filing of this Opposition, no Interim Compensation Order has been entered by the Court.

3

case. The U.S. Trustee will update the Court of his effort to form an Official Committee at the time of the hearing on the Motion.

2. **Section 503(b) Is the Only Code Section Governing the Payment of an Ad Hoc Committee's Fees and Expenses, and Any Request for Substantial Contribution Is Legally Premature Before a Case Concludes**.

Section 503(b)[2] of the Code is the "exclusive avenue" governing the allowance of administrative expenses, including professional fees incurred by an entity seeking allowance of a claim for substantial contribution. *See In re Lehman Bro. Holdings, Inc.*, 508 B.R. 283, 289-290 (S.D.N.Y. 2014). The proposed payments to the AHC Members and AHC Counsel constitute compensation that is specifically governed by §§ 503(b)(3)(D) and (4). These sections govern payments to the professionals of ad hoc committees and individual creditors. *See* 11 U.S.C. § 503(b)(3)(D).

By enacting § 503(b) of the Bankruptcy Code, Congress provided a specific procedure and standard for the allowance and approval of fees and expenses incurred by ad hoc committees and others in making a substantial contribution to a case. *See* 4 *Collier on Bankruptcy*, at ¶503.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Administration expenses, except ordinary course expenses paid pursuant to sections 363 and 364 of the Code, are allowed only after notice and hearing and are not 'deemed

---

[2] Sections 503(b)(3)(D) and (4) provide, in part:

> (b) After notice and a hearing, there shall be allowed administration expenses, other than claims allowed under section 502(f) of this title, including –
>
> . . .
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
>
> . . .
>
> (D) a creditor, an indenture trustee, an equity security holder or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a *substantial contribution* in a case under chapter 9 or 11 of this title;
>
> . . .
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountment of an entity whose expense is allowed under subparagraph (A), (B), (C), (D), or (E) or paragraph (3) of this subsection, based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant . . . .

11 U.S.C. §§ 503(b)(3)(D) and (4) (emphasis added).

4

allowed' but rather must be actually allowed by court order"). Section 503 imposes detailed requirements that must be met before approval and payment, including the timely filing of a request for payment by the professional, *see* 11 U.S.C. § 503(a); notice and a hearing before the court, *see* 11 U.S.C. § 503(b); a showing that such expenses were "actual" and "necessary," *see* 11 U.S.C. § 503(b)(3); a showing that the creditor, unofficial committee, or indenture trustee has made a "substantial contribution" to the bankruptcy case, *see* 11 U.S.C. § 503(b)(3)(D); and a finding by the court that any compensation paid to an attorney or accountant is "reasonable," *see* 11 U.S.C. § 503(b)(4). Moreover, a party's right to payment under § 503(b) is not automatic but "depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 535 (3d Cir.1999).

The fact that the payment of professional fees is proposed as part of the Reimbursement Agreement does not relieve the third-party professionals of their obligation to comply with the requirements of § 503, which is the "sole source" of authority to pay post-petition professional fees on an administrative basis. *See Lehman*, 508 B.R. at 290.

In *Lehman*, the court roundly rejected an attempt by certain committee members to circumvent § 503(b)(4) by seeking payment under a "permissive" plan provision that purported to pay third-party professional fees without regard to whether they could be authorized under § 503. As the court explained, plans pay only claims and administrative expenses:

> Although the Bankruptcy Code does not explicitly forbid payments [of] professional fees that are not administrative expenses, no such explicit prohibition is necessary. Reorganization plans exist to pay claims and expenses . . . Therefore, the Individual Members' professional fee expenses are either administrative expenses or not, and if the latter, they cannot be paid under a plan.

*Id.* at 293. Indeed, the court recognized that any contrary result "could lead to serious mischief," because it would allow plan proponents to distribute the estate's assets without regard to the Bankruptcy Code's priority scheme. *Id.*

The allowance of attorney's fees is an exception to "the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (internal quotation marks omitted). The Supreme Court has recognized departures from the American Rule "only in specific and explicit provisions for the allowance of attorneys' fees under selected statutes." *Id.* (internal quotation marks omitted). "Section 503(b)(3)(D) represents an accommodation between the twin objectives of

encouraging meaningful creditor participation in the reorganization process and keeping fees and administrative expenses at a minimum so as to preserve as much of the estate as possible for the creditors." *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 944 (3d Cir. 1994) (internal quotation marks and citation omitted); *see also In re U.S. Lines, Inc.*, 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989).

