```
 1  Joon M. Khang (CSBN 188722)
 2  Judy L. Khang (CSBN 192454)
    KHANG & KHANG LLP
 3  4000 Barranca Parkway, Suite 250
 4  Irvine, California 92604
    Telephone: (949) 419-3834
 5  Facsimile: (949) 385-5868
 6  Email: joon@khanglaw.com
 7
    [Proposed] Attorneys for The Litigation Practice Group, PC,
 8  Debtor and Debtor in Possession
 9
```

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, PC, | Chapter 11 |
| Debtor. | **SUPPLEMENTAL DECLARATION OF JOON M. KHANG IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF KHANG & KHANG LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, THE LITIGATION PRACTICE GROUP, PC, EFFECTIVE MARCH 20, 2023; DECLARATION OF TONY DIAB**<br><br>[No Hearing Required Per Local Bankruptcy Rule 2014-1(b)] |

1

# DECLARATION OF JOON M. KHANG

I, Joon M. Khang, declare:

1. I am a partner with the law firm of Khang & Khang LLP ("K&K"), with offices at 4000 Barranca Parkway, Suite 250, Irvine, CA 92604. I am admitted to practice in all courts in the State of California and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto. This declaration is made pursuant to the provisions of Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.

2. K&K was retained by Debtor on March 17, 2023. At that time, I was informed that $80,000 initial retainer deposit would be wired by Debtor. Subsequently, a wire transfer in the amount of $80,000 was sent to my firm account and the funds game into my account on March 21, 2023.. At the time, I assumed that the funds came from the Debtor.

3. Subsequently, I learned that the retainer deposit funds did not come from the Debtor but rather from a company called Vulcan Consulting Group LLC ("Vulcan"), which is a company operated and controlled by Tony Diab ("Diab"). Diab is an independent contractor who has done work for the Debtor through Vulcan to manage all outside vendors that provide services to the Debtor. Attached hereto is the declaration of Diab, which provides details about the retainer deposit payment.

4. I have no prior connection to Vulcan and have never represented Vulcan or Mr. Diab personally in the past. I have had a telephone call with Mr. Diab in the past, approximately 3 years prior, when Mr. Diab contacted me to consult about bankruptcy questions he had regarding a different business but nothing to do with Vulcan or Mr. Diab personally. I was never retained to do any legal work for Mr. Diab or any other company that he was involved with after that call.

5. I am informed that although Vulcan and Diab are owed significant prepetition compensation, they are waiving the right to payment of that compensation unless/until the Debtor is able to reorganize. Vulcan and Diab are also waiving their right to be repaid the $80,000 retainer deposit that was paid by Vulcan on behalf of the Debtor.

6. Based on the attached Diab declaration, the retainer deposit funds did not belong to the Debtor at the time that it was paid.

7. The original K&K employment application stated that K&K may undertake specific matters beyond the limited scope of responsibilities set forth the K&K employment application. K&K retracts that statement and will not undertake any matters beyond the limited scope of responsibilities set forth in the K&K employment application.

8. Additionally, the K&K employment application sought a $20,000 post petition retainer deposit. At this time, K&K waives the right to receive the additional $20,000 post petition retainer deposit.

9. Notice of the K&K employment application was served on all creditors on April 18, 2023. The deadline to object to the application or request a hearing expired on May 2, 2023. The only party to request additional information and disclosures was the Office of the U.S. Trustee ("OUST"). In response, I agreed not to submit an order approving the employment application until I provided additional information to the OUST and/or a supplement declaration as requested by the OUST. By this declaration, I am providing the additional information and disclosures requested by the OUST. No other party has objected to the K&K employment application or requested a hearing on the application. Therefore, it is requested that the Court approve the K&K employment application at this time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June 2023, at Irvine, California.

