CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JONATHAN SERRANO (333225)
jonathan.serrano@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501

Proposed Special Counsel to Richard A. Marshack

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**TRUSTEE'S EX PARTE NOTICE OF NON-MATERIAL MODIFICATION TO PROMISSORY NOTE WITH ADDITIONAL LENDER AS PART OF PREVIOUSLY APPROVED POST-PETITION FINANCING AND REQUEST FOR APPROVAL OF SAME; DECLARATION OF RICHARD A. MARSHACK  IN SUPPORT THEREOF; AND EXHIBITS**<br><br>Date:          [N/A]<br>Time:         [N/A]<br>Judge:       Hon. Scott C. Clarkson<br>Place:       Courtroom 5C<br>               411 West Fourth Street<br>               Santa Ana, California  92701 |

1

1  **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2  **JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

3  **EX-PARTE NOTICE IS HEREBY GIVEN** that, Richard A. Marshack, the Chapter 11

4  Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of The Litigation Practice Group P.C.

5  (the "Debtor" or "LPG") in the above-captioned bankruptcy case (the "Case"), hereby files an *Ex*

6  *Parte Notice of Non-Material Modification of Promissory Note ("Note") with Additional Lender as*

7  *Part of Previously Approved Post-Petition Financing and Request for Approval of Same* (the

8  "Notice").

9  The Notice is provided to comply with the Interim Financing Oder, which allows the Trustee

10  to make any non-material modification to the Note, without further motion, but with notice to the

11  Court and to the United States Trustee.  The modification to the Note is necessary to preserve the

12  value of the Debtor's business to pay operational costs of the Debtor's business between now and the

13  Final Hearing on the Debtor's Proposed Post-Petition Financing on July 20, 2023.  Nothing herein

14  will change any material provision of the Note approved by the Interim Order on the Debtor's Post-

15  Petition Financing. Attached hereto as **Exhibit A** is the concurrently filed Declaration of Richard A.

16  Marshack in Support of Ex Parte Notice of Non Material Modification to Promissory Note With

17  Additional Lender as Part of Previously Proposed Post-Petition Financing ("Trustee Declaration").

18  A true and correct copy of the Proposed Order Granting this Notice is attached to the Trustee

19  Declaration as **Exhibit 1**, and a true and correct copy of the proposed Super-Priority Promissory Note

20  is attached to the Trustee Declaration as **Exhibit 2** and.

21

22  Dated:  June 29, 2023                    Respectfully submitted,

23                                           DINSMORE & SHOHL LLP

24

25                                           By: */s/ Christopher B. Ghio*
                                                Christopher B. Ghio
26                                              Christopher Celentino
                                                Jonathan Serrano
27                                              Proposed Special Counsel to Richard A. Marshack,
                                                Chapter 11 Trustee
28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1.    Richard A. Marshack, the Chapter 11 Trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of The Litigation Practice Group, L.P. (the "<u>Debtor</u>" or "<u>LPG</u>") hereby files this *Ex Parte Notice of Non-Material Modification of Promissory Note ("Note") with Additional Lender as Part of Previously Approved Post-Petition Financing and Request for Approval of Same* (the "<u>Notice</u>").

2.    The Court may take judicial notice of the following:

a.    On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the Case.

b.    After the Office of the United States Trustee ("UST") filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing United States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

c.    Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

d.    On June 16, 2023, my counsel filed an *Emergency Motion (I) for Entry of Interim Order (A) Authorizing the Trustee to Obtain Post-Petition Financing and Superpriority Administrative Claim Pursuant to 11 U.S.C. § 364 and (B) Setting Final Hearing; and Pursuant to Final Hearing (II) for Entry of Final Order Approving Post-Petition Financing on a Final Basis* ("Financing Motion") [Docket No. 119]. The Financing Motion asked the Bankruptcy Court to approve a maximum of Eight Hundred Thousand Dollars and No Cents ($800,000.00) in post-petition borrowing to fund essential expenses of the Estate including employee salaries. The Financing

