CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501

Special Counsel to Richard A. Marshack,
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group P.C.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01046-SC<br><br>Chapter 11 |
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>TONY DIAB, *et. al.*<br><br>Defendants. | **OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK TO MOTION TO DISMISS COMPLAINT AGAINST TOUZI CAPITAL, LLC AND ENG TAING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MADE APPLICABLE HEREIN BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012** |

1

**TO THE COURT, HONORABLE SCOTT C. CLARKSON, OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS AND ALL INTERESTED PARTIES:**

Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG") and in response to the Motion to Dismiss Complaint filed by Touzi Capital, LLC ("Touzi") and Eng Taing ("Taing") pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable herein by Federal Rule of Bankruptcy Procedure 7012 ("Motion") [Adv. Doc. No. 96] respectfully submits this Opposition and reservation of rights.

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. On March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court"). On May 4, 2023, the Court entered the *Order Directing United States Trustee to Appoint a Chapter 11 Trustee* [Docket No. 58 in the main case], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Doc. No. 63 in the main case].

2. To preserve the Estate's going concern value and to halt the collection of Estate funds by numerous parties, the Trustee moved quickly to file this adversary against dozens of defendants on May 25, 2023 – less than three weeks after his appointment. The Court granted the injunctive relief sought in the initial complaint in an Order entered May 26, 2023 [Adv. Doc. No. 13) and in an Amended Order entered on June 2, 2023 [Adv. Doc. No. 21]. This adversary and the injunctive relief obtained herein was essential to the successful sale of the Debtor's assets in the bankruptcy case [Doc. No. 352 in the main case].

3. The Trustee subsequently amended the complaint on June 15, 2023 ("Amended Complaint") [Adv. Doc. No. 62]. The Amended Complaint sets out an elaborate and wide-ranging shell game designed to strip assets from the Debtor while directing those assets, or the income they generate, to entities either owned or controlled by Tony Diab or affiliated parties. With respect to Touzi and Taing, Paragraph 59 of the Amended Complaint states that Diab caused LPG to "sell" 719 client files and their related receivables to Teracel Blockchain Fund II, LLC ("Teracel"), that Touzi

owns and operates Teracel, and that Touzi is controlled by Eng Taing and his brother Heng Taing. Paragraph 59 alleges that LPG received no consideration for these receivables, which are being paid out to Teracel. Paragraph 60 alleges that Touzi itself has submitted ACH transfers related to these files "in its own name and/or in the name of <u>Oakstone</u>." Paragraph 61 alleges that this sale to Teracel was part of the scheme of Diab <u>and Taing</u> to defraud creditors. While Paragraph 66 does not name Touzi or Taing directly, it does allege that Oakstone, which was previously linked to Touzi, was an "Alter Ego" of the Debtor that received assets from the Debtor as part of Diab's scheme to loot the Debtor. Finally, Paragraph 71 of the Amended Complaint alleges that Taing and/or Touzi (along with other entities) "have used other ACH processing companies including Payliance (using a Guardian merchant account) … to process and transfer property of the Estate through Diab's network of Alter Egos and Fraudulent Transferees." This allegation reiterates those made in Paragraph 61 and 66 regarding Oakstone's involvement in collecting ACH payments from the Debtor's client files. Finally, the Sixth Claim for Relief seeks a turnover of property of the Estate from "one or all of Diab and LPG's Alter Egos or Fraudulent Transferees." As noted above Oakstone is one of the Alter Egos as defined in the Amended Complaint; Taing and Touzi are fraudulent transferees or subsequent transferees. Finally, Paragraph 79 requests an injunction prohibiting Touzi and Taing from continuing to process ACH payments related to client files they did not pay for and, in any event, are property of the Estate subject to the Trustee's avoidance and recovery claims.

