Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:   619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Proposed Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**DECLARATION OF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE, PROVIDING COPIES OF EXECUTED NOTES**<br><br>Date:   June 30, 2023<br>Time:  12:30 p.m.<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>            411 W. Fourth Street<br>            Santa Ana, CA  92701 |

#31083207v2

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1. I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this Declaration as requested by the Court at the June 30, 2023, 12:30 p.m. hearing set on my Ex Parte Notice of Non-Material modification to Promissory Note with Additional Lender as part of Previously Approved Post-petition Financing (the "Notice").

3. The Court required me to provide copies of the executed notes, by 5:00 p.m. on July 3, 2023.

4. I sent an email to Mr. Squires, at 2:59 p.m. today, providing him with a breakdown of what my team had understood were the amounts Mr. Squires had advanced, and a copy of a note I executed in that amount. Attached as Exhibit A is a copy of that email and the executed note.

5. Mr. Squires provided an email that contends he is owed more than what was stated on the note I executed. I was on my way to the FedEx facility to make sure that I sent the note today, so I had my attorney Mr. Hays respond to Mr. Squires that I am willing to review any documents he has to support the amounts he advanced and sign an amended note for the amount if needed. Mr. Squires responded and Mr. Hays replied. As evidenced in the email exchange, all parties are working together to ensure the proper amount is determined. Attached as Exhibit B is a copy of that email thread between Mr. Squires and Mr. Hayes.

6. I also executed the Additional Note, attached to the Ex Parte documents for the funding with Liberty Acquisitions Group, Inc. and obtained its signature on the note as well. Attached as Exhibit C is a copy of the Additional Note.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 30, 2023

_____
Richard A. Marshack

#31083207v2

1

# EXHIBIT A

**Lissebeck, Yosina**

| | |
|---|---|
| **From:** | Richard Marshack <RMarshack@MarshackHays.com> |
| **Sent:** | Friday, June 30, 2023 2:59 PM |
| **To:** | Russ Squires |
| **Cc:** | Ghio, Christopher; Celentino, Christopher; Lissebeck, Yosina; Ed Hays; Richard Marshack |
| **Subject:** | LPG |
| **Attachments:** | 20230630_SUPER-PRIORITY NOTE- Res Ventures Signed By RAM.pdf |

Russ.

I promised Judge Clarkson I would send you a note today. Accordingly I am issuing the attached promissory note in the amount of $237,528.40 constituting the following advances which my field agent, Lori Ensley, and Eeyah Tan, head of operations advises has been advanced:

A.
$210,818.04 for the bulk payroll on June 16, 2023 for the pay period of May 29th through June 11th.

B.
$771.73 for short pays to make up mistakes in previous employee's payment and
C.
$25,938.63 for final pays for employees who are no longer with LPG

Should you identify any additional amounts that were advanced pursuant to the borrowing order then I will gladly amend the note.

You can pick up the original promissory note at my office.

Richard Marshack
Bankruptcy Trustee


Richard Marshack, Esq.
MARSHACK HAYS, LLP
870 Roosevelt
Irvine, CA 92620
Mobile: 714 624-8000
Office: 949 333-7777

## SUPER-PRIORITY
## PROMISSORY NOTE

This super priority promissory note ("Note") is made by and between Richard A. Marshack, Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and RESOLUTION VENTURES ("Lender").

1. **LOAN**: On June __, 2023 ("Start Date"), Lender shall loan, and Borrow promises to pay back, the principal sum of TWO HUNDRED THIRTY SEVEN THOUSAND FIVE HUNDRED TWENTY EIGHT DOLLARS AND FORTY CENTS ($237,528.40) with interest accruing on the unpaid balance at a rate of EIGHT percent (8%) per annum, beginning as of the Start Date. Up to an additional FOUR HUNDRED FIFTY THOUSAND DOLLARS ($450,000.00) will be available to Borrower if needed, in the manner as follows:

2. **DUE DATE:** The balance of distributed funds under this Note, including all accrued interest, if not earlier paid pursuant to paragraph 2 below, is due and payable in ONE (1) year from the Start Date ("Due Date").

3. **PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S. Code § 364 (c) (without prejudice for the Estate to obtain other super administrative priority loans).

4. **ALLOCATION OF PAYMENTS**: Payments shall be first credited to interest due and any remainder will be credited to principal.

5. **WAIVER OF PRESENTMENTS**: Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

6. **SEVERABILITY**: In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

7. **INTEGRATION**: There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

8. **CONFLICTING TERMS**: The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

9. **NOTICE**: Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

**10. TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW:** This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

**Lender**                                                                          Date _____

_____


**Borrower**                                                                        Date June 30, 2023

_____
Richard A. Marshack ("Trustee"),
solely in his capacity as the Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.

