Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:   619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Proposed Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>   Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE PROVIDING COPY OF AMENDED NOTE AND STATUS OF TRANSFER**<br><br>Date:   June 30, 2023<br>Time:  12:30 p.m.<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>            411 W. Fourth Street<br>            Santa Ana, CA  92701 |

#31083207v2

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1. I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. During a hearing held on June 30, 2023, the Court ordered that I submit a declaration with copies of the notes executed in favor of the initial lender (Resolution Ventures) and the replacement lender (Liberty Acquisitions Group, Inc.). Although the deadline to do so was by 5:00 p.m. on Monday, July 3, 2023, I filed the required declaration with the executed notes on June 30, 2023 ("Declaration"). See, Dk. No. 164.

3. In the Declaration, I explained that Mr. Squires believed the $237,528.40 amount of the note I executed in favor of Resolution Ventures did not fully account for all funds that had been advanced. In fact, he acknowledged that he did not yet know the exact amount and was in the process of identifying the precise figure. I thus advised the Court that I would work with him to ensure that the full amount owed was reflected in an amended note. I have now reviewed documents supporting the execution of an amended note in the amount of $249,663.98.

4. Attached as Exhibit A is a copy of the executed amended note in the amount of $249,663.98 ("First Amended Resolution Ventures Note"). I provided Mr. Squires with a copy of the executed First Amended Resolution Ventures Note. This note supersedes and replaces all prior notes, including the June 30, 2023, Note. This is now the only applicable note between the Estate and Resolution Ventures.

5. To the extent that Mr. Squires provides evidence that the amount owed is in fact more then reflected in the First Amended Resolution Ventures Note, I will execute a further amended note. I acknowledge that all amounts advanced by Mr. Squires through Resolution Ventures in connection with the initial Court-approved borrowing are entitled to be reduced to a note and will enjoy super-priority administrative status.

///

1

#31083207v2

6. At the conclusion of the hearing held on Friday, June 30, 2023, the Court also requested that my declaration advise the Court as to the status of the Estate receiving the additional loan from the replacement lender, Liberty Acquisitions Group, Inc. On June 30, 2023, the Estate received $500,000 of the $560,000 replacement loan by wire. All employees were paid today, July 3, 2023. The additional $60,000 was paid by the replacement lender directly to insurance companies to cover premiums owed on employee health insurance.

7. The $249,663.98 amount owed to Mr. Squires as set forth in the First Amended Resolution Ventures Note is higher than the $240,000 described in the notice of non-material modification. To keep the total amount borrowed by the Estate at or below the $800,000.00 approved amount, I am in the process of returning the $9,663.98 difference to the replacement lender, Liberty. Thus, a First Amended Liberty Note is attached as Exhibit B, in the amount of $550,336.02. Should Mr. Squires provide additional proof of an amount owed in excess of that set forth in the First Amended Resolution Ventures Note, I will similarly return a like amount to and execute an amended note in favor of Liberty.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 3, 2023

_____
Richard A. Marshack

#31083207v2

2

# EXHIBIT A

# AMENDED SUPER-PRIORITY
# PROMISSORY NOTE

This super priority promissory note ("Note") is made by and between Richard A. Marshack, Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and RESOLUTION VENTURES ("Lender");

1. **LOAN**: On June 16, 2023 ("Start Date"), Lender has loaned, and Borrow promises to pay back, the principal sum of TWO HUNDRED FORTY NINE THOUSAND SIX HUNDRED SIXTY THREE DOLLARS AND NINETY EIGHT CENTS ($249,663.98[1]) with interest accruing on the unpaid balance at a rate of EIGHT percent (8%) per annum, beginning as of the Start Date. This Amended Note supersedes and replaces the prior note dated and executed on June 30, 2023.

2. **DUE DATE:** The balance of distributed funds under this Note, including all accrued interest, if not earlier paid pursuant to paragraph 2 below, is due and payable in ONE (1) year from the Start Date ("Due Date").

3. **PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S. Code § 364 (c) (without prejudice for the Estate to obtain other super administrative priority loans).

4. **ALLOCATION OF PAYMENTS**: Payments shall be first credited to interest due and any remainder will be credited to principal.

