Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jonathan Serrano (State Bar No. 333225)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jonathan.serrano@dinsmore.com

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>    Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION BETWEEN THE DEBTOR; CONSUMER LEGAL GROUP, PC; LGS HOLDCO, LLC; AND SET FORTH, INC. F/K/A DEBTPAYPRO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF; AND EXHIBITS**<br><br>Date:       [To be set]<br>Time:       [To be set]<br>Judge:      Hon. Scott C. Clarkson<br>Place:      Courtroom 5C<br>            411 West Fourth Street<br>            Santa Ana, California 92701 |

#31219851v3

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR; THE PARTIES TO THE SETTLEMENT; THE SCHEDULED CREDITORS OF THE ESTATE AND THOSE WHO HAVE FILED PROOFS OF CLAIM, AND THEIR RESPECTIVE COUNSEL OF RECORD, IF ANY:**

NOTICE IS GIVEN that on July 6, 2023, Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") of debtor The Litigation Practice Group, P.C. ("LPG" or the "Debtor") in the above-captioned bankruptcy case (the "Case"), filed the above-captioned Motion on shortened notice (the "Motion") and hereby moves for entry of an order that finds and directs as follows:

1. The Motion is granted.

2. That certain Stipulation re Partial Settlement of Claims and Modification of Order on Trustee, Richard Marshack's Omnibus Emergency Motion as to Covered Parties and Defendants, Consumer Legal Group, P.C. and LGS Holdco, LLC (the "Stipulation") by and between the Trustee, in his capacity as the duly appointed and acting Trustee for the Debtor, on the one hand, and Consumer Legal Group, P.C. along with its related company LGS Holdco, LLC (together, "CLG"), on the other hand, attached as **Exhibit 1** hereto, is approved.

3. Notice of the Motion was adequate and proper.

4. The Court reserves jurisdiction to determine any disputes arising in connection with the Stipulation.

5. Such other and further relief as is just and proper under the circumstances is granted.

7. The Motion is made pursuant to Section 105 of Title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that, in the Trustee's sound business judgment, the Proposed Stipulation is in the best interests of the consumer clients, the Estate and all creditors, including consumer creditors. Entry into the Stipulation will resolve certain aspects of the related adversary proceeding [Adv. Proc. No. 8:23-ap-01046-SC] (the "Adversary Proceeding") and return assets to the Estate. As a result, the Trustee seeks Court

approval to execute the Stipulation, the salient terms of which are summarized[1] as follows:

**In exchange for compliance with the Stipulation, the Trustee will, among other things:**

- Restore CLG's access to the DPP CRM Software and the data contained therein;

- Will use all reasonable precautions to avoid viewing any attorney-client privileged materials regarding CLG's clients on the DPP CRM Software;

- Acknowledge the validity of the transfer of the LPG Fee Shared Clients to CLG pursuant to the fee sharing provisions in the Stipulation;

- Waive enforcement of that portion of the Order titled Recorded Information (A)(1) and (A)(2) and will restore access to CLG's client files that are managed and stored electronically utilizing DPP's CRM Software license, key or account. As to CLG only, the Trustee will restore access to all administrative usernames and passwords required for accessing any DPP account by CLG employees;

- Waive enforcement of that portion of the Order entitled "Order to Re-Direct Mail" with respect to CLG; and

- Will advise Optimum Bank to release any hold or restraint on certain accounts of LGS and CLG subject to the Order.

**In exchange for compliance with the Stipulation, CLG will, among other things,**

- Deposit 40% of all receivables generated from the LPG Fee Shared Clients into a separate bank account for the benefit of the Estate and provide reporting on same pursuant to the Stipulation for purposes of an accounting. Once the parties agree to the accounting, CLG has agreed to remit 40% generated by the LPG Fee Share Clients to the Estate;

- Provide the Trustee with viewing access to accounts at Optimum Bank;

- Provide the Trustee with substantial financial information as detailed in the Stipulation, access to view certain financial accounts and other information, and reporting regarding CLG's clients that are not LPG Fee Shared Clients;

- Provide the Trustee with sworn statements regarding its transactions and relationship(s), if any, with the Debtor, Tony Diab, or any of the Covered Entities as set forth in the Stipulation;

---

[1] The Stipulation contains additional terms, and this summary is provided for ease of reference only. All capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation.

