Daniel H. Reiss
State Bar No. 150573
**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
2818 La Cienega Avenue
Los Angeles, California 90034

Rusty O'Kane (*pro hac vice*)
State Bar No. 24088149
*rusty.okane@wickphillips.com*
Alexandra W. Wahl (*pro hac vice*)
State Bar No. 241071581
*alex.wahl@wickphillips.com*
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISON

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, PC,<br><br>  Debtor. | Case No. 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01046-SC<br><br>Chapter 11 |
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>  Plaintiff,<br><br>  v.<br><br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual; ENG TAING, an individual; HENG TAING, an individual; MARIA EEYA TAN, an individual; JAKE AKERS, an individual; HAN TRINH, an individual; JAYDE TRINH, an individual; WES THOMAS, an individual; SCOTT JAMES EADIE, an individual; | **REPLY IN SUPPORT OF MOTION BY DEFENDANTS ENG TAING AND TOUZI CAPITAL, LLC TO DISMISS COMPLAINT UNDER FED. RULE BANK. PROC. 7012 AND FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND MOTION TO STRIKE DECLARATIONS**<br><br>Judge: Hon. Scott C. Clarkson<br><br>**DATE: SEPTEMBER 14, 2023**<br>**TIME: 11:00 A.M.**<br>**PLACE: COURTROOM 5C**<br>**          411 WEST FOURTH STREET**<br>**          SANTA ANA, CA 92701** |

JIMMY CHHOR, an individual; DONGLIANG JIANG, an individual; MAX CHOU, an individual; OAKSTONE LAW GROUP PC;

GREYSON LAW CENTER PC; PHOENIX LAW, PC; MAVERICK MANAGEMENT GROUP, LLC; LGS HOLDCO, LLC; CONSUMER LEGAL GROUP, P.C.; VULCAN CONSULTING GROUP LLC; BAT INC. d/b/a COAST PROCESSING; PRIME LOGIX, LLC; TERACEL BLOCKCHAIN FUND II LLC; EPPS; EQUIPAY; AUTHORIZE.NET; WORLD GLOBAL; OPTIMUMBANK HOLDINGS, INC. d/b/a OPTIMUM BANK; MARICH BEIN, LLC; BANKUNITED, N.A.; REVOLV3, INC.; FIDELITY NATIONAL INFORMATION SERVICES, INC. d/b/a FIS; WORLDPAY, LLC; WORLDPAY GROUP; MERIT FUND, LLC; GUARDIAN PROCESSING, LLC; PAYLIANCE, LLC; TOUZI CAPITAL, LLC; SEAMLESS CHEX INC; DWOLLA, INC.; STRIPE, INC.; and DOES 1 through 100, inclusive,

　　Defendants.

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) made applicable to this proceeding under Federal Bankruptcy Rule of Procedure 7012(b), Defendants Eng Taing ("Mr. Taing") and Touzi Capital, LLC ("Touzi") (collectively, "Touzi Defendants") hereby file this Reply ("Reply") in Support of their Motion to Dismiss ("Motion") [Dkt. No. 96] the claims alleged against them in Plaintiff Richard A. Marshack's ("Plaintiff") Amended Complaint ("Complaint") [Dkt. No. 62], and respectfully state as follows:

I.

**SUMMARY**

This Court's charge is simple: reviewing the four paragraphs in the Complaint in which Touzi Defendants are mentioned to determine whether sufficient allegations have been pleaded against them. *See* Complaint at ¶¶ 59, 60, 61, and 71.

In response to Touzi Defendants' Motion, Plaintiff attempts to conflate and attribute the allegations pleaded against other Defendants to Touzi Defendants. In support, Plaintiff's Response asserts new "alter ego" allegations, not included in the Complaint. Further, Plaintiff attaches extrinsic declarations, which are not properly considered in a 12(b)(6) analysis and do not remedy the Complaint's failure to detail the factual or legal basis for fraud allegations. *See* Fed. R. Civ. P. 12(b)(6). Therefore, this Court should strike the declarations and, as further set forth in the Motion, dismiss Plaintiff's claims (in whole or in part) against Touzi Defendants under Rule 12(b)(6), as Plaintiff has not properly pleaded a factual basis for suit against these defendants, and/or under the doctrine of *in pari delicto*.

II.

**ARGUMENTS AND AUTHORITIES**

**A.    Extrinsic Evidence is not Considered for Rule 12(b)(6) Motion**

As set forth in Section III of the Motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To plead fraud with particularity, the allegations must be specific enough to give defendants notice of the particular

1

misconduct, including time, dates, places, benefits received, and other details of the alleged fraudulent activity. Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. In its analysis, the court considers the four corners of the complaint. The court is not bound by conclusory statements, statements of law, and unwarranted inferences cast as factual allegations. *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A "court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Id* .at 55-57.

