Daniel A. Lev (CA Bar No. 129622)
 daniel.lev@gmlaw.com
**Greenspoon Marder LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 954.771.9264

Ronald Richards (CA Bar No. 176246)
 ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone: 310.556.1001
Facsimile: 310.277.3325

Attorneys for Consumer Legal Group, P.C. AND ACQUIRING ENTITY

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**DECLARATION OF JASON J. REBHUN IN SUPPORT OF TRUSTEE'S EMERGENCY MOTION FOR XX**<br><br>DATE:   MONTH DAY, 2023<br>TIME:   XX:X0 X.m.<br>PLACE:  Courtroom "5C" |

I, Jason J. Rebhun, declare and state:

1. I am an attorney duly admitted to practice law in the courts of the states of New York and New Jersey. I am also admitted to practice law in the United States District Courts for the Southern District of New York, Eastern District of New York, Northern District of New York, District of New Jersey, and the Second Circuit Court of Appeals. I am also in good standing in those courts.

2. I make this declaration in support of the "Trustee's Emergency Motion for Motion of Trustee Richard A. Marshack for Entry of an Order (A) Approving

DAL 54814513v1

Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements (the "Motion"), filed by Richard A. Marshack (the "Trustee"), the duly appointed, qualified, and acting chapter 11 trustee for the estate of the debtor The Litigation Practice Group, P.C. (the "Debtor").

3.    My background includes having earned a J.D. at New York Law School in 2010 where I was a night student. During the day, I was a paralegal at a small law firm in Brooklyn, New York, which handled a variety of matters and represented many individuals and small businesses engaged in small business. Some of those matters included prosecuting and defending collection actions related to secured and unsecured debt. As the sole paralegal in the office, I gained valuable "hands on" experience working one-on-one with my supervising attorney and I personally handled all aspects of a case, including drafting complaints and answers, discovery demands and responses, attending and observing depositions, trial preparation, and "second seated" oral arguments, motions, and trials.

4.    After graduating from law school, I opened my own legal practice where I resumed handling a variety of matters, including debt related cases (prosecution and defense) and claims relating to the Fair Debt Collections Practice Act. During this period of my career, I personally deposed witnesses, defended depositions, and tried cases myself, including jury trials. Although I have only been practicing law for approximately 13 years, because of my hands-on experience as a paralegal, my experience extends well beyond those 13 years.

5.    Presently, I am employed as an attorney at Consumer Legal Group, P.C. ("CLG") which is a New York City based law firm which primarily practices law in the consumer debt "space." Aside from the dozens of employees who are not part of CLG's legal "team," CLG employs full-time attorneys, part-time attorneys, and paralegals. Moreover, as a growing and thriving business, CLG is constantly looking to hire additional

DAL 54814513v1

2

attorneys, paralegals, and staff and is in current active discussions to hire another full-time attorney.

6. CLG itself has been operating since early 2022. CLG was incorporated in New York in May of 2022 and quickly began expanding. CLG's attorneys have significant experience handling consumer cases ranging from one to more than ten years of experience. CLG is owned by Aryeh Weber, Esq., who has over thirty years of experience and is licensed and in good standing in New York and New Jersey.

7. CLG defends clients in cases in New York and New Jersey where its attorneys are admitted to practice. Other than hiring local counsel outside of New York and New Jersey where a client's case may be venued, all of the operational and legal functions at CLG are handled in-house in our office by trained staff in our New York office. CLG employs dozens of employees who are not part of CLG's legal "team," as well as four full-time attorneys (and is in the final stages of hiring one more full-time attorney who are expected to be on boarded by the end of July 2023), three part-time attorneys, and eight paralegals. As a growing and, thankfully, thriving business, operating legally in the consumer debt space, CLG is constantly looking to hire additional attorneys, paralegals, and staff and, as noted, is in current discussions to hire another full-time attorney.

