FILED & ENTERED

JUL 10 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br><br><br><br>Debtor(s). | Case No.: 8:23-bk-10571-SC<br><br>CHAPTER 11<br><br>**ORDER REQUESTING ADDITIONAL BRIEFING IN SUPPORT OF SALE MOTION**<br><br>Date:        July 21, 2023<br>Time:       10:00 a.m.<br>Courtroom: 5C – Virtual |

The Court will be conducting a hearing on the Motion of Trustee Richard A. Marshack for Entry of Order (A) Approving Sale, Subject to Overbid, of Assets Free and Clear of all Liens, Claims, Encumbrances and interests Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements, filed July 7, 2023 [Dk. 191] (the "Sale Motion") on July 21, 2023, at 10:00 a.m. (pacific time). A separate order regarding the setting of the hearing and briefing schedules will be issued forthwith.

-1-

By this Order, the Court is requesting specific and separate briefing on the question of law and fact presented below and invites all interested parties to file and serve a separate pocket brief by no later than Monday, July 17, 2023, at 5:00 p.m. (pacific time).

**Questions presented:**

Significant allegations have been presented to the Court, many supported by clear evidence, that the pre-petition business model of the Debtor included activities that violated certain federal and state statutes and regulations, as well as serious questions of various state bar ethical violations by attorneys at law within the performance of the Debtor's business model.

In the initial hearings before this Court, it was ordered that no customer/client funds received under the agreements between the Debtor and its customers/clients would be available for use by the bankruptcy estate until further order, and that all funds received would be held in a segregated blocked account maintained by the Chapter 11 Trustee, only to be released upon further order of the Court.

The Court requests briefing from all interested parties on the authority and ability of a United States Bankruptcy Court to permit the sale under 11 U.S.C. § 363 and all other related sections of the Bankruptcy Code, of assets of a business, or a business itself as a going concern, that would permit the continuance of possible significantly illegal operations by a successor organization. The Court is not speaking of successor liability here; it is speaking of public policy concerns of a United States Federal Court allowing a business utilizing questionable legal operations back into commerce without further restrictions and controls.

The briefing should discuss with particularity the conditions and post-sale reformations of any and all business operations, including independent monitoring, control and restrictions to remove doubt of post-sale illegal or unethical operations. The Court welcomes all discussion that would include the possibility, impossibility or improbability of viable enforceable independent monitoring, control and restrictions

related to future business operations arising from the sale of estate assets, whether piecemeal or as a going concern.

The briefing further should discuss the funds from customers/clients since the appointment of a Chapter 11 Trustee and now blocked from use, including their disposition or use by the estate.

Any response to briefing filed in compliance with this Order may be filed and served by no later than Wednesday, July 19, 2023, at 5:00 p.m. (pacific time).

All other briefing should be contained in regular briefing in support or opposition of the Sale Motion, pursuant to the separate scheduling order being issued forthwith.

**IT IS SO ORDERED.**

Date: July 10, 2023

Scott C. Clarkson
United States Bankruptcy Judge