Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile:   619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**DECLARATION OF CHRISTOPHER CELENTINO REGARDING NOTICE OF SALE TO CONSUMER CLIENTS**<br><br>Date:   July 21, 2023<br>Time:   10:00 a.m.<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

I, Christopher Celentino, declare that the following is true and correct of my own personal knowledge, except as to matters stated pursuant to information and belief, and as to which I believe them to by true; if called as a witness, I would and could competently testify as follows:

1. I am an attorney duly licensed to practice before this Court. I am a partner at the law firm of Dinsmore & Shohl LLP, and Special Counsel to Richard A. Marshack, Chapter 11 Trustee.

///

///

2. I prepared a Notice of Sale of Litigation Practice Group (in email format) (the "Notice") (attached hereto as Exhibit "A"), to be electronically transmitted to the approximately 40,000 consumers clients of the Debtor.

3. I have transmitted the Notice to the general manager of Litigation Practice Group for distribution to consumer clients via the database email program utilized by Litigation Practice Group.

4. The Notice provided for a DropBox link (the DropBox Live Link is attached hereto as Exhibit "B") and it is live, and when accessed, provides copies of the following pleadings to consumers:

    a.    Notice of Sale of Estate Property [Dkt. No. 216];

    b.    Scheduling Order On The Motion Of Trustee Richard A. Marshack For Entry Of Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. § 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements, Filed July 7, 2023 [Dk. 191] [Dkt. No. 214];

    c.    Motion Of Trustee Richard A. Marshack For Entry Of Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. § 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements, Filed July 7, 2023 [Dk. 191] [Dkt. No. 214];

    d.    Notice Of Motion And Motion Of Trustee Richard A. Marshack For Entry Of An Order (A) Approving Sale, Subject To Overbid, Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. § 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements [Dkt. No. 191];

    e.    Declaration Of Richard A. Marshack In Support Of Motion Of Trustee Richard A. Marshack For Entry Of An Order (A) Approving Sale Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. § 363(b) And (B)

Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements [Dkt. No. 191-1];

  f. Declaration Of William "Ty" Carss In Support Of Motion Of Trustee Richard A. Marshack For Entry Of An Order (A) Approving Sale Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. § 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements [Dkt. No. 191-2];

  g. Declaration Of R. Reed Pruyn In Support Of Motion Of Trustee Richard A. Marshack For Entry Of An Order (A) Approving Sale Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. § 363(b) And (B) Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Other Agreements [Dkt. No. 191-3];

  h. Declaration of Jason J. Rebhun in Support of Trustee's Motion for XX [Dkt. No. 191-4]; and

  i. Declaration of Peter M. Schneider [Dkt. No. 191-5].

5. The Notice also contains a telephone number and email address consumers may contact for additional information. Trustee's counsel is monitoring the email and telephone line and will provide the Frequently Asked Questions sheet (attached hereto as Exhibit "C") and will assist consumers with their respective questions.

6. Based upon information and belief, it is my belief that the LUNA database at Litigation Practice Group contains the email addresses for the consumer clients, and that the primary method of communication with said clients has historically been through the email database.

7. I am informed and believe that the Notice via email transmission to the approximately 40,000 consumer clients of the Debtor has been accomplished.

8. As of the preparation of this Declaration, Trustee's Counsel has received both emails and telephone calls as of result of the Notice being transmitted.

