Daniel H. Reiss
State Bar No. 150573
**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
2818 La Cienega Avenue
Los Angeles, California 90034

Rusty O'Kane (*pro hac vice* application pending)
State Bar No. 24088149
rusty.okane@wickphillips.com
Alexandra W. Wahl (*pro hac vice* application pending)
State Bar No. 241071581
alex.wahl@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISON

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, PC, | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual; ENG TAING, an individual; HENG TAING, an individual; MARIA EEYA TAN, an individual; JAKE AKERS, an individual; HAN TRINH, an individual; JAYDE TRINH, an individual; WES THOMAS, an individual; SCOTT JAMES EADIE, an individual; JIMMY CHHOR, an individual; DONGLIANG JIANG, an individual; MAX CHOU, an individual; OAKSTONE LAW GROUP PC; GREYSON LAW CENTER PC; PHOENIX LAW, PC; MAVERICK MANAGEMENT GROUP, LLC; LGS HOLDCO, LLC; CONSUMER LEGAL GROUP, P.C.; | **MOTION BY DEFENDANTS ENG TAING AND TOUZI CAPITAL, LLC TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. RULE BANK. PROC. 7012 AND FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Judge: Hon. Scott C. Clarkson<br><br>**DATE: DECEMBER 6, 2023**<br>**TIME: 11:00 A.M.**<br>**PLACE: ZOOMGOV** |

VULCAN CONSULTING GROUP LLC; BAT INC. d/b/a COAST PROCESSING; PRIME LOGIX, LLC; TERACEL BLOCKCHAIN FUND II LLC; EPPS; EQUIPAY; AUTHORIZE.NET; WORLD GLOBAL; OPTIMUMBANK HOLDINGS, INC. d/b/a OPTIMUM BANK; MARICH BEIN, LLC; BANKUNITED, N.A.; REVOLV3, INC.; FIDELITY NATIONAL INFORMATION SERVICES, INC. d/b/a FIS; WORLDPAY, LLC; WORLDPAY GROUP; MERIT FUND, LLC; GUARDIAN PROCESSING, LLC; PAYLIANCE, LLC; TOUZI CAPITAL, LLC; SEAMLESS CHEX INC; DWOLLA, INC.; STRIPE, INC.; and DOES 1 through 100, inclusive,

Defendants.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION AND SUMMARY ........................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 1

ARGUMENTS AND AUTHORITIES ........................................................................................... 2

    A.  Standard for Rule 12(b)(6) ............................................................................................ 2

    B.  Plaintiff's Factual Allegations Do No Meet the Standard to State a Claim Against Touzi Defendants ............................................................................................. 3

    C.  Further Amendment Would be Futile .......................................................................... 6

CONCLUSION ............................................................................................................................... 6

# **TABLE OF AUTHORITIES**

Cases                                                                                                                          Page(s)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 2
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 2, 3
*Bouncing Angels, Inc. v. Burlington Ins. Co.*,
    No. EDCV170015JGBSPX, 2017 WL 1294004 (C.D. Cal. Mar. 20, 2017) ................... 2
*Clement 1, LLC v. Scottsdale Ins. Co.*,
    2023 WL 4492422 (C.D. Cal. July 11, 2023) ................................................................ 3
*In re Gonzalez*,
    2019 WL 3956123 (Bankr. C.D. Cal. June 25, 2019 ...................................................... 3
*Johnson v. Riverside Health Care System, LP*,
    534 F.3d 1116 (9th Cir. 2008) ......................................................................................... 3

Statutes

11 U.S.C. § 542 ........................................................................................................................ 2
11 U.S.C. §§ 544(b), 550, and 551 ..................................................................................... 1, 2
11 U.S.C. §§ 548(a)(1)(A), 550, and 551 ........................................................................... 1, 3
11 U.S.C. §§ 548(a)(1)(B), 550 and 551 ............................................................................ 1, 5
Cal. Civ. Code 3439.04(a) and 3439.07 ............................................................................. 1, 2

Rules

Federal Bankruptcy Rule of Procedure 7012(b) ..................................................................... 1
Federal Rule of Civil Procedure 12(B)(6) ........................................................................... 1, 6

