1   D. EDWARD HAYS, #162507
    ehays@marshackhays.com
2   LAILA MASUD, #311731
    lmasud@marshackhays.com
3   MARSHACK HAYS LLP
    870 Roosevelt
4   Irvine, California 92620
    Telephone: (949) 333-7777
5   Facsimile: (949) 333-7778

6   Attorneys for Chapter 11 Trustee
    RICHARD A. MARSHACK
7

8               UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10  In re                                    Case No. 8:23-bk-10571-SC

11  THE LITIGATION PRACTICE GROUP P.C.,      Chapter 11

12            Debtor.                        CHAPTER 11 TRUSTEE'S
                                             PRELIMINARY OPPOSITION TO
13                                           MOTION BY OFFICE OF THE UNITED
                                             STATES TRUSTEE TO CONVERT CASE
14                                           TO CHAPTER 7 PURSUANT TO 11 U.S.C.
                                             §1112(B); DECLARATIONS OF
15                                           RICHARD A. MARSHACK, PAMELA
                                             KRAUS, AND DIMPLE MEHRA IN
16                                           SUPPORT

17                                           Date:     August 10, 2023
                                             Time:     10:00 a.m.
18                                           Ctrm:     5C – Virtual[1]
                                                       411 West Fourth Street
19                                                     Santa Ana, CA 92701

20

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26

27  _____
    [1] This hearing date is designated Zoom Only, pursuant to Judge Clarkson's self-calendaring procedures. Video and audio
28  connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which
    may be viewed online at:  http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

# Table of Contents

I.      SUMMARY OF ARGUMENT ............................................................................1

II.     LEGAL ARGUMENT..................................................................................6

        a.      Cause Does Not Exist for Dismissal or Conversion ......................................6

        b.      The Best Interests of Creditors and the Estate are Better Served in Chapter 11 ..........6

DECLARATION OF RICHARD A. MARSHACK ..........................................................11

DECLARATION OF PAMELA KRAUS ........................................................................13

DECLARATION OF DIMPLE MEHRA............................................................................14

# Table of Authorities

**Cases**

*In re Baroni*,

36 F.4th 958, 966 (9th Cir. 2022), *cert. denied sub nom* ............................................................ 6, 8

*Baroni v. Seror*,

2022 WL 16909177 (U.S. Nov. 14, 2022) ............................................................ 6

*In re Costa Bonita Beach Resort Inc.*,

479 B.R. 14, 43 (Bankr. D.P.R. 2012) ............................................................ 8

*Czyzewski v. Jevic Holding Corp.*,

137 S. Ct. 973 (2017) ............................................................ 8

*Granderson v. Carpenter (In re Granderson)*,

252 B.R. 1, 2 (B.A.P. 1st Cir. 2000) ............................................................ 4

*In re Hacienda Co., LLC*,

647 B.R. 748, 754-55 (Bankr. C.D. Cal. 2023) ............................................................ 8, 9

*In re Hunt*,

2014 Bankr. LEXIS 1173, 2014 WL 1229647, at *5 (9th Cir. BAP 2014) ............................................................ 4

*Mahmood v. Khatib (In re Mahmood)*,

2017 WL 1032569, at *8 (B.A.P. 9th Cir. Mar. 17, 2017) (unpublished) ............................................................ 7

*Marshack v. Diab et al.*

Adv. No. 8:23-ap-1046-SC ............................................................ 2

*In re Melendez Concrete Inc.*,

2009 WL 2997920 at *7 (Bankr. D.N.M. Sept. 15, 2009) (unpublished) ............................................................ 8

*In re Orbit Petroleum, Inc.*,

395 B.R. 145, 149 (Bankr. D.N.M. 2008) ............................................................ 8

*In re Prod. Int'l Co.*,

395 B.R. 101, 109 (Bankr. D. Ariz. 2008) ............................................................ 7

*In re Rosenblum*,

608 B.R. 529, 536–37 (Bankr. D. Nev. 2019) ............................................................ 7

*In re SR Real Est. Holdings, LLC,*

   506 B.R. 121, 125 (Bankr. S.D. Cal. 2014) ........................................................................ 6

*Steelcase Inc. v. Johnston (In re Johnston),*

   21 F.3d 323 (9th Cir. 1994) ............................................................................................. 8

*In re Sydnor,*

   431 B.R. 584 (Bankr. D. Md. 2010) ................................................................................ 7

*Wisdom v. Gugino (In re Wisdom),*

   770 F. App'x 881, 882 (9th Cir. 2019) ............................................................................ 4

**Statutes**

§ 1112(b)(4) ............................................................................................................................ 8

11 U.S.C. § 1112(b) ........................................................................................................ 1, 6, 7

11 U.S.C. § 1112(b)(2) ........................................................................................................... 7

11 U.S.C.A. § 1112(b)(2) ...................................................................................................... 7

11 U.S.C.S. § 322 ................................................................................................................... 4

Section 1112(b) .................................................................................................................. 6, 7

Section 1112(b)(1) .............................................................................................................. 6, 7

Section 1112(b)(2) .............................................................................................................. 6, 7

section 341(a) of the Bankruptcy Code ................................................................................ 11

**Other Authorities**

Collier on Bankruptcy ¶ 1112.05[2] ...................................................................................... 7

TO THE HONORABLE JUDGE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, THE UNITED STATES TRUSTEE, DEBTOR'S COUNSEL, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG"), respectfully submits this preliminary opposition ("Opposition") to motion to convert the case to chapter 7 pursuant to 11 U.S.C. §1112(b) ("Motion") filed by the Office of the United States Trustee's ("UST").

## I.   SUMMARY OF ARGUMENT

The Motion is primarily based on Debtor's alleged violations of various consumer protection laws. These laws, however, do no bar businesses from engaging in debt validation or representing consumers facing creditor harassment and lawsuits. Instead, these civil laws exist to provide safeguards to consumers who contract to receive such services. In this case, no one is defending that Debtor failed to comply with all applicable laws prior to fraudulently transferring all of its assets and legal service contracts on the eve of bankruptcy.

Upon his appointment, Trustee identified the fraudulent transfers and sought to avoid and recover them for the benefit of creditors. Had Trustee done nothing, the estate would have no assets and no ability to protect consumers from future violations of law. Instead, Trustee's business judgment was to seek to recover Debtor's assets and propose a sale subject to the Court determining that doing so was proper and in the best interest of consumers and creditors. To safeguard consumers in the interim, Trustee segregated and held all ACH pulls received from consumers.

Trustee served the Court's temporary restraining order on June 2, 2023. From and after this date, Trustee has been in control of the ongoing operations at Phoenix Law. Prior to this date, Trustee had nothing to operate given the prepetition fraudulent transfers. On July 7, 2023, Trustee filed his motion seeking approval of a proposed sale. Between the service of the TRO and the filing of the sale motion, Trustee and his counsel have been in regular communication with the UST. In fact, Trustee and his counsel sent a detailed letter to the UST outlining Trustee's reasons for deciding to operate until it could be determined if a sale was possible. See, Exhibit "8." Moreover, the repeated assertions in the Motion filed on July 13, 2023, that Trustee has operated Debtor's

1  business for 60 days are incorrect.[2] Trustee and his attorneys have worked at warp speed and around

2  the clock to sell the assets so that the impact on the consumers and employees (over 70) are

3  minimized.

4         In its brief filed on July 17, 2023, the UST includes a letter from the CFPB that

5  acknowledges that a sale is possible and that businesses can provide the types of services for which

6  the consumer clients retained LPG so long as they comply with all applicable laws including the

7  TSR. This is what Trustee has proposed and is attempting to do. Moreover, Trustee has required all

8  potential bidders to agree to a post-sale monitor and has proposed that Nancy Rapoport be appointed

9  to this role. The sale hearing will commence on July 21, 2023. If a sale is confirmed, Trustee will

10 have discharged his duty to protect the consumer clients and administer assets for the benefit of

11 creditors. If a sale is not approved, Trustee will similarly have discharged his duty to creditors by

12 having made the attempt to realize benefit from the substantial assets fraudulently transferred by

13 Debtor. Under either scenario, Trustee has not engaged in mismanagement. Cause does not exist to

14 grant the UST's motion and convert this case.

15        **Trustee is Actively Pursuing Avoidance Actions.** Despite having been appointed less than

16 70 days ago, the Motion exclaims that "[Trustee] has failed to pursue or collect any preferences and

17 fraudulent conveyances for the benefit of creditors and the estate, which is a quintessential duty of a

18 trustee." Motion, 31-8-10. This is incorrect. First, Trustee has diligently pursued fraudulent transfers

19 as evidenced by the (1) retention of special counsel, Dinsmore & Shohl LLP [Dk. No. 171]; (2) on

20 May 26, just a few days after his appointment, commencing adversary proceeding, *Marshack v. Diab

21 et al*. (Adv. No. 8:23-ap-1046-SC ("1046 Action")) ("Complaint"); (3) seeking and successfully

22 obtaining a TRO on an emergency basis against fraudulent transferees; (4) successfully confirming

23 the TRO as a preliminary injunction[3]; and (5) amending the Complaint to add additional defendants;

24 and (6) obtained a stipulated judgment [Dk. No. 77 in 1046 Action][4]. The relief obtained through the

25

___

[2] Motion at p. 22 of 49, lns. 7-9 and p. 33 of 49, lns. 11-13.

26 [3] This was granted, after a lengthy trial on June 12, 2023, and presentation of several witnesses.

[4] On July 6, 2023, the Trustee, as part of the 1046 Action, reached a stipulation with Phoenix Law Group which

27 conceded to the avoidance of the 35,000 files of LPG which are the subject of the sale motion; approval of that
stipulation is set for the same date and time as the sale motion. On the same date, the Trustee also reached a stipulation

28 with CLG, an avoidance action target, which provided for a stand-still agreement concerning files allegedly fraudulently
transferred to allow the Trustee time to review books, records and the files themselves to determine if indeed a defense

injunctions and the evidence gathered by Trustee's counsel was outstanding work which earned praise from creditors and protected the estate by recovering control and preventing further dissipation. In fact, Phoenix Law has now entered a stipulation which avoids, recovers, and preserves the transfers for the benefit of the Estate. This stipulation is the subject of Trustee's pending motion to approve compromise. All of this within a few months of Trustee's appointment.

Additionally, Trustee has been actively seeking an informal resolution to a separate significant preference action with counsel for the transferee. Trustee has diligently discharged his duties including seeking to avoidance of fraudulent and preferential transfers.

**Trustee's Bond.** The Motion alleges gross mismanagement by Trustee for failure to file a bond within seven days while operating for 60 days. Motion, 32:11-13. First, Trustee has not been operating for 60 days. While appointed on May 8, 2023, Trustee did not have any operations until serving the Court's TRO on June 2, 2023. Because the case was not operating on his appointment, no bond was required at that time.[5]

After taking control of operations pursuant to the Court's TRO, Trustee was in contact with the UST regarding the need and amount of such bond. Indeed, it was not until July 3, 2023, that the bond amount was determined by the UST. Specifically, on July 1, 2023, Trustee's administrator initiated contact with the UST to inquire about the case bond. See, Exhibits 1-4. The UST then authorized Trustee to directly contact the bond company, International Sureties ("IS") to request the bond. *Id*. Initially, the UST stated that the initial bond amount was set through the notice of appointment. *Id*. The appointment documents, however, did not specify a bond because the case was a non-operating Chapter 11 covered by the blanket bond at the time of Trustee's appointment. *Id*. Moreover, Trustee sent an e-mail to Peter Anderson requesting guidance on how he should pay for the bond premium when the case did not have funds because the ACH pulls were being held. See, Exhibit "9." Trustee did not receive a response. Later, when questions arose as to the bond amount, Trustee then connected IS and the UST. Eventually the bond amount was reduced to $10,000,000.

---

for "reasonably equivalent value" could be proffered in good faith by CLG, and further if the economics of the transfer – whatever the intent – could nevertheless be economically beneficial to the estate; approval of that stipulation is set for the same date and time as the sale motion.

[5] https://www.justice.gov/file/1236091/download#:~:text=The%20Liberty%20Mutual%20Insurance%20Company,cases%20that%20become%20asset%20cases.

3

1    *Id.* The bond was filed by Trustee on July 7, 2023, as Dk. No 186 and the bond rider was filed on

2    July 14, 2023, as Dk. No. 243.

3        The requirements of 11 U.S.C. §322 are not jurisdictional. *Wisdom v. Gugino (In re*

4    *Wisdom)*, 770 F. App'x 881, 882 (9th Cir. 2019) *citing In re Hunt*, 2014 Bankr. LEXIS 1173, 2014

5    WL 1229647, at *5 (9th Cir. BAP 2014). Rather, "[i]f the requirements of 11 U.S.C.S. § 322 were

6    jurisdictional … trustees would be regularly exposed to hyper-technical, but meritless litigation, and

7    such a result would ignore years of common sense jurisprudence..." *Granderson v. Carpenter (In re*

8    *Granderson)*, 252 B.R. 1, 2 (B.A.P. 1st Cir. 2000). In sum, given the circumstances of this case, the

9    assertion that the bond was not filed quickly enough fails to establish mismanagement.

10       **The Technical Problems Preventing Completion of the MORs and Trustee's**

11   **Declaration Providing the Information in his Possession.** In the Motion, the UST places the

12   blame on Trustee for failing to file the Monthly Operating Reports ("MORs") for the months of

13   April and May 2023. As correctly noted by the UST, Trustee instead filed a declaration on June 15,

14   2023 [Dk. No. 112] in lieu of filing the required MORs ("MORs Declaration"). The basis for the

15   MORs Declaration was Trustee (1) had not obtained or received sufficient records from Debtor to

16   prepare the MORs; and (2) was unable to answer a majority of the questions due to the mandatory

17   data-enabled MOR form which does not allow you to proceed/populate without answering all

18   questions. Motion, pgs. 33-34. The Trustee's declaration contained the information in his possession

19   that is included in the MORs. As such, Trustee complied with the rule to the extent of his ability.

