1  Kathleen P. March, Esq., (CA SBN 80366)
   **THE BANKRUPTCY LAW FIRM, PC**
2  10524 W. Pico Blvd, Suite 212, LA, CA 90064
3  Phone: 310-559-9224; Fax: 310-559-9133
   Email: kmarch@BKYLAWFIRM.com
4  *Counsel of Record for Greyson Law Center PC*
5  *on this Motion, on Greyson's Motion for*
   *Admin Claim, and defending adversary proc.*
6

7              UNITED STATES BANKRUPTCY COURT

8           CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

9   In re                          Bankruptcy Case No. 8:23-bk-10571-SC
                                    Chapter 11
10  THE LITIGATION PRACTICE          Adversary Proceeding no. 8:23-ap-01046-SC
11  GROUP, P.C.,

12                      Debtor.      **NOTICE OF MOTION AND MOTION** OF
13  AND IN                          *GREYSON LAW CENTER PC*, **FOR AN**
14                                  **ORDER, MADE IN BOTH ADVERSARY**
15  RICHARD A. MARSHACK,            **PROCEEDING AND LPG's MAIN BKY**
    Chapter 11 Trustee,
16                                  **CASE:**
                        Plaintiff,
17                                  **(1) VACATING THE 5/26/23** *LOCKOUT AND*
18  v.                              *PRELIMINARY INJUNCTION ORDER*, **AS TO**
19  TONY DIAB, an individual;       **GREYSON, BECAUSE THAT ORDER WAS**
20  DANIEL S. MARCH, an             **OBTAINED, AS TO GREYSON, BASED ON**
    individual; ROSA BIANCA
21  LOLI, an individual; LISA       **THE FALSE ALLEGATION IN THE**
    COHEN, an individual;           **SEALED, EX PARTE, MOTION TRUSTEE**
22  WILLIAM TAYLOR CARSS,
23  an individual; ENG TAING, an    **MARSHACK'S ATTORNEY, CELENTINO,**
    individual; HENG TAING, an      **FILED, MOVING FOR THAT** *ORDER,* **THAT**
24  Individual; MARIA EEYA
    TAN, an individual; JAKE        **GREYSON WAS AN ALTER EGO OF LPG;**
25  AKERS, an individual; HAN       **AND**
26
27

28  **NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
    THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
    ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
    ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
    AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND KATHLEEN P.
    MARCH, ESQ.**                                                    i

| 1 | TRINH, an individual; JAYDE | **(2) ORDERING CELENTINO TO** |
|---|---|---|

1 | TRINH, an individual; JAYDE TRINH, an individual [and 34 additional defendants]

        Defendants.

**(2) ORDERING CELENTINO TO IMMEDIATELY RETURN ALL GREYSON'S SEIZED PROPERT TO GREYSON, AND TO IMMEDIATELY RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/26/23 AND ON 6/12/23, A LOCKOUT CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND K. P. MARCH, ESQ.**

Hearing on this Motion is set for:
Date: January 3, 2024
Time:  11:00 a.m.
Place:  Courtroom of Bankruptcy Judge Scott Clarkson, by Zoom or
in person at: 411 West Fourth Street, Courtroom 5C
Santa Ana, CA 92701-4593

## NOTICE OF MOTION

**TO CHAPTER 11 TRUSTEE RICHARD MARSHACK, AND TO HIS ATTORNEY CHRISTOPHER CELENTINO, ESQ., TO THE OFFICE OF THE UNITED STATES TRUSTEE, TO DEBTOR LITIGATION PRACTICE GROUP, PC ("LPG"), AND TO ALL OTHER PARTIES IN INTEREST, AND TO COUNSEL OF RECORD FOR ALL OF THESE PARTIES:**

