Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

*Proposed* Counsel For Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>**RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO POCKET BRIEFS ADDRESSING QUESTIONS RAISED IN COURT'S ORDER REQUESTING ADDITIONAL BRIEFING IN SUPPORT OF SALE MOTION**<br><br>**Hearing Date and Time**<br><br>Date:    July 21, 2023<br>Time:    10:00 a.m.<br>Location:  Courtroom 5C<br>              411 West Fourth Street<br>              Santa Ana, California 92701<br>                   or<br>              *via ZoomGov* |

The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group, P.C. (the "Debtor") appointed in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits this response (the "Response") to the pocket briefs filed by the Trustee[2] [Docket No. 260], the United States Trustee (the "UST") [Docket No. 259], and Consumer Legal Group, P.C. ("CLG") [Docket No. 257] addressing the questions raised in the Court's *Order Requesting Additional Briefing in Support of Sale Motion* [Docket No. 206] (the "Sale Briefing Order").  In support of this Response, the Committee refers to the record in this Bankruptcy Case, its *Brief Addressing Questions Raised in Court's Order Requesting Additional Briefing in Support of Sale Motion* [Docket No. 264] (the "Committee's Pocket Brief"), and the argument of counsel at any hearing on the Sale Motion (defined below), and respectfully states as follows:

## I.

## **RESPONSE**

After reviewing the pocket briefs filed by the parties referenced above, the Committee's position remains that the LSAs are not void as a matter of law and that the Court has the authority to reform them in connection with an assignment to CLG or another buyer to repair any infirmities with the LSA.  In particular, the Committee does not believe that the Debtor is a "credit repair organization" subject to the CROA based on the nature of the services provided by the Debtor, and that even if the TSR applies to the Debtor, the LSAs would not be void and that any legally questionable terms can be severed or reformed.

However, as discussed in the Committee's Pocket Brief and as further detailed in the Committee's opposition to the Sale Motion filed contemporaneously herewith, the Committee has concerns with the process and the current version of the purchase and sale agreement as proposed.

---

[1] Unless otherwise defined herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

[2] Unless otherwise defined herein, capitalized terms shall have the same meaning set forth in the Committee's *Brief Addressing Questions Raised in Court's Order Requesting Additional Briefing in Support of Sale Motion* [Docket No. 264].

1   For the proposed sale and assignment of the LSAs to pass muster, it is paramount that reformation of the LSAs, and the process generally, include certain protections to ensure that the LSAs are legally compliant with all applicable law and that the Debtor's clients will not be prejudiced. In this vein, the Committee appreciates that the Trustee's pocket brief (the "Trustee's Pocket Brief") notes that the process and reformation of the LSAs will include: (i) a 90-day opt-out provision for the Debtor's clients; (ii) "removing telemarketing services from the practice as a whole *and* restricting fees to an 'as earned' model for provision of legal services"; (iii) compliance with the CROA and TSR; and (iv) installing a monitor.[3] Trustee's Brief at 8-9. The Committee also appreciates CLG's representations in its pocket brief that the sale will comply with the California Rules of Professional Conduct. The Committee believes that these are all necessary safeguards, but the devil is in the details and the sufficiency of these protections will turn on the form of each. To that end, it is imperative that the Committee be involved in the process of reviewing and crafting these and other safeguards mentioned in the Committee's Pocket Brief and its opposition to the Sale Motion. Further, the Reformed Agreements cannot impose more onerous terms than the original LSAs, including, notably, altering the refund provision to make any fees paid deemed "earned" and non-refundable upon payment. *See* proposed Reformed Agreement at Exhibit C to Committee's Pocket Brief. There must also be clear disclosure of how fees under the Reformed Agreements are to be calculated to determine if they are reasonable. The Committee has been involved in substantive negotiations with the Trustee and CLG and is optimistic that these issues can be addressed by the hearing on the sale.

The UST in its pocket brief (the "UST's Pocket Brief") urges the Court to exercise "discretion to prevent any further harm to consumers." UST's Pocket Brief at 7. As discussed in the Committee's Pocket Brief, potential harm and prejudice to consumers in the proposed transaction can be negated through appropriately reforming the LSAs and having the robust protections highlighted in the Committee's papers. Notably, through an appropriately drafted and noticed opt-out provision, the Debtor's clients will have a "meaningful" choice in either continuing

---

[3] The Committee also notes the Declaration of the proposed monitor, Nancy Rapoport, filed in support of the Sale Motion [Docket No. 283], outlining her anticipated duties.

to receive the services they originally contracted for, but under a legally compliant framework, or will have the opportunity to opt-out. As set forth in the Committee's Pocket Brief, numerous courts have found that a sufficient opt-out provision manifests consent and negates unconscionability. *See* discussion in Committee's Pocket Brief at 15-17. The presence of a monitor will also provide independent oversight on going forward basis. Additionally, if consummated, the sale will produce proceeds for the estate that may not otherwise be generated, thereby enhancing recovery for creditors, largely consisting of the Debtor's clients. All told, if done properly, the Debtor's clients will be provided with a meaningful choice as to how to proceed as well as prospects for a potential recovery in the Bankruptcy Case.

