**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No.: 169446)
*sharon.weiss@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Olivia J. Scott (State Bar No. 329725)
olivia.scott3@bclplaw.com
1920 Main Street, Suite 1000
Irvine, CA 92614-7276
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Secured Creditor Azzure Capital LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| The Litigation Practice Group P.C., | Hon. Scott C. Clarkson |
| Debtor. | Chapter 11 case |
| | **SECURED CREDITOR AZZURE CAPITAL LLC'S RESPONSE AND RESERVATION OF RIGHTS TO TRUSTEE'S MOTION FOR SALE OF PROPERTY OF THE ESTATE UNDER SECTION 363(B)** |
| | Date:       July 21, 2023<br>Time:       10:00 A.M.<br>Location:    Via Zoom and Courtroom "5C"<br>                411 W. Fourth Street<br>                Santa Ana, CA 92701 |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Secured Creditor Azzure Capital LLC ("**Azzure**"), through its undersigned counsel, hereby submits its Response and Reservation of Rights to the *Motion of Trustee Richard A. Marshack for Entry of an Order (A) Approving Sale, Subject to Overbid, of Assets Free And Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements* [ECF 191] (the "**Sale Motion**") (altogether, the "**Response**").

## I.    BACKGROUND

On or around February 7, 2023, Azzure made a loan to Debtor The Litigation Practice Group PC ("**Debtor**") in the total principal amount of $2,550,000.00 ("**Loan**"), which Loan was evidenced by a promissory note issued to and for the benefit of Azzure, granting a security interest to Azzure in certain "Collateral" defined in Section 9 of that promissory note ("**Note**"). The security interest memorialized in the Note was then perfected by the assignment of an already-filed UCC-1 Financing Statement filed under number U210050853928 ("**UCC Financing Statement**"), which expressly lists "The Litigation Practice Group P.C." as one of the Debtors. Both the Note and the UCC Financing Statement are attached hereto as Exhibits A and B, respectively.

On March 20, 2023, Debtor filed a voluntary bankruptcy case under chapter 11which is pending in the above-captioned Court. As of the date of this Response, Azzure contends that its secured claim totals no less than $5 million plus attorney's fees as permitted under Section 17 of the Note.[1]

On July 7, 2023, Trustee Richard Marshack ("**Trustee**") filed the Sale Motion. Through the Sale Motion, Trustee seeks authority from the Court to sell certain of the Debtor's assets including, leases, equipment, furniture, consumer client accounts, prepayments, legal service agreements, intellectual property, pending licenses, and certain proprietary property belonging to the Debtor, all of which is defined in Section V.A of the Sale Motion (the "**Assets**"). On July 10, 2023, the Court issued an Order Requesting Additional Briefing In Support of the Sale Motion [ECF 206] ("**Additional Briefing Order**"). In its Additional Briefing Order, the Court expressly

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

---

[1] Azzure Capital expects to file its proof of claim before the sale hearing on July 21, 2023.

1  requested that any interested parties submit additional briefing relating to whether the Court had

2  authority to sell business assets of the Debtor, which the Court deemed may have resulted from

3  Debtor's potentially illegal pre-petition business model.

4      Azzure now submits this Response to the Sale Motion: (1) joining and incorporating

5  herein by reference (a) the Trustee's arguments regarding the validity and legality of the Debtor's

6  pre-petition business model as set forth in the Sale Motion; and (b) the additional briefing filed by

7  the Official Committee of Unsecured Creditors ("**OCC**") [ECF 264], which also supports the

8  validity and legality of the Debtor's pre-petition business model; (2) supporting the Sale Motion

9  in part as in the best interest of creditors; and (3) objecting to the Sale Motion to the extent it

10  permits the estate to use sale proceeds prior to paying secured creditors[2] or, in the alternative, to

11  require the Trustee to hold and segregate the sale proceeds until the estate resolves any dispute

12  with Azzure regarding the allowance of its secured claim.

13  **II.**     **SUPPORT FOR THE SALE MOTION**

14      As indicated above, Azzure joins with the arguments made in both the Sale Motion and

15  the OCC's additional briefing, which indicate that Debtor's pre-petition business model is legal

16  under federal and state statutes and regulations. Accordingly, Azzure contends that the Court may

17  fairly authorize the sale of Debtor's Assets.

18      Moreover, sale of the Assets is in the best interest of _all_ creditors as the Assets to be sold

19  are the only immediate assets of value. Accordingly, the sale of the Assets provides all creditors

20  with the best chance of recovery.

21  **III.**     **LIMITED OBJECTION TO THE SALE MOTION**

22      Through the Sale Motion, Trustee seeks to sell the Assets free and clear of all liens with

23  any and all claims to the collateral to attached to the sale proceeds. [ECF 191]. Azzure objects to

24  the Sale Motion to the extent it proposes to use any sale proceeds prior to paying and/or

25  reconciling Azzure's claim. Azzure requests that this Court order the Trustee to reserve sufficient

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

---

[2] Azzure has no objection to the Court's ruling in connection with additional DIP financing which allows Pan America to credit bid the amount of interim financing.

2

USA.607984831.1/03U

funds from the sale proceeds and hold such funds in a separate, interest bearing account, until

such time as the Azzure Claim may be resolved and paid.

WHEREFORE, the undersigned respectfully requests that, in the event Azzure consents to

the sale, the order approving the Sale Motion should expressly provide that the estate set aside

sufficient funds from the sale proceeds to pay Azzure its secured claim.


Dated: July 19, 2023                    BRYAN CAVE LEIGHTON PAISNER LLP


                                        By: */s/ Sharon Z. Weiss*
                                            Sharon Z. Weiss
                                            Attorneys for Secured Creditor Azzure Capital LLC

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

RESPONSE AND LIMITED OBJECTION TO THE SALE MOTION
USA.607984831.1/03U

# EXHIBIT A

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

## BUSINESS SECURED PROMISSORY NOTE AND SECURITY AGREEMENT

### Two Million, Five Hundred Fifty Thousand Dollars ($2,550,000.00)

This promissory note (the "Note") is made and effective February 7, 2023 (the "Effective Date"), by and between The Litigation Practice Group PC, a California professional corporation, and Tony Diab, an individual, (collectively, the "Borrowers"), and Azzure Capital LLC, a New York limited liability company (the "Payee").

## 1.   PROMISE OF PAYMENT.

FOR VALUE RECEIVED, the Borrowers promise to pay to the Payee the principal amount of two million, five hundred fifty thousand dollars ($2,550,000.00), together with interest accruing on the unpaid balance thereof until due. The interest rate on this Note shall be an annual rate of interest equal to one hundred seventy percent (170%) percent, or the maximum amount allowed by applicable law, whichever is less. Interest shall be computed on the basis of a year of 365 days and the actual number of days elapsed.

All payments shall be made by made via wire transfer to:

| | |
|---|---|
| Name on Account: | Azzure Capital Operating |
| Address on Account: | 1865 65th Street<br>Brooklyn, New York |
| Name of Bank: | Optimum Bank |
| Address of Bank: | 2929 E. Commercial Blvd.<br>Fort Lauderdale, Florida 33308 |
| Routing No.: | 067015096 |
| Account No.: | 210031779 |

## 2.   WEEKLY INSTALLMENT PAYMENTS.

The Borrowers will pay said principal and interest to the Payee in fifty-two (52) equal installment payments, on Tuesday of each week or, in the event that a Tuesday falls on a bank holiday, on the next business day. All payments will be applied first to interest and the remainder to principal, and interest shall cease to accrue on any principal so paid. Acceptance by the Payee of any payment differing from the designated installment payment listed above does not relieve the Borrowers of the obligation to honor the requirements of this Note. A schedule of the Payments and the applicable remaining balance under the Note is attached hereto as **Schedule A.**

1

**Exhibit A Page - 1**

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

### 3.    ORIGINATION FEE.

The Borrowers shall pay to the Payee on or before the Effective Date one-time loan origination fee (the "Origination Fee") in the amount of fifty thousand dollars ($50,000.00), which fee has been fully earned, is due and payable upon the execution of this Note, and is non-refundable.

### 4.    INITIAL DATE.

The first payment under this Note is due and payable on the first (1st) Tuesday after the Effective Date. A like installment shall be due on the same day of each succeeding month thereafter.

### 5.    PREPAYMENT.

The Borrowers may prepay this Note, in whole or in part, at any time before maturity without penalty or premium other than the payment of all interest that has come due through the date the Payee receives the payment due under this Note in full.

### 6.    EVENTS OF DEFAULT.

The Borrowers will be deemed to be in default under this Note on the occurrence of any of the following events (each an "Event of Default"): (i) on the Borrowers' failure to make any payment when due under this Note; (ii) failure by Borrower to observe, perform, keep or abide by any term, covenant or condition contained in this Note or any other document or instrument given to the Payee in connection with or related to this Note, including any security agreement or other agreement or document now or hereafter evidencing or creating or perfecting any security for the payment of this Note; (iii) the further encumbering of the Collateral, as defined below, without the express written consent of the Payee; (iv) on the filing regarding either of the Borrowers of any voluntary or involuntary petition for relief under the United States Bankruptcy Code or the initiation of any proceeding under federal law or law of any other jurisdiction for the general relief of debtors; (v) on the execution by either of the Borrowers of an assignment for the benefit of creditors or the appointment of a receiver, custodian, trustee, or similar party to take possession of either of the Borrowers' assets or property; (vi) the death of any of the Borrowers or the Payee; and (vii) a misrepresentation by the Borrowers to the Payee for the purpose of obtaining or extending credit.

### 7.    ACCELERATION; REMEDIES ON DEFAULT.

On the occurrence of any Event of Default, at the option of the Payee, all principal and other amounts owed under this Note shall become immediately due and payable without notice or demand by the Payee, and the Payee, in addition to its rights and remedies under this Note, may pursue any legal or equitable remedies that are available to it.

### 8.    REPRESENTATIONS, WARRANTIES, AND COVENANTS.

The Borrowers make the following representations, warranties and covenants:

2

**Exhibit A Page - 2**

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

(a)     the Borrowers are the owner of or is acquiring the Collateral, as defined below, free of all liens, encumbrances and security interests (except Payee's security interest), and is the owner of all other Collateral free of all liens, encumbrances and security interests;

(b)     the proceeds of this Note will be used for business purposes only, and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods. The Borrowers understand the Payee is relying on the accuracy of this representation in disbursing the loan proceeds secured by the Note and that Borrowers' agreement not to use such loan proceeds for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods means that certain important duties imposed upon entities making loans for consumer/personal purposes, and certain important rights conferred upon consumers, pursuant to federal or state law will not apply to this Note, or any other document or instrument given to the Payee in connection with or related to this Note. The Borrowers also understands that the Payee will be unable to confirm whether the proceeds secured by this Note will be used for business purposes only.   The Borrowers acknowledge and agrees that a breach by the Borrowers of the provisions of this subsection 8(b) will not affect the Payee's right to enforce the Borrowers' promise to pay for all amounts owed under this Note, regardless of the purpose for which the proceeds secured by this Note are in fact obtained or use any remedy legally available to the Payee, even if that remedy would not have been available had the proceeds of secured by this Note been used for consumer purposes;

(c)     the Collateral will be kept at the Borrowers' address set forth in Section 13;

(d)     the Borrowers' names set forth above are their exact names on its organizing and/or registered documents, if any, and is the Borrowers' principal place of business. The Borrowers shall immediately advise the Payee of any change in Borrowers' name(s) or address(es);

(e)     the Borrowers are duly organized, validly existing and in good standing under the law of the jurisdiction in which it is organized, and has all licenses and authorizations necessary to carry on its business as now being conducted; the Borrowers have the full power and authority to execute, deliver and perform all transactions contemplated by this Note and the performance of and compliance with the terms of this Note will not violate the Borrowers' organizational documents or constitute a default of any contract, agreement or other instrument to which the Borrowers are a party;

(f)     The Borrowers have duly authorized the execution, delivery and performance of this Note and has duly executed and delivered this Note, and this Note constitutes a legal, valid and binding obligation of the Borrowers, enforceable against it in accordance with its terms;

(g)     there is no action, suit, proceeding or investigation pending or, to the Borrowers' knowledge, threatened against or affecting it or any of its assets before or by any

3

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

court or other governmental authority which, if determined adversely to it, would have a material adverse effect on its financial condition, business or prospects, or the value of the Collateral; and

(h)   the Borrower will provide any financial information on request or permit an examination of its books and records to permit the Payee to confirm Borrowers' ability to pay its obligations under the Note and all other financial obligations.

(i)   the Borrower has not been notified by any of its lenders that it is in default under the terms of any of its credit agreements, nor has the Borrowers done, caused to be done, or failed to do any act or omission that would result in a default under any credit agreement.

## 9.   GRANT OF SECURITY INTEREST

The Borrowers hereby grant to the Payee a security interest in all of the following property of the Borrowers (collectively, the "Collateral"):

(a)   all accounts, deposit accounts, contract rights, chattel paper, instruments, documents, general intangibles, commercial tort claims and other rights to payment of every kind now existing or at any time herein arising;

(b)   all inventory, goods held for sale or lease or to be furnished under contracts for service, or goods so leased or furnished, raw materials, component parts, work in process and other materials used or consumed in the Borrowers' business, now or any time hereafter owned or acquired by the Borrowers, wherever located, and all products thereof, whether in possession of the Borrowers, any warehousemen, any bailee or any other person or entity, or in process of delivery, and whether located at the Borrowers' places of business or elsewhere;

(c)   all right, title and interest of the Borrowers under licenses, guaranties, warranties, management agreements, marking or sales agreements, escrow contracts, indemnity agreements, insurance policies, service agreements, maintenance agreements and other similar contracts of every kind in which the Borrowers now have or at any time hereafter shall have an interest;

(d)   all the Borrowers goods, tools, machinery, furnishings, furniture and other equipment and fixtures of every kind now existing or hereafter acquired, and improvements, replacements, accessions and additions thereto, wherever located, including, without limitation, any of the foregoing now or at any time hereafter located at or installed on the land or in the improvements of any real property owned or leased by the Borrowers, and all such goods after they have been severed and removed from any of said real property;

(e)   all present and former general intangibles, all tax refunds of every kind of nature to which the Borrowers now or hereafter may become entitled, however arising, all other refunds, and all deposits, goodwill, choses in action, trade secrets, computer programs, software, customer lists, trademarks, trade names, patents, licenses, copyrights, technology, processes, proprietary information and insurance proceeds relating to or arising out of its business;

4

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

(f)    all present and future books and records, including, without limitation, books of account and ledgers of every kind and nature, all electronically recorded data relating to the Borrowers or the business thereof, all receptacles and containers for such records, and all files and correspondence, relating to or arising out of its business;

(g)    all present and future accessions, appurtenances, components, repairs, repair parts, spare parts, replacements, substitutions, additions, issue and/or improvements to or of or with respect to any of the foregoing;

(h)    all other tangible and intangible property of the Borrowers relating to or arising out of its business;

(i)    (i) trademarks, service marks, trade dress, and trade names and registrations and applications for registration thereof; (ii) (A) rights to art, audiovisual works, animations, cartoons, characters, choreography, compilations, collective works, emblems, films, film clips, graphics, images, illustrations, likenesses, motion pictures, musical compositions, performances, photographs, pictorial works, songs, song lyrics, sound recordings, video recording rights, scripts, screenplays, text, including, without limitation, the literary works, (B) publication rights, options, production rights, distribution rights, display rights, attribution rights, integrity rights, performance rights, mechanical rights, approval rights, and moral rights associated with the foregoing, and (C) publicity rights or privacy rights (or waivers or quitclaims thereof) of any person or entity; (iii) copyrights (registered or unregistered), registrations and applications for registration thereof, including all renewals, derivative works, enhancements, modifications, updates, new releases or other revisions thereof, and all works of authorship; (iv) trade secrets and other confidential information, including, but not limited to, ideas, processes, formulas, compositions, inventions (whether patentable or unpatentable and whether or not reduced to practice), know-how, production processes and techniques, drawings, specifications, designs, plans, proposals, technical data, copyrightable works, and financial and marketing plans; (v) other intellectual property rights; (vi) rights to third party warranties relating to the foregoing; (vii) copies and intangible embodiments of all of the foregoing (in whatever form or medium); (viii) all licenses where the Borrowers is licensee except where such license prohibits the granting of the security interest contemplated hereby in such license, and the goodwill symbolized by all of the foregoing an connected therewith throughout the world; (ix) all domain names and URL's and the goodwill symbolized by all of the foregoing and connected therewith throughout the world;

(j)    all rights, remedies, powers and/or privileges of the Borrowers with respect to any of the foregoing; and

(k)    whatever is receivable or received when any of the foregoing or the proceeds thereof are sold, leased, collected, exchanged or otherwise disposed of, whether such disposition is voluntary or involuntary, including, without limitation, all rights to payment, including returned premiums, with respect to any insurance relating to any of the foregoing, and all rights to payment with respect to any cause of action affecting or relating to any of the foregoing.

5

**Exhibit A Page - 5**

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

**10.    INSPECTION OF COLLATERAL AND PLACE OF BUSINESS.**

The Payee and the Payee's representatives and agents shall have the right at any reasonable time or times to inspect the Collateral wherever located and the interior and exterior of any of the Borrowers' places of business, and the Borrowers shall assist the Payee and its representatives and agents in making any such inspection. During an inspection of any the Borrowers' places of business, the Payee or the Payee's representatives and agents may examine, among other things, whether the Borrowers (i) have a place of business that is separate from any personal residence, (ii) is open for business, (iii) has sufficient inventory and/or staff to conduct the Borrowers' business and (iv) has one or more credit card terminals or point of sale systems if Borrower processes credit card transactions. When performing an inspection, the Payee or the Payee's representatives and agents may photograph the interior and exterior of any Borrower place of business, including any signage. Any photograph will become and remain the sole property of the Payee and will be shared with the Payee's employees, representatives and agents. The Borrowers grant the Payee the irrevocable and permanent right to display and share any photograph in all forms, including composite and modified representations, for all purposes, with the Payee's employees, representatives and agents.

**11.    TIME OF ESSENCE.**

Time is of the essence with respect to every provision of this Note.

**12.    JOINT AND SEVERAL LIABILITY; SUCCESSORS AND ASSIGNS.**

This Note shall be the joint and several obligations of all the Borrowers and the provisions of this Note shall be binding upon and shall inure to the benefit of the successors, heirs, and assigns of the Borrowers and the Payee. The Borrowers may not assign their rights or delegate their obligations under this Note in whole or in part without the prior written consent of the Payee. All references in this Note to the Borrowers and the Payee shall be deemed to include, as applicable, a reference to their respective successors, heirs and assigns.

**13.    NOTICE.**

Any notice or other communication provided for herein or given hereunder to a party hereto shall be in writing and shall be given in person, by overnight courier, or by mail (registered or certified mail, postage prepaid, return receipt requested) to the respective party as follows:

6

**Exhibit A Page - 6**

DocuSign Envelope ID: A4C2F449-8755-4FE9-A9FC-F5F3A72F2042

If to the Payee:

Azzure Capital LLC
1820 Avenue M, Suite #695
Brooklyn, New York 11230

If to the Borrowers:

The Litigation Practice Group PC
17542 E 17th Street
Ste 100
Tustin, CA 92780

and

Tony M. Diab
20101 SW Cypress St
Newport Beach, CA 92660

14.    **GOVERNING LAW.**

**THIS NOTE SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES. THE BORROWERS HEREBY CONSENT TO THE EXCLUSIVE JURISDICTION OF ANY STATE COURT LOCATED WITHIN THE COUNTY OF NASSAU, STATE OF NEW YORK AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE SHALL BE LITIGATED IN SUCH COURTS. THE BORROWERS EXPRESSLY SUBMITS AND CONSENTS TO THE JURISDICTION OF THE AFORESAID COURTS AND WAIVE ANY DEFENSE OF FORUM NON CONVENIENS. EACH BORROWER HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE UPON SUCH BORROWER BY CERTIFIED MAIL, ADDRESSED TO SUCH BORROWER AT THE ADDRESSES LISTED ABOVE AND SERVICE SO MADE SHALL BE DEEMED TO BE COMPLETE FIVE (5) DAYS AFTER THE SAME HAS BEEN POSTED.**

**Exhibit A Page - 7**

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

### 15. ENTIRE AGREEMENT.

This Note constitutes the final, complete, and exclusive statement of the agreement of the parties with respect to the subject matter hereof, and supersedes any and all other prior and contemporaneous agreements and understandings, both written and oral, between the parties.

### 16. NO IMPLIED WAIVER.

The Payee's failure to exercise any right or remedy provided in this Note shall not be construed as a waiver of any future exercise of that right or exercise of any other right or remedy to which the Payee may be entitled.

### 17. COLLECTION COSTS.

The Borrowers agree to pay any and all costs, including reasonable attorneys' fees of twenty-five percent (25%) of the amount due at default based upon the standard contingency fee charged by collection attorneys in the state of New York, incurred by the Payee in collecting sums payable under this Note without protest of any kind.

### 18. SEVERABILITY.

If one or more of the provisions of this Note shall be declared or held to be invalid, illegal, or unenforceable in any respect in any jurisdiction, the validity, legality, and enforceability of the remaining provisions hereof shall not in any way be affected or impaired thereby and any such declaration or holding shall not invalidate or render unenforceable such provision in any other jurisdiction.

### 19. WAIVER OF JURY TRIAL.

**EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED HEREBY AND AGREES THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.**

### 20. NO ORAL MODIFICATION.

This Note may be modified only by a writing signed by both the Borrowers and the Payee.

### 21. HEADINGS.

Headings used in this Note are provided for convenience only and shall not be used to construe meaning or intent.

[CONTINUED BELOW]

8

**Exhibit A Page - 8**

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

**BEFORE SIGNING THIS NOTE, THE BORROWERS READ AND UNDERSTOOD ALL OF THE PROVISIONS HEREOF. AFTER DUE CONSIDERATION AND THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY, ACCOUNTANT, OR OTHER COMPETENT PROFESSIONAL OF THEIR CHOICE, THE BORROWERS KNOWINGLY, WILLFULLY, AND VOLUNTARILY AGREE TO THE TERMS OF THIS NOTE.**

**IN WITNESS WHEREOF**, the parties have executed this Note as of the date first above written.

**PAYEE:**                          **AZZURE CAPITAL LLC**

DocuSign by:

Mordechai Herbst

By: _____

Name: Mordi Herbst
Title: Managing Member

**BORROWERS:**                      **THE LITIGATION PRACTICE GROUP PC**

By: _____

Name: Daniel S. March, managing shareholder

**TONY M. DIAB**

By: _____
Name: Tony M. Diab

9

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

## SCHEDULE A

| Payment # | Date | Payment | Principal | Interest | Balance |
|---|---|---|---|---|---|
| 1 | Feb 14 2023 | $147,098.14 | $63,732.76 | $83,365.38 | $2,486,267.24 |
| 2 | Feb 21 2023 | $147,098.14 | $65,816.33 | $81,281.81 | $2,420,450.91 |
| 3 | Feb 28 2023 | $147,098.14 | $67,968.01 | $79,130.13 | $2,352,482.90 |
| 4 | Mar 7 2023 | $147,098.14 | $70,190.05 | $76,908.09 | $2,282,292.85 |
| 5 | Mar 14 2023 | $147,098.14 | $72,484.72 | $74,613.42 | $2,209,808.13 |
| 6 | Mar 21 2023 | $147,098.14 | $74,854.41 | $72,243.73 | $2,134,953.72 |
| 7 | Mar 28 2023 | $147,098.14 | $77,301.58 | $69,796.56 | $2,057,652.14 |
| 8 | Apr 4 2023 | $147,098.14 | $79,828.74 | $67,269.40 | $1,977,823.40 |
| 9 | Apr 11 2023 | $147,098.14 | $82,438.53 | $64,659.61 | $1,895,384.87 |
| 10 | Apr 18 2023 | $147,098.14 | $85,133.63 | $61,964.51 | $1,810,251.24 |
| 11 | Apr 25 2023 | $147,098.14 | $87,916.85 | $59,181.29 | $1,722,334.39 |
| 12 | May 2 2023 | $147,098.14 | $90,791.05 | $56,307.09 | $1,631,543.34 |
| 13 | May 9 2023 | $147,098.14 | $93,759.22 | $53,338.92 | $1,537,784.12 |
| 14 | May 16 2023 | $147,098.14 | $96,824.43 | $50,273.71 | $1,440,959.69 |

10

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

| Payment # | Date | Payment | Principal | Interest | Balance |
|---|---|---|---|---|---|
| 15 | May 23 2023 | $147,098.14 | $99,989.84 | $47,108.30 | $1,340,969.85 |
| 16 | May 30 2023 | $147,098.14 | $103,258.74 | $43,839.40 | $1,237,711.11 |
| 17 | Jun 6 2023 | $147,098.14 | $106,634.51 | $40,463.63 | $1,131,076.60 |
| 18 | Jun 7 2023 | $147,098.14 | $110,120.64 | $36,977.50 | $1,020,955.96 |
| 19 | Jun 8 2023 | $147,098.14 | $113,720.73 | $33,377.41 | $907,235.23 |
| 20 | Jun 9 2023 | $147,098.14 | $117,438.53 | $29,659.61 | $789,796.70 |
| 21 | Jul 5 2023 | $147,098.14 | $121,277.86 | $25,820.28 | $668,518.84 |
| 22 | Jul 11 2023 | $147,098.14 | $125,242.72 | $21,855.42 | $543,276.12 |
| 23 | Jul 18 2023 | $147,098.14 | $129,337.19 | $17,760.95 | $413,938.93 |
| 24 | Jul 25 2023 | $147,098.14 | $133,565.52 | $13,532.62 | $280,373.41 |
| 25 | Aug 1 2023 | $147,098.14 | $137,932.09 | $9,166.05 | $142,441.32 |
| 26 | Aug 8 2023 | $147,098.06 | $142,441.32 | $4,656.74 | $0.00 |
| Year 1 | 2023 | $3,824,551.56 | $2,550,000.00 | $1,274,551.56 | $0.00 |

11

**Exhibit A Page - 11**

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

## COOPERATION AGREEMENT

DATE: February 7, 2023

In connection with the business loan to the Borrowers evidenced by the Business Secured Promissory Note and Security Agreement (the "Note") of even date herewith, the Borrower hereby agrees:

In the event any further documentation is required by the Payee in connection with the loan, Borrower hereby agrees to execute such documentation, including, but not limited to, any amendments, corrections, deletions or additions to the Note being executed on even date herewith.

Specifically, the Borrowers agree to provide any documentation and execute any further agreements, governmental forms, and/or documentation required by the Payee to perfect its security interest in the Collateral, as defined in the Note.

In the event Borrowers are required to furnish such necessary documentation and fails to do so within ten (10) days from receipt of written demand, then such failure shall be an event of default under the terms of the Note and the Payee or its successors and assigns shall have the right to demand payment in full under the Note and enforce all other rights against the Borrowers.

The terms "Borrowers" and "Payee" have the same meanings as set forth in the Business Promissory Note and Security Agreement.

**BORROWERS**                    **THE LITIGATION PRACTICE GROUP PC**

By: _____

Name: Daniel S. March, managing shareholder

**TONY M. DIAB**

By: _____

Name: Tony M. Diab

12

**Exhibit A Page - 12**

DocuSign Envelope ID: A4C2F449-6755-4FE9-A9FC-F5F3A72F2042

**Notary Acknowledgement**

| STATE/COMMONWEALTH OF | ) |
| | ) ss |
| COUNTY OF | ) |

On the _____ day of February, 2023, before me, the undersigned, a notary public in and for said State/Commonwealth, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Cooperation Agreement and acknowledged to me that she/he executed the same in both her/his individual capacity and her/his capacity as a [TITLE] of _____, and that by her/his signature on the Cooperation Agreement, the individual, or the person upon behalf of which the individual acted, executed the Cooperation Agreement.

_____
Notary Public

| STATE/COMMONWEALTH OF | ) |
| | ) ss |
| COUNTY OF | ) |

On the _____ day of February, 2023, before me, the undersigned, a notary public in and for said State/Commonwealth, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Cooperation Agreement and acknowledged to me that she/he executed the same in both her/his individual capacity and her/his capacity as a [TITLE] of _____, and that by her/his signature on the Cooperation Agreement, the individual, or the person upon behalf of which the individual acted, executed the Cooperation Agreement.

_____
Notary Public

13

**Exhibit A Page - 13**

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ ORANGE _____ )

On __FEBRUARY 6, 2023__ before me, __OLGA LUCIA ESQUIVEL-NOTARY PUBLIC__

(insert name and title of the officer)

personally appeared __DANIEL S MARCH__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

OLGA LUCIA ESQUIVEL
COMM. # 2282791
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Exp. Mar. 25, 2023

**Exhibit A Page - 14**

# EXHIBIT B

U210050853928



## STATE OF CALIFORNIA
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U210050853928

Date Filed: 5/28/2021

Submitter Information:

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071 |
| | GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| THE LITIGATION PRACTICE GROUP PC | 17542 17TH ST<br>TUSTIN, CA 92780 |
| BAT INC | 17542 17TH ST<br>TUSTIN, CA 92780 |
| DANIEL STEPHEN MARCH | 20160 NOB HILL DR<br>YORBA LINDA, CA 92886 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD, SUITE 700; ATTN: SPRS<br>GLENDALE, CA 91203 |

Indicate how documentation of Collateral is provided:

Entered as Text

Description:

All personal property of every kind and nature, including, without limitation, all accounts, contract rights, rights to the payment of money, insurance claims and proceeds, chattel paper, electric chattel paper, documents, instruments, securities and other investment property, deposit accounts, supporting obligations of every nature, and general intangibles, including without limitation, customer lists, and all books and records related thereto, and all recorded data of any kind and any nature, regardless of the medium of recording; together with, to the extent not listed above as the original collateral, all substitutions and replacements for and products of any of the foregoing property, and together with proceeds of any and all of the foregoing property.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:

Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:

80731402

B0398-3083 05/28/2021 10:42 AM Received by California Secretary of State

**Exhibit B Page - 1**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Bryan Cave Leighton Paisner LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401-2386.

A true and correct copy of the foregoing document entitled: SECURED CREDITOR AZZURE CAPITAL LLC'S
RESPONSE AND RESERVATION OF RIGHTS TO TRUSTEE'S MOTION FOR SALE OF PROPERTY OF THE ESTATE
UNDER SECTION 363(B) will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 20,
2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard A Marshack (TR)
  pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 19, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

Jason Patterson Stopnitzky
52 Cupertino Circle
Aliso Viejo, CA 92656

Lucy L. Thomson
1455 Pennsylvania Avenue, N.W. Suite 400
Washington, DC 20004

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons
and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 19, 2023 | Raul Morales | /s/ Raul Morales |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Eric Bensamochan**
  eric@eblawfirm.us, G63723@notify.cincompass.com
- **Ronald K Brown**
  ron@rkbrownlaw.com
- **Christopher Celentino**
  christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Shawn M Christianson**
  cmcintire@buchalter.com, schristianson@buchalter.com
- **Randall Baldwin Clark**
  rbc@randallbclark.com
- **Leslie A Cohen**
  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Jenny L Doling**
  jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- **Daniel A Edelman**
  dedelman@edcombs.com, courtecl@edcombs.com
- **Christopher Ghio**
  christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- **Jeffrey I Golden**
  jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com;
  gestrada@wgllp.com; golden.jeffreyi.b117954@notify.bestcase.com
- **Richard H Golubow**
  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **D Edward Hays**
  ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com;
  cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **Alan Craig Hochheiser**
  ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Garrick A Hollander**
  ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Razmig Izakelian**
  razmigizakelian@quinnemanuel.com
- **Joon M Khang**
  joon@khanglaw.com
- **Ira David Kharasch**
  ikharasch@pszjlaw.com
- **Meredith King**
  mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Nicholas A Koffroth**
  nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- **David S Kupetz**
  David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Christopher J Langley**
  chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Daniel A Lev**
  daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Michael D Lieberman**
  mlieberman@lipsonneilson.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- **Yosina M Lissebeck**
  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Laila Masud**
  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Kenneth Misken**
  Kenneth.M.Misken@usdoj.gov
- **Byron Z Moldo**
  bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- **Alan I Nahmias**
  anahmias@mbn.law, jdale@mbnlawyers.com
- **Victoria Newmark**
  vnewmark@pszjlaw.com
- **Queenie K Ng**
  queenie.k.ng@usdoj.gov
- **Keith C Owens**
  kowens@foxrothschild.com, khoang@foxrothschild.com
- **Teri T Pham**
  tpham@epglawyers.com, ttpassistant@epglawyers.com
- **Douglas A Plazak**
  dplazak@rhlaw.com
- **Ronald N Richards**
  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Gregory M Salvato**
  gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com; jboufadel@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **Jonathan Serrano**
  jonathan.serrano@dinsmore.com
- **Paul R Shankman**
  PShankman@fortislaw.com, info@fortislaw.com
- **Leslie Skorheim**
  leslie.skorheim@usdoj.gov
- **Howard Steinberg**
  steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**
  astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**
  ustpregion16.sa.ecf@usdoj.gov
- **Johnny White**
  JWhite@wrslawyers.com, jlee@wrslawyers.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**