1  Christopher B. Ghio (State Bar No. 259094)
   Christopher Celentino (State Bar No. 131688)
2  **DINSMORE & SHOHL LLP**
   655 West Broadway, Suite 800
3  San Diego, CA 92101
   Telephone:  619.400.0500
4  Facsimile:  619.400.0501
   christopher.ghio@dinsmore.com
5  christopher.celentino@dinsmore.com

6
   Special Counsel to Richard A. Marshack
7

8              **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

10

| | |
|---|---|
| 11  In re: | Case No.: 8:23-bk-10571-SC |
| 12  THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| 13       Debtor. | **DECLARATION OF JAMIE D. MOTTOLA IN SUPPORT OF MOTION OF TRUSTEE RICHARD A. MARSHACK FOR ENTRY OF AN ORDER (A) APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C § 363(B) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS** |
| | Date:  July 21, 2023<br>Time:  10:00 AM<br>Judge: Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>         411 W. Fourth Street<br>         Santa Ana, CA  92701 |

24  ///

25  ///

26  ///

27  ///

28  ///

I, JAMIE D. MOTTOLA, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California. I am an associate attorney with Dinsmore & Shohl LLP, special counsel to Chapter 11 Trustee, Richard A. Marshack ("Trustee"). The matters stated in this declaration are within my personal knowledge, except as to matters I allege on information and belief, which are noted. If called as a witness, I could and would competently testify. I submit this declaration in support of *Motion of Trustee Richard A. Marshack For Entry of an Order (A) Approving Sale of Assets Free And Clear of All Liens, Claims, Encumbrances and Interests Pursuant To 11 U.S.C § 363(b) and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Other Agreements*.

2. As of the date of this declaration, myself, along with other attorneys and legal support staff under my supervision, have returned approximately eighty-nine (89) telephone calls responding to clients of Litigation Practice Group P.C. ("LPG") or LPG affiliated clients.

3. Also as of the date of this declaration, myself, along with other attorneys and legal support staff under my supervision, have replied to approximately one thousand three hundred eighty-four (1,384) emails from clients of LPG or LPG affiliated clients and provided a Frequently Asked Questions. A true and correct copy of the Frequently Asked Questions is attached hereto and **Exhibit "A"** and is incorporated herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 20, 2023, at San Diego, California.

By: _____*/s/ J. Mottola*_____
JAMIE D. MOTTOLA

1 **EXHIBIT "A"**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FREQUENTLY ASKED QUESTIONS**

Where can I get information regarding the status of my contract?

Please direct all questions that are regarding your contract and account specifically to:

- Ty Carss at ty.carss@phoenixlaw.co

Is my account being transferred to Dinsmore & Shohl LLP and is Dinsmore & Shohl LLP my new attorney?

No.

My contract is with Phoenix Law Group, how does this apply to me?

Phoenix Law Group is an alter ego of Litigation Practice Group P.C. and will be affected by the sale of Litigation Practice Group P.C. Your file, if the sale is approved, will be transferred to a new law firm, Consumer Legal Group, PC, or other Court-approved Buyer; and you will be provided ninety (90) days to "opt out" of the transfer of your file for any reason, or no reason.

Where have my past payments been going?

All payments made pursuant to your contract and until the Court approves and finalizes a sale of Litigation Practice Group P.C., belong to Litigation Practice Group P.C. or the firm that is managing your contract for services. After the sale, your payments will be handled by the Buyer in a manner at least as favorable as in your contract.

What will happen to my payments after the sale?

All payments made after the date of sale will be to either Consumer Legal Group, PC, or other Court-approved Buyer.

Who will represent me prior to the sale of Litigation Practice Group P.C.?

Litigation Practice Group P.C., or the firm handling your account, will continue to represent you until the Court approves the sale of Litigation Practice Group P.C. and until the sale is finalized.

Who will represent me after the sale of Litigation Practice Group P.C.?

Consumer Legal Group, PC, or other Court-approved Buyer, will represent you once the sale of Litigation Practice Group P.C. is finalized.

What is the "opt out" about?

The sale terms provide that all Litigation Practice Group P.C. clients will have a ninety (90) day period to "opt out" if they do not want to be represented by the Court-approved Buyer.

Can Dinsmore & Shohl LLP opt me out?

No. A request to "opt out" must be directed to the Court-approved Buyer. Any correspondence directed to Dinsmore & Shohl LLP with an "opt out" request cannot be guaranteed to reach the appropriate party.

How will I know who my new representation is?

You will receive a Notice of Sale containing the information of the purchaser of Litigation Practice Group P.C. You will also receive a notice confirming your right to "opt out".

What happens if I do nothing?

If you take no action, your contract will be transferred to a new law firm, Consumer Legal Group, PC, or other Court-approved Buyer. You will still receive a notice confirming you right to "opt out".

What should I do now?

We are unable to provide legal advice or a recommendation of how you should proceeded.

How to file a Proof of Claim

Below are two court links with instruction on how to file a Proof Claim in the Case.

Paper filed Proof of Claim:  https://www.cacb.uscourts.gov/forms/proof-claim

Electronically filed Proof of Claim:  https://www.cacb.uscourts.gov/epoc-electronic-proof-claim

Summary of Sale

| APA Provision | Summary Description |
|---|---|
| **Seller** | Trustee/Estate |
| **Good Faith Purchaser** | Consumer Legal Group, PC |

EXHIBIT A

Page 5

| APA Provision | Summary Description |
|---|---|
| **Purchase Price**<br><br>See APA § 2 | Approximately, $42,000,000 subject to the terms of the APA, including but not limited to<br>- $1,000,000.00 First Deposit<br>- $7,000,000 Second Deposit<br>- 20% fee collected by Buyer on Active Executory Contracts and 15% on Inactive Executory Contracts, up to the amount of the Total Purchase Price.<br>- $4,000,000 of the Purchase allocated from the Second Deposit is without limitation in consideration for any and all Goodwill, Licenses, Software Licenses and the proprietary Luna CRM.<br>- Reversion: CLG is entitled to a $400.00 per contract reversion for all client contracts whose consent is not received pursuant to Rule 1.17 and the Sale Order in the event these contracts exceed five percent (5%) of the total Assumed Contracts. |
| **Deposit**<br><br>See APA §§ 2 and 8 | - $1,000,000 at closing<br>- $7,000,000 within the later of (i) July 24, 2023, or (ii) 10 days of entry of the Sale Order. |
| **Consumer Protections**<br><br>See APA § 6(a) and as set forth below | Purchaser shall have complied with such Consumer Protections (as defined in Section 12(m) and as may be modified by the Court, and including consent in accordance with California Model Rule 1.17 and remedial measures, including the future performance requirements, as detailed in Section 12(j)). |
| **Reformation of the Legal Services Agreement**<br><br>See APA § 12(j) | Purchaser shall obtain consent from consumer clients to the Modified Legal Services Agreement compliant with the TSR, TCPA, and CROA, among other laws, statutes, rules and regulations. The Modified Legal Services Agreement is attached to the Marshack Declaration as **Exhibit 3**. |
| **Court Appointed Monitor** | Pursuant to Court approval:<br>- A Court appointed Monitor shall be for appointed for one (1) year from the date of closing;<br>- Seller shall pay all expenses up to but not to exceed $100,000 related to the monitor; |

| APA Provision | Summary Description |
|---|---|
| See APA §§ 2(b), 2.2, 2.3, 11(b), 12(l) -(m) | <ul><li>After Seller has paid expenses related to the Monitor totaling $100,000, further costs and expenses during the 1 year monitor period shall be paid by Purchaser, up to an additional $100,000;</li><li>Monitor shall be authorized to hire one paralegal to assist with administering their duties under the APA. At the discretion of the monitor they may seek further instruction and clarification of their duties from the Court.</li></ul> |
| **Notice and 90 Day Opt Out Period**<br><br>See APA § 2.1 | Consumer Clients shall be given:<ul><li>90 day notice pursuant to California Model Rule 1.17 or as ordered by this Court;</li><li>Provided an opportunity to object, opt out or be excluded from the sale and assumption and assignment during the notice period or thereafter if no response is received.</li></ul> |
| **Purchased Assets**<br><br>See APA § 1(a)(1)-(10) | Consist of all of Seller's and the Estate's right, title, and interest in and to the following property as defined in the APA as is, without warranty, in present condition, including:<ul><li>personal property leases specifically identified by Good Faith Purchaser;</li><li>Equipment and furniture specifically identified by Good Faith Purchaser;</li><li>Consumer client accounts;</li><li>Prepayments;</li><li>Legal Service Agreements, subject to reformation as discussed herein;</li><li>Intellectual property;</li><li>Pending licenses, authorizations and licenses; and</li><li>Debtor's proprietary CRM, Luna.</li></ul> |
| **Excluded Assets** | Consists of:<ul><li>Cash on hand or received by Seller prior to Closing Date;</li><li>Tax rebate or overpayments;</li><li>Insurance Proceeds and/or rights to and under any insurance policy;</li><li>Tax records and related information;</li><li>Sellers claims and rights to prosecute the avoidance actions;</li><li>Real property leases not specifically identified in the APA;</li><li>All executory contracts that are not assumed;</li></ul> |

| APA Provision | Summary Description |
|---|---|
| See APA § 1(b)(1)-(17) | <ul><li>Personnel records and other records Seller is required by law to maintain;</li><li>All actions and causes of action arising in favor of Seller, including but not limited to those arising under Sections 544, 545, 546, 547, 548, 549, 550, and 553 of the Bankruptcy Code;</li><li>All records, writing and other items protected by the attorney-client privilege, the attorney work product doctrine or any other cognizable privilege or protection except to the extent necessary, permitted, consented to, and/or authorized to effectuate the transfer;</li><li>All rights, claims, and/or avoidance actions with respect to or relating to any liens, claims, encumbrances or interests against, in, with respect to or relating to the Property held by any person and including, without limitation, any claims relating to claims or liens of Tony Diab, Rosa Bianca Loli, Lisa Cohen, Eng Taing, Heng Taing, and their affiliates.</li></ul> |
| **Seller Affirmations**<br><br>See APA § 11 | None, except as to the following:<ul><li>Seller is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code of 1986;</li><li>Subject to Court approval, Seller will fund the costs, fees, and expenses related to any court-appointed Monitor or committee for its services up to one hundred thousand dollars ($100,000.00);</li><li>Seller's onsite agent Lori Ensley of Bircher & Associates will provide a representation and warranty that – to the best of her knowledge – that the data provided to Purchaser has not been tampered with since June 2, 2023.</li></ul> |
| **Representations and Warranties of Purchaser** | <ul><li>Purchaser is a professional corporation duly organized and validly existing under the laws of New York and is in good standing in every jurisdiction in which the failure to be in good standing may have a material adverse effect on Buyer, its business and/or assets;</li><li>Consummating the APA will not breach any provision of any contract or instrument to which Purchaser is a party;</li><li>Consummation of the APA in accordance with the Sale Order shall not require consent, approval or action of, or any filing with or notice to, any Person or any public, governmental, judicial, or regulatory authority, other than the Bankruptcy Court;</li></ul> |

| APA Provision | Summary Description |
|---|---|
| | - Purchaser has sufficient financial resources, including, without limitation, the necessary liquid funds, to promptly pay the balance of the Purchase Price and to pay and perform the Assumed Contracts and the Assumed Liabilities as and when due;
- There are no actions, suits, claims, investigations, hearings, or proceedings of any type pending (or, to the knowledge of Buyer, threatened), at law or in equity, that might affect Buyer's ability to close the transactions contemplated hereby.
- Purchaser has been provided a reasonable and fair opportunity to inspect and investigate the Property, which inspection will occur on July 12 and July 13, 2023, sale thereof and terms of the APA with counsel;
- All materials submitted to Seller in connection with Purchaser and the proposed APA, sale transaction are true and correct;
- Purchase Price consists of amounts wholly independent, and free and clear, from the Property and therefore excludes any and all consumer payments as a source of funds related to the Purchase Price;
- Any subsequent amounts paid to Seller, including the Fee (as defined in the APA) from Purchaser or its transferee or assignee, shall not derive from any proceeds resulting from the Assumed Contracts or related Property;
- Purchaser represents and warrants that all LSA's and the implementation thereof have been modified for compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Telemarketing Sales Rule, 16 C.F.R. Part 310 (the "TSR"), and to the extent applicable, if ever, the Credit Repair Organizations Act, 15 U.S.C. § 1679 (the "CROA") prior to Closing;
- Purchaser represents and warrants that the performance of the Modified LSA's will similarly comply with the TCPA, TSR, and to the extent applicable, if ever, the CROA;
- Purchaser represents and warrants that it will cooperate with the requests, oversight, and inquiries of the court-appointed Monitor or Committee, whose appointment shall be for a one (1) year term, unless extended by court order, as further provided in the Sale Order;
- Purchaser represents and warrants that it will cover the costs, fees, and expenses related to the court-appointed Monitor for its services after the Initial |

| APA Provision | Summary Description |
|---|---|
| See APA § 12(a)-(t) | Coverage has expired, up to an additional $100,000, as further provided in the Sale Order;<br>• Purchaser will provide Seller with visibility into its ACH merchant processing account and Debt Pay Pro account for the purpose of facilitating the Monitor's duties under the APA;<br>• Purchaser will maintain books and records sufficient to allow Seller to conduct an accounting for purposes of calculation of the Fee amount due under the APA;<br>• Purchaser will, upon execution of Non-Disclosure Agreement and waiver of contingency, have the right to manage, operate, and control key personnel of the Seller;<br>• Upon Closing, Purchaser shall have the right to transition servicing of the Active and Inactive Executory Contracts to its own employees and attorneys;<br>• At Purchaser's expense, Seller shall cooperate with a special counsel motion for Purchaser's lawyers to pursue claims for interference with the Active or Inactive Executory Contracts; and<br>• Purchaser represents and warrants that it will have no formal or informal business arrangements with Tony Diab during any period in which a Fee is due to Seller under the APA. |
| **Cure Amounts, Fees and Expenses**<br><br>See APA § 1(b)(6) and 1(c) | Buyer will pay all cure amounts associated with the Assumed Contracts. |
| **Closing Date**<br><br><br><br><br><br>See APA § 4 | The first Business Day after occurrence of both<br>(i) entry of the Sale Order; and<br>(ii) deposit and availability of funds from the Initial Deposit and Second Deposit; if the Court waives the 14-day stay set forth in Bankruptcy Rule 6004(h).<br><br>If the Court does not waive the 14-day stay set forth in Bankruptcy Rule 6004(h), then Closing will occur on the fifteenth (15th) day after the entry in the Bankruptcy Case of the Sale Order, provided that both the Initial Deposit and Second Deposit have been made. |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:     655 W. Broadway, Suite 800, San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*):

**DECLARATION OF JAMIE D. MOTTOLA IN SUPPORT OF MOTION OF TRUSTEE RICHARD A. MARSHACK FOR ENTRY OF AN ORDER (A) APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C § 363(B) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 20, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 20, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 20, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 20, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   Eric Bensamochan on behalf of Creditor Affirma, LLC
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Eric Bensamochan on behalf of Interested Party Courtesy NEF
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Eric Bensamochan on behalf of Interested Party Eric Bensamochan
   eric@eblawfirm.us, G63723@notify.cincompass.com

   Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
   ron@rkbrownlaw.com

   Christopher Celentino on behalf of Plaintiff Richard A. Marshack
   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

   Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

   Michael F Chekian on behalf of Interested Party Michael Chekian
   mike@cheklaw.com, chekianmr84018@notify.bestcase.com

   Shawn M Christianson on behalf of Interested Party Courtesy NEF
   cmcintire@buchalter.com, schristianson@buchalter.com

   Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
   rbc@randallbclark.com

   Leslie A Cohen on behalf of Interested Party Courtesy NEF
   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

   Jenny L Doling on behalf of Interested Party INTERESTED PARTY
   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

   Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

   Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

   Daniel A Edelman on behalf of Creditor Carolyn Beech
   dedelman@edcombs.com, courtecl@edcombs.com

   Christopher Ghio on behalf of Plaintiff Richard A. Marshack
   christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

   Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
   christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

   Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                          **F 9013-.1.PROOF.SERVICE**

jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                              **F 9013-.1.PROOF.SERVICE**

ikharasch@pszjlaw.com

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                **F 9013-.1.PROOF.SERVICE**

anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Teri T Pham on behalf of Attorney Teri Pham
tpham@epglawyers.com, ttpassistant@epglawyers.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Han Trinh
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Jayde Trinh
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-.1.PROOF.SERVICE**

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-.1.PROOF.SERVICE**