Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
Jeremy B. Freedman (State Bar No. 308752)
Jonathan Serrano (State Bar No. 333225)
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
jeremy.freedman@dinsmore.com
jonathan.serrano@dinsmore.com

Special Counsel to Richard A. Marshack,
Chapter 11 Trustee

**FILED**
JUL 20 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**ENTERED**
JUL 20 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>**SECOND INTERIM ORDER GRANTING (A) EMERGENCY SUPERPRIORITY FINANCING BY THE CHAPTER 11 TRUSTEE AND SUPERPRIORTY ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 364; AND (B) SETTING FINAL HEARING**<br><br>Date: July 19, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>       411 West Fourth Street<br>       Santa Ana, CA 92701 |

On July 19, 2023, on the 1:30 p.m. calendar, in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable

1

#31334283v2

1  Scott C. Clarkson, United States Bankruptcy Judge, conducted a hearing on the *Trustee's Notice of Motion and Emergency Motion (I) for Entry of Second Interim Order: (A) Authorizing The Trustee to Obtain Additional Post-Petition Financing and Superpriority Administrative Expense Claim Pursuant to 11 U.S.C. § 364; and (B) Setting Final Hearing; and Pursuant to Final Hearing, (II) for Entry of Final Order Approving Post-Petition Financing on a Final Basis* (the "Motion") filed by Richard A. Marshack, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of The Litigation Practice Group P.C. (the "Debtor"), in the above-captioned bankruptcy case.

The Court, having considered the Motion, all pleadings filed in support of, and in opposition to, the Motion, good cause appearing, and for the reasons stated on the record and in the Motion:

1. Grants the Motion as modified at the hearing and as set forth herein;

2. Approves the terms of that certain (a) Amended Super-Priority Promissory Note with Resolution Ventures, which is attached as Exhibit 3 to the Trustee's Declaration in support of the Motion (the "RV Note"); and (b) Super-Priority Promissory Note with PanAmerican Consulting Inc. (the "PanAm Note" and, together with the RV Note, the "Notes");

3. Authorizes the Trustee to borrow, and Resolution Ventures and PanAmerican Consulting Inc. (together, the "Lenders") to advance, the amounts set forth in the Notes as follows:

   a. With regards to the RV Note, up to $250,336.02 at an interest rate of 8% per annum, with the full balance, including all accrued interest, due and payable in one (1) year from the Start Date (as defined in the RV Note), with payments first credited to interest due and any remainder credited to principal, as provided under the RV Note, subject to the terms of this Order; and

   b. With regards to the PanAm Note, $249,663.98 at an interest rate of 8% per annum, with the full balance, including all accrued interest, due and payable in one (1) year from the Start Date (as defined in the PanAM Note), with payments first credited to interest due and any remainder credited to principal, as provided under the PanAm Note, subject to the terms of this Order; provided, further, as set forth in open court, to the extent that lender PanAmerican Consulting Inc. executes an Asset Purchase Agreement and qualifies as an overbidder at the Sale Hearing currently scheduled for July 21, 2023 at 10:00 a.m., the Deposit set forth in said qualified application

may be reduced by the amount of $249,663.98 without penalty to the overbid process;

4. Authorizes the Trustee to execute and deliver to the Lenders the Notes and all other loan documents required to be executed and delivered under the Notes;

5. Authorizes the Trustee and counsel acting on behalf of the Trustee to take any such actions that may be necessary to implement the Notes and borrow funds under the Notes as approved in this Order;

6. Finds that the Trustee, on behalf of the Debtor and the Estate, is unable to find sufficient financing from sources other than the Lenders on terms more favorable than the terms for the Notes;

7. Finds that immediate financing is critical for the Debtor's Estate to continue operations in the ordinary course, and that the Notes, the Trustee's entry into the financing arrangements, and related relief are necessary to avoid immediate and irreparable harm to the Debtor's Estate, its employees, and all parties in interest; and that the Notes are the best source of financing available to the Debtor's Estate under the circumstances and was entered into in good faith and at arm's length;

8. Find that the terms of the Notes and this Order are fair and reasonable and are supported by reasonably equivalent value and fair consideration;

9. Finds that the Trustee's agreement to the terms of the Notes on behalf of the Debtor's Estate is a sound exercise of business judgment and should be approved as set forth herein;

10. Authorizes the Trustee to enter into any non-material amendment or modification to the Notes, without further order of this Court, provided that any such non-material amendment or modification is set forth in writing and signed by the Trustee and the Lenders, and provided that the Trustee provides notice of any such amendment or modification to the Court, the Office of the United States Trustee, and the Official Committee of Unsecured Creditors;

11. Authorizes the Trustee to use funds advanced under the Notes on the terms and conditions set forth herein, provided that all such funds are used to pay payroll and other operating expenses solely;

12. Grants the Lenders an allowed superpriority administrative claim pursuant to section

364(c)(1) of the Bankruptcy Code, having priority in right of payment over any and all other administrative expenses or priority claims;

13. Subrogates the Lenders' claim, on account of funding payroll, to the administrative expense claims otherwise held by employees that have provided post-petition services since the Trustee has served the Court's TRO and taken control of operations;

14. Requires the approval and authorization of the Trustee for paying any and all expenses; or, in the event the Trustee is unavailable, requires the approval and authorization from Lori Ensley or one of the Trustee's law firm partners, Ed Hays, David Wood, or Laila Masud, for paying any and all expenses;

15. Directs that all ordinary business expenses approved by the Trustee shall be paid for by a trustee check;

16. Finds that the Notes and this Order were negotiated in good faith and at arm's length among the Trustee and the Lenders;

17. Finds that the financing provided under the Notes shall be deemed to have been extended in good faith and for valid business purposes and uses within the meaning of section 364(e) of the Bankruptcy Code;

18. Finds that there is no stay of this Order, including no stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (to the extent applicable);

19. Sets a final hearing on the Motion for August __10__, 2023 at 10:00 a.m.; and

[*Remainder of Page Intentionally Left Blank*]

20.  Retains jurisdiction with the Court with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Official Committee of Unsecured Creditors                    Date: July 20, 2023

Nicholas A. Koffroth
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067

###

Dated: 7/20/2023

Scott C. Clarkson
United States Bankruptcy Judge

5

## AMENDED SUPER-PRIORITY
## PROMISSORY NOTE

This amended super priority promissory note ("Note") is made by and between Richard A. Marshack, solely in his capacity as the Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and ~~RESOLUTION VENTURES~~ *Panamerican Consulting LLC* ("Lender").

1. **LOAN:** On July 20, 2023 ("Start Date"), Lender shall loan, and Borrow promises to pay back the principal sum of TWO HUNDRED ~~FIFTY TWO THOUSAND AND THREE HUNDRED FIFTY SIX~~ *Forty Nine Thousand Six hundred Sixty three dollars and Ninety Eight cents* DOLLARS AND TWO CENTS ($~~252,356.02~~ *249,663.98*) with interest accruing on the unpaid balance at a rate of EIGHT percent (8%) per annum, beginning as of the Start Date. *RM*

2. **DUE DATE:** The balance of distributed funds under this Note, including all accrued interest, if not earlier paid, is due and payable in ONE (1) year from the Start Date ("Due Date").

3. **PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S.C. § 364(c) (without prejudice for the Estate to obtain other super administrative priority loans).

4. **ALLOCATION OF PAYMENTS:** Payments shall be first credited to interest due and any remainder will be credited to principal.

5. **WAIVER OF PRESENTMENTS:** Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

6. **SEVERABILITY:** In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

7. **INTEGRATION:** There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

8. **CONFLICTING TERMS:** The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

9. **NOTICE:** Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person; (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

10. **TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any

entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW:** This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

Lender _____    Date 7/19/2023

*[signature] Managing Director, Panamerican Consulting, LLC*

Borrower _____    Date 7-19-23

*[signature]*
Richard A. Marshack ("Trustee"),
solely in his capacity as the Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.
870 Roosevelt
Irvine, CA 92620

# AMENDED SUPER-PRIORITY PROMISSORY NOTE

This amended super priority promissory note ("Note") is made by and between Richard A. Marshack, solely in his capacity as the Chapter 11 Trustee ("Trustee") of THE LITIGATION PRACTICE GROUP P.C., ("Borrower" or "Estate") in Bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") currently pending in the Central District of California, Santa Ana Division ("Bankruptcy Court") and RESOLUTION VENTURES ("Lender").

**1. LOAN**: On July __, 2023 ("Start Date"), Lender shall loan, and Borrow promises to pay back, the principal sum of TWO HUNDRED FIFTY THOUSAND THREE HUNDRED THIRTY-SIX DOLLARS AND TWO CENTS ($250,336.02) with interest accruing on the unpaid balance at a rate of EIGHT percent (8%) per annum, beginning as of the Start Date.

**2. DUE DATE:** The balance of distributed funds under this Note, including all accrued interest, if not earlier paid, is due and payable in ONE (1) year from the Start Date ("Due Date").

**3. PRIORITY:** This Note, in an amount of funds distributed to the Estate, shall be entitled to super administrative priority pursuant 11 U.S.C. § 364(c) (without prejudice for the Estate to obtain other super administrative priority loans).

**4. ALLOCATION OF PAYMENTS**: Payments shall be first credited to interest due and any remainder will be credited to principal.

**5. WAIVER OF PRESENTMENTS**: Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

**6. SEVERABILITY**: In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

**7. INTEGRATION**: There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Borrower and Lender.

**8. CONFLICTING TERMS**: The terms of this Note shall control over any conflicting terms in any referenced agreement or document.

**9. NOTICE**: Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

**10. TRUSTEE CAPACITY.** Trustee is executing this Note solely in his capacity as the Chapter 11 Trustee in the Bankruptcy Case and under no circumstances will Trustee or any

entity in which he is a member, including Marshack Hays LLP, have any personal liability for this Note, or any obligations under this Note.

**11. VENUE AND JURISDICTION.** Any dispute relating to this Note is subject to the exclusive jurisdiction and venue of the Bankruptcy Court where the Case is pending.

**12. GOVERNING LAW:** This note shall be governed under the laws in the State of California as applied by the Bankruptcy Court.

**Lender** _____                    Date  7-19-23

**Borrower**                                             Date  7-20-23

_____
Richard A. Marshack ("Trustee"),
solely in his capacity as the Chapter 11 Trustee of
THE LITIGATION PRACTICE GROUP P.C.
870 Roosevelt
Irvine, CA 92620