1 | Christopher B. Ghio (State Bar No. 259094)
Christopher Celentino (State Bar No. 131688)
2 | Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
3 | 655 West Broadway, Suite 800
San Diego, CA 92101
4 | Telephone: 619.400.0500
Facsimile: 619.400.0501
5 | christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
6 | yosina.lissebeck@dinsmore.com

7 | Special Counsel to Richard A. Marshack, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: | Case No.: 8:23-bk-10571-SC |
|---|---|
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | **DECLARATION OF RUSS SQUIRES IN SUPPORT OF MOTION OF TRUSTEE RICHARD A. MARSHACK FOR ENTRY OF AN ORDER (A) APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS** |
| | Date: July 21, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

I Russ Squires, declare as follows:

1. The matters set forth herein are within my own personal knowledge, and, if called upon as a witness, I could and would competently testify thereto.

2. I am currently the CEO of Resolution Processing. In that capacity, I have been assisting the Trustee and Phoenix Law, pursuant to a court-approved Management Agreement, with the non-lawyer aspects of what was Litigation Practice Group's ("LPG") business. This includes business administration, finance, payroll, human resources and oversight of roughly 100 full-time employees in customer service functions including account managers, team leaders, the document control & retention team.

3. I make this declaration in support of Morning Law Group, P.C.'s overbid on Consumer Legal Group's ("CLG") offer to purchase the assets of LPG. I have known the owner of Morning Law Group, Joshua Armstrong, for 5 years, having worked with him since 2019. If Morning Law Group's offer is accepted, Morning Law Group will outsource the non-lawyer work to Resolution Processing, which will oversee that work continuing to use many, if not all, of the non-lawyers who are currently performing that work. As described in more detail below, Morning Law Group will pay Resolution Processing a fee, not a percentage of the income that Morning Law Group collects from the client files.

**Background**

4. In addition to being the CEO of Resolution Processing, I am the CEO of Validation Partners. I formed Validation Partners as a vehicle through which investors could purchase interest in the receivables from pools of debt resolution accounts. Invested funds enabled the purchase of receivables from affiliate marketers and those accounts were serviced by LPG. For a period of time, LPG made regular payouts to Validation Partners, thus enabling Validation Partners to make distributions to its investors.

5. Exactly one year ago today, on July 20, 2022, Tony Diab, on behalf of LPG, told me that LPG would not be able to meet its payment obligations to Validation Partners, and he would need to renegotiate the terms of payback of the money LPG owed to Validation Partners.

6. In September 2022, Validation Partners sued LPG in California State Court over LPG's failure to pay Validation Partners. We tried to get a receiver appointed over LPG, but LPG repeatedly found ways to delay a final hearing on our request, including going through a number of different law firms. In March 2023, Judge Randall Sherman granted our request for a receiver but before the receiver could be officially appointed LPG filed for bankruptcy.

7. Since Mr. Marshack has taken over as Trustee, I have worked to help him understand LPG's business and operating systems. After the Court gave Mr. Marshack control over LPG and Phoenix, I, along with my partner Gary DePew, have been helping manage the non-lawyer aspects of Phoenix's business.

8. Neither I nor Validation Partners nor Resolution Processing are, or ever have been, an LPG insider, had any ownership interest in LPG, or had any control over LPG and its business. Since filing the lawsuit, I have only spoken with Mr. Diab one time, in a mediation conference. I, Validation Partners, and Resolution Processing are also not insiders of the Trustee nor are we related in any manner to the Trustee.

**The Morning Law Offer**

9. After Mr. Armstrong and I saw the CLG offer, we determined that we could make an offer that was more beneficial to the bankruptcy estate, its creditors, and the clients of LPG. Based on my experience assisting in the operations of Phoenix since the Trustee took over, I concluded that while the current team is both under-staffed and under-resourced, they are a very well trained and managed team that provide the best chance for the existing customers to be given the levels of service they have signed up for. I have also gotten to know Mr. Carss and a number of the lawyers he has currently providing services to the clients of LPG. They all appear to be very capable and are doing a good job representing those customers, save for the fact that they are currently understaffed. We therefore determined that Morning Law could continue using most if not all of the lawyers that were being used and Resolution Processing could continue using most if not all of the non-lawyers that were being used in order to ensure continuity and to avoid the significant costs of bringing in and training new employees on these

specific employees. Additionally, we believe that it is very important that clients be able to continue working with the lawyers and non-lawyers they have gotten to know and trust.

10. Mr. Armstrong and I also both considered what we expected operational costs to be and determined that an offer that returned 50% of gross income to the estate would still allow us to retain sufficient funds to cover the costs of business operations.

11. In my current capacity at Phoenix Law, I have had the ability to do a deep analysis of the state of the current files.

12. As of today, July 20, 2023, 19,281 are active and have an open payment scheduled to be pulled

13. The total remaining receivable on those 19,281 accounts is $126,659,144

14. So that the court can compare apples to apples, if we take those 19,281 files, the Morning Law proposal of up to 50% could be collected and sent back to the estate, which could equal as much as $63,329,572 if all files are successfully transferred to Morning Law and fees are collected and client payments are made as agreed

15. By comparison if CLG was to win the bid, they would be paying a maximum of 16% of that receivable back to the court, or $20,265,463. The 16% figure comes from taking the 20% administrative fee off the top proposed by CLG, and then 20% of the remaining balance.

16. This means the total additional receivable for the estate if it chooses to work with Morning Law could be up to $40,000,000 for just the Phoenix files.

17. We also know that when transferred to CLG earlier this year, the total receivable from those client files was approximately $80,000,000.

18. If CLG were to continue to service them and paid out the discussed 40% on the 2100 files, and 16% on the other 10,000 files, the estate would receive far less money than if these files were transferred to Morning Law where 50% of all receivables would be returned.

19. Not withstanding the foregoing, I do not believe the maximum potential amount of money will be collected.

20. Historical collection rates suggest that approximately 70% of the receivables will be collected.

21. Morning Law, a law firm, is the entity purchasing the assets identified in the Asset Purchase Agreement, and will have full control over how the clients are serviced. Resolution Processing will handle only non-legal issues, such as business administration and customer service. All customer service will be with the oversight of qualified lawyers.

22. Morning Law is currently, and deliberately, a small law firm focused on providing high-quality service to clients who have become overwhelmed with their debt obligations. Morning Law's size is not, however, an impediment to handling the client files that are part of the Asset Purchase Agreement, because it will work with the lawyers at Phoenix, and Phoenix's network of lawyers across the country, to service those files. Similarly, Resolution Process will be working with the non-lawyers already servicing these client files, so there is no concern about Resolution Processing having the infrastructure necessary to service the clients.

23. I was also involved in the negotiations that led to the Morning Law Asset Purchase Agreement. Those negotiations involved extensive, arms' length bargaining. I am not aware of any fraud or collusion in or relating to the negotiations leading up to the consummation or execution of the Purchase Agreement.

24. Morning Law's efforts to acquire the Property have been made in good faith. I am not aware of any agreement by Morning Law, Validation Partners, or Resolution Processing and the Trustee, LPG, or any other party, pursuant to which any party has agreed to provide or receive consideration or compensation that has not been disclosed to this Court in connection with its approval of the Purchase Agreement, or that would be inconsistent with a good faith purchase finding by this Court.

25. Neither Morning Law, Validation Partners, nor Resolution Processing have taken any action to obtain an unfair advantage over other bidders. All negotiations with the Trustee were conducted in good faith and at arm's length, and the Asset Purchase Agreement is not the product of any collusion between or among Morning Law, Validation Partners, or Resolution

Processing and the Trustee, or any other prospective bidder, or any other party, of any kind or nature whatsoever.

26. After consummation of the sale of the assets, except as related to the 50% of income that will be paid to the estate and as may be necessary to effectuate the terms of the Asset Purchase Agreement or to otherwise provide a smooth post-closing transition, Morning Law and Resolution Processing do not anticipate having any relationship with the Trustee, LPG, or any of their agents. Validation Partners similarly does not anticipate having any such relationships, except to the extent that Validation Partners makes claims in the bankruptcy estate as related to LPG's prior debts to Validation Partners and its investors.

27. Morning Law, Validation Partners, and Resolution Processing have not entered into any agreement with potential bidders or the Trustee or LPG to control the sale price of the assets. There exists no written or oral or nonoral (so-called wink and a nod) understandings between the Trustee and Morning Law, Validation Partners, or Resolution Processing that have not been disclosed to the Court. The terms of the proposed transaction with Morning Law have been fully and completely disclosed to the Court and to creditors.

28. Based upon my extensive involvement in this transaction, it is my informed opinion that (i) the Asset Purchase Agreement is the result of arms' length negotiations between Morning Law and the Trustee, and has been reached in good faith; (ii) there has been no fraud or collusion between or among Morning Law, Validation Partners, or Resolution Processing, on the one hand, and any person or entity, including other bidders or potential bidders, the Trustee or his respective attorneys or agents, on the other hand; and (iii) the purchase price that Morning Law has offered to pay for the assets represents Morning Law's estimate of fair value for those assets and leases considering the facts and circumstances surrounding the sale.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

29. Executed on this 20th day of July 2023, at Irvine, California.

_____
Russ Squires

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:       655 W. Broadway, Suite 800, San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*):

**DECLARATION OF RUSS SQUIRES IN SUPPORT OF MOTION OF TRUSTEE RICHARD A. MARSHACK FOR ENTRY OF AN ORDER (A) APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND OTHER AGREEMENTS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 21, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 21, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 21, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COPY**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 21, 2023 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Eric Bensamochan on behalf of Creditor Affirma, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Creditor Oxford Knox, LLC
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Eric Bensamochan on behalf of Interested Party Eric Bensamochan
eric@eblawfirm.us, G63723@notify.cincompass.com

Peter W Bowie on behalf of Trustee Richard A Marshack (TR)
peter.bowie@dinsmore.com, caron.burke@dinsmore.com

Ronald K Brown on behalf of Creditor SDCO Tustin Executive Center, Inc.
ron@rkbrownlaw.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Michael F Chekian on behalf of Interested Party Michael Chekian
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com, schristianson@buchalter.com

Randall Baldwin Clark on behalf of Interested Party Randall Baldwin Clark
rbc@randallbclark.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Jenny L Doling on behalf of Interested Party INTERESTED PARTY
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

Jenny L Doling on behalf of Interested Party National Association of Consumer Bankruptcy Attorneys
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

Jenny L Doling on behalf of Interested Party National Consumer Bankruptcy Rights Center
jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com

Daniel A Edelman on behalf of Creditor Carolyn Beech
dedelman@edcombs.com, courtecl@edcombs.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                            **F 9013-.1.PROOF.SERVICE**

christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com

Jeffrey I Golden on behalf of Creditor Anaheim Arena Management, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Creditor Anaheim Ducks Hockey Club, LLC
jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Jeffrey I Golden on behalf of Interested Party Courtesy NEF
jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Alan Craig Hochheiser on behalf of Creditor City Capital NY
ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

Garrick A Hollander on behalf of Creditor Debt Validation Fund II, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 1, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Garrick A Hollander on behalf of Creditor MC DVI Fund 2, LLC
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Razmig Izakelian on behalf of Creditor OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Joon M Khang on behalf of Debtor The Litigation Practice Group P.C.
joon@khanglaw.com

Ira David Kharasch on behalf of Interested Party Ad Hoc Consumer Claimants Committee

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-.1.PROOF.SERVICE**

ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Interested Party Courtesy NEF
ikharasch@pszjlaw.com

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Nicholas A Koffroth on behalf of Creditor Committee Committee of Unsecured Creditors
nkoffroth@foxrothschild.com, khoang@foxrothschild.com

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

David S Kupetz on behalf of Interested Party Courtesy NEF
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Christopher J Langley on behalf of Interested Party Courtesy NEF
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Daniel A Lev on behalf of Interested Party Consumer Legal Group, P.C.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Liberty Acquisitions Group Inc.
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Michael D Lieberman on behalf of Creditor Phillip A. Greenblatt, PLLC
mlieberman@lipsonneilson.com

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Richard A. Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Richard Marshack
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Trustee Richard A Marshack (TR)
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Byron Z Moldo on behalf of Interested Party Byron Moldo

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       **F 9013-.1.PROOF.SERVICE**

bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbn.law, jdale@mbnlawyers.com

Victoria Newmark on behalf of Interested Party Courtesy NEF
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Keith C Owens on behalf of Creditor Committee Committee of Unsecured Creditors
kowens@foxrothschild.com, khoang@foxrothschild.com

Teri T Pham on behalf of Attorney Teri Pham
tpham@epglawyers.com, ttpassistant@epglawyers.com

Douglas A Plazak on behalf of Defendant Greyson Law Center PC
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Han Trinh
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Jayde Trinh
dplazak@rhlaw.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Gregory M Salvato on behalf of Creditor Mari Agape
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatoboufadel.com,
calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Olivia Scott on behalf of Creditor Azzure Capital LLC
olivia.scott3@bclplaw.com

Olivia Scott on behalf of Creditor Hi Bar Capital LLC
olivia.scott3@bclplaw.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Jonathan Serrano on behalf of Trustee Richard A Marshack (TR)
jonathan.serrano@dinsmore.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-.1.PROOF.SERVICE**

Paul R Shankman on behalf of Attorney Paul R. Shankman
PShankman@fortislaw.com, info@fortislaw.com

Paul R Shankman on behalf of Creditor United Partnerships, LLC
PShankman@fortislaw.com, info@fortislaw.com

Leslie Skorheim on behalf of U.S. Trustee United States Trustee (SA)
leslie.skorheim@usdoj.gov

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Creditor Alteryx, Inc.
astill@swlaw.com, kcollins@swlaw.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Creditor Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Sharon Z. Weiss on behalf of Creditor Hi Bar Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

Johnny White on behalf of Creditor Debt Relief Group, LLC
JWhite@wrslawyers.com, jlee@wrslawyers.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-.1.PROOF.SERVICE**