Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson Law Center PC on Greyson's*
*Motion to Vacate, on Greyson's Motion for Admin.*
*Claim, and defending Greyson in adv proc.*

## UNITED STATES BANKRUPTCY COURT

## OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| | Bankruptcy Case No. 8:23-bk-10571-SC |
| In re | Chapter 11 |
| | **<u>DECLARATION OF KATHLEEN P. MARCH</u> TO** |
| LITIGATION PRACTICE GROUP, PC | **JOINT STATEMENT OF ISSUES REGARDING** |
| | **THE MOTION OF GREYSON LAW CENTER PC,** |
| | **WHICH MOVES THE COURT TO VACATE—<u>AS</u>** |
| | **<u>TO GREYSON</u>—THE 5/26/23 [DKT.13]** |
| Debtor. | **LOCKOUT AND PRELIMINARY INJUNCTION** |
| | **ORDER (AND THE 6/23/23 ORDER** |
| | **CONTINUING DKT.13 IN EFFECT)** |
| | The Court's 12/7/23 Order [dkt.293] sets the hearing on <u>Greyson's Motion to Vacate for hearing on:</u><br>Date: January 17, 2024<br>Time: 11:00 a.m.<br>Place:  Courtroom of Bankruptcy Judge Scott Clarkson, **by Zoom** or in person at:<br>411 West Fourth Street, Courtroom 5C<br>Santa Ana, CA 92701-4593 |

## <u>DECLARATION OF KATHLEEN P. MARCH</u>

I, KATHLEEN P. MARCH,  declare:

1.      I am an attorney in good standing in California and New York, and am admitted to practice in  USDistrict Court and Bankruptcy Court, CD CA.  I own and run The Bankruptcy Law Firm PC, counsel to Greyson Law Center, PC ("Greyson") , defending Greyson against Trustee's Marshack's adversary proceeding, 8:23-ap-01046-SC, in which Trustee is represented by Christopher Celentino, Christopher Ghio, Jeremy Freedman esqs.  of the Celentino firm (aka Dinsmore & Schohl, LP). The Bankruptcy Law Firm, PC represent Greyson on Greyson's Motion for Allowance and Payment of Administrative Claim, and on Greyson's here in issue Motion to vacate –**as to Greyson**—the Bankruptcy Court's 5/26/23 [dkt.13] Lockout and Preliminary Injunction Order, which was continued in effect until this Court rules otherwise, by this Court's 6/23/23/Order [dkt.70].

2.      I incorporate by reference, as if set forth in full, my Declaration to Greyson's Motion to Vacate in chief, which Motion to Vacate is  dkt.290, filed in adversary proceeding on 12/6/23,  and is dkt.749, filed in main LPG bankruptcy case, on 12/6/23.

3.      As ordered by this Court's 12/7/23 Order [dkt.293] a meet and confer was held on 12/21/23 by a zoom equivalent,  between me [March], with attorney Rolfe, for Greyson, and with attorneys Celentino, Ghio and Freedman of Celentino's firm (Dinsmore & Schohl LP) as counsel for Trustee Marshack.

4.     In the 12/21/23 meet and confer, the Celentino firm did NOT agree to restore Greyson's access to any of the following 5 Greyson items:  (1)  **refused** to return to Greyson Greyson's  approximately 50 computers seized on 6/2/23 at Greyson's offices; (2) **refused** to restore Greyson's access to  Greyson's Microsoft account, including declining to restore Greyson's access to the OneDrive cloud back up storage that is part of Greyson's  Microsoft account, even though my firm sent attys Celentino, Ghio and Freedman  Han Trinh's bill on Han's personal credit card, showing Han was paying Microsoft the approximate $2,312 per month for  Greyson's Mircosoft account, from Han's own money;  (3) **refused** to answer whether Cerentino firm still has Greyson's Microsoft data, including data backed up in the OneDrive cloud backup that is part of Greyson's Microsoft account; (4) **refused** to restore Greyson's access to  Greyson's emails that are part of Greyson's Microsoft account, and (5) **refused** to restore Greyson's access to Greyson's domain on godaddy, even though my firm sent Celentino, Ghio and Freedman the personal credit card bill of Greyson's IT Director, Justin Nguyen, showing Justin he paid for that domain from his personal funds.

5.     In addition, in the 12/21/23 meet and confer meeting, the Celentino firm attorneys  stonewalled, by NOT answering as to whether or not the Celentino firm still had Greyson's Microsoft account data, including Greyson's Microsoft word documents, and pdf documents, that had all been backed up in Greyson's One Drive cloud storage backup, which was part of Greyson's Mircosoft account.

6.    The whole series of emails between Celentino attorneys, and my firm  are attached to this Decl hereto as **Exhibit A**.  **Exhibit A**  includes that after the 12/21/23 Meet and Confer meeting, I, on 12/22/23, sent the following email to Celentino, Ghio and Freedman:

"122223

Trustee Marshack Attorneys Christoper Celentino, Christopher Ghio and Jeremy Freedman , from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel)

Atty Ghio's below email, sent to my law firm after yesterday's (12/21/23) "meet & confer", is ERROR.  As I told you in our meet & confer yesterday,  Greyson owned a Microsoft account, which included **cloud backup (named OneDrive)**.  Greyson's OneDrive cloud back up was accessed as follows:  Every Greyson employee had their own Microsoft Account credentials. When they were logged in on their desktop/ beelink computers, everything that they did and saved would automatically be backed up to their One Drive. That included documents in all formats including PDFs, Word Docs, Notes, etc. Any user who had global access—such as Greyson's IT Director, Justin Nguyen, had (before Serrano locked Nguyen out)-- was able to access each individual employee's One Drive from his master Microsoft account.

Greyson's Microsoft account was owned by Greyson alone, and was accessible by Greyson alone.  It was NOT on some other company's account or server.  Mircrosoft software, including the OneDrive cloud backup storage, was loaded on  Greyson's computers in Greyson's office.  Microsoft word documents, pdfs, and all other documents created on or received by Greyson, were automatically backed up, daily, on the Greyon Microsoft cloud backup,  OneDrive.

The monthly fee for Greyson's Microsoft account was paid monthly by Han Trinh, by Han's personal credit card issued from Wells Fargo Bank.  Attached

is  a Wells Fargo credit card statement from Wells Fargo Bank, on Han's personal Wells Fargo credit card,  showing she was personally paying the $2,312 a month owed to Mircosoft for Greyson's Microsoft account (including OneDrive cloud backup).

Contrary to what you alleged at the meet & confer (with no evidence to back up your allegation), Greyson's Microsoft Account, including Greyson's OneDrive cloud backup , was NOT on some other company's account and was not on some other company's computers or server.  Greyson's Microsoft account and OneDrive cloud backup were only owned by, and only accessible by, Greyson. On 6/2/23, your firm's attorney Jonathan Serrano was at Greyson's office and, pursuant to the Bankruptcy Court's 5/26/23 Lockout and Preliminary Injunction Order, demanded that Greyson's IT director, Justin Nguyen, give Serrano the access code, to access Greyson's Microsoft account, which included giving Serrano access Greyson's OneDrive cloud storage backup, of all Greyson documents, data, and emails on Greyson's Microsoft account.
Justin checked with Han, who told Justin to comply with Serrano's demand,  per instructions Celentino gave Han (Yes Han has emails showing Celentino's direct involvement)  Greyson's IT director, Justin Nguyen then gave Serrano Greyson's **global access password**, to access Greyson' Microsoft account, which included allowing Serrano to access to Greyson's OneDrive cloud storage.

Consequently, Celentino denying, in yesterday's meet and confer--that Celentino's firm demanded and got access to Greyson's Microsoft account, including that Celentino's firm got access to Greyson's OneDrive cloud backup that was part of Greyson's Microsoft account, and denying that Celetino's firm locked Greyson out of Greyson's Microsoft account, including locking Greyson out of the OneDrive cloud backup, by Serrano  changing the password, and not giving the new password to Nguyen--**is simply FALSE**

Serrano tried to access Greyson's Microsoft account, but didn't have enough technical ability to do so, so Justin Nguyen sat down at the computer, with Serrano, and used Greyson's global access password, to get into the Microsoft account.

When Nguyen got Serrano into Greyson's Microsoft account, Serrano demanded that Nguyen remove anyone else's access that had global access permission. After that, Serrano took over and changed the access code to that account (without letting Nguyen see what Serrano changed it to, and without telling Nguyen what Serrano changed it to), so that Greyson could no longer access Greyson's Microsoft account, including that Greyson could no longer access Greyson's documents and emails saved on Greyson's OneDrive cloud backup, which was part of Greyson's Microsoft account.

Because Serrano had locked Nguyen/Greyson out of Greyson's Microsoft account, including locking Greyson out of the OneDrive cloud storage backup that was part of Greyson's Microsoft account, **Nguyen warned Serrano** that Serrano would have to switch the credit card on file, to Serrano's firm, to pay the monthly billing on Greyson's Microsoft account, because Greyson/Han would no longer be able to access the Microsoft account, due to Serrano changing the global access password, and therefore Greyson/Han would be unable to pay the monthly Microsoft bill. Serrano told Nguyen that Serrano understood and that he would relay the message.

Therefore, contrary to what you claimed in the meet and confer, Mr. Celentino, Greyson gave your firm (via Serrano) access to Greyson's Microsoft account, including giving Serrano access to Greyson's OneDrive cloud backup storage that was part of Greyson's Microsoft account, and Serrano locked Greyson out of that account, **even though there is nothing in either the 5/26/23 or 6/23/23 orders that authorizes Trustee/your firm to lock Greyson out of Greyson's Microsoft account, or to lock Greyson out of Greyson's OneDrive cloud backup storage to Greyson's Microsoft account**.

Contrary to what Ghio's below email claims, this is NOT a new issue. This issue arose when your firm, on 6/2/23, seized Greyson's Microsoft account, including Greyson's Microsoft OneDrive cloud storage backup that was part of Greyson's Microsoft account **and illegally locked Greyson out of Greyson's Microsoft account/cloud storage**, though nothing in the 5/26/23 Lockout and Preliminary Injunction Order authorized your firm to lock Greyson out of those. Please check with Serrano and then REPLY please, to confirm that your firm-- via Serrano-- did, on 6/2/23, demand and get access to Greyson's Microsoft account, including that your firm obtained access to Greyson's OneDrive cloud

backup storage, and that your firm—via Serrano--did lock Greyson out from accessing those on 6/2/23.  Please also confirm that your firm/your attorneys/your field agents have never restored Greyson's access to Greyson's Microsoft account, to present, and have never restored Greyson's access to  Greyson's OneDrive cloud back up storage, to present.

Please, in your REPLY, tell my firm:  does your firm still have the data in Greyson's Microsoft account, including does your firm still have Greyson's documents, data and emails that were saved in Greyson's OneDrive cloud storage backup?  If yes,  please tell my firm, are you going to restore Greyson's access to Greyson's Microsoft account, including restoring Greyson's access to Greyson's OneDrive cloud storage backup, and when; or does my firm have to proceed to ask Judge Clarkson to order that, at the 1/17/24 hearing on Greyson's Motion to vacate—as to Greyson-- 5/26/23 Order (includes seeking to vacate the 6/23/23 continuation of the 5/26/23 Order).
If your firm destroyed, or otherwise failed to preserve, the data in Greyson's Microsoft account, including the documents, data and emails in Gryson's OneDrive cloud backup storage, **after your firm took possession of those, on 6/2/23, and locked Greyson out of accessing those, on 6/2/23**, please tell my firm, in detail, what happened to Greyson's data in Greyson's Microsoft account, and in Greyson's OneDrive cloud backup, after your firm took control of Greyson's Microsoft account, and OneDrive cloud backup storage to Greyson's Microsoft account, on 6/2/23, and locked Greyson out of those has that data been destroyed after your firm took possession of it on 6/2/23. Has your firm destroyed, or allowed to be destroyed the documents and data stored in Greyson's Microsoft account, including the documents and data stored in Greyson's OneDrive cloud backup storage to Greyson's Microsoft account.

Think carefully before you answer inaccurately.  I have spoken with both Han Trinh and Justin Nguyen in detail, and they will both supply declarations attesting to the above.  I will attach those Declarations to the "joint statement" of issues that Judge Clarkson has ordered our firms to prepare and file, by 1/8/24, before the 1/17/23 hearing on Greyson's Motion to vacate the 5/26/23 Order (includes vacating the 6/23/23 Order that continued the 5/26/23 Order in effect), if proceeding by "joint statement" is necessary.  That will include that  I will attach the emails from Celentino to Han, to Han's Declaration, showing Celentino's  involvement.  Celentino's claim of lack of any knowledge that

your firm took possession of, and locked Greyson out of Greyson's Microsoft account (including locking Greyson out of Greyson's OneDrive cloud backup storage) concerns me greatly.

Greyson is also entitled to have your firm return Greyson's website www.greysonlawpc.com to Greyson, which your firm locked Greyson out of.  That domain was on godaddy.com and Greyson's IT director, Justin Nguyen paid for that domain for 3 years, with his personal credit card.  See attached credit card bill to Nyugen, on Nyugen's personal credit card, paying GoDaddy for that domain.  Please REPLY and tell my firm, is your firm  going to restore Greyson's access to Greyson's website, or have you destroyed the data in Greyson's website.  Please tell my firm.  Thank you in advance.  There is nothing in the 5/26/23 Order authorizing your firm to lock Greyson out of Greyson's website.

In addition, contrary to what you claimed in the meet and confer, the 50 computers that Serrano/your field agents seized at Greyson on 6/2/23, some of those computers had been paid for by Justin Nguyen on his personal credit card, some had been paid for by Han Trinh, on her personal credit card, and the rest had been paid for by an investor in the earlier Greyson entity.  Greyson is entitled to return of, and demands that your firm return to Greyson, all the computers that Serrano/your field agents seized on 6/2/23.  It is not Greyson's burden of proof to supply receipts and serial numbers for the computers you seized at Greyson's offices on 6/2/23.  It would be your firm's burden of proof to prove that the 50 computers Serrano/your field agents seized at Greyson's offices on 6/2/23 belonged to some entity other than Greyson, and you do not have such proof, because that is not the case.

KPMarch"

7.      There were additional emails back and forth.  On 12/28/23 at 5:40pm I sent an email to Celentino, Ghio and Freedman, which I asked  those Trustee attorneys to answer (no answer except automessage from Celentino that he was out of the **office** until 12/29/23), until 1/3/24, when attorney Freedman of Celentino firm sent an email complaining he wanted the Joint Statement immediately) .   My

12/28/23 at 5:40pm is part of **Exhibit A** to this Declaration (the whole series of

emails).  My 12/28/23 at 5:40pm states:

"122823

Trustee Attys Freedman, Celentino and Ghio, from KPMarch, of BkyLF
counsel for Greyson

Though attorney Freedman's 12/28/23 email purports to respond to my firm's
12/22/23 at 6:30pm email to Celentino, Ghio and Freedman,  Freedman's
12/28/23 email does NOT answer any of the questions I ask in my 12/22/23 at
6:30pm email.  That is just stonewalling.

Yes, we will need to do a Joint Statement.

But just to be clear, am I correct in concluding, from Freedman's 12/28/23
email: (1) that your firm **refuses** to return any of the approximately 50
computers seized on 6/2/23 at Greyson's offices; (2) that your firm **refuses** to
restore Greyson's access to  Greyson's Microsoft account, including declining
to restore Greyson's access to the OneDrive cloud back up storage that is part
of Greyson's  Microsoft account, even though my firm sent you Han Trinh's
bill on Han's personal credit card, showing Han was paying the approximate
$2,300 per month for  Greyson's Mircosoft account, from Han's own
money;  (3) that your firm **refuses** to answer whether your firm still has
Greyson's Microsoft data, including data backed up in the OneDrive cloud
backup that is part of Greyson's Microsoft account; (4) that your firm **refuses** to
restore Greyson's access to  Greyson's emails that are part of Greyson's
Microsoft account, and (5) that your firm **refuses** to restore Greyson's access to
Greyson's domain on godaddy, even though my firm sent you Justin Nguyen's
personal credit card bill, showing he paid for that domain from his personal
funds.

Please REPLY to answer (1)-(5), since Freedman's below email does not
answer any of (1)-(5)  Thx.

Responding to Atty Freedman's below email alleging that Greyson's position is unsupported, the side with the unsupported position is your side, the Dinsmore law firm side.  It was Mr. Celentino, not me, who made false statements in the meet and confer, of which the most glaring falsehood was Celentino  falsely claiming that Greyson had no Mircrosoft account, and falsely claiming that your firm did not seize any Greyson Microsoft account and did not lock Greyson out of accessing Greyson's Microsoft account, including locking Greyson out of accessing the OneDrive cloud backup to Greyson's Microsoft account.  Contrary to Celentino's false claims, Greyson had its own Mircrosoft account, which Han Trinh was paying for monthly, with Han's personal credit card (I send you that credit card bill proving that); Attorneys Celentino and Serrano of your law firm demanded that Greyson give your firm the passwords to access Greyson's Microsoft account,  and Han and Greyson's IT director, Justin Nguyen, did so; Serrano immediately changed the passwords, as soon as Justin Nguyen got Serrano into the Greyson Mircosoft account on 6/2/23, locking Greyson out of Greyson's Microsoft account, including locking Greyson out the OneDrive cloud backup that was part of Greyson's Microsoft account; and Greyson has remained locked out from 6/2/23 to present.

**I will draft Greyson's part of the Joint Statement, listing issues (1)-(5) above, and will send the Joint Statement  to your firm, for your firm to fill in your firm's position on issues (1)-(5).   I'll try to do that by January 2 or 3, 2023.  Since I just told you what issues (1)-(5) are, above, feel free to work on your responses, so you will have your responses ready to add to the Joint Statement, when I email it to you.**

Reply to confirm receipt please.

KPMarch"

8.      Neither [dkt.13, the 5/26/23 lockout and preliminary injunction order, nor dkt.70, the 6/23/23 order that continued the 5/26/23 [dkt13] order in effect, until this Court orders otherwise, authorized Celentino firm to seize, or to lock Greyson out of, Greyson's complete Mircrosoft account, except that maybe (wording not clear) see

p.8, paragraph 1 of dkt.13 order) Celentino firm may have been authorized to seize 1

small part of Greyson's Mircosoft account, the Microsoft Sharepoint section of

Greyson's Mircrosoft account, where Greyson stored Greyson's protocols for doing

business.  Han Trinh's Declaration explains that the Mircosoft Sharepoint section of

Greyson's Microsoft account is only a small portion of Greyson's Microsoft account,

in which Greyson stores Greyson's protocols for doing business.

9.      It was illegal for Celentino firm to seize and lock Greyson out of

Greyson's whole Microsoft account [M365 suite] on 6/2/23, and it is illegal that

Celentino's firm has kept Greyson locked out of Greyson's Microsoft account [M365

suite] from 6/2/23 to present, including seizing, and keeping Greyson locked out of

accessing the OneDrive cloud storage to Greyson's Microsoft account, where

Greyson's Microsoft word documents, pdf documents and additional data were cloud

stored.  Celentino firm's unauthorized seizure of Greyson's whole Microsoft account

[M365 suite] on 6/2/23, and Celentino firm's unauthorized locking out Greyson from

accessing any part of Greyson's whole Microsoft account [M365 suite] from 6/2/23

to present, has caused serious damage to Greyson, and Celentino firm is liable for

that damage.

10.     **If** the Celentino firm failed to preserve Greyson's Microsoft data, after

attorney Serrano of the Celentino firm locked Greyson out of accessing Greyson's

Microsoft data, on 6/2/23--so only the Celentino firm had access to Greyson's data--

that would be **spoliation of Greyson's evidence,** which is **sanctionable misconduct** by the Celentino firm, and is a tort.

11.     Celentino firm committing spoliation of Greyson's evidence should be held by this Hon. Bankruptcy court **to bar Trustee Marshack from opposing Greyson's Motion for Administrative Claim** [dkt….., filed …..], set for hearing on 1/19/24 at …….. .  Trustee's Opposition is due on 1/5/24, and Greyson's Reply to any Opposition is due on 1/12/24.

12.     **Continuance needed and requested**:  If Greyson does not have Greyson's Microsoft account documents and data back, by the time Trustee (1/5/23) Trustee files any Opposition to Greyson's Motion for Allowance and Payment of Administrative Claim, then Greyson requests this Court to continue the due date for Greyson's **Reply**, to a date 7 days after Celentino firm returns Greyson's Microsoft data and documents to Greyson, with a corresponding continuance of the 1/19/24 hearing date on Greyson's Motion for Administrative Claim.

13.     If Celentino firm has failed to preserve Greyson's Mircrosoft data and documents, after seizing **Greyson's** Microsoft account on 6/2/23 and locking Greyson out of that account (from 6/2/23 to present) that is spoliation of Greyson's data and documents by Celentino firm, and should be held by this Court to preclude Trustee Marshack from opposing Greyson's Motion for Administrative Claim, as a sanction for **spoliation of Greyson's data, by Trustee's attorneys, the Celentino firm.**

14.     To REPLY to any Opposition which Trustee files to Greyson's Motion for allowance and payment of administrative claim, Greyson, and my law firm-- as counsel for Greyson--needs the Microsoft word documents, and pdf documents, including contracts **and** invoices,  which were stored in Greyson's Microsoft account, on Greyson's computers, and which were additionally stored in the OneDrive cloud backup that was part of Greyson's Microsoft account.

15.     **If Celentino firm has not restored Greyson's access to those Greyson documents, Greyson will need, and my firm as counsel for Greyson, will need, and hereby requests that a continuance as follows:  That** this Court continue Greyson's Reply date, on Greyson's Motion for Administrative Claim, to 7 days after Celentino firm returns all Greyson's word documents, pdf documents, and other data to Greyson, that was in Greyson's Microsoft account when Celentino firm seized, and locked Greyson out of accessing Greyson's Microsoft account on 6/2/23, a lockout which has continued to present.

16.     In addition, Greyson and my firm request that this Court continue the 1/19/24 hearing date **on** Greyson's Motion for Administrative Claim to 7 days after the continued hearing date for Greyson to file Greyson's Reply.

17.     **If** the Celentino firm failed to preserve Greyson's Microsoft data, after Serrano locked Greyson out of accessing Greyson's Microsoft data, on 6/2/23, so only the **Celentino** firm had access to Greyson's data, that would be **spoliation of**

**Greyson's evidence,** which is **sanctionable misconduct** by the Celentino firm, and is a tort.

18.     The Celentino attorneys/Celentino firm committing spoliation of Greyson's evidence, in representing Trustee Marshack on the 5/26/23 [dkt13] and 6/22/23 (**continuation**) Orders, should be held by this Hon. Bankruptcy court **to bar Trustee Marshack from opposing Greyson's Motion for Administrative Claim** [dkt.676, filed 11/17/23], set for hearing on 1/19/24 at …….. .  Trustee's Opposition is due on 1/5/24, and Greyson's Reply to any Opposition is due on 1/12/24.  If Greyson does not have Greyson's Microsoft account documents and data back, by the time Trustee files any Opposition to Greyson's Motion for Allowance and Payment of Administrative Claim, then Greyson requests this Court to continue the due date for Greyson's Reply, to a date 7 days after Celentino firm returns Greyson's Microsoft data and documents to Greyson, with a corresponding continuance of the 1/19/24 hearing date on Greyson's Motion for Administrative Claim. If Celentino firm has failed to preserve Greyson's Mircrosoft data and documents, after seizing Greyson's Microsoft account on 6/2/23 and locking Greyson out of that account (from 6/2/23 to present) that is spoliation of Greyson's data and documents by Celentino firm, and should be held by this Court to preclude Trustee Marshack from opposing Greyson's Motion for Administrative Claim, as a sanction for **spoliation of Greyson's data, by Trustee's attorneys, the Celentino firm.**

19.     Because Celentino firm has ignored my multiple requests, in emails to Celentino attorneys, and in the 12/21/23 meet and confer, to tell me whether or not the Celentino firm still has Greyson's Microsoft account data, this Court should order **the** Celentino firm, by Christopher Celentino, Esq. to answer, in writing, under Penalty of Perjury Whether Celentino Firm Still Has Greyson's Microsoft Account Data, or Whether Celentino Firm destroyed--Or Allowed To Be Destroyed-- Greyson's Microsoft Account Data, after Attorney Serrano Of Celentino Firm Locked Greyson Out Of Accessing Greyson's Microsoft Account On 6/2/23.

20.     Evidence is March Decl, that in the meet and confer March asked Celentino, Ghio and Freedman to answer whether or not the Celentino firm still had Greyson's Microsoft account data, but they did not answer.  Instead Celentino falsely **denied** Greyson had a Microsoft account, and falsely denied that Celentino firm had seized Greyson's Microsoft account on 6/2/23 and had locked Greyson out of accessing Greyson's Microsoft account from 6/2/23 to present.

21.     Celentino knew he was lying on these points, because the 6/2/23 email Celentino to Han Trinh (attached as **Exhibit C** to Han's Declaration to this Joint Statement, as a screen shot Han took of the 6/2/23 email, before Serrano locked Greyson out of Greyson's Microsoft account) proves that Celentino  was directly involved in demanding that Greyson, by Han, have Greyson's IT director Justin Nguyen give Celentino's firm attorney Serrano, the master access codes to get into Greyson's Microsoft account, which Justin then gave to Serrano.   Justin's

Declaration to this Joint Statement attests that as soon as Justin got Serrano into

Greyson's Microsoft account (M365 suite), on 6/2/23, that Serrano changed the

master code, locking Greyson out of accessing Greyson's Mircrosoft account, and

Greyson has remained locked out of Greyson's Mircrosoft account, including Greyson

has been locked out of accessing Greyson's Mircrosoft, One Drive cloud backup,

from 6/2/23 to present.

22.     Celentino, Ghio and Freedman failing to answer whether or not the

Celentino firm still has Greyson's Microsoft account data, or whether Celentino firm

destroyed, or allowed to be destroyed, Greyson's Microsoft account data is

**stonewalling** by Celentino firm, which is sanctionable misconduct.

I declare under penalty of perjury that the foregoing is true and correct, and

that this Declaration is executed at Los Angeles, California on January_3_, 2024.

                    __/s/ Kathleen P. March_____
                    KATHLEEN P. MARCH

**<u>Exhibit A</u>** to KPMarch Declaration to Joint Statement

(emails from 12/08/23 through 010324, between Greyson counsel March, and Celentino firm attorneys)

**K. P. March**

| | |
|---|---|
| **From:** | Celentino, Christopher <Christopher.Celentino@DINSMORE.COM> |
| **Sent:** | Wednesday, January 3, 2024 12:34 PM |
| **To:** | K. P. March; Freedman, Jeremy; Ghio, Christopher |
| **Subject:** | RE: Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PCcounsel): |
| | |
| **Importance:** | High |

Thank you KP March.

The filing deadline for the pleading is Monday, January 8, 2024 – you will have it from us timely on Monday. We will not be communicating further until then.

We can agree to disagree on the remaining details, and look forward to hearing from Judge Clarkson.

Have a good weekend, Chris.

Dinsmôre

**Christopher Celentino**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519
E christopher.celentino@dinsmore.com  •  dinsmore.com

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Wednesday, January 3, 2024 10:40 AM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PCcounsel):

1/3/24 at 10:35am

You have Greyson's Motion in Chief [dkt 290 Filed in adv proc on 12/6/23, and dkt 749, filed in LPG main case on 12/6/23], which moves to vacate dkt.13, the 5/26/23 Lockout and Preliminary injunction order (would include vacating the 6/23/23 order which continues dkt.13 in effect until the Court orders otherwise, though actually, if the 5/26/23 order is vacated--**as to Greyson--** there is nothing to be continued in effect, as to Greyson, by the 6/23/23 order).

The Joint Statement which Judge Clarkson's 12/7/23 Order orders, is a substitute for your firm's Opposition and Greyson's REPLY to Opposition. There is no need to repeat what is in Greyson's motion in chief, filed on 12/6/23.

I suggest your firm add your portions to the Joint Statement that I emailed to you yesterday evening 1/2/24 at 6:19pm, where I have marked to add your firm's positions, and add any Declarations you want my firm to attach to the Joint Statement, sign Joint Statement and any Declarations in ink, and **email them to my firm by 5pm on Friday, 1/5/24**, so my firm can timely file the Joint Statement on Monday, 1/8/24.

My pointing out that Celentino lied in the meet and confer is NOT an "ad hominin" attack, its simply pointing out the truth.  Celentino should not have lied, if he didn't want my firm to point out that he lied, and Celentino's 6/2/23 email to Han Trinh shows very clearly that he lied in the meet and confer, because he claimed there was no Greyson Microsoft account, and that none was seized by your firm, when in fact, Celentino was directly involved in telling Han Trinh to instruct Greyson's IT director, Justin Nguyen, to give your firm's attorney Serrano, the master access codes to Greyson's Microsoft 365 suite, and to Greyson's domain/website hosted on godaddy.com.  Justin gave those Greyson master codes to Serrano, who promptly accessed both, using those Greyson master codes, and **locked Greyson out of both** from 6/2/23 to present.

No, the 5/26/23 Order did NOT authorize your firm to seize and lock Greyson out of Greyson's whole Microsoft account (M365 suite) or to seize and lock Greyson out of Greyson's domain/website hosted on godaddy.com.  Neither did the 6/23/23/ "continuation" order.  But your law firm did both, which was illegal, and your firm should be held liable for the damage your firm caused Greyson.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224

2

Fax: 310-559
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

**From:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Sent:** Wednesday, January 3, 2024 9:47 AM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** RE: Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PCcounsel): attached find the proposed JOINT STATEMENT, with Greyson's material filled in, marked to show where your firm should put your material in. REPLY to

Kathleen,

Providing a summary of the grounds for a motion or joint statement is not the same as providing the actual motion and supporting evidence which we still do not have as ordered by the Court. Nonetheless, your clients continued personal attacks and unsupported position are noted and will be addressed before judge Clarkson. It is telling that you complain about the accounts you refused to identify referring to them as "cloud accounts" and refer to Dinsmore & Shohl as the Celentino firm when you know that is not the case. A few examples of many false statements contained in your emails and papers.

As for the preliminary injunction. Please review Section A(1)-(14) more closely. The Preliminary Injunction only carves out Greyson's data, accounts and property that are unrelated and were not obtained from LPG, Phoenix, CLG, LGS HoldCo, Oakstone or Diab and/or not funded by LPG, Maverick, Vulcan, PrimeLogix, SCS, and/or Touzi. We have provided you with more than enough evidence to show none of the accounts or property your client demands is unrelated to those entities or funded by anything other than LPG funds by and through LPG's ACH processor, Phoenix, Vulcan, PrimeLogix, BAT, Inc. and Maverick. In addition to the evidence already provided, your clients were onboarding CLG clients until Han advised to stop in May 2023. Your client was servicing Oakstone clients. This is the evidence we have summarized for you and attempted to impress upon you in order to get to the essence of your client's motion. Evidence you have consistently refused to address or even acknowledge. What is interesting is Greyson judicially admitted many of these facts at the June 12, 2023 hearing and in its opposition to the preliminary injunction which Judge Clarkson noted on the record and upon which he granted the preliminary injunction. So it does not appear your client will ever be able to produce any evidence and has resorted to unprofessional vitriol.

Respectfully, we disagree with your clients position and will not acknowledge your threats and personal attacks moving forward. Provide us with the evidence to support your clients position and we will be more than happy to discuss.

Best,

# Dinsmôre

**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0517  •  F (619) 400-0501
E Jeremy.Freedman@Dinsmore.com  •  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Tuesday, January 2, 2024 6:19 PM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Celentino, Christopher
<Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PCcounsel):
attached find the proposed JOINT STATEMENT, with Greyson's material filled in, marked to show where your firm should
put your material in. REPLY to con

010324

To attys Celentino, Ghio, Freedman from KPMarch, Esq., Bky LF:

I told your firm, in my firm's email of 12/28/23m what the 5 issues are that Greyson is asking the Court to
decide. Plus I told your firm that I would email you the JOINT STATEMENT, for you to fill out your firm's portion, by end
of tomorrow 1/3/24, but that you could work on your portion now, because I told you the 5 issues in my 12/28/23
email

That gives your firm considerably more time than my firm has had.

However, attached find the proposed JOINT STATEMENT, with Greyson's material filled in, marked to show where your
firm should put your material in.

Do put whatever your firm's responses are, to the 5 issues, in the JOINT STATEMENT, so the Court can decide
them. **But you are NOT entitled to Change what I wrote, In Greyson's portion of the JOINT STATEMENT, so please do
NOT change Greyson's portion of the JOINT STATEMENT**. Thx in advance for your cooperation in that respect.

The Declarations of Han Trinh, Justin Nguyen and myself, I will send you by the end of tomorrow, Wednesday, 1/3/24,
but the body of the JOINT STATEMENT summarizes what those Declarations will say, so there will be no surprises in the
Declarations themselves.

When you get your portion filed in, in the JOINT STATEMENT, please email the JOINT STATEMENT back to my firm, along
with any Declarations supporting your position, so my firm can timely efile the completed JOINT STATEMENT, with my
firm's declarations, and your firm's declarations, by the 1/8/24 due date.

Please sign in INK the JOINT STATEMENT before you email it back to my firm.

Unfortunately, your firm's behavior has been the opposite of good faith. Its been doing things that dkt.13 (the 5/26/23
Lockout and Prelimary Injunction order (and the 6/23/23 order continuing it in effect until the Court orders otherwise)
did not authorize your firm to do; followed by stonewalling, in the meet and confer. Attorney Celentino claiming, in the
meet and confer, that there was no Greyson Microsoft account, was a complete and knowing falsehood. Obviously
Celentino thought he could get away with saying that falsehood, because he knew your firm had locked Greyson out of
all Greyson emails. But unbeknownst to Celentino, Han Trinh had screen printed on her cell phone, Celentino's 6/2/23
email to Han, which proves Celentino's direct, personal involvement in getting Han to instruct Greyson's IT director,
Justin Nyugen, to supply attorney Serrano of your firm with the master access codes to Greyson's Microsoft account
[M365 suite], so Serrano could lock Greyson out of Greyson's Microsoft account, when the dkt.13 order did NOT
authorize your firm to seize, or to lock Greyson out of, Greyson's Microsoft account.

**Please REPLY to confirm receipt. Thx.**

KPMarch

Kathleen P. March, Esq.

4

10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Sent:** Tuesday, January 2, 2024 4:36 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Celentino, Christopher
<Christopher.Celentino@DINSMORE.COM>
**Subject:** RE: Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel)
Please read below email responding to Ghio's below email, and please REPLY re: Will you now return Greyson's
Microsoft data, domain, & computers

Kathleen,

It is now after 4:30pm and we have yet to receive your clients portion of the separate statement and supporting
evidence in order to properly respond. Unless the joint statement and supporting evidence is provided within the hour,
we would request that your client stipulate to a short extension of the briefing schedule depending on when we receive
the joint statement and subject to court approval to be filed tomorrow as it is not reasonable for Trustee to be provided
with 72 hours or less before the deadline to gather whatever additional evidence may be necessary to respond.

Also, I address your demands below.

Trustee has attempted to work with you in good faith on these five issues as provided in Chris Ghio's detailed response
to your prior demands immediate after our meet and confer Webex meeting on Thursday, December 21, 2023. Rest
assured, however, the Trustee will not be bullied by your clients demands. Your clients approach to date has been
inconsistent with the spirit of Judge Clarkson's meet and confer order [Dkt. 293] which Judge Clarkson is not likely to
take kindly.

As an initial matter, the Trustee has already met his burden of proof as indicated by the imposition of the Preliminary
Injunction based, in part, on Greyson's own judicial admissions in its opposition to the preliminary injunction and
statements made on the record. This of course, is in addition to the evidence submitted by the Trustee at the June 12,
2023 hearing. Your client's refusal to provide any reliable information or evidence to support its position confirms what
the evidence already shows, among other issues: 1) Greyson had no assets of its own and was funded with LPG funds
through Diab and Diab's alter egos, including Vulcan Consulting, LLC, PrimeLogix, LLC B.A.T., Inc., Maverick Management
among others; 2) Greyson and its principals including Han and Jayde Trinh were accomplices with Tony Diab in devising
the plan to start Greyson, regularly communicated with Diab who was controlling the finances as he had at LPG, took
orders from Diab including running reports on Phoenix files and file handling; 3) used Diab to draft and enter into
marketing affiliate contracts; 4) Diab gave Han signatory control over B.A.T.,'s Chase business checking account which
paid for Greyson expenses including, but not limited to, Scott Eadies salary and its reserve deposit with Revolv3 /
Payliance in order to process ACH transactions where LPG also had an account; 5) Greyson stole LPG's attorney network
and yet attempts to argue it was providing Phoenix a service by locating outside counsel; 6) Greyson stole LPG's
proprietary information necessary to run Greyson as a new version of LPG. All of which was done in an effort to aid in
the fraudulent scheme to transfer LPG client files, funds, proprietary information and assets as alleged in the adversary
complaint. None of which requires an alter ego claim. The evidence does not bode well for your clients should it be
presented before Judge Clarkson. With that said, we again address your demands below:

5

1) The Trustee will continue to enforce the Preliminary Injunction ordered by the Court absent a court order vacating or modifying the Preliminary Injunction. Greyson has failed to provide evidence of what laptops or computers it owned and that it paid for the laptops and computers with its own funds. This is because the IT equipment including laptops were already at Suite 400B, belonged to LPG and were purchased with LPG funds. Witnesses employed by Greyson and present on the day Greyson moved into Suite 400B will testify, the Laptops were LPGs and purchased with LPG funds. Moreover, the evidence and Greyson's declarations in opposition to the Preliminary injunction admit as much which was confirmed by Mr. Plazak on the record at the June 12, 2023 hearing. The Citibank account your client claims was set up to pay its own bills never had any money deposited into the account in the month of May and had an ending balance of - $1.72 due to non-sufficient fund draws by Paychex. Instead, expenses and payroll were funded by Diab, B.A.T., Vulcan and PrimeLogix for which Trustee is in possession of emails from Han to Diab, payroll checks, and bank records to support same. Simply put, Greyson had no funds of its own to purchase such equipment without the assistance of LPG funds, Diab and/or his alter egos. Even if Han provided credit card statements showing she used her credit card, Han was either reimbursed from or the credit card was paid directly with LPG funds through B.A.T., Vulcan, Prime Logix, Maverick or Diab himself.

2. The Trustee will continue to enforce the Preliminary Injunction ordered by the Court absent a court order vacating or modifying the Preliminary Injunction. Han's credit card statement was paid using LPG funds and/or payment from Diab or his alter egos. In fact, witnesses will testify and the evidence shows Han was a primary signatory on B.A.T.'s Chase account giving her the ability to pay her own credit card statements. As such, without evidence of whose accounts paid Han's credit card statements, the evidence provided does not support what Greyson says it does and is meaningless given the evidence discussed herein. Moreover and concerning, is that the evidence shows and witnesses employed by Greyson will testify the accounts and cloud storage facilities your client wants possession of contain stolen LPG proprietary information, including but not limited to LPGS attorney network list Greyson stole, training materials and videos, employee handbooks, legal service agreements, scripts, and the like. While Greyson may try to argue it is entitled to compete, it is not entitled to compete using LPG's proprietary information which Trustee has clear evidence Greyson stole and was using as its own.

3) As previously indicated, the Trustee has not altered any of Greyson's accounts other than to prevent access by way of changing login credentials / settings.

4) See number 2 above. The evidence shows Kenneth Hu at Maverick, Justin Nguyen and others at Greyson were emailing LPG proprietary information in order to modify it for Greyson's nefarious purposes and engage in unfair competition.

5) Subject to Court approval the Trustee will relinquish control over Greyson's website as being inconsequential at this time subject to further and immediate turnover in the event it is discovered the website and/or domain contains hidden gateways to access other restricted accounts, CRMs, or cloud storage facilities or other LPG proprietary information, client information and ACH information that remain subject to the Court's Preliminary Injunction.

While we look forward to presenting our evidence to Judge Clarkson, we hope that in light of the foregoing your clients will re-consider their position and withdraw their motion.

Best,

# Dinsmôre

**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Thursday, December 28, 2023 5:40 PM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Celentino, Christopher
<Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** RE: Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel)
Please read below email responding to Ghio's below email, and please REPLY re: Will you now return Greyson's
Microsoft data, domain, & computers

122823

Trustee Attys Freedman, Celentino and Ghio, from KPMarch, of BkyLF counsel for Greyson

Though attorney Freedman's 12/28/23 email purports to respond to my firm's 12/22/23 at 6:30pm email to Celentino,
Ghio and Freedman,  Freedman's 12/28/23 email does NOT answer any of the questions I ask in my 12/22/23 at 6:30pm
email. That is just stonewalling.

Yes, we will need to do a Joint Statement.

But just to be clear, am I correct in concluding, from Freedman's 12/28/23 email: (1) that your firm **refuses** to return any
of the approximately 50 computers seized on 6/2/23 at Greyson's offices; (2) that your firm **refuses** to restore Greyson's
access to  Greyson's Microsoft account, including declining to restore Greyson's access to the OneDrive cloud back up
storage that is part of Greyson's  Microsoft account, even though my firm sent you Han Trinh's bill on Han's personal
credit card, showing Han was paying the approximate $2,300 per month for  Greyson's Microsoft account, from Han's
own money; (3) that your firm **refuses** to answer whether your firm still has Greyson's Microsoft data, including data
backed up in the OneDrive cloud backup that is part of Greyson's Microsoft account; (4) that your firm **refuses** to restore
Greyson's access to  Greyson's emails that are part of Greyson's Microsoft account, and (5) that your firm **refuses** to
restore Greyson's access to Greyson's domain on godaddy, even though my firm sent you Justin Nguyen's personal
credit card bill, showing he paid for that domain from his personal funds.

Please REPLY to answer (1)-(5), since Freedman's below email does not answer any of (1)-(5)  Thx.


Responding to Atty Freedman's below email alleging that Greyson's position is unsupported, the side with the
unsupported position is your side, the Dinsmore law firm side. It was Mr. Celentino, not me, who made false statements
in the meet and confer, of which the most glaring falsehood was Celentino  falsely claiming that Greyson had no
Mircrosoft account, and falsely claiming that your firm did not seize any Greyson Microsoft account and did not lock
Greyson out of accessing Greyson's Microsoft account, including locking Greyson out of accessing the OneDrive cloud
backup to Greyson's Microsoft account.  Contrary to Celentino's false claims, Greyson had its own Mircrosoft account,
which Han Trinh was paying for monthly, with Han's personal credit card (I send you that credit card bill proving that);
Attorneys Celentino and Serrano of your law firm demanded that Greyson give your firm the passwords to access
Greyson's Microsoft account,  and Han and Greyson's IT director, Justin Nguyen, did so; Serrano immediately changed
the passwords, as soon as Justin Nguyen got Serrano into the Greyson Mircosoft account on 6/2/23, locking Greyson out
of Greyson's Microsoft account, including locking Greyson out the OneDrive cloud backup that was part of Greyson's
Microsoft account; and Greyson has remained locked out from 6/2/23 to present.

**I will draft Greyson's part of the Joint Statement, listing issues (1)-(5) above, and will send the Joint Statement  to
your firm, for your firm to fill in your firm's position on issues (1)-(5).   I'll try to do that by January 2 or 3, 2023.  Since I
just told you what issues (1)-(5) are, above, feel free to work on your responses, so you will have your responses
ready to add to the Joint Statement, when I email it to you.**

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Sent:** Thursday, December 28, 2023 3:37 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** RE: Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Please read below email responding to Ghio's below email, and please REPLY re: Will you now return Greyson's Microsoft data, domain, & computers

Kathleen,

I trust you enjoyed the Christmas holiday.

Unfortunately your clients unsupported position requires the parties to submit a joint statement per Judge Clarkson's order [Dkt No. 293] on or before January 8, 2024. We look forward to submitting our evidence to Judge Clarkson for reasons we attempted to explain at the meet and confer and which will be more apparent at that time as we have good reason to believe your clients are being less than forthright.

To date, we have not seen Greyson's portion of the joint statement. Please let us know when we can expect the joint statement so we may include the Trustee's position and supporting evidence ahead of the quickly approaching deadline due to the New Year holiday.

Best,

Dinsmôre

**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP  ·  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0517  ·  F (619) 400-0501
E Jeremy.Freedman@Dinsmore.com  ·  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Friday, December 22, 2023 6:31 PM
**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Subject:** Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel)

8

Please read below email comments on below email, and please REPLY re: Will you now return Greyson's Microsoft data, domain, & computers

122223 at 6:30pm

Trustee attys Celetino, Ghio and Freedman from KPMarch, Esq of Bky LF counsel for Greyson Law Center PC

This email is to respond to attorney Celentino's below email to my firm of this afternoon, asking whether Han Trinh, or Justin Nguyen, were reimbursed for the charges they paid, on their personal credit cards, ie charges Han paid monthly, on Han's personal Wells Fargo credit card, for Greyson's Microsoft account (including the OneDrive cloud backup that is part of the Microsoft account) and charges Greyson IT director Justin paid, on his personal credit card, to purchase the Greyson domain at godaddy.com.

The answer is neither Han, nor Justin, was reimbursed by any person or entity, for paying those charges on their respective personal credit cards, including neither was reimbursed by PrimeLogix, Vulcan, Maverick, LPG, Touzi, Oakstone, Mr. Eady [sic: Scott Eadie, Esq.], Mr. Tang, Mr. March or Mr. Diab, for paying those items on their personal credit cards.

Your **firm illegally locked Greyson out of Greyson's Microsoft account (including locking Greyson out of the OneDrive cloud backup portion of Greyson's Microsoft account**. Neither the 5/26/23 Order, nor the 6/23/23 Order, authorized Trustee/your firm to lock Greyson out of Greyson's Microsoft account or to lock Greyson out of the OneDrive cloud backup portion of Greyson's Microsoft account.

Greyson is being damaged every day that Trustee/your firm, fails to restore Greyson's access to Greyson's Mircosoft account/fails to restore Greyson's access to the One Drive cloud backup portion of Greyson's Microsoft account.  Greyson needs to be able to access its documents and data stored on Greyson's Microsoft account, and back-up stored on the OneDrive cloud backup portion of Greyson's Microsoft account, to carry on Greyson's business, including to collect debts that Greyson is owed. Greyson has been locked out of its Mircosoft account/OneDrive cloud backup to Greyson's Microsoft, wrongfully, from 6/2/23 to present.  The longer your firm keeps Greyson locked out of accessing Greyson's Microsoft data, the more Greyson is damaged by your firm's wrongful conduct.

Your firm has run out of excuses.  Please immediately restore Greyson's access to Greyson's Microsoft account, including restoring Greyson's access to the OneDdrive cloud backup portion of Greyson's Microsoft account.

**If** your firm deleted, lost, or otherwise failed to preserve Greyson's data on Greyson's Mircosoft account and/or on the OneDrive cloud backup portion of Greyson's Microsoft account, after attorney Serrano of your firm demanded and was granted access to Greyson's Microsoft account, and changed the passwords, locking Greyson out of accessing Greyson's Microsoft account, on 6/2/23, **you need to admit your firm deleted, lost, or otherwise failed to preserve Greyson's data on Greyson's Mircrosoft account and/or on the OneDrive cloud backup portion of Greyson's Microsoft account,** after Serrano took over Greyson's Microsoft account on 6/2/23, and locked Greyson out of accessing Greyson's Mircosoft account on 6/2/23.  I keep asking you does your firm still have Greyson's Microsoft data or not.  **Please answer that question honestly**, now.  Or do I have to wait to have Judge Clarkson order your firm to answer that question?

Similarly, please immediately restore Greyson's access to Greyson's domain, www.greysonlawpc.com, on godaddy.com. Neither the 5/26/23 Order, nor the 6/23/23/ Order, authorized Trustee/your firm to lock Greyson out of Greyson's domain on godaddy.com

In addition, please immediately return the 50 Greyson computers/beelinks that Serrano/your field agents seized from Greyson's offices on 6/2/23. I have explained in my firm's earlier email today that Han, Justin and an investor in Greyson one, purchased those computers. You have no evidence to the contrary. Return the 50 computers now please.

Reply please.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Sent:** Friday, December 22, 2023 2:26 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Subject:** RE: Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Please read below email responding to Ghio's below email, and please REPLY re: Will you now return Greyson's Microsoft data, domain, & computers

122223

Thank you Kay for this update and these details. We will follow up.

Please confirm:

11

That neither Justin nor Han were reimbursed for these claimed credit card expenses from PrimeLogix, Vulcan, Maverick, LPG, Touzi, Oakstone, Mr. Eady, Mr. Tang, Mr. March or Mr. Diab.

And, if they have credit card receipts for the computers they claim were purchased with these cards – or even just the statements showing from whom the computers were purchased, please pass them on to us, as that may help identify those computers.

Thank you.  Chris.

# Dinsmôre

**Christopher Celentino**
Partner
Dinsmore & Shohl LLP  ·  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
C (619) 218-3229  ·  F (619) 400-0501 O (619) 400-0519
E christopher.celentino@dinsmore.com  ·  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Friday, December 22, 2023 12:35 PM
**To:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Subject:** Trustee Attys Celentino, Ghio & Freedman, from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Please read below email responding to Ghio's below email, and please REPLY re: Will you now return Greyson's Microsoft data, domain, & computers

122223

Trustee Marshack Attorneys Christoper Celentino, Christopher Ghio and Jeremy Freedman , from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel)

Atty Ghio's below email, sent to my law firm after yesterday's (12/21/23) "meet & confer", is ERROR. As I told you in our meet & confer yesterday,  Greyson owned a Microsoft account, which included **cloud backup (named OneDrive)**. Greyson's OneDrive cloud back up was accessed as follows: Every Greyson employee had their own Microsoft Account credentials. When they were logged in on their desktop/ beelink computers, everything that they did and saved would automatically be backed up to their One Drive. That included

documents in formation of making PDFs, word Docs, Notes, etc. Any user who had global access—such as Greyson's IT Director, Justin Nguyen, had (before Serrano locked Nguyen out)-- was able to access each individual employee's One Drive from his master Microsoft account.

Greyson's Microsoft account was owned by Greyson alone, and was accessible by Greyson alone. It was NOT on some other company's account or server. Mircrosoft software, including the OneDrive cloud backup storage, was loaded on Greyson's computers in Greyson's office. Microsoft word documents, pdfs, and all other documents created on or received by Greyson, were automatically backed up, daily, on the Greyon Microsoft cloud backup, OneDrive.

The monthly fee for Greyson's Microsoft account was paid monthly by Han Trinh, by Han's personal credit card issued from Wells Fargo Bank. Attached is a Wells Fargo credit card statement from Wells Fargo Bank, on Han's personal Wells Fargo credit card, showing she was personally paying the $2,312 a month owed to Mircosoft for Greyson's Microsoft account (including OneDrive cloud backup).

Contrary to what you alleged at the meet & confer (with no evidence to back up your allegation), Greyson's Microsoft Account, including Greyson's OneDrive cloud backup , was NOT on some other company's account and was not on some other company's computers or server. Greyson's Microsoft account and OneDrive cloud backup were only owned by, and only accessible by, Greyson.

On 6/2/23, your firm's attorney Jonathan Serrano was at Greyson's office and, pursuant to the Bankruptcy Court's 5/26/23 Lockout and Preliminary Injunction Order, demanded that Greyson's IT director, Justin Nguyen, give Serrano the access code, to access Greyson's Microsoft account, which included giving Serrano access Greyson's OneDrive cloud storage backup, of all Greyson documents, data, and emails on Greyson's Microsoft account.

Justin checked with Han, who told Justin to comply with Serrano's demand, per instructions Celentino gave Han (Yes Han has emails showing Celentino's direct involvement) Greyson's IT director, Justin Nguyen then gave Serrano Greyson's **global access password**, to access Greyson' Microsoft account, which included allowing Serrano to access to Greyson's OneDrive cloud storage.

Consequently, Celentino denying, in yesterday's meet and confer--that Celentino's firm demanded and got access to Greyson's Microsoft account, including that Celentino's firm got access to Greyson's OneDrive cloud backup that was part of Greyson's Microsoft account, and denying that Celetino's firm locked Greyson out of Greyson's Microsoft account, including locking Greyson out of the OneDrive cloud backup, by Serrano changing the password, and not giving the new password to Nguyen--**is simply FALSE**

Serrano tried to set up some account himself, but didn't have enough technical ability to do so, so Justin Nguyen sat down at the computer, with Serrano, and used Greyson's global access password, to get into the Microsoft account.

When Nguyen got Serrano into Greyson's Microsoft account, Serrano demanded that Nguyen remove anyone else's access that had global access permission. After that, Serrano took over and changed the access code to that account (without letting Nguyen see what Serrano changed it to, and without telling Nguyen what Serrano changed it to), so that Greyson could no longer access Greyson's Microsoft account, including that Greyson could no longer access Greyson's documents and emails saved on Greyson's OneDrive cloud backup, which was part of Greyson's Microsoft account.

Because Serrano had locked Nguyen/Greyson out of Greyson's Microsoft account, including locking Greyson out of the OneDrive cloud storage backup that was part of Greyson's Microsoft account, **Nguyen warned Serrano** that Serrano would have to switch the credit card on file, to Serrano's firm, to pay the monthly billing on Greyson's Microsoft account, because Greyson/Han would no longer be able to access the Microsoft account, due to Serrano changing the global access password, and therefore Greyson/Han would be unable to pay the monthly Microsoft bill. Serrano told Nguyen that Serrano understood and that he would relay the message.

Therefore, contrary to what you claimed in the meet and confer, Mr. Celentino, Greyson gave your firm (via Serrano) access to Greyson's Microsoft account, including giving Serrano access to Greyson's OneDrive cloud backup storage that was part of Greyson's Microsoft account, and Serrano locked Greyson out of that account, **even though there is nothing in either the 5/26/23 or 6/23/23 orders that authorizes Trustee/your firm to lock Greyson out of Greyson's Microsoft account, or to lock Greyson out of Greyson's OneDrive cloud backup storage to Greyson's Microsoft account.**

Contrary to what Ghio's below email claims, this is NOT a new issue. This issue arose when your firm, on 6/2/23, seized Greyson's Microsoft account, including Greyson's Microsoft OneDrive cloud storage backup that was part of Greyson's Microsoft account **and illegally locked Greyson out of Greyson's Microsoft account/cloud storage**, though nothing in the 5/26/23 Lockout and Preliminary Injunction Order authorized your firm to lock Greyson out of those.

Please check with Serrano and then REPLY please, to confirm that your firm--via Serrano-- did, on 6/2/23, demand and get access to Greyson's Microsoft account, including that your firm obtained access to Greyson's OneDrive cloud backup storage, and that your firm—via Serrano--did lock Greyson out from accessing those on 6/2/23. Please also confirm that your firm/your attorneys/your field agents have never restored Greyson's access to Greyson's Microsoft account, to present, and have never restored Greyson's access to Greyson's OneDrive cloud back up storage, to present.

Please, in your REPLY, tell my firm: does your firm still have the data in Greyson's Microsoft account, including does your firm still have Greyson's documents, data and emails that were saved in Greyson's

Greyson's Microsoft account, including restoring Greyson's access to Greyson's OneDrive cloud storage backup, and when; or does my firm have to proceed to ask Judge Clarkson to order that, at the 1/17/24 hearing on Greyson's Motion to vacate—as to Greyson-- the 5/26/23 Order (includes seeking to vacate the 6/23/23 continuation of the 5/26/23 Order).

If your firm destroyed, or otherwise failed to preserve, the data in Greyson's Microsoft account, including the documents, data and emails in Gryson's OneDrive cloud backup storage, **after your firm took possession of those, on 6/2/23, and locked Greyson out of accessing those, on 6/2/23**, please tell my firm, in detail, what happened to Greyson's data in Greyson's Microsoft account, and in Greyson's OneDrive cloud backup, after your firm took control of Greyson's Microsoft account, and OneDrive cloud backup storage to Greyson's Microsoft account, on 6/2/23, and locked Greyson out of those has that data been destroyed after your firm took possession of it on 6/2/23. Has your firm destroyed, or allowed to be destroyed the documents and data stored in Greyson's Microsoft account, including the documents and data stored in Greyson's OneDrive cloud backup storage to Greyson's Microsoft account.

Think carefully before you answer inaccurately. I have spoken with both Han Trinh and Justin Nguyen in detail, and they will both supply declarations attesting to the above. I will attach those Declarations to the "joint statement" of issues that Judge Clarkson has ordered our firms to prepare and file, by 1/8/24, before the 1/17/23 hearing on Greyson's Motion to vacate the 5/26/23 Order (includes vacating the 6/23/23 Order that continued the 5/26/23 Order in effect), if proceeding by "joint statement" is necessary. That will include that I will attach the emails from Celentino to Han, to Han's Declaration, showing Celentino's involvement. Celentino's claim of lack of any knowledge that your firm took possession of, and locked Greyson out of Greyson's Microsoft account (including locking Greyson out of Greyson's OneDrive cloud backup storage) concerns me greatly.

Greyson is also entitled to have your firm return Greyson's website www.greysonlawpc.com to Greyson, which your firm locked Greyson out of. That domain was on godaddy.com and Greyson's IT director, Justin Nguyen paid for that domain for 3 years, with his personal credit card. See attached credit card bill to Nyuegen, on Nyuegen's personal credit card, paying GoDaddy for that domain. Please REPLY and tell my firm, is your firm going to restore Greyson's access to Greyson's website, or have you destroyed the data in Greyson's website. Please tell my firm. Thank you in advance. There is nothing in the 5/26/23 Order authorizing your firm to lock Greyson out of Greyson's website.

In addition, contrary to what you claimed in the meet and confer, the 50 computers that Serrano/your field agents seized at Greyson on 6/2/23, some of those computers had been paid for by Justin Nguyen on his personal credit card, some had been paid for by Han Trinh, on her personal credit card, and the rest had been paid for by an investor in the earlier Greyson entity. Greyson is entitled to return of, and demands that your firm return to Greyson, all the computers that Serrano/your field agents seized on 6/2/23. It is not Greyson's burden of proof to supply receipts and serial numbers for the computers you seized at Greyson's offices on 6/2/23. It would be your firm's burden of proof to prove that the 50 computers Serrano/your field agents seized at Greyson's offices on 6/2/23 belonged to some entity other than Greyson, and you do not have such proof, because that is not the case.

KPMarch

Kathleen P. March
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Sent:** Thursday, December 21, 2023 3:02 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** RE: Christopher Celentino esq & Christopher Ghio Esq., from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23

Kathleen:

Thanks for taking the time to discuss and meet and confer. Please see my responses to your questions, below.

As a preliminary matter, much of this (computers, emails) was discussed with Doug Plazak when he represented Greyson. Other of this (cloud data [besides that housed on Luna relating to Greyson's 46 or 48 clients] and website) is being raised for the first time by way of motion. This is surprising, since we have always cooperated with Mr. Plazak's requests. For example, Mr. Plazak requested computers, and we asked for receipts (establishing that the computers were purchased by Greyson) and serial numbers (so we know which of the many computers Greyson alleges are its own). With respect to emails, we asked for affidavits from the people who used the email addresses (for example, bradlee@greysonlawpc.com) and Mr. Plazak never provided those.

Further, as we discussed on our call, we have confirmed that Mr. Plazak accessed the Luna data for the 46-48 Greyson clients on 7/20/23 at 4:16pm. To our knowledge, this is the only "Greyson data" which exists on a cloud or otherwise and has already been provided to your client's former counsel. You allege the existence of other cloud data/systems which we contend were never disclosed or turned over by Greyson in violation of the Court's TRO and later Preliminary Injunction. We requested and you agreed to provide identification of the cloud data/systems which Greyson seeks by way of the instant motion so we can confirm.

Best,

# Dinsmôre

**Christopher B. Ghio**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0468  •  F (619) 400-0501
E Christopher.Ghio@Dinsmore.com  •  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Thursday, December 21, 2023 1:27 PM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

**Subject:** RE: Declaration of Kathleen March with Exb. A in support of Greyson (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23

122123

Attys Freedman, Celentino and Ghio from KPMarch, Esq, Bky LF

Your firm has not answered ANY of the questions my firm has sent you several times.

Despite that, here is Greyson's answer:

The 5/26/23 and 6/23/23 orders should never have been entered against Greyson, because Greyson was not an "alter ego" of LPG, it was and is a direct competitor of LPG and of Buyer of LPG assets (MLG).

Greyson needs its data to carry on its business. Greyson has a right to compete with LPG, MLG and other similar businesses.  The 6/23/23 order says it stays in effect until court orders otherwise, which is why my firm, for Greyson, has moved to the court to vacate the original 5/26/23 order (also includes vacating the 6/23/23 Order). Trustee has the burden of proving the 5/26/23 and 6/23/23 orders should continue to be in effect, and cannot sustain trustee's burden of proving that.

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Sent:** Thursday, December 21, 2023 11:56 AM
**To:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; K. P. March <kmarch@bkylawfirm.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** RE: Christopher Celentino esq & Christopher Ghio Esq., from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23

Kathleen,

Ahead of our meet and confer today, the Trustee has the following questions regarding the issues raised in Greyson's Motion that we presume you will be prepared to provide answers to and supporting evidence.

1. What is Greyson's reason for seeking to vacate the preliminary injunction specifically negotiated by Doug Plazak?

2. What portions of the preliminary injunction prevent Greyson from conducting business?

3. Does Greyson intend to continue to compete with MLG and continue to solicit LPG clients as evidenced by the LPG client Declarations Greyson submitted to the Court in opposition to the Trustee's preliminary injunction?

4. What is the legal basis Greyson contends it had and/or has (Contractual or otherwise) to access LUNA, a proprietary software system, developed, paid for and hosted by LPG for LPG clients? Please produce supporting documents.

5. Greyson had an opportunity to oppose the sale order of LPG assets, which included LUNA and in anticipation of the sale the Trustee granted Greyson limited access to retrieve it client data from LUNA. Doug Plazak and/or Greyson accessed LUNA on July 20, 2023 at approximately 4:16 pm presumably to retrieve Greyson client records. Did Greyson retrieve the records when access was granted in July? If not, please explain why.

6. Please provide all records evidencing Greyson paid with its own funds (and not those from LPG's ACH) for the Sharp / Microsoft server account(s) that hosted Greyson's email as the evidence shows the account in the name of LPG and was paid for by LPG.

7. Please provide evidence of ownership of any and all laptop computers or any other property Greyson contends is its property that was not already returned per the Trustee's negotiations with Doug Plazak. Given the evidence presented and omissions made on the record at the PI hearing on 6/12/23 by Greyson and counsel, this would need to include serial numbers and proof of purchase using Greyson sourced funds. Note, Doug Plazak never mentioned the laptop computers. Instead, Mr. Plazak requested the return of some personal items which were turnover to Greyson. Mr. Plazak also requested the return of furniture, however, the receipts he provided clearly showed the furniture was paid for by LPG.

We look forward to our call and hope we can resolve these issues.

Jeremy.

# Dinsmôre

**Jeremy B. Freedman**
Attorney
SDDL Board Member
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0517  •  F (619) 400-0501
E jeremy.freedman@dinsmore.com  •  dinsmore.com

**From:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Sent:** Wednesday, December 20, 2023 11:02 AM
**To:** K. P. March <kmarch@bkylawfirm.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Cc:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Subject:** Re: Christopher Celentino esq & Christopher Ghio Esq., from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23

I'll circulate the WebEx dial in for 1:30 pm tomorrow. Thank you.

---

Sent from Workspace ONE Boxer

On December 20, 2023 at 10:54:34 AM PST, K. P. March <kmarch@bkylawfirm.com> wrote:

122023

To Christopher Celentino esq and Christopher Gio esq (Trustee Marshack attys) from KPMarch, Esq. Bky LF (Greyson Law Center PC attys)

**Per your below email, confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer**, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23, regarding Greyson's Motion to vacate the lockout and preliminary injunction order as to Greyson, return all property seized from Greyson (including 50+ Greyson computers) and restore Greyson's access to all Greyson's data that Celentino/his field agents seized and locked Greyson out of [Motion filed in both LPG main case, and filed in Trustee Marshack v. Diab et al adversary proceeding

Do you want to set up a zoom meeting for 1:30pm tomorrow, or should my firm do so? **Reply and tell me please**. Thx.

At our meet and confer meeting tomorrow, you **both** will need to answer the questions my firm asked in my firm's below 12/8/23 email, which are:

Do one or both of you have personal knowledge of Greyson's property seized? In order to have personal knowledge of "Greyson's property seized" we need to first have – which we have asked Mr. Plazak (and you) for, on many occasions – evidence that the property was Greyson's and purchased in Greyson's name with Greyson's funds. Please provide us with receipts (not included in your motion) and Greyson bank account records which substantiate Greyson's claim that this property is, in fact, Greyson's. When we made this request during our call on 12/21, you declined and insisted we provide a list of all "Greyson's property seized". This response again, begs the question, what exactly do you claim is "Greyson's property" and what is the proof Greyson paid for it out of money not originating from LPG.

Does one of both of you know where Greyson's 50 plus computers and other physical property seized is at present. All seized computers are stored. We have previously asked Mr. Plazak for evidence that these computers were purchased by Greyson with Greyson funds; please provide this, along with serial numbers or other identifying information for these computers. As to other physical property, we require receipts and bank records substantiating that this property was purchased by Greyson, with Greyson money.

Have you/your law firm/your field agents, preserved Greyson's seized computers, so that you can return them to Greyson? See above; all seized computers are stored. We have no information that any of the seized computers belong to Greyson – please provide any evidence you have that the computers were purchased by Greyson with funds generated by Greyson (and not LPG).

Do one or both of you have personal knowledge of Greyson's data seized, that you/your firm/your field agents locked Greyson out of in June 2023? As we mentioned on our call, there is a difference between seizing and locking Greyson out. There are two issues here:

(A) If Greyson stored data on cloud accounts in the Debtor's name or the name of one of its alter egos (Phoenix or Oakstone), we may be in possession of that "data" which was, in fact seized by the Trustee pursuant to a valid court order. We need a list of the data Greyson is seeking. If it is proprietary information (forms, scripts, etc.) which Greyson pilfered from LPG, we'd object to providing that to Greyson – since it is not Greyson's. The entity you represent was formed on May 12, 2023, less than one-month before the TRO was served. Once we have list of the "data" being sought we can evaluate

the date on which that document was authored and determine if there is any basis for you to claim it belongs to Greyson.

(B) If the data was stored on a Greyson owned cloud system, we have no present knowledge that access information for this system was ever provided to Trustee. This is both a violation of the Court's TRO and PI, and makes it impossible for Trustee to have "seized" anything. To that extent it is possible Greyson is "locked out" by virtue of our service of a Litigation Hold letter or the TRO/PI on one of the many third party vendors or because the account is in the name of another entity.

We understand you will provide us: (i) the web address to the alleged cloud where this data was stored; (ii) evidence that this cloud service was paid for an maintained by Greyson with Greyson's own funds; and (iii) proof that Greyson's IT personnel, who you declined to name on our 12/21 call, ever provided Trustee staff with the access credentials as required by Court Order.

Do one or both of you  know where Greyson's data, which you/your field agents locked Greyson out of accessing in June 2023, is stored?  See above response.

Have one or both of you/your law firm/your field agents preserved Greyson's seized data, so that you/your law firm/your field agents can return all the seized data to Greyson/restore Greyson's access to all Greyson's data which you/your law firm/your field agents seized and locked Greyson out of in June   2023.  See above response.

Do one or both of you have  authority, from Trustee Marshack,  to agree to anything, in tomorrow's meet and confer? Yes, but as stated, we need further information from your client to evaluate any requests.

**I suggest it will make our meet and confer more productive if you will please REPLY and answer these questions today.  Thx in advance.**

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*


**From:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Sent:** Wednesday, December 20, 2023 10:07 AM
**To:** K. P. March <kmarch@bkylawfirm.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** Re: FW: Christopher Celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Responding to your below email to our law firm: Please read below and please REPLY Thx. WHERE ARE YOU GUYS? REPLY PLEASE SENT 12/8

Kathleen:

Chris Celentino and I are available to meet and confer tomorrow after 1:30pm.

Does 1:30pm work for you?

Best,

Chris Ghio

---

Sent from Workspace ONE Boxer
On December 15, 2023 at 6:40:46 PM PST, K. P. March <kmarch@bkylawfirm.com> wrote:

12/15/23

Christopher Celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF (Greyson
Law Center PC etc counsel)

Re:  meet and confer judge Clarkson ordered between your firm, for Trustee and my firm for
Greyson Law Center PC

Attys Celentio and Ghio:


I AM FORWARDING YOU BOTH THE BELOW EMAIL, WHICH I SENT YOU BOTH ON
12/8/23, BECAUSE NEITHER ONE OF YOU HAS RESPONDED TO MY FIRM.

Please read below and please REPLY Thx.

Judge Clarkson has ORDERED that your firm and mine meet and confer, and I do not want to
violate Judge Clarkson's order.

Nor am I going to have one of my firm's junior attorneys do the meet and confer.  I am going to
do it myself, because it appears to me that Judge Clark's order contemplates the senior attorneys
will meet and confer (no slight intended to you attorney Ghio, but I think the order means
Celentino and I are to meet and confer.

**Please REPLY to answer the below questions, to get us started on the meet and confer
process.  Thx in advance.**

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*


**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Friday, December 8, 2023 5:30 PM
**To:** 'Celentino, Christopher' <Christopher.Celentino@DINSMORE.COM>
**Cc:** 'Ghio, Christopher' <Christopher.Ghio@Dinsmore.com>

Subject: Christopher Celentino, esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF
(Greyson Law Center PC etc counsel) Responding to your below email to our law firm: Please
read below and please REPLY Thx.

120823

Christopher Celentino esq (Trustee Marshack counsel), cc Christopher Ghio, esq of Celentino
firm,  from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel)

Its up to you, attorney Celentino.  But I don't read Judge Clarkson's "meet and confer"
requirement, in Judge Clarkson's 12/7/23 Order,  as contemplating that you will have a junior
attorney do the "meet and confer", instead of you doing the required "meet and
confer" yourself.

Please Reply to answer the following questions, which all bear on who has the knowledge and
authority to do the ordered "meet and confer":

Does Ghio have personal knowledge of Greyson's property seized? Does Ghio know where
Greyson's 50 plus computers and other physical property seized is at present. Have you/your
law firm/your field agents, preserved Greyson's seized computers, so that you can return them to
Greyson?
Does Ghio have personal knowledge of Greyson's data seized, that you/your firm/your field
agents locked Greyson out of in June 2023? Does Ghio know where Greyson's data, which
you/your field agents locked Greyson out of accessing in June 2023, is stored? Have you/your
law firm/your field agents preserved Greyson's seized data, so that you/your law firm/your field
agents can return all the seized data to Greyson/restore Greyson's access to Greyson's data
which you/your law firm/your field agents seized and locked Greyson out of in June 2023.
Does Ghio have any authority to agree to anything, in the meet and confer?

Please tell my firm the answers to these questions.  If any of the answers to these questions are
NO, then my firm suggests that you need to be the attorney to do the "meet and confer" with me.

Reply please.  thx.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Sent:** Friday, December 8, 2023 3:47 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

**Subject:** REDeclaration of Kathleen March with Exh A in support of Greyson from KPMarch, Esq. Bky
LF (Greyson Law Center PC etc counsel) See attached Order of Judge Clarkson, entered
yesterday, 12/7/23, directing that you and I "meet and confer" by no later than 12/27/23.

Dear Kay –

Thanks for your letter.

Mr. Ghio, who is handling the matter, will attend to schedule
something concerning this next week. Best, Chris.

Dinsmôre

**Christopher Celentino**
Partner
Dinsmore & Shohl LLP · Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
C (619) 218-3229 · F (619) 400-0501 O (619) 400-0519
E christopher.celentino@dinsmore.com · dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Friday, December 8, 2023 11:42 AM
**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** Christopher celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF
(Greyson Law Center PC etc counsel) See attached Order of Judge Clarkson, entered yesterday,
12/7/23, directing that you and I "meet and confer" by no later than 12/27/23.

120823

Christopher Celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF (Greyson
Law Center PC etc counsel)

Re: LPG bky case and your adversary proceeding

Atty Celentino:

See attached Order of Judge Clarkson, entered yesterday, 12/7/23, dkt293, directing that you and
I "meet and confer" by no later than 12/27/23, to try to consensually resolve Greyson's Motion
(referred to in the attached Order), which moves to vacate the *Lockout and Preliminary
Injunction Order,* as to Greyson, (because Greyson was never an "alter ego" of debtor LPG, and
therefore granting the *Lockout and Preliminary Injunction Order*, as to Greyson, was error), and
which moves for an Order ordering your firm to return all Greyson's seized property to Greyson,
and to immediately restore Greyson's access to all Greyson's data of various kinds, which
you/your field agents seized and locked Greyson out of accessing, starting on 6/2/23 and

23

continuing the litigation, that means You have continued to keep Greyson frozen out of, to present.

I am available to meet and confer with you immediately, as Greyson needs its property and data back, to operate, and damage to Greyson mounts, the longer you/your field agents, keep Greyson locked out of Greyson's data.

**Please REPLY to this email to tell me what date/time you want to meet and confer. We can meet and confer by zoom (my firm can set that up) or by phone. Just tell me what you prefer.**

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** cmecfhelpdesk@cacb.uscourts.gov <cmecfhelpdesk@cacb.uscourts.gov>
**Sent:** Thursday, December 7, 2023 5:05 PM
**To:** Courtmail@cacb.uscourts.gov
**Subject:** 8:23-ap-01046-SC Order on Generic Motion (BNC-PDF)

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Central District of California

Notice of Electronic Filing

The following transaction was received from AutoDocket, CIAO-User entered on 12/07/2023 at 4:01 PM PST and filed on 12/07/2023

**Case Name:**     Marshack v. Diab et al
**Case Number:**   8:23-ap-01046-SC
**Document Number:** 293

**Docket Text:**
Order (1) Setting Hearing On Motion Of Greyson Law Center PC To Vacate 5/26/23 Lockout And Preliminary Injunction Order As To Greyson Law, Order Trustee Atty Celentino To Return

All Greyson&apos;s Books, Orders, Property, And Order Celentino To Immediately Restore Greyson&apos;s Access To All Greyson Law Center PC; (2) Consolidating Related Motions And (3) Requiring The Parties To Meet And Confer. IT IS ORDERED: 1. As Both Motions Are Identical, The Court Will Treat The Motions As Consolidated And Hold A Single Hearing, Docketed In The Adversary Proceeding. Any Order Resulting From The Court&apos;s Ruling On The Motion Will Be Applicable, If Appropriate, Throughout This Case. 2. A Hearing On The Motion Will Occur On January 17, 2024, At 11:00 A.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. 3. Parties Are To Meet And Confer By No Later Than December 27, 2023, Regarding All Of The Issues Raised In The Motion, Including, Without Limitation, Any Issues Regarding (a) Ownership Of The Property, (b) Identification Of The Property; And (c) What Would Be Required To Move And Return The Property. As Both Parties Are Represented By Sophisticated Counsels Well Known To The Court, The Court Expects That the Meet And Confer Will Be Fruitful And Conducted With An Approach Directed Towards Resolution. If, After The Meet And Confer, A Dispute Still Exists Which Requires Court Intervention, The Parties Are To File A Joint Statement By No Later Than January 8, 2024, detailing The Dispute And The Parties&apos; Relative Positions Which Should Be Supported By Declarations, If Appropriate. The Joint Statement Will Replace The Normal Procedures For An Opposed Motion, As Set Forth In Local Bankruptcy Rule 9013-1. (BNC-PDF) (Related Doc # [290]) Signed on 12/7/2023 (NB8)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**/data/docs0/ECF/ADI/cacb_live/realtime/documents/14af89a9-2a6f-4a81-9a49-ef73a7e1376d.pd
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=12/07/2023] [FileNumber=105329471-0]
[903bce12a51906732cb2065007402b33e24d563715a543b2861d78c1fa61b1ad28c33bd9ed6b324886f1c76840e81be

## 8:23-ap-01046-SC Notice will be electronically mailed to:

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

**8:23-ap-01046-SC Notice will not be electronically mailed to:**

,

Authorize Net

,

B.A.T. Inc.

,

BAT Inc. dba Coast Processing

,

William Taylor Carss

,

Jimmy Chhor

,

Max Chou

,

Tony Diab

,

Dwolla, Inc.

,

EPPS

,

Equipay

,

Fidelity National Information Services, Inc.

,

Guardian

,

Guardian Processing, LLC

,

Dongliang Jiang

,

Law Offices of Ronald Richards
Ronald Richards, Esq
PO Box 11480
Beverly Hills, CA 90213

Maverick Management Group, LLC

Maverick Management, LLC

,

Merit Fund, LLC

,

Oakstone Law Group PC

,

Optimumbank Holdings, Inc.

,

Phoenix Law Group, Inc.

,

Phoenix Law, PC

,

Prime Logix, LLC

,

Revolv3, Inc.

,

Seamless Chex Inc.

,

Heng Taing

,

Maria Eeya Tan

,

Eng Tang

,

Teracel Blockchain Fund II LLC

,

The United States Postal Service

,

Wes Thomas

,

Vulcan Consulting Group LLC

,

World Global

Worldpay Group

,

Worldpay, Inc.

,

Worldpay, LLC

,

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.