1  CHRISTOPHER B. GHIO (259094)
   christopher.ghio@dinsmore.com
2  CHRISTOPHER CELENTINO (131688)
   christopher.celentino@dinsmore.com
3  JEREMY B. FREEDMAN (308752)
   jeremy.freedman@dinsmmore.com
4  DINSMORE & SHOHL LLP
   655 West Broadway, Suite 800
5  San Diego, California 92101
   Tele:   619.400.0500
6  Fax:   619.400.0501
7
8  Special Counsel to Richard A. Marshack
   Chapter 11 Trustee for the Bankruptcy Estate of
9  The Litigation Practice Group PC

10

11            UNITED STATES BANKRUPTCY COURT

12        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

13

14  In re:                                    Case No.: 8:23-bk-10571-SC

15  THE LITIGATION PRACTICE GROUP P.C.,       Adv. Proc. No. 8:23-ap-01046-SC

16            Debtor.                          Chapter 11

17  _____

18  RICHARD A. MARSHACK,                      DECLARATION OF CHRISTOPHER
                                              CELENTINO IN SUPPORT OF JOINT
19            Plaintiff,                       STATEMENT RE GREYSON LAW
                                              CENTER PC'S MOTION TO (1) VACATE
20  v.                                         05/26/23 LOCKOUT AND PRELIMINARY
                                              INJUNCTION ORDER AS TO GREYSON
21  TONY DIAB, et al.                          LAW, ORDER TRUSTEE ATTORNEY
                                              CELENTINO TO RETURN ALL
22                                            GREYSON'S SEIZED PROPERTY, AND
                                              ORDER CELENTINO TO IMMEDIATELY
23            Defendants.                      RESTORE GREYSON'S ACCESS TO ALL
                                              GREYSON LAW CENTER PC; AND (2)
24                                            CONSOLIDATING RELATED MOTIONS

25

26                                            Date:      January 17, 2023
                                              Time:      11:00 a.m.
27                                            Judge:     Hon. Scott C. Clarkson
                                              Place:     Courtroom 5C
28                                                       411 West Fourth Street
                                                         Santa Ana, California  92701

                              1

I, CHRISTOPHER CELENTINO, declare as follows:

1.      I am an attorney at law duly licensed to practice law by the State Bar of California and admitted to practice before this Court. I am a partner with the law firm of Dinsmore & Shohl LLP, and serve as Special Counsel to Richard A. Marshack, Chapter 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group PC. I make this declaration in support of the Joint Statement re Greyson Law Center PC's Motion to (1) Vacate 05/26/23 Lockout and Preliminary Injunction Order as to Greyson Law, Order Trustee Attorney Celentino to Return All Greyson's Seized Property, and Order Celentino to Immediately Restore Greyson's Access to All Greyson Law Center PC; and (2) Consolidating Related Motions ("Motion to vacate Preliminary Injunction"). I have personal knowledge of the facts contained in this declaration, and if called upon to testify, I could and would testify competently thereto.

2.      Neither myself nor any person or entity employed or acting on behalf of the Chapter 11 Trustee, Richard A. Marshack, who was provided access to Greyson's turned over "accounts" has or instructed anyone to alter, modify or delete any of Greyson's files or accounts, including but not limited to the Microsoft-hosted email account, Sharepoint, OneDrive, Teams and Viva account other than to change the log in credentials and settings to block unauthorized access to the account pursuant to the temporary restraining order ("TRO") [Adv. Dkt. No. 13] and Preliminary Injunction [Adv. Dkt. No. 70]. Greyson's Microsoft account has been paid by the Trustee.

3.      On June 2, 2023, I had a conversation to Han Trinh ("Han") wherein she represented to me that Greyson was the sole brainchild of herself and her sister, Jayde Trinh, and that Tony Diab had not association with Greyson whatsoever in all respects; similar testimony was presented by Han at the Preliminary Injunction hearing before this Court on June 12, 2023. Han also agreed to accept service of the TRO electronically and continue with email communications. True and correct copies of email I sent to Han Trinh confirming the forgoing is attached hereto as **Exhibit A**. The Trustee's negotiations and dealings with Greyson and Han, including the decisions to drop Trustee alter ego allegations as to Greyson, were based in part on accepting Han's representations made to the Trustee, and the Court, as true.

///

2

4.      After the June 12, 2023, hearing on the Trustee's Preliminary Injunction, then counsel for Greyson, Doug Plazak, consistent with Greyson's consent that he agreed to on the record at the hearing, negotiated, drafted and agreed to the terms of the Preliminary Injunction on behalf of his client which then became the order of the Court. [Adv. Dkt. No. 70.] A true and correct copy of Doug Plazak's email with his final revisions to the Preliminary Injunction and a redline copy of same approved by Greyson and the Trustee and OUST based in part on Han's representations, above, is attached hereto as **Exhibit B**.

5.      Between June 13, 2023 and June 14, 2023 myself and others at Dinsmore & Shohl, including Christopher Ghio, worked diligently with Doug Plazak to work through a number of the issues that are now raised by Greyson, anew. During these communications it appeared to me the parties were working together amicably to resolve Greyson's concerns where possible. A true and correct copy of Greyson's initial request and Trustee's response is attached hereto as **Exhibit C**.

6.      On June 16, 2023, Mr. Plazak requested relief from the Preliminary Injunction to access four specific emails accounts on Greyson's Microsoft email service, including Admin@greysonlawpc.com; Bradlee@greysonlawpc.com; Maxchou@greysonlawpc.com; and HR@greysonlawpc.com. Based on the understanding that these email addresses may contain personal information of the account holders, I requested the account holders to provide authorization letters to permit persons other than the account holders to access those email addresses. The same day, Mr. Plazak sent an authorization letter not signed by the individuals who were registered to the email accounts; I requested specific authorization letters personally assigned by the account holders. Shortly thereafter, Mr. Plazak provided a revised authorization letter, purportedly signed by the account holders themselves. Given the questionable nature of the letters and the signatures, I felt it prudent to seek an affidavits from the individuals registered to the accounts sought by Greyson before entertaining the request further. A true and correct copy of the email correspondence with Mr. Plazak on June 16, 2023 regarding the foregoing is attached hereto as **Exhibit D**.   If the correct documents were received, it was my intention to seek this Court's guidance concerning modification of the injunction language that had previously been agreed to by Mr. Plazak and Greyson, and which became the Court's order.  After requesting affidavits under penalty of perjury, the Trustee has not

1  received a demand for access to the four accounts let alone any of Greyson's other email accounts

2  until Greyson filed its Motion to vacate the Preliminary Injunction.  No such affidavits were provided.

3         7.     Similarly, Greyson by and through Mr. Plazak requested the Trustee return laptop

4  computer(s) allegedly owned by Greyson, which were among the LPG equipment retrieved from the

5  LPG/Phoenix premises. In response, we asked for proof of identification and ownership; at no time

6  has the Trustee been provided with any such documentation demonstrating that the equipment was

7  not otherwise tied to funds misappropriated from LPG.  No further correspondence from Greyson

8  was received on this issue until Greyson filed its Motion to vacate the Preliminary Injunction.

9         8.     On December 21, 2023, I was present at the web meeting constituting the parties meet

10  and confer efforts related to Greyson's Motion to vacate the Preliminary Injunction. I have known

11  Kathleen March for over 20 years. During our web meeting, Ms. March was often hostile and abusive

12  which made for a very difficult conversation despite our good faith efforts to answer her demands

13  and discuss the issues. Notably, with regards to Greyson's Microsoft account, she continually referred

14  to it as Greyson's "cloud accounts." Despite efforts to get clarification, we were only provided with

15  information related to Greyson's email account. It wasn't until after this meeting and upon our own

16  investigation that we learned the cloud accounts included OneDrive and other online applications that

17  we then learned were accessible from and through the email accounts. Similarly, with respect to

18  Greyson computers, counsel for Greyson insisted on referring to them as Greyson's laptops, which

19  was misleading and vague given they now have clarified the definition to include Beelink and Intel

20  Processors. Again, despite the vague characterization of the property and accounts Greyson seeks to

21  be returned, we assured Ms. March we would look into these issues upon being provided further

22  information in an effort to continue the parties meet and confer efforts. At this time, we have no

23  evidence that any of the computers in Trustee's control were purchased with funds other than those

24  of LPG.  Indeed, we believe the evidence to be to the contrary, and the computer equipment are LPG

25  assets.

26  ///

27  ///

28  ///

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3    Executed on this 8th day of January 2024 at San Diego, California.

4

5    _____

6    Christopher Celentino

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

| | |
|---|---|
| **From:** | Celentino, Christopher |
| **To:** | han@greysonlawpc.com; GLC Admin |
| **Cc:** | Richard Marshack; Ed Hays |
| **Subject:** | Service - Litigation Practice Group |
| **Date:** | Friday, June 2, 2023 3:07:01 PM |
| **Attachments:** | image001.jpg |
| | 0001 - Complaint.pdf |
| | 0015 - Summons and Notice of Status Conferencein Adversary Proceeding.pdf |
| | 2023_05_08 (ECF 65) Court Order Appoving US Trustee Application for Appointment of Chapter 11 Trustee.pdf |
| | 0013 - Certified Copy of Order on Omnibus Emergency Motion.pdf |
| **Importance:** | High |

Dear Han –

Thank you for taking the time to discuss the matter with me, and for consenting to use of email.

On behalf of Greyson Law, attached please find the documents served which pertain to the matters we discussed.

Please call me if you have any questions.

Sincerely, Chris.





**Christopher Celentino**

Partner

Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101

**C (619) 218-3229** • **F** (619) 400-0501 **O** (619) 400-0519

**E** christopher.celentino@dinsmore.com • dinsmore.com

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

| From: | Celentino, Christopher |
| --- | --- |
| To: | GLC Admin; Serrano, Jonathan |
| Cc: | Ghio, Christopher |
| Subject: | RE: Home Address |
| Date: | Wednesday, June 7, 2023 9:59:52 AM |
| Attachments: | image001.jpg |

Han –

We'll, it looks like you were accidentally left out of the first round of the order.  We will fix that for future appearances and depositions.  I wouldn't want Judge Clarkson to miss your testimony about you and Jade being the brainchildren behind Greyson, your anger and complete disassociation from Tony in all respects, and your alleged complete lack of involvement in the operations that appear to have seriously hurt clients and creditors.

There is no reason for us to meet until after the hearing before Judge Clarkson on Monday.

His direction will guide further action.

Chris.



Dinsmore

**Christopher Celentino**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**C (619) 218-3229**  •  **F** (619) 400-0501  **O** (619) 400-0519
**E** christopher.celentino@dinsmore.com  •  dinsmore.com

**From:** GLC Admin <Admin@greysonlawpc.com>
**Sent:** Tuesday, June 6, 2023 5:41 PM

**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Serrano, Jonathan
<Jonathan.Serrano@Dinsmore.com>
**Subject:** Re: Home Address

Hello Christopher -

Of course, I plan on being there regardless.

Will we be meeting up tomorrow to have a follow-up like we discussed on Monday?

Could you please advise as to why if there is a lock out order in place, is Ty Carss allowed on
the premises? Or did I hear that incorrectly during our phone call on Monday?

Thank you,
Han Trinh
GLC Admin

---

**From:** GLC Admin <Admin@greysonlawpc.com>
**Sent:** Tuesday, June 6, 2023 5:27 PM
**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Serrano, Jonathan
<Jonathan.Serrano@Dinsmore.com>
**Subject:** Re: Home Address

Hello Christopher-

Can you please direct me to where on the Order does it state that I need be present? I cannot
find my name for the Limited Examination or for the TOR.

Thank you,
Han Trinh
GLC Admin

---

**From:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Sent:** Tuesday, June 6, 2023 4:40 PM
**To:** GLC Admin <Admin@greysonlawpc.com>; Serrano, Jonathan
<Jonathan.Serrano@Dinsmore.com>
**Subject:** RE: Home Address

Han –

Just want to make sure you know that the Order you have been
served with requires your appearance before Judge Clarkson at
Monday, 12 June 2023 at 1:30 p.m.

Chris.



**Christopher Celentino**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**C (619) 218-3229**  •  **F** (619) 400-0501  **O** (619) 400-0519
**E** christopher.celentino@dinsmore.com  •  dinsmore.com

---

**From:** GLC Admin <Admin@greysonlawpc.com>
**Sent:** Tuesday, June 6, 2023 10:06 AM
**To:** Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>
**Cc:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** Re: Home Address

Hello Jonathan-

My home address is:



Thank you,
Han Trinh
GLC Admin

Get Outlook for iOS

---

**From:** Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>
**Sent:** Tuesday, June 6, 2023 9:57:36 AM
**To:** GLC Admin <Admin@greysonlawpc.com>
**Cc:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** Home Address

Hello Han,

I am one of the attorneys for Richard Marshack, the chapter 11 trustee in LPG's bankruptcy case.

Please provide your home address for mailing purposes.

Thank you,

Jonathan

Dinsmore

**Jonathan B. Serrano**
Associate

Dinsmore & Shohl LLP  •  Legal Counsel
550 S. Hope Street
Suite 1765
Los Angeles, CA 90071
T (213) 335-7758
E Jonathan.Serrano@dinsmore.com  •  dinsmore.com

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

# EXHIBIT "B"

From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Wednesday, June 14, 2023 11:43 AM

To: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: DAP Insertions for PI Order G0990-001


Chris/Chris,


Attached hereto are my proposed edits.  I did not attempt to completely modify the order to reflect that
it is now a PI Order rather than a TRO (ie., I did not add language reflecting what transpired since the
TRO was put in place, or take out the TRO language at the end of the Order) because I was not certain
how you wanted that to read.  I tried keep my edits limited to only Greyson and consistent with the
conversation I had with Chris on Tuesday.  I am simultaneously sending this to Greyson to make sure I'm
not missing anything, so please give me another couple of hours to confirm before filing (assuming you
thought everything I wrote was perfect).


Thanks,

Doug


From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Tuesday, June 13, 2023 10:10 PM

To: Douglas Plazak <dplazak@rhlaw.com>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: URGENT


CAUTION: This email originated from outside your organization. Exercise caution when opening
attachments or clicking links, especially from unknown senders.

Let me know if you don't get this attachment.


Christopher Celentino

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com


From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Tuesday, June 13, 2023 9:07 PM

To: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: URGENT


Chris,


There was nothing attached to the below email.  Did you intend to attach a Word version of the Amended Order for me to redline with the below email?  If so, please resend with the Word document.


Thanks,

Doug


From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Tuesday, June 13, 2023 4:59 PM

To: Douglas Plazak <dplazak@rhlaw.com>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: FW: URGENT

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Sorry about the delay.  I will be out next week, Chris Ghio copied will handle.  We should get the Order submitted tomorrow.

Christopher Celentino

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com

_____

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:23-MP-00102 |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11:  8:23-bk-10571 |
|     Debtor. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICHARD A. MARSHACK,
Chapter 11 Trustee,

        Plaintiff,

        v.

TONY DIAB, an individual; DANIEL S.
MARCH, an individual; ROSA BIANCA LOLI,
an individual; LISA COHEN, an individual;
WILLIAM TAYLOR CARSS, an individual;
ENG TANG, an individual; MARIA EEYA TAN,
an individual; JAKE AKERS, an individual; HAN
TRINH, an individual; JAYDE TRINH, an
individual; WES THOMAS, an individual;
SCOTT JAMES EADIE, an individual; JIMMY
CHHOR, an individual; DONGLIANG JIANG,
an individual; OAKSTONE LAW GROUP PC;
GREYSON LAW CENTER PC; PHOENIX
LAW GROUP, INC.; MAVERICK
MANAGEMENT, LLC; LGS HOLDCO, LLC;
CONSUMER LEGAL GROUP, P.C.; VULCAN
CONSULTING GROUP LLC; B.A.T. INC. d/b/a
COAST PROCESSING; PRIME LOGIX, LLC;
TERACEL BLOCKCHAIN FUND II LLC;
EPPS; EQUIPAY; AUTHORIZE.NET; WORLD
GLOBAL; OPTIMUMBANK HOLDINGS, INC.
d/b/a OPTIMUM BANK; MARICH BEIN, LLC;

~~AMENDED~~ ORDER ON TRUSTEE,
RICHARD MARSHACK'S OMNIBUS
~~*EMERGENCY*~~ MOTION FOR:
1) TURNOVER OF ESTATE PROPERTY
AND RECORDED INFORMATION
PURSUANT TO 11 U.S.C. § 542;
2) PRELIMINARY INJUNCTION;
3) LOCK-OUT;
4) RE-DIRECTION OF UNITED STATES
PARCEL SERVICES MAIL;
5) ORDER TO SHOW CAUSE RE
COMPLIANCE WITH COURT ORDER;
AND
6) OTHER RELIEF AS NECESSARY TO
EFFICIENT ADMINISTRATION OF THIS
MATTER

Date:  May 25, 2023
Time:  **4:00 P.M.**
Judge:  Hon. Scott C. Clarkson
Place:  Courtroom 5C
       411 W. Fourth Street
       Santa Ana, CA  92701

1  BANKUNITED, N.A.; REVOLV3, INC.;
   FIDELITY NATIONAL INFORMATION
2  SERVICES, INC. d/b/a FIS; WORLDPAY, INC.;
   WORLDPAY GROUP; MERIT FUND, LLC;
3  GUARDIAN PROCESSING, LLC; THE
   UNITED STATES POSTAL SERVICE; and
4  DOES 1 through 100, inclusive,

5                      Defendants.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In his capacity as the duly appointed and acting Chapter 11 Trustee, Richard Marshack ("Trustee") filed an Omnibus Emergency Motion for Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; Preliminary Injunction; Lock-Out; Re-Direction of United States Postal Service Mail; Setting an Order To Show Cause re Compliance with the Court's Order as to Tony Diab, Rosa Loli aka Rosa Bianca Loli aka Bianca Loli ("Rosa Loli"), Lisa Cohen, Daniel March and William Tyson "Ty" Carss; and Other As Necessary to the Efficient Administration of this Matter under seal on May 25, 2023, which matter was heard on May 25, 2023, pursuant to Local Bankruptcy Rule 9075-1. The Court, having considered the pleadings on file and the discussion of the parties at the hearing, and having placed its findings of fact and conclusions of law in support of this order orally on the record at the hearing, and finding that exigent circumstances exist and good cause appearing therefor, hereby **ORDERS AS FOLLOWS**:

**TURNOVER ORDER OF ESTATE PROPERTY AND RECORDED INFORMATION:**

**A. RECORDED INFORMATION**

Within twenty-four (24) hours from the date of this Order or notice thereof, whichever is later, the following information regarding  any and all persons who signed a Legal Services Contract with LPG or whose file was purchased or otherwise transferred to LPG; OakStone Legal Group, P.C. ("OakStone"); Greyson Law, P.C. ("Greyson"); Gallant Law Group ("Gallant"); Phoenix Law Group, P.C. (Phoenix"); LGS Holdco., LLC; Consumer Legal Group, P.C. ("CLG"); Maverick Management, LLC ("Maverick"); Vulcan Consulting Group, LLC ("Vulcan"); BAT Inc. d/b/a Coast Processing ("Coast Processing"); Strategic Consulting Solutions, LLC ("SCS"); Prime Logix, LLC ("Prime Logix"); Tony Diab; Rosa Loli aka Rosa Bianca Loli aka Bianca Loli ("Rosa Loli") ; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same, for which the client's file remains open and/or continues to make payments under an agreed upon installment contract, except those clients who signed a Legal Services Contract post-petition (hereinafter "Client") shall be turned over to the Trustee by Debtor:

1. All Client files, including but not limited to names, contact information, client file management, communications, account information, letters, pleadings, communications, payment

1

history, financial account information, credit reports, executed legal services contracts, automated clearing house ("ACH") contracts, executed installment contracts, account balances, debts in dispute, payment history, file status, settlements, debt invalidations and/or any other information  created, managed and stored electronically utilizing DebtPayPro, a Forth, Inc. ("DPP") software program's software license, key or account, that was opened and is maintained and controlled by LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; Vulcan; Coast Processing; SCS; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same (the "DPP Data");

2. All administrative usernames and passwords that give the Trustee access to any DPP account held, maintained or controlled by LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; Vulcan; SCS; Coast Processing; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same;

3. All Client files, including but not limited to names, contact information, client file management, communications, account information, letters, pleadings, communications, payment history, financial account information, credit reports, executed legal services contracts, ACH contracts, executed installment contracts, account balances, debts in dispute, payment history, file status, settlements, debt invalidations and/or any other information  created, managed and stored electronically utilizing proprietary software program "LUNA" hosted on Amazon Web Services ("AWS") and located at the current domain "lunapp.com" that is maintained and controlled by LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; Vulcan; SCS; Coast Processing; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same (the "Luna Data");

4. All administrative usernames and passwords that give the Trustee access to any AWS account where Luna, its software program, databases and client information is held, stored and hosted

1  that is maintained or controlled by LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC;

2  CLG; Maverick; SCS; Vulcan; Coast Processing; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen;

3  Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi

4  Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same;

5       5. All ACH files related to Client information, details, accounts, history of electronic fund

6  transfers ("EFT"), payments, amounts held, interest on held amounts, penalty fees, nonsufficient fund

7  fees or other ACH related charges to the Clients stored electronically or in hard copy associated with

8  ACH processing service providers and/or affiliated financial institutions, including but not limited to

9  EPPS; EquiPay, LLC ("EquiPay"); Merit Fund, LLC ("Merit Fund"); Authorize.net a subsidiary of

10  Visa, Inc. ("Authorize.net"); World Global; OptimumBank Holdings, Inc. dba Optimum Bank

11  ("Optimum Bank"); BankUnited, Inc. ("BankUnited"); Marich Bein, LLC ("Marich Bein");

12  Revolv3, Inc. ("Revolv3"); Fidelity National Information Services, Inc. dba FIS , including but not

13  limited to its subsidiaries Worldpay, Inc., Worldpay Group or any other subsidiaries providing ACH

14  processing services ("FIS"); Guardian Processing, LLC ("Guardian"); and/or any entity associated

15  with the ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875"

16  or any such substantially similar ACH identification transaction (hereinafter the "ACH Data");

17       6. All files, information, reports, spreadsheets, account numbers, routing numbers, and

18  databases related to transfer of funds out of any account opened, maintained and controlled by LPG;

19  OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; SCS; Vulcan; Coast

20  Processing; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake

21  Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any

22  other alias', agents or corporate entities affiliated with same that were processed and executed by

23  ACH processing service providers and/or their affiliated financial institutions, including but not

24  limited to EPPS; EquiPay; Merit Fund; Authorize.net; World Global; Optimum Bank; BankUnited;

25  Marich Bein; Revolv3; FIS; Guardian; and/or any entity associated with the ACH identification

26  transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875" or any such substantially

27  similar ACH identification transaction (hereinafter the "ACH Transfer Data");

28

7. All administrative usernames and passwords that give the Trustee access to any ACH processing accounts, software, database or other program at ACH processing service providers and/or affiliated financial institutions, including but not limited to EPPS; EquiPay; Merit Fund; Authorize.net; World Global; Optimum Bank; BankUnited; Marich Bein; Revolv3; FIS; Guardian; and/or any entity associated with the ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875" or any such substantially similar ACH identification transaction used to upload or input Client information, initiate Client ACH EFTs, transfer Client ACH funds to outside financial institutions or otherwise manage any account opened, maintained and controlled by LPG; OakStone; Greyson; Phoenix; LGS Holdco., LLC; CLG; SCS; Vulcan; Coast Processing; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same;

8. All accounting records, files, data and information for LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; SCS; Vulcan; Coast Processing; and Prime Logix stored on NetSuite, Quickbooks and Microsoft SharePoint, G-Suite or other permanent or cloud based systems (hereinafter the "Accounting Data");

9. All contracts, records, reports, information, data and details regarding the transfer or sale of any Client files or future Client ACH payments to any other law firm, organization, corporate entity, person(s), or investment group (otherwise known as factoring companies) by LPG; OakStone; Greyson; Phoenix; LGS Holdco., LLC; and/or CLG (hereinafter the "Client Transfer-Out Data");

10. All contracts, records, reports, information, data, cost basis, payment information and details regarding the transfer or receipt of any Client files or future Client ACH payments from any other law firm, organization, corporate entity, person(s), investment or marketing group (otherwise known as capping companies) to LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; Maverick; and/or CLG (hereinafter the "Client Transfer-In Data");

11. All information, data, tables, spreadsheets and reports regarding Client information stored on Formgrid, Inc. dba Airtable's ("Airtable") cloud based data management system used by LPG;

OakStone; Greyson; Phoenix; LGS Holdco., LLC; and/or CLG to manage the aforementioned information (hereinafter the "Airtable Data"); and

12. All administrative usernames and passwords that give the Trustee access to any Airtable account opened, maintained or controlled by LPG; OakStone; Greyson, Phoenix; LGS Holdco., LLC; Maverick; and/or CLG; and

13. All email accounts related to LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; and/or CLG stored maintained and/or hosted on Office 365, g-suite or any other email server, whether physical or cloud based servers (hereinafter "Email Data").

14. Nothing herein is intended to require Greyson or its owner, Scott Eadie, or Greyson employees Jayde Trinh or Han Trinh to turn over: (a) any files for Clients which Greyson did not obtain from LPG, Phoenix, Oakstone, LGS Holdco, LLC, CLG, or Gallant; (b) any accounting records, files, data and information for Clients which Greyson did not obtain from LPG, Phoenix, Oakstone, LGS Holdco, LLC, CLG, or Gallant; (c) contracts, records, reports, information, data and details regarding the transfer or sale of any Client files or future Client ACH payments to any other law firm, organization, corporate entity, person(s), or investment group for Clients which Greyson did not obtain from LPG, Phoenix, Oakstone, LGS Holdco, LLC, CLG, or Gallant, Further, nothing herein is intended to prevent Greyson from storing, maintaining, and/or hosting email accounts and domains on Office 365, g-suite or any other email server, whether physical or cloud based, that is unrelated to LPG, Phoenix, Oakstone, LGS Holdco, LLC, CLG, or Gallant.

**B. ESTATE FUNDS**

Within five (5) calendar days from the date of this order or notice thereof, whichever is later, the following shall be turned over to the Trustee:

1. All post-petition Client ACH payments processed and received by LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; SCS; Vulcan; Coast Processing; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same related to LPG Clients who entered into a Legal Services Agreement pre-petition and who have received the services provided in the contract;

2. The $6,308,702.72 million dollars in post-petition ACH EFTs processed through LPG's Revolv3, Inc. merchant account from March 2023 to the present, including any amounts that have been transferred, wired or otherwise withdrawn from LPG's Revolv3, Inc. merchant account to OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; SCS; Vulcan; Coast Processing; Prime Logix; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same;

3. Nothing herein is intended to require Greyson to turnover any post-petition Client ACH payments related to the approximate 48 LPG clients who are contemplated to be serviced by Greyson and for whom Greyson provides the Chapter 11 Trustee with signed retention agreement.

## **TEMPORARY RESTRAINING ORDER**

From the date of this **ORDER** through and including, June 12, 2023 or as further Ordered by this Court**:**

**1. Control Over ACH Transfers:** All covered entities and individuals (defined below) are hereby enjoined and shall not interfere with any ACH electronic funds transfer being executed pursuant to documents authorizing such transfers to be executed in favor of LPG as follows:

a) Covered Entities and Individuals: The following entities and individuals, and anyone acting on their behalf: LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; Vulcan; Coast Processing; Prime Logix; SCS; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate entities affiliated with same shall, absent further order from this Court:

i) Enjoined Conduct re ACH Instructions: No covered entity or individual shall initiate, cause to be initiated, or instruct any company or person that processes ACH transfers and/or their affiliated financial institutions, including EPPS; EquiPay; Merit Fund; Authorize.net; World Global; Optimum Bank; BankUnited; Marich Bein; Revolv3; FIS; Guardian; and/or any entity associated with the ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875" or any such substantially similar ACH identification transaction, to execute any ACH EFT

1    on any file, financial institution, or current or former client of LPG, to or for the benefit of LPG,

2    including but not limited to OakStone; Greyson; Phoenix; CLG; Prime Logix; SCS; Maverick;

3    and/or Vulcan, without the express authorization of Trustee;

4              ii) <u>Enjoined Conduct re Bank Accounts</u>: No covered entity or individual shall

5    open, or cause to be opened, any account, whether business or personal, that can receive or send

6    money or anything of value, at any company including banking, financial, or similar institutions

7    and/or receive, directly or indirectly, any funds drawn from ACH electronic fund transfers;

8         **2. <u>Execution of ACH Transfer</u>**: All covered entities and individuals (defined below) are

9    hereby enjoined and prohibited from interfering with any ACH electronic funds transfer being

10   executed pursuant to documents authorizing such transfers to be executed in favor of LPG as follows:

11             a) <u>Covered Entities and Individuals</u>: All companies capable of processing ACH

12   electronic funds transfers, including EPPS; EquiPay; Merit Fund; Authorize.net; World Global;

13   Optimum Bank; BankUnited; Marich Bein; Revolv3; FIS; Guardian; and/or any entity associated

14   with the ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875"

15   or any such substantially similar ACH identification transaction are enjoined absent further order of

16   this court, from:

17             i) <u>Enjoined Conduct re ACH Transfers</u>: No covered entity or individual shall

18   transfer, wire, divert or otherwise permit the withdraw any funds received from any ACH electronic

19   funds transfer on any client file, financial institution, or current or former client of LPG, to or for the

20   benefit of LPG or any or more of its alleged assignees or transferees, including but not limited to

21   OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG and/or Maverick to any financial

22   account maintained, owned or controlled by Vulcan; Coast Processing; Prime Logix; SCS; Tony

23   Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas;

24   Scott James; Eadie, Jummi Chhor; Dongliang Jiang; and/or any other alias', agents or corporate

25   entities affiliated with same. All ACH funds held by any covered entity or individual shall be held in

26   trust until such time as written authorization and instruction is provided by Trustee;

27             ii) <u>Injunction Mandating Turnover to Trustee</u>: all covered entities and

28   individuals shall hold in trust any and all funds, receipts, and transfers related to any account, file, or

1   current or former client of LPG; OakStone; Greyson; Phoenix; LGS Holdco., LLC; CLG; Maverick;

2   Vulcan; Coast Processing; Prime Logix; SCS; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria

3   Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang

4   Jiang; and/or other alias', agents or corporate entities affiliated with same until expressly directed to

5   release, wire or transfer such funds by the Trustee and to a bank account whose information shall be

6   provided with any such request; and, shall upon request by the Trustee provide an accounting of any

7   and all such funds held in trust to the Trustee upon written request within 10 days of said request;

8       3. LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; SCS; Vulcan;

9   Coast Processing; Prime Logix; SCS; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya

10  Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang;

11  and/or any other alias', agents or corporate entities affiliated with same are hereby enjoined and shall

12  not incur, take out or pledge any receivables of LPG; OakStone; Greyson; Gallant; Phoenix; Prime

13  Logix; SCS; Maverick; and/or CLG without seeking leave of court;

14      4. Any and all funds held at Bank of America on behalf of Prime Logix and/or Vulcan,

15  including but not limited to account Nos. ending in xxx951 and xxx9021 and/or any other financial

16  accounts having received funds originating from LPG; OakStone; Greyson; Gallant; Phoenix; LGS

17  HoldCo., LLC; CLG; and/or Maverick shall be held in trust and shall not be with withdrawn, wired,

18  drawn against, moved, or otherwise transferred without the express consent of the Trustee in writing

19  and to a financial account identified by the Trustee at the time the authorization is provided.

20      5.    Nothing herein is intended to prevent Greyson or its owner, Scott Eadie, or Greyson

21  employees Jayde Trinh or Han Trinh from initiating, causing to be initiated, or instructing any

22  company or person that process ACH transfers to execute any ACH EFT on any file or financial

23  institution related to any Clients which Greyson did not obtain from LPG, Phoenix, Oakstone, LGS

24  Holdco, LLC, CLG, or Gallant, or related to the approximate 48 LPG clients who are contemplated

25  to be serviced by Greyson and for whom Greyson provides the Chapter 11 Trustee with signed

26  retention agreement.

27                          **LOCKOUT ORDER**

28      From the date of this **ORDER**:

1. All persons identified below are enjoined and shall not access or attempt to gain access whether physically, remotely, electronically, or virtually to the following locations associated with LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; Vulcan; Coast Processing; Prime Logix; SCS; Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang;  and/or any other alias', agents or corporate entities affiliated with same: a) 3347 Michelson Drive, Suites 400, 410 & 420, Irvine, California 92612; b) 17542 17th St Suite 100, Tustin, California 92780; b) Luna's domain located on AWS; c) DPP Data or accounts; d) Accounting Data and/or accounts on NetSuite, Quickbooks and Microsoft SharePoint, G-Suite or other permanent or cloud based systems; e) ACH processing accounts, whether individual, merchant or business, held at any ACH processing or affiliated financial institution, including but not limited to EPPS; EquiPay; Merit Fund; Authorize.net; World Global; Optimum Bank; BankUnited; Marich Bein; Revolv3; FIS; Guardian; and/or any entity associated with the ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875" or any such substantially similar ACH identification transaction; f) Vulcan and/or PrimeLogix' financial accounts at Bank of America, including but not limited to Account Nos. ending in xxx951 and xxx9021; and g) the Email Data, as follows:

        i) Tony Diab;

        ii) Rosa Loli aka Rosa Bianca Loli aka Bianca Loli;

        iii) Lisa Cohen;

        iv) Daniel March;

        v) Eng Taing;

        vi) Maria Eeya Tan;

        vii) Jake Akers;

        viii) Han Trinh;

        ix) Jayde Trinh;

        x) Wes Thomas;

        xi) William Taylor "Ty" Carss;

        x)  Scott James Eadie;

1       xi) Jimmy Chhor;

2       xii) Brad Lee; and

3       xiii) Dongliang Jiang.

4       Nothing herein is intended to prevent Greyson or its owner or employees from accessing or

5   attempt to gain access whether physically, remotely, electronically, or virtually to 3347 Michelson

6   Drive, Suites 400B, or from accessing or attempt to gain access whether physically, remotely,

7   electronically, or virtually to ACH processing accounts with Revolv3.

8                       **ORDER TO RE-DIRECT MAIL**

9       From the date of this **ORDER**:

10      1. Trustee is hereby authorized to instruct the United States Postal Service to re-direct any

11  and all mail processed by the United States Postal Service Directed to: a) LPG, 17542 17th St Suite

12  100, Tustin, California 92780; b) OakStone, 888 Prospect Street, Suite 200 La Jolla, California

13  92037; c) Phoenix, 3347 Michelson Drive, Suites 400, 410 & 420, Irvine, California 92612; d) Prime

14  Logix, 3347 Michelson Drive, Suites 400, 410 & 420, Irvine, California 92612; e) CLG, PO Box 412

15  Elmsford, NY 10523; f) Greyson, 3347 Michelson Drive, Suites 400, 410 & 420, Irvine, California

16  92612; and/or any other address associated with such entities, shall be forwarded and re-directed to

17  an address provided by the Trustee until such time as ordered by the Court.  To the extent that the

18  Trustee receives any mail addressed to Greyson, the Trustee shall pdf a copy of the correspondence

19  to Greyson's counsel, Doug Plazak of Reid & Hellyer at dplazak@rhlaw.com, with 24 hours of said

20  receipt.

21  **ORDER TO SHOW CAUSE RE WHY A PRELIMINARY INJUNCTION SHOULD NOT**

22                  **ISSUE AND LIMITED EXAMINATION**

23      Tony Diab, Lisa Cohen, Rosa Loli, Daniel March and William Taylor "Ty" Carss are hereby

24  ordered, provided that the summons and complaint in this adversarial proceeding captioned above

25  have been served upon said individuals, to appear on **Monday, June 12, 2023 at 1:30 pm** in

26  Courtroom 5C of the above captioned court located at 411 W. Fourth Street Santa Ana, California

27  92701:

28

1. For an order to show cause regarding why a preliminary injunction should not issue regarding the Court's forgoing Temporary Restraining Order; and

2. To sit for a limited examination before the Court regarding the $6,308,702.72 million dollars in ACH EFTs processed through Revolv3, Inc. from March 2023 to the present, and other ACH ETFs processed post-petition through EPPS; EquiPay; Merit Fund; Authorize.net; World Global; Optimum Bank; BankUnited; Marich Bein; Revolv3; FIS; Guardian; and/or any entity associated with LPG and or the ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875" or any such substantially similar ACH identification transaction; or any other ACH process company LPG; OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; Maverick; Vulcan; Coast Processing; Prime Logix; SCS; or any ACH EFTs known to Tony Diab; Rosa Loli; Lisa Cohen; Eng Tang; Maria Eeya Tan; Jake Akers; Jayde Trinh; Wes Thomas; Scott James; Eadie, Jummi Chhor; Dongliang Jiang relating in any way to LPG or current or former customers of LPG; and/or any other alias', agents or corporate entities affiliated with same have used, initiated ACH EFTs, opened an account with or maintained since March 20, 2023.

## **NOTICE TO LPG CLIENTS**

Trustee is hereby authorized to provide notice to any and all LPG clients, including those transferred and/or assigned to OakStone; Greyson; Gallant; Phoenix; LGS Holdco., LLC; CLG; and/or Maeverick regarding: i) LPG's Bankruptcy filing; ii) pending evaluation of their file; and iii) status prior to assuming or rejecting their contract in substantially the same form of notice attached to this Order as Exhibit 1.

# # #

Exhibit 1

[Client Name]
   [Date]
[Address Line 1]
[Address Line 2]
[Address Line 3]
Tel:
Email:


**RE: STATUS REGARDING YOUR MATTER WITH THE LITIGATION PRACTICE GROUP**

Dear [Name],

Please be advised that on May 20, 2023, The Litigation Practice Group ("LPG") filed for protection under Chapter 11 of the Bankruptcy Code. On May 8, 2023, the United States Bankruptcy Court—Central District of California, Case No. 8:23-bk-10571, appointed Richard Marshack, Esq. as the duly appointed Chapter 11 Trustee to oversee the administration of LPG's Bankruptcy matter. See Docket No. 65.

Subsequently, the United States Bankruptcy Court authorized Trustee to obtain information in order to review and evaluate the status of your file at LPG and/or any other debt relief law firm your file may have been transferred or assigned to at or around the time LPG filed for Bankruptcy, including but not limited to OakStone Legal Group, P.C.; Greyson Law, P.C.; Gallant Law Group; Phoenix Law Group, P.C.; LGS Holdco., LLC; Consumer Legal Group, P.C. and/or Maverick Management, LLC.

Over the coming weeks, Trustee Richard Marshack will provide status of your file and continuation of legal services pursuant to the Legal Services Agreement with LPG.

We greatly appreciate your patience and cooperation while we work on your behalf.

Sincerely,


[Signatory name]

12

# EXHIBIT "C"

From: Celentino, Christopher

Sent: Wednesday, June 14, 2023 9:00 PM

To: 'Douglas Plazak' <dplazak@rhlaw.com>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: Email Accounts/Greyson Retainer Agreements/Locked Office G0990-001


PS – because the key fob is an unauthorized system, we don't have access to that suite anymore, they locked us out.  I will investigate the key issue.



Christopher Celentino

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com


From: Celentino, Christopher

Sent: Wednesday, June 14, 2023 8:58 PM

To: 'Douglas Plazak' <dplazak@rhlaw.com>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: Email Accounts/Greyson Retainer Agreements/Locked Office G0990-001


See below



Christopher Celentino

Partner

Dinsmore & Shohl LLP • Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229 • F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com • dinsmore.com


From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Wednesday, June 14, 2023 1:54 PM

To: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: Email Accounts/Greyson Retainer Agreements/Locked Office G0990-001


Chris,


Thanks for the below and please let this address the following referenced topics:


1.      Email Accounts


I flipped your email from yesterday regarding the email accounts/access/copies to Greyson, but I have not heard back from anyone.  I will forward you anything if I receive same.  We understand that the domain and suite utilized by Greyson was paid for through monies taken from pulls from Legacy LPG clients.  Our IT team will transition the Greyson emails from addresses provided; we will devise a simple retrieval method which will work if you procure you own outlook program.


2.      Greyson Retainer Agreements/Luna


One thing we discussed yesterday, but that I did not memorialize (so I don't forget), Greyson's retainer agreements are on Luna.  You have advised that presently Greyson cannot be allowed access to Luna because you believe that Luna does not presently segregate accounts/files and therefore if Greyson has

access to Luna it could access LPG or LPG-affiliated company files.  Please advise the status of trying to get Greyson access to Luna because it cannot provide you with the 48 requested retainer agreements until it can access Luna.  We have located the 48 electronically signed retainer agreements.  We are going to take at face value that is the client intent and that these aren't among the electronic signatures that Tony was famous for affixing himself.

3.       Locked Office

Finally, Han Trinh as an office at Suite 400B which is now locked.  This was a lock that was installed by the Chapter 11 Trustee during the lock-out period.  Who has the key to the office?  I am unsure of this, but I will investigate.  We learned today from the landlord that the key fob system is not theirs, and appears to have been installed in violation of the lease.  They are not happy.  I will investigate the lock. CC

Thanks for your assistance,

Doug

From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Wednesday, June 14, 2023 1:19 PM

To: Douglas Plazak <dplazak@rhlaw.com>

Subject: RE: DAP Insertions for PI Order G0990-001

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Doug – I will get back to you asap today.  In the meantime, please provide me with a list of email accounts to which you / Greyson want access/copies of the data therein?  Chris.

Christopher Celentino

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com


From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Wednesday, June 14, 2023 11:43 AM

To: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: DAP Insertions for PI Order G0990-001


Chris/Chris,


Attached hereto are my proposed edits.  I did not attempt to completely modify the order to reflect that
it is now a PI Order rather than a TRO (ie., I did not add language reflecting what transpired since the
TRO was put in place, or take out the TRO language at the end of the Order) because I was not certain
how you wanted that to read.  I tried keep my edits limited to only Greyson and consistent with the
conversation I had with Chris on Tuesday.  I am simultaneously sending this to Greyson to make sure I'm
not missing anything, so please give me another couple of hours to confirm before filing (assuming you
thought everything I wrote was perfect).


Thanks,

Doug


From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Tuesday, June 13, 2023 10:10 PM

To: Douglas Plazak <dplazak@rhlaw.com>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: URGENT

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Let me know if you don't get this attachment.

Christopher Celentino

Partner

Dinsmore & Shohl LLP • Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229 • F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com • dinsmore.com

From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Tuesday, June 13, 2023 9:07 PM

To: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: URGENT

Chris,

There was nothing attached to the below email. Did you intend to attach a Word version of the Amended Order for me to redline with the below email? If so, please resend with the Word document.

Thanks,

Doug

From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Tuesday, June 13, 2023 4:59 PM

To: Douglas Plazak <dplazak@rhlaw.com>

Cc: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: FW: URGENT

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Sorry about the delay.  I will be out next week, Chris Ghio copied will handle.  We should get the Order submitted tomorrow.

Christopher Celentino

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com

_____

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

# EXHIBIT "D"

Doug:

Given the fact we are being asked to release emails potentially containing personal information, we have concluded that it is best practice to obtain affidavits under penalty of perjury from each of the individuals for whom you are requesting the email turnover. Please ensure that you are confirming the identity of the signatory to each letter and making a representation that those individuals have, in fact, executed the requested affidavits in your physical presence.

I am back in the office Monday to discuss in further detail.

Best,

Christopher Ghio

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 813-7798  •  F (619) 400-0501

O (619) 400-0468

E christopher.ghio@dinsmore.com  •  dinsmore.com

On June 16, 2023 at 1:29:39 PM HST, Douglas Plazak <dplazak@rhlaw.com> wrote:

Chris,

Please see the attached revised letter signed by Brad Lee, Max Chou, Han Trinh, and Maria Thach (who is Greyson's HR person).

Thanks,

Doug

From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Friday, June 16, 2023 3:35 PM

To: Douglas Plazak <dplazak@rhlaw.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Cc: Wendy Patrick <wpatrick@rhlaw.com>

Subject: RE: Greyson Access to Emails 8:23-AP-01046-SC G0990-001


CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

PS – the letter doesn't line up with the email addresses.


Max and Brad are not Israel.  Admin is Han Trinh.  I will determine who HR is, but I believe her last name is Courtney.  CC


Christopher Celentino

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com


From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Friday, June 16, 2023 3:02 PM

To: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Cc: Wendy Patrick <wpatrick@rhlaw.com>

Subject: Greyson Access to Emails 8:23-AP-01046-SC G0990-001

Chris,

Please find attached the requested letter.

Also, Greyson is also requesting the return of various computers and laptops that belong to Greyson that it believes were taken by the Chapter 11 Trustee or his agents at the time Greyson's office was turned over to the Chapter 11 Trustee. I will appreciate it if you will inquire into the status of this equipment.

Thanks,

Doug

From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Friday, June 16, 2023 1:38 PM

To: Douglas Plazak <dplazak@rhlaw.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Cc: 'Sam Sackett' <samuelsackett@gmail.com>; Terry Zembrzuski <terry@virtualtoursllc.com>

Subject: RE: Greyson Access to Emails 8:23-AP-01046-SC G0990-001

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Doug – you too.

Also, I understand that the employees look to have a ton of personal stuff on all these emails. Please send us an authorization letter with today's or Tuesday's date authorizing us to turnover employee access files to you as counsel for Greyson. I think that's prudent for both of us. CC

Christopher Celentino

Partner

Dinsmore & Shohl LLP • Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com


From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Friday, June 16, 2023 1:36 PM

To: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Cc: 'Sam Sackett' <samuelsackett@gmail.com>; Terry Zembrzuski <terry@virtualtoursllc.com>

Subject: RE: Greyson Access to Emails 8:23-AP-01046-SC G0990-001


Chris,


I'm not sure how that would work.  I'm cc'ing my IT guys on this email to discuss the mechanics on what needs to be done.


Enjoy your Father's Day weekend,

Doug


From: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Sent: Friday, June 16, 2023 12:55 PM

To: Douglas Plazak <dplazak@rhlaw.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Subject: RE: Greyson Access to Emails 8:23-AP-01046-SC G0990-001


CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Doug –

We will reach out to our IT folks right away.  Are you prepared to load a stick of the data into your own office suite?  CC

Christopher Celentino

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

C (619) 218-3229  •  F (619) 400-0501 O (619) 400-0519

E christopher.celentino@dinsmore.com  •  dinsmore.com

From: Douglas Plazak <dplazak@rhlaw.com>

Sent: Friday, June 16, 2023 12:37 PM

To: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Cc: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>

Subject: RE: Greyson Access to Emails 8:23-AP-01046-SC G0990-001

Chris/Chris,

Greyson is requesting access to the following emails as soon as possible:

Admin@greysonlawpc.com

Bradlee@greysonlawpc.com

Maxchou@greysonlawpc.com

HR@greysonlawpc.com

Greyson has many vendors tied to these email accounts.  It is unable to conduct its business without access to the email accounts.  To the extent that Chapter 11 Trustee is reluctant to provide continuous access to these email addresses, at a minimum Greyson requests access to the email addresses for at least 24 hours so it can resolve its vendor issues.

Please advise at your earliest opportunity,

Doug

From: Ghio, Christopher <Christopher.Ghio@Dinsmore.com>

Sent: Thursday, June 15, 2023 4:51 PM

To: Ng, Queenie K. (USTP) <Queenie.K.Ng@usdoj.gov>; Douglas Plazak <dplazak@rhlaw.com>

Cc: Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Burke, Caron <Caron.Burke@DINSMORE.COM>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>; Richard Marshack <RMarshack@MarshackHays.com>; Ed Hays <EHays@MarshackHays.com>

Subject: 8:23-AP-01046-SC Order on Preliminary Injunction granted 6/12/23

Importance: High

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Queenie & Doug:

We confirmed the correct spelling of the names of two defendants and have made a few minor revisions as on the redline attached.  Intend to file ASAP, today.

Please advise if you have questions or comments.

Best,

Christopher B. Ghio

Partner

Dinsmore & Shohl LLP  •  Legal Counsel

655 West Broadway

Suite 800

San Diego, CA 92101

T (619) 400-0468  •  F (619) 400-0501

E Christopher.Ghio@Dinsmore.com  •  dinsmore.com


On January 1st 2023, Mulvaney Barry Beatty Linn & Mayers LLP merged with Dinsmore & Shohl LLP. Please note our contact information has changed.


_____


NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.