CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:    619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| RICHARD A. MARSHACK, | **DECLARATION OF CHRISTOPHER B. GHIO IN SUPPORT OF JOINT STATEMENT RE GREYSON LAW CENTER PC'S MOTION TO (1) VACATE 05/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON LAW, ORDER TRUSTEE ATTORNEY CELENTINO TO RETURN ALL GREYSON'S SEIZED PROPERTY, AND ORDER CELENTINO TO IMMEDIATELY RESTORE GREYSON'S ACCESS TO ALL GREYSON LAW CENTER PC; AND (2) CONSOLIDATING RELATED MOTIONS** |
| Plaintiff, | |
| v. | |
| TONY DIAB, et al. | |
| Defendants. | |

Date:       January 17, 2023
Time:       11:00 a.m.
Judge:      Hon. Scott C. Clarkson
Place:      Courtroom 5C
            411 West Fourth Street
            Santa Ana, California  92701

1

I, CHRISTOPHER B. GHIO, declare as follows:

1.      I am an attorney at law duly licensed to practice law by the State Bar of California and admitted to practice before this Court.  I am a partner with the law firm of Dinsmore & Shohl LLP, and Special Counsel to Richard A. Marshack, Chapter 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group PC.  I make this declaration in support of the Joint Statement re Greyson Law Center PC's Motion to (1) Vacate 05/26/23 Lockout and Preliminary Injunction Order as to Greyson Law, Order Trustee Attorney Celentino to Return All Greyson's Seized Property, and Order Celentino to Immediately Restore Greyson's Access to All Greyson Law Center PC; and (2) Consolidating Related Motions ("Motion to Vacate Preliminary Injunction").  I have personal knowledge of the facts contained in this declaration, and if called upon to testify, I could and would testify competently thereto.

2.      Neither myself nor any person or entity employed or acting on behalf of the Chapter 11 Trustee, Richard A. Marshack who was provided access to Greyson's turned over accounts has or instructed anyone to alter, modify or delete any of Greyson's files or accounts, other than to change the log in credentials and settings to block the account pursuant to the temporary restraining order ("TRO") [Adv. Dkt. No. 13] and Preliminary Injunction [Adv. Dkt. No. 70].

3.      On December 21, 2023, I was present at the web meeting constituting the parties meet and confer efforts related to Greyson's Motion to vacate the Preliminary Injunction. During our web meeting, Ms. March was often hostile and abusive which made for a very difficult conversation despite our good faith efforts to answer her demands and discuss the issues. Notably, with regards to Greyson's Microsoft account, she continually referred to it as Greyson's "cloud accounts." Despite efforts to get clarification, we were only provided with information related to Greyson's email account. It wasn't until after this meeting that we were informed the cloud accounts included OneDrive and other online applications that we then learned were accessible from the email accounts. Similarly, with respect to Greyson computers, counsel for Greyson insisted on referring to them as Greyson's laptops, which was a bit misleading and vague given they now have clarified the definition to include Beelink and Intel Processors. Again, despite the vague characterization of the property and accounts Greyson seeks to be returned, we assured Ms. March we would look into these issues upon

being provided further information in an effort to continue the parties meet and confer efforts.

4.      On December 21, 2023, I caused an email to be sent to counsel for Greyson, Kathleen March, wherein I explained the Trustee position, requested additional information in light of her inability to specifically identify the property and accounts Greyson was demanding and I provided detailed responses to her demands sent immediately prior to the web meet on July 21, 2023 in an effort to continue the meet and confer process in good faith. A true and correct copy of the email string on July 21, 2023 is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of January 2024 at San Diego, California.

_____
Christopher B. Ghio

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF CHRISTOPHER CELENTINO IN SUPPORT OF JOINT STATEMENT RE GREYSON LAW CENTER PC'S MOTION TO (1) VACATE 05/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AS TO GREYSON LAW, ORDER TRUSTEE ATTORNEY CELENTINO TO RETURN ALL GREYSON'S SEIZED PROPERTY, AND ORDER CELENTINO TO IMMEDIATELY RESTORE GREYSON'S ACCESS TO ALL GREYSON LAW CENTER PC; AND (2) CONSOLIDATING RELATED MOTIONS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 22, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 22, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 22, 2023 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.**     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T. Delaney,<br>on behalf of Defendant Fidelity National Information<br>Services d/b/a FIS | mdelaney@bakerlaw.com<br>TBreeden@bakerlaw.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D. Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a<br>Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, P.C. | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*        *Page 5*        **F 9013-1.PROOF.SERVICE**

| | |
|---|---|
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Teri T Pham *(Withdrawn from Case)*<br>on behalf of Defendant Tony Diab | tpham@epglrawyers.com<br>ttpassistant@epglawyers.com<br>dle@epglawyers.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H. Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H. Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald Richards<br>on behalf of Defendant Consumer Legal Group, P.C. | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsalt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                      *Page 6*                          **F 9013-1.PROOF.SERVICE**

Johnny White                                          | JWhite@wrslawyers.com
on behalf of Interested Party Courtesy NEF            | jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "A"

**Freedman, Jeremy**

| | |
|---|---|
| **From:** | Ghio, Christopher |
| **Sent:** | Thursday, December 21, 2023 3:02 PM |
| **To:** | K. P. March; Freedman, Jeremy; Celentino, Christopher |
| **Subject:** | RE: Christopher Celentino esq & Christopher Ghio Esq., from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23 |

Kathleen:

Thanks for taking the time to discuss and meet and confer.  Please see my responses to your questions, below.

As a preliminary matter, much of this (computers, emails) was discussed with Doug Plazak when he represented Greyson.  Other of this (cloud data [besides that housed on Luna relating to Greyson's 46 or 48 clients] and website) is being raised for the first time by way of motion.  This is surprising, since we have always cooperated with Mr. Plazak's requests.  For example, Mr. Plazak requested computers, and we asked for receipts (establishing that the computers were purchased by Greyson) and serial numbers (so we know which of the many computers Greyson alleges are its own).  With respect to emails, we asked for affidavits from the people who used the email addresses (for example, bradlee@greysonlawpc.com) and Mr. Plazak never provided those.

Further, as we discussed on our call, we have confirmed that Mr. Plazak accessed the Luna data for the 46-48 Greyson clients on 7/20/23 at 4:16pm.  To our knowledge, this is the only "Greyson data" which exists on a cloud or otherwise and has already been provided to your client's former counsel.  You allege the existence of other cloud data/systems which we contend were never disclosed or turned over by Greyson in violation of the Court's TRO and later Preliminary Injunction.  We requested and you agreed to provide identification of the cloud data/systems which Greyson seeks by way of the instant motion so we can confirm.

Best,



**Christopher B. Ghio**
Partner
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0468 • **F** (619) 400-0501
**E** Christopher.Ghio@Dinsmore.com • dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Thursday, December 21, 2023 1:27 PM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** RE: Christopher Celentino esq & Christopher Ghio Esq., from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23

122123

Attys Freedman, Celentino and Ghio from KPMarch, Esq, Bky LF

Your firm has not answered ANY of the questions my firm has sent you several times.

Despite that, here is Greyson's answer:

The 5/26/23 and 6/23/23 orders should never have been entered against Greyson, because Greyson was not an "alter ego" of LPG, it was and is a direct competitor of LPG and of Buyer of LPG assets (MLG).
Greyson needs its data to carry on its business.  Greyson has a right to compete with LPG, MLG and other similar businesses.   The 6/23/23 order says it stays in effect until court orders otherwise, which is why my firm, for Greyson, has moved to the court to vacate the original 5/26/23 order (also includes vacating the 6/23/23 Order).  Trustee has the burden of proving the 5/26/23 and 6/23/23 orders should continue to be in effect, and cannot sustain trustee's burden of proving that.

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Sent:** Thursday, December 21, 2023 11:56 AM
**To:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; K. P. March <kmarch@bkylawfirm.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** RE: Christopher Celentino esq & Christopher Ghio Esq., from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23

Kathleen,

Ahead of our meet and confer today, the Trustee has the following questions regarding the issues raised in Greyson's Motion that we presume you will be prepared to provide answers to and supporting evidence.

1. What is Greyson's reason for seeking to vacate the preliminary injunction specifically negotiated by Doug Plazak?

2. What portions of the preliminary injunction prevent Greyson from conducting business?

3. Does Greyson intend to continue to compete with MLG and continue to solicit LPG clients as evidenced by the LPG client Declarations Greyson submitted to the Court in opposition to the Trustee's preliminary injunction?

4. What is the legal basis Greyson contends it had and/or has (Contractual or otherwise) to access LUNA, a proprietary software system, developed, paid for and hosted by LPG for LPG clients? Please produce supporting documents.

5. Greyson had an opportunity to oppose the sale order of LPG assets, which included LUNA and in anticipation of the sale the Trustee granted Greyson limited access to retrieve it client data from LUNA. Doug Plazak and/or Greyson accessed LUNA on July 20, 2023 at approximately 4:16 pm presumably to retrieve Greyson client records. Did Greyson retrieve the records when access was granted in July? If not, please explain why.

6. Please provide all records evidencing Greyson paid with its own funds (and not those from LPG's ACH) for the Sharp / Microsoft server account(s) that hosted Greyson's email as the evidence shows the account in the name of LPG and was paid for by LPG.

7. Please provide evidence of ownership of any and all laptop computers or any other property Greyson contends is its property that was not already returned per the Trustee's negotiations with Doug Plazak. Given the evidence presented and omissions made on the record at the PI hearing on 6/12/23 by Greyson and counsel, this would need to include serial numbers and proof of purchase using Greyson sourced funds. Note, Doug Plazak never mentioned the laptop computers. Instead, Mr. Plazak requested the return of some personal items which were turnover to Greyson. Mr. Plazak also requested the return of furniture, however, the receipts he provided clearly showed the furniture was paid for by LPG.

We look forward to our call and hope we can resolve these issues.

Jeremy.



**Jeremy B. Freedman**
Attorney
SDDL Board Member
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0517 • **F** (619) 400-0501
**E** jeremy.freedman@dinsmore.com • dinsmore.com

**From:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Sent:** Wednesday, December 20, 2023 11:02 AM
**To:** K. P. March <kmarch@bkylawfirm.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Cc:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>
**Subject:** Re: Christopher Celentino esq & Christopher Ghio Esq., from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23

I'll circulate the WebEx dial in for 1:30 pm tomorrow. Thank you.

---
Sent from Workspace ONE Boxer
On December 20, 2023 at 10:54:34 AM PST, K. P. March <kmarch@bkylawfirm.com> wrote:
122023

To Christopher Celentino esq and Christopher Gio esq (Trustee Marshack attys) from KPMarch, Esq. Bky LF (Greyson Law Center PC attys)

**Per your below email, confirming 1:30pm tomorrow, thursday, 12/21/23 for our meet and confer**, as ordered by J.Clarkson's Order [dkt284] entered 12/07/23, regarding Greyson's Motion to vacate the lockout and preliminary injunction order as to Greyson, return all property seized from Greyson (including 50+ Greyson computers) and restore Greyson's access to all Greyson's data that Celentino/his field agents seized and locked Greyson out of [Motion filed in both LPG main case, and filed in Trustee Marshack v. Diab et al adversary proceeding

Do you want to set up a zoom meeting for 1:30pm tomorrow, or should my firm do so?  **Reply and
tell me please**.  Thx.

At our meet and confer meeting tomorrow, you **both** will need to answer the questions my firm
asked in my firm's below 12/8/23 email, which are:

Do one or both of you have personal knowledge of Greyson's property seized? In order to
have personal knowledge of "Greyson's property seized" we need to first have – which we have
asked Mr. Plazak  (and you) for, on many occasions – evidence that the property was Greyson's and
purchased in Greyson's name with Greyson's funds. Please provide us with receipts (not included in
your motion) and Greyson bank account records which substantiate Greyson's claim that this
property is, in fact, Greyson's.  When we made this request during our call on 12/21, you declined
and insisted we provide a list of all "Greyson's property seized".  This response again, begs the
question, what exactly do you claim is "Greyson's property" and what is the proof Greyson paid for
it out of money not originating from LPG.

Does one of both of you know where Greyson's 50 plus computers and other physical
property seized is at present.  All seized computers are stored.  We have previously asked Mr. Plazak
for evidence that these computers were purchased by Greyson with Greyson funds; please provide
this, along with serial numbers or other identifying information for these computers. As to other
physical property, we require receipts and bank records substantiating that this property was
purchased by Greyson, with Greyson money.

Have you/your law firm/your field agents, preserved Greyson's seized computers, so that you
can return them to Greyson? See above; all seized computers are stored.  We have no information
that any of the seized computers belong to Greyson – please provide any evidence you have that the
computers were purchased by Greyson with funds generated by Greyson (and not LPG).

Do one or both of you have personal knowledge of Greyson's data seized, that you/your
firm/your field agents locked Greyson out of in June 2023?  As we mentioned on our call, there is a
difference between seizing and locking Greyson out. There are two issues here:

(A) If Greyson stored data on cloud accounts in the Debtor's name or the name of one of its
alter egos (Phoenix or Oakstone), we may be in possession of that "data" which was, in fact seized
by the Trustee pursuant to a valid court order. We need a list of the data Greyson is seeking.  If it is
proprietary information (forms, scripts, etc.) which Greyson pilfered from LPG, we'd object to
providing that to Greyson – since it is not Greyson's. The entity you represent was formed on May
12, 2023, less than one-month before the TRO was served.  Once we have  list of the "data" being
sought we can evaluate the date on which it was created (among other factors) and determine if there
is any basis for you to claim it belongs to Greyson.

(B) If the data was stored on a Greyson owned cloud system, we have no present knowledge
that access information for this system was ever provided to Trustee.  This is both a violation of the
Court's TRO and PI, and makes it impossible for Trustee to have "seized" anything.  To that extent it
is possible Greyson is "locked out" by virtue of our service of a Litigation Hold letter or the TRO/PI
on one of the many third party vendors or because the account is in the name of another entity.

We understand you will provide us: (i) the web address to the alleged cloud where this data
was stored; (ii) evidence that this cloud service was paid for an maintained by Greyson with
Greyson's own funds; and (iii) proof that Greyson's IT personnel, who you declined to name on our
12/21 call, ever provided Trustee staff with the access credentials as required by Court Order.

Do one or both of you  know where Greyson's data, which you/your field agents locked
Greyson out of accessing in June 2023, is stored?  See above response.

Have one or both of you/your law firm/your field agents preserved Greyson's seized data, so
that you/your law firm/your field agents can return all the seized data to Greyson/restore
Greyson's access to all Greyson's data which you/your law firm/your field agents seized and
locked Greyson out of in June   2023.  See above response.

Do one or both of you have  authority, from Trustee Marshack,  to agree to anything, in
tomorrow's meet and confer? Yes, but as stated, we need further information from your client to
evaluate any requests.

**I suggest it will make our meet and confer more productive if you will please REPLY and answer these questions today.  Thx in advance.**

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Sent:** Wednesday, December 20, 2023 10:07 AM
**To:** K. P. March <kmarch@bkylawfirm.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** Re: FW: Christopher Celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Responding to your below email to our law firm: Please read below and please REPLY Thx. WHERE ARE YOU GUYS? REPLY PLEASE SENT 12/8

Kathleen:

Chris Celentino and I are available to meet and confer tomorrow after 1:30pm.

Does 1:30pm work for you?

Best,

Chris Ghio

---
Sent from Workspace ONE Boxer
On December 15, 2023 at 6:40:46 PM PST, K. P. March <kmarch@bkylawfirm.com> wrote:

12/15/23

Christopher Celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF
(Greyson Law Center PC etc counsel)

Re:  meet and confer judge Clarkson ordered between your firm, for Trustee and my firm for
Greyson Law Center PC

Attys Celentio and Ghio:


I AM FORWARDING YOU BOTH THE BELOW EMAIL, WHICH I SENT YOU BOTH
ON 12/8/23, BECAUSE NEITHER ONE OF YOU HAS RESPONDED TO MY FIRM.

Please read below and please REPLY Thx.

Judge Clarkson has ORDERED that your firm and mine meet and confer, and I do not want to violate Judge Clarkson's order.

Nor am I going to have one of my firm's junior attorneys do the meet and confer.  I am going to do it myself, because it appears to me that Judge Clark's order contemplates the senior attorneys will meet and confer (no slight intended to you attorney Ghio, but I think the order means Celentino and I  are to meet and confer.

**Please REPLY to answer the below questions, to get us started on the meet and confer process.  Thx in advance.**

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Friday, December 8, 2023 5:30 PM
**To:** 'Celentino, Christopher' <Christopher.Celentino@DINSMORE.COM>
**Cc:** 'Ghio, Christopher' <Christopher.Ghio@Dinsmore.com>
**Subject:** Christopher Celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) Responding to your below email to our law firm: Please read below and please REPLY Thx.

120823

Christopher Celentino esq (Trustee Marshack counsel), cc Christopher Ghio, esq of Celentino firm,  from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel)

Its up to you, attorney Celentino.  But I don't read Judge Clarkson's "meet and confer" requirement, in Judge Clarkson's 12/7/23 Order,  as contemplating that you will have a junior attorney do the "meet and confer", instead of you doing the required "meet and confer"  yourself.

Please Reply to answer the following questions, which all bear on who has the knowledge and authority to do the ordered "meet and confer":

Does Ghio have personal knowledge of Greyson's property seized? Does Ghio know where Greyson's 50 plus computers and other physical property seized is at present.  Have you/your law firm/your field agents, preserved Greyson's seized computers, so that you can return them to Greyson?
Does Ghio have personal knowledge of Greyson's data seized, that you/your firm/your field agents locked Greyson out of in June 2023?  Does Ghio know where Greyson's data, which you/your field agents locked Greyson out of accessing in June 2023, is stored?  Have you/your law firm/your field agents preserved Greyson's seized data, so that you/your law firm/your field agents can return all the seized data to Greyson/restore Greyson's access to Greyson's data which you/your law firm/your field agents seized and locked Greyson out of in June 2023.

Does Ghio have any authority to agree to anything, in the meet and confer?

Please tell my firm the answers to these questions.   If any of the answers to these questions are NO, then my firm suggests that you need to be the attorney to do the "meet and confer" with me.

Reply please.  thx.

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Sent:** Friday, December 8, 2023 3:47 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** RE: Christopher celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF (Greyson Law Center PC etc counsel) See attached Order of Judge Clarkson, entered yesterday, 12/7/23, directing that you and I "meet and confer" by no later than 12/27/23.

Dear Kay –

Thanks for your letter.

Mr. Ghio, who is handling the matter, will attend to schedule something concerning this next week.  Best, Chris.


# Dinsmore

**Christopher Celentino**
Partner
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**C (619) 218-3229** • **F** (619) 400-0501 **O** (619) 400-0519
**E** christopher.celentino@dinsmore.com • dinsmore.com

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Friday, December 8, 2023 11:42 AM
**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>
**Subject:** Christopher celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF

(Greyson Law Center PC etc counsel) See attached Order of Judge Clarkson, entered
yesterday, 12/7/23, directing that you and I "meet and confer" by no later than 12/27/23.

120823

Christopher Celentino esq (Trustee Marshack counsel) from KPMarch, Esq. Bky LF
(Greyson Law Center PC etc counsel)

Re:  LPG bky case and your adversary proceeding

Atty Celentino:


See attached Order of Judge Clarkson, entered yesterday, 12/7/23, dkt293, directing that you
and I "meet and confer" by no later than 12/27/23, to try to consensually resolve Greyson's
Motion (referred to in the attached Order), which moves to vacate the *Lockout and
Preliminary Injunction Order,* as to Greyson, (because Greyson was never an "alter ego" of
debtor LPG, and therefore granting the *Lockout and Preliminary Injunction Order*, as to
Greyson, was error), and which moves for an Order ordering your firm to return all
Greyson's seized property to Greyson, and to immediately restore Greyson's access to all
Greyson's data of various kinds, which you/your field agents seized and locked Greyson out
of accessing, starting on 6/2/23 and continuing through 6/14/23, and which you have
continued to keep Greyson frozen out of,  to present.

I am available to meet and confer with you immediately, as Greyson needs its property and
data back, to operate, and damage to Greyson mounts, the longer you/your field agents, keep
Greyson locked out of Greyson's data.

**Please REPLY to this email to tell me what date/time you want to meet and confer.  We
can meet and confer by zoom (my firm can set that up) or by phone.  Just tell me what
you prefer.**

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** cmecfhelpdesk@cacb.uscourts.gov <cmecfhelpdesk@cacb.uscourts.gov>
**Sent:** Thursday, December 7, 2023 5:05 PM
**To:** Courtmail@cacb.uscourts.gov
**Subject:** 8:23-ap-01046-SC Order on Generic Motion (BNC-PDF)


**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se litigants) to
receive one free electronic copy of all documents filed electronically, if receipt is
required by law or directed by the filer. PACER access fees apply to all other users. To
avoid later charges, download a copy of each document during this first viewing.**

**However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Central District of California

Notice of Electronic Filing

The following transaction was received from AutoDocket, CIAO-User entered on 12/07/2023 at 4:01 PM PST and filed on 12/07/2023

**Case Name:**       Marshack v. Diab et al
**Case Number:**     8:23-ap-01046-SC
**Document Number:** 293

**Docket Text:**
Order (1) Setting Hearing On Motion Of Greyson Law Center PC To Vacate 5/26/23 Lockout And Preliminary Injunction Order As To Greyson Law, Order Trustee Atty Celentino To Return All Greyson&apos;s Seized Property, And Order Celentino To Immediately Restore Greyson&apos;s Access To All Greyson Law Center PC; (2) Consolidating Related Motions And (3) Requiring The Parties To Meet And Confer. IT IS ORDERED: 1. As Both Motions Are Identical, The Court Will Treat The Motions As Consolidated And Hold A Single Hearing, Docketed In The Adversary Proceeding. Any Order Resulting From The Court&apos;s Ruling On The Motion Will Be Applicable, If Appropriate, Throughout This Case. 2. A Hearing On The Motion Will Occur On January 17, 2024, At 11:00 A.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. 3. Parties Are To Meet And Confer By No Later Than December 27, 2023, Regarding All Of The Issues Raised In The Motion, Including, Without Limitation, Any Issues Regarding (a) Ownership Of The Property, (b) Identification Of The Property; And (c) What Would Be Required To Move And Return The Property. As Both Parties Are Represented By Sophisticated Counsels Well Known To The Court, The Court Expects That the Meet And Confer Will Be Fruitful And Conducted with An Approach Directed Towards Resolution. If, After The Meet And Confer, A Dispute Still Exists Which Requires Court Intervention, The Parties Are To File A Joint Statement By No Later Than January 8, 2024, detailing The Dispute And The Parties&apos; Relative Positions Which Should Be Supported By Declarations, If Appropriate. The Joint Statement Will Replace The Normal Procedures For An Opposed Motion, As Set Forth In Local Bankruptcy Rule 9013-1. (BNC-PDF) (Related Doc # [290]) Signed on 12/7/2023 (NB8)

The following document(s) are associated with this transaction:

 **Document description:** Main Document
 **Original filename:** /data/docs0/ECF/ADI/cacb_live/realtime/documents/14af89a9-2a6f-4a81-9a49-ef73a7e1376d.p
 **Electronic document Stamp:**
 [STAMP bkecfStamp_ID=1106918562 [Date=12/07/2023] [FileNumber=105329471-0]
 [903bce12a51906732cb2065007402b33e24d563715a543b2861d78c1fa61b1ad28c33bd9ed6b324886f1c76840e81b

**8:23-ap-01046-SC Notice will be electronically mailed to:**

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF

eric@eblawfirm.us, G63723@notify.cincompass.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Lisa Cohen
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Defendant Consumer Legal Group, PC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Defendant LGS Holdco, LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com,
rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Ronald N Richards on behalf of Defendant Consumer Legal Group, PC
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

**8:23-ap-01046-SC Notice will not be electronically mailed to:**

Jake Akers
,

Authorize Net
,

B.A.T. Inc.
,

BAT Inc. dba Coast Processing
,

William Taylor Carss
,

Jimmy Chhor
,

Max Chou
,

Tony Diab
,

Dwolla, Inc.
,

EPPS
,

Equipay
,

Fidelity National Information Services, Inc.
,

Guardian
,

Guardian Processing, LLC
,

Dongliang Jiang

,

Law Offices of Ronald Richards
Ronald Richards, Esq
PO Box 11480
Beverly Hills, CA 90213

Maverick Management Group, LLC

,

Maverick Management, LLC

,

Merit Fund, LLC

,

Oakstone Law Group PC

,

Optimumbank Holdings, Inc.

,

Phoenix Law Group, Inc.

,

Phoenix Law, PC

,

Prime Logix, LLC

,

Revolv3, Inc.

,

Seamless Chex Inc.

,

Heng Taing

,

Maria Eeya Tan

,

Eng Tang

,

Teracel Blockchain Fund II LLC

,

The United States Postal Service

,

Wes Thomas

,

Vulcan Consulting Group LLC
,

World Global
,

Worldpay Group
,

Worldpay, Inc.
,

Worldpay, LLC
,

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.