Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson Law Center PC on Greyson's Motion to Vacate, on Greyson's Motion for Admin. Claim, and defending Greyson in adv proc.*

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP, PC<br><br>Debtor.<br><br>Richard A. Marshack Chapter 11 Trustee<br><br>v.<br><br>Tony Diab et al. (includes Greyson Law Center PC as a Defendant) | Bankruptcy Case No. 8:23-bk-10571-SC<br>Adversary Proceeding 8:23-ap-01046-SC<br>Chapter 11<br><br>**GREYSON LAW CENTER PC'S <u>EVIDENTIARY OBJECTIONS TO, AND REQUESTS TO STRIKE,</u> PORTIONS OF THE 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE, SUBMITTED BY CELENTINO FIRM IN SUPPORT OF CELENTINO FIRM'S PORTION OF JOINT STATEMENT RE. GREYSON'S MOTION TO VACATE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AND 6/23/23 CONTINUATION ORDER**<br><br>The Court's 12/7/23 Order [dkt.293] sets the hearing on Greyson's Motion to Vacate for hearing on:<br>Date: January 17, 2024<br>Time: 11:00 a.m.<br>Place: Courtroom of Bankruptcy Judge Scott Clarkson, **by Zoom** or in person at:<br>411 West Fourth Street, Courtroom 5C<br>Santa Ana, CA 92701-4593 |

---

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**                                        1

**GREYSON LAW CENTER PC'S MAKES GREYSON'S HEREIN <u>EVIDENTIARY OBJECTIONS TO, AND REQUESTS TO STRIKE,</u> PORTIONS OF THE 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE, SUBMITTED BY CELENTINO FIRM IN SUPPORT OF CELENTINO FIRM'S PORTION OF JOINT STATEMENT RE. GREYSON'S MOTION TO VACATE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AND 6/23/23 CONTINUATION ORDER, FOR THE FOLLOWING REASONS:**

| **Portion of Lee 1/8/24 declaration that Greyson is objecting to/moves to strike** | **Basis for Objection/Request to Strike** |
|---|---|
| 1. At all relevant times, I was employed by Coast Processing, LLP ("Coast"), Litigation Practice Group, PC ("LPG"), Guardian Processing, LLP ("Guardian") and Greyson Law Center, PC ("Greyson") as stated more thoroughly below. In my role at Coast, LPG, Guardian, and Greyson, I reviewed thousands of files, ran numerous metric reports, had access to their software, including accounting, Microsoft Outlook email, Sharepoint, OneDrive, Teams, Viva Engage, Airtable, cloud storage, domains, emails, and customer relationship management ("CRM") databases, including DebtPayPro ("DPP") and subsequently LUNA. I have been included in business meetings, prepared ocuments and have assisted in the day-to-day operations and processes for all these entities and have personal knowledge of, among many other things, the general business model for each entity, LPG client file transfers, ACH | **Object as Fatally vague:** "At all relevant times" is fatally vague, and putting Greyson in a long list of companies is fatally vague, because it is not possible to determine which of the things that Lee alleges he did were done at Greyson, and which were done at the other entities.<br><br>See Declaration of Han Trinh dated 1/12/24, being filed along with this Evidentiary Objection, that Lee was only hired by Greyson to do one thing at Greyson, which was to set up a payment processing system for Greyson, and never did anything else for Greyson. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | processes and ACH processing companies, furniture, equipment, LPG work product, LPG's attorney network, IT infrastructure and organizational hierarchy and structure. I have personal knowledge of the matters set forth herein and if called as a witness in this matter, I could and would testify competently thereto. | |
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | 2. In approximately November 2019 until July 2021, I was employed as a payment analyst at Coast. In approximately July 2021, many of the functions performed by Coast were integrated into LPG, including my role as a business analyst. In my role as a business analyst at Coast and LPG, I prepared, had access to, reviewed and in many ways, managed and/or assisted in the management of Coast and LPG's day-to-day processes and IT infrastructure discussed above, including the CRM. In my role at LPG, I had numerous conversations with Tony Diab ("Diab"), in person, via text and emails. I was present at many of the meetings wherein the day-to-day operations, finances and business plans were discussed. I was also present during discussions Diab had related to the transfer of LPG client files to other entities and the role each entity would have, including Oakstone Legal Group, PC ("Oakstone"), Guardian, Greyson, Phoenix Law, PC ("Phoenix") and PrimeLogix, LLC. | **Objection: Irrelevant what Lee did at some other company.**<br>**Objection as fatally vague** as to when, and where, the part of this paragraph 2 where Lee says he was present when Diab discussed transfer of LPG files to other entities (does NOT name Greyson as receiving LPG files) and fatally vague as to diab discussing what role Greyson would have. Role in what? When? For whom? |
| 23<br>24<br>25 | 5. Around this same time, Diab, Han Trinh ("Han") and Jayde Trinh ("Jayde") met at Diab's house in Newport. During these discussions, Diab, Han and Jayde | **Objection: lack of personal knowledge.** Lee paragraph 5 does not state Lee was present at any of these alleged conversations at Diab's house, |

26    **GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**                                                                 3

| | |
|---|---|
| came up with the idea to start another company, Greyson, to whom LPG files had been transferred, to process LPG clients who had litigation pending against them while Phoenix was intended to handle pre-litigation client files. Han and Jayde would run Greyson with the assistance of Diab and Scott Eadie as the managing attorney in much the same way Daniel March was the managing attorney of LPG. During the transition, Greyson would charge Phoenix a flat rate (often times $2,000) for access to Greyson's attorney network who would handle client files already in litigation in their corresponding state. Greyson's attorney network list, was and is essentially LPG's attorney network Greyson had appropriated for its use to develop a pyramid scheme of companies charging other companies for menial services and/or information that originated from LPG. It was explained to me that the point was to remove the performing assets from LPG. Attached hereto is a true and correct comparison of LPG's attorney network and that co-opted by Greyson, with the attorneys on both lists highlighted in yellow as Exhibit A. | everything paragraph 5 alleges was said must be stricken for lack of personal knowledge and additionally for lack of foundation: no dates, no who said what on what dates.<br>Objection: "it was explained to me that……" is inadmissible hearsay, with no exception.<br>    See Han Trinh's 1/12/24 Declaration that Han, or Han and Jayde Trinh, never had any such discussions as Lee alleges in paragraph 5. |
| 6. Around the end of March and into the beginning of April 2023, I was hired by Greyson. Again, my job duties at Greyson were largely the same as those at LPG and Guardian. As discussed above, I had access to, used and reviewed Greyson's email, Airtable, Sharepoint, Teams, Viva Engage and onboarding systems. I was involved in receiving client file transfers, invoicing | **Objection "around the end of March and into the beginning of April 2023" is fatally vague.**  See Han Trinh Decl that Greyson hired Lee in May 2023. If Lee was working for a Greyson entity in March or April 2023, he was not working for the present Greyson, which was not incorporated until 5/12/23, so his **testimony is irrelevant, and should** |

---

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**                                                                      4

| | |
|---|---|
| Phoenix, working with the attorney network and other work product taken from LPG, financial accounts, CRM, domains, setting up client ACH gateways with various entities including Revolv3, Payliance and other IT and business infrastructure necessary to run Greyson's day-to-day operations. These were the same companies I had worked to integrate into LPG, Phoenix and Oakstone's business previously. Moreover, I was included in business meeting and communications in person, via text and email from Han and Jayde among others. Han's email account at Greyson, similar to Diab's email at LPG, was known to me to be admin@greysonlawpc.com and admin@greysonpc.com. When Diab communicated with Greyson, including Han or myself, he mostly communicated via text or phone calls. He wanted to do it this way so there would be no trace back to him. However, at times Han sent Diab emails at his tony@coastprocessing.com email address. | **be stricken as irrelevant.** |
| 7. During my tenure, Greyson was never able to fund its own operations. Initially, Greyson was funded through Taing, an investment corporation called PECC which Taing was involved in, as well as, Diab and his alter egos including but not limited to BAT, Inc. ("BAT"), PrimeLogix, LLC ("PrimeLogix"), Vulcan Consulting, Inc. ("Vulcan") and Maverick Management, LLC ("Maverick"). When Wes and Taing parted ways, Taing locked Greyson out of the office space he or PECC owned, | **Object:** "During my tenure" is **fatally vague is vague as to time.**    **Object** that discussion of other companies than Greyson should be stricken as **irrelevant.**    Plus this paragraph does not show Lee has personal knowledge: "during my tenure" does **not show Lee has personal knowledge.**    **The whole paragraph should be stricken for these 3 reasons.** |

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**

5

| | | |
|---|---|---|
| 1-11 | located at 3161 Michelson Drive, Suite 1675, Irvine, California 92612 ("3161 Michelson"). Taing and PECC's primary form of funding to Greyson was in the form of free rent provided to Greyson while it occupied 3161 Michelson. Around the same time Wes Thomas initiated an ACH pull on the approximate 4,953 LPG clients transferred to Oakstone through Guardian Processing in what appeared to be a last effort to make Oakstone and Guardian viable. Meanwhile Taing initiated a double pull on the same Oakstone clients which was to try and recover some of the money PECC had paid out through the Oakstone Guardian venture. | |
| 12-24 | 8. Needing new office space, Tony wanted Greyson to use the Oakstone office space located at 3345 Michelson Drive, Suite 400B, Irvine, California 92612 ("400B") in the meantime since Eng Taing had locked Greyson out of 3161 Michelson. I was present when Greyson moved into both 3161 Michelson and 400B. The office furniture was originally provided by LPG. Similarly, the laptop computers, desktop computers, computer equipment, monitors and IT infrastructure was either already in place or moved from LPG's Tustin office, purchased with LPG funds or reimbursed with LPG funds. Indeed, I was present when I and other Greyson employees, including but not limited to Max Chou, Michael Vu, Eddie Blaul, Reid Wood and Eng Taing moved the equipment from LPG's Tustin office to Greyson's office. All of which was | **8.** Object to paragraph 8 that Lee **lacks personal knowledge of what aonther person, Tony Diab, wanted.** Lee cannot know what was in mind of another, diab.<br><br>**Object to paragraph 8 for lack of any documentation,** except for a photo which does not show computers. That photo only shows computer monitors.<br><br>Plus Lee's Declaration does not allege Lee has personal knowledge where those computer monitors were ultimately delivered to, which was to Phoenix, as Han Trinh's 1/12/24 Declaration attests.<br><br>Those monitors are not the approximately 50 computers /bee links that Celentino firm's field agents seized on 6/2/23, at Greyson's offices, which |

| | |
|---|---|
| purchased with LPG funds. True and correct copies of photographs taken by Michael Vu of the computer equipment myself the others listed above loaded into a Uhaul truck from LPG's Tustin office for use at Greyson's office and shared with myself and Scott Eadie during an online discussion we were all apart of as Exhibit B. | greyson's motion seeks to have returned to Greyson by Celentino/his field agents.<br>     **Object** to Paragraph 8 stating items were "purchased with LPG funds" as lacking personal knowledge of Lee, and as **not the best evidence. The best evidence** that the laptop computers, desktop computers, computer equipment, monitors and IT infrastructure was either already in place or moved from LPG's Tustin office, had been "purchased with LPG funds or reimbursed with LPG funds" would be **purchase receiptspaid by LPG, invoices to LPG, and other payment documents, none of which are attached.** |
| 9. After Oakstone and Guardian were shut down most of Guardian's employees who were not terminated were re-hired by Greyson. Greyson, however, could not support its payroll and received payroll funding from Vulcan who issued checks, as well as, PrimeLogix and Maverick who funded Greyson's Paychex account for automated payroll; Diab and/or Diab's entity BAT who wired money to Greyson employees for payroll and expenses. Along these lines, Diab made Han a primary signatory on BAT's Platinum Chase account ending in 0830 which she used to pay Greyson's expenses, pay Greyson employees including Scott Eadie's salary and/or reimburse attorneys in the network for their expenses, including but not limited to attorney services for LPG clients. Han also had established a credit card for | **Objection for Lee lacking personal knowledge to anything that Lee says in paragraph 9**. This includes that Lee stating Han established a credit card for Greyson is false. Greyson didn't have a credit card. Lack of personal knowledge that "everyone understood" that the credit card—which Han's 1/12/24 Declaration attests does not exist—was paid or reimbursed by LPG funds.<br>     **Object** to Paragraph 9 stating items were paid by Diab, BAT, Vulcan or Pprime Logic and/or reimbursed using LPG fund' as inadmissible as **not the best evidence. The best evidence** that laptop computers, desktop computers, computer equipment, monitors and IT infrastructure was either already in place or moved from LPG's Tustin office, had |

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**                                                                                                                          7

| | |
|---|---|
| Greyson which everyone understood was being paid by Diab, BAT, Vulcan or PrimeLogix and/or reimbursed using LPG funds. As the person who was ordered by Dian and set up the monthly pulls from LPG clients, I am aware that such pulls were the primary if not exclusive source of funds transferred from LPG's ACH payments processors (including but not limited to Revolv3) to Diab, BAT, Vulcan, Oakstone, PECC, PrimeLogix and Maverick. I remember Diab was terrified in this Court on June 12, 2023. | been "purchased with LPG funds or reimbursed with LPG funds" would be **purchase receipts paid by LPG or Diab or any third party, invoices selling those items to LPG, or Diab or other third party, and other payment documents, none of which are attached.** |
| 10. While working at Greyson, I was aware Diab was in constant communication with Han and Jade about its business operations, handling and strategy. As part of Diab's efforts to hide his involvement, he used his personal phone as well as throw away phones and mostly communicates in person. In one instance, Diab ordered myself and Max Chou at Greyson to pull a task report on Phoenix's customer service calls in order to identify issues and its poor performance. A true and correct copy of the Phoenix task reports are attached hereto as Exhibit C. In other instances, Diab was assisting Greyson get set up with marketing affiliates, including but not limited to Panamerica Consulting, LLC. A true and correct copy of an email including Diab on affiliate emails dated May 27, 2023 is attached hereto as Exhibit D. Tony also drafted other affiliate contracts for Greyson. A true and correct copy of a contract with Varneya LLC drafted by Tony Diab on or about May 17, 2023 and the | 10.  Object paragraph 10 is inadmissible because that paragraph does not allege, or show, that Lee has personal knowledge of what he is saying.  It could all be hearsay, which is inadmissible, for no hearsay exception, except for the clause "diab ordered myself and max Chou at Greyson to pull a task report on Phoenix's customer service calls… copy of task report attached", which shows Lee has personal knowledge, but which is irrelevant.<br><br>    Object that the portion of paragraph 10 alleging that "Diab was known by me to be controlling Greyson's finances and business model through Han and Jayde" is inadmissible for lack of personal knowledge on Lee's part, for lack of foundation, and for being fatally vague as to what "controlling Greyson's finances and business model" is referring to.  Diab was known by me, can be as result of Lee receiving hearsay |

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**    8

| | |
|---|---|
| associated metadata is attached hereto as Exhibit E. Moreover, Diab was known by me, to be controlling Greyson's finances and business model through Han and Jayde, as discussed above, much like he had while I was working at LPG. | information, which makes Lee's statement inadmissible for hearsay with no exception. |
| 11. Greyson also did not have its own work product or proprietary business information. Greyson's online retainer agreement was provided to me by Keneth Hu at Maverick who had originally received it from Jayde Trinh. The retainer I received was itself Phoenix' retainer agreement which originated from LPG. A true and correct copy of the email and Phoenix' retainer agreement provided by Kenneth Hu (without any subject or text to hide the email) is attached hereto as Exhibit F. Similarly, Greyson's LSA, employee handbook and other proprietary information necessary to run Greyson originated from LPG and appropriated either directly from LPG or through Diab and his alter egos, including Phoenix and Maverick. Many of such documents I was asked to revise to change the company name to Greyson without any substantive changes being made. | **Object** to paragraph 11 saying "Greyson did not have its own work product or proprietary business information as **not having sufficient foundation, because only 2 retainer agreements are referred to.**<br>Object to Paragraph 11 as **not showing personal knowledge of Lee, except as to 2 retainer agreements, which is insufficient to be foundation for the statement made..**<br>Object to everything in paragraph 11 as not showing personal knowledge of Lee.<br>Object to Lee saying "many of such documents I was asked to revise to change the company name to Greyson without any substantive changes being made as to fatally vague as to what documents, when, who told Lee to do that. |
| 12. Greyson stored all of LPG's proprietary documents, legal service agreements, training materials and videos, sales scripts, contracts, attorney lists, affiliate lists, vendor lists and other critical operational documents appropriated from LPG on its Microsoft emails, OneDrive, Teams and Engage | Object to paragraph 12 alleging that Greyson's documents were appropriated from LPG, for lack of personal knowledge, lack of foundation, and fatally vague. |

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**          9

| | | |
|---|---|---|
| | accounts, as well as its Sharepoint, LUNA and Airtable accounts. | |
| | 13. Similar to LPG and PrimeLogix, Greyson applied for and set up an ACH processing account with Revolv3. At the direction and signature of Han, Greyson's $15,000 reserve account at Revolv3 was funded from BAT's Chase checking account ending in 0830. As of June 2, 2023, Greyson had opened its own Revolv3 account, however, Greyson never processed any ACH transactions and therefore did not receive any money from the approximate forty clients it had acquired from LPG and other sources. | Object to paragraph 13 stating that "similar to LPG and PrimeLogix, Greyson applied fo an ACH processing account. Irrelevant whether or not Greyson setting up a Revolv3 ACH processing account is similar to what LPG and PrimeLogix did. |
| | 14. In addition to making payroll through Vulcan, PrimeLogix and BAT, when Greyson made payroll utilizing the services of an outside vendor after the split with Oakstone, payroll when made using Paychex which was funded by Maverick. | 14. Object to paragraph 14 for no personal personal knowledge of Lee, and for hearsay source, and for not the best evidence because the best evidence would be documents, and Lee does not attach any documents to substantiate what paragraph 14 alleges. |
| | 15. Attached hereto is a true and correct copy of LPG's Revolv3 account indicating transfer of funds to PrimeLogix as Exhibit G. | 15. Object to paragraph 15 on basis LPG's Revolv3 account is irrelevant. |
| | 18. Sherri Chen is known to me to be a prior book keeper at LPG and on information and belief is related to Han. | Object for lack of personal knowledge shown, and Sherri Chen was a controller in the FDCPA department of LPG; she was not a bookkeeper for LPG. If Lee had personal knowledge he would not get this wrong. |

FOR ALL REASONS STATED, GREYSON'S FOREGOING EVIDENTIARY

OBJECTIONS SHOULD ALL BE SUSTAINED, AND THE PORTIONS OF THE

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**               10

PARAGRAPHS OF LEE'S DECLARATION HERE OBJECTED TO, SHOULD BE STRICKEN.

Dated: January 12, 2024

THE BANKRUPTCY LAW FIRM, PC
----/s/ Kathleen P. March------
By Kathleen P. March, Esq., counsel to Greyson on its administrative Claim motion, and its motion to vacate Lockout and Preliminary Injunction Orders as to Greyson

---

**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE FILED BY CELENTINO FIRM ATTACHED TO JOINT STATEMENT FILED 1/8/24**    11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

**GREYSON LAW CENTER PC'S <u>EVIDENTIARY OBJECTIONS TO, AND REQUESTS TO STRIKE,</u> PORTIONS OF THE 1/8/24 DECLARATION OF BRADFORD ("BRAD") LEE, SUBMITTED BY CELENTINO FIRM IN SUPPORT OF CELENTINO FIRM'S PORTION OF JOINT STATEMENT RE. GREYSON'S MOTION TO VACATE 5/26/23 LOCKOUT AND PRELIMINARY INJUNCTION ORDER AND 6/23/23 CONTINUATION ORDER**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___1/12/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

n/a

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/12/24_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/12/24 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                             **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Keith Barnett** keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino** christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney** mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman** jeremy.freedman@dinsmore.com
- **Christopher Ghio** christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly** kelly@ksgklaw.com
- **Meredith King** mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz** David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck** Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March** marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)** pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng** queenie.k.ng@usdoj.gov
- **Lisa Patel** lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak** dplazak@rhlaw.com
- **Daniel H Reiss** dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano** jonathan.serrano@dinsmore.com
- **Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still** astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Johnny White** JWhite@wrslawyers.com, jlee@wrslawyers.com
- 

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**