Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;   Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson Law Center PC on Greyson's*
*Motion to Vacate, on Greyson's Motion for Admin.*
*Claim, and defending Greyson in adv proc.*

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION<br>PRACTICE<br>GROUP, PC<br><br>Debtor.<br>_____<br><br>Richard A. Marshack<br>Chapter 11 Trustee<br><br>v.<br><br>Tony Diab et al. (includes<br>Greyson Law<br>Center PC as a Defendant) | Bankruptcy Case No. 8:23-bk-10571-SC<br>Adversary Proceeding 8:23-ap-01046-SC<br>Chapter 11<br><br>**GREYSON LAW CENTER PC'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**<br><br>The Court's 12/7/23 Order [dkt.293] sets the hearing on Greyson's Motion to Vacate for hearing on:<br>Date: January 17, 2024<br>Time: 11:00 a.m.<br>Place:  Courtroom of Bankruptcy Judge Scott Clarkson, **by Zoom** or in person at: |

411 West Fourth Street, Courtroom 5C
Santa Ana, CA 92701-4593

**GREYSON LAW CENTER PC MAKES THE FOLLOWING**

**EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS**

**OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY**

**CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT**

**STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON**

**GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND**

**PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS**

**TO GREYSON:**

| Portion of declaration that Greyson is objecting to | Basis for objection |
|---|---|
| 1. At all relevant times I was employed by Resolution Processing, LLC which was in turn employed by the Chapter 11 Trustee, Richard Marshack, to implement this Court's Temporary Restraining Order [Adv. Proc. 8:23-ap-01046-SC ("1046 Action"), Dkt No. 13] served on June 2, 2023 and the subsequent Preliminary Injunction ordered by this Court on June 12, 2023 [1046 Action, Dkt No. 70]. I was provided credentials for Greyson Law, PC ("Greyson") accounts on | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**
2

| | |
|---|---|
| or shortly after June 2, 2023. That said, Justin Nguyen and others continued to have access to Greyson's Microsoft account, including email through at least June 9, 2023. For instance, I am aware Greyson employees including Israel Orozco, Reid Wood, and those registered to the accounting@greysonlawpc.com account, among others had access to their accounts in order to obtain information they needed to service their clients until approximately June 7-9, 2023 as evidenced below. Other than changing user credentials and setting to block access to the Greyson accounts, I have not modified, altered or deleted any of Greyson's Microsoft emails, Sharepoint, Teams, OneDrive Viva Engage or any other account Greyson had access to prior the implementation of the Court's Preliminary Injunction. I have reviewed the following Greyson emails and associated Teams, OneDrive and Sharepoint accounts. | and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.

Rubin lacks foundation to attach emails which he did not send or receive.

The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence.

The statement "at all relevant times" is objectionable as fatally vague. |
| 3. The admin@greysonlawpc.com account was registered to Han Trinh, hereinafter referred to as "Han". See Declaration of Brad Lee. | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION** TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON
3

| | Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |
| 4. A true and correct copy of an email from Han to Tony Diab ("Diab") at tony@coastprocessing.com and attached invoices dated May 1, 2023 is attached hereto as **Exhibit 1.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |
| | Rubin lacks foundation to attach emails which he did not send or receive. |
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as |

| | regards Rubin, who is seeking to put them into evidence. |
|---|---|
| 5. A true and correct copy of an email from Han to Diab at tony@coastprocessing.com and attached payroll schedule (redacted for personal information) dated May 3, 2023 is attached hereto as **Exhibit 2.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. <br><br> The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. <br><br> Rubin lacks foundation to attach emails which he did not send or receive. <br><br> The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 6. A true and correct copy of an email from Han to all Greyson Attorneys regarding onboarding of Oakstone clients dated May 9, | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**
5

| | |
|---|---|
| 2023 is attached hereto as **Exhibit 3.** | in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>        The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>        Rubin lacks foundation to attach emails which he did not send or receive.<br><br>        The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 7. Attached hereto is a true and correct copy of an email from Han to ops@greysonlawpc.com attaching LPG's attorney network list and the list dated May 9, 2023 as **Exhibit 4.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br>        The lockout portion of [dkt.13], at page 8, |

| | |
|---|---|
| | line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 8. Attached hereto is a true and correct copy of an email from Han to hr@greysonlawpc.com attaching LPG's employee handbook and the attached handbook dated April 27, 2023 as **Exhibit 5.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |

| | |
|---|---|
| | Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 9. A true and correct copy of an email from Brad Lee to Han and admin@prime-logix.co with Greyson's Revolv3 / Payliance contract (redacted for personal information) dated May 17, 2023 is attached hereto as **Exhibit 6.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |

| | |
|---|---|
| 10. Attached hereto 1s a true and correct copy of an email chain between Kent@lpglaw.com, Kathleen Stevens, 24him4ever@gmail.com, and admin@greysonlawpc.com indicating comingled LPG emails and accounts dated May 23, 2023 as **Exhibit 7.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 11. Attached hereto is a true and correct copy of an email from the admin@greysonlawpc.com account to Brad Lee dated May 23, 2023 including the attached scheduled wire document from a Chase account ending in 0830 (redacted | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**
9

| | |
|---|---|
| for personal information) that belonged to B.A.T., Inc. ("B.A.T.") as **Exhibit 8.** | 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |
| | Rubin lacks foundation to attach emails which he did not send or receive. |
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 12. Attached hereto is a true and correct copy of an email from GCgreysonlawpc.com (an account known to be "General Counsel" registered to Jayde Trinh, See Brad Lee Declaration) advising to stop onboarding CLG and Phoenix cases dated May 26, 2023 as **Exhibit 9.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION** TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON
10

| | and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |
|---|---|
| | Rubin lacks foundation to attach emails which he did not send or receive. |
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 13. Attached hereto is an email string from Han regarding Greyson attorney, Reed Pruyn's understanding of onboarding CLG cases dated May 28, 2023 as **Exhibit 10.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |
| | Rubin lacks foundation to attach emails which he did not send or receive. |

| | |
|---|---|
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 14. Attached hereto is a true and correct copy of an email from GC@greysonlawpc.com advising not to speak to attorneys for Trustee dated May 31, 2023 as **Exhibit 11.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |

| | |
|---|---|
| 15. Attached hereto is a true and correct copy of email from Han to accounting@greysonlawpc.com, among others, directing Greyson's payroll be made from B.A.T.'s Chase account and attached Greyson payroll spreadsheet (redacted for personal information) dated May 2, 2023 as **Exhibit 12.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 16. Attached hereto is a true and correct copy of an email from accounting@greysonlawpc.com to HR@greysonlawpc.com providing proof Scott Eadie was paid and attached wire confirmation (redacted for personal information) dated May 24, 2023 as **Exhibit 13.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**
13

| | |
|---|---|
| Based on the Declaration of Brad Lee, the Chase Platinum checking account No. ending in 0830 belonged to B.A.T. | Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>     The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>     Rubin lacks foundation to attach emails which he did not send or receive.<br><br>     The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 17. Attached hereto is a true and correct copy of an email string between Han and accounting@greysonlawpc.com regarding a scheduled wire to David Orr from B.A.T.'s account and attached wire confirmation (redacted for personal information) dated May 30, 2023 as **Exhibit 14.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>     The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But |

GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON

14

| | |
|---|---|
| | nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 18. Attached hereto 1s a true and correct copy of an email from accounting@greysonlawpc.com to hr@greysonlawpc.com and attached May 2023 Citibank statement (redacted for personal information) for account ending in 6370 dated June 7, 2023 as **Exhibit 15.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive. |

| | |
|---|---|
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 19. The email ops@greysonlawpc.com was registered to Greyson employee Max Chou who also maintained his own person account (hereinafter referred to as "Ops"). See the Declaration of Brad Lee. | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.

    The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.

    Rubin lacks foundation to attach emails which he did not send or receive.

    The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 20. Attached hereto is a true and correct copy of an email from Han to Ops with GLC's Local Counsel | Statements relating to Greyson's email accounts, and attaching emails seized from |

| | |
|---|---|
| Directory: Coverage State by State dated May 18, 2023 as **Exhibit 16.** | Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br><br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 21. Attached hereto is a true and correct copy of a comparison between LPG's Local 1 Counsel and Greyson's Local Counsel highlighting those shared by both entities as **Exhibit 17.** | Rubin lacks foundation to attach this document, which he does not claim to have personal knowledge of, and which is hearsay as to Rubin. |
| 22. Attached hereto is a true and correct copy of an email string between hr@greysonlapc.com and Monroy Gabriel regarding Vulcan payroll checks and his bounced | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION** TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON
17

| | |
|---|---|
| check (redacted for personal information) dated May 9, 2023 as **Exhibit 18.** | in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |
| | Rubin lacks foundation to attach emails which he did not send or receive. |
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 23. Attached hereto is a true and correct copy of an email string between hr@greysonlawpc.com and Brittney Cole regarding Prime Logix bounced check (redacted for personal information) dated May 10, 2023 as **Exhibit 19.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, |

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**
18

| | |
|---|---|
| | line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data.<br><br>Rubin lacks foundation to attach emails which he did not send or receive.<br><br>The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 24. Attached hereto is a true and correct copy of an email string between hr@greysonlawpc.com and accoutning@greysonlawpc.com regarding bounced checks being paid with wires from B.A.T. 's account and attached wire confirmations (redacted for personal information) dated June **1**, 2023 as **Exhibit 20.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data.<br>The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |

GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON

19

| | Rubin lacks foundation to attach emails which he did not send or receive. |
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |
| 25. Attached hereto is a true and correct email string indicating Greyson attorney Israel Orosco was accessing, using and co-mingling LPG and Greyson email accounts to service LPG clients even after the TRO was served and the preliminary injunction entered by the Court dated June 13, 2023 as **Exhibit 21.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. |
| | The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. |
| | Rubin lacks foundation to attach emails which he did not send or receive. |
| | The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |

| | |
|---|---|
| 26. Attached hereto is a true and correct email string between Reid Wood, kyleherret@greysonlawpc.com, kyle@lpg.com and David Weaver comingling Greyson and LPG email accounts and discussing the transfer of clients to Greyson after the TRO was served and Preliminary Injunction with the attached list of clients to be transferred (redacted for personal information) dated June 12, 2023 as **Exhibit 22.** | Statements relating to Greyson's email accounts, and attaching emails seized from Greyson's email accounts, are all inadmissible because they were seized unlawfully. Nothing in the Court's 5/26/23 [dkt.13] Lockout Order/Preliminary Injunction, or in the 6/23/23 [dkt.70] Continuation Order, allow Trustee or Trustee's field agents to seize Greyson's email accounts or email data, or to use that data. The lockout portion of [dkt.13], at page 8, line 7 to page 9, line 11, enjoins certain Greyson employees—Han Trinh, Jayde Trinh, and Scott Eadie—from accessing emails. But nothing in the lockout order authorizes the Celentino firm, or Celentino's field agents, to seize and use Greyson's emails or data. Rubin lacks foundation to attach emails which he did not send or receive. The content of emails which Rubin did not send or receive is inadmissible hearsay as regards Rubin, who is seeking to put them into evidence. |

The Court should sustain the foregoing Greyson Evidentiary Objections, and should Strike the portions of the Rubin 1/5/24 Declaration here objected to, for the

**GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**
21

1    reasons stated in the foregoing Evidentiary Objections/Request to Strike.

2    Dated: January 12, 2024                THE BANKRUPTCY LAW FIRM, PC

3

4                                          __/s/ Kathleen P. March_____

5                                          By: Kathleen P. March, Esq
                                           *Attorneys for Greyson Law Center, PC*
6                                          *on this Motion, on Greyson Motion for*
                                           *Admin Claim*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    **GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION TO, AND REQUEST TO STRIKE,
PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS
PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM
HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY
26    INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON**

22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

## <u>GREYSON LAW CENTER PCI'S EVIDENTIARY OBJECTION</u> TO, AND REQUEST TO STRIKE, PORTIONS OF 1/5/24 DECLARATION OF ALEX RUBIN [DKT. 325-4] FILED BY CELENTINO FIRM AS PART OF CELENTINO'S SUBMISSION IN JOINT STATEMENT FILED 1/8/24 FOR 1/17/24 AT 11:00AM HEARING ON GREYSON'S MOTION TO VACATE 5/26/24 [DKT.13] LOCKOUT AND PRELIMINARY INJUNCTION, AND 6/23/23 CONTINUATION ORDER, AS TO GREYSON

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___1/12/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____,  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

n/a

☐ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/12/24_,  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/12/24 | Kathleen P. March | /s/ Kathleen P. March |
|---------|-------------------|------------------------|
| *Date*  | *Printed Name*    | *Signature*            |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com
-

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**