CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
Jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:   619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><br>―――――――――――――――――<br>RICHARD A. MARSHACK,<br><br>Plaintiff,<br>v.<br>TONY DIAB, et al.<br><br>Defendants. | Case No.: 8:23-bk-10571-SC<br>Adv. Proc. No. 8:23-ap-01046-SC<br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S EX PARTE APPLICATION TO STRIKE: 1) GREYSON LAW CENTER, PC'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF BRADFORD LEE [Adv. Dkt. No. 328] AND ALEX RUBIN [Adv. Dkt. No. 329]; AND 2) THE DECLARATION OF HAN TRINH [Adv. Dkt. No. 330] ALL OF WHICH ARE IN VIOLATION OF THIS COURT'S ORDER [Dkt. No. 293]; AND TO GRANT LEAVE TO FILE THIS SUR-REPLY AND SUPPORTING SUPPLEMENTAL DECLARATION OF BRADFORD LEE**<br><br>Date:     January 17, 2024<br>Time:    11:00 a.m.<br>Judge:   Hon. Scott C. Clarkson<br>Place:    Courtroom 5C<br>           411 West Fourth Street<br>           Santa Ana, California  92701 |

**TO THE COURT, HONORABLE SCOTT C. CLARKSON, OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:**

Plaintiff Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG") hereby seeks ex parte relief and an order striking Greyson Law Center, PC's ("Greyson") Evidentiary Objections to the Declaration of Bradford Lee ("Lee") [Adv. Dkt No. 328]; Evidentiary Objections to the Declaration of Alex Rubin ("Rubin") [Adv. Dkt. No. 329] and the Declaration of Han Trinh ("Han") in response to Lee Declaration ("Han's Responding Declaration") [Adv. Dkt. No. 330] (collectively referred to herein as the "Offending Pleadings") which were filed in violation of this Court's December 7, 2023 Order [Adv. Dkt No 293], which contain false and misleading information that does not have any evidentiary support, and which are contradicted by reliable evidence as indicated by the Declarations of Lee [Adv. Dkt. No. 325-5]; Rubin [Adv. Dkt. No. 325-4]; Jeremy Freedman [Adv. Dkt. No. 325-8]; Greyson's Opposition to the Preliminary Injunction and supporting Declarations [Adv. Dkt. Nos. 47-47-12]; Greyson's judicial admissions at the June 12, 2023 hearing [Adv. Dkt. No. 76]; the record in this matter, among other evidence as more thoroughly set forth by the Trustee in its portion of the Joint Statement [Adv. Dkt. No. 325]; and an order granting leave to admit this sur-reply and the supporting Supplemental Declaration of Bradford Lee concurrently filed herewith.

1

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 4

II. RELEVANT PROCEDURAL HISTORY ........................................................................... 5

III. LEGAL STANDARD ........................................................................................................... 6

IV. GREYSON'S OFFENDING PLEADINGS SHOULD BE STRICKEN ............................... 7

    A. GREYSON VIOLATED THIS COURT'S SCHEDULING ORDER ......................... 7

    B. TRUSTEE HAS BEEN PREJUDICED AS A RESULT OF GREYSON FILING ITS OFFENDING PLEADINGS .................................................. 8

    C. CONSIDERING GREYSON'S OFFENDING PLEADINGS WILL NOT ASSIST THE COURT IN DETERMINING THE ISSUE RAISED BY GREYSON'S FRIVOLOUS MOTION .................................... 8

        1. Greyson's Evidentiary Objections to the Declaration of Bradford Lee Are Without Merit ............................................................................................. 9

        2. Greyson's Evidentiary Objections to the Declaration of Rubin Are Without Merit ........................................................................................... 11

        3. Han's Responding Declaration Contains Material Misrepresentations And Will not Assist the Court ............................................................................ 12

V. THE COURT SHOULD PERMIT TRUSTEE TO FILE A SUR-REPLY ........................... 13

VI. CONCLUSION .................................................................................................................. 14

## CASES

*Alto v. Black*, 738 F.3d 1111 (9th Cir. 2013) .................................................................................. 8

*Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 146757 (E.D. Cal. Dec. 21 2011) .............. 10

*Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190 (N.D.Ga. 2005) ..................................... 7

*French v. United States* (In re French), 242 B.R. 369 (Bank. N.D. Ohio 1999) ................................ 6

*Hill v. England*, 2005 U.S. Dist. LEXIS 29357 (Bank. ED Cal. Nov. 8, 2005) ................................. 7

*Kalasho v. BMW of N. Am., LLC*, 520 F. Supp. 3d 1288 (S.D. Cal. 2021) ................................. 10, 11

*Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) ........................................................................... 8

*Sharp v. Weston*, 233 F.3d 1166 (9th Cir. 2000) ............................................................................... 8

## FEDERAL RULES OF EVIDENCE

Federal Rules of Evidence, Rule 602 .................................................................................................. 9

Federal Rules of Evidence, Rule 803 ................................................................................................ 11

Federal Rules of Evidence, Rule 901 ........................................................................................... 10, 11

Federal Rules of Evidence, Rule 902 ................................................................................................ 11

## LOCAL BANKRUPOTCY RULES

Local Bankruptcy Rule 9013-1 ........................................................................................................... 7

# I. INTRODUCTION

Greyson has violated this Court's December 7, 2023 Order ("Scheduling Order") [Adv. Dkt. No. 293] by submitting evidentiary objections and the Declaration of Han Trinh ("Han") in response to Trustee's portion of the Joint Statement [Adv. Dkt. No. 325] and evidence [Adv. Dkt. No. 325-4 - 325-9] without seeking leave of Court. This Court's Scheduling Order specifically provided for only a Joint Statement and Supporting Declarations from Greyson and the Trustee to be filed on or before January 8, 2023, which replaced the normal procedures for an opposed motion, as set forth in Local Bankruptcy Rule 9013-1. Further pleadings, declarations and evidentiary objections were therefore not contemplated by the Court's Scheduling Order.

Greyson, however, employing tactics to prejudice Trustee and mislead this Court disregarded the Scheduling Order. Greyson did not seek leave of Court to file additional pleadings in opposition to the Trustee's evidence. Instead, at 7:19 pm on the Friday, January 12, 2023 before a national holiday (Monday) and the hearing on Greyson's Frivolous Motion (Wednesday, January 17, 2023) Greyson filed its Offending Pleadings intentionally and with knowledge that Trustee and this Court would have one business day (Tuesday) to consider, address and respond to its Offending Pleadings which contain serious and obvious misrepresentations. This was the same tactic employed by Greyson when it sent Trustee the Joint Statement and its supporting declarations with only 48 hours to respond.

Moreover, the Offending Pleadings are not raised in good faith and contain false information and material misrepresentations that are clearly contradicted by competent evidence. As an initial matter, Greyson's sole evidentiary objection to the declaration of Rubin and each paragraph therein is not a valid objection. Instead, it argues the invalidity of the Preliminary Injunction, which uncovered a treasure trove of evidence against Greyson and Diab and their scheme to poach former LPG clients in the name of Greyson's "competition" using LPG assets to accomplish the fraudulent scheme.

The objections to the declaration of Lee are similarly without merit. Brad Lee's declaration is supported by and made from his personal knowledge working at Greyson, Guardian Processing, LLC, and LPG; directives from Diab, Han and others; work he actually performed; the documentary evidence attached to his declaration; the declaration of Rubin and Jeremy Freedman, Greyson's

4

Opposition to the Preliminary Injunction and supporting declarations and admissions and testimony as set forth in the June 12, 2023 hearing transcript. As such, any objection based on lack of personal knowledge or foundation is without merit.

Han's Responding Declaration doubles down and makes material misrepresentations in what appears to be an apparent effort to work a fraud on the Trustee. By way of example, Han's declaration contends without any evidence that Greyson did not appropriate or co-mingle LPG work product, despite her email directing human resources to revise LPG's employee handbook for Greyson's use. [See Adv. Dkt. No. 325-4 at ¶ 8, Exh. 5.] Other examples abound as discussed below. With little doubt, Han's Responding Declaration is riddled with misrepresentations which does not assist the Court in adjudicating the issues presented in Greyson' Frivolous Motion, but appears intended to encourage continued fraud in order to gain access to the evidence implicating Greyson, Han, Jayde and Diab, among many others in Diab's scheme. The same evidence Greyson attempted to gain access to before the Trustee could locate the evidence.

Based on the foregoing, the legal authority, arguments and evidence filed concurrently herewith, the Trustee respectfully requests this Court strike the Offending Pleadings. Alternatively, should the Court consider Greyson's offending Pleadings, Trustee requests an order granting Trustee's companion ex parte motion to submit this sur-reply and Supplemental Declaration of Bradford "Brad" Lee in reply to the unsubstantiated supplemental Declaration of Han Trinh in Response to the Declaration of Brad Lee [Adv. Dkt. No. 330] filed by Greyson.

## II.    RELEVANT PROCEDURAL HISTORY

1.    On December 6, 2023, Greyson filed its Motion for an Order, Made in Both Adversary Proceeding and LPG's Main Bky Case: (1) Vacating the 5/26/23 Lockout and Preliminary Injunction Order, as to Greyson, Because that Order was Obtained, As to Greyson, Based on the False Allegation in the Sealed, Ex Parte, Motion Trustee Marshack's Attorney, Celentino, Filed, Moving for that Order, That Greyson Was an Alter Ego of LPG; and (2) Ordering Celentino to Immediately Return all Greyson's Seized Property To Greyson, and to Immediately Restore Greyson's Data, which Celentino Seized and Locked Greyson out of on 5/26/23 and on 6/12/23, A Lockout Continuing to Present (referred to herein as Greyson's "Frivolous Motion") [Adv. Dkt. Nos. 290- 290-3] in both the

1 main bankruptcy case and Adversary Proceeding No. 8:23-ap-01046-SC without having met and conferred.

2.  One December 7, 2023, this Court issued its Scheduling Order [Adv. Dkt. No. 293]. In relevant part this Court' Scheduling Order provided:

> The parties are to meet and confer by no later than December 27, 2023, regarding all of the issues raised in the motion, including, without limitation, any issues regarding (a) ownership of the property, (b) identification of the property; and (c) what would be required to move and return the property. As both parties are represented by sophisticated counsels well known to the Court, the Court expects that the meet and confer will be fruitful and conducted with an approach directed towards resolution. If, after the meet and confer, a dispute still exists which requires Court intervention, the parties are to file a joint statement by no later than January 8, 2024, detailing the dispute and the parties' relative positions which should be supported by declarations, if appropriate. **The joint statement will replace the normal procedures for an opposed motion, as set forth in Local Bankruptcy Rule 9013-1**.

[Adv. Dkt No. 293]

3.  On January 8, 2023, Greyson filed the joint statement and supporting declaration pursuant to the Court's Scheduling Order. [Adv. Dkt. Nos. 325-325-9.]

4.  On January 12, 2023, Greyson filed its Evidentiary Objections to the Declaration of Brad Lee [Adv Dkt. No. 328]; Evidentiary Objections to the Declaration of Alex Rubin [Adv. Dkt. No. 329]; and Declaration of Han Trinh in Response to the Declaration of Brad Lee [Adv. Dkt. No. 330]. Greyson did not seek an order granting leave of Court to file further pleadings and in contravention of the Court's Scheduling Order. Had Greyson done so, it would have provided Trustee an opportunity to object and/or seek a reasonable time to respond. Employing deceptive tactics to harass Trustee and increase the cost of litigation, Greyson waited until 7:19 pm on Friday, January 12, 2023 [before a national and court holiday] to file the Offending Pleadings with knowledge that neither this Court nor Trustee could address such improper conduct until the Tuesday before its hearing. As such, ex parte relief is appropriate and should be granted.

### III. LEGAL STANDARD

5.  Pursuant to Federal Rules of Bankruptcy Procedure Rule 2012 through the adoption of Federal Rules of Civil Procedure, Rule 12(f) this Court is authorized to strike improperly filed pleadings, in relevant part, where, as here: 1) Greyson disobeyed a direct order of the Court; 2) the party seeking to strike the Offending Pleading will suffer prejudice if the Offending Pleading is

6

considered by the Court; and 3) considering the Offending Pleadings will not assist the Court in adjudicating the issues presented Greyson's motion. (See e.g. *French v. United States* (In re French), 242 B.R. 369, 375 (Bank. N.D. Ohio 1999); *Henderson v. New York Life*, 991 F. Supp. 527, 530 (N.D. Tex. 1997.)

6.    Alternatively, the Court is further authorized to, instead, grant the Trustee leave to file a sur-reply and the Supplemental Declaration of Lee in Response to Han's Declaration. The Court should apply its Scheduling Order consistently so as to avoid the gamesmanship Greyson attempts to employ in this matter. The Court is authorized to grant leave for Trustee to file a sur-reply whereas here, a valid reason exists to allow further briefing, such as when new arguments or evidence is presented. (See e.g. *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D.Ga. 2005): *Hill v. England*, 2005 U.S. Dist. LEXIS 29357 at *2 (Bank. ED Cal. Nov. 8, 2005).) Trustee requests the latter, and submits herewith the Supplemental Declaration of Lee for consideration by the Court.

### IV.    GREYSON'S OFFENDING PLEADINGS SHOULD BE STRICKEN

**A.    GREYSON VIOLATED THIS COURT'S SCHEDULING ORDER**

7.    The Court's Scheduling Order does not provide for any briefing beyond the Joint Statement, setting forth the parties respective positions and any supporting declarations filed concurrently therewith. [Adv. Dkt. No. 293]. The January 8, 2024 deadline to file the Joint Statement, eleven days prior to the hearing similarly does not contemplate any further pleadings by either party. Indeed, based on the Scheduling Order, compliance with Local Bankruptcy Rule 9013-1(f) and (g) given the January 8, 2024 deadline was not feasible or reasonable.

8.    Greyson did not seek leave of Court to file the Offending Pleadings prior to or after January 8, 2024. Instead, on January 12, 2024, Greyson filed its Offending Pleadings knowing neither the Trustee nor the Court would be able to reasonably address these improper pleadings, given the weekend, Martin Luther King Holiday and the January 17, 2024 hearing. In this way, Greyson has acted in bad faith and in direct violation of the Court's Scheduling Order. As such, Greyson's Offending Pleadings should be stricken.[1]

---

[1] If the Court is not inclined to strike the Offending Pleadings, Greyson's Evidentiary Objections to the Declarations of Lee and Rubin should be overruled as untimely as Local Bankruptcy Rule 9013-

7

### B. TRUSTEE HAS BEEN PREJUDICED AS A RESULT OF GREYSON FILING ITS OFFENDING PLEADINGS

9. As discussed more thoroughly above, Greyson filed its Offending Pleadings at 7:19 pm on Friday, January 14, 2024. In doing so, Greyson intentionally sought to prejudice Trustee knowing Trustee would have only one business day to sift through the evidence, attempt to contact witnesses and respond to the misrepresentations contained in Han's Responding Declaration [Adv. Dkt. No. 330]. This was the same tactic employed by Greyson in providing Trustee with the Joint Statement and its supporting declarations 48 business hours prior to the deadline to file the Joint Statement causing further prejudice to Trustee. [See Adv. Dkt. No. 325-8 at ¶ 12, Exh. I.] Any contention Greyson did not have time to address Trustee's evidence was caused by their own hand and bad faith tactics. With little doubt, the Trustee stands to be prejudiced should the Court entertain Greyson's Offending Pleadings without a reasonable opportunity to fully address the same. As such, Greyson's Offending Pleadings should be stricken.

### C. CONSIDERING GREYSON'S OFFENDING PLEADINGS WILL NOT ASSIST THE COURT IN DETERMINING THE ISSUE RAISED BY GREYSON'S FRIVOLOUS MOTION

10. "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." (*Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) citing *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000) and *Alto v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013).) As such, it is not Trustee's burden to prove or support the Preliminary Injunction that Greyson agreed to, was and continues to be proper. That said, the evidence today shows, as it did in June 2023, a likelihood that the Trustee will succeed on the merits and that irreparable harm to LPG's estate, creditors and former clients will ensue should this Court vacate the preliminary Injunction as to Greyson. Notwithstanding, the evidentiary objections and Han's Responding Declaration, wrought with misrepresentations contrary to credible and admissible evidence, will not assist the Court in making

---

(g) requires such objections be filed seven days prior to the hearing which was January 10, 2024. Further such objections are without merit, which is discussed herein.

the foregoing determination and only stands to confuse the issues and potentially result in irreparable harm.

### 1. Greyson's Evidentiary Objections to the Declaration of Lee Are Without Merit

11. Greyson's objections to the Declaration of Lee [Adv. Dkt. No. 325-5] fail to identify the specific code sections upon which the objection is made, provide any coherent explanation as to what specific evidence is objectionable and on what grounds the objection is made. Greyson's objections therefore make it impossible for Trustee to fully respond absent engaging in speculation. That said, Greyson reiterates the following objections: "fatally vague"; the paragraph does not show personal knowledge, insufficient foundation (as opposed to lacks foundation); relevance; and the best evidence rule. However, none of Greyson's objections, even assuming they relate to a valid evidentiary objection, are with merit.

12. Notwithstanding, the Declaration of Lee must be read as whole and not in parts as Greyson attempts to do in an effort to raise improper objections. In this regard, Federal Rules of Evidence, Rule 803(6)'s foundation requirement may be satisfied by the testimony of anyone who is familiar with the manner in which the document was prepared, even if he lacks firsthand knowledge of the matter reported, and even if he did not himself either prepare the record or even observe its preparation. Further, Federal Rules of Evidence, Rule 602 provides that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. (Fed. R. Ev., Rule 602.)

13. Here, Lee declares he has personal knowledge of all of the facts and evidence contained in his declaration. More importantly, he provides the basis for his personal knowledge including but not limited to his job duties; direct communications with Diab, Han among others at Greyson; access to Greyson, Phoenix, Guardian and LPG accounts which in turn included Greyson's Microsoft emails, OneDrive, Sharepoint, Teams, Engage, Airtable, LPG's LUNA and Greyson's and LPG's ACH accounts; and personal involvement in moving computer equipment, among other examples. With little doubt, none of the factual evidence in the Declaration of Lee lacks foundation,

9

personal knowledge or is so vague that personal knowledge cannot be ascertained when read as a whole. However, to be sure the Supplemental Declaration of Lee filed concurrently herewith provides further detail and additional facts and documentary evidence including text messages and emails regarding his involvement, personal knowledge and foundation that further support his initial declaration all of which supports this Court's Preliminary Injunction.

14. Similarly, Greyson's objection on the grounds that factual statements regarding its bank accounts and funds received from PrimeLogix or Vulcan are not the best evidence is without merit and misguided. Objections "on the basis of a failure to comply with the technicalities of authentication requirements or the best evidence rule are...inappropriate" so long as such documents could be properly authenticated at trial. (*Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 146757, 2011 WL 6702424 at *10-11 (E.D. Cal. Dec. 21 2011). The burden under Federal Rule of Evidence 901 to authenticate a document is not high, the proponent simply needs to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." (*Kalasho v. BMW of N. Am., LLC*, 520 F. Supp. 3d 1288, 1293 (S.D. Cal. 2021) (quoting Fed. R. Evid. 901(a)).) Here, the bank accounts discussed in Lee's declaration are properly authenticated by the custodian of records and more specifically in this case the authorized person, which is currently the Trustee and his counsel who have control over these accounts. [Adv. Dkt. No. 325-8 at ¶¶ 5-7, Exhs. C-F.] Therefore, Greyson's objection based on the best evidence rule to Lee's Declaration is improper.

15. Further, Greyson's objections based on relevance to Lee's work experience and documentary evidence contained in his declaration is similarly flawed. Lee's work experience lays a foundation for his knowledge and experience working with Diab, Han and Jayde among others. It establishes his role, which has remained unchanged since he was employed by Diab at Coast processing and LPG. Based thereon, his job duties as listed in his declaration provide a foundation for his factual evidence regarding ACH processing, LPG, Phoenix and Greyson's and LPG's LUNA CRM, document management, LPG's work product, LPG's attorney network, LPG funds transferred from Revolv3 to PrimeLogix and Vulcan who paid Greyson's payroll, all among other facts and evidence attached to his Declaration.

///

16. Based on the foregoing, Greyson's evidentiary objections to the Declaration of Lee are improper, raised in bad faith and should be overruled. Moreover, such objections will not assist the Court in determining whether Greyson has met its burden to vacate the Preliminary injunction it agreed to. As such, Greyson's Offending Pleadings should be stricken.

### 2. Greyson's Evidentiary Objections to the Declaration of Rubin Are Without Merit

17. Greyson raises one objection to the Declaration of Rubin [Adv. Dkt. No. 325-4] on the grounds that he was not authorized to produce evidence in Greyson's Microsoft account turned over to the Trustee in compliance with the Preliminary Injunction Greyson agreed to. This is not true. The purpose of the Preliminary Injunction was two-fold. One the hand, the Preliminary Injunction was imposed to prevent the spoliation of evidence and LPG assets. One the other hand, the Preliminary was intended to allow the Trustee to investigate and locate LPG assets, comingling of accounts, and other information necessary to preserve LPG's estate for the benefit of LPG's estate and its creditors. This necessarily required the Trustee and those working with him at his direction, including Rubin, to review the accounts turned over to him, including Greyson's Microsoft Account.

18. Further, Rubin was the appointed custodian and qualified person of Greyson's Microsoft account once it was turned over to the Trustee. (Federal Rules of Evidence, Rule 803(11) and 902(11); see also Adv. Dkt No. 325-4 at ¶ 1.) Mr. Rubin has laid a foundation and a chain of custody for the evidence attached to his declaration which is proper and credible. As discussed above, such evidence may be authenticated by the custodian or authorized person stating, as Rubin did, that the documents are what they purport to be. (*Kalasho, supra*, 520 F. Supp. 3d at 1293 (quoting Fed. R. Evid. 901(a)).)

19. Based on the foregoing, Greyson's evidentiary objections to the Declaration of Rubin are improper, raised in bad faith and should be overruled. Moreover, such objections will not assist the Court in determining whether Greyson has met its burden to vacate the Preliminary Injunction it agreed to. As such, Greyson's Offending Pleadings should be stricken.

///

///

11

### 3. **Han's Responding Declaration Contains Material Misrepresentations And Will not Assist the Court**

20. Doubling down on a scheme to defraud clients and creditors, Greyson and its principals including Han, Jayde and Diab now turn to attempting to deceive the Trustee, his counsel and this Court. Indeed, Han's Responding Declaration is riddled with misrepresentations that are concerning to the Trustee. By way of example, the evidence does not support the following statements made by Han under oath, among many others:

21. Han at ¶ 5: "Lee was hired by Greyson for one purposed only--and Lee did one thing only, while employed by Greyson. That one thing was that Lee was hired by to set up a payment processing system for Greyson." Contrary to such a misleading statement, Lee's job duties far execeded Han's belated and self-serving attempt to limit his ability to lay a foundation for evidence. See Adv. Dkt. No. 325-5 at ¶ 6; and the Supplemental Declaration of Lee at ¶ 2.

22. Han at ¶ 8: "The supposed meetings allegedly talked about in Paragraph 5 did not occur." Contrary to the very specific details provided by Lee that Diab, Han and Jayde came up with the scheme to start Greyson and transfer LPG's performing clients to Greyson and leave the pre-litigation cases with Phoenix, he was not only present at Diab's house when this initial meeting occurred, but returned to Diab's house on a weekly basis wherein the Greyson scheme was routinely discussed to ensure its success. [Supplemental Declaration of Lee at ¶ 8.]

23. Han at ¶ 9: "Tony Diab had no part in, ownership in, input into, or management or control over, the present Greyson Law Center, PC, which was incorporated on 5/12/23. No LPG assets, or property or clients were transferred by LPG to Greyson, except that 48 of consumer debtor clients that chose to follow their attorneys and therefore chose to contract with Greyson." Yet, the evidence shows Han sent Diab several Greyson invoices directly with instruction to "pay it." [Adv. Dkt. No. 325-4 at ¶ 4, Exh. 1.] Further, Lee had personal knowledge of and text messages showing Diab's direct involvement. [Adv. Dkt No. 325-5 at ¶ 10 at Exh. C; Supplemental Declaration of Lee at ¶¶ 3, 4 and 8, Exhs. C, I, J and K.]

///
///

24. Han ¶ 11: "Phoenix bought those from LPG, and got all of those. Greyson did not get any of those monitors, though for a short period of time they were unloaded into Greyson's offices, before being sent to Phoenix's offices." Lee, however, was present and assisted with installing LPG's computers loaded onto the U-Haul, not just monitors, in Greyson's office located at 3161 Michelson and subsequently Suite 400B. [Supplemental Declaration of Lee at ¶ 9.]  Han still cannot produce reliable evidence of the naked claim that Greyson "owns" the computers.

25. Han ¶ 13 "Neither LPG, nor Phoenix, nor any other "alter ego" of LPG, reimbursed any expenses of Greyson." Contrary to Han's declaration, all of Greyson's expenses including payroll were paid for by money derived through ACH payments from LPG clients; this is the same evidence as counsel for Greyson already admitted on the record that the money for Greyson's payroll came from Vulcan, Maverick and PrimeLogix. [Adv. Dkt. No. 76 at ¶ 73:18-74:1; See also Adv. Dkt. No. 325-4 at ¶ 22 and 23, Exhs. 18 and 19; and Adv. Dkt No. 325-5 at ¶¶ 7 and 9.]  There is no doubt that, absent the pilfering of the LPG ACH accounts that Diab testified to on June 12, 2023, those entities would not have received LPG funds to ultimately divert them to Greyson.

26. While many other misrepresentations exist, the evidence shows more than a likelihood of success on the merits that Greyson was yet another scheme employed by Diab and his accomplices Han and Jayde to syphon money from LPG's client accounts for their own gain to defraud LPG's creditors. However, under the new scheme Greyson intended to use LPG assets to operate, including accepting funds fraudulently transferred from ACH funds debited to LPG client accounts, LPG's legal work product, and monopolization of LPG's attorney network to encourage same to poach former LPG clients for Greyson, and harm LPG's estate and the good faith purchaser of LPG assets. Based on the foregoing, Han's Responding Declaration should be stricken.

V. **THE COURT SHOULD PERMIT TRUSTEE TO FILE A SUR-REPLY**

27. In the event, the Court is not inclined to strike Greyson's Offending Pleadings, the Trustee respectfully requests the Court accept and consider the Supplemental Declaration of Bradford Lee, submitted herewith, in response thereto.  As discussed above, the Trustee has been provided little opportunity to sift through the mountain of evidence, talk to witnesses and respond to Greyson's newly filed evidence. Along these lines, if the Court is inclined to place the burden on Trustee to

present evidence to support the Preliminary Injunction and carry the burden of proof -- an obligation which is not the Trustee's in this case -- then Trustee should be afforded a reasonably opportunity to obtain and present such evidence. An attempt to do so is set forth in the Supplemental Declaration of Lee, submitted herewith.

Based on the foregoing and all the reasons stated herein, the Trustee respectfully requests that the Court permit Trustee to file a sur-reply and accept the Supplemental Declaration of Bradford Lee submitted herewith.

## VI.   CONCLUSION

Greyson has engaged in bad faith tactics in an effort to prejudice the Trustee and the LPG estate. Greyson's Offending Pleadings violate a court order. If considered the Offending Pleadings will cause prejudice to the Trustee, LPG's estate and former LPG clients. The Offending Pleadings do not assist the Court in determining whether Greyson has met its burden to vacate the Preliminary Injunction. Moreover, the evidence makes it clear today, as it did in June 2023, that the Preliminary Injunction is not only proper but necessary to protect LPG's estate and prevent Diab and his accomplices Han and Jayde from continuing with a scheme to wrongfully poach former LPG clients under the guise of "competition." As such, Greyson's Offending Pleadings should be stricken. Alternatively, the Trustee requests this Court grant Trustee's leave to file this sur-reply and accept the Supplemental Declaration of Bradford Lee into evidence, submitted herewith.

Dated: January 15, 2024                     Respectfully submitted,

                                                  DINSMORE & SHOHL LLP

By: /s/ Jeremy B. Freedman
     Christopher B. Ghio
     Christopher Celentino
     Jeremy B. Freedman
     Special Counsel to Richard A. Marshack
     Chapter 11 Trustee for the Bankruptcy Estate of
     The Litigation Practice Group

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*):

**CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S EX PARTE APPLICATION TO STRIKE: 1) GREYSON LAW CENTER, PC'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF BRADFORD LEE [Adv. Dkt. No. 328] AND ALEX RUBIN [Adv. Dkt. No. 329]; AND 2) THE DECLARATION OF HAN TRINH [Adv. Dkt. No. 330] ALL OF WHICH ARE IN VIOLATION OF THIS COURT'S ORDER [Dkt. No. 293]; AND TO GRANT LEAVE TO FILE THIS SUR-REPLY AND SUPPORTING SUPPLEMENTAL DECLARATION OF BRADFORD LEE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 22, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 22, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA ATTORNEY SERVICE**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*      Page 15      **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 15, 2024 | Jeremy B. Freedman | /s/ Jeremy B. Freedman |
|---|---|---|
| Date | Printed Name | Signature |

**1.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T. Delaney,<br>on behalf of Defendant Fidelity National Information Services d/b/a FIS | mdelaney@bakerlaw.com<br>TBreeden@bakerlaw.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D. Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, P.C. | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Teri T Pham *(Withdrawn from Case)*<br>on behalf of Defendant Tony Diab | tpham@epgrlawyers.com<br>ttpassistant@epglawyers.com<br>dle@epglawyers.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H. Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H. Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald Richards<br>on behalf of Defendant Consumer Legal Group, P.C. | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.