CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:    619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| RICHARD A. MARSHACK, | **SUPPLEMENTAL DECLARATION OF BRADFORD ("BRAD") LEE IN RESPONSE TO THE DECLARATION OF HAN TRINH [Adv. Dkt. No. 330]** |
| Plaintiff, | |
| v. | |
| TONY DIAB, et al. | Date:    January 17, 2023<br>Time:   11:00 a.m.<br>Judge:  Hon. Scott C. Clarkson<br>Place:   Courtroom 5C<br>            411 West Fourth Street<br>            Santa Ana, California  92701 |
| Defendants. | |

1

I, BRADFORD ("BRAD") LEE, declare as follows:

1.  I make this declaration in response to the Declaration of Hahn Trinh ("Han") [Adv. Dkt. No. 330] that contains false and misleading information. I have personal knowledge of the facts contained herein and in my declaration [Adv. Dkt No. 325-5] (hereinafter my "Initial Declaration") based on: 1) conversations with Tony Diab ("Diab"), Han, Jayde Trinh ("Jayde"), Greysons' accounting personnel, and other employees of Greyson which occurred in person, including but not limited to conversations at Diab's house with both Han and Jayde present; 2) electronic communications with Diab, Han, Jayde and Greyson personnel via email, text message(s), Teams and other forms of electronic communication; 3) my review of LPG proprietary documents I have received, modified, sent and emailed that are contained in Greyson's various cloud based services, including but not limited to Microsoft email, Sharepoint, OneDrive, Teams, Engage and Airtable; 4) my access to and review of LPG's Debt Pay Pro ("DPP") account, the LUNA account for LPG, Phoenix and Greyson; 5) direct instructions from Diab and Han, which I personally witnessed or have reviewed electronic communications evidencing; and 6) my presence and/or involvement in the events stated herein and in my Initial Declaration. If called as a witness, I could and would testify to the following:

2.  I was not hired by Greyson solely for the purposes of setting up ACH processors. My actual job duties far exceeded that one stated purpose. In reality Han and Diab instructed and required me to use my personal knowledge and experience of LPG's business model, client files, affiliates, ACH processing, day-to-day operations, and performance analytics, among other tasks, during the time I worked at Greyson. My expertise is in running analytics, collecting data and creating dashboards for business management utilization. All of the dashboards I created used the software platform, Power BI. The dashboards on Airtable were often created by Eddie Blaul. In either event, I was either directly involved with creating the reports and/or had direct access to them on Power BI and on Airtable. My duties, whether stated on paper or not, while working at Greyson, included but were not limited to the following.

    a. I was in charge of on-boarding new affiliate companies many of which were affiliates used by LPG and submitting client contacts to Phoenix. In some

instances, Kyle Herrit at Greyson would start the communications under the direction of Diab and then handed off to me for follow up and further set up; in other instances, Diab would make the introduction and have me complete the on-boarding process. **See Exhibits D and E** attached to my Initial Declaration.

 b. Working to set up a new CRM for Greyson in order to move from LUNA to National Data Systems ("NDS"), a competing CRM. Attached hereto as **Exhibit H** is a true and correct email string with Director of Sales and Business Development with Gabe La Russo, which I received on May 2, 2023 and May 4, 2023. Gabe La Russo came to Greyson's office located at 3161 Michelson and even gave me an NDS hat. Greyson, however, never switched to NDS;

 c. Day–to-day operations at Greyson, including but not limited running agent performance analytics, call center activity which involved reports requested directly by Diab;

 d. Creating day-to-day procedures at Greyson including affiliate on-boarding and call center training as discussed more thoroughly below;

 e. Set up Greyson Microsoft email account through Sendgrid; and

 f. Setting up Greyson's SMS capabilities using Twilio.

3. In order to run performance analytics at Greyson, I was given backend access to Greyson and Phoenix's LUNA data. I was specifically tasked by Diab with running revenue reports and Max Chou was tasked with running reports on Phoenix' call agent performance. Han was included in these conversations with Diab and myself that resulted in the analytic reports I attached to my Initial Declaration as **Exhibit C**. With regards to Greyson's accounts, I was not able to run any revenue reports because Greyson did not have any revenue of its own; all Greyson revenue was instead derived from LPG client files and came through Revolv3, PrimeLogix and Vulcan as set forth at **Exhibit G** to my Initial Declaration and as shown on the Bank Statements for Maverick, Vulcan and PrimeLogix attached as **Exhibits C, D-E and F**, respectively, to the Declaration of Jeremy Freedman [Adv. Dkt. No. 325-8]. At the direction of Han, I personally ran performance analytic

reports on Greyson's clients and agents much like those ran by Max Chou on Phoenix's clients. See e.g. **Exhibit C** to my Initial Declaration. The foregoing reports would be run weekly, if not daily and required access to Greyson and Phoenix' LUNA account. As further evidence of my access to all of Phoenix and Greyson files I was directed to run a report on all OHP files by Diab over the phone and Bianca Loli ("Loli") of PrimeLogix followed up on May 14, 2023 including Han on the email, which I completed and sent to Loli and Han on May 15, 2023. Attached as **Exhibit I** is a true and correct copy of my email exchange with Loli and Han.

4. I had access to LPG's DPP account up to the date it was locked. LPG's DPP account was locked on or between March 14 and 17th, 2023. Attached as **Exhibit J** are true and correct text messages from Diab dated March 17, 2023 regarding the closure of the DPP account. Prior to that time I had access to DPP and in fact Diab specifically instructed me (and others) to download as much of the LPG information from DPP prior to lockout. Diab initially attempted to use computer "bots" to extract all of LPG's data but DPP did not permit Diab to use computer bots. Diab indicated he could secure a few additional days from DPP for myself and others to go through and download as much information as possible, which we did. The last recorded date I performed such a download from LPG's DPP account was on March 14, 2023. On March 17, 2023, Tony sent a text to Loli, Han and myself advising the closure of the DPP account. See **Exhibit J**.

5. I had access to Greyson's Microsoft email account, Teams, OneDrive and Sharepoint account, which contained training materials and affiliate information. These training materials and affiliate information were LPG work product, received in my Greyson email account, which I was instructed to rebrand for Greyson's use. For example, I rebranded LPG's online retainer agreement which had previously been rebranded for Phoenix' use. See **Exhibit F** attached to my Initial Declaration. I was also instructed by Han to revise and rebrand LPG's training materials, including the call center training and affiliate partner training, which were stored in Greyson's emails, OneDrive and Sharepoint. All of which I had to have access to in order to revise it, save it and share it, as I was instructed to do.

///

///

4

6. While working at Greyson, I was involved in several meetings with Greyson's attorney network, which was essentially LPG's attorney network, held over Greyson's Microsoft Teams account in approximately April of 2023. **See Exhibit A** to my Initial Declaration. The first meeting was held so Han could and did provide the attorneys an overview and trying to sell the attorneys on the idea of Greyson. There were other meetings I was involved in with the attorney network, which were mostly to answer HR related questions involving benefits, W-2 versus 1099 pay, and the like. All of this was with explicit direction from Tony Diab and Han.

7. With regards to Greyson's financial accounts, I worked closely with Greyson's accounting personnel and would be provided information regarding how bad the financial situation was at Greyson, Greyson's accounts, including bank accounts and the source of funding for Greyson payroll. I have personal knowledge that funding for Greyson payroll was coming from Vulcan, PrimeLogix (the recipient of funds generated by Phoenix's customer ACH transactions), BAT or Diab directly. Han was present with me and participated in many of these conversations with Greyson's accounting personnel.

8. At the beginning of March, 2023, Han, Jayde and Diab met to plan the formation of Greyson. I was present at this meeting at Diab's house but am unable to recall the exact date of the meeting. During this meeting, Jayde was the person who suggested the name "Greyson". Thereafter, I went to Diab's house approximately once a week between March and April 2023 to go over the future plans for Greyson and his scheme to profit off LPG clients through Greyson. During these meetings, we discussed: 1) Greyson's finances; 2) the poaching strategy for Greyson to on board legacy LPG clients; 3) Diab's plan to start up his own affiliate company using another decoy; and 4) ACH processors, including LPG's prior account with Revolv3 and Diab's desire to set up Greyson with its own Revolv3 account given Diab's relationship with Mr. Johnston at Revolv3. Attached hereto as **Exhibit K** are true and correct copies of text messages with Diab in April and May 2023 regarding the Revolv3 accounts.

9. The LPG computers depicted in **Exhibit B** to my Initial Declaration were loaded into a U-Haul truck and taken directly from LPG's Tustin office. This occurred on or about April 12, 2023. I was personally present and loaded many of these computers into the U-Haul truck with the

assistance of other Greyson employees and Eng Taing. The computers and all of the equipment taken from LPG were delivered to Greyson's address located at 3161 Michelson. Phoenix **did not** have an office at this location; only Greyson. Therefore the computers could not have been for Phoenix' use and were not for Phoenix's use. Indeed, I personally assisted with the unloading of the computers and equipment from the U-Haul truck and delivering them to Greyson's office. Moreover, I personally assisted with setting the computers up in Greyson's office at 3161 Michelson, specifically for Greyson's use. These same computers and equipment were transported from 3161 Michelson to Suite 400B, many of which were installed in Suite 400B while others were stored in the suite located between Greyson and Phoenix. Notwithstanding, given my direct involvement in the transfer of LPG' computer equipment, Greyson intended to use and had access to all of LPG's computer equipment as if they were its own equipment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this day of January 15, 2024 at Orange, California.

_____
Brad Lee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL DECLARATION OF BRADFORD ("BRAD") LEE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 22, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
|---|---|
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 22, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA ATTORNEY SERVICE**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 15, 2024 | Jeremy B. Freedman | /s/ Jeremy B. Freedman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010　　　　　　　　　　　　　　　　　　　Page 7　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T. Delaney,<br>on behalf of Defendant Fidelity National Information Services d/b/a FIS | mdelaney@bakerlaw.com<br>TBreeden@bakerlaw.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>karina.reyes@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D. Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, P.C. | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Teri T Pham *(Withdrawn from Case)*<br>on behalf of Defendant Tony Diab | tpham@epgrlawyers.com<br>ttpassistant@epglawyers.com<br>dle@epglawyers.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H. Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H. Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald Richards<br>on behalf of Defendant Consumer Legal Group, P.C. | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Johnny White | JWhite@wrslawyers.com |
| on behalf of Interested Party Courtesy NEF | jlee@wrslawyers.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    *Page 10*                        **F 9013-.1.PROOF.SERVICE**