Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;     Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson Law Center PC on Greyson's*
*Motion to Vacate, on Greyson's Motion for Admin.*
*Claim, and defending Greyson in adv proc.*

## UNITED STATES BANKRUPTCY COURT

## OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION<br>PRACTICE<br>GROUP, PC<br><br>Debtor.<br><br>Richard A.<br>Marshack<br>Chapter 11 Trustee<br><br>v.<br><br>Tony Diab et al.<br>(includes Greyson<br>Law<br>Center PC as a<br>Defendant) | Bankruptcy Case No. 8:23-bk-10571-SC<br>Adversary Proceeding 8:23-ap-01046-SC<br>Chapter 11<br><br>**RESPONSE** OF GREYSON LAW CENTER PC, TO COURT'S TENTATIVE RULING POSTED 1/14/24, ASKING GREYSON WHAT IS GREYSON'S AUTHORITY FOR GREYSON'S [dkt. 290] MOTION   (1) VACATING THE 5/26/23 *LOCKOUT AND PRELIMINARY INJUNCTION ORDER*, AS TO GREYSON, BECAUSE THAT ORDER WAS OBTAINED, AS TO GREYSON, BASED ON THE FALSE ALLEGATION IN THE SEALED, EX PARTE, MOTION TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, FILED, MOVING FOR THAT *ORDER,* THAT GREYSON WAS AN ALTER EGO OF LPG; AND   (2) ORDERING CELENTINO TO IMMEDIATELY RETURN ALL GREYSON'S SEIZED PROPERTY TO GREYSON, AND TO IMMEDIATELY RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/26/23 AND ON 6/12/23, A LOCKOUT CONTINUING TO PRESENT; K.P. MARCH DECL HERETO<br>Hearing on Greyson's Motion to Vacate was continued by dkt.333 from 1/17/24 at 11:00am to 2/28/24 at 11:00am:<br>Date: February 28, 2024<br>Time: 11:00 a.m. |

1

2

Place:  Courtroom of Bankruptcy Judge Scott Clarkson, **by Zoom** or in person at:
411 West Fourth Street, Courtroom 5C
Santa Ana, CA 92701-4593

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## <u>TABLE OF CONTENTS</u>

2

I.    Evidence is Uncontroverted that the 5/26/23 [dkt.13] Lockout and

3

Preliminary Injunction Order was obtained based on the <u>False Allegation</u>

4

that Greyson was an Alter Ego of Greyson; an Order obtained based on

5

False Allegations Must be Vacated...................................................................1

6

II.    Part (2) of Greyson's Motion [dkt.290]--which moves for an Order directing

7

the Celentino Firm to Return Greyson's Seized Property, to Greyson, and to

8

Return Greyson's Seized Data, to Greyson--does NOT Require Vacating the

9

5/26/23 [dkt13] Order; because the dkt13 Order did <u>Not Authorize</u> Celentino

10

Firm to on 6/2/23 seize (and lock Greyson out of) Greyson's Microsoft

11

[M365 suite] account; seize and lock Greyson out of Greyson's internet

12

domain; seize, use, and lock Greyson out of  Greyson's 100+ emails; or to

13

seize, at Greyson's office, approximately 50 Greyson

computers/beelinks..........................................................................................5

14

III.    The 5/26/23 Order must be interpreted <u>Against</u> the Celentino firm, because

15

it was obtained by Celentino's firm, in a sealed Motion, heard ex parte, and

16

Celentino firm submitted the Order which this Court signed, without

17

Greyson or any other respondent being able to object to the wording of that

Order...............................................................................................................8

18

IV.    The "From date of this Order <u>until further Order of this Court</u>" wording of

19

Lockout Order portion (p.9/lines 1-2) of the 6/23/23 continuation Order,  is

20

an express statement that that this Court May at Some Point Terminate the

21

Lockout Order as to Greyson, which it should do Now, as there is No Cause

22

to Keep that Lockout Order in effect as to Greyson.....................................10

23

Declaration of Kathleen P. March.................................................................13

24

25

26

# TABLE OF AUTHORITIES

Cases

*Bunch v. United States,*
        680 F.2d 1271 (9th Cir.1982)..........................................................................4

*In re Gazzo,*
        505 B.R. 28 (Bankr. D. CO 2014).....................................................................9

*In re Levander,*
        180 F.3d 1114 (9th Cir 1999)...........................................................................4

*In re M/V Peacock on Complaint of Edwards,*
        809 F.2d 1403 (9th Cir. 1987)..........................................................................4

*In re Taylor,*
        884 F.2d 478 (9th Cir. 1989)........................................................................9-10

*Kraja v. Bellagio, LLC,*
        No. 2:15-cv-01983-APG-NJK, 2020 WL 60233 (D. Nev. Jan. 6, 2020).............3

*Moist Cold Refrigerator Co. v. Lou Johnson Co.,*
        249 F.2d 246 (9th Cir. 1957).............................................................................3

*Passantino v. Johnson & Johnson Consumer Prod., Inc.,*
        212 F.3d 493 (9th Cir. 2000).........................................................................3-4

*Rozier v. Ford Motor Co.,*
        573 F.2d 1332 (5th Cir.1978)............................................................................4

Cases

FRBP 9024............................................................................................................4

FRCP 60(b)(1).......................................................................................................4

FRCP 60(b)(3).....................................................................................................4-5

## **GREYSON'S RESPONSE**

## **TO THIS COURT'S 1/14/24 TENTATIVE RULING**

This Court's tentative ruling posted 1/14/24 (copy attached hereto for convenience), asks Greyson Law Center PC ("Greyson") for Greyson's authority supporting **GREYSON'S [dkt. 290] MOTION:**

(1) Vacating The 5/26/23 *Lockout and Preliminary Injunction Order*, as to Greyson, Because That Order Was Obtained, as To Greyson, Based on the **False Allegation** in the Sealed, Ex Parte, Motion Trustee Marshack's Attorney, Celentino, Filed, Moving For That *Order,* that Greyson Was an <u>Alter Ego</u> Of LPG; and

(2) Ordering Celentino to Immediately Return All Greyson's Seized Property to Greyson, And to Immediately Restore *Greyson's* Access to All of *Greyson's* Data, Which Celentino Seized and Locked *Greyson* Out of On 5/26/23 and On 6/12/23, a Lockout Continuing to Present**.**

Greyson responds to this Court's tentative ruling, as follows:

**V.    Evidence is Uncontroverted that the 5/26/23 [dkt.13] Lockout and Preliminary Injunction Order was obtained based on the <u>False Allegation</u> that Greyson was an Alter Ego of Greyson; an Order obtained based on False Allegations Must be Vacated**

The Declaration of Kathleen P. March Esq. [dkt 290-2], see also ¶54 Han Trinh Decl [dkt.290-1] to Greyson's Motion is uncontroverted that the Celentino firm obtained the 5/26/23 [dkt.13] Lockout and Preliminary Injunction Order based on the **<u>FALSE allegation</u>** that Greyson, which was a direct competitor of debtor Litigation Practice Group ("LPG") was an "alter ego" of LPG.

1

2      There is  no question that the Celentino firm's "evidence" that Greyson was an

3  alter ego of LPG, which Celentino firm presented to get the 5/26/23 Lockout and

4  Preliminary Injunction [dkt.13] granted against Greyson, was **FALSE**, because at the

5  6/12/23 hearing, attorney Celentino admitted that Greyson was NOT an alter ego of

6  LPG.  That  false "evidence" was the only basis for granting dkt.13 against Greyson,

7  because that Lockout and Preliminary Injunction Order [dkt.13]-- which has

8  effectively made it impossible for Greyson to operate (as Han Trinh's Declaration to

9  Motion to Vacate attests--was not relief that Celentino firm would have been entitled

10  to,  but for the FALSE alter ego allegations.  Celentino firm's 6/15/23 amended

11  Complaint deleted the "alter ego" allegations as to Greyson, and only alleged that

12  Greyson had received fraudulent transfers, and the fraudulent transfer allegations were

13  fatally vague, as no dates, no amounts, and no source was alleged.  Celentino firm

14  could not have obtained the 5/26/23 [dkt.13] Lockout and Preliminary Injunction

15  against Greyson based on fraudulent transfer allegations, which were the only

16  allegations against Greyson, in Celentino firm's 6/15/23 amended adversary

17  proceeding complaint.  [March Decl to Greyson M to vacate, dkt.290] Westlaw

18  research by Greyson's attorneys, The Bankruptcy Law Firm PC, did not find any

19  fraudulent transfer case, ever, where a lockout order was granted against the

20  fraudulent transfer defendant, or where a preliminary injunction was granted against

21  the fraudulent transfer defendant, with anything like the expansive, crippling, scope of

22

23

24

25

26

1  dkt.13. (March Decl to this Response).

2      At the 6/12/23 hearing before this Court, Celentino admitted that Greyson was

3  NOT an alter ego of LPG.  March Decl attaches the 6/12/23 hearing transcript, where

4  

5  Celentino admits that Greyson is not an alter ego of LPG.  On 6/15/23, Celentino firm

6  amended its adversary proceeding complaint, to remove the allegation that Greyson

7  was an alter ego of debtor LPG, and to only allege that Greyson had received

8  fraudulent transfers.  March Decl [dkt290-2] is uncontroverted that the dkt.13 5/26/23

9  Lockout and Preliminary Injunction Order could NOT have been granted in an

10  adversary proceeding which only alleged that Greyson had received (not specified as

11  to time, as to amount(s) or as to source) alleged fraudulent transfers.

12  

13      Cases, at several levels, hold that an Order, or even a jury verdict, granted on

14  **false information**,  must properly be vacated.  An Order, or a jury verdict, granted on

15  false information is not just a fraud on the opposing party, but is also a fraud on the

16  Court itself.   See, e.g., *Kraja v. Bellagio, LLC*, No. 2:15-cv-01983-APG-NJK, 2020

17  WL 60233, at *1 (D. Nev. Jan. 6, 2020)

18  

19      "[T]he trial judge [has] the right, and indeed the duty, ... to set aside the verdict
of the jury ... where, in his conscientious opinion, the verdict ... is based upon
evidence which is false, or to prevent, in the sound discretion of the trial judge,
a miscarriage of justice." *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249
F.2d 246, 256 (9th Cir. 1957). False testimony does not have to rise to the level
of perjury to justify a new trial. "The trial court may grant a new trial only if the
verdict is contrary to the clear weight of the evidence, is based upon false or
perjurious evidence, or to prevent a miscarriage of justice." *Passantino v.*

20  

21  

22  

23  

24  

25  

26

*Johnson & Johnson Consumer Prod.*, Inc., 212 F.3d 493, 510 (9th Cir. 2000).

Accord: *In re Levander*, 180 F.3d 1114 (9th Cir 1999) ("We therefore hold that a federal court may amend a judgment or order under its inherent power when the original judgment or order was obtained through fraud on the court.").

FRCP Rule 60(b)(3), incorporated by FRBP Rule 9024, states:

> "(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>    (3) fraud (whether previously called intrinsic or extrinsic),
>    **misrepresentation**, or misconduct by an opposing party;"
> [emphasis added]

*In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1404–05 (9th Cir. 1987) states the standard for obtaining relief from an Order which was obtained by a party's misrepresentation:

> "To prevail under the cited portion of the Rule, the moving party must establish that a judgment was obtained by fraud, **misrepresentation**, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case. *Lafarge,* 791 F.2d at 1338; *Bunch v. United States,* 680 F.2d 1271, 1283 (9th Cir.1982). The rule is aimed at judgments which were **unfairly obtained**, not at those which are factually incorrect. *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir.1978).

> "When a motion under Rule 60(b)(3) is based on negligent misrepresentation, it is important that the moving party be required to demonstrate that the **misrepresentation prevented it from presenting its case**. This eliminates any discontinuity between Rule 60(b)(1) and Rule 60(b)(3). If the rule were otherwise, then a mutual mistake would ordinarily be evaluated under the stringent requirements of Rule 60(b)(1), whereas Rule 60(b)(3) would provide

1
2
3

an easy route to post-judgment relief where one of the mistaken parties happens to memorialize the mistake in writing or repeat it orally to the other." [bold/underline added for emphasis]

4

Here, the Trustee obtained the Lockout and Preliminary Injunction Order by making a

5

false statement to the Court, pursuant to a sealed motion, not served on Greyson or on

6

any other respondent, at a hearing where only Celentino firm was heard by the Court,

7

which deprived  Greyson of having opportunity to present evidence contra to

8
9

Celentino firm's false alter ego "evidence." The dkt.13 Order, obtained by

10

misrepresentation, should be vacated pursuant to FRCP 60(b)(3).

11
12
13
14
15
16
17
18

**VI.   Part (2) of Greyson's Motion [dkt.290]--which moves for an Order directing the Celentino Firm to Return Greyson's Seized Property, to Greyson, and to Return Greyson's Seized Data, to Greyson--does NOT Require Vacating the 5/26/23 [dkt13] Order; because the dkt13 Order did <u>Not Authorize</u> Celentino Firm to on 6/2/23 seize (and lock Greyson out of) Greyson's Microsoft [M365 suite] account; seize and lock Greyson out of Greyson's internet domain; seize, use, and lock Greyson out of  Greyson's 100+ emails; or to seize, at Greyson's office, approximately 50 Greyson computers/beelinks**

19
20

Granting Part (2) of Greyson's dkt.290 Motion does **<u>NOT require vacating</u>** the dkt.13 5/26/23 Lockout and Preliminary Injunction Order, as to Greyson.

21
22
23

Part (2) of Greyson's Motion moves for an order directing the Celentino firm to **<u>return to Greyson</u>**, Greyson's property and data, which the Celentino firm seized

24

from Greyson, at Greyson's offices,  on 6/2/23 and thereafter,  because the dkt13

25
26

Order **did NOT Authorize** Celentino Firm to take the actions the Celentino firm took on 6/2/23 and thereafter, the  Celentino firm's actions were **unauthorized and unlawful**,  as to Greyson.

Specifically:

(1)    The dkt.13 Order did NOT authorize Celentino firm to seize, or to lock Greyson out of, Greyson's Microsoft [M365 suite] account, which Han Trinh had been paying Microsoft $2,312 monthly, from Han Trinh's own money as proven by Han's credit card bill (not reimbursed by anyone).

Celentino's part of the Joint Statement does not point to any text in the 5/26/23 [dkt'13] Order authorizing Celentino firm to seize and lock Greyson out of Greyson's whole Microsoft [M365 suite] account.  The dkt.13 Order does not authorize that. Nor does the 6/23/23 [dkt.70] continuation Order.

(2)    The dkt.13 Order did not authorize Celentino's firm to seize, or to lock Greyson's out of, Greyson's internet domain, which Greyson's IT director, Justin Nguyen, had paid for with his own funds.

Celentino's part of the Joint Statement does not point to any text in the 5/26/23 [dkt'13] Order authorizing Celentino firm to seize and lock Greyson out of Greyson's internet domain.   The dkt.13 Order does not authorize that.  Nor does the 6/23/23 [dkt.70] continuation order.

(3)     The dkt.13 Order [p.8, oine 24 to p.9, line 11 enjoin a list of people,

which includes Han Trinh, Jayde Trinh and Scott Eadie from accessing emails.

However, that provision does NOT authorize the Celentino firm to seize, read, and

use Greyson's emails.  It was **<u>unauthorized</u>** for Celentino firm to seize, read and use

Greyson's emails, which Celentino firm has obviously done, because 18 of Greyson's

emails (which Han, Jayde and Scott Eadie have been locked out of by Celentino,

form 6/2/23 to present), are attached as Exhibits to the Declaration of Alex Rubin

(then working as a field agent for Celentino firm) that is one of Celentino firm's

declarations to the Joint Statement.

Celentino firm's part of the Joint Statement does not point to any language in

the 5/26/23 Order, or 6/23/23, which authorized Celentino firm to seize, read, use or

lock Geyson out of all 100+ Greyson email accounts.  The dkt.13 Order does not

authorize that.  Nor does the 6/23/23 [dkt.70] continuation order.  Enjoining Han

Trinh, Jayde Trinh and Scott Eadie of Greyson from accessing their emails, does

NOT authorize Celentino firm to seize all 100+ Greyson emails, nor does it allow

Celentino firm to read and use Greyson's emails, which the 18 Greyson emails

attached to Ruben's Declaration shows Celentino firm has done.

(4)     Approximately 50 Greyson computers and beelinks seized by Celentino

firm at Greyson's office, on 6/2/23 should properly be ordered returned to Greyson.

The credit card statement of Greyson's IT director, Justin Nygen to Greyson's portion

---

of the Joint statement, attests he paid for the 24 beelinks with his own personal credit card, unreimbursed by anyone.  As regards the computers, the burden is on Celentino's firm, to present some evidence that the computers Celentino firm seized from Greyson's offices on 6/2/23, which have still have not been returned to Greyson by Celentino firm, almost 8 months later, were paid for by LPG.  There is no such evidence in the Celentino part of the Joint Statement, though Celentino firm has had almost 8 months to supply this Court with such evidence.

(5)    As the party seeking to KEEP all Greyson's computers that the Celentino firm seized at Greyson's office, on 6/2/23, the Celentino firm has the burden to prove Celentino firm's (completely unproven) allegation, that LPG paid for, or provided, those computers, but no such evidence is provided in Celentino firm's part of the Joint Statement.  To say that Greyson must provide invoices proving Greyson purchased those computers **has the burden of proof backwards**.  The presumption is that computers seized **at Greyson's office** belong to Greyson.  Celentino firm has had almost 8 months to produce evidence proving those computers were purchased by LPG, or provided by LPG, and has not submitted any evidence to the Court to prove Celentino firm's unsupported allegation.

**VII.    The 5/26/23 Order must be interpreted <u>Against</u> the Celentino firm, because it was obtained by Celentino's firm, in a sealed Motion, heard ex parte, and Celentino firm submitted the Order which this Court**

**signed, without Greyson or any other respondent being able to object to the wording of that Order**

Cases at various levels interpret Orders against the party which drafted the Order, pursuant to the doctrine of "*contra proferentem.*" Various Bankruptcy Court decisions have applied the doctrine of "*contra proferentem*" to construe orders against the party/attorney for party which drafted the Order.  E.g. *In re Gazzo*, 505 B.R. 28 at 41 (Bankr. D. CO 2014), which states:

> "This Court is of the opinion that because Defendants, or more accurately, Counsel for Ms. Ruff in the domestic court and Co–Defendant herein, Mr. Merrick, was the drafter of the Order that the domestic court judge eventually signed on December 5, 2012, any ambiguities or alleged mistakes contained in the Order should be construed against the Defendants. [Footnote] 78"

Footnote 78 of *Gazzo* explains the doctrine of "*contra proferentem*", which *Gazzo* applies to construe the Order in question in *Gazzo*, against the party/attorney for party who drafted that Order.  Footnote 78 states:

> " Courts have taken a similar approach in contract law using the doctrine of *contra proferentem,* which provides that "[i]f the Court cannot divine the parties' mutual intent from extrinsic evidence, **it may, if it chooses, apply the doctrine of *contra proferentem,* resolving any ambiguities against the drafter of the ambiguous language**." *Commun. Techs. Inc. v. Spiral Aviation Training Co., LLC,* 2007 WL 572121, 2007 U.S. Dist. LEXIS 11607 (D.Colo. Feb. 20, 2007) (citing *Moland v. Indus. Claim Appeals Office,* 111 P.3d 507, 510–511 (Colo.Ct.App.2004)); *see also Brimer v. Life Ins. Co. of N. Am.,* 462 Fed.Appx. 804, 812–14 (10th Cir.2012) (dissent applying the doctrine of *contra proferentem* to argue that a medical policy insurer should not benefit from its own poor and ambiguous drafting of the policy) (internal citations omitted)."

The Ninth Circuit Court of Appeal, in *In re Taylor*, 884 F.2d 478, at footnote 1 (9th Cir. 1989) refers to the doctrine of *contra proferentem*, stating that:

> "Judge Mund also invoked the doctrine of contra proferentem to construe the order against the creditors because their attorney, Leon Vickman, had drafted the order signed by Judge Russell."

The doctrine of *contra proferentem* should certainly be applied against the Celentino firm here, in construing the 5/26/23 [dkt.13] Lockout and Preliminary Injunction Order, because Celentino firm obtained that Order by filing a sealed motion, not served on Greyson (or any other respondent), granted at a hearing where only the Celentino firm was heard.  Greyson was not only were deprived of making any input into the dkt13 Order, submitted to the Court by the Celentino firm.  Greyson was deprived of making an input on the Celentino firm's Motion.

**VIII.  The "From date of this Order <u>until further Order of this Court</u>" wording of Lockout Order portion (p.9/lines 1-2) of the 6/23/23 continuation Order,  is an express statement that that this Court May at Some Point Terminate the Lockout Order as to Greyson, which it should do Now, as there is No Cause to Keep that Lockout Order in effect as to Greyson**

The wording of the Lockout portion (p.9, lines 1-2) of the 6/23/23 Continuation Order [dkt.70], which continued the 5/26/23 [dkt.13] Order in effect, states "from date of this Order **until further Order of this Court**"  So stating  is an express statement

that this Court may vacate the Lockout (or other portions) of the 5/26/23 [dkt.13]

Order, at some point.

Pursuant to the 6/23/23 [dkt.70] continuation order, the 5/26/23 [dkt.13]

Lockout and preliminary Injunction Order has been kept in effect for almost 8 months

(from issuance on 5/23 from 5/26/23 to 1/17/24 hearing date on Greyson's dkt.290

Motion.

Han Trinh's Declaration [dkt.290-1] to Greyson's dkt.290 Motion, is

uncontroverted that the effect of the 5/26/23 [dkt.13] Lockout and Preliminary

Injunction Order is to make it impossible for Greyson—a company which is a direct

competitor of LPG, of LPG's alter egos, and of Morning Law (buyer of LPG's assets

at the bankruptcy court sale)--to operate/compete for business.

Almost 8 months after Celentino firm seized Greyson's property and data, and

locked Greyson out of accessing Greyson's data, there is **<u>no cause</u>** to keep those anti-

competitive provisions of dkt.13 in effect, because those provisions are **<u>unfair</u>**

**<u>competition</u>** against Greyson, a direct competitor of LPG and its alter egos, and a

direct competitor of Morning Law, which bought Greyson's assets at the bankruptcy

court auction.

Nothing in Celentino firm's part of the Joint Statement, constitutes cause for

continuing the Lockout Order in effect any longer.  The court should Order the

Celentino firm to return to Greyson, Greyson's access to Greyson's Microsoft

[M365suite] account—which Celentino firm had not authority to seize and lock Greyson out of on 6/2/23 to present; should Order Celentino firm to return to Greyson, Greyson's internet domain, which Trustee had no authority to seize or to lock Greyson out of; should Order the Celentino firm to return Greyson's access to Greyson's 100+ emails, and to end Celentino firm's access to Greyson's 100+ emails, which Celentino firm took and used without authorization to do so; and should Order the Celentino firm to return to Greyson, the approximately 50 computers/beelinks seized from Greyson's office on 6/2/23, where Justin Nguyen's Declaration to Joint Statement attaches Justin's credit card bill showing Justin paid for the 24 Beelinks, and where Celentino firm, in 8 months, has failed, to present, to provide any evidence proving Celentino firm's totally unproven allegation that the computers/beelinks seized from Greyson's offices on 6/2/23 were paid for by LPG, or were LPG computers/beelinks.

Dated: January 16, 2024                THE BANKRUPTCY LAW FIRM, PC


                                        __/s/ Kathleen P. March_____
                                        By: Kathleen P. March, Esq
                                        *Attorneys for Greyson Law Center, PC*
                                        *on Greyson' Motion to Vacate—as to*
                                        *Greyson--the Court's   5/26/23 [dkt.13]*
                                        *Lockout & Preliminary Injunction Order, and*
                                        *Counsel for Greyson on Greyson's  Motion for*
                                        *Admin Claim*

# DECLARATION OF KATHLEEN P. MARCH

I, KATHLEEN P MARCH, declare:

1. Attached hereto as **Exhibit A**, for convenience, is a true and correct copy of this Court's tentative ruling posted on 1/14/24, which Greyson's herein RESPONSE responds to.

2. An associate attorney of my law firm, and I, each searched on Westlaw, to see if we could find any case where a Lockout and Preliminary Injunction Order similar to dkt.13 [this Court's 5/26/23 Lockout and Preliminary Injunction Order] was granted against a defendant in a bankruptcy adversary proceeding, where the allegations in that adversary proceeding were that the adversary proceeding defendant had received fraudulent transfers. My associate attorney showed me what she found on Westlaw. Neither of us found any case, ever, where a Lockout and Preliminary Injunction Order, even vaguely similar to dkt.13, had been granted against a fraudulent transfer adversary proceeding defendant.

3. In over 40 years of practicing law—14 as a bankruptcy judge, CD CA—I think I would have seen, or at least read about, such a lockout and preliminary injunction order, if such an order had been granted against a fraudulent transfer adversary proceeding defendant. I didn't find anything that was even close.

4. Preliminary injunctions are not always granted in fraudulent transfer adversary proceedings, but where a preliminary injunction is granted against an adversary

proceeding defendant alleged to have received a fraudulent transfer, such a preliminary injunction usually enjoins the defendant from accessing/spending money alleged to be the fraudulent transfer.

5. My associate attorney and I did not find a single decision where any Court authorized a plaintiff to seize, and to lock the adversary proceeding defendant out from accessing, that defendant's Microsoft account, or authorized the plaintiff to seize, use for its own purposes, and lock the defendant out of the defendant's emails, or where a Court authorized the plaintiff to seize all the defendant's computers, with no evidence that the computers were bought with fraudulent transfer money.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California on January 16, 2024.

_____/s/ Kathleen P. March_____

KATHLEEN P. MARCH

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, January 17, 2024**                                    **Hearing Room      5C**

---

11:00 AM
**8:23-10571   The Litigation Practice Group P.C.**                                 **Chapter 11**

**#21.00**
          Hearing RE:  Motion Of Greyson Law Center PC, For And Order, Made In Both
          Adversary Proceeding And LPG's Main Bankruptcy Case:  (1)   Vacating The
          5/26/23 Lockout And Preliminary Injunction Order, As To Greyson, Because
          That Order Was Obtained, As To Greyson, Based On The False Allegation In
          The Sealed, Ex Parte, Motion Trustee Marshack's Attorney, Celentino, Filed,
          Moving For That Order, That Greyson Was An Alter Ego Of LPG; And (2)
          Ordering Celentino To Immediately Return All Greyson's Seized Property To
          Greyson, And To Immediately Restore Greyson's Access To All Of Greyson's
          Data, Which Celentino Seized And Locked Greyson Out Of On 5/26/23 And On
          6/12/23, A Lockout Continuing To Present
          (Motion filed 12/6/2023)

                              Docket      749
          **\*\*\* VACATED \*\*\*    REASON: MOTION CONSOLIDATED WITH**
          **MOTION IN ADVERSARY 8:23-AP-1046-SC .  MOTION TO BE HEARD**
          **IN THE ADVERSARY CASE ONLY  PER ORDER ENTERED 12-7-2023 -**
          **(DOCKET NO.  [756])**

**Tentative Ruling:**

      - NONE LISTED -

| Party Information |
|---|

**Debtor(s):**

      The Litigation Practice Group P.C.          Represented By
                                                   Joon M Khang

**Movant(s):**

      Greyson Law Center PC                        Represented By
                                                   Kathleen P March

**Trustee(s):**

      Richard A Marshack (TR)                      Represented By
                                                   D Edward Hays        **EXHIBIT A**
                                                   Christopher  Celentino
                                                   Laila  Masud

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, January 17, 2024**                                             **Hearing Room      5C**

---

11:00 AM
**CONT...**       **The Litigation Practice Group P.C.**                                          **Chapter 11**

                                         Jonathan  Serrano
                                         Christopher  Ghio
                                         Yosina M Lissebeck
                                         Peter W Bowie

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, January 17, 2024**

**Hearing Room**    **5C**

---

<u>11:00 AM</u>
**8:23-10571    The Litigation Practice Group P.C.**                    **Chapter 11**
Adv#: 8:23-01046    Marshack v. Diab et al

   **#22.00**

   Hearing RE:  Motion Of Greyson Law Center PC, For And Order, Made In Both
   Adversary Proceeding And LPG's Main Bankruptcy Case:  (1)   Vacating The
   5/26/23 Lockout And Preliminary Injunction Order, As To Greyson, Because
   That Order Was Obtained, As To Greyson, Based On The False Allegation In
   The Sealed, Ex Parte, Motion Trustee Marshack's Attorney, Celentino, Filed,
   Moving For That Order, That Greyson Was An Alter Ego Of LPG; And (2)
   Ordering Celentino To Immediately Return All Greyson's Seized Property To
   Greyson, And To Immediately Restore Greyson's Access To All Of Greyson's
   Data, Which Celentino Seized And Locked Greyson Out Of On 5/26/23 And On
   6/12/23, A Lockout Continuing To Present
   (Motion filed 12/6/2023)
   **(Motion Consolidated with Motion in 8:23-bk-10571-SC]**

                      Docket        290

**Tentative Ruling:**

      Tentative for 1/17/24:

      Movant should be prepared to draw the Court's attention to the appropriate
      legal authority stated in the Motion or Joint Stipulation upon which it relies to
      dissolve an injunction and discuss how it has met that standard. The Court
      may continue this matter if the Movant would like to provide further written
      briefing on the subject (and permit responses, if desired).

      Virtual appearances are required. The hearing will take place using Zoom for
      Government, a free service that provides audioconference and
      videoconference capabilities. Only the parties, including counsels, their
      clients, and pro se individuals, may virtually join the hearing. No testimony,
      however, will be permitted unless specifically authorized by the Court either
      prior to, or during, the hearing. Parties virtually appearing should consult the
      NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES
      FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, January 17, 2024**                                      **Hearing Room      5C**

---

11:00 AM
CONT...        The Litigation Practice Group P.C.                                   **Chapter 11**
further information.

The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. **By Order of the Judicial Conference of the United States, members of the general public may only view the hearings from the Courtroom, which will remain open, or access the hearing by audioconference only, as set forth below. This is a nation-wide mandate and is not subject to this Court's discretion. The Court will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:        https://cacb.zoomgov.com/j/1603089225

Meeting ID:                        160 308 9225

Password:                          290923

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the below audio conference information. PLEASE BE ADVISED THAT THE GENERAL PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:                        160 308 9225

Password:                          290923

For further details, please consult the instructions on the Court's website https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

<u>**RESPONSE**</u> **OF GREYSON LAW CENTER PC, TO COURT'S TENTATIVE RULING POSTED 1/14/24, ASKING GREYSON WHAT IS GREYSON'S AUTHORITY FOR GREYSON'S [dkt. 290] MOTION**
    **(1) VACATING THE 5/26/23 *LOCKOUT AND PRELIMINARY INJUNCTION ORDER*, AS TO GREYSON, BECAUSE THAT ORDER WAS OBTAINED, AS TO GREYSON, BASED ON THE FALSE ALLEGATION IN THE SEALED, EX PARTE, MOTION TRUSTEE MARSHACK'S ATTORNEY, CELENTINO, FILED, MOVING FOR THAT *ORDER,* THAT GREYSON WAS AN ALTER EGO OF LPG; AND**
    **(2) ORDERING CELENTINO TO IMMEDIATELY RETURN ALL GREYSON'S SEIZED PROPERTY TO GREYSON, AND TO IMMEDIATELY RESTORE *GREYSON'S* ACCESS TO ALL OF *GREYSON'S* DATA, WHICH CELENTINO SEIZED AND LOCKED *GREYSON* OUT OF ON 5/26/23 AND ON 6/12/23, A LOCKOUT CONTINUING TO PRESENT; K.P. MARCH DECL HERETO**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___1/16/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

n/a

☐ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___1/16/24__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 1/16/24 | Kathleen P. March | /s/ Kathleen P. March |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com,
  nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

26