CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:    619.400.0500
Fax:     619.400.0501

Special Counsel to Richard A. Marshack Chapter 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group PC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><hr>RICHARD A. MARSHACK,<br><br>Plaintiff,<br><br>v.<br><br>TONY DIAB, et al.<br><br>Defendants. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01046-SC<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF RICHARD A. MARSHACK'S MOTION TO VOLUNTARILY DISMISS DEFENDANTS MARICH BEIN, LLC AND BANKUNITED, N.A.** *WITHOUT PREJUDICE* **IN ORDER TO SEVER TRUSTEE'S CLAIMS AS TO THESE DEFENDANTS**<br><br>Date:    February 29, 2024<br>Time:    11:00 a.m.<br>Judge:   Hon. Scott C. Clarkson<br>Place:   Courtroom 5C<br>         411 West Fourth Street<br>         Santa Ana, California  92701 |

1

# I.

# INTRODUCTION

This Court should grant Plaintiff Richard A Marshack, Chapter 11 Trustee's ("Trustee") voluntary request to dismiss Defendants Marich Bein, LLC ("Marich Bein") and BankUnited ("BankUnited") without prejudice pursuant to Federal Rule of Civil Procedure 42(a)(2) as neither party will suffer legal prejudice. Marich Bein and BankUnited have both answered, however, given the status of discovery and no trial being set, do not stand to suffer any prejudice. Permitting Trustee to dismiss, re-file and sever the claims as to Marich Bein and BankUnited will promote judicial efficiency, narrow the issues at trial, prevent confusion, and separate claims that are divergent from the overarching fraudulent scheme employed by Defendant Tony Diab ("Diab") at issue in the pending Adversary Proceeding No. 8:23-ap-01046-SC (hereinafter referred to as the "1046 Action") and simplify discovery and any potential resolution as to these Defendants.

The claims as to Marich Bein and BankUnited, however, are integrally intertwined and inseparable as they involve ACH transactions Marich Bein was processing using The Litigation Practice Group, P.C.'s (hereinafter "LPG" or "Debtor") data management software, DebtPayPro ("DPP"). The same transactions identify BankUnited as the NACHA bank necessary to complete the ACH transactions initiated by Marich Bein. Further, the funds from such transactions were deposited and/or transferred to Marich Beins' financial accounts held at BankUnited. The evidence shows and Marich Bein has conceded in other pleadings, it is wrongfully in possession of LPG client funds in excess of $1,000,000 and continued to process ACH transactions against LPG client accounts using old client account data, in violation of client Legal Service Agreements and other applicable laws. This is in addition to Diab's fraudulent transfer of over 15,000 LPG client files and ACH receivables to Marich Bein for no value or less than reasonable value in order to defraud LPG creditors and that were also transferred to other entities as part of Diab's Ponzi scheme.

Recognizing the efficiency to be achieved by dismissing and severing Trustee's claims, BankUnited has stipulated to the requested relief. Marich Bein, however, remains unwilling to stipulate, despite its agreement to indemnify BankUnited, thus, requiring Trustee to seek relief from the Court. Based on the foregoing, legal authority and arguments herein, Trustee respectfully requests

this Court dismiss Marich Bein and BankUnited without prejudice from this 1046 Action in order to allow Trustee to file a separate and severed complaint as to these Defendants to be filed with ten days of any order on Trustee's instant motion.

## II.

## BACKGROUND

A.    **RELEVANT PROCEDURAL HISTORY**

1.    On March 20, 2023, Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code, sections 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of California (the "Court"). On May 4, 2023, the Court entered the Order Directing United States Trustee to Appoint a Chapter 11 Trustee [Bk. Dkt No. 58], and on May 8, 2023, the Trustee filed his Acceptance of Appointment as Chapter 11 Trustee [Bk. Dkt. No. 63].

2.    To preserve the Estate's going concern value and to halt the collection of Estate funds by numerous parties, Trustee moved quickly to file this Adversary Proceeding against dozens of defendants on May 25, 2023 – less than three weeks after his appointment. The Court granted the injunctive relief sought in the initial Complaint in an Order entered May 26, 2023 [Adv. Dkt. No. 13) and in an Amended Order entered on June 2, 2023 [Adv. Dkt. No. 21]. This Adversary Proceeding and the injunctive relief obtained herein were essential to the successful sale of the Debtor's assets in the bankruptcy case [Bk. Dkt. No. 352].

3.    Trustee subsequently amended the Complaint on June 15, 2023 ("Amended Complaint") [Adv. Dkt. No. 62]. The Amended Complaint set out an elaborate and wide-ranging shell game designed to strip assets from Debtor while directing those assets, or the income they generate, to entities either owned or controlled by Diab or affiliated parties.

4.    On July 24, 2023, Defendants Touzi Capital, LLC ("Touzi") and Eng Taing ("Taing") filed a Motion to Dismiss as to Trustee's Amended Complaint [Adv. Dkt. No. 96]. The hearing was originally scheduled to be heard on September 13, 2023. On July 27, 2023, the Court continued the hearing to September 14, 2023 [Adv. Dkt. No. 108]. Trustee opposed Defendants' Motion to Dismiss providing recently obtained evidence to support Trustee's allegations and causes of action as to these

3

Defendants, including but not limited to, evidence of Taing's direct involvement in initiating double pulls on LPG client accounts totaling more than $550,000 pre and post-petition, using entities he controlled, in an effort to hide, hinder and delay discovery of the fraudulent transfers and wrongful conduct [Adv. Dkt. No. 159-1].

5. On September 14, 2023, the Court granted Defendant's Motion to Dismiss without prejudice and ordered a second amended complaint be filed no later than October 14, 2023 [Adv. Dkt. No. 211].

6. On October 13, 2023, Trustee filed his Second Amended Complaint ("SAC") [Adv. Dkt. No. 226]. The Second Amended Complaint alleges specific facts and allegations submitted to the Court in support of Trustee's claims against Touzi and Taing, and the myriad of entities Taing created to hide the fraudulent transfers. Marich Bein filed its answer to Trustee's Second Amended Complaint on November 13, 2023 [Adv. Dkt. No. 280.] BankUnited has not responded to Trustee's Second Amended Complaint given its stipulation to severing Trustee's claims.

7. On October 25, 2023, BankUnited stipulated to the requested relief. Declaration of Jeremy B. Freedman at ¶ 2, **Exh. A**. Marich Bein has refused to stipulate, however, has indicated it may not oppose the requested relief herein. *Id*. at ¶ 3.

## B. RELEVANT ALLEGATIONS AS TO MARICH BEIN AND BANKUNITED

8. Marich Bein filed an action in the Central District of California, Case No. 8:23-cv-00339-JWH-ADS (the "Marich Bein Action"), wherein Marich Bein contends that on August 18, 2022, September 21, 2022, October 6, 2022, and November 14, 2022, tranches of 15,000 to 20,000 client files and the associated payment information necessary to process the ACH receivables were purportedly transferred from LPG to Marich Bein. All or a substantial portion of the same client files and ACH receivables were transferred multiple times to different entities between September 2022 and March 20, 2023, directly and/or indirectly through a myriad of transactions alleged in the 1046 Action.

9. In addition to the foregoing fraudulent transfers, LPG, by and through Diab's insider relationship with Marich Bein at the time, allowed Marich Bein to process LPG client ACH transactions on all or most of LPG client files. During all relevant times when Marich Bein initiated,

processed and received ACH funds, the NACHA bank utilized by Marich Bein included, but was not limited to Defendant BankUnited. Marich Bein held multiple financial accounts at BankUnited in order to receive ACH funds from LPG client files. Based on the information received to date, Marich Bein is the only defendant that holds financial accounts at BankUnited relevant to Trustee's claims.

10. The deal between Diab and Marich Bein evidences Diab's influence and control over Marich Bein, which he maintained until the relationship began to deteriorate. Under the ACH processing scheme between Marich Bein and Diab, Marich Bein was given access to LPG's DPP account, client files and the NACHA information necessary to initiate ACH transactions. On information and belief, access to client files was provided without client consent. Based on the ACH and payment data contained in DPP, Marich Bein had all it needed to initiate ACH transactions on all LPG client files using the ACH platform integrated in DPP. Based on the testimony of Diab, Marich Bein was permitted to keep and hold only those ACH funds related to client files and ACH receivables purportedly transferred to Marich Bein, which as alleged in the Marich Bein Action was transferred more than once. The remaining proceeds from the ACH transactions processed on LPG client files by Marich Bein were to be remitted to LPG.

11. Marich Bein initially processed ACH transactions on client files and purportedly remitted payment to LPG. Based on the testimony of Diab, by approximately December 2022 and/or January 2023, and at or around the time Diab caused the same client files and/or ACH receivables to be transferred to Oakstone, Marich Bein started withholding ACH payments received on LPG client files, including those that had not been fraudulently transferred to Marich Bein. According to Diab and as listed in Debtor's Schedule A/B [Bankr. Docket No. 33], Marich Bein withheld approximately $12 million dollars in ACH funds on LPG client files that were not associated with the foregoing fraudulent transfer of client files and/or ACH receivables to Marich Bein. Pre-petition, Debtor demanded said funds be returned and that Marich Bein cease and desist from processing ACH transactions. In the Marich Bein Action, Marich Bein alleges that it is in possession of at least $1,000,000 processed via ACH from LPG clients. Trustee believes said funds, among other LPG client funds are being held in Marich Bein's financial accounts at BankUnited.

///

12. In approximately February 2023, Marich Bein's ability to access LPG client's NACHA payment information through DPP was terminated. In turn, Marich Bein continued to initiate ACH transactions based on LPG client payment information wrongfully usurped and retained from when Marich Bein had access to DPP.

13. In addition to the foregoing, it has recently been discovered Marich Bein entered into approximately twenty (20) ACH receivable purchase agreements with LPG marketing companies (sometimes referred to as "cappers") purporting to purchase the cappers ACH review stream fraudulently transferred from LPG. As with Marich Bein's ACH receivables purchase agreements entered into directly with LPG, these purchase agreement are void ab initio and violate Sections 6151 and 6155 of the California Business and Professional Code, which prohibit referrals of potential clients to attorneys unless registered with the State Bar of California and non-licensed attorneys. CAL. BUS. & PROF. CODE § 6155. "Referral activity" includes "any entity 'which, in person, electronically, or otherwise, refers the consumer to an attorney or law firm not identified' in the advertising." *Jackson v. LegalMatch.com*, 42 Cal. App. 5th 760, 775 (2019). A referral includes receiving information from potential clients and sending that information to lawyers, even when the advertiser does not advertise the name of the attorneys and the clients do not clear the name of the potential attorney after the referral occurred. *Id.* Because Marich Bein, unlike other named Defendants in the 1046 Action, were purchasing LPG ACH revenue streams from cappers, the Trustee's claims as against Marich Bein differs substantially from other Defendants, Affiliates and cappers who are also the subject of separate adversary proceedings from the 1046 Action.

## III.

## THE COURT IS AUTHORIZED TO DISMISS MARICH BEIN AND BANKUNITED WITHOUT PREJUDICE

14. Rule 41(a)(2) states in pertinent part that, after a defendant serves an answer or a motion for summary judgment, and absent a stipulation by all parties who have appeared, "an action may be dismissed at the plaintiff's request, only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision whether to permit voluntary dismissal under Rule

6

41(a)(2), without prejudice, is left to the sound discretion of the court. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

15. The purpose of Rule 41(a)(2) is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal. *Stevedoring Serv's of Am. v. Armilla Intern.*, 889 F.2d 919, 921 (9th Cir. 1989). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); see also *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist.*, *supra*, 100 F.3d at 97. It is insufficient that the issues raised in a lawsuit remain unresolved. *Id.*; *Hamilton*, *supra*, 679 F.2d at 145.

16. Moreover, the mere fact that Trustee could and intends to bring the same claims in a separate adversary proceeding does not establish plain legal prejudice. *Hamilton*, *supra*, 679 F.2d at 145 (the prospect of second lawsuit is insufficient to establish plain legal prejudice). The prospect that Marich Bein and BankUnited would have to refile their responsive pleading does not constitute legal prejudice sufficient to deny Trustee's request for voluntary dismissal without prejudice. See e.g. *Searcy v. Thomas*, No. 10-cv-294-EJL, 2013 U.S. Dist. LEXIS 32661, 2013 WL 837936, at *3 (D. Idaho Mar. 6, 2013); *Mitchell-Jones v. Menzies Aviation, Inc.*, No. C10-1190JLR, 2011 U.S. Dist. LEXIS 82889, 2011 WL 3273221, at *3 (W.D. Wash. Jul. 28, 2011); *Creative Labs, Inc. v. Orchid Tech.*, No. C93-4329TEH, 1997 U.S. Dist. LEXIS 13911, 1997 WL 588923, at *2 (N.D. Cal. Sept. 12, 1997). Marich Bein and BankUnited have not produced their initial disclosures, the parties have not engage in any formal discovery or trial preparation, although informal discovery has been conducted. Because there is no reasonable argument Marich Bein or BankUnited will suffer "plain legal prejudice" if this matter is dismissed without prejudice and re-filed as a separate adversary proceeding, Trustee is entitled to have his claims as to these Defendants dismissed *without prejudice*.

///

///

///

## IV.

## THE COURT SHOULD DISMISS MARICH BEIN AND BANKUNITED WITHOUT PREJUDICE

17. This case is complex with over 40 named Defendants, involving the fraudulent transfer of LPG client files, ACH receivables and in other instances, such as the claims brought against Marich Bein and BankUnited, the wrongful processing and retention of ACH funds pulled from LPG client accounts. The timing, method and schemes employed to accomplish such wrongful conduct while in some ways are similar, often involve distinct factual issues that would be better adjudicated separate and apart from the other 40 plus Defendants to reduce litigation costs, simplify trial, prevent confusion and promote the efficient resolution of Trustee's claims. This is especially true with regards to Marich Bein and BankUnited where the fraudulent transfers, wrongful conduct and possession of Estate funds, as alleged, are inseparably intertwined. As such, Trustee respectfully requests the Court grant his voluntary request for dismissal as to Marich Bein and BankUnited without prejudice in order to sever Trustee's claims brought against them.

**A. NEITHER MARICH BEIN NOR BANKUNITED WILL SUFFER PLAIN LEGAL PREJUDICE AS A RESULT OF THE DISMISSAL**

18. Trustee's request to dismiss his claims without prejudice in order to sever and re-file his claims in a separate adversary proceeding will not cause Marich Bein or BankUnited any legal prejudice. Although case law does not articulate a precise definition of "plain legal prejudice," the cases focus on the rights and defenses available to a defendant in future litigation, such as whether a dismissal without prejudice will result in the loss of a federal forum, or the right to a jury trial, or a statute of limitations defense. See *Westlands Water Dist.*, supra, 100 F.3d at 97.

19. The concerns raised by the Ninth Circuit in granting a voluntary dismissal without prejudice are non-existent in this case. Indeed, dismissing Trustee's claims without prejudice as to Marich Bein and BankUnited will not: (1) precluded them from asserting defenses to Trustee's claims, whether previously asserted or not; (2) deprive them of an ability to challenge the pleadings; (3) be deprived of trial and adjudication on the merits; and (4) be deprived of discovery or meaningful preparation for trial. At its core, assuming the Court grants Trustee's request, the parties will be

involved in the very same litigation as the current Adversary Proceeding, under a different case number without the confusion, calendaring, trial and discovery coordination with over 40 other defendants whose claims are not directly related to those alleged against Marich Bein and BankUnited.

20. Marich Bein and BankUnited filed an answer to the First Amended Complaint. Marich Bein re-filed its answer to the Second Amended Complaint in essentially the same form as its answer to the First Amended Complaint. BankUnited has not yet filed its answer to the pending Second Amended Complaint in light of its stipulation with Trustee to seek the relief herein. As such, granting Trustee's request so that Trustee may file a separate adversary proceeding at this time will not require either Defendant to do anything more than which they have already done – file and serve a response in the new adversary proceeding which is not likely to require any significant time, cost or inconvenience. See e.g. *Searcy v. Thomas*, No. 10-cv-294-EJL, 2013 U.S. Dist. LEXIS 32661, 2013 WL 837936, at *3 (D. Idaho Mar. 6, 2013); *Mitchell-Jones v. Menzies Aviation, Inc.*, No. C10-1190JLR, 2011 U.S. Dist. LEXIS 82889, 2011 WL 3273221, at *3 (W.D. Wash. Jul. 28, 2011); *Creative Labs, Inc. v. Orchid Tech.*, No. C93-4329TEH, 1997 U.S. Dist. LEXIS 13911, 1997 WL 588923, at *2 (N.D. Cal. Sept. 12, 1997).

21. Moreover, the case as against Marich Bein and BankUnited has not proceeded to such a degree that permitting Trustee to re-file would cause any prejudice. In this regard, the parties have engaged in their Rule 26(f) conference, which for all purposes would not change assuming the Court grants Trustee's Motion to Dismiss and a separate adversary proceeding filed. The parties need only change the case number and caption on the joint report already completed. While the parties have discussed engaging in informal discovery, neither Marich Bein nor BankUnited have produced their initial disclosures in the 1046 Action, engaged or served any discovery, filed dispositive motions or meaningfully prepared for trial in this matter. As such, dismissing Trustee's claims as against Marich Bein and BankUnited will not prejudice or adversely affect either of the parties. To the contrary, granting Trustee's request will benefit all parties, including the Court.

///

///

**B.    GRANTING TRUSTEE'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE WILL PROMOTE JUDICIAL ECONOMY**

22.    At the inception of this matter, Trustee was required to file one adversary proceeding against over 40 defendants in order to obtain emergency relief based on supported exigent circumstances to protect Estate assets from dissipation and further transfer. An urgency this Court recognized in granting Trustee's Temporary Restraining Order and subsequent Preliminary Injunction [Bankr. Dkt Nos. 13, 21, and 70]. Proceeding with litigation, discovery, potential resolution and trial, however, requires a different more manageable approach in order reduce the cost and burden to all parties, including the Court.

23.    Trustee's extensive investigation into the claims against all defendants, that remains ongoing, has established certain claims are factually intertwined as to liability and logically severed from the overarching fraudulent transfers at the heart of this matter. Specifically, Trustee's claims against Marich Bein and BankUnited.[1] As more thoroughly detailed above, Trustee's claims against these Defendants differ from the main case in that Marich Bein was granted access to LPG's ACH data through DPP to initiate, process and remit ACH payments to LPG, among other grounds. Marich Bein used BankUnited as its financial institution and NACHA authorized bank to receive LPG funds. From approximately August 2022 to February 2023, the evidence shows Marich Bein withheld funds rightfully belonging to LPG and therefore LPG's Estate causing LPG to incur further debt as a result of the withheld funds prior to filing for bankruptcy protection under Chapter 11 of the Bankruptcy Code. The evidence further shows Marich Bein initiated, processed and withheld ACH funds from LPG client accounts after it was denied access to LPG's ACH data. The funds Marich Bein processed and wrongfully withheld necessarily would have been deposited into one of Marich Bein's multiple accounts held at BankUnited. As such, the claims raised as to Marich Bein and BankUnited are inseparable and differentiated from the overarching claims in this matter despite overlapping claims as it relates to Diab's Ponzi scheme and fraudulent transfer of client files and ACH receivables.

---

[1] Trustee believes other claims may also be properly dismissed and severed as separate adversary proceeding and will address those claims in separate motions, as they appear necessary.

24. Given the differing factual allegations as to Marich Bein and BankUnited, dismissing Trustee' claims in order to sever them from the main adversary proceeding would promote judicial economy, potential resolution and simplify trial. As an initial matter, it would streamline discovery, informal and formal, involving a narrowly drafted discovery plan specific to the claims as will be alleged in the severed adversary complaint. Reducing the number of defendants required to coordinate a joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3) benefits all parties. This is especially true, where, as here, the factual claims against Marich Bein and BankUnited diverge from those against all other defendants. Reducing extensive discovery, required joint status and other reports will result in a cost saving to the parties promoting potential resolution.

25. Along the same lines, dismissing and severing Trustee's claims will simply trial and avoid any confusion. The evidence related to Diab's Ponzi scheme and fraudulent transfers as to many of the Defendants in many ways will be the same, with minor variations depending on the defendant and their involvement. The additional and separate claims as against Marich Bein and BankUnited, however, would require presentation of a subset of facts and evidence that would needlessly increase the length of trial in this matter and potentially confuse the issues as the other remaining defendants.

## V.

## CONCLUSION

Based on the foregoing, the Court should grant Trustee's voluntary request for dismissal without prejudice as to Marich Bein and BankUnited who do not stand to suffer any legal prejudice as a result thereof and in fact stand to benefit from such relief. BankUnited has stipulated to the dismissal without prejudice and doing so will promote judicial economy and reduce the cost of litigation.

Dated: January 18, 2024                    Respectfully submitted,

                                              DINSMORE & SHOHL LLP

                                              By: */s/ Jeremy B. Freedman*
                                                   Christopher B. Ghio
                                                   Christopher Celentino
                                                   Jeremy B. Freedman
                                                   Special Counsel to Richard A. Marshack
                                                   Chapter 11 Trustee for the Bankruptcy Estate of
                                                   The Litigation Practice Group PC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF RICHARD A. MARSHACK'S MOTION TO VOLUNTARILY DISMISS DEFENDANTS MARICH BEIN, LLC AND BANKUNITED, N.A. WITHOUT PREJUDICE IN ORDER TO SEVER TRUSTEE'S CLAIMS AS TO THESE DEFENDANTS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 18, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
|---|---|
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 18, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 18, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                              Page 12                         F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Sweeney Kelly<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*        Page 13        **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                  Page 14                                    **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Page 15    F 9013-3.1.PROOF.SERVICE