"Substantial contribution" is not defined by the Code. The principal test of substantial contribution is "the extent of benefit to the estate." *In re Cellular 101, Inc.*, 377 F.3d 1092, 1096 (9th Cir. 2004); *see also In re Machevsky*, 637 B.R. 510, 543 (Bankr. C.D. Cal. 2021). Courts have looked at whether there has been a contribution that is considerable in amount, value and worth, which directly, demonstrably and materially contribute to the debtor's reorganization. *See e.g. In re Villa Luisa, L.L.C.*, 354 B.R. 345, 348 (Bankr. S.D.N.Y. 2006) (citations omitted). As a result, § 503(b) is narrowly construed. *Id.* (citing *U.S. Lines,* 103 B.R. at 429) ("Claims for substantial contribution are . . . narrowly construed and are subject to strict scrutiny").

Substantial contribution awards are granted only in "rare and extraordinary circumstances." *Leidos Rng'g, LLC v. KiOR, Inc. (In re KiOR Inc.)*, 567 B.R. 451, 459 (D. Del. 2017) (internal quotation marks omitted). Compensation is limited to those extraordinary actions that lead to an "actual and demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders." *In re Randall's Island Family Golf Ctrs., Inc.,* 300 B.R. 590, 598 (Bankr. S.D.N.Y. 2003) (quoting *In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 569 (Bankr. Dk. Utah 1985)); *accord In re Best Prods., Co.*, 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994); *In re Alert Holdings, Inc.*, 157 B.R. 753, 757 (Bankr. S.D.N.Y. 1993). Section 503(b) does not change the general rule that an attorney must look to his client for payment of this fees. *See Granite Partners*, 213 B.R. at 445.

By its nature, a substantial contribution claim is retrospective only, not prospective. There is no way to approve a substantial contribution claim before a bankruptcy case is largely concluded because no substantial contribution has been made and no claim exists. Moreover, the award of fees and expenses for making a substantial contribution must be reasonable, and that determination cannot be made prospectively either.

Therefore, at this stage of this case, it is a legal impossibility that anyone could have and prove a substantial contribution claim for reasonable fees and expenses and the AHC and its professionals should not be awarded one.

//

//

3. **<u>The General Provisions of § 363 Cannot Be Used to Circumvent the Specific Provisions of § 503(b)</u>**.

The Trustee relies on § 363(b) to enter into the Reimbursement Agreement. The Trustee's reliance is misplaced. The United States Supreme Court has held that "in all matters of statutory construction, the court must begin with 'the language itself [and] the specific context in which that language is used.'" *McNeil v. United States*, 131 S.Ct. 2218 (2011) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)); *see also Lamie v. United States*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms").

The Supreme Court also has ruled countless times, including when applying the Bankruptcy Code, that a specific statutory provision governs a general one. *See e.g. RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).

> We find the debtors' reading of § 1129(b)(2)(A) — under which clause (iii) permits precisely what clause (ii) proscribes—to be hyperliteral and contrary to common sense. A well established canon of statutory interpretation succinctly captures the problem: "[I]t is a commonplace of statutory construction that the specific governs the general." [citation omitted]. That is particularly true where, as in § 1129(b)(2)(A), "**Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions.**"

*Id.* (citation omitted) (emphasis added); *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992); *Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991) (specific statutory provision normally controls one of more general application); *Bloate v. United States*, 130 S.Ct. 1345, 1353-1354 (2010) (same)); *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of priority of enactment.") (quoting *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974)). The Ninth Circuit adheres to this approach. *See BNSF Railway Co. v. CA Dept. of Tax and Fee Admin.*, 904 F.3d 755, 766 (9th Cir. 2018); *see also CA Trout, Inc. v. F.E.R.C.*, 313 F.3d 1131, 1137 (9th Cir. 2002).

Here, Congress targeted a specific problem—payment of reasonable fees and expenses for ad hoc committees making a substantial contribution—with a specific solution — §§ 503(b)(3)(D) and 503(b)(4). An ad hoc committee can have its fees and expenses paid but only after giving notice to creditors and after proving to a court that it made a substantial contribution to a case and that its fees and expenses are reasonable. The parties cannot evade the mandatory statutory

scheme by agreement: "the federal scheme cannot remain comprehensive if interested parties and bankruptcy courts in each case are free to tweak the law to fit their preferences." *Lehman*, 508 B.R. at 294.

Further, the Supreme Court has articulated that a statutory provision should not be construed to render any other provision of the statute superfluous. *See Turner v. Rogers*, 131 S. Ct. 2507, 2522 (2011) ("The fact that one constitutional provision expressly provides a right to appointed counsel in specific circumstances indicates that the Constitution does not also *sub silentio* provide that right far more broadly in another, more general, provision"). When these traditional principles of statutory construction are applied to the issues before this Court, the resulting conclusion is that § 503(b) is the only Code section to address directly the issue of the payment of professionals for an ad hoc committee and is the only appropriate statutory provision under which this Court should consider the Reimbursement Agreement. *See Lehman*, 508 B.R. at 294 (committee members seeking repayment of legal fees must seek reimbursement under §§ 503(b)(3)(D) and 503(b)(4)).

Lastly, a request for compensation under Section 503(b)(4) is akin to a professional fee application and thus is governed by similar requirements. *See In re Wind N'Wave,* 509 F.3d 938, 944 (9th Cir. 2007) ("Congress took pains to ensure that the standards for compensation embedded in 330(a) and 503(b)(4) were indistinguishable"). Once it has been found that the particular creditor and/or professionals provided a substantial benefit or contribution to the estate, the next step is to determine if the fees and expenses are reasonable. The measured standards for reasonableness under § 503(b)(4) are "the time, the nature, the extent, and the value of such services, and the cost of comparable services under this title." 11 U.S.C. § 503(b)(4). These factors mirror the factors considered to determine reasonable compensation under § 330(a)(3), and courts generally apply the same analysis and approach to fee requests under § 503(b)(4) that are used for fee applications under § 330. A party making an application for fees under § 330 bears the burden of establishing the reasonableness of the fees and to meet that burden, the party must, among other things, submit sufficiently detailed time records such that the court can determine whether the fees and expenses requested are reasonable.

While the Motion and Reimbursement Agreement provide that professionals such as Pachulski will file monthly fee applications, there is no provision regarding the manner of payment of the AHC Members' expenses.

The AHC Members and AHC Counsel must comply with § 503(b) at the conclusion of the case when the Court can determine for itself whether a substantial contribution has been made and whether the compensation sought is reasonable.

//

### 4. The Motion Cannot be Approved under Section 363

Section 363(b) cannot override other specific provisions of the Bankruptcy Code. For example, debtors cannot retain and pay their chosen professionals under § 363 unless those professionals have been retained under § 327 and have filed fee applications that have been approved. Section 363(b) allows a debtor-in-possession (subject to court approval) to use, sell or lease, other than in the ordinary course of business, property of the estate, but not at the point that such activity is governed by another section of the Code.[3]

As courts have recognized, § 363(b) is not a blank check for debtors to merely do whatever they want to do as there are statutory checks on that power that are designed to protect creditors and other parties' rights. *See In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983) (holding that § 363(b) does not grant judges carte blanche to use § 363(b) to justify any action and to rule otherwise would have Section 363 swallow up other provisions of chapter 11).

Under § 363(b), the Trustee must articulate a sound business judgment for approval of non-ordinary course transaction. The Trustee has not met his burden and he has not provided, nor can he provide, evidence supporting his claim that entry into the Reimbursement Agreement is a sound exercise of his business judgment. In support of the Motion, the Trustee states that:

> Entry into the Reimbursement Agreement is a sound exercise of my business judgment. I recognize the importance of protecting the Claimants' interests and endeavor to do so. To that end, I will work with the Ad Hoc Committee to formulate a plan of liquidation that considers the Claimants' interest. I intend to sell viable portions of the Debtor's business and, in doing so, to consult with Claimants vis-à-vis competent counsel that is paid by the Estate.

Declaration of Richard Marshack ("Marshack Declaration") in support of the Motion, at ¶ 6:5-9.

The Trustee seeks to use estate funds to reimburse: (a) the out-of-pocket expenses of AHC Members; and (b) the fees and expenses of AHC's Counsel. *See* Motion (filed 6/13/2023), at p. 23-27. It is improper for the Trustee to agree to prospectively pay fees when there is no evidence that the AHC or its

---

[3] As part of its duty of candor to the Court, the U.S. Trustee notes that in a recent opinion the District of Delaware upheld a bankruptcy court ruling that authorized debtors to assume prepetition restructuring support agreements, pursuant to § 365, and to enter into additional restructuring support agreements post-petition pursuant to § 363. *See In re Mallinckrodt PLC*, No. 21-167, 2022 WL 906459 (D. Del. March 28, 2022). The agreements obligated the debtors to pay ad hoc committee fees and the ad hoc committees to support the debtors' proposed plan. *Id.* at 2022 WL 906459 *2 - *4. The *Mallinckrodt* debtors' motions were supported by declarations and hearing testimony from its financial advisor AlixPartners. *Id.* The opinion of course is not binding on this Court.

professionals (including Pachulski) has substantially contributed to the case. In addition, the Trustee failed to disclose the identity of the AHC Members in the Motion, and there is no evidence that the AHC serves as the "legal representative for approximately 50,000 customer claims who have been clients of the Debtor and who have paid for debt relief legal services." *Id.* at p. 4:3-4. Finally, the Reimbursement Agreement states that the "rates charged . . . will be the same as those that the Professionals charge (respectively) to their other clients. *See* Exhibit "A" to the Motion, Reimbursement Agreement. The Motion itself failed to disclose the hourly rates of the professionals, including Pachulski.[4]

The Reimbursement Agreement may be terminated by either the Trustee (on behalf of the Debtor) or the AHC for any reason (or no reason) upon notice to the other party. At any point the AHC can walk away with no meaningful recovery to the Debtor's consumers. The Debtor's payment of fees and costs may be of little to no benefit to the estate. Congress set forth in § 503(b) the standard to be applied in such settings - payment of such fees should be limited to instances where a creditor can prove after the fact that a substantial contribution was made to the estate.

In any event, this perversion of the substantial contribution process through the Reimbursement Agreement is not what Congress envisioned or specified when it enacted the substantial contribution requirement for ad hoc committees in § 503(b). The AHC and its professionals must comply with § 503(b) at the conclusion of the case when the Court can judicially determine for itself whether a substantial contribution has been made and whether the compensation sought is reasonable. Any other result undermines and countermands the Bankruptcy Code's comprehensive statutory scheme.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the approval of the Motion as set forth herein and grant such other relief as the Court deems fair and just.

Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

Dated: June 21, 2023

*/s/ Kenneth M. Misken*
Kenneth M. Misken
Assistant United States Trustee

---

[4] While the Reimbursement Agreement (attached as Exhibit "A" to the Motion) is not signed by any party, Ira Kharasch of Pachulski is listed on the agreement as counsel for the Ad Hoc Committee. The U.S. Trustee is informed that, as of January 2023, Mr. Kharasch's hourly rate is $1,645.00 per hour.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OFFICE OF THE UNITED STATES TRUSTEE, 411 WEST FOURTH ST., SUITE 7160, SANTA ANA, CA 92701

A true and correct copy of the foregoing document entitled **UNITED STATES TRUSTEE'S OPPOSITION TO EMERGENCY MOTION AUTHORIZING THE CHAPTER 11 TRUSTEE TO ENTER INTO AN EXPENSE REIMBURSEMENT AGREEMENT WITH THE AD HOC COMMITTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 22, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric Bensamochan     eric@eblawfirm.us, G63723@notify.cincompass.com
- Ronald K Brown     ron@rkbrownlaw.com
- Christopher Celentino     christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Shawn M Christianson     cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark     rbc@randallbclark.com
- Christopher Ghio     christopher.ghio@dinsmore.com
- Richard H Golubow     rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- D Edward Hays     ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser     ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander     ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Joon M Khang     joon@khanglaw.com
- Ira David Kharasch     ikharasch@pszjlaw.com
- David S Kupetz     David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley     chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- Daniel A Lev     daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Michael D Lieberman     mlieberman@lipsonneilson.com
- Richard A Marshack (TR)     pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Laila Masud     lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- Kenneth Misken     Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo     bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- Alan I Nahmias     anahmias@mbn.law, jdale@mbnlawyers.com
- Victoria Newmark     vnewmark@pszjlaw.com

- Queenie K Ng    queenie.k.ng@usdoj.gov
- Teri T Pham    tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- Douglas A Plazak    dplazak@rhlaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott3@bclplaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**2.  SERVED BY UNITED STATES MAIL**: On **June 22, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Litigation Practice Group P.C., Attn: Daniel March

17542 17th St, Suite 100, Tustin, CA 92780

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 22, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Judge Clarkson – bin on the 5th fl

DATED: 6/22/23    Tari King    *s/s Tari King*

**2**