/s/ Joon M. Khang
Joon M. Khang

Joon M. Khang (CSBN 188722)
Judy L. Khang (CSBN 192454)
**KHANG & KHANG LLP**
4000 Barranca Parkway, Suite 250
Irvine, California 92604
Telephone: (949) 419-3834
Facsimile: (949) 385-5868
Email: joon@khanglaw.com

[Proposed] Attorneys for The Litigation Practice Group, PC,
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, PC, | Chapter 11 |
| Debtor. | **SUPPLEMENTAL DECLARATION OF TONY DIAB IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF KHANG & KHANG LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, THE LITIGATION PRACTICE GROUP, PC, EFFECTIVE MARCH 20, 2023** |
| | [No Hearing Required Per Local Bankruptcy Rule 2014-1(b)] |

DECLARATION OF TONY DIAB

I, Tony Diab, declare:

1. I am over the age of 18 and have personal knowledge of the facts set forth below. I am an independent contractor, working through Vulcan Consulting Group LLC ("Vulcan"), and

1

provide services to *inter alia* debtor The Litigation Practice Group, PC ("Debtor") to manage all outside vendors that transact business with Debtor.

2. At the time that debtor was preparing to file its Chapter 11 bankruptcy petition, Debtor did not have sufficient funds to pay the required retainer deposit of $80,000.00 to the law firm of Khang & Khang LLP ("K&K"). Therefore, on behalf of Debtor, I submitted the $80,000 retainer deposit to K&K via wire transfer.

3. This was done because time was of the essence for Debtor's bankruptcy filing and Debtor could not have paid the required retainer deposit without assistance.

4. I made this payment on behalf of Debtor so that the case could be filed. This was not a loan to the Debtor and Debtor is not required to repay this amount to me.

5. The reason I made this payment for Debtor is because I have substantial time and effort invested in Debtor's business, and my professional reputation is tied to the Debtor. Although Debtor owes me substantial past compensation ($800,000.00 owed as of the date of the filing of the petition in this matter), I have waived the right to payment of past amounts unpaid. I will seek compensation for my services as an independent contractor for Debtor only after Debtor can successfully reorganize its business in this Chapter 11 proceeding. I will only charge for my services going forward after the reorganization succeeds and waive fees for work that I do for Debtor in the course of this case, up to plan confirmation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19 day of May 2023, at Irvine, California.

Tony Diab

| In re: | CHAPTER 11 |
|---|---|
| THE LITIGATION PRACTICE GROUP, PC | CASE NUMBER: 8:23-bk-10571-SC |
| Debtor(s). | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
KHANG & KHANG LLP, 4000 Barranca Parkway, Suite 250, Irvine, CA 92604

A true and correct copy of the foregoing document described **SUPPLEMENTAL DECLARATION OF JOON M. KHANG IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF KHANG & KHANG LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, THE LITIGATION PRACTICE GROUP, PC, EFFECTIVE MARCH 20 , 2023; DECLARATION OF TONY DIAB** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 06/23/23 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 06/23/23 | Joon M. Khang | /s/ Joon M. Khang |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009     **F 9013-3.1**

In re The Litigation Practice Group, PC
Case No.: 8:23-bk-10571-SC

NEF Service List

    Eric Bensamochan on behalf of Interested Party Eric Bensamochan
    eric@eblawfirm.us, G63723@notify.cincompass.com

    Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
    ron@rkbrownlaw.com

    Christopher Celentino on behalf of Plaintiff Richard A. Marshack
    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

    Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

    Shawn M Christianson on behalf of Interested Party Courtesy NEF
    cmcintire@buchalter.com, schristianson@buchalter.com

    Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
    rbc@randallbclark.com

    Christopher Ghio on behalf of Plaintiff Richard A. Marshack
    christopher.ghio@dinsmore.com

    Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

    Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

    Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

    D Edward Hays on behalf of Interested Party Courtesy NEF
    ehays@marshackhays.com,
    ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

    D Edward Hays on behalf of Trustee Richard A Marshack (TR)
    ehays@marshackhays.com,
    ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Richard A Marshack (TR)
pkraus@marshackhays.com,
rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Teri T Pham on behalf of Attorney Teri Pham
tpham@enensteinlaw.com, 3135.002@enensteinlaw.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.infor

uptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com,
raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com,
raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com