Motion also stated that the proposed post-petition lender already advanced Two Hundred Forty Thousand Dollars and No Cents ($240,000.00) to the Estate to pay outstanding employee wages ("First Advance") and that the maximum borrowing request included the amount of the First Advance.

       e.      The Court entered an interim order granting the Financing Motion [Docket No. 131] on June 22, 2023 ("Interim Order").  This Interim Order also set a final hearing on the Financing Motion for July 20, 2023 at 9:30 AM. The Interim Order authorized the Trustee to enter into any non-material amendment or modification to the Note, including but not limited to agreeing on the amount of the subsequent advance, without further order of this Court, provided that any such non-material amendment or modification is set forth in writing and signed by the Trustee and the Lender, and provided that the Trustee provides notice of any such amendment or modification to the Court and the Office of the United States Trustee.

3.      Following the filing of the Financing Motion and the entry of the Interim Order, Resolution Ventures, the lender identified in the Financing Motion, advised it was unable to provide any additional funding to the Estate.  Without the ability to borrow the additional funds authorized in the Interim Order, the Trustee will be unable to pay the necessary payroll expenses that must be paid before the Final Hearing on the Financing Motion.

4.      A third party is willing to serve as a lender to the Estate <u>on the same terms and conditions set out in the Financing Motion and approved in the Interim Order</u>.  Borrowing from this third party would permit the Estate to borrow up to the amount of the Remaining Credit under the terms set forth in that certain Super-Priority Promissory Note ("Additional Note"). A true and correct copy of the Additional Note is attached to the Trustee Declaration as **Exhibit 2**. The Additional Note and the Note with Resolution Ventures for the First Advance will be of equal priority and will be repaid *pari passu*.

5.      Given the Interim Order's authorization of non-material changes to the post-petition financing, the Estate is filing this Notice that the Additional Note has been executed pursuant to the authority given the Trustee in the Interim Order and requesting that the Bankruptcy Court approve these actions on an *ex parte* basis pending the Final Hearing because there is no significant change in the terms of the borrowing, the amount that can be borrowed, or the position of the Estate.  This

Notice has been filed to comply with the requirements for non-material modifications in the Interim Order and to provide notice of the execution of the Additional Note to permit the Estate to obtain the interim relief sought in the Financing Motion and approved in the Interim Order.

6. The Estate must utilize its authority to draw against the funds already approved in the Interim Order. The terms of the Additional Note are the materially same terms proposed in the Financing Motion, and the two lenders to the Estate will be equally situated and repaid *pari passu*. Thus, there is no concern or prejudice to parties in interest. The Trustee believes that execution of the Additional Note is reasonable and is consistent with the authority given for non-material changes to the terms of the financing in the Interim Order. In his Declaration, the Trustee sets out his belief that the execution of the Additional Note is a sound exercise of his business judgment and is appropriate and necessary under the circumstances

7. For all these reasons and pursuant to the authority in the Interim Order, the Court should enter the order, substantially in the form attached as **Exhibit 1** to the Trustee Declaration, approving that the Notice satisfies the requirement of the Interim Order, and allow the Trustee to make the requested non-material modification. .

Dated: June 29, 2023                    Respectfully submitted,

DINSMORE & SHOHL LLP

By: _/s/ Christopher B. Ghio_
    Christopher B. Ghio
    Christopher Celentino
    Jonathan Serrano
    Proposed Special Counsel to Richard A. Marshack,
    Chapter 11 Trustee

# EXHIBIT A

Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jonathan Serrano (State Bar No. 333225)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jonathan.serrano@dinsmore.com

Proposed Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**DECLARATION OF RICHARD A. MARSHACK IN SUPPORT OF EX PARTE NOTICE OF NON MATERIAL MODIFICATION  TO PROMISSORY NOTE WITH  ADDITIONAL LENDER AS PART OF  PREVIOUSLY APPROVED POST-PETITION FINANCING**<br><br>Date:   N/A<br>Time:   N/A<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>        411 W. Fourth Street<br>        Santa Ana, CA  92701 |

#31083207v2

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1.    I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2.    I submit this Declaration in support of my *Ex Parte Notice of Non Material Modification To Promissory Note with Additional Lender As Part of Previously Approved Post-Petition Financing* (the "Notice"), filed contemporaneously herewith. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3.    The Court may take judicial notice of the following:

a.    On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the Case.

b.    After the Office of the UST filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing Unites States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

c.    Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

d.    On June 16, 2023, my counsel filed an *Emergency Motion (I) For Entry of Interim Order (A) Authorizing the Trustee to Obtain Post-Petition Financing and Superpriority Administrative Claim Pursuant to 11 U.S.C. § 364 and (B) Setting Final Hearing; And Pursuant to Final Hearing (II) For Entry of Final Order Approving Post-Petition Financing on a Final Basis*

#31083207v2

("Financing Motion") [Docket No. 119]. The Financing Motion asked the Bankruptcy Court to approve a maximum of Eight Hundred Thousand Dollars and No Cents ($800,000.00) in post-petition borrowing to fund essential expenses of the Estate including employee salaries. The Financing Motion also stated that the proposed post-petition lender already advanced $240,000.00 to the Estate to pay outstanding employee wages ("First Advance") and that the maximum borrowing request included the amount of the First Advance.

e.    By reference, I incorporate my Declaration that was filed with the Financing Motion.

f.    The Court entered an interim order granting the Financing Motion [Docket No. 131] on June 22, 2023. This Interim Order also set a final hearing on the Financing Motion for July 20, 2023 at 9:30 AM.

g.    The Interim Order authorized me to enter into any non-material amendment or modification to the Note, including but not limited to agreeing on the amount of the subsequent advance, without further order of this Court, provided that any such non-material amendment or modification is set forth in writing and signed by myself and the Lender, and provided that I provide notice of any such amendment or modification to the Court and the Office of the United States Trustee;

4.    Following the filing of the Financing Motion and the entry of the Interim Order, Resolution Ventures, the lender identified in the Financing Motion, told me it was unable to provide any additional funding to the Estate. Without the ability to borrow up to the Five Hundred and Sixty Thousand Dollars and No Cents ("Remaining Credit") that was sought in the Financing Motion, I will be unable to pay the necessary payroll expenses that must be paid before the Final Hearing on the Financing Motion.

5.    I have identified a third party that is willing to serve as a lender to the Estate <u>on the same material terms and conditions set out in the Financing Motion</u>. Borrowing from this third party would permit the Estate to borrow up to the amount of the Remaining Credit under the terms set forth in that certain Super-Priority Promissory Note ("Additional Note"). A true and correct copy of the

1    Additional Note is attached as **Exhibit 2**. The Additional Note and the Note with Resolution Ventures

2    for the First Advance will be of equal priority and will be repaid *pari passu*.

3         6.     Given the Interim Order's authorization of non-material changes to the post-petition

4    financing, I ask the Court to approve this Notice on an *ex parte* basis pending the Final Hearing

5    because there is no significant change in the terms of the borrowing, the amount that can be borrowed,

6    or the position of the Estate. This Ex Parte Notice has been filed to comply with the requirements for

7    non-material modifications in the Interim Order and to provide notice of the execution of the

8    Additional Note to permit the Estate to obtain all the relief sought in the Financing Motion.

9         7.     The Estate must utilize its authority to draw against the funds already approved in the

10   Interim Order, The terms of the Additional Note are materially identical to the terms proposed in the

11   Financing Motion, and the two lenders to the Estate will be equally situated and repaid *pari passu*.

12   Thus, there is no concern or prejudice to parties in interest. I believe that the change is reasonable,

13   accounts for my need in obtaining the post-petition financing quickly, and is consistent with the

14   authority given for non-material changes to the terms of the financing in the Interim Order.

15        8.     I believe that entry of an *ex parte* order on this Notice, satisfies my requirement under

16   the Interim Order, of having provided notice to this Court and the United States Trustee, regarding

17   the non-material modification to the note. A true and correct copy of the proposed order granting this

18   Ex Parte Motion is attached as **Exhibit 1**.

19        I declare under penalty of perjury under the laws of the United States of America that the

20   foregoing is true and correct.

21

22   DATED:  June 29, 2023             _____

23                                Richard A. Marshack

24

25

26

27

28

EXHIBIT Â

# EXHIBIT 1

# SUPER-PRIORITY
# PROMISSORY NOTE

This super priority promissory note ("Note") is made by and between Richard A. Marshack, Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and Liberty Acquisitions Group, Inc. or Assignee ("Lender").

1. **LOAN**: On June __, 2023 ("Start Date"), Lender shall make available to loan, and Borrower may borrow up to the maximum principal amount of FIVE HUNDRED AND SIXTY THOUSAND DOLLARS AND NO CENTS ($560,000.00) of this Note in one or more borrowings with interest accruing on the unpaid principal balance thereof at a rate of EIGHT percent (8.0%) per annum, beginning at the earlier of the Start Date or the date of such borrowing.

2. **DUE DATE:** The balance of all distributed funds under this Note, including all accrued interest, will be due and payable upon the earlier occurrence of the following: (i) ONE (1) year from the Start Date; or (ii) ONE (1) business day following receipt and sufficiency of the Deposit (as that term is defined in the Asset Purchase Agreement [defined, below]) due to Trustee, as Seller, pursuant to that certain AGREEMENT OF PURCHASE AND SALE AND JOINT ESCROW INSTRUCTIONS (the "Asset Purchase Agreement"), by and among Trustee and Lender, provided entry of a Sale Order (as that term is defined in the Asset Purchase Agreement) by the U.S. Bankruptcy Court ("Due Date"). Repayment of this Note will be made from the Deposit pursuant to the terms of this Note without objection, offset, or recourse and it is independent from any other agreement or the Asset Purchase Agreement. Repayment shall not be subject to any further court order and shall be automatically due and owing up receipt of a deposit sufficient to repay this Super-Priority Note. The repayment under this Super-Priority Note shall be first made to Lender from the deposit. At the Due Date, either in (i) or (ii), all accumulated interest shall be added to the payoff amount of principle plus interest. Interest shall accrue daily on the Super-Priority Note. In the event of a payoff before 30 days, the Lender shall receive a minimum of 30 days interest on the Super-Priority Note.

3. **PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S. Code § 364 (c) (without prejudice for the Estate to obtain other super administrative priority loans). The super administrative priority of this Note will be *pari passu* with the debt owed to Resolution Ventures for the Two Hundred and Forty Thousand Dollars and No Cents ($240,000.00) that was previously loaned to the Estate but the first monies paid from the deposit by a Buyer to the Asset Purchase Agreement shall first go to the Lender of this Super-Priority Note.

4. **ALLOCATION OF PAYMENTS**: Any payments made before the Due Date hall be first credited to interest due and any remainder will be credited to principal.

5. **WAIVER OF PRESENTMENTS**: Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

**6. SEVERABILITY**: In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

**7. INTEGRATION**: There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

**8. CONFLICTING TERMS**: The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

**9. NOTICE**: Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

**10. TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW**: This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

**Lender**                                          Date _____

_____

**Borrower**                                        Date _____

_____
Richard A. Marshack ("Trustee"),
solely in his capacity as the Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.

870 Roosevelt
Irvine, CA 92620

# EXHIBIT 2

EXHIBIT 2

Page

1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  Jonathan Serrano (State Bar No. 333225)
   DINSMORE & SHOHL LLP
3  655 West Broadway, Suite 800
   San Diego, CA 92101
4  Telephone:  619.400.0500
   Facsimile:   619.400.0501
5  christopher.ghio@dinsmore.com
   christopher.celentino@dinsmore.com
6  jonathan.serrano@dinsmore.com

7  Proposed Special Counsel to Richard A. Marshack,
   Chapter 11 Trustee
8

9                    **UNITED STATES BANKRUPTCY COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11                        **SANTA ANA DIVISION**

12

13  In re:                                Case No. 8:23-bk-10571-SC

14  THE LITIGATION PRACTICE GROUP P.C.,   Chapter 11

15      Debtor.                           **EX PARTE ORDER ON NOTICE OF
                                          NON-MATERIAL MODIFICATION TO**
16                                        **PROMISSORY NOTE WITH
                                          ADDITIONAL LENDER AS PART OF**
17                                        **PREVIOUSLY APPROVED POST-
                                          PETITION FINANCING AND REQUEST**
18                                        **FOR APPROVAL OF SAME**

19                                        Date:    N/A
                                          Time:    N/A
20                                        Judge:   Hon. Scott C. Clarkson
                                          Place:   Courtroom 5C
21                                                 411 West Fourth Street
                                                   Santa Ana, CA 92701
22

23

24

25          On June 16, 2023, Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the

26  bankruptcy estate (the "Estate") of The Litigation Practice Group, P.C., in the above-captioned

27  bankruptcy case filed a *Notice of Motion and Emergency Motion (I) for Entry of Interim Order: (A)*

28  *Authorizing The Trustee to Obtain Post-Petition Financing and Superpriority Administrative*

*Expense Claim Pursuant to 11 U.S.C. § 364; and (B) Setting Final Hearing; and Pursuant to Final Hearing, (II) for Entry of Final Order Approving Post-Petition Financing on a Final Basis* [Docket No. 119] (the "Financing Motion"). This Court heard the Financing Motion and ON June 22, 2023, entered an Interim Order [Docket No. 131] granting the Financing Motion that, among other things, set a Final Hearing on July 20, 2023, authorized the Trustee to borrow up to $800,000.00 of Post-Petition Financing in advance of the Final Hearing, and gave the Trustee the authority to make non-material changes to the terms of the Post-Petition Financing in advance of the Final Hearing with proper notice.

On June 29, 2023, the Trustee filed a Notice in the case that the lender identified in the Financing Motion as being willing and able to lend the $800,000 to the Estate was unable or unwilling to loan any amount beyond the $240,000 that it had previously advanced. Because the Estate required additional funding to make payroll and pay other necessary expenses, the Trustee reached out to third parties to identify a new third party willing to lend the balance of the funds to the Estate on the same terms as the lender identified in the Financing Motion. One of these third parties was willing to lend to the Estate on the same material terms, and the Trustee filed the Notice advising of the Estate's intention to execute a second promissory note with the new lender containing the materially same terms proposed in the Financing Motion to provide funding until the Final Hearing. The Trustee asks that the Court approve the Ex Parte Notice. The Court, having considered the Notice, all pleadings filed in support of, and good cause appearing, and for the reasons already stated on the record, and in the Notice:

1.    Approves the Ex Parte Notice;

2.    Approves the non-material modifications of the second Super-Priority Promissory Note (the "Additional Note") as attached as **Exhibit 2** to the Trustee's Declaration;

3.    Finds that there is no stay of this Order, including no stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (to the extent applicable);

/ / /

/ / /

/ / /

1

      4.      Retains jurisdiction with the Court with respect to all matters arising from or related

2

to the implementation of this Order.

3

    **IT IS SO ORDERED.**

4

                         ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*):**TRUSTEE'S EX PARTE NOTICE OF NON-
MATERIAL MODIFICATION TO PROMISSORY NOTE WITH ADDITIONAL LENDER AS PART OF  PREVIOUSLY
APPROVED POST-PETITION FINANCING AND REQUEST FOR  APPROVAL  OF SAME; MEMORANDUM OF
POINTS AND AUTHORITIES**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and
**(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling
General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the
document. On June 29, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the
email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On June 29, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state
method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 29, 2023, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who
consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge
here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later
than 24 hours after the document is filed.

> **JUDGE'S COPY**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 29, 2023 | Caron Burke | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                    **F 9013-3.1.PROOF.SERVICE**

1.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117
954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdr
ive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdr
ive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9013-.1.PROOF.SERVICE**

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                              **F 9013-.1.PROOF.SERVICE**

Teri T Pham on behalf of Attorney Teri Pham
tpham@enensteinlaw.com, 3135.002@enensteinlaw.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    **F 9013-.1.PROOF.SERVICE**