4.    Based on these allegations, the Amended Complaint sought (i) injunctive relief, (ii) avoidance, recovery, and preservation of two-year actual fraudulent transfers against all defendants, (iii) avoidance, recovery, and preservation of two-year constructively fraudulent transfers against all defendants, (iv) avoidance, recovery, and preservation of four-year actual fraudulent transfers against all defendants, (v) avoidance, recovery, and preservation of four-year constructively fraudulent transfers against all defendants, and (vi) a turnover of estate property from all defendants. In his prayer for relief, the Trustee not only sought to avoid, recover, and preserve the transfers identified above, but the Trustee also asked for Taing to produce "information regarding any and all persons … whose file was purchased or otherwise transferred to … Oakstone … [or] Taing" and "All Client Files … from Oakstone [or] Taing. These requests included production from the aliases, agents, or

corporate entities related to Oakstone or Taing, which would include Touzi.

5. In response, Touzi and Taing filed their Motion on July 24, 2023 which has been set for a hearing on September 14, 2023 at 11:30 a.m. By filing the Motion, Touzi and Taing have not been required to file an answer, so they have not yet admitted or denied the allegations in the Amended Complaint.

6. The Motion asserts that Touzi and Taing should be dismissed as the claims of the Amended Complaint (i) failed to give them "fair notice" of the claims against them supported by "sufficient factual matter" to assert a claim for relief citing the Supreme Court cases of *Bell Atl. Corp. v. Twombly*[1] and *Ashcroft v. Iqbal*[2] respectively, and/or (ii) cannot be asserted against them under the doctrine of in *pari delicto*. As stated herein, these contentions are without merit. To the extent that the Plaintiff has failed to assert sufficient facts against Touzi and Taing to support the Amended Complaint's causes of action, the Trustee respectfully requests leave to amend to address any shortcomings as well as to assert additional claims against Touzi and/or Taing pursuant to 11 U.S.C. §§ 548, 549, or 550 based on the information set forth in the Declarations filed herewith.

## II. ARGUMENT AND AUTHORITY

### A. LEGAL STANDARD

7. The Trustee agrees with Touzi and Taing that the general principles established in *Iqbal* and *Twombley* govern consideration of motions to dismiss under Fed. R. Civ. Pro. 12(b)(6); however, cases interpreting these general principles make it clear that the Trustee has met his burden to assert claims against Touzi and Taing. The Ninth Circuit succinctly summarized these principles and how to apply them in stating

> Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, *Twombly*, 550 U.S. at 570, that "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. The plausibility of a pleading thus derives from its well-pleaded factual allegations. *Id.*

*Whitaker v. Tesla Motors, Inc.,* 985 F.3d 1173, 1176 (9th Cir. 2021).

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

Furthermore, at the motion to dismiss stage, "a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party."[3]

**B.  THE ADVERSARY PROCEEDING ALLEGES SUFFICIENT FACTS TO SATISFY THE LEGAL STANDARD**

8.  The Motion claims that the Amended Complaint failed to state a claim against Touzi and Taing with respect to the avoidance, recovery, and preservation of actual or constructive fraudulent transfers.  The Motion does not substantively address the Amended Complaint's demand for turnover of property of Estate from Touzi and Taing, but it asks that this cause of action be dismissed as well.  As stated herein, the Amended Complaint contains sufficient facts to give Touzi and Taing notice of the claims against them and to entitle the Trustee to the relief sought in the Complaint.

9.  The Amended Complaint alleges that Touzi and Taing were either the direct or subsequent transferee of fraudulent conveyances from the Debtor.  In Paragraph 59, the Trustee identified a transfer of files to Teracel for no consideration.  The Trustee also claims that Touzi owns the equity in this entity.  In Paragraph 60, the Trustee asserts that Touzi either directly, or, indirectly through Oakstone, has and may continue to process ACH transfers related to the files that were allegedly transferred to Teracel.  Based on the foregoing, in Paragraph 71 the Trustee states he seeks to avoid, recover, and preserve the transfer of the "files, accounts receivable, and funds transferred to the Alter Egos and Fraudulent Transferees," which is defined in the complaint as the Transfers.

10.  In its causes of action regarding the Transfers made within the two years preceding the Petition Date, the Trustee alleges that (i) the files and/or their related accounts receivable were transferred to Touzi and/or Taing[4], (ii) that these transfers happened within two years of the petition

---

[3] *Plater v. United States*, 359 F. Supp. 3d 930, 936 (C.D. Cal. 2018) (citing *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

[4] See Paragraphs 86 and 99 for Claims Two and Three, respectively.

5

date[5], (iii) that these transfers were for less than equivalent value[6], and (iv) that these transfers occurred when the Debtor was insolvent.[7] The Complaint also alleges (i) that the Transfers were made either with the actual intent to hinder, delay, or defraud creditors of the Debtor,[8] or (ii) that the Transfers were constructively fraudulent as to creditors of the Debtor because the bulk of the Debtor's assets were dissipated by the Petition Date.[9] Because Touzi is a limited liability company, Taing has been named as a subsequent transferee of the Transfers to the extent any of the income from Touzi's actions was distributed to him. While the Amended Complaint's review of these relationships could have been clearer, the allegations are sufficient for a reasonable inference to be made the Taing has been named as a subsequent transferee of one or more Transfers. The Amended Complaint contains substantial allegations of fact sufficient to give Touzi and Taing notice of the claims against them.

11. While the Trustee would prefer that the Amended Complaint identify the total amount of funds that Touzi either directly or indirectly, through Oakstone or another processor, improperly pulled from the bank accounts of LPG clients, he does not have this information. Only Touzi knows what accounts and amounts it debited or caused to be debited from the Debtor's consumer clients. The Trustee only learned of Touzi's post-petition actions when LPG customers complained that double payments had been withdrawn from their accounts in the same month. The duplicative withdrawals of Touzi and related parties[10] from consumer accounts was discussed in Paragraph 16(e) of the Trustee's August 24th Status Report [Doc. No. 451]. In Paragraph 16(e) of the Status Report, Christopher Celentino, special counsel for the Trustee, states that certain clients of the Debtor were charged two times "once by both Guardian Processing and once by Touzi Capital."

///

///

---

[5] See Paragraphs 85 and 99 for Claims Two and Three, respectively.

[6] See Paragraphs 88 and 94 Claims Two and Three, respectively.

[7] See Paragraphs 89 and 96 Claims Two and Three, respectively.

[8] See Paragraph 90 of the Amended Complaint.

[9] See Paragraph 98 of the Amended Complaint.

[10] In Paragraph 15(e), the Status Report collectively defines PECC Corporation, Guardian Processing, LLC, Touzi, and Taing as "Oakstone."

12. While the Status Report recently raised this issue, the Declaration of Christine Le of Phoenix Law, PC provides detailed information on those double withdrawals known to Phoenix Law Group, PC ("Phoenix"). The Declaration is attached hereto as **Exhibit A** and incorporated by reference herein. In her Declaration, Ms. Le attaches a chart that Phoenix prepared based on consumer complaints about duplicate payments to Touzi and Guardian from almost sixty different consumers. With respect to Touzi, these are the actions that evidence the viability of the Trustee's claims against Touzi in the Amended Complaint.

13. While the Chart indicates that Phoenix has refunded some of these duplicate payments, the Chart also notes that over $17,000 still needs to be refunded. The Declaration also contains an email from Joseph Hlavaty, a consumer client of LPG, to Phoenix after both Touzi and Guardian separately debited his bank account at PNC for $271.09 on April 19, 2023. This double payment caused his account to be overdrawn, and PNC charged Mr. Hlavaty a $36.00 overdraft charge. A true and accurate copy of Mr. Hlavaty's email to Phoenix is attached to the Ms. Le's Declaration as **Exhibit A-1** and is incorporated herewith. The email contains a screenshot of Mr. Hlavaty's account showing the double withdrawals.

14. In its Motion, Touzi appears to address these facts preemptively claiming that the mere fact that Touzi processes or processed ACH transactions is insufficient to state a claim against Touzi. Of course, the Trustee is not just asserting that Touzi processed ACH transactions; the Trustee is asserting that Touzi charged the bank accounts of LPG customers without the authorization of those same customers, who had authorized the Debtor, not Touzi, to make ACH withdrawals from their accounts. For example, both Touzi and Guardian debited Mr. Hlavarty's account on the same day and in the same amount. The only way Touzi and Guardian would have known the payment amount, the payment date, and Mr. Hlavarty's bank information would be <u>if Touzi was an initial or subsequent transferee of this information</u>. This is exactly what is alleged in the Amended Complaint – client files and ACH information were transferred to Teracel in a fraudulent conveyance and then to Touzi and/or Oakstone, who made unauthorized charges to those bank accounts. If these transfers are avoided, Touzi and/or Taing are responsible for returning these transfers to the estate as initial or subsequent transferees. The fact that the Trustee has sought a default judgment against Teracel based on its

failure to answer the Amended Complaint further suggests that Touzi and/or Taing are the subsequent transferees of any property initially transferred to Teracel.

15. The Motion also requests the dismissal of Touzi and Taing from the Trustee's cause of action for turnover of estate property. The Motion fails to state how this claim for relief fails to state a claim against Touzi and Taing. Presumably, the Motion gives so little attention to this cause of action because the Amended Complaint clearly states a claim against Touzi and Taing. 11 U.S.C. § 542 entitles a trustee to collect property of the estate that is of benefit to the estate. The Trustee's cause of action demands that any defendant turn over any "files, accounts receivable, and funds that are the subject of the Transfers" to the Trustee because the Trustee alleges they are property of the estate. These allegations are more than sufficient to give a defendant notice of the claim asserted regarding the property identified.

16. For the reasons stated herein, the Motion should be denied. Should the Court find that the Amended Complaint requires the addition of more allegations of fact, the Trustee requests leave to amend the complaint to add additional allegations and/or counts against Touzi and/or Taing. While the Amended Complaint alleges client files and related information were fraudulently transferred to Teracel and/or Touzi before the Petition Date, there is now substantial evidence that Touzi debited the bank accounts of LPG customers post-petition without leave of Court. It may be necessary to amend the complaint to address these improper post-petition actions of Touzi and Guardian. If needed, the Trustee can add additional allegations specific to Touzi and Mr. Taing with respect to the fraudulent conveyance and turnover claims when he has leave to amend the complaint.

17. In any event, the Trustee recently learned of yet another pre-petition transfer of LPG client files to an entity owned – at least in part – by Touzi and (through Touzi) Taing. In or about January, 2023, months before filing bankruptcy, LPG purported to sell or assign thousands of client files to PECC Corp. in alleged satisfaction of an antecedent debt owed by LPG to PECC Corp. A Motion for Leave to Amend or an additional adversary proceeding against this entity is likely to follow forthwith. The Declaration of Christopher B. Ghio detailing the pre-petition transaction between Pecc Corp. and the Debtor is attached hereto as **Exhibit B** and incorporated as if set forth herein.

## C. *IN PARI DELICTO* IS EXPRESSLY INAPPLICABLE TO FRAUDULENT TRANSFER AND AVOIDANCE ACTIONS INITIATED BY A CHAPTER 11 TRUSTEE.

18. As a matter of black letter law, Touzi and Taing cannot assert the defense of i*n pari delicto* as a defense to the Amended Complaint. Chapter 5 of the United States Bankruptcy Code expressly confers standing on the trustee to gather estate assets pursuant to 11 U.S.C. § 542 and to bring actions to avoid and recover both fraudulent and preferential transfers. The defense of *in pari delicto* does not bar such actions because (i) the Trustee, in asserting these claims, is a different party than the pre-petition debtor and (ii) plaintiffs in fraudulent conveyance actions are not subject to defenses that could be raised against a debtor. *In re Pearlman*, 472 B.R. 115 (Bankr. M.D. Fla. 2012); *see also* 11 U.S.C. § 544(b) (authorizing trustee to pursue avoidance claims of unsecured creditors under applicable state law). Otherwise, a trustee's express powers under the Bankruptcy Code would be barred by the bad acts of the pre-petition debtor.

19. It is black letter law that the power to avoid and recover transfers is expressly available when a creditor of the debtor would have a cause of action against the transferee, but the debtor itself would not. 6 Collier on Bankruptcy P 749.02 (16th 2023); 11 U.S.C. § 544(b). For example, this occurs when the debtor is a participant in a fraud which harms its customers. *Id.* Under the *in pari delicto* doctrine, the debtor would not normally have a cause of action against the recipient/accomplice/transferee, but the bankruptcy trustee, standing in the shoes of both the debtor and its creditors, can bring avoidance claims against the recipient/accomplice/transferee because such recovery benefits the creditors. *Id.* This principal has been recognized and upheld numerous times[11] notably in litigation over the Bernard Madoff Ponzi scheme.[12]

---

[11] "While the *in pari delicto* defense can be raised against a trustee bringing a debtor's pre-bankruptcy claims under 11 U.S.C. § 541, it cannot be raised against avoidance claims." *Shults & Tamm v. Tobey (In re Hawaiian Telcom Communs. Inc.),* 483 B.R. 217, 221 (Bankr. D. Haw. 2012) (collecting cases including *Sender v. Simon*, 84 F.3d 1299, 1304 (10th Cir. 1996).)

[12] *In re Bernard L. Madoff Inv. Sec. LLC*, 557 B.R. 89, 123 (Bankr. S.D.N.Y. 2016) ("Neither the defense of *in pari delicto* nor the related standing rule of *[Wagoner]* bars the Trustee's fraudulent transfer actions because those claims are specifically conferred on the Trustee by the Bankruptcy Code and SIPA."); *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 449 (Bankr. S.D.N.Y. 2015) (doctrine of *in pari delicto* and *Wagoner* rule did not apply to prevent SIPA

20. Touzi and Taing cite the California state court case of *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*[13] 133 Cal.App.4th 658 (2005) to support their argument that *in pari delicto* bars the Trustee's claims. In *Peregrine Funding*, the bankruptcy trustee and investors in a fraudulent mortgage lending business filed suit <u>in state court</u> against a law firm that had done work for the pre-petition debtor. The suit sought recovery from the law firm based on (i) legal malpractice and (ii) aiding and abetting a breach of fiduciary duty. The Court found that the Trustee could not assert these pre-petition state law claims against the law firm because the Trustee, as the successor to the debtor's pre-petition claims, had "unclean hands" given the debtor's involvement in the alleged bad acts. Touzi and Taing's attempt to conflate claims arising under state law with those causes of action created by the Bankruptcy Code fails given the substantial black letter law contradicting this argument. This argument should be promptly dismissed.

### III.  CONCLUSION

Based on the above, Touzi and Taing have failed to provide sufficient support to sustain the legal standards required by a motion brought under Rule 12(b)(6). The Trustee properly plead the facts sufficient to support its claims for relief. Further, the *in pari delicto* argument asserted by Touzi and Taing simply fails. Thus, the Motion should be denied. Nevertheless, if the Court is inclined to agree with Touzi and Taing, the Trustee requests leave to amend. As stated above, the Trustee will need to move for leave to amend to assert further claims for relief against these parties regardless.

Dated: August 31, 2023                        Respectfully submitted,

                                                 DINSMORE & SHOHL LLP

                                                 By: */s/ Christopher B. Ghio*
                                                       Christopher B. Ghio
                                                       Special Counsel to Richard A. Marshack,
                                                       Chapter 11 Trustee for the Bankruptcy Estate of
                                                       The Litigation Practice Group

---

trustee from asserting fraudulent transfer avoidance claims to recover property that belonged to customers of bankrupt broker-dealer).

[13] 133 Cal.App.4th 658 (2005).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD A. MARSHACK TO MOTION TO DISMISS COMPLAINT AGAINST TOUZI CAPITAL, LLC AND ENG TAING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MADE APPLICABLE HEREIN BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 31, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 31, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 31, 2023 | Nicolette D. Murphy | */s/ Nicolette Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                         Page 1                                F 9013-3.1.PROOF.SERVICE

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | |
|---|---|
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 2    F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Teri T Pham<br>on behalf of Defendant Daniel S. March | tpham@epgrlawyers.com<br>ttpassistant@epglawyers.com<br>dle@epglawyers.com |
| Teri T Pham<br>on behalf of Defendant Tony Diab | tpham@epgrlawyers.com<br>ttpassistant@epglawyers.com<br>dle@epglawyers.com |
| Douglas A Plazak<br>on behalf of Defendant Greyson Law Center PC | dplazak@rhlaw.com |
| Douglas A Plazak<br>on behalf of Defendant Han Trinh | dplazak@rhlaw.com |
| Douglas A Plazak<br>on behalf of Defendant Jayde Trinh | dplazak@rhlaw.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012         Page 3         F 9013-3.1.PROOF.SERVICE