870 Roosevelt
Irvine, CA 92620

# EXHIBIT B

**Lissebeck, Yosina**

| | |
|---|---|
| **From:** | Ed Hays <EHays@MarshackHays.com> |
| **Sent:** | Friday, June 30, 2023 4:01 PM |
| **To:** | Russ Squires |
| **Cc:** | Richard Marshack; Ghio, Christopher; Celentino, Christopher; Lissebeck, Yosina; Joel S. Magolnick; Lori Ensley |
| **Subject:** | Re: LPG |

Russ:

Thank you. Let's get the exact number and supporting documents so that the replacement note can be signed right away.

Talk to you soon.

Ed

---

**From:** Russ Squires <russsquires0321@gmail.com>
**Date:** Friday, June 30, 2023 at 4:58 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Richard Marshack <RMarshack@MarshackHays.com>, Christopher Ghio <Christopher.Ghio@Dinsmore.com>, Christopher Celentino <christopher.celentino@dinsmore.com>, Yosina Lissebeck <yosina.lissebeck@dinsmore.com>, Joel S. Magolnick <magolnick@mm-pa.com>, Lori Ensley <ljensley@aol.com>
**Subject:** Re: LPG

Ed,

I appreciate the thorough response and I understand the timing issues. We can work together to get a correct amount for the note created and updated early next week.

As to the accounting discrepancies, that comes from the fact that the in house Phoenix team is not staffed by experienced accounting employees. Darius Newbold my Controller who I brought in to help fix things has the check register, as the checks were all written on our account, and I trust his numbers far more than those of the finance team in the office.

Yes, Joel is my counsel and I will talk with him and work to schedule a call with you as soon as possible.

Best regards,
Russ

Sent from my iPhone

> On Jun 30, 2023, at 3:37 PM, Ed Hays <EHays@marshackhays.com> wrote:
>
> Russ:

1

The numbers Richard got for the amount of the note he signed this afternoon was directly from accounting. We don't yet understand how your numbers are different. But, as set forth in both Richard's and your e-mails, we all want to get the number right so that you are repaid everything you advanced under the financing order. Please call Lori Ensley to discuss and provide the documentation for what you advanced. As stated in Richard's e-mail, he will immediately sign a replacement note that accurately reflects the right number after it is determined. Richard told the court he would sign and send a promissory note today. To do so, he drove directly to FedEx after sending his e-mail to make sure he got it there prior to the cutoff. He just deposited it with FedEx and confirmed that he made the cutoff. As soon as you have the documentation, including the exact amount of the approximate $25,000 you were estimating, Richard will sign the replacement note. Again, he acknowledges that whatever you advanced under the sale order is entitled to be reduced to a promissory note and promptly provided to you.

Also, you made reference to your attorney and that they were not yet admitted pro hac vice. I don't know if the attorney you referenced is Joel Magolnick who is copied on this e-mail or someone else. Given the time sensitivity of this issue and the fact that I'm merely trying to communicate that trustee will sign a replacement note for all the amounts you advanced under the financing order, I'm responding to your message directly. I would ask that your attorney (whether it be Joel or someone else) reply all and advise that trustee's counsel is authorized to communicate directly with you.

Lastly, we also want to schedule a call with you and your counsel to continue discussions regarding a sale. Please let us know your and your counsel's availability. Thank you.

Ed

---

**From:** Russ Squires <russsquires0321@gmail.com>
**Date:** Friday, June 30, 2023 at 4:11 PM
**To:** Richard Marshack <RMarshack@MarshackHays.com>
**Cc:** Christopher Ghio <Christopher.Ghio@dinsmore.com>, Christopher Celentino <christopher.celentino@dinsmore.com>, Yosina Lissebeck <yosina.lissebeck@dinsmore.com>, Ed Hays <EHays@MarshackHays.com>, Joel S. Magolnick <magolnick@mm-pa.com>
**Subject:** Re: LPG

Richard,

Those numbers are wrong. I sent you an email with the correct numbers a short time ago, but for reference, his is the body of that email:

After reviewing the original order for financing the judge issued last week with my attorney, there are three numbers I can provide covered by the order, for payroll, for domain purchase, and hard costs associated with running the business which includes our travel and living expenses while operating the business.

That total amount based on the information I have available to mat at this moment is $282,682.84.

The amount of money for payroll specifically, was $256,728.24.

The amount paid for the domain $954.60.

I do not have an exact amount on our out of pocket expenses to date, but it is approximately $25,000. If

you would like me to provide that specific number you will have to wait.

In addition, we have the money owed for Resolution Ventures, as well as the promised payments to other outside employees that we were supposed to hire under the management agreement, which would represent approximately another $110,000 to date. However, we recognize that those amounts will likely be paid under normal administrative claims, not the super priority claims.

Thus the amount the note should be issued for is $282,682.84.

> On Jun 30, 2023, at 2:59 PM, Richard Marshack <RMarshack@MarshackHays.com> wrote:
>
>
> Russ.
>
> I promised Judge Clarkson I would send you a note today.  Accordingly I am issuing the
attached  promissory note in the amount of $237,528.40 constituting the following advances which my field agent,  Lori Ensley,  and Eeyah Tan, head of operations advises has been advanced:
>
> A.
> $210,818.04 for the bulk payroll on June 16, 2023 for the pay period of May 29th through June 11th.
> B.
> $771.73 for short pays to make up mistakes in previous employee's payment and
> C.
> $25,938.63 for final pays for employees who are no longer with LPG
>
> Should you identify any additional amounts that were advanced pursuant to the borrowing order then I  will gladly amend the note.
>
> You can pick up the original promissory note at my office.
>
> Richard Marshack
> Bankruptcy Trustee
>
>
>
> Richard Marshack, Esq.
> MARSHACK HAYS, LLP
> 870 Roosevelt
> Irvine, CA 92620
> Mobile: 714 624-8000
> Office: 949 333-7777

3

# EXHIBIT C

EXHIBIT C
Page 10

## SUPER-PRIORITY
## PROMISSORY NOTE

This super priority promissory note ("Note") is made by and between Richard A. Marshack, Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and Liberty Acquisitions Group, Inc. or Assignee ("Lender").

1. **LOAN**: On June __, 2023 ("Start Date"), Lender shall make available to loan, and Borrower may borrow up to the maximum principal amount of FIVE HUNDRED AND SIXTY THOUSAND DOLLARS AND NO CENTS ($560,000.00) of this Note in one or more borrowings with interest accruing on the unpaid principal balance thereof at a rate of EIGHT percent (8.0%) per annum, beginning at the earlier of the Start Date or the date of such borrowing.

2. **DUE DATE:** The balance of all distributed funds under this Note, including all accrued interest, will be due and payable upon the earlier occurrence of the following: (i) ONE (1) year from the Start Date; or (ii) ONE (1) business day following receipt and sufficiency of the Deposit (as that term is defined in the Asset Purchase Agreement [defined, below]) due to Trustee, as Seller, pursuant to that certain AGREEMENT OF PURCHASE AND SALE AND JOINT ESCROW INSTRUCTIONS (the "Asset Purchase Agreement"), by and among Trustee and Lender, provided entry of a Sale Order (as that term is defined in the Asset Purchase Agreement) by the U.S. Bankruptcy Court ("Due Date"). Repayment of this Note will be made from the Deposit pursuant to the terms of this Note without objection, offset, or recourse and it is independent from any other agreement or the Asset Purchase Agreement. Repayment shall not be subject to any further court order and shall be automatically due and owing up receipt of a deposit sufficient to repay this Super-Priority Note. The repayment under this Super-Priority Note shall be first made to Lender from the deposit. At the Due Date, either in (i) or (ii), all accumulated interest shall be added to the payoff amount of principle plus interest. Interest shall accrue daily on the Super-Priority Note. In the event of a payoff before 30 days, the Lender shall receive a minimum of 30 days interest on the Super-Priority Note.

3. **PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S. Code § 364 (c) (without prejudice for the Estate to obtain other super administrative priority loans). The super administrative priority of this Note will be *pari passu* with the debt owed to Resolution Ventures for the Two Hundred and Forty Thousand Dollars and No Cents ($240,000.00) that was previously loaned to the Estate but the first monies paid from the deposit by a Buyer to the Asset Purchase Agreement shall first go to the Lender of this Super-Priority Note.

4. **ALLOCATION OF PAYMENTS**: Any payments made before the Due Date hall be first credited to interest due and any remainder will be credited to principal.

5. **WAIVER OF PRESENTMENTS**: Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.



EXHIBIT A
Page 12

EXHIBIT 1
EXHIBIT C
Page 5
Page 11

**6. SEVERABILITY:** In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

**7. INTEGRATION:** There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

**8. CONFLICTING TERMS:** The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

**9. NOTICE**: Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

**10. TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW:** This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

**Lender**                                                      Date  6.30.23

_____

**Borrower**                                                    Date  June 30, 2023

_____
Richard A. Marshack ("Trustee"),
solely in his capacity as the Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.

870 Roosevelt
Irvine, CA 92620

EXHIBIT A
Page 13

EXHIBIT 1
Page 6

EXHIBIT C
Page 12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:     655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*):

**DECLARATION OF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE PROVIDING COPIES OF EXECUTED NOTES**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 30, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On June 30, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 30, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2023 | Caron Burke | */s/ Caron Burke* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*              **F 9013-3.1.PROOF.SERVICE**

**1.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                         **F 9013-.1.PROOF.SERVICE**

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
ylissebeck@lissebecklaw.com, caron.burke@dinsmore.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                              **F 9013-.1.PROOF.SERVICE**

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Teri T Pham on behalf of Attorney Teri Pham
tpham@enensteinlaw.com, 3135.002@enensteinlaw.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                **F 9013-.1.PROOF.SERVICE**

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                              **F 9013-.1.PROOF.SERVICE**