5. **WAIVER OF PRESENTMENTS**: Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

6. **SEVERABILITY**: In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

7. **INTEGRATION**: There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

8. **CONFLICTING TERMS**: The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

9. **NOTICE**: Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt

---

[1] This amount is made up of the following: Payroll 5/29-6/11 = $221,456.07; Final Pay $25,938.63; Shor Pay $771.73; Costs = Costco- $542.95; Domain Registration - $954.60

requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

**10. TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW**: This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

**Lender**                                                                 Date _____

_____

**Borrower**                                                               Date July 3, 2023

_Richard A. Marshack, Trustee_
Richard A. Marshack ("Trustee"),
solely in his capacity as the Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.

870 Roosevelt
Irvine, CA 92620

# EXHIBIT B

# AMENDED SUPER-PRIORITY
# PROMISSORY NOTE

This super priority promissory note ("Note") is made by and between Richard A. Marshack, Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and Liberty Acquisitions Group, Inc. or Assignee ("Lender").

1. **LOAN**: On June 30, 2023 ("Start Date"), Lender made available to loan, and Borrower borrowed up to the maximum principal amount of FIVE HUNDRED AND FIFTY THOUSAND THREE HUNDRED THIRTY SIX DOLLARS AND TWO CENTS ($550,336.02) of this Note in one or more borrowings with interest accruing on the unpaid principal balance thereof at a rate of EIGHT percent (8.0%) per annum, beginning at the earlier of the Start Date or the date of such borrowing.

2. **DUE DATE:** The balance of all distributed funds under this Note, including all accrued interest, will be due and payable upon the earlier occurrence of the following: (i) ONE (1) year from the Start Date; or (ii) ONE (1) business day following receipt and sufficiency of the Deposit (as that term is defined in the Asset Purchase Agreement [defined, below]) due to Trustee, as Seller, pursuant to that certain AGREEMENT OF PURCHASE AND SALE AND JOINT ESCROW INSTRUCTIONS (the "Asset Purchase Agreement"), by and among Trustee and Lender, provided entry of a Sale Order (as that term is defined in the Asset Purchase Agreement) by the U.S. Bankruptcy Court ("Due Date"). Repayment of this Note will be made from the Deposit pursuant to the terms of this Note without objection, offset, or recourse and it is independent from any other agreement or the Asset Purchase Agreement. Repayment shall not be subject to any further court order and shall be automatically due and owing up receipt of a deposit sufficient to repay this Super-Priority Note. The repayment under this Super-Priority Note shall be first made to Lender from the deposit. At the Due Date, either in (i) or (ii), all accumulated interest shall be added to the payoff amount of principle plus interest. Interest shall accrue daily on the Super-Priority Note. In the event of a payoff before 30 days, the Lender shall receive a minimum of 30 days interest on the Super-Priority Note.

3. **PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S. Code § 364 (c) (without prejudice for the Estate to obtain other super administrative priority loans). The super administrative priority of this Note will be *pari passu* with the debt owed to Resolution Ventures for the Two Hundred and Forty Thousand Dollars and No Cents ($240,000.00) that was previously loaned to the Estate but the first monies paid from the deposit by a Buyer to the Asset Purchase Agreement shall first go to the Lender of this Super-Priority Note.

4. **ALLOCATION OF PAYMENTS**: Any payments made before the Due Date hall be first credited to interest due and any remainder will be credited to principal.

5. **WAIVER OF PRESENTMENTS**: Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

Case 8:23-ap-01046-SC    Doc    Filed 07/03/23    Entered 07/03/23 16:23:16    Desc Main
                        Document      Page 9 of 15


**6. SEVERABILITY**: In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

**7. INTEGRATION**: There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

**8. CONFLICTING TERMS**: The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

**9. NOTICE**: Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

**10. TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW**: This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

**Lender**                                                                      Date _____

_____

**Borrower**                                                                    Date  7-3-23

_[signature]_
Richard A. Marshack ("Trustee"),
solely in his capacity as the Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.

870 Roosevelt

EXHIBIT B
Page 8

Irvine, CA 92620

EXHIBIT B
Page 9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:    655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*):

**SUPPLEMENTAL DECLARATION OF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE PROVIDING COPY OF AMENDED NOTE AND STATUS OF TRANSFER**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 3, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 3, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 3, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COPY**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 3, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                          **F 9013-.1.PROOF.SERVICE**

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
ylissebeck@lissebecklaw.com, caron.burke@dinsmore.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-.1.PROOF.SERVICE**

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Teri T Pham on behalf of Attorney Teri Pham
tpham@enensteinlaw.com, 3135.002@enensteinlaw.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                           **F 9013-.1.PROOF.SERVICE**

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                **F 9013-.1.PROOF.SERVICE**