2

#31219851v3

- Provide the Trustee will sworn statements regarding its operations, fee structure, and other matters detailed in the Stipulation;

- Provide a release for the DPP Released Parties from the DPP Released Matters, as those terms are defined in the Stipulation; and

- Provide a release for the Trustee Released Parties from the Trustee Released Matters, as those terms are defined in the Stipulation.

**As part of the Stipulation, DPP will, among other things,**

- Provide the Trustee with super administrative access into and control over CLG's DPP CRM Software portal; and

- Provide a release for the Trustee Released Parties from the Trustee Released Matters, as those terms are defined in the Stipulation.

**NOTICE IS FURTHER GIVEN** that this Motion is based upon (a) this Notice of Motion and Motion, (b) the attached Memorandum of Points and Authorities, Declaration of Richard A. Marshack, and Exhibits thereto, (c) the concurrently filed Notice of Motion and Hearing, (d) the arguments of counsel, if any, in support of the Motion at the hearing thereon, (e) the entire record of this Case, and (f) any other evidence presented to the Court in support of the Motion.

**NOTICE IS FURTHER GIVEN** that pursuant to Rule 9075-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Central District of California (the "Local Bankruptcy Rules"), the Trustee seeks to have this Motion heard on shortened notice at a date and time to be determined by the Court. Once the Court has scheduled a hearing, the Trustee will provide separate notice of the hearing date and time and the deadline for filing any opposition to the Motion.

Dated: July 6, 2023    Respectfully submitted,

DINSMORE & SHOHL LLP

By: /s/ Jonathan Serrano
    Christopher B. Ghio
    Christopher Celentino
    Jonathan Serrano
    Special Counsel to Richard A. Marshack,
    Chapter 11 Trustee

3

#31219851v3

**TABLE OF CONTENTS**

I. STATEMENT OF RELEVANT FACTS ...................................................................................6

II. THE STIPULATION .................................................................................................................7

III. THE COURT SHOULD APPROVE THE STIPULATION UNDER BANKRUPTCY RULE 9019 ...................................................................................................9

    A. The Probability of Success in the Litigation............................................................10

    B. The Difficulties, if Any, to Be Encountered in the Matter of Collection. ..............10

    C. The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It. .........................................11

    D. The Paramount Interest of the Creditors and a Proper Deference to .......................11

IV. CONCLUSION .......................................................................................................................17

4

#31219851v3

# TABLE OF AUTHORITIES

**Cases**

*In re A & C Properties*,
  784 F.2d 1377 ......................................................................................................... 9, 10

*In re Blair*,
  538 F.2d 849 (9th Cir. 1976) ......................................................................................... 10

*In re Carson*, 82 B.R. 847,
  (Bankr. S.D. Ohio 1987) ................................................................................................. 9

*In re Hydronic Enterprise, Inc.*,
  58 B.R. 363 (Bankr. D. R.I. 1986 ................................................................................... 9

*In re Lee Way Holding Co.*,
  120 B.R. 881 (Bankr. S.D. Ohio 1990) ......................................................................... 10

*In re Mobile Air Drilling Co., Inc.*,
  53 B.R. 605 (Bankr. N.D. Ohio 1985) ............................................................................ 9

*In re W.T. Grant & Co.*,
  699 F.2d 599 (2d Cir. 1983) .......................................................................................... 10

*Knowles v. Putterbaugh (In re Hallet)*,
  33 B.R. 564 (Bankr. D. Me. 1983) .................................................................................. 9

*Martin v. Kane (In re A & C Properties)*,
  784 F.2d 1377380–81 (9th Cir. 1986) ............................................................................ 9

*Matter of Carla Leather, Inc.*,
  44 B.R. 457 (Bankr. S.D. N.Y. 1984) ........................................................................... 10

*Matter of Walsh Const., Inc.*,
  669 F.2d 1325 (9th Cir. 1982) ....................................................................................... 10

*Newman v. Stein*,
  464 F.2d 689 (2d Cir. 1972) .......................................................................................... 10

*United States v. Alaska National Bank (In re Walsh Constr., Inc.)*,
  669 F.2d 1325 (9th Cir. 1982) ......................................................................................... 9

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*,
  839 F.2d 610 (9th Cir. 1988) ........................................................................................... 9

**Statutes**

11 U.S.C. § 105(a) .............................................................................................................. 7

Fed. R. Bankr P. 9019(a) ................................................................................................. 7, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS

On March 20, 2023 (the "Petition Date"), debtor The Litigation Practice Group, P.C. (the "Debtor" or "LPG") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case (the "Case"). See Pet., ECF No. 1. On May 4, 2023, the Bankruptcy Court entered an *Order Directing United States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], and on May 8, 2023, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]. The Court entered the *Order Approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee* on the same date [Docket No. 65], and the Trustee has continued to serve in this capacity and for the protection of all creditors and consumer clients since this date.

On May 25, 2023, the Trustee filed Adversary Proceeding No. 8:23-ap-01406-SC (the "Adversary Proceeding") against Tony Diab and numerous other defendants including and Consumer Legal Group, P.C. along with its related company LGS Holdco, LLC (together, "CLG"). On June 15, 2023, the Trustee filed his amended complaint in the Adversary Proceeding, primarily naming additional defendants and modifying allegations with regard to Greyson Law Center, PC. See Am. Compl., Adv. ECF No. 62.

The complaint in the Adversary Proceeding sought injunctive relief against CLG, the turnover of certain property, and the avoidance, recovery, and preservation of fraudulent transfers. The Trustee's claims against CLG centered on the Debtor's pre-petition transfers of approximately 12,500 client files to CLG (the "LPG Acquired Clients"). As part of these transfers, CLG agreed to pay a percentage of fees to LPG that CLG earned on a subset of the LPG Acquired Clients totaling 2,150 performing files ("LPG Fee Shared Clients"). CLG used a customer relationship management software ("DPP CRM Software") provided by and hosted by Set Forth, Inc. f/k/a Debtpaypro ("DPP") to manage these files.

On May 26, 2023, the Trustee obtained an emergency order (the "TRO") that, among other things, restricted CLG's access to the DPP CRM Software. See TRO, Adv. ECF No. 13, and as amended on June 6, 2023, Adv. ECF No. 21.

6

On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications.

Following the entry of the TRO, the Trustee and CLG have engaged in good faith, arms-length negotiations that have resulted in the terms and conditions agreed to in the Stipulation. DPP has joined this Stipulation as a Covered Party subject to the Order. The Stipulation is not a complete settlement of the Trustee's claims against CLG in the Adversary Proceeding, but it does contain releases and resolve certain issues in the Adversary Proceeding. Accordingly, the Trustee requests that the Bankruptcy Court approve the execution of the Stipulation as a "settlement or compromise" subject to pursuant to Rules 2002(a) and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 105(a).

## II.    THE STIPULATION

The Stipulation will not resolve all claims asserted against CLG in the Adversary Proceeding; however, it will provide substantial benefits to the Debtor and to CLG while the Adversary Proceeding remains pending. It will resolve all disputes regarding the LPG Fee Shared Clients and provide income to the Debtor. The following is a summary of the most salient terms of the Stipulation:

1. In exchange for compliance with the Stipulation, the Trustee will, among other things,

- Restore CLG's access to the DPP CRM Software and the data contained therein;

- Will use all reasonable precautions to avoid viewing any attorney-client privileged materials regarding CLG's clients on the DPP CRM Software;

- Acknowledge the validity of the transfer of the LPG Fee Shared Clients to CLG pursuant to the fee sharing provisions in the Stipulation;

- Waive enforcement of that portion of the Order titled Recorded Information (A)(1) and (A)(2) and will restore access to CLG's client files that are managed and stored electronically utilizing DPP's CRM Software license, key or account. As to CLG only, the Trustee will restore access to all administrative usernames and passwords required for accessing any DPP account by CLG employees;

- Waive enforcement of that portion of the Order entitled "Order to Re-Direct Mail" with respect to CLG; and

- Will advise Optimum Bank to release any hold or restraint on certain accounts of LGS and CLG subject to the Order.

2. In exchange for compliance with the Stipulation, CLG will, among other things,

- Deposit 40% of all receivables generated from the LPG Fee Shared Clients into a separate bank account for the benefit of the Estate and provide reporting on same pursuant to the Stipulation for purposes of an accounting. Once the parties agree on the accounting, CLG has agreed to remit 40% generated by the LPG Fee Shared Clients to the Estate;

- Provide the Trustee with viewing access to accounts at Optimum Bank;

- Provide the Trustee with substantial financial information as detailed in the Stipulation, access to view certain financial accounts and other information, and reporting regarding CLG's clients that are not LPG Fee Shared Clients;

- Provide the Trustee with sworn statements regarding its transactions and relationship(s), if any, with the Debtor, Tony Diab, or any of the Covered Entities as set forth in the Stipulation;

- Provide the Trustee will sworn statements regarding its operations, fee structure, and other matters detailed in the Stipulation;

- Provide the Trustee with daily proposed expenditures for the Trustee to approve as set forth in the Stipulation;

- Provide a release for the DPP Released Parties from the DPP Released Matters, as those terms are defined in the Stipulation; and

- Provide a release for the Trustee Released Parties from the Trustee Released Matters, as those terms are defined in the Stipulation.

I. As part of the Stipulation, DPP will, among other things,

- Provide the Trustee with super administrative access into and control over CLG's DPP CRM Software portal; and

- Provide a release for the Trustee Released Parties from the Trustee Released Matters, as those terms are defined in the Stipulation.

***The foregoing is a summary of the terms of the proposed Stipulation. The actual terms of the Stipulation are as set forth in Exhibit 1 hereto. Interested parties are encouraged to read the Stipulation. Any conflict between this summary and the terms of the Stipulation shall be controlled by the Stipulation.***

8

#31219851v3

## III. THE COURT SHOULD APPROVE THE STIPULATION UNDER BANKRUPTCY RULE 9019

The authority granted to a trustee to compromise a controversy or agree to a settlement is set forth in Bankruptcy Rule 9019(a), which provides in pertinent part that "[o]n motion by the [debtor in possession] and after hearing on notice to creditors ..., the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Under these circumstances, the decision of whether a compromise should be accepted or rejected lies within the sound discretion of the court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D. R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); *Knowles v. Putterbaugh (In re Hallet)*, 33 B.R. 564, 565 (Bankr. D. Me. 1983).

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties),* 784 F.2d 1377, 1380–81 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive investigation of the claims sought to be compromised. *See United States v. Alaska National Bank (In re Walsh Constr., Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See In re A & C Properties,* 784 F.2d at 1381.

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

    (a)    the probability of success in the litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection;

9

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re A & C Properties,* 784 F.2d at 1381 (the "A & C Factors").

A court should not substitute its own judgment for the judgment of the trustee. *Matter of Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D. N.Y. 1984). A court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact but rather to canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983), accord, *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). "It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

For all of the reasons set forth above and further explained below, the Trustee believes that the Stipulation is reasonable, fair and equitable, and in the best interests of the Estate and its creditors. A review of the A & C Factors outlined below supports approval of the Stipulation.

A. **The Probability of Success in the Litigation.**

The Stipulation provides the Trustee with the relief sought against CLG in the Adversary Proceeding with respect to the LPG Fee Shared Clients and preserves any other claims of the Trustee against CLG, regarding the LPG Acquired Clients or other matters. With respect to the LPG Fee Shared Clients, the Stipulation provides the relief sought in the Complaint without the risks and expenses of further litigation.

B. **The Difficulties, if Any, to Be Encountered in the Matter of Collection.**

The Stipulation requires CLG both to pay a portion of the fees earned on LPG Fee Shared Clients to the Trustee, and requires CLG to share information with the Trustee to verify those payments. This payment structure provides the Trustee with all the benefits of CLG servicing the LPG Fee Shared Clients without the expense and delay of obtaining a judgment to recover any fees owed for those matters and then collecting whatever amount was owed.

10

#31219851v3

### C. The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It.

Litigation to determine all amounts owed for the LPG Fee Shared Clients would require an accounting of each file once the respective rights of the Trustee and CLG had been adjudicated. CLG has asserted it has defenses to the Trustee's claims to avoid and recover the transfer of the LPG Fee Shared Clients. This Stipulation monetizes the LPG Fee Shared Clients for the Trustee and eliminates the expense, inconvenience, and delay of further litigation on the LPG Fee Shared Clients.

### D. The Paramount Interest of the Creditors and a Proper Deference to Their Reasonable Views in the Premises.

The Trustee believes that permitting CLG to service the LPG Fee Shared Clients will not only provide those clients with the legal services they had sought, but will also provide income to the Debtor, in the form of 40% of revenues generated by the LPG Fee Shared Clients. If the Trustee recovered the LPG Fee Shared Clients from CLG, these matters would still require legal work and representation. The Debtor is not able to provide these required services. CLG can provide the services needed by the LPG Fee Shared Clients, and CLG has agreed to pay the Trustee a percentage of its earnings on these matters. The Trustee has exercised his business judgment to agree to the Stipulation pending Bankruptcy Court approval because it will provide income to the Estate, remove potential claims from the Estate, and provide information that may assist in the pursuit of other avoidable conveyances. The creditors of the Estate are best served by the consensual resolution of disputes between CLG, DPP, and the Debtor stated in the Stipulation.

[*Remainder of Page Intentionally Left Blank*]

11

#31219851v3

## IV. CONCLUSION

Based upon all of the foregoing, the Trustee respectfully requests the Court to enter an order granting the relief requested in the *Motion*.

Dated: July 6, 2023

Respectfully submitted,

DINSMORE & SHOHL LLP

By: /s/ Jonathan Serrano
Christopher B. Ghio
Christopher Celentino
Jonathan Serrano
Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

12

#31219851v3

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1. I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this Declaration in support of my *Motion for Order Approving Stipulation Between the Debtor, Consumer Legal Group, PC; LGS Holdco, LLC; and Set Forth, Inc. f/k/a DebtPayPro* (the "Motion"). Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3. The Court may take judicial notice of the following:

   a. On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Case.

   b. After the Office of the United States Trustee (the "UST") filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing Unites States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

   c. Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

   d. On May 25, 2023, I initiated an adversary proceeding, *Marshack v. Diab et al.* (Adv. No. 8:23-ap-1046-SC), against LPG's alter egos, fraudulent transferees, and other related parties. In the complaint, I alleged six causes of action for injunctive relief, avoidance, recovery, and preservation of actual and constructive fraudulent transfers, and turnover.

e. On May 26, 2023, the Court entered the *Amended Order on Trustee, Richard Marshack's Omnibus Emergency Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance With Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter* [Adv. Docket No. 21] (the "TRO"), authorizing turnover of estate property and recorded information, lock-out, and an order to show cause regarding compliance with court order, among other relief.

f. On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications.

4. Following entry of the preliminary injunction, counsel for CLG and DPP discussed the impact of the TRO on the LPG Fee Shared Clients with my counsel. While not a defendant in the adversary proceeding, DPP was subject to the TRO as a provider of software services. In particular, all parties are concerned about CLG's ability to service these matters given the TRO.

5. Based on these discussions, the parties have agreed to the terms of the Stipulation, subject to Court approval, in order to resolve many disputes and issues regarding the LPG Fee Shared Clients. With respect to the Debtor, the Stipulation will permit CLG to service the LPG Fee Shared Clients but will require CLG to pay a percentage of the fees earned with the Debtor. CLG also will be required to provide substantial information to the Trustee regarding the LPG Fee Shared Clients, its financial condition, and other defendants/parties subject to the TRO. In exchange, the Trustee will agree to release CLG and DPP from compliance with certain provisions of the TRO. Finally, CLG and DPP will release any claims against the Trustee Released Parties, as defined in the Stipulation, which is attached as **Exhibit 1**.

6. The Stipulation will not release or resolve any claims that the Debtor may have against CLG except as expressly set forth therein. The Stipulation provides the Debtor with substantial right to oversee CLG's compliance with the Stipulation, and CLG will remain a party in the Adversary Proceeding so any violations of the Stipulation can be enforced.

#31219851v3                                    14

7. In my business judgment, I do not believe I could obtain a superior outcome in the Adversary Proceeding with respect to the LPG Fee Shared Clients than those provided in the Stipulation. The Stipulation will provide income to the Debtor, additional information regarding avoidance actions, and legal services to the clients included in the LPG Fee Shared Clients. The Stipulation will also provide certain releases to limit further litigation and disputes.

8. I believe the relief sought in the Motion is in the best interests of the Debtor and its creditors as it generates income for the Estate, provides information to the Trustee, and gives former clients of the Debtor the legal services they sought.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 6, 2023

Richard A. Marshack

#31219851v3

15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 11 Trustee's Notice of Motion and Motion for Order Approving Stipulation Between the Debtor; Consumer Legal Group, PC; LGS Holdco, LLC; and Set Forth, Inc. F/K/A Debtpaypro; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support Thereof; and Exhibits** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **July 6, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| Date | Printed Name | Signature |

#31219851v2

16

**In re The Litigation Practice Group, P.C.**
**U.S.B.C., Central District of California, Santa Ana**
**Case No. 8:23-bk-105701-SC**

I. **SERVED ELECTRONICALLY VIA NEF:**

- **Eric Bensamochan:** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown:** ron@rkbrownlaw.com
- **Christopher Celentino:** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson:** cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark** : rbc@randallbclark.com
- **Leslie A Cohen:** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Christopher Ghio:** christopher.ghio@dinsmore.com
- **Richard H Golubow:** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays:** ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser:** ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander:** ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Joon M Khang:** joon@khanglaw.com
- **Ira David Kharasch:** ikharasch@pszjlaw.com
- **David S Kupetz:** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley:** chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev:** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman:** mlieberman@lipsonneilson.com
- **Richard A Marshack (TR):** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud:** lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken:** Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo:** bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias:** anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark:** vnewmark@pszjlaw.com
- **Queenie K Ng:** queenie.k.ng@usdoj.gov
- **Teri T Pham:** tpham@enensteinlaw.com, 3135.002@enensteinlaw.com
- **Douglas A Plazak:** dplazak@rhlaw.com
- **Ronald N Richards:** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato:** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**: olivia.scott3@bclplaw.com
- **Jonathan Serrano:** jonathan.serrano@dinsmore.com
- **Paul R Shankman:** PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim:** leslie.skorheim@usdoj.gov
- **Andrew Still:** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss:** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White:** JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

#31219851v2                                    17

**II.	SERVED VIA REGULAR U.S. MAIL:**

N/A

**III.	SERVED VIA OVERNIGHT MAIL (FED EX):**

**United States Bankruptcy Court**

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, California 92701