**B.    Plaintiff's Extrinsic Declarations are not Probably Considered and Should be Stricken from the Record.**

In support of his Response [Doc. 159], Plaintiff does not set forth a proposed amended complaint that would correct the current deficiencies in pleading. *See generally,* Response. Instead, Plaintiff ignores the four corners standard and attaches his counsel's declaration [Doc. 159-2] and a declaration from a former defendant that has been nonsuited [Doc. 159-1] (collectively, the "Declarations"). Such extrinsic evidence is not properly considered in a Rule 12(b)(6) analysis (with some inapplicable exceptions[1]) and may be ignored by the Court. To the extent necessary, Touzi Defendants object to the consideration of the Declarations and hereby move to strike the Declarations from the record.

**C.    Plaintiff's Factual Allegations Pleaded Against Other Defendants are not Attributable to Touzi Defendants.**

The Court's 12(b)(6) analysis consists of reviewing the seven instances Touzi Defendants are mentioned in the Complaint. *See* Complaint at ¶¶ 59, 60, 61, and 71; Fed. R. Civ. P. 12(b); *Twombly*, 550 U.S. at 555. Plaintiff's Response attempts to dodge the minimum requirements for pleading

---

[1]    In certain instances, the court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Additionally, if the movant sets forth evidence outside the pleadings, the court must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. Fed. R. Civ. P. 12(d). Neither instance applies here, where the nonmovant set forth extrinsic declarations and attachments outside the pleadings.

**2**

against these two Defendants by now asserting new "alter ego" allegations – which have not been pleaded. Specifically, Plaintiff now claims the actions of other Defendants Oakstone, Guardian Processing, Teracel, and Greyson and non-party PECC.[2] *See* Response at ¶¶ 3-4, 9, 14, 17. Nowhere in the Complaint does Plaintiff allege these Defendants (or the non-party) are alter egos of Touzi or Mr. Taing. *Compare* Complaint at ¶¶ 59, 60, 61, and 71. Therefore, the allegations pleaded against these Defendants cannot be ascribed to Touzi Defendants to correct the current deficiencies and Touzi Defendants have not been provided with the particularity required for pleading (especially concerning the four causes of action based upon fraud). *See* Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

**D.     At Least Some of Plaintiff's Claims are barred by the Doctrine of *In Pari Delicto*.**

Touzi Defendants hereby withdraw without prejudice their argument based on the doctrine of *in pari delicto* defense relating to the Trustee's causes of action based on avoidance of fraudulent conveyances under the Bankruptcy Code. However, with respect to those causes of action that Trustee seeks relief against Touzi Defendants which derives from state law, such as cause of actions based on state law which the Bankruptcy Code confers standing upon the Trustee, Touzi Defendants contend that the *in pari delicto* defense set forth in the Motion (pp. 6-11) applies. *See*, *e.g.*, *In re Tootian* (*Goldman v. Dardashti*), 634 B.R. 361, 374-376 (Bankr. C.D. Cal. 2021).

## IV.

## CONCLUSION

For these reasons, Plaintiff still failed to meet his burden to state a claim for which relief may be granted against Touzi Defendants. Accordingly, Touzi Defendants respectfully request the Court (i) strike the Declarations from the record, (ii) grant Touzi Defendants' Motion to Dismiss without leave to amend, (iii) dismiss the claims pleaded against Touzi Defendants with prejudice (in whole or in part, and (iv) grant any and all further relief to which each may be entitled.

---

[2]     PECC is not a defendant and is not mentioned in the Complaint.

3

| | | |
|---|---|---|
| 1 | Dated: September 7, 2023. | Respectfully submitted, |
| 2 | | */s/ Daniel H. Reiss* |
| 3 | | Daniel H. Reiss |
| | | **LEVENE, NEALE, BENDER, YOO & GOLUBCHIK, LLP** |
| 4 | | 22818 La Cienega Avenue |
| | | Los Angeles, California 90034 |
| 5 | | |
| 6 | | Rusty O'Kane |
| | | Alexandra W. Wahl |
| 7 | | **WICK PHILLIPS GOULD & MARTIN, LLP** |
| | | 3131 McKinney Avenue, Suite 500 |
| 8 | | Dallas, Texas 75204 |
| | | Telephone: (214) 692-6200 |
| 9 | | Facsimile: (214) 692-6255 |
| 10 | | **ATTORNEYS FOR DEFENDANTS ENG TAING AND TOUZI CAPITAL, LLC** |

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **REPLY IN SUPPORT OF MOTION BY DEFENDANTS ENG TAING AND TOUZI CAPITAL, LLC TO DISMISS COMPLAINT UNDER FED. RULE BANK. PROC. 7012 AND FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND MOTION TO STRIKE DECLARATIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 7, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
- Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Michael T Delaney    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- Christopher Ghio    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo@dinsmore.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Yosina M Lissebeck    yosina.lissebeck@dinsmore.com, caron.burke@dinsmore.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Teri T Pham    tpham@epgrlawyers.com, ttpassistant@epglawyers.com;dle@epglawyers.com
- Douglas A Plazak    dplazak@rhlaw.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

**2. SERVED BY UNITED STATES MAIL**: On **September 7, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                           **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 7, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 7, 2023 | D. Woo | /s/ D. Woo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    F 9013-3.1.PROOF.SERVICE