8. Legally challenging debt involves a number of different factors and strategies, some of which are discussed below. Based on our experience, seeking attorney assistance challenging debt, settling debt, defending against a debt collection lawsuit, validating debt, and filing lawsuits to challenge debt for unfair collection practices, among other grounds, to protect clients who are being unfairly treated or taken advantage of by sophisticated and oftentimes relentless creditors and collection agencies is not a new industry or concept, and it has been around for a long time as evidenced by the legislative history of some of the more notable consumer protection laws, including, but not limited to, the Fair Debt Collection Practices Act (FDCPA), among many others. Because hiring an attorney is expensive, most clients already in financial despair are not

DAL 54814513v1

3

able to pay a $5,000 or $10,000 retainer and $200 or more per hour for an attorney. To provide such consumers with affordable access to lawyers, law firms operating in the consumer debt space often offer payment plans for services rendered. This too is a practice that has a long history in the legal field, including, but not limited to, pre-paid legal services and lawyer payment plans.

9. As one of CLG's senior attorneys, I personally oversee the younger attorneys and the paralegals who are trained by me. I created (and edit as needed) the Standard Operating Procedures ("SOP") for the attorneys and paralegals handling new files for CLG, essentially detailing what to do when a new file comes in after evaluating the stage of the debt collection. For instance, some clients first notify CLG of the existence of a pending suit after a motion for default judgment was filed, or after a judgment was entered, or preliminarily after suit is filed, but before a response (answer or motion) is due. I am also the point of contact for CLG's attorneys and paralegals for complicated procedural and strategical questions.

10. I am also the point of contact for CLG's network of local counsel in the various states where CLG's clients may be sued. In this regard, when a CLG client is sued outside of New York or New Jersey (where I am admitted to practice law and would often handle the case myself), CLG's "local counsel liaison" (a designated paralegal that I oversee who is tasked with engaging local counsel) contacts CLG's local counsel in that particular state and advises of the matter that requires attention and representation. We connect CLG's client with that local counsel, provide counsel with the pleading and any information or documents necessary or requested to facilitate that representation, furnish templates of responsive pleadings, discovery demands, deposition notices (which I personally prepared), and, along with CLG's "local counsel liaison," we oversee the file and monitor discovery and potential motion practice.

11. When CLG refers its clients to local counsel outside of New York and New Jersey, the clients may enter into their own retainer with local counsel. The legal fees for retaining local counsel are paid for by CLG typically on a flat fee basis, although

DAL 54814513v1

4

depending on the particular state and the volume within that state, local counsel may be paid an hourly rate. All of CLG's local counsel are paid on a Form 1099 basis as independent contractors. The average cost to engage local counsel ranges between $1,500 and $2,500 (sometimes more depending on the particular state, matter, scope of work involved, and complexity of a particular matter, etc.).

12. Typically, upon intake of a new client, I, along with CLG's legal team, speak and correspond with clients as needed. CLG often undertakes an initial communication with a client upon learning of the commencement of a lawsuit against the client wherein it seeks financial hardship information along with potential settlement parameters that are used by CLG to negotiate with creditors. Creditors often have agreed to abandon pursuit of CLG's clients after learning (and persuasion from CLG's team) that a particular client may be "judgment proof" or without collectible assets in that client's name.

13. CLG has employed a successful internal organizational system wherein it has designated individuals (usually paralegals) tasked with calendar duties, monitoring the legal department's general email inbox, dispatching new files on an attorney rotation, designating tasks for certain paralegals (to request information or documents from a client, or seek an extension of time to respond to a newly commenced action prior to referring that matter to local counsel) or to a designated settlement "team" which is comprised of individuals (usually paralegals) tasked with contacting creditors to settle cases using the information provided by CLG's clients and individuals (usually paralegals) tasked with reviewing the correspondence, statements, discovery, and supporting information provided by the creditor or the client themselves. Much of that information is also reviewed by an attorney who analyzes the information with an eye for legal defenses, legal strategy, and weaknesses in a creditor's case.

14. Oftentimes, CLG's attorneys will review documentation filed with a commencing pleading, or provided by the client, or in discovery, which is matched and analyzed against the client's credit report to see if that debt was "charged off" in which

case certain defenses/motion practice can be used. CLG's attorneys have also uncovered cases wherein the relied-upon contract and its terms and conditions provide CLG's client with a right to arbitrate. On certain cases that were filed close to the applicable statute of limitations for collections actions (which varies state by state and whose time periods we preliminarily research), or where the amount demanded is not significant, CLG's attorneys will engage the client (and often local counsel for the particular state) and strategize about seeking dismissal citing the binding arbitration provision. Some creditors have agreed to discontinue their action upon such a threat or motion given the resources necessary to defend and recommence the action in arbitration. Similarly, engaging in the discovery process and pursuing discovery, especially depositions of a creditor's witness, will often have the desired effect of creating leverage for settlement negotiations.

15. CLG employs proprietary software to operate its practice and its employees are trained on creating tasks and calendar entries for nearly every step of CLG's program process. Such tasks and entries often include reviewing summonses or legal documents, scheduling calls with clients or opposing counsel/creditors, and calendaring dates by which certain information is due, including dates for court appearances. CLG is proud to state that, since implementation of the SOP and the adherence thereto by CLG's employees, there have been very few matters that have fallen through the proverbial cracks. Such issues are often through no responsibility or fault of CLG's employees, but, rather, because of a delay in transmittal of information or documents to CLG which prevents CLG from timely responding to same. Nevertheless, CLG is always prepared to put out fires and I am personally one of the main attorneys engaged to help fight those fires.

16. If CLG clients ask to speak with an attorney, those calls are promptly scheduled and any of CLG's attorneys/paralegals (depending on a particular case) who are equipped to speak with that client return the call. CLG's attorneys will review the notes and documents on a particular file to familiarize themselves before speaking with

the client and CLG does its best to have the same attorney/paralegal speak with a client with whom they have a relationship or a history.

17. CLG has found success in representing clients throughout the United States and has successfully negotiated the resolution of innumerable debt as well as litigation matters. CLG is sufficiently equipped to take on significantly more volume and is ready to hire and train additional staff as needed.

18. As part of its business model, CLG has a standard "legal services agreement" (the "LSA"), a true and correct copy of which is attached hereto as Exhibit 1. As indicated in the LSA, CLG does not purport to offer or sell any credit repair services and in fact discloses the potential for a client's credit score to go down.

19. Generally, CLG obtains its clients from internal marketing efforts, word of mouth, CLG's website, and outside marketing companies. CLG does not engage in revenue factoring to pay for new clients.

20. CLG operates in compliance with all local, state, and federal rules and regulations. Upon formation, such policies and procedures were created and drafted by attorneys knowledgeable in these fields. As part of CLG's commitment to compliance, CLG's officers and attorneys, including myself, routinely monitor, review, and update all policies and procedures to account for any changes in the law, regulations, and rules of professional conduct.

21. CLG is proud of the services and results it provides and has achieved for its clients. For instance, and without disclosing client information, CLG has secured the discharge of debt against a client after CLG successfully cited a binding arbitration provision warranting the dismissal of a creditor's lawsuit. CLG also successfully leveraged a client's inability to pay a debt against a forthcoming trial that the creditor refused to adjourn, ultimately leading to dismissal of the action. CLG has also successfully negotiated dozens of debts whereby its client's monthly payments were less than $100, enabling the clients to make ends meet without a looming judgment over their head.

22.    The Court, therefore, should have no concerns of CLG being a "fly by night" organization unable to meet the needs of the Debtor's consumers. On the contrary, CLG is well-equipped to represent each of the consumers if CLG ultimately succeeds in acquiring the delineated files.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of July, 2023.

_____
Jason J. Rebhun

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:     655 W. Broadway, Suite 800, San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*):

**DECLARATION OF JASON J. REBHUN IN SUPPORT OF TRUSTEE'S EMERGENCY MOTION FOR XX**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 7, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 7, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 7, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COPY**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010         **F 9013-3.1.PROOF.SERVICE**

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                        **F 9013-.1.PROOF.SERVICE**

ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-.1.PROOF.SERVICE**

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Teri T Pham on behalf of Attorney Teri Pham
tpham@epglawyers.com, ttpassistant@epglawyers.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                              **F 9013-.1.PROOF.SERVICE**

gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-.1.PROOF.SERVICE**