9. Trustee's counsel will submit a proof of service via electronic mail transmission for filing with the Court.

1     I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct, and that this Declaration if executed on this 13th day of July, 2023 at San Diego, California

*/s/ Christopher Celentino*
Christopher Celentino

4

1 EXHIBIT "A"

2 Notice of Sale of Litigation Practice Group

3 [attached]

From: **no-reply@phoenixlaw.co** <no-reply@phoenixlaw.co>
Date: Wed, Jul 12, 2023 at 7:15 PM
Subject: Service of Notice of Sale of Litigation Practice Group
To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear Consumer Client of Litigation Practice Group:

We are special counsel to Richard A. Marshack, Chapter 11 Trustee of the Bankruptcy Estate of the Litigation Practice Group P.C. ("LPG"), pending in the United States Bankruptcy Court for the Central District of California - Santa Ana Division, as Bankruptcy Case No. 8:23-bk-10571-SC. LPG is the law firm with whom you have entered into an agreement. Faced with demands from creditors, LPG filed its bankruptcy on March 20, 2023. On May 8, 2023, the court approved the appointment of Richard Marshack as the Chapter 11 Trustee (the "Trustee") for LPG. The Trustee was appointed to investigate the former management's operations of LPG; in short order, the Trustee procured a Preliminary Injunction against former management's concerted effort to harm the business.

The Trustee's approach has been focused on actions designed to protect consumer clients like you, and to procure a fund from which claims of such consumers can be compensated pursuant to applicable bankruptcy law, and as provided by the Court.

To ensure there are funds available to play claims of clients, the Trustee has proposed a sale of the LPG business to a new law firm - recognizing that you were informed by former management of the "transfer" of your representation prior to the Trustee's appointment - which new law firm has obligated itself to operate on your behalf in accordance with all applicable laws, and to provide appropriate services to you as a consumer client. The proposed sale is subject to overbid, meaning that other potential buyers can come forward to try to become the court-approved buyer.

The court has set a hearing to consider and potentially approve the sale for Friday, July 21, 2023 at 10:00 a.m.

Please use this link to download the pleadings filed with the Court by the Trustee. You should read the documents and seek your own legal counsel as you may feel appropriate. Trustee cannot give you legal advice.

The Trustee believes the proposed sale, if approved and closed, provides the following relevant to you:

First, you will be offered the opportunity to agree to be represented by a new law firm without the stigma of the hiccups and prior practices of LPG's former management, the parties against whom the Trustee has secured a Preliminary Injunction enjoining wrongful conduct.

Second, the sale will likely produce a fund from which consumer clients who were harmed by former management's role can file claims for compensation and from which such allowed claims

can be paid. Third, you have ninety (90) days from the date of the sale to either (1) "opt out" of further representation by the new law firm, recognizing that doing so will cancel your contract for services; or (2) you will offered a new 'cured' contract with the new lawyers to be signed by you, and to allow for services to be performed on your behalf.

Fourth, the Sale Motion employs a mechanism for continued monitoring of the operations of the buyer firm to determine that they are in fact complying with law and properly servicing your account.

If you have any questions, please reach out to Dinsmore.CA.Service@DINSMORE.COM or 619-400-0484, and we will do our best to respond. Email is likely to receive a faster response.

Lastly, if you have any objection to the proposed sale as set forth in the pleadings, you should retain counsel to submit a formal objection to the Bankruptcy Court, as set forth on page 2, lines 15-16 of the SCHEDULING ORDER ON THE MOTION OF TRUSTEE RICHARD A. MARSHACK FOR ENTRY OF ORDER (A) APPROVING SALE, SUBJECT TO OVERBID, OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS, FILED JULY 7, 2023 [DK. 191] which you can review by accessing same in this link.



Dinsmore & Shohl LLP - Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101

1 | EXHIBIT "B"

2 | Live DropBox Link

3 | (https://www.dropbox.com/scl/fo/hwcl3t5eta1ufsv1xjzsq/h?rlkey=een10yzdr4av9zf10jkt9z4mt&dl=0)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "C"

Frequently Asked Questions sheet

[attached]

**FREQUENTLY ASKED QUESTIONS**

How to file a Proof of Claim

    Below are two court links with instruction on how to file a Proof Claim in the Case.

    Paper filed Proof of Claim: https://www.cacb.uscourts.gov/forms/proof-claim

    Electronically filed Proof of Claim: https://www.cacb.uscourts.gov/epoc-electronic-proof-claim

Summary of Sale

| APA Provision | Summary Description |
|---|---|
| **Seller** | Trustee/Estate |
| **Good Faith Purchaser** | Consumer Legal Group, PC |
| **Purchase Price** <br><br> See APA § 2 | Approximately, $42,000,000 subject to the terms of the APA, including but not limited to <ul><li>$1,000,000.00 First Deposit</li><li>$7,000,000 Second Deposit</li><li>20% fee collected by Buyer on Active Executory Contracts and 15% on Inactive Executory Contracts, up to the amount of the Total Purchase Price.</li><li>$4,000,000 of the Purchase allocated from the Second Deposit is without limitation in consideration for any and all Goodwill, Licenses, Software Licenses and the proprietary Luna CRM.</li><li>Reversion: CLG is entitled to a $400.00 per contract reversion for all client contracts whose consent is not received pursuant to Rule 1.17 and the Sale Order in the event these contracts exceed five percent (5%) of the total Assumed Contracts.</li></ul> |
| **Deposit** <br><br> See APA §§ 2 and 8 | <ul><li>$1,000,000 at closing</li><li>$7,000,000 within the later of (i) July 24, 2023, or (ii) 10 days of entry of the Sale Order.</li></ul> |
| **Consumer Protections** | Purchaser shall have complied with such Consumer Protections (as defined in Section 12(m) and as may be modified by the Court, and including consent in |

| APA Provision | Summary Description |
|---|---|
| See APA § 6(a) and as set forth below | accordance with California Model Rule 1.17 and remedial measures, including the future performance requirements, as detailed in Section 12(j)). |
| **Reformation of the Legal Services Agreement**<br><br>See APA § 12(j) | Purchaser shall obtain consent from consumer clients to the Modified Legal Services Agreement compliant with the TSR, TCPA, and CROA, among other laws, statutes, rules and regulations. The Modified Legal Services Agreement is attached to the Marshack Declaration as **Exhibit 3**. |
| **Court Appointed Monitor**<br><br>See APA §§ 2(b), 2.2, 2.3, 11(b), 12(l)_-(m) | Pursuant to Court approval:<br>• A Court appointed Monitor shall be for appointed for one (1) year from the date of closing;<br>• Seller shall pay all expenses up to but not to exceed $100,000 related to the monitor;<br>• After Seller has paid expenses related to the Monitor totaling $100,000, further costs and expenses during the 1 year monitor period shall be paid by Purchaser, up to an additional $100,000;<br>• Monitor shall be authorized to hire one paralegal to assist with administering their duties under the APA. At the discretion of the monitor they may seek further instruction and clarification of their duties from the Court. |
| **Notice and 90 Day Opt Out Period**<br><br>See APA § 2.1 | Consumer Clients shall be given:<br>• 90 day notice pursuant to California Model Rule 1.17 or as ordered by this Court;<br>• Provided an opportunity to object, opt out or be excluded from the sale and assumption and assignment during the notice period or thereafter if no response is received. |
| **Purchased Assets** | Consist of all of Seller's and the Estate's right, title, and interest in and to the following property as defined in the APA as is, without warranty, in present condition, including:<br>• personal property leases specifically identified by Good Faith Purchaser;<br>• Equipment and furniture specifically identified by Good Faith Purchaser;<br>• Consumer client accounts;<br>• Prepayments;<br>• Legal Service Agreements, subject to reformation as discussed herein;<br>• Intellectual property;<br>• Pending licenses, authorizations and licenses; and<br>• Debtor's proprietary CRM, Luna. |

| APA Provision | Summary Description |
|---|---|
| See APA § 1(a)(1)-(10) | |
| **Excluded Assets**<br><br>See APA § 1(b)(1)-(17) | Consists of:<br>• Cash on hand or received by Seller prior to Closing Date;<br>• Tax rebate or overpayments;<br>• Insurance Proceeds and/or rights to and under any insurance policy;<br>• Tax records and related information;<br>• Sellers claims and rights to prosecute the avoidance actions;<br>• Real property leases not specifically identified in the APA;<br>• All executory contracts that are not assumed;<br>• Personnel records and other records Seller is required by law to maintain;<br>• All actions and causes of action arising in favor of Seller, including but not limited to those arising under Sections 544, 545, 546, 547, 548, 549, 550, and 553 of the Bankruptcy Code;<br>• All records, writing and other items protected by the attorney-client privilege, the attorney work product doctrine or any other cognizable privilege or protection except to the extent necessary, permitted, consented to, and/or authorized to effectuate the transfer;<br>• All rights, claims, and/or avoidance actions with respect to or relating to any liens, claims, encumbrances or interests against, in, with respect to or relating to the Property held by any person and including, without limitation, any claims relating to claims or liens of Tony Diab, Rosa Bianca Loli, Lisa Cohen, Eng Taing, Heng Taing, and their affiliates. |
| **Seller Affirmations**<br><br>See APA § 11 | None, except as to the following:<br>• Seller is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code of 1986;<br>• Subject to Court approval, Seller will fund the costs, fees, and expenses related to any court-appointed Monitor or committee for its services up to one hundred thousand dollars ($100,000.00);<br>• Seller's onsite agent Lori Ensley of Bircher & Associates will provide a representation and |

| APA Provision | Summary Description |
|---|---|
| | warranty that – to the best of her knowledge – that the data provided to Purchaser has not been tampered with since June 2, 2023. |
| **Representations and Warranties of Purchaser** | - Purchaser is a professional corporation duly organized and validly existing under the laws of New York and is in good standing in every jurisdiction in which the failure to be in good standing may have a material adverse effect on Buyer, its business and/or assets;
- Consummating the APA will not breach any provision of any contract or instrument to which Purchaser is a party;
- Consummation of the APA in accordance with the Sale Order shall not require consent, approval or action of, or any filing with or notice to, any Person or any public, governmental, judicial, or regulatory authority, other than the Bankruptcy Court;
- Purchaser has sufficient financial resources, including, without limitation, the necessary liquid funds, to promptly pay the balance of the Purchase Price and to pay and perform the Assumed Contracts and the Assumed Liabilities as and when due;
- There are no actions, suits, claims, investigations, hearings, or proceedings of any type pending (or, to the knowledge of Buyer, threatened), at law or in equity, that might affect Buyer's ability to close the transactions contemplated hereby.
- Purchaser has been provided a reasonable and fair opportunity to inspect and investigate the Property, which inspection will occur on July 12 and July 13, 2023, sale thereof and terms of the APA with counsel;
- All materials submitted to Seller in connection with Purchaser and the proposed APA, sale transaction are true and correct;
- Purchase Price consists of amounts wholly independent, and free and clear, from the Property and therefore excludes any and all consumer payments as a source of funds related to the Purchase Price;
- Any subsequent amounts paid to Seller, including the Fee (as defined in the APA) from Purchaser or its transferee or assignee, shall not derive from any proceeds resulting from the Assumed Contracts or related Property;
- Purchaser represents and warrants that all LSA's and the implementation thereof have been modified for compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Telemarketing Sales Rule, 16 |

| APA Provision | Summary Description |
|---|---|
| See APA § 12(a)-(t) | C.F.R. Part 310 (the "TSR"), and to the extent applicable, if ever, the Credit Repair Organizations Act, 15 U.S.C. § 1679 (the "CROA") prior to Closing;<br>• Purchaser represents and warrants that the performance of the Modified LSA's will similarly comply with the TCPA, TSR, and to the extent applicable, if ever, the CROA;<br>• Purchaser represents and warrants that it will cooperate with the requests, oversight, and inquiries of the court-appointed Monitor or Committee, whose appointment shall be for a one (1) year term, unless extended by court order, as further provided in the Sale Order;<br>• Purchaser represents and warrants that it will cover the costs, fees, and expenses related to the court-appointed Monitor for its services after the Initial Coverage has expired, up to an additional $100,000, as further provided in the Sale Order;<br>• Purchaser will provide Seller with visibility into its ACH merchant processing account and Debt Pay Pro account for the purpose of facilitating the Monitor's duties under the APA;<br>• Purchaser will maintain books and records sufficient to allow Seller to conduct an accounting for purposes of calculation of the Fee amount due under the APA;<br>• Purchaser will, upon execution of Non-Disclosure Agreement and waiver of contingency, have the right to manage, operate, and control key personnel of the Seller;<br>• Upon Closing, Purchaser shall have the right to transition servicing of the Active and Inactive Executory Contracts to its own employees and attorneys;<br>• At Purchaser's expense, Seller shall cooperate with a special counsel motion for Purchaser's lawyers to pursue claims for interference with the Active or Inactive Executory Contracts; and<br>• Purchaser represents and warrants that it will have no formal or informal business arrangements with Tony Diab during any period in which a Fee is due to Seller under the APA. |
| **Cure Amounts, Fees and Expenses**<br><br>See APA § 1(b)(6) and 1(c) | Buyer will pay all cure amounts associated with the Assumed Contracts. |
| **Closing Date** | The first Business Day after occurrence of both (i) entry of the Sale Order; and |

| APA Provision | Summary Description |
|---|---|
| See APA § 4 | (ii) deposit and availability of funds from the Initial Deposit and Second Deposit; if the Court waives the 14-day stay set forth in Bankruptcy Rule 6004(h). <br><br> If the Court does not waive the 14-day stay set forth in Bankruptcy Rule 6004(h), then Closing will occur on the fifteenth (15th) day after the entry in the Bankruptcy Case of the Sale Order, provided that both the Initial Deposit and Second Deposit have been made. |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
655 W. Broadway, Suite 800, San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF CHRISTOPHER CELENTINO REGARDING NOTICE OF SALE TO CONSUMER CLIENTS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 13, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On July 13, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 13, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    JUDGE'S COPY
    The Honorable Scott C. Clarkson
    United States Bankruptcy Court
    Central District of California
    Ronald Reagan Federal Building and Courthouse
    411 West Fourth Street, Suite 5130 / Courtroom 5C
    Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 13, 2023 | Caron Burke | */s/ Caron Burke* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                      **F 9013-.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   Eric Bensamochan on behalf of Interested Party Courtesy NEF
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Eric Bensamochan on behalf of Interested Party Eric Bensamochan
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
   ron@rkbrownlaw.com

   Christopher Celentino on behalf of Plaintiff Richard A. Marshack
   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

   Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

   Shawn M Christianson on behalf of Interested Party Courtesy NEF
   cmcintire@buchalter.com, schristianson@buchalter.com

   Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
   rbc@randallbclark.com

   Leslie A Cohen on behalf of Interested Party Courtesy NEF
   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

   Jenny L Doling on behalf of Interested Party INTERESTED PARTY
   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

   Daniel A Edelman on behalf of Creditor Carolyn Beech
   dedelman@edcombs.com, courtecl@edcombs.com

   Christopher Ghio on behalf of Plaintiff Richard A. Marshack
   christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

   Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
   christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

   Jeffrey I Golden on behalf of Interested Party Courtesy NEF
   jgolden@go2.law,
   kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

   Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

   Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

   Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

   D Edward Hays on behalf of Interested Party Courtesy NEF
   ehays@marshackhays.com,
   ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-.1.PROOF.SERVICE**

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-.1.PROOF.SERVICE**

lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Teri T Pham on behalf of Attorney Teri Pham
tpham@epglawyers.com, ttpassistant@epglawyers.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inoruptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inoruptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-.1.PROOF.SERVICE**

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-.1.PROOF.SERVICE**