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) made applicable to this proceeding under Federal Bankruptcy Rule of Procedure 7012(b), Defendants Eng Taing ("Mr. Taing") and Touzi Capital, LLC ("Touzi") (collectively, "Touzi Defendants") file this Motion to Dismiss the claims alleged against them in Plaintiff Richard A. Marshack's ("Plaintiff") Second Amended Complaint ("Complaint") [Dkt. No. 226], and respectfully state as follows:

## I.

## INTRODUCTION AND SUMMARY

Plaintiff throws Touzi Defendants in with the host of 44 other defendants he sues for injunctive relief, fraudulent transfers, and turnover. This Court already dismissed Plaintiff's initial complaint against Touzi Defendants for vague, conclusory allegations. Despite amending the Complaint, Plaintiff's pleading is still riddled with these deficiencies, and does not add material allegations. Therefore, this Court should dismiss Plaintiff's claim against Touzi Defendants because under Rule 12(b)(6), Plaintiff has not properly pleaded a factual basis for suit against these defendants. Because the Complaint lacks well-pleaded factual allegations, those claims should be dismissed as a matter of law.

## II.

## FACTUAL BACKGROUND

On September 14, 2023, this Court held a hearing on the Touzi Defendants' previous motion to dismiss under Rule 12(b)(6) and granted the motion without prejudice, requiring Plaintiff to amend his complaint. [Dkt. 199].

The amended Complaint still alleges the following causes of action against Touzi Defendants (and all other 44 defendants):

1. *Injunctive Relief;*
2. *Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A), 550, and 551 (Compl. at ¶¶ 80-92);*
3. *Constructive Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(B), 550 and 551 (Compl. at ¶¶ 93-100);*
4. *Avoidance of Fraudulent Transfer under 11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code 3439.04(a) and 3439.07 (Compl. at ¶¶ 101-118);*

1

     5.    *Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. §§ 544(b), 550, and 551; Cal. Civ. Code 3439.04(a) and 3439.07 (Compl. at ¶¶ 119-129); and*

     6.    *Turnover of Estate Property under 11 U.S.C. § 542 (Compl. at ¶¶ 130-134).*

In support, the factual allegations against Touzi Defendants lodged in the Complaint are still slim and conclusory, at best. In Plaintiff's factual recitation, Mr. Taing and Touzi are mentioned only a few times. *See generally,* Compl. (main allegations at ¶¶ 66-72). Specifically, the Complaint now alleges:

- Touzi Defendants "were in business with and acting in concert with" Tony Diab, alleged former owner and operator of debtor Litigation Practice Group, LP ("LPG"). Compl. at ¶ 66.

- Diab sold receivables to Touzi Defendants. Compl. at ¶ 67.

- "Approximately 719 files transferred for $2,070,000 to Teracel, an entity owned and operated by Touzi, which is headed by Eng and his brother Heng..." Compl. at ¶ 68.

- Diab "caused client files to be sold for either no and/or little or inadequate consideration" to Touzi Defendants. Compl. at ¶ 69.

- LPG and Phoenix made "double pulls" from LPG clients. Compl. at ¶ 70.

- "Touzi, PECC **and/or** Teracel continue to process duplicate ACH electronic funds transfers in their own name and/or in the name of Eng, Guardian and/or Oakstone via ACH payment processors." Compl. at ¶ 72 (emphasis added).

### III.
### ARGUMENTS AND AUTHORITIES

**A.    Standard for Rule 12(b)(6)**

A plaintiff's complaint must "give defendant fair notice of what the […] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Bouncing Angels, Inc. v. Burlington Ins. Co.*, No. EDCV170015JGBSPX, 2017 WL 1294004, at *2 (C.D. Cal. Mar. 20, 2017). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). The plausibility standard asks for more than a sheer possibility that a defendant acted unlawfully. These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Clement 1, LLC v. Scottsdale Ins. Co.*, 2023 WL 4492422, at *2 (C.D. Cal. July 11, 2023). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Twombly*, 550 U.S. at 557 (citation omitted). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' " *Johnson v. Riverside Health Care System, LP*, 534 F.3d 1116, 1121-1122 (9th Cir. 2008)

**B.    Plaintiff's Factual Allegations Do Not Meet the Standard to State a Claim Against Touzi Defendants.**

In amending the Complaint, Plaintiff now adds the section "Fradulent Transfers and Double pulls by Defendants Touzi, Eng, and Teracel." Compl., pg. 13, ln.13. One would expect Plaintiff to include factual allegations against Touzi Defendants in the following paragraphs that establish his prima facie case that Touzi Defendants received a fraudulent conveyance. However, Plaintiff fails to do so.

In reviewing the instances Touzi Defendants are mentioned, it is clear Plaintiff's Complaint fails to meet the foregoing legal standard. To meet the standards of fraudulent transfer, Plaintiff must allege (1) a conveyance (2) was made by each Touzi Defendant with the actual intent to hinder, delay, or defraud. *See* 11 U.S.C. § 548(a)(1)(A).

In the first instance, Plaintiff only alleges Tony Diab sold receivables to Touzi Defendants and transferred "719 files transferred for $2,070,000 to Teracel, an entity owned and operated by Touzi, which is headed by Eng." Compl. at ¶ 68. The alleged sale of files was a purported sale to

3

Teracel – not to Touzi or Mr. Taing. Teracel Blockchain Fund II, LLC ("Teracel") has already been sued herein as a defendant. Compl. at ¶ 40. Further, Plaintiff does not allege any facts that support a claim that transfers to Teracel constituted transfers to Touzi or Mr. Taing. *See generally*, Complaint. That LPG and/or Tony Diab twice sold the same receivables to Teracel and Validation Partners does not amount to liability for fraudulent transfer against Touzi or Mr. Taing.[1]

Simply put, there are no actual factual allegations that either Touzi or Mr. Taing were transferees or recipients of property from the Debtor as a result of a fraudulent conveyance. Further, the conclusory factual allegation that Teracel purchased receivables from LPG has nothing to do with Touzi Defendants. Plaintiff does not allege facts that support that Teracel's purported purchase of receivables constitute a fraudulent conveyance of the Debtor's property to either Touzi or Mr. Taing.

Secondly, concerning Touzi, Plaintiff alleges "Touzi, PECC **and/or** Teracel continue to process duplicate ACH electronic funds transfers in their own name and/or in the name of Eng, Guardian and/or Oakstone via ACH payment processors." Compl. at ¶ 72 (emphasis added). Plaintiff continues, "Diab, Eng Taing, Heng Taing, **and/or** Touzi have used other ACH processing companies including Payliance (using a Guardian merchant account), among others, to process and transfer property of the Estate through Diab's network of Alter Egos and Fraudulent Transferees." Compl. at ¶ 78 (emphasis added). Plaintiff further alleges LPG and Phoenix made "double pulls" from LPG client, which may have gone to accounts with tenuous alleged connections to Touzi Defendants. Compl. at ¶ 70. While Touzi Defendants vehemently deny this allegation, an allegation that Touzi processes (or processed) ACH transfers and that Mr. Taing **may have** participated (as indicated by "and/or") does not rise to the level of pleading required for fraudulent transfer. These are allegations that *LPG* and *Phoenix* made "double pulls" – and, it is our understanding, Plaintiff has already settled with Phoenix. Plaintiff fails to allege facts to support a claim that Touzi Defendants had knowledge of or intent to commit any fraudulent nature of any transfer, that either agreed to be involved in any fraudulent transaction nor does he allege the substance of a relationship between the debtor (LPG)

---

[1] In fact, the Complaint alleges LPG did not own (and therefore could not convey) Validation Partners' receivables. Compl. at ¶ 68 ("643 of those files had been already purchased by Validation Partners"). Therefore, not only was there not a conveyance by the debtor, Validation Partners would arguably be the only party with standing to sue for those files it purportedly owned.

4

and Touzi Defendants beyond that of an alleged processor. Without express factual allegations that support a finding of fraudulent intent on behalf of the Touzi Defendants, Plaintiff's alleged claim for fraud fails under *Twombly*.

Lastly, in reference to Mr. Taing, Plaintiff makes the conclusory allegation that files were sold to "effectuate" Mr. Taing's alleged "Ponzi scheme." Compl. at ¶ 59. Plaintiff provides no basis for this accusation or Mr. Taing's alleged involvement in a "Ponzi scheme." *See* Compl. at ¶¶ 66-72. The United States Securities and Exchange Commission ("SEC") defines a "Ponzi scheme" as "an investment fraud that involves the payment of purported returns to existing investors from funds contributed by new investors."[2] Nowhere in the Complaint does the Plaintiff alleges Mr. Taing (or Touzi Capital) paid "purported returns to existing investors from funds contributed by new investors." *See generally*, Compl. This statement amounts to pure inflammatory speculation without factual allegations to substantiate it.

None of the above conclusory allegations made by Plaintiff in the Complaint constitute a plausible claim for fraudulent transfer.[3] Further, for turnover, nowhere in the Complaint does Plaintiff identify what (if anything) or any alleged amount of Estate Property he alleges is in Touzi Defendants' possession.

Accordingly, Touzi Defendants still have not been placed on fair notice of what the claims against each of them are and the alleged grounds for liability upon which each claim rests. While Touzi Defendants make no objection to compliance with this Court's preexisting rulings on a temporary injunction and/or preliminary injunction, because Plaintiff has amended its complaint three times, but has not been able to plead claims against Touzi Defendants with specificity, Touzi Defendants ask the Court to dismiss Plaintiff's claims against them for injunctive relief, fraudulent transfer, and turnover for failure to state a claim for which relief can be granted.

---

[2] SEC Enforcement Actions Against Ponzi Schemes (2019), https://www.sec.gov/spotlight/enf-actions-ponzi.shtml.

[3] For constructive fraudulent transfer, which Plaintiff also pleads, Plaintiff must allege (1) a transfer to Touzi Defendants of LPG's interest in property, (2) within two years prior to the commencement of LPG's bankruptcy case, (3) for less than reasonably equivalent value, and (4) at a time when LPG was insolvent. *See* 11 U.S.C. §§ 548(a)(1)(B). Plaintiff also fails to meet this standard.

**C.    Further Amendment Would Be Futile.**

In the instant case, futility is the key issue with respect to any proposed amendment. "Dismissals of claims under Federal Rule of Civil Procedure 12(b)(6) are adjudications on the merits of claims, and thus, are generally with prejudice, though a plaintiff should be allowed to amend at least once unless there is a repeated failure to cure deficiencies by amendments previously allowed or futility of amendment." *In re Gonzalez*, 2019 WL 3956123, at *5 (Bankr. C.D. Cal. June 25, 2019) (dismissing a second amended complaint with prejudice without leave to amend after the plaintiff was permitted to amend once).

This Court granted Plaintiff multiple prior opportunities to amend his Complaint. Here, the granting of this motion should be with prejudice and without leave to amend because the Plaintiff "has already been given at least one opportunity to amend his complaint when the court granted his motion for leave to amend his original complaint and file his first amended complaint because it would be futile for further amendment" since the claims of the previous and amended complaints failed to allege claims upon which relief can be granted, "and there is no showing that Plaintiff can allege such claims against these defendants upon which relief can be granted." *See id.*

## IV.

## CONCLUSION

For these reasons, Plaintiff failed to meet his burden to state a claim for which relief may be granted. Accordingly, Touzi Defendants respectfully request the Court (i) grant Touzi Defendants' Motion to Dismiss with prejudice and without leave to amend, (ii) dismiss the claims pleaded against Touzi Defendants with prejudice, and (ii) grant any and all further relief to which each may be entitled.

| | | |
|---|---|---|
| 1 | Dated: November 3, 2023. | Respectfully submitted, |
| 2 | | /s/ *Daniel H. Reiss* |
| 3 | | Daniel H. Reiss<br>**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK, LLP** |
| 4 | | 22818 La Cienega Avenue<br>Los Angeles, California 90034 |
| 5 | | |
| 6 | | Rusty O'Kane<br>Alexandra W. Wahl |
| 7 | | **WICK PHILLIPS GOULD & MARTIN, LLP**<br>3131 McKinney Avenue, Suite 500 |
| 8 | | Dallas, Texas 75204<br>Telephone: (214) 692-6200 |
| 9 | | Facsimile: (214) 692-6255 |
| 10 | | **ATTORNEYS FOR DEFENDANTS ENG TAING** |
| 11 | | **AND TOUZI CAPITAL, LLC** |

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **MOTION BY DEFENDANTS ENG TAING AND TOUZI CAPITAL, LLC TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. RULE BANK. PROC. 7012 AND FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Keith Barnett    keith.barnett@troutman.com, kelley.wade@troutman.com
- Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
- Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Michael T Delaney    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- Christopher Ghio    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;karina.reyes@dinsmore.com;deamira.romo@dinsmore.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- Douglas A Plazak    dplazak@rhlaw.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

**2. SERVED BY UNITED STATES MAIL**: On **November 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

None.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 3, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 3, 2023 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*            **F 9013-3.1.PROOF.SERVICE**