20   Moreover, Trustee's administrator was in contact with the UST regarding this problem:

21       Hi Marilyn, we are working on the Debtor's MOR for April and are having some

22       issues. The new form is very specific and we have to answer every question in order

23       for the form to work. We don't have much information yet and wanted to run this by

24       you.

25       When you have time, can you please take a look at the yellow highlights (mostly

26       related to taxes and insurance) on the draft MOR attached here? We have to mark

27       "yes or no" …

28       What are your thoughts?

CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO MOTION BY OFFICE OF THE UNITED STATES
TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(B)
4875-6805-8993,v.3

1    Thank you!

2  Marshack Dec., Ex 5, p. 3.

3    Specifically, the form is completed and submitted electronically. *See*, Declaration of Dimple

4  Mehra ("Mehra Declaration"), ¶3. In this case, Trustee did not have all information from Debtor to

5  be able to complete the form. *Id*., ¶4-6.  To that end, it cannot be submitted unless all questions are

6  answers. *Id.* Due to the lack of information Trustee and his agents were not able to answer all of the

7  questions. *Id.* Both Trustee and his administrator have reached out multiple times to Debtor's

8  principals but have not received the required information. *Id.*

9    Indeed, Trustee's accountants elaborated on the issue further:

10    "Hope you are doing well. <u>Our questions are not technical but more on what the UST</u>

11    <u>wants in this situation.</u> We understand that an MOR needs to be filed but due to the

12    nature of the case we don't have the information needed to complete the MOR. Is it

13    possible to get a waiver until information is obtained? We are open to any other

14    suggestions you may have."

15  Marshack Dec., Ex 5, p. 1. Emphasis added.

16    Then the OUST responded:

17    Unfortunately, once the national reporting went into effect, local offices lost any

18    ability to adjust, waive, or otherwise deviate from the national reporting format. You

19    could write AUST Ken Misken and ask him; he would in turn ask the U.S. Trustee,

20    Peter Anderson. They are the only ones who can permit an adjustment.

21  Marshack Dec., Ex 5, p. 1.

22    To that end, and over a month ago, Trustee filed the declaration elaborating on the issues

23  encountered which prevented the form MOR from being completed. In response, the OUST said

24  nothing until the filing of the Motion. Dk. No. 112. Plainly put, Trustee attempted to resolve the

25  problem in advance with the aid of the UST and ultimately made a good faith effort at compliance

26  by filing the declaration and providing the information he had. This should not be overshadowed by

27  technicalities and certainly does not constitute gross mismanagement.

28

1    Lastly, the Motion also claims that the Trustee has (a) failed to provide the Court and all

2  parties in interest any sort of accounting of the funds borrowed post-petition; nor (b) provided any

3  documentation regarding the segregation of the ACH pulls. Motion, 34:8-16. If the UST needed or

4  wanted additional data or information, Trustee would absolutely have promptly provided it. In fact,

5  in connection with the pending adversary, the UST has requested and Trustee has been providing

6  informal discovery. In any event, attached as Exhibit 6 to the Declaration of Richard A. Marshack

7  ("Marshack Declaration") are all receipts and disbursements made since his appointment.[6]

8    **Insurance has been obtained that Names Both the Trustee and the UST as Additional**

9  **Insureds and Loss Payees.** The Motion maintains that LPG does not have adequate insurance that

10  names the UST as an additional interest party. Attached as Exhibit 7 to the Marshack Declaration are

11  the liabilities pages for the insurance policies that have been obtained and that do list both the

12  Trustee and UST.

13  **II.    LEGAL ARGUMENT**

14    **a.    Cause Does Not Exist for Dismissal or Conversion**

15    Section 1112(b) allows the court broad discretion to convert or dismiss a case for cause. *In re*

16  *SR Real Est. Holdings, LLC*, 506 B.R. 121, 125 (Bankr. S.D. Cal. 2014). A "party seeking relief

17  under Section 1112(b)(1) has the initial burden of persuasion to establish that cause exists for

18  granting such relief. Establishing cause is not definitive, of course, because the statute makes clear

19  that even where cause is established, the bankruptcy court must still consider the best interests of

20  creditors and the estate. 11 U.S.C. § 1112(b). It is also well established that bankruptcy courts have

21  broad discretion in deciding whether to grant relief under Section 1112(b)(1), even where cause is

22  established. *In re Baroni*, 36 F.4th 958, 966 (9th Cir. 2022), *cert. denied sub nom. Baroni v. Seror*,

23  2022 WL 16909177 (U.S. Nov. 14, 2022) (internal citations omitted).

24    **b.    The Best Interests of Creditors and the Estate are Better Served in Chapter 11**

25    Section 1112(b)(2) provides on its face a prohibition on the dismissal of a case if the Court

26  "identifies unusual circumstances establishing that … dismissing the case is not in the best interests

27

28  [6] Moreover, Trustee would point out to the Court and the UST that on July 7, 2023, he filed a declaration in Lieu of a monthly operating report for June 2023. Attached to that declaration is a copy of the Form 2 which should receipts and disbursements made. *See*, Dk. No. 184.

1  of creditors and the estate." 11 U.S.C.A. § 1112(b)(2). Indeed, even upon *prima facie* showing of

2  "cause," the bankruptcy court must not act if it finds the existence of "unusual circumstances"

3  demonstrating that dismissal or conversion is not in best interests of creditors and estate. *In re*

4  *Sydnor*, 431 B.R. 584 (Bankr. D. Md. 2010). The Bankruptcy Appellate Panel has reasoned that the

5  phrase "unusual circumstances" "contemplates conditions that are not common in chapter 11 cases."

6  *Mahmood v. Khatib (In re Mahmood)*, 2017 WL 1032569, at *8 (B.A.P. 9th Cir. Mar. 17, 2017)

7  (unpublished) (*quoting In re Prod. Int'l Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008)); *see also*

8  Collier on Bankruptcy ¶ 1112.05[2] ("[T]he word 'unusual' contemplates facts that are not common

9  to chapter 11 cases generally."); *In re Baroni, supra*, at 968; *In re Miell*, 419 B.R. 357 (Bankr. N.D.

10 Iowa 2009) (unusual circumstances contemplates conditions that are not common in chapter 11

11 cases).

12         "The operative command in Section 1112(b)(1) that the court shall … convert a chapter 11

13 proceeding is subject to the exception set forth in Section 1112(b)(2). The exception sometimes is

14 referred to as a 'defense' to conversion or dismissal because the burden of establishing its

15 requirements requests upon the opponent. Under Section 1112(b)(2), if the moving party establishes

16 the existence of cause under Section 1112(b)(1), then the opponent can prevent conversion or

17 dismissal if four requirements are met: (1) the court identifies unusual circumstances establishing

18 that such relief is not in the best interests of creditors and the estate; (2) the opponent establishes that

19 there is a reasonable likelihood of confirming a plan in a reasonable amount of time; (3) the

20 opponent establishes that the grounds for relief include an act or omission of the debtor for which

21 there is a reasonable justification; and (4) the opponent establishes that the act or omission can be

22 cured within a reasonable time. *See* 11 U.S.C. § 1112(b)(2)(A and B)." *In re Rosenblum*, 608 B.R.

23 529, 536–37 (Bankr. D. Nev. 2019). "The bankruptcy court may not grant relief if it "finds and

24 specifically identifies unusual circumstances" establishing that granting Section 1112(b) relief "is

25 not in the best interests of the creditors and the estate" and that the conduct triggering the request for

26 relief was reasonably justified and curable within a reasonable time. 11 U.S.C. § 1112(b)(2).

27         Courts have found that unusual circumstances counseling against granting relief exist where

28 continuing the case in Chapter 11 will likely yield a higher recovery for creditors without the usual

1 | risks of failure associated with a Chapter 11 plan. *See, e.g., In re Orbit Petroleum, Inc*., 395 B.R.

2 | 145, 149 (Bankr. D.N.M. 2008) (continuing in Chapter 11 would leave "[c]reditors and the estate …

3 | far better off" than dismissal or conversion because the proposed plan provided for a significant

4 | capital infusion that would pay all creditors in full as of the effective date of the plan); *In re Costa*

5 | *Bonita Beach Resort Inc*., 479 B.R. 14, 43 (Bankr. D.P.R. 2012) (unusual circumstances existed

6 | where Chapter 11 plan was more protective of unsecured creditors than other options); *In re*

7 | *Melendez Concrete Inc*., 2009 WL 2997920 at *7 (Bankr. D.N.M. Sept. 15, 2009) (unpublished)

8 | (finding unusual circumstances where debtor's assets were three times more valuable than its secured

9 | debt and various circumstances, including an economic recession, established that creditors were

10 | likely to recover more in Chapter 11 than liquidation). *In re Baroni*, *supra*, at 968-69.

11 | In this case, movant fails to establish cause for dismissal or conversion. As set forth above,

12 | Trustee has discharged his duty to protect consumer clients while determining if a sale can be

13 | confirmed. But, even if the Court were to find that cause was established, neither dismissal nor

14 | conversion are in the best interest of creditors and the estate. Unusual circumstances exist to leave

15 | this case in Chapter 11. All parties have prioritized the best interests of the consumer clients. In

16 | Chapter 11, Trustee can propose and confirm a plan which prioritizes the rights of consumers to be

17 | paid or refunded their money over the rights of non-consumer creditors who invested in this

18 | business. Separate classification is proper where parties have differing rights. *Steelcase Inc. v.*

19 | *Johnston (In re Johnston)*, 21 F.3d 323 (9th Cir. 1994). Under Chapter 7, such flexibility likely

20 | would not exist. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017).

21 | As Judge Bason recently explained, Congress did not adopt a "zero tolerance" policy that

22 | requires dismissal (or conversion) of any bankruptcy case involving any activity that might be

23 | proven to be illegal. *In re Hacienda Co., LLC*, 647 B.R. 748, 756-57 (Bankr. C.D. Cal. 2023). Judge

24 | Bason noted that while Congress could have included within the examples of "cause" in

25 | § 1112(b)(4) a violation of certain state laws, or any other nonbankruptcy laws, it chose not to do so,

26 | implying that violations of nonbankruptcy laws do not necessarily constitute cause for dismissal or

27 | conversion. *Id*. Judge Bason detailed how such a broad reading of "cause" for dismissal could be

28 | extremely disruptive in other cases, perhaps even the vast majority of all bankruptcy cases opining:

1

"Dismissing every case that had a connection with illegal activity would be contrary to Congress' directives under the Bankruptcy Code. Consider what would happen if the doors of the bankruptcy courts were closed to any debtor who had crossed the line into illegal activity prepetition, and were attempting to wind up that activity postpetition. Some of the largest business bankruptcy cases, like those of Pacific Gas & Electric Co. of "Erin Brockovich" *fame*, Enron Corporation, and Bernie Madoff, involve alleged or actual criminal activity. Should those cases have been dismissed? How about cases involving sexual abuse? [].

2

3

4

5

On a smaller scale, this Bankruptcy Court takes judicial notice that many small business bankruptcies involve restaurants or small apartment buildings, and most of those businesses have at least some ongoing level of violations of health and safety regulations. When dealing with food and shelter, although it is important to strive for perfection, realistically [**14] that goal can be extremely difficult to achieve.

6

7

8

Likewise, many individual debtors have crossed the line into illegality in ways both large and small, from engaging in criminal gang activity to failing to pay taxes or parking fines. This Bankruptcy Court takes judicial notice that individuals who are struggling financially may have difficulty paying parking fines, for example, and there are societal debates about the criminalization of nonpayment of such fines, so barring such a debtor from bankruptcy would not be a step to take lightly.

9

10

11

If all of the foregoing examples were sufficient "cause" for mandatory dismissal, this Bankruptcy Court might have to dismiss most bankruptcy cases. That would harm the constituencies that Congress attempted to protect using all of the tools of the Bankruptcy Code, including creditors, debtors, employees of debtors, and local governments and communities that depend on debtors' ability to reorganize their finances and resume making contributions to commerce and society."

12

13

14

15

16   *In re Hacienda Co., LLC,* 647 B.R. 748, 754-55 (Bankr. C.D. Cal. 2023)(internal citations omitted).

17   Judge Drain reached a similar conclusion in the Purdue Pharma case by approving a sale with

18   a monitor instead of concluding that Debtor's pre-bankruptcy violations of law mandated dismissal

19   or conversion. Instead, the Court saw the wisdom of appointing a neutral monitor to ensure

20   compliance with all applicable laws. This is exactly what Trustee proposes to do so here.

21   **III.    CONCLUSION**

22   What really motivated the motion to convert was the UST disagreed with Trustee's business

23   judgment regarding how this case should be administered. There is no dispute that pre-bankruptcy

24   officers of the Debtor engaged in wrongful conduct. The issue lies in determining the proper remedy.

25   The UST would have this Court believe that closing the doors on day one notwithstanding offers to

26   purchase Debtor's assets for tens of millions of dollars and notwithstanding the needs of tens of

27   thousands of clients to receive representation in their defense of aggressive credit card companies

28   was the ***only*** remedy. Trustee's business judgment was to protect consumer clients and prevent loss

9

4875-6805-8993,v.3

1   of jobs while making efforts to propose an expedited sale of Debtor's assets as explained to the UST

2   in Exhibit "8." This constitutes a difference of opinion and under no interpretation of the facts

3   should anyone assert that Trustee has mismanaged the Estate this Estate. In fact, Trustee's actions in

4   obtaining and serving the injunction protected consumers from continuing to be taken advantage of

5   by Debtor's successors. To that end, Trustee requests a finding that there was no mismanagement, or

6   gross mismanagement, in his administration of the Estate or in the alternative that there is no

7   evidence of mismanagement. This is Trustee's preliminary response and he reserves the right to file

8   a further response 14 days prior to the August 10, 2023, hearing date.

9

10  DATED: July 19, 2023                          MARSHACK HAYS LLP

11

12                                        By: /s/ D.Edward Hays
                                              D. EDWARD HAYS
13                                            LAILA MASUD
                                              General Counsel for Chapter 11 Trustee
14                                            RICHARD A. MARSHACK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO MOTION BY OFFICE OF THE UNITED STATES
TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(B)
4875-6805-8993,v.3

# DECLARATION OF RICHARD A. MARSHACK

I, Richard A. Marshack declare as follows:

1. I am the duly appointed Chapter 11 Trustee in the above captioned matter. I am an equity partner at Marshack Hays LLP, and duly admitted to practice before all of the Courts in the State of California, United States District Court for the State of California and the United States Bankruptcy Courts for the State of California.

2. I have personal knowledge of the matters set forth herein. If called as a witness in this matter, I could and would testify competently thereto.

3. Pursuant to Docket No. 65, 1 was duly appointed as the Chapter 11 Trustee in this matter on May 8, 2023.

4. Since that date, I have attempted to obtain compliance in securing a turnover of property of the estate from Debtor The Litigation Practice Group, P.C. ("LPG") and its purported sole shareholder, Daniel March ("March"), and Tony Diab ("Diab"), who LPG designated as the person most knowledgeable concerning LPG's dealings with vendors, and who appeared on behalf of LPG at is initial meeting of creditors held under section 341(a) of the Bankruptcy Code. I have not received all the required information.

5. True and correct copies of written correspondences between my administrator, the Office of the United States Trustee, and International Sureties concerning the trustee bond are attached collectively as Exhibits 1-4.

6. True and correct copies of written correspondence exchanged between my administrator, the Estate's accountants at Grobstein Teeple, and the Office of the United States Trustee concerning the monthly operating reports is collectively attached as Exhibit 5.

7. Attached as Exhibit 6 is a true and correct copy of all receipts and disbursements made since my appointment.

8. Attached as Exhibit 7 is a true and correct copy of the liabilities pages for the insurance policies that do list the UST and myself as additional insureds and loss payees.

CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO MOTION BY OFFICE OF THE UNITED STATES
TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(B)
4875-6805-8993,v.3

1        9.      Attached as Exhibit 8 is a true and correct copy of a letter signed by me and my

2  counsel addressed to the UST regarding my conclusions and business judgment about the best way

3  for this case to be administered.

4        10.     I sent an e-mail to Peter Anderson requesting guidance on how he should pay for the

5  bond premium when the case did not have funds because the ACH pulls were being held. See,

6  Exhibit "9." I did not receive a response.

7        11.     I strongly disagree with the UST's allegation that my actions in this case constitute

8  mismanagement – let alone gross mismanagement. At all times, I have discharged my fiduciary duty

9  to attempt to administer assets subject to the Court's determination that any proposed sale is proper

10  and in the best interest of the estate.

11        I declare under penalty of perjury under the laws of the state of California that the foregoing

12  is true and correct, and that this declaration is executed on this 19th day of July 2023.

RICHARD A. MARSHACK

CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO NOTICE OF MOTION AND MOTION BY OFFICE OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(B)

## DECLARATION OF PAMELA KRAUS

I, PAMELA KRAUS declare as follows:

    1.    I am the trustee administrator for Richard A. Marshack, the duly appointed Chapter 11 Trustee in the above captioned matter.

    2.    I have personal knowledge of the matters set forth herein. If called as a witness in this matter, I could and would testify competently thereto.

    3.    <u>Bond Issues.</u> I – on behalf of the Trustee - was in contact with the UST regarding the need and amount of a bond. Specifically, on July 1, 2023, I initiated contact with the UST to inquire about the case bond. See, Exhibits 1-4. The UST then authorized me to directly contact the bond company, International Sureties ("IS") to request the bond. Initially, the UST stated that the initial bond amount was set through the notice of appointment. The appointment documents, however, did not specify a bond. Later, when questions arose as to the bond amount, I then connected IS and the UST. Eventually the bond amount was reduced to $10,000,000. The bond was filed by Trustee on July 7, 2023, as Dk. No 186 and the bond rider was filed on July 14, 2023, as Dk. No. 243.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct, and that this declaration is executed on this 19th day of July, 2023.

PAMELA KRAUS

CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO NOTICE OF MOTION AND MOTION BY OFFICE OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(B)

## DECLARATION OF DIMPLE MEHRA

I, Dimple Mehra declare as follows:

1.      I am one of the accountants at Grobstein Teeple ("GT"), the accountant firm for the duly appointed Chapter 11 Trustee, Richard A. Marshack, in the above captioned matter.

2.      I have personal knowledge of the matters set forth herein. If called as a witness in this matter, I could and would testify competently thereto.

3.      There were technical problems preventing the completion of the MORs.  Specifically, the form is completed and submitted electronically.  It cannot be submitted unless all questions are answered.  Due to the lack of information we are not able to answer all of the questions.

4.      As of the date of this declaration, we have not obtained the required and necessary information or cooperation from the Debtor. We have not received sufficient records to prepare the Chapter 11 monthly operating reports ("MORs").

5.      The format of the U.S. Trustee's MOR form is locked and does not allow the user to enter information other than in a numerical format or a "yes" or "no" response.  It also requires that all fields contain a response.

6.      Due to the lack of information and cooperation from the Debtor, and the format of the MOR form, GT cannot answer a majority of the questions on the MOR form. In order to prepare the MOR, the following information is required:

  a)  Number of full-time employees –

      - Current

      - As of petition date

  b)  All bank statements to provide cash receipts and disbursements details

  c)  Balance sheet as of the petition date – cash basis and accrual basis

  d)  A/R reports – aging report

  e)  A/P reports – aging report

  f)  Information as to the disposition of any assets

CHAPTER 11 TRUSTEE'S PRELIMINARY OPPOSITION TO MOTION BY OFFICE OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(B)
4875-6805-8993,v.3

1      g) Monthly P&L – The QuickBooks files received from the Debtor do not contain any

2           financial information for 2022 or year to date 2023.

3      h) Incurred and/or paid post-petition taxes (i.e. local, state, and federal income taxes, payroll

4           taxes, property taxes, etc.)

5      i) Payment of pre-petition debt

6      j) Other payments outside the ordinary course of business

7  I declare under penalty of perjury under the laws of the state of California that the foregoing is true and

8  correct, and that this declaration is executed on this ___19th__ day of July, 2023.

9

10                          DIMPLE MEHRA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

4875-6805-8993,v.3

# Exhibit "1"

## Pam Kraus

| | |
|---|---|
| **From:** | Pam Kraus |
| **Sent:** | Monday, July 3, 2023 9:21 AM |
| **To:** | Howard, Kristina (USTP) |
| **Cc:** | Davis, LaTanya (USTP); Misken, Kenneth M. (USTP); Skorheim, Leslie (USTP); Goldenberg, Nancy (USTP); Ng, Queenie K. (USTP); Sorensen, Marilyn (USTP) |
| **Subject:** | RE: LPG 23-10571 - Chapter 11 |

Good morning Kris, thank you!

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

**From:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Sent:** Monday, July 3, 2023 9:18 AM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>; Skorheim, Leslie (USTP) <Leslie.Skorheim@usdoj.gov>; Goldenberg, Nancy (USTP) <Nancy.Goldenberg@usdoj.gov>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Subject:** RE: LPG 23-10571 - Chapter 11
**Importance:** High

**Hey Pam:**

**Since the initial bond was set at $400,000 (through his notice of apt in May) you should be able to increase the initial bond, file a notice of increase/decrease with our office and you should be good to go.**

**Happy 4th of July!**

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Monday, July 3, 2023 8:44 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Skorheim, Leslie (USTP) <Leslie.Skorheim@usdoj.gov>; Goldenberg, Nancy (USTP) <Nancy.Goldenberg@usdoj.gov>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Subject:** RE: LPG 23-10571 - Chapter 11

Pam,

I'm including Kris Howard and the attorneys in our office working on the LPG case.  I forwarded your earlier email to Kris' attention this morning.

EXHIBIT 1
Page 17

Marilyn

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 3, 2023 8:42 AM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Hi LaTanya, please see Beth's message below. She needs the USTP to set the initial bond amount.

We have $4,512,501 on hand and expect to receive approx. $1m per week. We will get large deposits a few days each week for the unforeseen future.

What are your thoughts?

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Monday, July 3, 2023 8:29 AM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Hi Pam,

I hope that you are doing well! I will gladly issue the bond, but the UST will need to determine the bond amount. Once established, it is very easy to adjust the bond amount by rider at any time. I realize that will cause additional filings, etc so perhaps the UST would be able to agree on a monthly adjustment? I am happy to assist in any way that I can.

Many thanks,

Beth

 INTERNATIONAL SURETIES

Beth Schott
701 Poydras St., Suite 420 | New Orleans, LA 70139
Direct: (504) 581-1844 | Fax: (504) 581-1876 | bschott@internationalsureties.com

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 03, 2023 10:18 AM
**To:** Beth Schott <bschott@internationalsureties.com>

EXHIBIT 1
Page 18

**Cc:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** FW: LPG 23-10571 - Chapter 11

Hi, Richard was appointed in this Ch 11 case. The UST said I could ask you directly to issue a bond.

We have $4.4m on hand and expect to receive approx. $1m per week. We are getting large deposits every week for the unforeseen future.

I'm not sure how to manage this. What are your thoughts?

Thanks


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Sent:** Monday, July 3, 2023 6:32 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>
**Subject:** LPG 23-10571 - Chapter 11

Hi Pam,

You can initiate the bond set up.  Please file a PDF copy of the bond on the docket and email us a copy of the notice of filing and the bond.

Thank you,
La Tanya

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Saturday, July 1, 2023 10:02 AM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Subject:** [EXTERNAL] LPG 23-10571

Hi Marilyn and LaTanya,

Litigation Practice Group is a Ch 11 case. In the past, I think we ordered separate bonds for Ch 11. Also, funds on hand are quickly approaching $5m.

Please let me know if I can contact Beth at International Sureties directly to request a bond.

Thank you!

Pam Kraus

EXHIBIT 1
Page 19

Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

EXHIBIT 1
Page 20

## Pam Kraus

| | |
|---|---|
| **From:** | Pam Kraus |
| **Sent:** | Monday, July 3, 2023 10:01 AM |
| **To:** | Howard, Kristina  (USTP) |
| **Subject:** | RE: LPG 23-10571 - Chapter 11 |

Gee … I'm sorry but I can't find the $400,000 anywhere. This case was moving so quickly and we had no idea if we were going to get any money that I didn't think about it. And, I was pretty sure a non-operating 11 was covered under the blanket bond.

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Sent:** Monday, July 3, 2023 9:52 AM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

**We set the initial bond amount in the Chapter 11 appointment papers, but we don't obtain the bond or contact the bonding company to issue the bond.**

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 3, 2023 9:46 AM
**To:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Hi again, we didn't get a hard copy bond and I don't see the $400,000 listed on the docket.

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Sent:** Monday, July 3, 2023 9:18 AM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>; Skorheim, Leslie (USTP) <Leslie.Skorheim@usdoj.gov>; Goldenberg, Nancy (USTP) <Nancy.Goldenberg@usdoj.gov>; Ng,

EXHIBIT 1
Page 21

Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Subject:** RE: LPG 23-10571 - Chapter 11
**Importance:** High

**Hey Pam:**

**Since the initial bond was set at $400,000 (through his notice of apt in May) you should be able to increase the initial bond, file a notice of increase/decrease with our office and you should be good to go.**

**Happy 4th of July!**

---

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Monday, July 3, 2023 8:44 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Skorheim, Leslie (USTP) <Leslie.Skorheim@usdoj.gov>; Goldenberg, Nancy (USTP) <Nancy.Goldenberg@usdoj.gov>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Subject:** RE: LPG 23-10571 - Chapter 11

Pam,

I'm including Kris Howard and the attorneys in our office working on the LPG case.  I forwarded your earlier email to Kris' attention this morning.

Marilyn

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 3, 2023 8:42 AM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Hi LaTanya, please see Beth's message below. She needs the USTP to set the initial bond amount.

We have $4,512,501 on hand and expect to receive approx. $1m per week. We will get large deposits a few days each week for the unforeseen future.

What are your thoughts?

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Monday, July 3, 2023 8:29 AM

EXHIBIT 1
Page 22

**To:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Hi Pam,

I hope that you are doing well! I will gladly issue the bond, but the UST will need to determine the bond amount. Once established, it is very easy to adjust the bond amount by rider at any time. I realize that will cause additional filings, etc so perhaps the UST would be able to agree on a monthly adjustment? I am happy to assist in any way that I can.

Many thanks,

Beth

 **INTERNATIONAL SURETIES**

Beth Schott
701 Poydras St., Suite 420  |  New Orleans, LA 70139
Direct:  (504) 581-1844  |  Fax:  (504) 581-1876  |  bschott@internationalsureties.com

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 03, 2023 10:18 AM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** FW: LPG 23-10571 - Chapter 11

Hi, Richard was appointed in this Ch 11 case. The UST said I could ask you directly to issue a bond.

We have $4.4m on hand and expect to receive approx. $1m per week. We are getting large deposits every week for the unforeseen future.

I'm not sure how to manage this. What are your thoughts?

Thanks


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Sent:** Monday, July 3, 2023 6:32 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>
**Subject:** LPG 23-10571 - Chapter 11

EXHIBIT 1
Page 23

Hi Pam,

You can initiate the bond set up.  Please file a PDF copy of the bond on the docket and email us a copy of the notice of filing and the bond.

Thank you,
La Tanya

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Saturday, July 1, 2023 10:02 AM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Subject:** [EXTERNAL] LPG 23-10571

Hi Marilyn and LaTanya,

Litigation Practice Group is a Ch 11 case. In the past, I think we ordered separate bonds for Ch 11. Also, funds on hand are quickly approaching $5m.

Please let me know if I can contact Beth at International Sureties directly to request a bond.

Thank you!

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

EXHIBIT 1
Page 24

Exhibit "2"

**Pam Kraus**

---

| | |
|---|---|
| **From:** | Pam Kraus |
| **Sent:** | Thursday, July 6, 2023 3:16 PM |
| **To:** | Ng, Queenie K.  (USTP) |
| **Subject:** | RE: LPG 23-10571 - Chapter 11 |

Queenie … Richard is still in the Avenatti deposition. I don't think he's been able to call Ken today

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Pam Kraus
**Sent:** Thursday, July 6, 2023 3:08 PM
**To:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Subject:** RE: LPG 23-10571 - Chapter 11

Queenie, correct … Richard has not used any ACH funds to pay a bond premium or for any other purpose.

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Sent:** Thursday, July 6, 2023 2:59 PM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Pam – can you please confirm that the trustee has not used any ACH funds to pay for the premium for the bond?

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Thursday, July 6, 2023 9:12 AM
**To:** Beth Schott <bschott@internationalsureties.com>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

EXHIBIT 2
Page 25

Queenie, Richard signed the original $13m bond this morning and I can get it filed today.

Beth's plan seems to work. I can get the rider signed and filed in a couple of days.

What do you think?


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Thursday, July 6, 2023 9:08 AM
**To:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Good morning,

The annual premium for the $10 million bond will be $10,000. We can proceed with the original bond if you all would like since it is in hand and I can issue a rider today reducing the bond to $10 million effective 5/8. Please let me know how you would like to proceed.

Many thanks,

Beth


 INTERNATIONAL SURETIES

Beth Schott
701 Poydras St., Suite 420  |  New Orleans, LA 70139
Direct:  (504) 581-1844  |  Fax:  (504) 581-1876  |  bschott@internationalsureties.com

**From:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Sent:** Thursday, July 06, 2023 11:02 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Pam – Given your new calculation, the $10 million bond appears to be sufficient.  What is the premium for the $10 million bond?  The trustee needs to file the bond as soon as possible.

EXHIBIT 2
Page 26

Queenie K. Ng
Trial Attorney
Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701-8000
Telephone: (202) 503-5982
Facsimile:   (714) 338-3421
Queenie.K.Ng@usdoj.gov

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Wednesday, July 5, 2023 4:10 PM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Hi Queenie and Marilyn, after talking with Richard and the attorney team, I overestimated how much we will be receiving in the future. As of today, we have $4,556,384 and we are expecting approx. $1m in the next month.

Because funds for payment of operating expenses are limited, Richard has asked me to reach out to you and request a bond in the amount of $10m (instead of $13m).

Can you please let me know your thoughts on this?

Thank you

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Monday, July 3, 2023 9:07 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Subject:** RE: LPG 23-10571 - Chapter 11

Beth,

LaTanya and I discussed it.  Please set the bond at $13,000,000.  We'll review the facts again in towards the end of July.

Thank you,
Marilyn

EXHIBIT 2
Page 27

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 3, 2023 8:42 AM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Hi LaTanya, please see Beth's message below. She needs the USTP to set the initial bond amount.

We have $4,512,501 on hand and expect to receive approx. $1m per week. We will get large deposits a few days each week for the unforeseen future.

What are your thoughts?

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Monday, July 3, 2023 8:29 AM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Hi Pam,

I hope that you are doing well! I will gladly issue the bond, but the UST will need to determine the bond amount. Once established, it is very easy to adjust the bond amount by rider at any time. I realize that will cause additional filings, etc so perhaps the UST would be able to agree on a monthly adjustment? I am happy to assist in any way that I can.

Many thanks,

Beth



Beth Schott
701 Poydras St., Suite 420 | New Orleans, LA 70139
Direct: (504) 581-1844 | Fax: (504) 581-1876 | bschott@internationalsureties.com

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 03, 2023 10:18 AM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** FW: LPG 23-10571 - Chapter 11

EXHIBIT 2
Page 28

Hi, Richard was appointed in this Ch 11 case. The UST said I could ask you directly to issue a bond.

We have $4.4m on hand and expect to receive approx. $1m per week. We are getting large deposits every week for the unforeseen future.

I'm not sure how to manage this. What are your thoughts?

Thanks


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

**From:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Sent:** Monday, July 3, 2023 6:32 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>
**Subject:** LPG 23-10571 - Chapter 11

Hi Pam,

You can initiate the bond set up.  Please file a PDF copy of the bond on the docket and email us a copy of the notice of filing and the bond.

Thank you,
La Tanya

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Saturday, July 1, 2023 10:02 AM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Subject:** [EXTERNAL] LPG 23-10571

Hi Marilyn and LaTanya,

Litigation Practice Group is a Ch 11 case. In the past, I think we ordered separate bonds for Ch 11. Also, funds on hand are quickly approaching $5m.

Please let me know if I can contact Beth at International Sureties directly to request a bond.

Thank you!

Pam Kraus
Trustee Case Administrator
Paralegal

EXHIBIT 2
Page 29

Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

EXHIBIT 2
Page 30

Exhibit "3"

## Pam Kraus

| | |
|---|---|
| **From:** | Pam Kraus |
| **Sent:** | Friday, July 7, 2023 9:35 AM |
| **To:** | Ng, Queenie K.  (USTP) |
| **Cc:** | Richard Marshack; Ed Hays; documents+marshack@txitrustee.com |
| **Subject:** | RE: LPG 23-10571 - Chapter 11 |

The loan proceeds.


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Sent:** Friday, July 7, 2023 9:11 AM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

What is the source of funds for the bond premium?   Thank you.

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Friday, July 7, 2023 9:08 AM
**To:** Beth Schott <bschott@internationalsureties.com>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Richard Marshack <RMarshack@MarshackHays.com>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Good morning! Ok, Richard has this figured out. We are filing the $13m bond today.

Beth, can you please send me the $10m rider and invoice?

Thanks, everyone.


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

**EXHIBIT 3**
**Page 31**

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Thursday, July 6, 2023 9:12 AM
**To:** Beth Schott <bschott@internationalsureties.com>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Queenie, Richard signed the original $13m bond this morning and I can get it filed today.

Beth's plan seems to work. I can get the rider signed and filed in a couple of days.

What do you think?


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Thursday, July 6, 2023 9:08 AM
**To:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Good morning,

The annual premium for the $10 million bond will be $10,000. We can proceed with the original bond if you all would like since it is in hand and I can issue a rider today reducing the bond to $10 million effective 5/8. Please let me know how you would like to proceed.

Many thanks,

Beth



Beth Schott
701 Poydras St., Suite 420  |  New Orleans, LA 70139
Direct: (504) 581-1844  |  Fax: (504) 581-1876  |  bschott@internationalsureties.com

---

**From:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Sent:** Thursday, July 06, 2023 11:02 AM

EXHIBIT 3
Page 32

**To:** Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Pam – Given your new calculation, the $10 million bond appears to be sufficient.  What is the premium for the $10 million bond?  The trustee needs to file the bond as soon as possible.

Queenie K. Ng
Trial Attorney
Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701-8000
Telephone:  (202) 503-5982
Facsimile:    (714) 338-3421
Queenie.K.Ng@usdoj.gov

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Wednesday, July 5, 2023 4:10 PM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Hi Queenie and Marilyn, after talking with Richard and the attorney team, I overestimated how much we will be receiving in the future. As of today, we have $4,556,384 and we are expecting approx. $1m in the next month.

Because funds for payment of operating expenses are limited, Richard has asked me to reach out to you and request a bond in the amount of $10m (instead of $13m).

Can you please let me know your thoughts on this?

Thank you

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Monday, July 3, 2023 9:07 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Subject:** RE: LPG 23-10571 - Chapter 11

Beth,

EXHIBIT 3
Page 33

LaTanya and I discussed it.  Please set the bond at $13,000,000.  We'll review the facts again in towards the end of July.

Thank you,
Marilyn

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 3, 2023 8:42 AM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** [EXTERNAL] RE: LPG 23-10571 - Chapter 11

Hi LaTanya, please see Beth's message below. She needs the USTP to set the initial bond amount.

We have $4,512,501 on hand and expect to receive approx. $1m per week. We will get large deposits a few days each week for the unforeseen future.

What are your thoughts?

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Monday, July 3, 2023 8:29 AM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: LPG 23-10571 - Chapter 11

Hi Pam,

I hope that you are doing well! I will gladly issue the bond, but the UST will need to determine the bond amount. Once established, it is very easy to adjust the bond amount by rider at any time. I realize that will cause additional filings, etc so perhaps the UST would be able to agree on a monthly adjustment? I am happy to assist in any way that I can.

Many thanks,

Beth



Beth Schott
701 Poydras St., Suite 420  |  New Orleans, LA 70139

EXHIBIT 3
Page 34

Direct: (504) 581-1844  |  Fax: (504) 581-1876  |  bschott@internationalsureties.com

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Monday, July 03, 2023 10:18 AM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Pam Kraus <pkraus@marshackhays.com>
**Subject:** FW: LPG 23-10571 - Chapter 11

Hi, Richard was appointed in this Ch 11 case. The UST said I could ask you directly to issue a bond.

We have $4.4m on hand and expect to receive approx. $1m per week. We are getting large deposits every week for the unforeseen future.

I'm not sure how to manage this. What are your thoughts?

Thanks


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Sent:** Monday, July 3, 2023 6:32 AM
**To:** Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>
**Subject:** LPG 23-10571 - Chapter 11

Hi Pam,

You can initiate the bond set up.  Please file a PDF copy of the bond on the docket and email us a copy of the notice of filing and the bond.

Thank you,
La Tanya

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Saturday, July 1, 2023 10:02 AM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Arutyunyan, Jack (USTP) <Jack.Arutyunyan@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Davis, LaTanya (USTP) <LaTanya.Davis@usdoj.gov>
**Subject:** [EXTERNAL] LPG 23-10571

Hi Marilyn and LaTanya,

Litigation Practice Group is a Ch 11 case. In the past, I think we ordered separate bonds for Ch 11. Also, funds on hand are quickly approaching $5m.

EXHIBIT 3
Page 35

Please let me know if I can contact Beth at International Sureties directly to request a bond.

Thank you!

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

EXHIBIT 3
Page 36

Exhibit "4"

**Pam Kraus**

| | |
|---|---|
| **From:** | Pam Kraus |
| **Sent:** | Monday, July 3, 2023 2:13 PM |
| **To:** | Beth Schott; Misken, Kenneth M. (USTP); Sorensen, Marilyn  (USTP) |
| **Cc:** | Howard, Kristina  (USTP) |
| **Subject:** | RE: The Litigation Practice Group P.C.  (8: 23-bk-10571) - bond issuance |

I am not aware of any claims


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Monday, July 3, 2023 1:59 PM
**To:** Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>; Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Subject:** RE: The Litigation Practice Group P.C. (8: 23-bk-10571) - bond issuance

Please confirm that there are no known claims or issues going back to the May 8, 2023 date and I will gladly issue the bond now.

Kindly,

Beth




Beth Schott
701 Poydras St., Suite 420  |  New Orleans, LA 70139
Direct:  (504) 581-1844  |  Fax:  (504) 581-1876  |  bschott@internationalsureties.com

---

**From:** Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>
**Sent:** Monday, July 03, 2023 3:46 PM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Beth Schott <bschott@internationalsureties.com>
**Cc:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Subject:** RE: The Litigation Practice Group P.C. (8: 23-bk-10571) - bond issuance

Hi Beth,

EXHIBIT 4
Page 37

Please make the bond effective May 8, 2023.

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Monday, July 3, 2023 1:09 PM
**To:** Beth Schott <bschott@internationalsureties.com>
**Cc:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>; Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>
**Subject:** The Litigation Practice Group P.C. (8: 23-bk-10571) - bond issuance

Beth,

The answer to your question will likely come from AUST Ken Misken, who I am copying on this message.

Marilyn

**From:** Beth Schott <bschott@internationalsureties.com>
**Sent:** Monday, July 3, 2023 11:34 AM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Howard, Kristina (USTP) <Kristina.Howard@usdoj.gov>
**Subject:** [EXTERNAL] Re: The Litigation Practice Group P.C. (8: 23-bk-10571)

Please provide the effective date for the bond and I will gladly issue accordingly.
Many thanks,
Beth

> On Jul 3, 2023, at 1:18 PM, Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov> wrote:
>
> Beth,
>
> Can you confirm for us what date the $13,000,000 bond in the Litigation Practice Group P.C. case (case no. 8: 23-bk-10571) will be issued?
>
> Thank you for your time and attention to this matter.
>
> Sincerely,
> Marilyn Sorensen
> Bankruptcy Analyst
> Office of the U.S. Trustee
> (202) 360-2908

<Marilyn S_ Sorensen.vcf>

EXHIBIT 4
Page 38

Exhibit "5"

**Pam Kraus**

| | |
|---|---|
| **From:** | Sorensen, Marilyn  (USTP) <Marilyn.Sorensen@usdoj.gov> |
| **Sent:** | Thursday, June 8, 2023 2:36 PM |
| **To:** | Dimple Mehra; Pam Kraus |
| **Cc:** | Ng, Queenie K.  (USTP); Joshua Teeple |
| **Subject:** | RE: LPG April Operating Report |

Unfortunately, once the national reporting went into effect, local offices lost any ability to adjust, waive, or otherwise deviate from the national reporting format.    You could write AUST Ken Misken and ask him; he would in turn ask the U.S. Trustee, Peter Anderson.    They are the only ones who can permit an adjustment.

**From:** Dimple Mehra <dmehra@gtllp.com>
**Sent:** Thursday, June 8, 2023 2:33 PM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>; Pam Kraus <pkraus@marshackhays.com>
**Cc:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Joshua Teeple <jteeple@gtllp.com>
**Subject:** [EXTERNAL] Re: LPG April Operating Report

Hi Marilyn. Hope you are doing well. Our questions are not technical but more on what the UST wants in this situation.  We understand that an MOR needs to be filed but due to the nature of the case we don't have the information needed to complete the MOR.  Is it possible to get a waiver until information is obtained?  We are open to any other suggestions you may have.

Thank you,
Dimple

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Thursday, June 8, 2023 2:19:11 PM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Cc:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Joshua Teeple <jteeple@gtllp.com>; Dimple Mehra <dmehra@gtllp.com>
**Subject:** RE: LPG April Operating Report

CAUTION: External email!
Maybe Dimple you should contact the national help desk?  I'm swamped and can't get to this until next week.

EXHIBIT 5
Page 39

**TROUBLESHOOTING**

Having technical problems?
Please review our
Troubleshooting Tips page, which
includes:

1. Minimum system
   requirements for the
   forms; and
2. Assistance with problems:
   1. downloading the
      forms;
   2. opening the forms;
   3. using the forms on
      a Mac;
   4. finalizing the forms
      for court filing; and
   5. "Error: Nothing
      Done" or "An error
      occurred during the
      submit process";
      and
   6. Why are blank rows
      and barcodes added
      to the MOR or PCR
      forms?

**CONTACT INFORMATION**

If you encounter technical
problems or questions
concerning the MOR or PCR
forms after following the
Troubleshooting steps, please
contact us by E-mail:
USTMORHelp ✉.

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Wednesday, June 7, 2023 10:06 PM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; jteeple@gtllp.com; Dimple Mehra <dmehra@gtllp.com>
**Subject:** [EXTERNAL] RE: LPG April Operating Report

Ok, whenever you have time.

I'm out on/off tomorrow, Friday and Monday. Richard's accountant team are cc'd.

EXHIBIT 5
Page 40

Thank you so much


Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

---

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Wednesday, June 7, 2023 8:55 PM
**To:** Pam Kraus <pkraus@marshackhays.com>
**Cc:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; jteeple@gtllp.com; Dimple Mehra <dmehra@gtllp.com>
**Subject:** RE: LPG April Operating Report

Hi Pam,

I'll gladly review it tomorrow afternoon.  I have back-to-back meetings tomorrow starting at 8:00 am.


Marilyn

---

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Wednesday, June 7, 2023 6:32 PM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Cc:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; jteeple@gtllp.com; Dimple Mehra <dmehra@gtllp.com>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** [EXTERNAL] RE: LPG April Operating Report

Hi Marilyn, we are working on the Debtor's MOR for April and are having some issues. The new form is very specific and we have to answer every question in order for the form to work. We don't have much information yet and wanted to run this by you.

When you have time, can you please take a look at the yellow highlights (mostly related to taxes and insurance) on the draft MOR attached here? We have to mark "yes or no" …

What are your thoughts?

Thank you!

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

EXHIBIT 5
Page 41

**From:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
**Sent:** Thursday, June 1, 2023 9:26 AM
**To:** Richard Marshack <RMarshack@MarshackHays.com>; Pam Kraus <pkraus@marshackhays.com>; Ed Hays
<EHays@MarshackHays.com>
**Cc:** Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>
**Subject:** LPG April Operating Report

Good morning, Richard, Pam, and Ed,

We know you have your hands full with LPG and while technically the April Operating Report is the Debtor's
responsibility, we don't see it being prepared by the Debtor.  Have you set up a financial team whose responsibility this
might cover?

Marilyn

EXHIBIT 5
Page 42

Exhibit "6"

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******9960 - Checking |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 05/26/23 | Asset #9 | Bank of America | Refund pre-petition account | 1229-000 | 176.00 | | 176.00 |
| 05/26/23 | Asset #9 | Bank of America | Refund pre-petition account | 1229-000 | 20.00 | | 196.00 |
| 05/26/23 | Asset #9 | Oregon Dept of Revenue | Refund payroll tax 12-31-21 | 1229-000 | 184.59 | | 380.59 |
| 05/26/23 | Asset #10 | Client Services, Inc. | full settlement payment for client Nathan Becker in action v Client Services, Inc. along with forgiving Nathan's full balance. Nathan is owed 60%. | 1229-000 | 2,000.00 | | 2,380.59 |
| 05/26/23 | Asset #10 | Karine Young | Pre-petition monthly payment that was received in debtor's mail post-petition | 1229-000 | 461.50 | | 2,842.09 |
| 06/02/23 | Asset #10 | Karine Young | NSF - Deposit #1005 - Pre-petition monthly payment that was received in debtor's mail post-petition | 1229-000 | -461.50 | | 2,380.59 |
| 06/02/23 | | Flagstar Bank, N.A. | Bank fee | 2600-000 | | 10.00 | 2,370.59 |
| 06/05/23 | Asset #8 | Wells Fargo Bank | Acct 9879 | 1221-000 | 5,909.55 | | 8,280.14 |
| 06/05/23 | Asset #8 | Wells Fargo Bank | Acct 9887 | 1221-000 | 5.95 | | 8,286.09 |
| 06/05/23 | Asset #8 | Wells Fargo Bank | Acct 9895 | 1221-000 | 5.95 | | 8,292.04 |
| 06/05/23 | | Flagstar Bank, N.A. | Refund - Bank fee | 2600-000 | | -10.00 | 8,302.04 |
| 06/13/23 | Asset #11 | Maverick Management Group LLC | Recovery of transfer | 1241-000 | 239,197.01 | | 247,499.05 |
| 06/13/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 83,694.31 | | 331,193.36 |

EXHIBIT 6
Page 43

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******9960 - Checking |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br><br>Trans.<br>Date | 2<br><br>Check or<br>Ref. # | 3<br><br>Paid To / Received From | 4<br><br>Description of Transaction | Uniform<br>Tran. Code | 5<br><br>Receipts<br>$ | 6<br><br>Disbursements<br>$ | 7<br><br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 06/13/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 93,895.54 | | 425,088.90 |
| 06/13/23 | 1001 | Office of the U.S. Trustee | 1Q2023 quarterly fees; 16-02 / 738-23-10571 | 2950-000 | | 250.00 | 424,838.90 |
| 06/14/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 348,680.63 | | 773,519.53 |
| 06/15/23 | | To Account# XXXXXX2953 | Maverick turnover | 9999-000 | | 239,197.01 | 534,322.52 |
| 06/15/23 | | To Account# XXXXXX2953 | | 9999-000 | | 83,694.31 | 450,628.21 |
| 06/15/23 | | To Account# XXXXXX2953 | | 9999-000 | | 93,895.54 | 356,732.67 |
| 06/15/23 | | To Account# XXXXXX2953 | | 9999-000 | | 348,680.63 | 8,052.04 |
| 06/20/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 700,615.88 | | 708,667.92 |
| 06/21/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 217,686.51 | | 926,354.43 |
| 06/22/23 | Asset #11 | Bank of America | Turnover Prime Logix accts 2231 and 9201 | 1241-000 | 1,223,787.59 | | 2,150,142.02 |
| 06/22/23 | | To Account# XXXXXX2953 | | 9999-000 | | 700,615.88 | 1,449,526.14 |
| 06/23/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 174,748.62 | | 1,624,274.76 |
| 06/27/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 624,037.71 | | 2,248,312.47 |
| 06/28/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 371,476.54 | | 2,619,789.01 |
| 06/29/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 41,158.94 | | 2,660,947.95 |
| 06/29/23 | | To Account# XXXXXX2953 | | 9999-000 | | 217,686.51 | 2,443,261.44 |
| 06/29/23 | | To Account# XXXXXX2953 | | 9999-000 | | 1,223,787.59 | 1,219,473.85 |

EXHIBIT 6
Page 44

## Form 2
## Cash Receipts and Disbursements Record

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******9960 - Checking |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1 Trans. Date | 2 Check or Ref. # | 3 Paid To / Received From | 4 Description of Transaction | Uniform Tran. Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 06/29/23 | | To Account# XXXXXX2953 | | 9999-000 | | 174,748.62 | 1,044,725.23 |
| 06/29/23 | | To Account# XXXXXX2953 | | 9999-000 | | 624,037.71 | 420,687.52 |
| 06/30/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 78,502.39 | | 499,189.91 |
| 07/03/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 61,500.72 | | 560,690.63 |
| 07/03/23 | | To Account# XXXXXX2953 | | 9999-000 | | 371,476.54 | 189,214.09 |
| 07/03/23 | | To Account# XXXXXX2953 | | 9999-000 | | 41,158.94 | 148,055.15 |
| 07/06/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 217,541.00 | | 365,596.15 |
| 07/06/23 | | To Account# XXXXXX2953 | | 9999-000 | | 78,502.39 | 287,093.76 |
| 07/06/23 | | To Account# XXXXXX2953 | | 9999-000 | | 61,500.72 | 225,593.04 |
| 07/07/23 | Asset #11 | Vantiv ECommerce | Worldpay / FIS Wire turnover | 1241-000 | 846,663.37 | | 1,072,256.41 |
| 07/08/23 | | To Account# XXXXXX2953 | | 9999-000 | | 217,541.00 | 854,715.41 |
| 07/10/23 | Asset #11 | Vantiv ECommerce | Incoming adjustment | 1241-000 | 474,404.29 | | 1,329,119.70 |
| 07/11/23 | Asset #11 | Vantiv ECommerce | Incoming adjustment | 1241-000 | 18,704.06 | | 1,347,823.76 |
| 07/12/23 | Asset #11 | Vantiv ECommerce | Incoming adjustment | 1241-000 | 275,969.14 | | 1,623,792.90 |
| 07/12/23 | | Syncfusion - Boldsign | Invoice BS589925-6-2023 | 6950-000 | | 6,528.00 | 1,617,264.90 |
| 07/13/23 | | From Account# XXXXXX4611 | Syncfusion invoice should have been paid from operating account (not general checking); | 9999-000 | 6,528.00 | | 1,623,792.90 |
| 07/13/23 | | To Account# XXXXXX2953 | | 9999-000 | | 846,663.37 | 777,129.53 |

EXHIBIT 6
Page 45

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******9960 - Checking |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/13/23 | | To Account# XXXXXX2953 | | 9999-000 | | 474,404.29 | 302,725.24 |

|  | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | **ACCOUNT TOTALS** | | | 6,107,094.29 | 5,804,369.05 | $302,725.24 |
| | | Less: Bank Transfers | | | 6,528.00 | 5,797,591.05 | |
| | | **Subtotal** | | | 6,100,566.29 | 6,778.00 | |
| | | Less: Payment to Debtors | | | | 0.00 | |
| | | **NET Receipts / Disbursements** | | | **$6,100,566.29** | **$6,778.00** | |

EXHIBIT 6
Page 46

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******2953 - ACH Segregated no fee account |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 06/15/23 | | From Account# XXXXXX9960 | Maverick turnover | 9999-000 | 239,197.01 | | 239,197.01 |
| 06/15/23 | | From Account# XXXXXX9960 | | 9999-000 | 83,694.31 | | 322,891.32 |
| 06/15/23 | | From Account# XXXXXX9960 | | 9999-000 | 93,895.54 | | 416,786.86 |
| 06/15/23 | | From Account# XXXXXX9960 | | 9999-000 | 348,680.63 | | 765,467.49 |
| 06/22/23 | | From Account# XXXXXX9960 | | 9999-000 | 700,615.88 | | 1,466,083.37 |
| 06/29/23 | | From Account# XXXXXX9960 | | 9999-000 | 217,686.51 | | 1,683,769.88 |
| 06/29/23 | | From Account# XXXXXX9960 | | 9999-000 | 1,223,787.59 | | 2,907,557.47 |
| 06/29/23 | | From Account# XXXXXX9960 | | 9999-000 | 174,748.62 | | 3,082,306.09 |
| 06/29/23 | | From Account# XXXXXX9960 | | 9999-000 | 624,037.71 | | 3,706,343.80 |
| 07/03/23 | | From Account# XXXXXX9960 | | 9999-000 | 371,476.54 | | 4,077,820.34 |
| 07/03/23 | | From Account# XXXXXX9960 | | 9999-000 | 41,158.94 | | 4,118,979.28 |
| 07/06/23 | | From Account# XXXXXX9960 | | 9999-000 | 78,502.39 | | 4,197,481.67 |
| 07/06/23 | | From Account# XXXXXX9960 | | 9999-000 | 61,500.72 | | 4,258,982.39 |
| 07/08/23 | | From Account# XXXXXX9960 | | 9999-000 | 217,541.00 | | 4,476,523.39 |
| 07/13/23 | | From Account# XXXXXX9960 | | 9999-000 | 846,663.37 | | 5,323,186.76 |
| 07/13/23 | | From Account# XXXXXX9960 | | 9999-000 | 474,404.29 | | 5,797,591.05 |

| | | | |
|---|---|---|---|
| **ACCOUNT TOTALS** | | **5,797,591.05** | **0.00** | **$5,797,591.05** |
| Less: Bank Transfers | | 5,797,591.05 | 0.00 | |
| **Subtotal** | | **0.00** | **0.00** | |
| Less: Payment to Debtors | | | 0.00 | |
| **NET Receipts / Disbursements** | | **$0.00** | **$0.00** | |

EXHIBIT 6
Page 47

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 06/30/23 | | LAW OFFICES OF RONALD RICHARDS IOLTA Account | for Liberty Acquisitions Group Inc. REF# 20230630B6B7261F00487306301732FT03 0000010453    FROM: LAW OFFICES OF RONALD RICHARDS | 1290-000 | 500,000.00 | | 500,000.00 |
| 07/01/23 | 200001 | CaliforniaChoice | Acct 75446 for Maverick; Balance for past due June premium | 6950-000 | | 436.96 | 499,563.04 |
| 07/02/23 | 200002 | Acevedo, Emely | Dividend of 100.000% | 6950-000 | | 1,224.01 | 498,339.03 |
| 07/02/23 | 200003 | Alshawosh, Ali | Dividend of 100.000% | 6950-000 | | 1,344.82 | 496,994.21 |
| 07/02/23 | 200004 | Alvarenga, Andre | Dividend of 100.000% | 6950-000 | | 1,580.92 | 495,413.29 |
| 07/02/23 | 200005 | Alvarez, Josue A | Dividend of 100.000% | 6950-000 | | 1,431.97 | 493,981.32 |
| 07/02/23 | 200006 | Amezcua, Jasmin | Dividend of 100.000% | 6950-000 | | 1,435.01 | 492,546.31 |
| 07/02/23 | 200007 | Andra, James | Dividend of 100.000% | 6950-000 | | 1,790.36 | 490,755.95 |
| 07/02/23 | 200008 | Andra, Jennifer | Dividend of 100.000% | 6950-000 | | 1,633.47 | 489,122.48 |
| 07/02/23 | 200009 | Andra, Justin | Dividend of 100.000% | 6950-000 | | 1,678.68 | 487,443.80 |
| 07/02/23 | 200010 | Apodaca, Ronald | Dividend of 100.000% | 6950-000 | | 1,235.22 | 486,208.58 |
| 07/02/23 | 200011 | Aranda Leon, Salma | Dividend of 100.000% | 6950-000 | | 1,926.51 | 484,282.07 |
| 07/02/23 | 200012 | Avina-Cardiel, Alejandro | Dividend of 100.000% | 6950-000 | | 1,437.54 | 482,844.53 |

EXHIBIT 6
Page 48

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/02/23 | 200013 | Avina-Cardiel, Isaura | Dividend of 100.000% | 6950-000 | | 1,719.55 | 481,124.98 |
| 07/02/23 | 200014 | Bany-Mohammed, Mahmoud | Dividend of 100.000% | 6950-000 | | 1,524.61 | 479,600.37 |
| 07/02/23 | 200015 | Barraza, Jackelyne | Dividend of 100.000% | 6950-000 | | 1,356.84 | 478,243.53 |
| 07/02/23 | 200016 | Base, Anthony G | Dividend of 100.000% | 6950-000 | | 2,645.48 | 475,598.05 |
| 07/02/23 | 200017 | Beltran, Melina | Dividend of 100.000% | 6950-000 | | 2,341.67 | 473,256.38 |
| 07/02/23 | 200018 | Bishop, Brant | Dividend of 100.000% | 6950-000 | | 1,459.24 | 471,797.14 |
| 07/02/23 | 200019 | Bonilla Figueroa, Halima | Dividend of 100.000% | 6950-000 | | 1,935.08 | 469,862.06 |
| 07/02/23 | 200020 | Bravo Aranda, Karla | Dividend of 100.000% | 6950-000 | | 1,936.69 | 467,925.37 |
| 07/02/23 | 200021 | Calunod, Archerie | Dividend of 100.000% | 6950-000 | | 1,222.97 | 466,702.40 |
| 07/02/23 | 200022 | Campuzano, Kaitlyn G | Dividend of 100.000% | 6950-000 | | 1,842.12 | 464,860.28 |
| 07/02/23 | 200023 | Carss, William | Dividend of 100.000% | 6950-000 | | 5,798.48 | 459,061.80 |
| 07/02/23 | 200024 | Cast, Jason | Dividend of 100.000% | 6950-000 | | 1,716.07 | 457,345.73 |
| 07/02/23 | 200025 | Ceballos, Kevin | Dividend of 100.000% | 6950-000 | | 1,650.20 | 455,695.53 |
| 07/02/23 | 200026 | Chea, Justin | Dividend of 100.000% | 6950-000 | | 1,051.90 | 454,643.63 |
| 07/02/23 | 200027 | Chen, Irwin T | Dividend of 100.000% | 6950-000 | | 1,933.93 | 452,709.70 |

EXHIBIT 6
Page 49

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/02/23 | 200028 | Cole, Christopher | Dividend of 100.000% | 6950-000 | | 1,401.32 | 451,308.38 |
| 07/02/23 | 200029 | Dang, Victoria | Dividend of 100.000% | 6950-000 | | 1,632.94 | 449,675.44 |
| 07/02/23 | 200030 | Delaura, Brandon | Dividend of 100.000% | 6950-000 | | 1,575.69 | 448,099.75 |
| 07/02/23 | 200031 | Diab, Nassir | Dividend of 100.000% | 6950-000 | | 1,554.21 | 446,545.54 |
| 07/02/23 | 200032 | Diament, Molly | Dividend of 100.000% | 6950-000 | | 1,585.06 | 444,960.48 |
| 07/02/23 | 200033 | Duarte, Ambar | Dividend of 100.000% | 6950-000 | | 2,348.71 | 442,611.77 |
| 07/02/23 | 200034 | Figueroa, Hiram | Dividend of 100.000% | 6950-000 | | 1,759.20 | 440,852.57 |
| 07/02/23 | 200035 | Flores, Abrahm | Dividend of 100.000% | 6950-000 | | 1,418.67 | 439,433.90 |
| 07/02/23 | 200036 | Garcia, Naazma | Dividend of 100.000% | 6950-000 | | 2,620.45 | 436,813.45 |
| 07/02/23 | 200037 | Glass, Hunter | Dividend of 100.000% | 6950-000 | | 1,501.19 | 435,312.26 |
| 07/02/23 | 200038 | Haliburton, Charles | Dividend of 100.000% | 6950-000 | | 1,422.44 | 433,889.82 |
| 07/02/23 | 200039 | Harrison, Suzanne | Dividend of 100.000% | 6950-000 | | 2,489.82 | 431,400.00 |
| 07/02/23 | 200040 | Harvey, Josey | Dividend of 100.000% | 6950-000 | | 1,540.75 | 429,859.25 |
| 07/02/23 | 200041 | Hu. Keneth | Dividend of 100.000% | 6950-000 | | 3,495.08 | 426,364.17 |
| 07/02/23 | 200042 | Huskisson, Connor | Dividend of 100.000% | 6950-000 | | 1,793.35 | 424,570.82 |

EXHIBIT 6
Page 50

## Form 2
### Cash Receipts and Disbursements Record

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1 Trans. Date | 2 Check or Ref. # | 3 Paid To / Received From | 4 Description of Transaction | Uniform Tran. Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 07/02/23 | 200043 | Hwang, Joseph | Dividend of 100.000% | 6950-000 | | 1,927.94 | 422,642.88 |
| 07/02/23 | 200044 | Ismail, Sabah | Dividend of 100.000% | 6950-000 | | 1,556.99 | 421,085.89 |
| 07/02/23 | 200045 | Ismail, Saif | Dividend of 100.000% | 6950-000 | | 1,967.16 | 419,118.73 |
| 07/02/23 | 200046 | Ismail, Salman | Dividend of 100.000% | 6950-000 | | 1,672.00 | 417,446.73 |
| 07/02/23 | 200047 | Jones, Ashley T | Dividend of 100.000% | 6950-000 | | 1,184.67 | 416,262.06 |
| 07/02/23 | 200048 | Joyner, Lauren | Dividend of 100.000% | 6950-000 | | 1,902.60 | 414,359.46 |
| 07/02/23 | 200049 | Kerns, Phillip | Dividend of 100.000% | 6950-000 | | 1,475.07 | 412,884.39 |
| 07/02/23 | 200050 | Khalil, Beshoy | Dividend of 100.000% | 6950-000 | | 1,358.45 | 411,525.94 |
| 07/02/23 | 200051 | Khan, Golam T | Dividend of 100.000% | 6950-000 | | 2,040.21 | 409,485.73 |
| 07/02/23 | 200052 | Khan, Sulaiman | Dividend of 100.000% | 6950-000 | | 455.12 | 409,030.61 |
| 07/02/23 | 200053 | Kline, Erica | Dividend of 100.000% | 6950-000 | | 1,365.24 | 407,665.37 |
| 07/02/23 | 200054 | Lahijani Nejad, Iman | Dividend of 100.000% | 6950-000 | | 1,685.84 | 405,979.53 |
| 07/02/23 | 200055 | Lakhant, Sufyaan | Dividend of 100.000% | 6950-000 | | 1,209.22 | 404,770.31 |
| 07/02/23 | 200056 | Lam, Thi Thu | Dividend of 100.000% | 6950-000 | | 2,388.93 | 402,381.38 |
| 07/02/23 | 200057 | Le, Christine | Dividend of 100.000% | 6950-000 | | 1,711.12 | 400,670.26 |

EXHIBIT 6
Page 51

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/02/23 | 200058 | Le, Kim Long | Dividend of 100.000% | 6950-000 | | 3,485.42 | 397,184.84 |
| 07/02/23 | 200059 | Lizarraga, Aaron | Dividend of 100.000% | 6950-000 | | 1,233.53 | 395,951.31 |
| 07/02/23 | 200060 | Lucaci, Bradford | Dividend of 100.000% | 6950-000 | | 1,552.40 | 394,398.91 |
| 07/02/23 | 200061 | Lucaci, Brian | Dividend of 100.000% | 6950-000 | | 1,864.05 | 392,534.86 |
| 07/02/23 | 200062 | Mahmoud, Salma K | Dividend of 100.000% | 6950-000 | | 2,052.15 | 390,482.71 |
| 07/02/23 | 200063 | Marquez, Kevin | Dividend of 100.000% | 6950-000 | | 1,485.04 | 388,997.67 |
| 07/02/23 | 200064 | Martinez, Daniel | Dividend of 100.000% | 6950-000 | | 1,970.34 | 387,027.33 |
| 07/02/23 | 200065 | Marza, Carmen | Dividend of 100.000% | 6950-000 | | 2,294.58 | 384,732.75 |
| 07/02/23 | 200066 | Mendoza, Robert | Dividend of 100.000% | 6950-000 | | 1,568.28 | 383,164.47 |
| 07/02/23 | 200067 | Meneses, Daisy | Dividend of 100.000% | 6950-000 | | 1,881.34 | 381,283.13 |
| 07/02/23 | 200068 | Mojica-Wanly, Madelline | Dividend of 100.000% | 6950-000 | | 3,756.39 | 377,526.74 |
| 07/02/23 | 200069 | Morris, Nicole M | Dividend of 100.000% | 6950-000 | | 1,374.06 | 376,152.68 |
| 07/02/23 | 200070 | Morrow, Jason | Dividend of 100.000% | 6950-000 | | 1,504.36 | 374,648.32 |
| 07/02/23 | 200071 | Mossa, Nickolas | Dividend of 100.000% | 6950-000 | | 1,253.78 | 373,394.54 |
| 07/02/23 | 200072 | Muttalib, Omran | Dividend of 100.000% | 6950-000 | | 1,450.41 | 371,944.13 |

EXHIBIT 6
Page 52

**Form 2**

**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | | Bank Name: | Flagstar Bank, N.A. |
| | | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/02/23 | 200073 | Nguyen, Quoc Thinh | Dividend of 100.000% | 6950-000 | | 2,883.00 | 369,061.13 |
| 07/02/23 | 200074 | Nguyen, Quynh | Dividend of 100.000% | 6950-000 | | 1,196.65 | 367,864.48 |
| 07/02/23 | 200075 | O'Connell, Karen | Dividend of 100.000% | 6950-000 | | 1,444.97 | 366,419.51 |
| 07/02/23 | 200076 | Obeid, Ayman | Dividend of 100.000% | 6950-000 | | 1,589.53 | 364,829.98 |
| 07/02/23 | 200077 | Orellana, Daniel | Dividend of 100.000% | 6950-000 | | 1,391.45 | 363,438.53 |
| 07/02/23 | 200078 | Oseguera, Jessenia | Dividend of 100.000% | 6950-000 | | 1,574.35 | 361,864.18 |
| 07/02/23 | 200079 | Parada, Ivis | Dividend of 100.000% | 6950-000 | | 1,683.73 | 360,180.45 |
| 07/02/23 | 200080 | Pena, Jessica | Dividend of 100.000% | 6950-000 | | 699.23 | 359,481.22 |
| 07/02/23 | 200081 | Perez, Eduardo N | Dividend of 100.000% | 6950-000 | | 1,882.70 | 357,598.52 |
| 07/02/23 | 200082 | Phan, Peyton | Dividend of 100.000% | 6950-000 | | 2,090.95 | 355,507.57 |
| 07/02/23 | 200083 | Pierce, Samuel B | Dividend of 100.000% | 6950-000 | | 1,514.18 | 353,993.39 |
| 07/02/23 | 200084 | Ramirez, Jolanta | Dividend of 100.000% | 6950-000 | | 2,346.68 | 351,646.71 |
| 07/02/23 | 200085 | Rashed, Sami | Dividend of 100.000% | 6950-000 | | 1,982.93 | 349,663.78 |
| 07/02/23 | 200086 | Refa, Rozita | Dividend of 100.000% | 6950-000 | | 1,380.41 | 348,283.37 |
| 07/02/23 | 200087 | Reynoso-Banuelos, Stephanie | Dividend of 100.000% | 6950-000 | | 860.62 | 347,422.75 |

EXHIBIT 6
Page 53

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
| Case Name: | The Litigation Practice Group PC | | Bank Name: | Flagstar Bank, N.A. |
| | | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 Check or Ref. # | 3 Paid To / Received From | 4 Description of Transaction | Uniform Tran. Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 07/02/23 | 200088 | Riano, Elioenai | Dividend of 100.000% | 6950-000 | | 1,747.25 | 345,675.50 |
| 07/02/23 | 200089 | Rico, David | Dividend of 100.000% | 6950-000 | | 1,291.95 | 344,383.55 |
| 07/02/23 | 200090 | Rios, Kimberly | Dividend of 100.000% | 6950-000 | | 1,612.53 | 342,771.02 |
| 07/02/23 | 200091 | Romero, Belem | Dividend of 100.000% | 6950-000 | | 1,826.93 | 340,944.09 |
| 07/02/23 | 200092 | Ross, Sarah | Dividend of 100.000% | 6950-000 | | 1,374.35 | 339,569.74 |
| 07/02/23 | 200093 | Saldana-Lopez, Karen | Dividend of 100.000% | 6950-000 | | 1,390.94 | 338,178.80 |
| 07/02/23 | 200094 | Sanchez, Abraham | Dividend of 100.000% | 6950-000 | | 1,467.26 | 336,711.54 |
| 07/02/23 | 200095 | Sanchez, Jaslynn | Dividend of 100.000% | 6950-000 | | 1,570.33 | 335,141.21 |
| 07/02/23 | 200096 | Sanchez, Jorge | Dividend of 100.000% | 6950-000 | | 1,752.87 | 333,388.34 |
| 07/02/23 | 200097 | Sanchez, Miguel | Dividend of 100.000% | 6950-000 | | 1,436.06 | 331,952.28 |
| 07/02/23 | 200098 | Sangalang, Christian | Dividend of 100.000% | 6950-000 | | 1,918.37 | 330,033.91 |
| 07/02/23 | 200099 | Segura, Kandise | Dividend of 100.000% | 6950-000 | | 1,319.91 | 328,714.00 |
| 07/02/23 | 200100 | Shariff, Humza | Dividend of 100.000% | 6950-000 | | 699.24 | 328,014.76 |
| 07/02/23 | 200101 | Sharifi Narani, Kian | Dividend of 100.000% | 6950-000 | | 1,654.02 | 326,360.74 |
| 07/02/23 | 200102 | Stephens, Amanda | Dividend of 100.000% | 6950-000 | | 2,089.30 | 324,271.44 |

EXHIBIT 6
Page 54

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
|---|---|---|---|
| Case Name: | The Litigation Practice Group PC | Bank Name: | Flagstar Bank, N.A. |
| | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/02/23 | 200103 | Tabatabaii Nejad, Seyed Amirreza | Dividend of 100.000% | 6950-000 | | 1,867.68 | 322,403.76 |
| 07/02/23 | 200104 | Taing, Selina K | Dividend of 100.000% | 6950-000 | | 1,974.69 | 320,429.07 |
| 07/02/23 | 200105 | Tan, Maria | Dividend of 100.000% | 6950-000 | | 5,453.30 | 314,975.77 |
| 07/02/23 | 200106 | Torres, Kimberly | Dividend of 100.000% | 6950-000 | | 1,196.88 | 313,778.89 |
| 07/02/23 | 200107 | Vaughan, Jarod R | Dividend of 100.000% | 6950-000 | | 1,838.85 | 311,940.04 |
| 07/02/23 | 200108 | Vazquez, Cindy | Dividend of 100.000% | 6950-000 | | 1,414.82 | 310,525.22 |
| 07/02/23 | 200109 | Zargaran, Hanieh | Dividend of 100.000% | 6950-000 | | 2,021.31 | 308,503.91 |
| 07/02/23 | 200110 | Zin, Reham E | Dividend of 100.000% | 6950-000 | | 1,442.65 | 307,061.26 |
| 07/02/23 | 200111 | Zinchini, Max | Dividend of 100.000% | 6950-000 | | 93.77 | 306,967.49 |
| 07/05/23 | 200112 | Liberty Acquisitions Group | REISSUED TO IOLTA Refund of overpayment per order 7-3-23 DK 168; Voided on 07/12/2023 | 1290-003 | -9,663.98 | | 297,303.51 |
| 07/05/23 | 200113 | Dinsmore & Shohl LLP | Reimburse Google Services invoice billing ID 4074-8361-6958 - June and July per order 6/22/23 | 6950-000 | | 7,954.02 | 289,349.49 |
| 07/06/23 | | To Account# XXXXXX4344 | 6/16 and 6/30 pay dates | | | 180,000.00 | 109,349.49 |
| 07/06/23 | 200114 | Zoom Video Communications Inc. | MAVERICK Invoice 196200030 - 4/4/23; due 5/4/23; this is a quarterly payment | 2690-000 | | 4,406.16 | 104,943.33 |

EXHIBIT 6
Page 55

**Form 2**
**Cash Receipts and Disbursements Record**

| Case Number: | 23-10571 SC | | Trustee: | Richard A. Marshack, Chapter 11 Trustee |
| Case Name: | The Litigation Practice Group PC | | Bank Name: | Flagstar Bank, N.A. |
| | | | Account: | ******4611 - Payroll and Operating Account |
| Taxpayer ID#: | **-***5343 | | Blanket Bond: | $0.00 (per case limit) |
| Period Ending: | 07/17/23 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/07/23 | 200115 | Bicher & Associates | May and June 2023 - 80% of agent fees per order 6/29/23 | 6700-000 | | 12,302.40 | 92,640.93 |
| 07/07/23 | 200116 | Bicher & Associates | May and June 2023 Expenses per order 6/29/23 | 6710-000 | | 836.17 | 91,804.76 |
| 07/07/23 | 200117 | International Sureties, LTD | Bond #016239386, premium 5/8/23 to 5/8/24 | 6950-000 | | 10,045.00 | 81,759.76 |
| 07/11/23 | 200118 | Boldsign | VOID WIRE sent instead of check POA signature platform;  Voided on 07/12/2023 | 6990-003 | | 6,528.00 | 75,231.76 |
| 07/11/23 | 200119 | Law Offices of Ronald Richard & Associates APC, Attorney Client Trust Account | Refund of overpayment per order 7-3-23 DK 168 | 1290-000 | -9,663.98 | | 65,567.78 |
| 07/12/23 | 200112 | Liberty Acquisitions Group | REISSUED TO IOLTA Refund of overpayment per order 7-3-23 DK 168; Voided: Check issued on 07/05/2023 | 1290-003 | 9,663.98 | | 75,231.76 |
| 07/12/23 | 200118 | Boldsign | VOID WIRE sent instead of check POA signature platform;  Voided: Check issued on 07/11/2023 | 6990-003 | | -6,528.00 | 81,759.76 |
| 07/13/23 | | To Account# XXXXXX9960 | Syncfusion invoice should have been paid from operating account (not general checking); | 9999-000 | | 6,528.00 | 75,231.76 |

|  | | | | **ACCOUNT TOTALS**<br>Less: Bank Transfers | 490,336.02<br>0.00 | 415,104.26<br>6,528.00 | **$75,231.76** |
|  | | | | **Subtotal**<br>Less: Payment to Debtors | 490,336.02 | 408,576.26<br>0.00 | |
|  | | | | **NET Receipts / Disbursements** | **$490,336.02** | **$408,576.26** | |

EXHIBIT 6
Page 56

**Form 2**

Page: 15

**Cash Receipts and Disbursements Record**

| | | | | |
|---|---|---|---|---|
| **Case Number:** | 23-10571 SC | **Trustee:** | Richard A. Marshack, Chapter 11 Trustee |
| **Case Name:** | The Litigation Practice Group PC | **Bank Name:** | Flagstar Bank, N.A. |
| | | **Account:** | ******4344 - Payroll Tax |
| **Taxpayer ID#:** | **-***5343 | **Blanket Bond:** | $0.00 (per case limit) |
| **Period Ending:** | 07/17/23 | **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/06/23 | | From Account# XXXXXX4611 | 6/16 and 6/30 pay dates | | 180,000.00 | | 180,000.00 |

| | | Receipts | Disbursements | Balance |
|---|---|---|---|---|
| **ACCOUNT TOTALS** | | 180,000.00 | 0.00 | $180,000.00 |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| **Subtotal** | | 180,000.00 | 0.00 | |
| Less: Payment to Debtors | | | 0.00 | |
| **NET Receipts / Disbursements** | | **$180,000.00** | **$0.00** | |

| TOTAL - ALL ACCOUNTS | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **Checking # ******2953** | 0.00 | 0.00 | 5,797,591.05 |
| **Checking # ******4344** | 180,000.00 | 0.00 | 180,000.00 |
| **Checking # ******4611** | 490,336.02 | 408,576.26 | 75,231.76 |
| **Checking # ******9960** | 6,100,566.29 | 6,778.00 | 302,725.24 |
| | $6,770,902.31 | $415,354.26 | $6,355,548.05 |

EXHIBIT 6
Page 57

Exhibit "7"

# CERTIFICATE OF LIABILITY INSURANCE

**ACORD®**

| DATE (MM/DD/YYYY) |
|---|
| 7/14/2023 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:** If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | Risk Strategies Company | | |
|---|---|---|---|---|
| Risk Strategies Company | PHONE (A/C, No, Ext): | 949-242-9240 | FAX (A/C, No): | |
| 2040 Main Street, Suite 450 | E-MAIL ADDRESS: | syoung@risk-strategies.com | | |
| Irvine, CA 92614 | | | | |
| | **INSURER(S) AFFORDING COVERAGE** | | | NAIC # |
| www.risk-strategies.com    CA DOI License No. 0F06675 | INSURER A : Sentinel Insurance Company, Ltd. | | | 11000 |
| INSURED | INSURER B : Hartford Casualty Insurance Company | | | 29424 |
| Maverick Management Group LLC | INSURER C : | | | |
| 3347 Michelson Drive | INSURER D : | | | |
| Irvine CA 92612 | INSURER E : | | | |
| | INSURER F : | | | |

## COVERAGES    CERTIFICATE NUMBER: 75310349    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | ✓ COMMERCIAL GENERAL LIABILITY | ✓ | | 72SBABG3634 | 7/15/2023 | 7/15/2024 | EACH OCCURRENCE | $1,000,000 |
| | CLAIMS-MADE ✓ OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $1,000,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | ✓ POLICY  PRO-JECT  LOC | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | OTHER: | | | | | | | $ |
| A | AUTOMOBILE LIABILITY | | | 72SBABG3634 | 7/15/2023 | 7/15/2024 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | OWNED AUTOS ONLY  SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ✓ HIRED AUTOS ONLY ✓ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | ✓ UMBRELLA LIAB  OCCUR | | | 72SBABG3634 | 7/15/2023 | 7/15/2024 | EACH OCCURRENCE | $2,000,000 |
| | EXCESS LIAB  CLAIMS-MADE | | | | | | AGGREGATE | $2,000,000 |
| | DED  RETENTION $10,000 | | | | | | | $ |
| B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  Y / N | | | 72WECAW3NSH | 2/3/2023 | 2/3/2024 | ✓ PER STATUTE  OTH-ER | |
| | ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH)  N/A | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

The Office of the U.S. Trustee and Richard Marshack, Trustee are additional insured and loss payee with regard to the General Liability policy as required by written contract.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Richard Marshack, Trustee<br>870 Roosevelt<br>Irvine CA 92620 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE *RSC Insurance Brokerage* |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)    The ACORD name and logo are registered marks of ACORD

**EXHIBIT 7**

**Page 58**

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)** 7/14/2023

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:** If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Risk Strategies Company | |
|---|---|---|
| Risk Strategies Company 2040 Main Street, Suite 450 Irvine, CA 92614 | PHONE (A/C, No, Ext): 949-242-9240 | FAX (A/C, No): |
| | E-MAIL ADDRESS: syoung@risk-strategies.com | |
| www.risk-strategies.com   CA DOI License No. 0F06675 | INSURER(S) AFFORDING COVERAGE | NAIC # |
| | INSURER A : Hartford Underwriters Insurance Company | 30104 |
| INSURED Phoenix Law PC 123 Broad Street Suite 1640 Philadelphia PA 19109 | INSURER B : Berkley Insurance Company | 32603 |
| | INSURER C : Admiral Insurance Company | 24856 |
| | INSURER D : | |
| | INSURER E : | |
| | INSURER F : | |

## COVERAGES   CERTIFICATE NUMBER: 75310374   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | ✓ COMMERCIAL GENERAL LIABILITY | ✓ | | 72SBAAU4JEU | 10/7/2022 | 10/7/2023 | EACH OCCURRENCE | $2,000,000 |
| | CLAIMS-MADE ✓ OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $1,000,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $4,000,000 |
| | POLICY ✓ PRO-JECT LOC | | | | | | PRODUCTS - COMP/OP AGG | $4,000,000 |
| | OTHER: | | | | | | | $ |
| A | AUTOMOBILE LIABILITY | | | 72SBAAU4JEU | 10/7/2022 | 10/7/2023 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | OWNED AUTOS ONLY  SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ✓ HIRED AUTOS ONLY  ✓ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | ✓ UMBRELLA LIAB OCCUR | | | 72SBAAU4JEU | 10/7/2022 | 10/7/2023 | EACH OCCURRENCE | $ |
| | EXCESS LIAB CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED RETENTION $10,000 | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N | | | | | | PER STATUTE  OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| B | Professional Liability | | | PLP2064830P1 | 10/18/2022 | 10/18/2023 | $1,000,000 Per Claim / Aggregate | |
| C | Employment Practices Liability | | | DEP2064855P1 | 10/18/2022 | 10/18/2023 | $1,000,000 Per Claim / Aggregate | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

The Office of the U.S. Trustee and Richard Marshack, Trustee are additional insured and loss payee with regard to the General Liability policy as as required by written contract.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Richard Marshack, Trustee 870 Roosevelt Irvine CA 92620 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE RSC Insurance Brokerage |

© 1988-2015 ACORD CORPORATION. All rights reserved.

**ACORD 25 (2016/03)**   The ACORD name and logo are registered marks of ACORD

75310374 | 22-23 PKG PL EPLI | Sandi Moreno | 7/14/2023 8:51:19 AM (PST) | Page 1 of 1
This certificate cancels and supersedes ALL previously issued certificates.

EXHIBIT 7

Page 59

Exhibit "8"

**M A R S H A C K   H A Y S** LLP
ATTORNEYS AT LAW | LITIGATION | REORGANIZATION | BANKRUPTCY



Senders: D. Edward Hays
ehays@marshackhays.com
Christopher B. Ghio
Christopher.ghio@dinsmore.com
Reference No. 9999-000

22 June 2023

*VIA E-MAIL ONLY*

Peter C. Anderson, Esq.
Kenneth Misken, Esq.
Office of the United States Trustee

      Re:        *The Litigation Practice Group P.C.*
                Bankruptcy Case No. 8:23-bk-10571-SC

Dear Messrs. Anderson and Misken:

We are writing to you regarding the LPG bankruptcy case. We all agree there were problems in Debtor's operations and that they were not in full compliance with the law. Although we concur on this point, we appear to disagree about what can be done to resolve these problems and to best protect LPG's consumer clients.

Your office has taken the position that terminating all operations is the only solution. Shutting down, however, would likely prove to be a very disastrous outcome for the consumers and one that could be avoided. Shutting down results in at least the following damage:

1.  <u>Abandonment</u>: Clients who have active files including defense of pending lawsuits will find themselves without counsel leaving them susceptible to aggressive enforcement of efforts by their creditors and leave them subject to substantial money judgments. In the first 20 days since Trustee served the Court's TRO mandating that he control operations, funds have been received from approximately 11,000 clients. Of this amount, at least 2,500 are involved in pending court cases. If LPG ceases all operations, it will be unable to pay for the legal services currently being rendered by attorneys across the country. This likely will cause consumers to be left representing themselves and increases the likelihood that they will miss court dates or be unable to advance a competent defense. Many will end up with judgments against them and all monies paid to LPG will have been wasted. Inevitably, consumers' answers will be stricken or their affirmative complaints will be dismissed since they will be unrepresented;

2.  <u>Waste of Fees Paid</u>: Substantial numbers of client files are more than half-way complete. If operations cases, clients will have to start over again with a new firm assuming they still have sufficient funds to retain new counsel. To be clear, all that

EXHIBIT 8
Page 60

22 June 2023
Page 2

has been accomplished and all that has been paid for will go to waste and the clients will have to start over;

3. <u>Inability to Pay Personnel to Transfer Client Documents</u>: Terminating operations will leave the estate without any funds to transition files to tens of thousands of clients. In other words, the estate will not have the labor or money to provide an orderly transition;

4. <u>Public Relations Nightmare</u>: Immediately ceasing business will likely create a public relations nightmare. During the June 12, 2023, hearing, the Court analogized this case to a nursing home. If a nursing home is not being operated pursuant to the law, the answer is not to throw all occupants out onto the street. Instead, if operations must cease, sufficient notice and services must still be provided in order to have an orderly transition. Moreover, clients have paid for services and results that they will not receive leaving them subject to their debts, collection efforts, judgments, and vulnerable to other scams with little or no funds to pay a second time for legal representation. In sum, they won't get their debts resolved, they won't get the benefit of what they have paid for, and their answers may be stricken and they will be stuck with default judgments;

5. <u>Possible Breach of Trustee's Duty to Reduce to Money the Property of the Estate</u>. If Trustee does not attempt to sell assets (subject to the court's determination that any proposed sale is lawful), the estate will not realize what Trustee believes to be $30-40 million. These funds could otherwise enable significant distributions to creditors including consumers who have in fact been damaged. Also, if the case is left in Chapter 11, a plan of liquidation could be proposed that separately classifies the consumers whose claims will be significantly smaller than the tens of millions of dollars of non-consumer creditors and can fund refunds and pay damages to consumer that did not receive the benefit of their contracted bargain; and

6. <u>Double Payment</u>: If operations cease, clients will be forced to find and pay again for services they have already paid. Instead, a sale can be negotiated pursuant to which any purchaser will have to agree to provide the balance of services for no additional costs.

On the other hand, Richard believes that his fiduciary duty requires him to undertake a complete and full investigation to determine if assets can be sold in a fashion that contractually and by court order requires a buyer to comply with all applicable consumer

EXHIBIT 8
Page 61

22 June 2023
Page 3

protection laws. If the Court determines that a sale is lawful and can be accomplished, the following benefits can be obtained:

1. <u>Compliance with Consumer Protection Laws</u>: A purchase and sale agreement can include provisions that the buyer agrees to comply with all applicable laws including consumer protection laws such as the 15 U.S.C. § 6101-6108 (Telemarketing and Consumer Fraud and Abuse Prevention Act); 16 C.F.R., Part 310 (Telemarketing Sales Rule); and 15 U.S.C. § 1679-1679j (Credit Repair Organizations Act). In addition, compliance with such a provision can be maintained under the threat of contempt. If clients are abandoned, they may end up continuing to be subjected to unscrupulous competing businesses. Trustee is aware that Debtor's former principals are attempting to create a new business and compete for Debtor's clients;

2. <u>Reformed Contracts</u>: Any sale can reform all existing legal services contracts to ensure that no contractual provision violates any law and that all services will be rendered in compliance with all applicable laws including the TSR and CROA;

3. <u>Post-Sale Monitor</u>: Trustee has secured agreement with the two existing potential purchasers that a court-appointed monitor will be appointed who will audit and ensure compliance with the sales contract, sale order, and applicable laws. The monitor will be required to file periodic reports and can be a source for the UST, Trustee, and other governmental agencies to verify compliance. The costs of the monitor will be paid by the buyer. Trustee will require that any proposed sales agreement will provide that the Court will select the monitor. Trustee is contemplating proposing Nancy Rappaport who is a law professor at UNLV;

4. <u>Funding for Creditors</u>: Debtor's existing contracts are by far the estate's most valuable and potentially its only significant asset. The value of the existing contracts could be worth more than $40 million. While Trustee is certain that the estate also has avoidance claims, there is no guarantee that prosecuting such claims will result in any recovery from Debtor's former principals.

5. <u>Orderly Transition and Preservation of Consumer Choices</u>: State Bar Rule 1.17 applies to the sale of a law firm. Trustee will model any purchase and sale agreement to incorporate the salient provisions of this rule. Specifically, clients will be notified of the sale and their right to terminate their contract and their right to opt-out of being represented by the purchaser. As such, only those people that wish to continue their contracts will receive legal representation from buyer.

EXHIBIT 8
Page 62

22 June 2023
Page 4

6.  <u>Avoidance of Abandonment</u>: As set forth above, approximately 25% of the clients who have been charged for services between June 2, 2023, and June 22, 2023, have already been sued. Continuing operations pending a sale prevents these clients from being abandoned and subjected to default or money judgments.

During the hearings held on June 12, 2023, and June 20, 2023, your office cited several bodies of non-bankruptcy law that you think Debtor may have violated including the Telemarketing Sales Rule and the Credit Repair Organizations Act. Richard appreciates this information and asks that you provide any other potential laws that may be implicated so that they can be investigated and, if possible, addressed in any proposed sale. Trustee absolutely shares your goal of protecting the consumers.

Notwithstanding the potential benefits of a sale, should Trustee's investigation lead him to conclude that a sale cannot be accomplished in a manner that provides proposed safeguards to avoid a buyer committing the same violations of law as Debtor, Trustee will analyze other options including termination of Debtor's business operations including all ACH pulls. To avoid any potential harm to consumers pending completion of this investigation and any court ruling on any proposed sale, Trustee has segregated all payments received from consumers. Moreover, during this time, services are continuing to be provided to the consumer clients.

Bankruptcy courts are courts of equity where an equitable solution can be reached that avoids further damage to consumers. If this were simply a federal or state class action for violations of consumer protection laws, then such court's ability may be limited to awarding damages or imposing fines. There would be no ability to structure a sale to a buyer that would comply with the law or be found in contempt of court.

Additionally, the bankruptcy court has the ability to impose significant post-sale safeguards to protect consumers. Again, the interested purchasers with whom trustee has already been negotiating have agreed to permit the aforementioned post-sale monitor to be appointed by the bankruptcy court to audit and supervise compliance. In short, Trustee and his counsel have spent countless hours searching for a solution that protects the consumers. We welcome any input on additional safeguards.

Also, any proposed sale will model California State Bar Rule 1.17 including providing notice to clients that they have the ability to opt-out and terminate their contracts instead of receiving service from the buyer. As such, their right to decide that they are done with these contracts will be preserved. Only those people that choose to remain in the program

EXHIBIT 8
Page 63

22 June 2023
Page 5

will continue to be serviced by the purchasing law firm. The bankruptcy system offers the consumers the ability to prevent further and unnecessary damage.

Lastly, as we have advised in our moving papers for authority to pay the ad hoc committee counsel's fees, if an official committee is appointed, Trustee will withdraw his motion. Have you received responses from creditors willing to serve? We would hope that the UST will appoint a committee of consumer clients as opposed to just a single committee comprised of consumer clients and non-consumer creditors.

Thank you and I look forward to continuing to work with you on this very challenging case.

Sincerely,

Richard A. Marshack
Chapter 11 Trustee

Christopher Celentino
Trustee's Special Counsel

D. Edward Hays
Trustee's General Counsel

Christoper Ghio
Trustee's Special Counsel

4869-0863-7292, v. 1

EXHIBIT 8
Page 64

Exhibit "9"

**Pam Kraus**

---

| | |
|---|---|
| **From:** | Richard Marshack |
| **Sent:** | Monday, July 3, 2023 6:04 PM |
| **To:** | Peter Anderson; Ken Misken |
| **Cc:** | Pam Kraus; Ed Hays; Chrisopher Celentino; Michael Sweet; Nicholas A. Koffroth; Keith C. Owens; Christopher Ghio |
| **Subject:** | LPG |

Good evening Peter and Ken,

I obtained a $13,000,000 bond for this Chapter 11 estate.  The premium is $13,045 and is due now.

The estate is holding two buckets of funds:
(1) ACH pulls and
(2) loan proceeds earmarked solely for payroll and payroll and employee related expenses.

We also have about $8,000 from funds turnover from the debtors bank account.  We have used these funds to pay UST Quarterly fees.  We also were hoping to use these funds for emergency payments and for agent fees.

I do not have any other funds to pay the premium and I do not think I can pay from the loan proceeds as we represented to the court that the purpose of the loan was for employee related expenses.

I spoke with Ken and asked if I could use the ACH funds to pay the premium. To date we have not used any of the ACH funds.  The current balance in the ACH account is approximately $5m. Within a month we expect that to be over $10m and the bond amount has to be 150% of the deposit.

The bond is for the protection of the people who are ultimately entitled to the ACH funds. I originally made this request to Ken and Ken suggested that I put this request in writing and send it to both of you.

Do I have your approval to use the ACH funds to pay this and future bond premiums?

Your thoughts and assistance is greatly appreciated. If you consent I would ask that we enter into a stipulation which would also include the Unsecured Creditors Committee and seek Judge Clarkson's approval.

Thank you.

Richard


Richard Marshack, Esq.
MARSHACK HAYS, LLP
870 Roosevelt
Irvine, CA 92620
Mobile: 714 624-8000
Office: 949 333-7777

EXHIBIT 9
Page 65

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S OPPOSITION TO NOTICE OF MOTION AND MOTION BY OFFICE OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C.§1112(B)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 19, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **July 19, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR – MAIL REDIRECTED TO TRUSTEE**
THE LITIGATION PRACTICE GROUP P.C.
~~17542 17TH ST, SUITE 100~~
~~TUSTIN, CA 92780-1981~~

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 19, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 19, 2023 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **INTERESTED PARTY COURTESY NEF:** Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
- **ATTORNEY FOR CREDITOR SDCO TUSTIN EXECUTIVE CENTER, INC.:** Ronald K Brown ron@rkbrownlaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- **INTERESTED PARTY COURTESY NEF:** Randall Baldwin Clark rbc@randallbclark.com
- **INTERESTED PARTY COURTESY NEF:** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; clare@lesliecohenlaw.com
- **INTERESTED PARTY COURTESY NEF:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
- **ATTORNEY FOR CREDITOR CAROLYN BEECH:** Daniel A Edelman dedelman@edcombs.com, courtecl@edcombs.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Christopher Ghio christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **ATTORNEY FOR CREDITOR ANAHEIM ARENA MANAGEMENT, LLC and CREDITOR ANAHEIM DUCKS HOCKEY CLUB, LLC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR CITY CAPITAL NY:** Alan Craig Hochheiser ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **ATTORNEY FOR CREDITOR DEBT VALIDATION FUND II, LLC; CREDITOR MC DVI FUND 1, LLC; and CREDITOR MC DVI FUND 2, LLC:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **ATTORNEY FOR CREDITOR OHP-CDR, LP:** Razmig Izakelian razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR DEBTOR THE LITIGATION PRACTICE GROUP P.C.:** Joon M Khang joon@khanglaw.com
- **ATTORNEY FOR INTERESTED PARTY AD HOC CONSUMER CLAIMANTS COMMITTEE:** Ira David Kharasch ikharasch@pszjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Meredith King mking@fsl.law, ssanchez@fsl.law; jwilson@fsl.law
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Nicholas A Koffroth nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEFENDANT MARICH BEIN, LLC:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, P.C. and INTERESTED PARTY LIBERTY ACQUISITIONS GROUP INC:** Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR PHILLIP A GREENBLATT, PLLC:** Michael D Lieberman mlieberman@lipsonneilson.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR US TRUSTEE:** Kenneth Misken Kenneth.M.Misken@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **INTERESTED PARTY COURTESY NEF:** Byron Z Moldo bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com, dperez@ecjlaw.com
- **INTERESTED PARTY COURTESY NEF:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Victoria Newmark vnewmark@pszjlaw.com
- **ATTORNEY FOR US TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
- **ATTORNEY FOR COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **INTERESTED PARTY COURTESY NEF:** Teri T Pham tpham@epglawyers.com, ttpassistant@epglawyers.com
- **ATTORNEY FOR DEFENDANT GREYSON LAW CENTER PC; DEFENDANT HAN TRINH; DEFENDANT JAYDE TRINH; and DEFENDANT SCOTT JAMES EADIE:** Douglas A Plazak dplazak@rhlaw.com
- **ATTORNEY FOR DEFENDANT CONSUMER LEGAL GROUP, PC:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR MARI AGAPE:** Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Olivia Scott olivia.scott3@bclplaw.com
- **ATTORNEY FOR CHAPTER 11 TRUSTEE RICHARD A MARSHACK (TR):** Jonathan Serrano jonathan.serrano@dinsmore.com
- **ATTORNEY FOR CREDITOR UNITED PARTNERSHIPS, LLC:** Paul R Shankman PShankman@fortislaw.com, info@fortislaw.com
- **ATTORNEY FOR US TRUSTEE:** Leslie Skorheim leslie.skorheim@usdoj.gov
- **ATTORNEY FOR DEFENDANT BANKUNITED, N.A.:** Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **INTERESTED PARTY COURTESY NEF:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR AZZURE CAPITAL LLC and CREDITOR HI BAR CAPITAL LLC:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **ATTORNEY FOR CREDITOR DEBT RELIEF GROUP, LLC:** Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

4876-7324-4273, v. 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**