---

**PLEASE TAKE NOTICE** that on January 3, 2024 at 11:00 a.m., in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, either in person at 411 West Fourth Street, Courtroom 5C, Santa Ana, CA 92701-4593 or by Zoom, to be determined by the Court, *Greyson Law Center PC* ("Greyson") will and does move for an Order, **in both the adversary proceeding,  and in LPG's main bankruptcy case**:

(1)  vacating the 5/26/23 *Lockout and Preliminary Injunction Order* (entered in the adversary proceeding), **as to Greyson**, because that *Lockout and Preliminary Injunction Order* was wrongfully obtained **as to Greyson**, based on **false allegations** that Greyson was an alter ego of LPG,  made in the sealed, heard ex parte, Motion for that Order, filed by Trustee Marshack's attorney, Celentino;  but at the Bankruptcy Court hearing held on 6/12/23, Celentino admitted to this Court that Greyson was **NOT** an alter ego of LPG; and

(2)  ordering Celentino to immediately return all Greyson's seized property to Greyson, and to restore Greyson's access to all Greyson's data (including but not limited to Greyson's Microsoft Office account and documents and data stored therein), which Celentino seized, and locked Greyson out from accessing, starting on 6/2/23, and continuing on 6/12/23, access which Celentino has not restored to Greyson, to date this Motion is being filed;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLEASE TAKE FURTHER NOTICE** that this Motion is being filed both in

the above-captioned adversary proceeding, and in LPG's main bankruptcy case,

because the 5/26/23 *Lockout and Preliminary Injunction Order* was entered in the

adversary proceeding, but  Celentino's seizing all Greyson's computers and data, and

locking Greyson out of accessing any of Greyson's data from 6/2/23 to present, bears

on Greyson's Motion for Allowance and Payment of Administrative Expense, and that

Greyson Motion is filed in  LPG's main bankruptcy case.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this

Notice, the attached Memorandum of Points & Authorities, the attached Declaration

of Han Trinh and Kathleen P. March, Esq., with attached exhibits, plus on any

additional matter of which the Court may take judicial notice, including pleadings and

documents filed in this case.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy

Rule 9013-1(f), that no later than fourteen (14) days before the above stated hearing

date set forth above,  any Response/Opposition to the Motion must be written and

must be filed in Bankruptcy Court, CD CA, at 411 W. Fourth Street, Santa Ana,

California, 92701, and must be served upon counsel for Greyson Law Center PC as

listed on the upper-left hand of the first page of this Notice and Motion.  A copy of

Response/Opposition must be delivered to chambers of the Hon. Scott Clarkson,

---

**NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2) ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623 AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P. MARCH, ESQ.**                                                                iv

1    United States Bankruptcy Court, 411 W. Fourth Street, Suite 5130, Santa Ana,

2    California, 92701-4593, if over 25 pages long.

3
4    **PLEASE TAKE FURTHER NOTICE** that the failure to respond in writing

5    by the above stated deadline may be deemed by the Court to be a lack of objection to

6    the relief requested in the Motion.

7
8    Dated: December 6, 2023                    THE BANKRUPTCY LAW FIRM, PC

9                                              __/s/ Kathleen P. March_____
10                                             By: Kathleen P. March, Esq
                                               *Attorneys for Greyson Law Center, PC*
11                                             *on this Motion, on Greyson Motion for*
12                                             *Admin Claim, and defending Greyson*
                                               *in adv proc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P.
MARCH, ESQ.                                                                    v**

## <u>TABLE OF CONTENTS</u>

Notice of Motion…………………………………………………………………ii

Memorandum of Points and Authorities ……………………………………………1

I.     Greyson Law Center PC ("Greyson") moves this Court to Vacate the
       5/26/23 *Lockout and Preliminary Injunction Order*, <u>as to Greyson</u>, for
       having been obtained based on the false allegation in Celentino's Motion,
       that Greyson was an Alter Ego of Debtor LPG……………………………1

II.    Greyson Additionally moves this Court to Order Celentino to immediately
       return all Greyson's seized property to Greyson, and to immediately restore
       Greyson's access to all Greyson's data and accounts that Celentino froze
       Greyson out of, on 6/2/23 and thereafter, and which Greyson remains frozen
       out of, to date this Motion is filed………………………………………....1

III.   Greyson was <u>Never an Alter Ego</u> of Debtor LPG or of any of LPG's Alter
       Egos (e.g., Phoenix Law Group); Greyson Was and is a <u>Direct Competitor</u> of
       Debtor LPG, and of LPG's Alter Ego Phoenix Law Group, and is a Direct
       Competitor of Morning Law Group (Winning Bidder at Bankruptcy Sale of
       LPG's assets/clients on 8/4/23)……………………………………………2

IV.    Celentino/his Field Agents Seized Greyson's property and data, and locked
       Greyson out of accessing Greyson's data, based on making the <u>false
       allegation</u> to this Hon. Bankruptcy Court, that Greyson was an alter ego of
       debtor LPG, which caused this Court to grant the 5/26/23 *Lockout and*

**NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P.
MARCH, ESQ.**                                                                vi

*Preliminary Injunction Order*, as to Greyson.  as being an Alter Ego of

LPG……………………………………………………………………3

V.      At the Court hearing on 6/12/23, Celentino <u>admitted</u> to this Court that

Greyson is <u>NOT</u> an Alter Ego of LPG; Celentino Owed a duty to Greyson

and this Court, to Try to Undo the Damage Celentino had caused Greyson,

by the Lockout/Seizures Celentino had done to Greyson, pursuant to the

5/26/23 *Lockout and Preliminary Injunction Order* <u>obtained based on</u>

<u>Celentino's False Allegations that Greyson was an Alter Ego of LPG;</u> but

instead of Trying to Undo the Damage, Celentino did Additional Seizures

of Greyson Assets/Data, <u>after Court</u> on 6/12/23………………….……….6

VI.     Celentino Continues—<u>to Date this Motion is Being Filed</u>—to keep Greyson

locked out of Greyson's data on Greyson's computer, locked out of all of

Greyson's emails, and locked out of Greyson's website, though All of these

Things are Greyson's Property…………………………………………..10

VII.    CONCLUSION…………………………………………………………13

Declaration of Han Trinh *signed 12/5/23,* attaching Han Trinh's Declaration *signed*

*11/17/23*, with Exhibits ………………………………………………..…14

Declaration of Kathleen P. March, Esq., with Exhibits A-H………………..…….21

**NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P.
MARCH, ESQ.**                                                                                                        **vii**

## TABLE OF AUTHORITIES

### Cases

*Phillips v. Am. Airlines, Inc.*, No. 2:22-cv-03129-SSS-JPRx, 2022 WL 20273558, at *2 (C.D. Cal. Sept. 21, 2022)............................................................................7

*Arroyo v. Raspados Xpress LA, Inc.*, No. CV 19-7016 PA (ASX), 2020 WL 6106314, at *7 (C.D. Cal. Aug. 10, 2020)...........................................................................7

*Sandhu v. United States*, No. 2:05-cr-00449-KJM, 2020 WL 417542, at *6 (E.D. Cal. Jan. 27, 2020)....................................................................................................7

### Rules and Statutes

FRBP Rule 9011…………………………………………………………………7-8

California Rules of Professional Conduct Rule 3.3 [Duty of Candor Toward the Tribunal]…………………………………………………………………..6-7

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.**     **Greyson Law Center PC ("Greyson") moves this Court to Vacate the 5/26/23 *Lockout and Preliminary Injunction Order*, <u>as to Greyson</u>, for having been obtained based on the false allegation in Celentino's Motion, that Greyson was an Alter Ego of Debtor LPG**

Greyson's Motion moves this Court to vacate the 5/26/23 *Lockout and Preliminary Injunction Order*, **<u>as to Greyson</u>**, because that *Lockout and Preliminary Injunction Order* was wrongfully obtained **<u>as to Greyson</u>**, based on **<u>false allegations</u>** that Greyson was an alter ego of LPG, made by Trustee Marshack's attorney Celentino, in Celentino's sealed, heard ex parte, Motion for that *Order.*  There is no question that the alter ego allegation in Celentino's Motion was false, because at the Bankruptcy Court hearing held on 6/12/23, Celentino admitted to this Court that Greyson was **<u>NOT</u>** an alter ego of LPG (Declaration of Kathleen P. March, Esq. hereto, attaching Transcript of 6/12/23 hearing where Celentino admitted that Greyson was NOT an alter ego of debtor LPG.

**II.**     **Greyson Additionally moves this Court to Order Celentino to immediately return all Greyson's seized property to Greyson, and to immediately restore Greyson's access to all Greyson's data and accounts that Celentino froze Greyson out of, on 6/2/23 and thereafter, and which Greyson remains frozen out of, to date this Motion is filed**

In addition, Greyson, by this Motion, moves this Court to order Celentino to immediately return all Greyson's seized property to Greyson, and to restore Greyson's

---

**NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2) ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623 AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P. MARCH, ESQ.       1**

1
2
3
4    access to all Greyson's data (including but not limited to Greyson's Microsoft office

account and documents and data stored therein), which Celentino seized, and locked

Greyson out from accessing, starting on 6/2/23, with Greyson's LUNA account being

5
6    fully seized and locked on 6/14/23, two days after the 6/12/23 hearing, access which

7
8    Celentino has not restored to Greyson, to date this Motion is being filed.  (Han Trinh's

two Declarations attached hereto, one dated 12/5/23, the other dated 11/17/23).

9

10    **III.    Greyson was <u>Never an Alter Ego</u> of Debtor LPG or of any of LPG's**

11    **Alter Egos (e.g., Phoenix Law Group); Greyson Was and is a <u>Direct</u>**

12    **<u>Competitor</u> of Debtor LPG, and of LPG's Alter Ego Phoenix Law**

13    **Group, and is a Direct Competitor of Morning Law Group (Winning**

14    **Bidder at Bankruptcy Sale of LPG's assets/clients on 8/4/23)**

15    Greyson Law Center PC ("Greyson") was <u>never an alter ego</u> of Debtor LPG.

16
17    Greyson was never an alter ego of (Han Trinh Declarations hereto).   Greyson was and

is a **<u>direct competitor</u>** of debtor LPG, a direct competitor of LPG's alter ego Phoenix

18
19    Law Group, and a direct competitor of Morning Law Group (winning bidder at

20    bankruptcy sale of LPG's assets/clients on 8/4/23) (Han Trinh Decls hereto).

21
22    The 5/26/23 *Lockout and Preliminary Injunction Order* that Trustee Marshack's

23    attorney Christopher Celentino ("Celentino") obtained, was **<u>wrongfully obtained</u>, as**

24    **to Greyson**, by the **<u>false allegation</u>** in Celentino's Motion for the 5/26/23 *Lockout*

25
26    *and Preliminary Injunction Order* that Greyson was an alter ego of debtor LPG. (Han

27

28
NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P.
MARCH, ESQ.                                                                                          **2**

Trinh Decls. hereto).  Greyson had no opportunity to defend itself on that Motion, which was filed under seal, heard and granted on no notice to Greyson, in Trustee's adversary proceeding complaint which had not been served on Greyson.  (March Decl hereto, attaching pacer dockets proving this).

Celentino's false allegations, Celentino's failure to promptly move to vacate the **wrongful as to Greyson** 5/26/23 *Lockout and Preliminary Injunction Order* (even after Celentino admitted, on 6/12/23, that Greyson is NOT an alter ego of LPG), Celentino's continuing, to present, to keep Greyson's computers and additional property Celentino/his field agents seized from Greyson on 6/2/23, Celentino continuing, to present, keeping Greyson locked out of accessing the essential data on Greyson's computers, keeping Greyson locked out accessing Greyson's emails, keeping Greyson locked out accessing of Greyson's website, and Celentino continuing to divert Greyson's US mail—is tortious, including that Celentino's improper behavior constitutes **unfair competition** by debtor LPG**, against LPG's direct competitor Greyson**.  (March Decl hereto).

IV.    **Celentino/his Field Agents Seized Greyson's property and data, and locked Greyson out of accessing Greyson's data, based on making the <u>false allegation</u> to this Hon. Bankruptcy Court, that Greyson was an alter ego of debtor LPG, which caused this Court to grant the 5/26/23**

***Lockout and Preliminary Injunction Order***, **as to Greyson.  as being an Alter Ego of LPG**

As the Declaration of attorney Kathleen P. March hereto explains, Trustee Marshack's attorney, Christopher Celentino ("Celentino), only obtained the 5/26/23 *Lockout and Preliminary Injunction Order* against Greyson Law Center PC ("Greyson") based on the **false** allegation that Greyson was an alter ego of debtor Litigation Practice Group PC ("LPG").

 On 6/15/23, Celentino filed an amended adversary proceeding complaint which **deleted** the allegations that Greyson was an alter ego of LPG.  The amended complaint only alleged (still in error) that Greyson had received fraudulent transfers from alter egos of debtor LPG, such as from alter ego Phoenix Law Group.  (March Decl).

The allegations that Greyson had received fraudulent transfers from LPG/LPG's alter egos, made in Celentino's amended Complaint filed 6/15/23, would **not** have entitled Trustee to obtain, against Greyson, the 5/26/23 *Lockout and Preliminary Injunction Order* that Celentino did obtain against Greyson, based on Celentino's false allegations that Greyson was an alter ego of debtor LPG.  (March Decl hereto) The Greyson-received-fraudulent-transfers-from-LPG/LPG-alter-egos allegations made in Celentino's 6/15/23 amended Complaint would **not** have entitled Celentino to be granted an order allowing Celentino to lock Greyson out of its offices, seize

Greyson's client files, or seize and lock Greyson out of Greyson's computers/computer data—all of which were Greyson's property. (March Decl; Han Trinh Decls)

The 6/15/23 Complaint's allegations, that Greyson received fraudulent transfers from LPG, would **not** have entitled Celentino to seize all the data on those computers, or to lock Greyson out of accessing the data on Greyson's own computers, including locking Greyson out of accessing the data from Greyson's computers that was saved (backed up on the "cloud"). (March Decl)

The allegations in Celentino's 6/15/23 amended complaint,  that Greyson received fraudulent transfers from LPG/LPG's alter egos—allegations which did not specify what dollar amounts, what dates, from what sources—would not have entitled Celentino to seize, and lock Greyson out of accessing,  all Greyson's 100-plus email accounts and all emails on those accounts;  and would not have entitled Celentino to seize and lock Greyson out of Greyson's website, seize and lock Greyson out of accessing Greyson's bank account and Greyson's payment processor; or seize and lock Greyson out of Greyson's LUNA client management system. (March Decl) Nor would allegations that Greyson received fraudulent transfers have entitled Celentino to divert Greyson's US mail to Celentino.  But Celentino did all these things.   (March Decl hereto.   Han Trinh Decls hereto attest that Celentino did all those things, and attest that except for letting Greyson access LUNA, on 7/4/23, for two weeks only,

**NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2) ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623 AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P. MARCH, ESQ.**                                                                                          **5**

that Celentino still has Greyson locked out of everything else, to date this Motion is

being filed).

**V.  At the Court hearing on 6/12/23, Celentino <u>admitted</u> to this Court that Greyson is <u>NOT</u> an Alter Ego of LPG; Celentino Owed a duty to Greyson and this Court, to Try to Undo the Damage Celentino had caused Greyson, by the Lockout/Seizures Celentino had done to Greyson, pursuant to the 5/26/23 *Lockout and Preliminary Injunction Order* <u>obtained based on Celentino's False Allegations that Greyson was an Alter Ego of LPG;</u> but instead of Trying to Undo the Damage, Celentino did Additional Seizures of Greyson Assets/Data, <u>after Court on 6/12/23</u>**

At the Bankruptcy Court hearing held on 6/12/23, Celentino <u>**admitted**</u> to this

Court that Greyson was <u>**not**</u> an alter ego of LPG.  See <u>**Exhibit G**</u> to March Declaration

hereto, which is the transcript of the 6/12/23 court hearing, where Celentino, admitted,

at bottom p.33 to top p.34 of Transcript, that Greyson was NOT an alter ego of LPG.

An attorney (here Celentino) who obtains a Lockout and Preliminary Injunction

Order based on alleging the Respondent (here Greyson) is an alter ego of the debtor—

an allegation that attorney later admits is FALSE—owes a duty to promptly try to fix

the damage the attorney's false allegation has caused to the victim (here Greyson).

(March Decl).

California Rules of Professional Conduct Rule 3.3 [Duty of Candor Toward the

Tribunal] states:

NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P.
MARCH, ESQ.                                                                                   **6**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"(a) A lawyer shall not:

"(1) knowingly* make a false statement of fact or law to a tribunal* or **fail to correct a false statement of material fact or law previously made to the tribunal* by the lawyer**; ..."

...

"(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding."

[bold/underline added for emphasis; asterisks denote terms defined in Rule 1.0.1]

Federal court cases refer to the California Rules of Professional Conduct, specifically Rule 3.3(a)(1)'s duty of candor to the Court. See, e.g., *Phillips v. Am. Airlines, Inc.*, No. 2:22-cv-03129-SSS-JPRx, 2022 WL 20273558, at *2 (C.D. Cal. Sept. 21, 2022); *Arroyo v. Raspados Xpress LA, Inc.*, No. CV 19-7016 PA (ASX), 2020 WL 6106314, at *7 (C.D. Cal. Aug. 10, 2020) ("...the Center for Disability Access has not only seriously eroded the credibility of the members of its firm, but appears to have violated California Rule of Professional Conduct 3.3(a)(1)..."); *Sandhu v. United States*, No. 2:05-cr-00449-KJM, 2020 WL 417542, at *6 (E.D. Cal. Jan. 27, 2020) ("Both Thurmond and Nieves are licensed attorneys bound by a professional duty ... not to make false or misleading statements to the court. See ... Cal. R. of Prof. Conduct 3.3(a)(1).").

Celentino/his law firm additionally violated FRBP Rule 9011, which requires that an attorney perform adequate investigation regarding factual contentions. Rule 9011(b)[Representations to the Court] states:

NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2) ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623 AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P. MARCH, ESQ.                                                                                                       7

1
2
3
4

"(b) REPRESENTATIONS TO THE COURT.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, **written motion**, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**,—

5
6
7
8

> …
>
> (3)    **The allegations and other factual contentions have evidentiary support** or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;"   [bold/underline added for emphasis]

9
10

Here Celentino was required to perform "**reasonable inquiry**" regarding

11

whether or not Greyson was an alter ego of debtor LPG, **before** Celentino filed

12

Celentino's Motion moving for the *Lockout and Preliminary Injunction Order* **against**

13
14

**Greyson**.  Celentino had over two months to investigate:  Debtor LPG filed

15

bankruptcy on 3/20/23.  Celentino's adversary proceeding and *Motion* was not filed

16

until 5/25/23; *Lockout and Preliminary Injunction Order* entered 5/26/23  (see main

17
18

case, and adversary proceeding pacer dockets attached to March Decl hereto).

19

Reasonable investigation by Celentino, as required by FRBP Rule 9011(b)(3),

20

to ascertain whether or not there was evidentiary support for alleging Greyson was an

21
22

alter ego of LPG, was particularly essential here, because Celentino moved by sealed

23

Motion, and had his Motion heard and granted ex parte (no notice to Greyson), so

24

Greyson had no opportunity to appear and defend itself, before the 5/26/23 *Lockout*

25
26

*and Preliminary Injunction Order* was granted against Greyson.  (March Decl hereto).

27
28

NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2) ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623 AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P. MARCH, ESQ.                                                                                          8

Celentino failed his Rule 9011(b)(3) duty to perform reasonable inquiry to determine whether or not Celentino had **evidentiary support** for alleging Greyson was an alter ego of LPG, **before** Celentino moved for the *Lockout and Preliminary Injunction Order* against Greyson:  On 6/12/23, Celentino admitted to this Court that Greyson was NOT an alter ego of LPG.  If Celentino had done reasonable inquiry, as required by Rule 9011(b)(3), to determine whether or not Celentino had **evidentiary support** for moving for the *Lockout and Preliminary Injunction Order* **against Greyson, before** Celentino moved for the *Lockout and Preliminary Injunction **Order** against Greyson*, Celentino would have determined that Greyson was NOT an alter ego of LPG, **before** Celentino moved for and obtained the *Lockout and Preliminary Injunction Order* against Greyson.  (March Decl hereto).

By 6/12/23—at the latest—Celentino knew that Celentino's Motion moving for the Lockout and Preliminary Injunction Order, had obtained the *Lockout and Preliminary Injunction Order*, **as to Greyson**, based on the **false allegation** in Celentino's Motion, that Greyson was the alter ego of debtor LPG.  We know this, because at the 6/12/23 bankruptcy court hearing, Celentino admitted to this Court that Greyson was NOT the alter ego of debtor LPG, and on 6/15/23, Celentino amended his adversary proceeding complaint, to remove the allegation that Greyson was the alter ego of debtor LPG.  (March Declaration hereto, attaching 6/12/23 hearing transcript as Exhibit G, see pp.33 bottom to 34 top, where Celentino admits this to the

**NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2) ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623 AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P. MARCH, ESQ.                                                                                                    9**

Court.  On 6/12/23, Celentino had a duty to request the Court to vacate the *Lockout and Preliminary Injunction Order* **as to Greyson.  But Celentino did not request, or move, to vacate the 5/26/23** *Lockout and Preliminary Injunction Order*, **as to Greyson**, then, or ever, to present. Celentino had a duty to return Greyson's seized property to Greyson, and to restore Greyson's access, to all Greyson's data which Celentino/his field agents, had locked Greyson out of, beginning on 6/2/23 and lockout completed on 6/14/23.  (Han Decl.  hereto)

It was knowingly improper conduct by Celentino, that **after Court** on 6/12/23, Celentino/his field agents, seized Greyson's LUNA account, and locked Greyson out of being able to access Greyson's LUNA account, and kept Greyson locked out from accessing Greyson's LUNA account,  from 6/12/23 to present, except for a two-week period in July 2023, where Celentino allowed Greyson limited (and insufficient) temporary access to Greyson's LUNA account. (Han Trinh's 2 Declarations hereto). Greyson having access to Greyson's LUNA account was essential for Greyson to operate, because Greyson's LUNA account contained Greyson's data base for managing work done by Greyson attorneys defending consumer debtor clients in lawsuits, nationwide.  (Han Trinh's 2 declarations hereto).

**VI.    Celentino Continues—to Date this Motion is Being Filed—to keep Greyson locked out of Greyson's data on Greyson's computer, locked**

**out of all of Greyson's emails, and locked out of Greyson's website,**

**though All of these Things are Greyson's Property**

Instead of Celentino taking steps to try to undo the damage the 5/26/23 *Lockout and Preliminary Injunction Order* had caused to Greyson—**wrongfully issued against Greyson based on the false allegation of Celentino's declarants that Greyson was the alter ego of LPG**—Celentino, on 6/12/23, **after Court**, increased the damage to Greyson, by Celentino seizing and locking Greyson out of Greyson's LUNA account and data base, which contained Greyson's data regarding which Greyson attorneys were defending which consumer defendants,  in which courts, nationwide.  (Han Trinh Decls hereto).  Greyson's LUNA account and data base were essential to Greyson, to operate, to keep track of what Greyson attorneys were defending what consumer debtors, in what suits, nationwide. (Han Trinh Decls hereto).

Celentino/his field agents have never, to date this Motion is being filed, returned to Greyson the multiple Greyson computers that Celentino's field agents seized from Greyson's offices during the 6/2/23 lockout, nor restored Greyson's access to the data on those Greyson computers (stored on "the cloud").  (Han Trinh Decls hereto).  That includes Celentino/his field agents never returned the computers seized on 6/2/23—or allowed Greyson personnel to access the data on those computers—of Greyson's administrator Han Trinh, of Greyson's supervising attorney

NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P.
MARCH, ESQ.                                                                          11

Scott Eadie, Esq., or of Greyson attorney Jayde Trinh, Esq., all seized at Greyson's offices on 6/2/23. (Han Trinh Decls hereto)

To and including the date this Motion is being filed, Celentino/his field agents have NOT restored Greyson's access to Greyson's data, to Greyson's email accounts, to Greyson's website—all of which are owned by Greyson, and which Celentino has no right to continue to deny Greyson access to. (Han Trinh Decls hereto) In addition, Celentino/his field agents continue to divert (and NOT forward to Greyson) US mail addressed to Greyson.

Greyson's herein motion for order ordering Celentino/Celentino's field agents, to immediately return to Greyson the Greyson computers seized from Greyson's offices during the 6/2/23 lockout, and to immediately restore Greyson's access to all of Greyson's data, emails and website, which Celentino/his field agents have preventing Greyson from accessing starting on 6/2/23, to present.

To carry on its business, Greyson must have access to the data on Greyson's computers, which Celentino/his field agents locked Greyson out from accessing, immediately after Celentino/his field agents seized those computers from Greyson's offices on 6/2/23. (Han Trinh Decl). The data on Greyson's computers includes essential contracts and invoices. (Han Trinh Decl)

//

1

**VII.  CONCLUSION**

2

3

    This Court should grant Greyson's herein Motion, (1) to vacate the 5/26/23

4

*Lockout and Preliminary Injunction Order* as to Greyson, and (2) to order

5

Celentino/his field agents to immediately (within 48 hours of Court's ruling) (1)

6

7

restore Greyson's access to all data on Greyson's computers which Celentino/his field

8

agents seized and locket Greyson out from accessing, (2) restore Greyson's access to

9

all Greyson's email accounts and emails thereon, (3) restore Greyson's access to

10

Greyson's website, which Celentino locked Greyson out from accessing.  (Han Trinh

11

12

Decls hereto, March Decl. hereto).

13

    The Order granting this Motion should be entered in both adversary proceeding

14

8:23-ap-01046-SC, and in LPG's main bankruptcy case, 8:23-bk-10571-SC.

15

16

Dated:  December 6, 2023            THE BANKRUPTCY LAW FIRM, PC

17

18                          __/s/ Kathleen P. March_____
                            By: Kathleen P. March, Esq

19                          *Attorneys for Greyson Law Center, PC*

20                          *on this Motion, on Greyson's Motion for*
                            *Admin Claim, and defending Greyson*

21                          *in adv proc.*

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF *GREYSON LAW CENTER PC*, FOR AN ORDER (1) VACATING
THE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON, AND (2)
ORDERING TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, TO RESTORE *GREYSON'S* ACCESS TO
ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/2623
AND 6/12/23, CONTINUING TO PRESENT; DECLARATIONS OF HAN TRINH AND  KATHLEEN P.
MARCH, ESQ.                                                         13**