The UST also cites the Supreme Court's decision in *Cigna Corp. v. Amara*, 563 U.S. 421 (2011), for the statement that "[t]he power to reform contracts (as contrasted with the power to enforce contracts as written) is a traditional power of an equity court, not a court of law, and was used to prevent fraud." The Supreme Court has observed that bankruptcy courts are inherently courts of equity and have broad equitable powers under section 105(a) of the Bankruptcy Code. *See In re Bonham*, 229 F.3d 750, 763 (9th Cir. 2000) (*citing Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238 (1939)) ("[F]or many purposes, courts of bankruptcy are essentially courts of equity, and their proceedings in inherently proceedings in equity."); *In re Mercado*, 124 B.R. 799, 802 (Bankr. C.D. Cal. 1991) (*citing United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139 (1990) (observing that the broad power of the bankruptcy under § 105(a) is "consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships.")). As a court of equity, bankruptcy courts "may look through form to the substance of a transaction and devise new remedies where those at law were inadequate." *In re Chinichian*, 784 F.2d 1440, 1444 (9th Cir. 1986). As noted in the Committee's Pocket Brief, bankruptcy courts have recognized the ability to form an agreement, including through the equitable authority under section 105(a). *See, e.g.*, *In re Creger*, 403 B.R. 381, 386 (Bankr. W.D. Va. 2009) (observing that with respect of reforming agreement, a "bankruptcy court may grant such equitable relief pursuant to 11 U.S.C. § 105 if 'necessary or appropriate to carry out the provision[s] of this title.'"); *In re Gilmore*, 284 B.R. 801 (Bankr. E.D. Va. 2002) (noting

the availability of reformation of an agreement as an equitable remedy). Indeed, the UST points to no provision of the Bankruptcy Code that would preclude the Court from exercising its equitable power. *Cf. Law v. Siegel*, 571 U.S. 415, 425 (2014) (holding that a bankruptcy court cannot invoke its equitable power to contravene specific provisions of the Bankruptcy Code). This is an opportunity for the Court to exercise its equitable authority and devise a remedy to further the interests of creditors, including providing them with a meaningful choice on how to proceed while providing reasonable oversight to ensure compliance with applicable law, and significantly increases the estate's recovery prospects.

Additionally, the UST's Pocket Brief contains a discussion that bankruptcy courts (and federal courts, generally) will refuse to entertain cases involving illegal conduct. UST's Pocket Brief at 13-15. Assuming, *arguendo,* that the Debtor engaged in illegal conduct, as discussed in the Committee's Pocket Brief and the Trustee's Pocket Brief, Judge Bason in *In re Hacienda*, noted that many debtors, ranging from large corporation to individuals, enter bankruptcy under a cloud of criminal activity, and that bankruptcy courts should defer to prosecutors, private attorneys, class action representatives, plaintiffs, and government authorities, to address violation of non-bankruptcy law. *In re Hacienda Co., LLC*, 647 B.R. 748, 754-55, 757 (Bankr. C.D. Cal. 2023).

Lastly, with respect to the disposition of client fee payments being held by the Trustee, the Committee submits that any funds collected by the Trustee since his appointment should be refunded to the clients that opt-out under a Court-supervised process. With respect to amounts previously collected by the Debtor, the disposition of those funds can be addressed at a later date, including through a plan.

**II.**

**RESERVATION OF RIGHTS**

The Committee continues to engage in negotiations with the Trustee regarding various terms of the proposed sale, the Trustee's form purchase and sale agreement and related documents including draft notices. The Committee expressly reserves all rights with respect to substantive briefing and argument on the Sale Motion. Nothing contained herein shall be construed as an

admission with respect to the Sale Motion, a waiver of arguments, claims, or defenses, or an election of remedies.

### III.

### CONCLUSION

Based on the foregoing, the Committee respectfully submits that the LSAs may be assumed, assigned and reformed, provided that the process and terms include certain protections for the Debtor's consumer clients, including an appropriate and sufficient opt-out notice.

Dated: July 19, 2023                    Respectfully submitted,

                                        **FOX ROTHSCHILD LLP**

                                        By: */s/Keith C. Owens*
                                        Proposed Counsel to Official Committee
                                        of Unsecured Creditors

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO POCKET BRIEFS ADDRESSING QUESTIONS RAISED IN COURT'S ORDER REQUESTING ADDITIONAL BRIEFING IN SUPPORT OF SALE MOTION on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/19/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**    rbc@randallbclark.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Daniel A Edelman**    dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Joon M Khang**    joon@khanglaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**    mlieberman@lipsonneilson.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Active\118774763.v1-1/20/21

- **Alan I Nahmias**  anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**  vnewmark@pszjlaw.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Teri T Pham**  tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**  dplazak@rhlaw.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**  gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Olivia Scott**  olivia.scott3@bclplaw.com
- **Jonathan Serrano**  jonathan.serrano@dinsmore.com
- **Paul R Shankman**  PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**  leslie.skorheim@usdoj.gov
- **Andrew Still**  astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**  sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Johnny White**  JWhite@wrslawyers.com, jlee@wrslawyers.com;eweiman@wrslawyers.com

**2.    SERVED BY UNITED STATES MAIL**:  On July 19, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Parties not on ECF but require service of filings:

Grobstein Teeple LLP
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630

Jason Patterson Stopnitzky
52 Cupertino Circle
Aliso Viejo, CA 92656

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 19, 2023, I served the following persons and/or entities by personal delivery,  mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

| 7/19/2023 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |