| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael A. Sweet (SBN 184345)<br>Keith C. Owens (SBN 184841)<br>Nicholas A. Koffroth (SBN 287854)<br>FOX ROTHSCHILD LLP<br>10250 Constellation Boulevard, Suite 900<br>Los Angeles, CA  90067<br>Telephone (310) 598-4150<br>Facsimile (310) 556-9828<br>msweet@foxrothschild.com<br>kowens@foxrothschild.com<br>nkoffroth@foxrothschild.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Off. Committee of Unsecured Creditors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C. | CASE NO.: 8:23-BK-10571-SC<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) __Official Committee of Unsecured Creditors_____,
   filed a motion or application (Motion) entitled __Application For Order Authorizing Employment of Fox Rothschild LLP__
   __as Counsel For the Official Committee of Unsecured Creditors Effective as of June 29, 2023_____.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 07/28/2023

/s/ Nicholas A. Koffroth
Signature of Movant or attorney for Movant

Fox Rothschild LLP, by Nicholas A, Koffroth
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth  (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:     (310) 598-4150
Facsimile:     (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Proposed Counsel For Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF FOX ROTHSCHILD LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JUNE 29, 2023; DECLARATIONS OF NICHOLAS A. KOFFROTH AND APRIL RIEDY IN SUPPORT THEREOF**<br><br>[*No Hearing Required Pursuant to LBR 9013-1(o)*] |

147119597.2

The Official Committee of Unsecured Creditors (the "Committee") of The Litigation Practice Group, P.C. (the "Debtor"), in the above-referenced bankruptcy case (the "Bankruptcy Case") pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Fox Rothschild LLP ("Fox") as counsel for the Committee, effective as of June 29, 2023, pursuant to § 1103(a), Rule 2014 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Central District of California (the "Local Rules").  In support of the Application, the Committee submits the declaration of Nicholas A. Koffroth (the "Koffroth Declaration") and the declaration of April Riedy (the "Riedy Declaration"), and respectfully states as follows:

## I.

## FACTUAL BACKGROUND

### A.    General Background

On March 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On May 4, 2023, the Court entered an order [Docket No. 58] appointing Richard Marshack as the chapter 11 trustee in this Bankruptcy Case (the "Trustee").  On June 13, 2023, the Trustee filed a motion [Docket No. 102] for the approval of reimbursement procedures for counsel to a proposed *ad hoc* committee of consumer claimants.  On June 27, 2023, the Court entered an order [Docket No. 151] approving a stipulation [Docket No. 149] voluntarily dismissing the *ad hoc* committee motion in light of the appointment of the Committee and the agreement that a majority of the Committee's members will remain consumer claimants.

On June 23, 2023, the Office of the United States Trustee (the "UST") appointed [Docket No. 134] the Committee, which consisted of the following five members: Alexadra Lufti; April Riedy; Denise Burtchell; Angela Dows; and Thomas Ray.  On June 29, 2023, the UST expanded

---

[1] Unless otherwise defined herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code and all references to "Rule" refer to a rule of the Federal Rules of Bankruptcy Procedure.

[Docket No. 157] the Committee's membership from five to seven members with the addition of Affirma, LLC and Abigail R. Beaudin.  On June 29, 2023, the Committee duly selected Fox as counsel to represent it during the pendency of the Bankruptcy Case.

Effective as of July 3, 2023, the Committee adopted bylaws governing the decision-making and conduct of the Committee.  Pursuant to the bylaws, April Riedy was duly appointed chair of the Committee.

**B.    Qualifications of Fox Rothschild LLP**

Fox is a national, full-service law firm comprising over 1,000 attorneys across 29 offices, including in Los Angeles.  Three of the Fox attorneys working on this matter, Michael Sweet, Keith Owens, and Nicholas Koffroth, are well-recognized members of the California bar with significant experience in bankruptcy matters.  The resumes of Messrs. Sweet, Owens and Koffroth are attached as **Exhibit 1** to the Koffroth Declaration.

The Committee has retained Fox as its counsel because of Fox's extensive knowledge and expertise in the areas of law relevant to the Bankruptcy Case and believes that Fox is well qualified to represent the Committee.  In selecting its counsel, the Committee sought counsel with experience in representing creditors' committees in large chapter 11 cases and other debt-restructuring scenarios.  Fox has such experience, having represented a number of creditors' committees in significant cases under chapter 11 of the Bankruptcy Code.  Among some of the more recent committee engagements, Fox has represented (or is currently representing) official creditors' committees in the following chapter 11 cases of national significance:

a.    AeroFarms, Inc. (Case No. 23-10737, Bankr. D. Del.);

b.    Boxed Inc. (Case No. 23-10397, Bankr. D. Del.);

c.    Tuesday Morning Corporation (Case No. 23-90001, Bankr. N.D. Tex.);

d.    Better Nutritionals, LLC (Case No. 22-14723, Bankr. C.D. Cal.);

e.    Custom Alloy Corporation (Case No. 22-18143, Bankr. D.N.J.);

f.    Genocea Biosciences (Case No. 22-10938, Bankr. D. Mass.);

g.    Enjoy Technology, Inc. (Case No. 22-10580, Bankr. D. Del);

h.    Assuncao Bros., Inc. (Case No. 22-16159, Bankr. D.N.J.);

2

1    i.      Avadim Health, Inc. (Case No. 21-10883, Bankr. D. Del);

2    j.      Katerra Inc. (Case No. 21-31861, Bankr. S.D. Tex);

3    k.      Unipharma LLC (Case No. 21-60367, Bankr. S.D. Fla);

4    l.      MobiTV Inc. (Case No. 21-10457, Bankr. D. Del); and

5    m.      Remington Outdoor Company (Case No. 18-10684, Bankr. D. Del).

6    Fox is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

7    Rules, and the Guidelines of the Office of the United States Trustee, and will comply with them.

8    Based on the foregoing, the Committee believes that Fox and its attorneys are well-qualified to

9    represent it in the Bankruptcy Case.

10    **C.  SCOPE OF FOX ROTHSCHILD LLP'S PROPOSED RETENTION.**

11    The Committee proposed to retain Fox as its general bankruptcy counsel, effective as of

12    June 29, 2023.  The scope of Fox's proposed retention under § 1103(a) will include the following

13    services:

14    a.      participate in in-person and telephonic meetings of the Committee and any

15            subcommittees formed thereby, and otherwise advise the Committee with respect to

16            its rights, powers, and duties in the Bankruptcy Case;

17    b.      assist and advise the Committee in its consultations, meetings and negotiations with

18            the Trustee and all other parties in interest regarding the administration of the

19            Bankruptcy Case;

20    c.      assist the Committee in analyzing the claims asserted against and interests asserted

21            in the Debtor's estate, and in negotiating with the holders of such claims and

22            interests, and bringing, or participating in, objections or estimation proceedings with

23            respect to such claims or interests;

24    d.      assist with the Committee's review of any schedules of assets and liabilities,

25            statement of financial affairs and other financial reports prepared by the Trustee,

26            and the Committee's investigation of the acts, conduct, assets, liabilities, and

27            financial condition of the Debtor and of the historic and ongoing operation of its

28            business;

3

147119597.2

e.    assist the Committee in its analysis of, and negotiations with, the Trustee or any third party related to, among other things, financings, asset disposition transactions under § 363, compromises of controversies, and assumption or rejection of executory contracts and unexpired leases;

f.    assist the Committee in its analysis or preparation of, and negotiations with, the Trustee or any third party related to, the negotiation, formulation, confirmation, and implementation of a chapter 11 plan, and all documentation related thereto;

g.    assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in the Bankruptcy Case;

h.    respond to inquiries from individual creditors as to the status of, and developments in, the Bankruptcy Case;

i.    represent the Committee at all hearings and other proceedings before the Court and such other courts or tribunals, as appropriate;

j.    review and analyze all complaints, motions, applications, orders, and other pleadings filed with the Court, and advise the Committee with respect to its position thereon and the filing of any response thereto;

k.    assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters, and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's interests and objectives; and

l.    perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

## II.

## **RELIEF REQUESTED**

By this Application, the Committee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Fox as attorneys for the Committee, effective as of June 29, 2023, pursuant to § 1103(a), Bankruptcy Rule

4

147119597.2

2014, and Local Rule 2014-1, with compensation and reimbursement of expenses subject to Court approval and in accordance with §§ 330 and 331.

### III.

### BASIS FOR RELIEF

The Committee respectfully requests that the Court authorize retention of Fox as its counsel, pursuant to § 1103(a), which provides that a committee appointed under § 1102 "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a). Local Rule 2014-1(b)(1) further provides that:

> (A)    An application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330.
>
> (B)  The application must be accompanied by a declaration of the person to be employed establishing disinterestedness or disclosing the nature of any interest held by such person.
>
> (C)  The application must contain proof of service upon the United States trustee, and may be served and ruled on pursuant to LBR 9013-1(o).
>
> * * *
>
> (E)    A timely application for employment is a prerequisite to compensation from the estate. Therefore, . . . an application for employment of any other professional person should be filed as promptly as possible after such person has been engaged.

LBR 2014-1(b)(1).

147119597.2

The Committee submits that for all the reasons stated herein, and in the Riedy Declaration and Koffroth Declaration, the retention of Fox as counsel to the Committee is warranted.  Further, as stated in the Koffroth Declaration, Fox is a "disinterested person" within the meaning of § 101(14) and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors or its related parties, except as may be disclosed in the Koffroth Declaration.  Moreover, the Committee has complied with the requirements of LBR 2014-1 with respect to this Application and the notice of this Application.  Accordingly, the retention of Fox as counsel to the Committee should be approved.

## IV.

## **LEGAL ARGUMENT**

### A.    **Fox Does Not Hold Adverse Interests to the Committee.**

Section 1103(b) provides that a law firm may serve as counsel to an unsecured creditors' committee as long as it does not represent any other entity having an adverse interest in connection with the case and that representation of one or more of the creditors of the same class as represented by the committee does not *per se* constitute the representation of an adverse interest.  11 U.S.C. 1103(b).

To the best of the Committee's knowledge, information and belief, and other than the connections described in the Koffroth Declaration, Fox has no interest materially adverse to (a) the interest of the Debtor's estate, (b) the Committee, (c) of any class of the Debtor's creditors, either by reason of any direct or indirect relationship to, or connection with, the Debtor or for any other reason, or (d) the Trustee.  Pursuant to Bankruptcy Rule 2014(a), the Koffroth Declaration sets forth Fox's known connections, if any, with the Debtor, its creditors, and other known parties in interest. The Koffroth Declaration also discloses the method in which Fox has reviewed its own records and files and has obtained information in connection with matters set forth herein.  Finally, the Koffroth Declaration sets forth the manner in which Fox will continue to review its files in connection with this Application to make further disclosures as warranted.

Fox has informed the Committee that to the best of Fox's knowledge, none of the attorneys comprising or employed by Fox are related to any judge of the United States Bankruptcy Court for

6

the Central District of California, the United States Trustee or any person employed in the Office of the United States Trustee.  In the future, if any fact is discovered that may create an actual or potential conflict or that bears upon Fox's continued disinterestedness, Fox will give notice to those interested parties entitled to notice.

Except to the extent the Court allows payment of compensation to Fox out of the assets of the estate, Fox has no compensation arrangements with the Debtor, the Committee, or any other individual or entity associated with this bankruptcy case.

**B.**     **Fox's Fee and Expense Schedule Is Reasonable.**

Subject to the applicable provisions of the Bankruptcy Code, the Firm will be paid by the Debtor's estate based on Fox's customary hourly rates in effect from time to time and reimbursed according to its customary reimbursement policies. The Firm's current hourly rates for individuals who are likely to work on this Bankruptcy Case are as follows:

| | |
|---|---|
| Michael A Sweet – Partner | $890.00 |
| Keith C. Owens – Partner | $820.00 |
| Michael Herz - Partner | $620.00 |
| Nicholas A. Koffroth – Associate | $640.00 |
| Stephanie Slater Ward – Associate | $455.00 |
| Other Attorneys at Fox | $210.00 – 1,075.00 |
| Paralegals | $100.00 – 465.00 |

The proposed hourly rates are comparable to the fees charged to non-bankruptcy clients.

Copies of the individual profiles of the attorneys at Fox who are currently staffed on this matter are attached to the Koffroth Declaration as **Exhibit 1**.  As this Bankruptcy Case proceeds, additional Fox partners, associates and paralegals may be assigned to work on this Bankruptcy Case, and others currently assigned may complete their assigned tasks.  To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to these areas and/or the matter involved will be assigned to this Bankruptcy Case so that duplication of efforts is avoided.  Consistent with the ranges of hourly rates described above, the hourly rates of the other Fox partners, associates and paralegals that hereafter act for the Committee may be higher or lower than those of the persons presently assigned to this matter.

7

The hourly rates set forth above are subject to annual adjustments, usually on June 1st of each year.  Fox will timely notify the Trustee, the Committee, the UST, and the Court of any such changes, which changes will be subject to the Court's approval.

The hourly rates set forth above are Fox's normal hourly rates for work of this type. These rates are set at a level designed to fairly compensate Fox for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.    In addition, it is Fox's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with the client's case.    The expenses charged to clients include, among other things, charges for messenger services, overnight delivery services, photocopying, court fees, travel expenses, working meals, postage, materials for large mailings, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services.    Fox will charge for these expenses in a manner and at rate consistent with charges made generally to Fox's other clients.

**C.    <u>Disclosure of Retainer</u>**

Fox did not receive a retainer with respect to its representation of the Committee, and there is no retainer agreement between the Committee and Fox.  It is intended that this Application and the Court's order approving Fox's retention will govern Fox's employment in this Bankruptcy Case, with the Court retaining jurisdiction to resolve any issue that might arise.  Payment of Fox will be by the Debtor's estate not by the individual members of the Committee.

**D.    <u>Disclosure of Employment Agreement</u>**

Fox will receive compensation solely from the Debtor's estate on the terms set forth herein and the procedures established by this Court.  With the exception of this Application, there is no other agreement regarding Fox's employment and there are no arrangements between Fox and any other entity for the sharing of compensation received or to be received in connection with the Bankruptcy Case, except insofar as compensation may be shared among members of Fox.

147119597.2

**E.**     **Statement regarding U.S. Trustee Guidelines**

The Committee has been advised by Fox that United States Trustee Program has adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses ("Fee Applications") filed under 11 U.S.C. § 330 ("U.S. Trustee Guidelines")

Subject to Court approval and, in accordance with §§ 330 and 331, Fox has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, U.S. Trustee Guidelines, and any administrative compensation order entered in this Bankruptcy Case.  The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, paralegals, and staff who provide services to the Committee. These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

Fox has not shared or agreed to share any compensation related to the services to be rendered as bankruptcy counsel for the Committee with any other person, except as among Fox firm members and/or employees and counsel.

<em>[The remainder of this page is intentionally blank.]</em>

147119597.2

1

**V.**

2

**CONCLUSION**

3      The Committee respectfully requests that the Court enter an order, substantially in the form

4  attached hereto as **Exhibit A**: (i) approving the Application; (i) authorizing the Committee to retain

5  Fox effective as of June 29, 2023, with compensation and reimbursement of expenses to be paid as

6  an administrative expense in such amounts as this Court may hereafter allow; and (iii) granting the

7  Committee such other and further relief as is just and appropriate under the circumstances.

8

9  Dated: July 28, 2023                    Respectfully submitted,

10                                          **FOX ROTHSCHILD LLP**

11

12                                          By:  _/s/ Nicholas A. Koffroth_
                                            *Proposed* Counsel to Official Committee
13                                          of Unsecured Creditors

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

147119597.2

**Exhibit A**

1   Michael A. Sweet (SBN 184345)
    Keith C. Owens (SBN 184841)
2   Nicholas A. Koffroth  (SBN 287854)
    **FOX ROTHSCHILD LLP**
3   10250 Constellation Blvd., Suite 900
    Los Angeles CA 90067
4   Telephone:     (310) 598-4150
    Facsimile:     (310) 556-9828
5   msweet@foxrothschild.com
    kowens@foxrothschild.com
6   nkoffroth@foxrothschild.com

7   Proposed Counsel For Official Committee of Unsecured Creditors

8

9               **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                   **SANTA ANA DIVISION**

12  In re:                              Chapter 11

13  THE LITIGATION PRACTICE GROUP       Case No. 8:23-bk-10571-SC
    P.C.,
14                                      **ORDER AUTHORIZING**
15                                      **EMPLOYMENT OF FOX ROTHSCHILD**
        Debtor.                         **LLP AS COUNSEL FOR THE OFFICIAL**
16                                      **COMMITTEE OF UNSECURED**
                                        **CREDITORS, EFFECTIVE AS OF**
17                                      **JUNE 29, 2023**

18                                      [*No Hearing Required Pursuant to*
19                                      *LBR 9013-1(o)*]

20

21          The Court, having considered the *Application for Order Authorizing Employment of Fox*

22  *Rothschild LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of June*

23  *29, 2023* [Docket No. _____] (the "Application"), filed by the Official Committee of Unsecured

24  Creditors (the "Committee"), and the accompanying declarations in support thereof, and the

25  Court  being satisfied that Fox Rothschild LLP does not represent any other entity having an

26  adverse interest in connection with this case, and finding that notice of the Application is

27  sufficient under the circumstances, and good cause appearing therefor,

28

**IT IS HEREBY ORDERED** as follows:

1.      The Application is APPROVED.

2.      The Committee is authorized to retain and employ Fox Rothschild LLP as counsel to the Committee effective as of June 29, 2023.

3.      Fox is authorized to perform the services described in the Application, with compensation for such services to be paid from the Debtor's estate in such amounts and at such time as the Court may hereafter allow.

4.      The Court shall retain jurisdiction to interpret, implement, and enforce the terms of this Order.

###

1  Michael A. Sweet (SBN 184345)
   Keith C. Owens (SBN 184841)
2  Nicholas A. Koffroth  (SBN 287854)
   **FOX ROTHSCHILD LLP**
3  10250 Constellation Blvd., Suite 900
   Los Angeles CA 90067
4  Telephone:    (310) 598-4150
   Facsimile:    (310) 556-9828
5  msweet@foxrothschild.com
   kowens@foxrothschild.com
6  nkoffroth@foxrothschild.com

7  Proposed Counsel For Official Committee of Unsecured Creditors

8

9                **UNITED STATES BANKRUPTCY COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11                     **SANTA ANA DIVISION**

12  In re:                          | Chapter 11

13  THE LITIGATION PRACTICE GROUP    | Case No. 8:23-bk-10571-SC
    P.C.,
14                                   | **DECLARATION OF NICHOLAS A.
                                       KOFFROTH IN SUPPORT
15      Debtor.                        APPLICATION FOR ORDER
                                       AUTHORIZING EMPLOYMENT OF
16                                     FOX ROTHSCHILD LLP AS COUNSEL
                                       FOR THE OFFICIAL COMMITTEE OF
17                                     UNSECURED CREDITORS,
                                       EFFECTIVE AS OF JUNE 29, 2023**
18

19                                   | [*No Hearing Required Pursuant to
20                                     LBR 9013-1(o)*]

21

22      I, Nicholas A, Koffroth, hereby declare and state as follows:

23      1.      I am an attorney with the law firm Fox Rothschild LLP (the "Firm" or "Fox"),

24  proposed counsel to the Official Committee of Unsecured Creditors in the above captioned case

25  (the "Committee").  I am authorized to make this declaration on behalf of the Firm in support of

26  the *Application for Order Authorizing Employment of Fox Rothschild LLP as Counsel for the*

27

28

*Official Committee of Unsecured Creditors, Effective as of June 29, 2023* (the "<u>Application</u>")[2] and for any other purpose authorized by law.  In the capacity as proposed counsel, and except as otherwise indicated herein, I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify to the matters set forth in this declaration.

**A.    <u>The Appointment of the Committee and Retention of Fox</u>**

2.    On June 29, 2023, the Committee retained the Firm as its proposed counsel to represent it during the pendency of the Bankruptcy Case.

3.    Effective as of July 3, 2023, the Committee adopted bylaws governing the decision-making and conduct of the Committee.  Pursuant to the bylaws, April Riedy was duly appointed chair of the Committee.

**B.    <u>Fox's Experience</u>**

4.    Fox is a national, full-service law firm comprising over 1,000 attorneys across 29 offices, including in Los Angeles.  Michael Sweet, Keith Owens, and I are well-recognized members of the California bar with significant experience in bankruptcy matters.  True and correct copies of the resumes of Mr. Sweet, Mr. Owens, myself, and other Firm attorneys that are anticipated to work on this matter are attached as **<u>Exhibit 1</u>** hereto.

5.    Fox has such experience representing creditors' committees in large chapter 11 cases and other debt-restructuring scenarios, and has represented a number of creditors' committees in significant cases under chapter 11 of the Bankruptcy Code.  Among some of the more recent committee engagements, Fox has represented (or is currently representing) official creditors' committees in the following chapter 11 cases of national significance:

a.    AeroFarms, Inc. (Case No. 23-10737, Bankr. D. Del.);

b.    Boxed Inc. (Case No. 23-10397, Bankr. D. Del.);

c.    Tuesday Morning Corporation (Case No. 23-90001, Bankr. N.D. Tex.);

d.    Better Nutritionals, LLC (Case No. 22-14723, Bankr. C.D. Cal.);

e.    Custom Alloy Corporation (Case No. 22-18143, Bankr. D.N.J.);

---

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Application.

f.      Genocea Biosciences (Case No. 22-10938, Bankr. D. Mass.);

g.      Enjoy Technology, Inc. (Case No. 22-10580, Bankr. D. Del);

h.      Assuncao Bros., Inc. (Case No. 22-16159, Bankr. D.N.J.);

i.      Avadim Health, Inc. (Case No. 21-10883, Bankr. D. Del);

j.      Katerra Inc. (Case No. 21-31861, Bankr. S.D. Tex);

k.      Unipharma LLC (Case No. 21-60367, Bankr. S.D. Fla);

l.      MobiTV Inc. (Case No. 21-10457, Bankr. D. Del); and

m.      Remington Outdoor Company (Case No. 18-10684, Bankr. D. Del).

6.      I am, and the attorneys at Fox are, familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Guidelines of the Office of the United States Trustee, and will comply with them.

**C.      The Scope of Fox's Retention**

7.      I understand that the Committee proposed to retain Fox as its general bankruptcy counsel, effective as of June 29, 2023.  The scope of Fox's proposed retention under § 1103(a) will include the following services:

a.      participate in in-person and telephonic meetings of the Committee and any subcommittees formed thereby, and otherwise advise the Committee with respect to its rights, powers, and duties in the Bankruptcy Case;

b.      assist and advise the Committee in its consultations, meetings and negotiations with the Trustee and all other parties in interest regarding the administration of the Bankruptcy Case;

c.      assist the Committee in analyzing the claims asserted against and interests asserted in the Debtor's estate, and in negotiating with the holders of such claims and interests, and bringing, or participating in, objections or estimation proceedings with respect to such claims or interests;

d.      assist with the Committee's review of any schedules of assets and liabilities, statement of financial affairs and other financial reports prepared by the Trustee, and the Committee's investigation of the acts, conduct, assets,

3

liabilities, and financial condition of the Debtor and of the historic and ongoing operation of its business;

e.    assist the Committee in its analysis of, and negotiations with, the Trustee or any third party related to, among other things, financings, asset disposition transactions under § 363, compromises of controversies, and assumption or rejection of executory contracts and unexpired leases;

f.    assist the Committee in its analysis or preparation of, and negotiations with, the Trustee or any third party related to, the negotiation, formulation, confirmation, and implementation of a chapter 11 plan, and all documentation related thereto;

g.    assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in the Bankruptcy Case;

h.    respond to inquiries from individual creditors as to the status of, and developments in, the Bankruptcy Case;

i.    represent the Committee at all hearings and other proceedings before the Court and such other courts or tribunals, as appropriate;

j.    review and analyze all complaints, motions, applications, orders, and other pleadings filed with the Court, and advise the Committee with respect to its position thereon and the filing of any response thereto;

k.    assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters, and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's interests and objectives; and

l.    perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

4

**D.     Compensation and Reimbursement of Expenses**

8.      The Firm intends to apply for compensation for professional services rendered, and reimbursement of expenses incurred, in connection with this Bankruptcy Case on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

9.      Subject to the applicable provisions of the Bankruptcy Code, the Firm will be paid by the Debtor's estate based on Fox's customary hourly rates in effect from time to time and reimbursed according to its customary reimbursement policies. The Firm's current hourly rates for individuals who are likely to work on this Bankruptcy Case are as follows:

| | |
|---|---|
| Michael A Sweet – Partner | $890.00 |
| Keith C. Owens – Partner | $820.00 |
| Michael Herz - Partner | $620.00 |
| Nicholas A. Koffroth – Associate | $640.00 |
| Stephanie Slater Ward – Associate | $455.00 |
| Other Attorneys at Fox | $210.00 – 1,075.00 |
| Paralegals | $100.00 – 465.00 |

10.      The proposed hourly rates are comparable to the fees charged to non-bankruptcy clients.

11.      As this Bankruptcy Case proceeds, additional Fox partners, associates and paralegals may be assigned to work on this Bankruptcy Case, and others currently assigned may complete their assigned tasks.  To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to these areas and/or the matter involved will be assigned to this Bankruptcy Case so that duplication of efforts is avoided.  Consistent with the ranges of hourly rates described above, the hourly rates of the other Fox partners, associates and paralegals that hereafter act for the Committee may be higher or lower than those of the persons presently assigned to this matter.

12.      The hourly rates set forth above are subject to annual adjustments, usually on June 1st of each year.  Fox will timely notify the Trustee, the Committee, the UST, and the Court of any such changes, which changes will be subject to the Court's approval.

13.      The hourly rates set forth above are Fox's normal hourly rates for work of this type. These rates are set at a level designed to fairly compensate Fox for the work of its attorneys and

5

paralegals and to cover fixed and routine overhead expenses.  In addition, it is Fox's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, charges for messenger services, overnight delivery services, photocopying, court fees, travel expenses, working meals, postage, materials for large mailings, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services.  Fox will charge for these expenses in a manner and at rate consistent with charges made generally to Fox's other clients.

**E.    Fox Did Not Receive A Retainer**

14.    Fox did not receive a retainer with respect to its representation of the Committee, and there is no retainer agreement between the Committee and Fox.  It is intended that this Application and the Court's order approving Fox's retention will govern Fox's employment in this Bankruptcy Case, with the Court retaining jurisdiction to resolve any issue that might arise. Payment of Fox will be by the Debtor's estate not by the individual members of the Committee.

**F.    Disclosure of Employment Agreement**

15.    Fox will receive compensation solely from the Debtor's estate on the terms set forth herein and the procedures established by this Court.  With the exception of this Application, there is no other agreement regarding Fox's employment and there are no arrangements between Fox and any other entity for the sharing of compensation received or to be received in connection with the Bankruptcy Case, except insofar as compensation may be shared among members of Fox.

**G.    Fox Is Disinterested**

16.    Fox maintains a computerized database of its client matters. In connection with the proposed retention of Fox by the Committee, Fox performed an internal conflicts search to ensure that Fox does not have a conflict of interest that would prohibit it from representing the Committee in this matter.  Specifically, Fox has researched its client database to determine whether it had any relationship with the Debtor, the Debtor's principals, the bankruptcy estate's professionals and proposed professionals, the secured creditors, the creditors on Debtor's List of Creditors Holding 20 Largest Unsecured Claims (as amended) [Docket Nos. 6 & 122], and the Trustee.

17.    To the best of my knowledge, information and belief, the following may be deemed "connections" that are required to be disclosed under Bankruptcy Rule 2014(a):

- Richard A. Marshack – Current client in his capacity as chapter 7 trustee in *In re Dutchints Development LLC*, Case No. 21-51255-MEH (Bankr. N.D. Cal.). The Firm also serves as special litigation counsel to Larry D. Simons, chapter 7 trustee in *In re Better Nutritionals, LLC*, Case No. 22-14723. The Trustee's firm, Marshack Hays LLP, serves as general counsel to the chapter 7 trustee in that matter.

- Microsoft Corporation – Represented Microsoft corporation in connection with responses to third-party discovery requests propounded by the Trustee in *Marshack v. Diab, et al.*, Adv. Proc. No. 8:23-ap-01046-SC. Microsoft is not a creditor of the Debtor's estate.

- Ajilon – Former client in unrelated matter.

- Anthem Blue Cross – Former client in unrelated matter; former litigation and transactional adversity in unrelated matters.

- Beverly Graham – Potential[3] transactional adversity in unrelated matter.

- California Franchise Tax Board – Litigation adversity in unrelated matter.

- CT Corporation – Inv. – Litigation adversity in unrelated matter; former transactional adversity in unrelated matter.

- Department of Labor and Industries – Litigation adversity in unrelated matter.

- EnergyCare, LLC – Former client in unrelated matter.

- Franklin Capital Group – Former transactional adversity in unrelated matter.

- Gloria Eaton – Potential[3] former litigation adversity in unrelated matter.

- Indiana Department of Revenue – Former litigation adversity in unrelated matter.

- Internal Revenue Service – Litigation adversity in unrelated matter.

- JPMorgan Chase – Current client in unrelated matter; transactional adversity in unrelated matters.

- LexisNexus – Former client in unrelated matter; former transactional adversity in unrelated matter.

- Liberty Mutual – Current client in unrelated matter; transactional adversity in unrelated matters; former litigation adversity in unrelated matters.

---

[3] Fox is in the process of determining whether this person or entity is the same person or entity that is the adverse party in an unrelated Fox representation due to the commonality of the creditor name.

- Netsuite-Oracle – Former client in unrelated matter; transactional and litigation adversity in unrelated matters.

- Nevada Department of Taxation – Former litigation adversity in unrelated matters.

- Pitney Bowes – Former client in unrelated matter; litigation adversity in unrelated matter; former transactional adversity in unrelated matters.

- Thomson Reuters – Former client in unrelated matter; former transactional adversity in unrelated matter.

- Twilio, Inc. – Former transactional adversity in unrelated matters.

18.     Fox is continuing to run a connections check of all creditors on the list of unsecured creditors. I will promptly file a supplemental disclosure to the extent Fox identifies any additional connections required to be disclosed herein.

19.     Due to the size of Fox's client base, Fox has represented, represents, or may represent in the future certain creditor clients in matters unrelated to this Bankruptcy Case.  Fox will not represent any current creditor clients in connection with this Bankruptcy Case.  In the event that an actual conflict arises, Fox will seek conflict waivers and take all appropriate actions to ensure there will be no ongoing actual conflict.

20.     Similarly, Fox has been adverse to, or may be adverse in the future to, one or more creditors in matters unrelated to this Bankruptcy Case.  As discussed above, I will promptly file a supplemental disclosure of additional connections with creditors included on the list of unsecured creditors.

21.     To the best of my knowledge, information and belief, Fox does not represent any other entity having an adverse interest in connection with the Bankruptcy Case.

22.     To the best of my knowledge, information and belief, none of the attorneys comprising or employed by Fox are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee for the Central District of California or any person employed in the Office of the United States Trustee for the Central District of California.

23.    Finally, to the best of my knowledge, information and belief, no grounds exist that would make employment of Fox or any of its attorneys improper under Rule 5002(a) of the Federal Rules of Bankruptcy Procedure.

24.    Although § 1103(b) does not incorporate the "disinterestedness" standard of § 327(a), I am not aware of any connection that would prevent Fox or its attorneys from being "disinterested" persons in the Debtor's case.

25.    As Fox becomes aware of new parties-in-interest becoming involved in this Bankruptcy Case, Fox will file supplemental declarations as needed to update the disclosures made herein.

26.    Fox is not a creditor or insider of the Debtor.

27.    Fox has no known connections to any insider of the Debtor.

28.    Except to the extent the Court allows payment of compensation to the Firm out of the assets of the estate, the Firm has no compensation arrangements with the Debtor or any entity related to the Debtor, the Trustee, the Committee, or any other individual or entity associated with this Bankruptcy Case.

29.    Notice of this Application is being given to the Trustee, counsel for the Trustee, the Office of the United States Trustee and those parties who have filed requests for special notice.

30.    The foregoing constitutes the statement of the Firm pursuant to §§ 1103 and 504 and Rule 2014(a) of the Bankruptcy Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 28, 2023 in Los Angeles, California.

_/s/ Nicholas A. Koffroth_
Nicholas A. Koffroth

9

**<u>Exhibit 1</u>**



# Michael A. Sweet

**Partner and Chair, Financial Restructuring and Bankruptcy Department**

msweet@foxrothschild.com

 San Francisco, CA
Tel: 415.364.5560
Fax: 415.391.4436

 Los Angeles, CA
Tel: 424.285.7100

 New York: 212.878.7900

Chair of the firm's nationwide Financial Restructuring & Bankruptcy Department, Michael is an experienced litigator and bankruptcy attorney who achieves results for his clients by combining collaborative negotiating skills with a hard-hitting, take-no-prisoners approach to dispute resolution and litigation.

In practice for more than 25 years, he has developed a reputation for efficiency and his ability to find creative solutions to seemingly intractable disputes.

Michael is among California's most experienced Chapter 9 municipal bankruptcy attorneys. He has been quoted on the subject by national news outlets, including *The New York Times*, *CNBC*, *The Wall Street Journal* and *Bloomberg News*, among others. Michael is on the Executive Board of the California Bankruptcy Forum, a Member of the San Francisco Human Rights Commission. He is past-President of the Bay Area Bankruptcy Forum.

In addition, Michael's diverse practice includes advising companies on cross-border transactions and assisting American companies pursuing investments abroad.

## Litigation

Michael is an accomplished litigator who represents plaintiffs and defendants in commercial and employment disputes, receivership cases, probate litigation, creditors' rights issues and class actions. He has brought multiple jury trials to verdict. His clients include technology companies, trustees, receivers and other fiduciaries, financial institutions, small businesses, developers and companies in the hospitality industry.

## Bankruptcy and Financial Restructuring

In the bankruptcy arena, Michael represents debtors, creditors, creditors' committees and trustees in bankruptcy disputes throughout the state of California and nationally. He takes a creative approach to dispute resolution with the goal of maximizing recovery for clients inside and outside the courtroom. Michael has extensive experience litigating preferences, fraudulent conveyances, claims objections and plan confirmation, and he frequently advises clients in financial distress on bankruptcy avoidance. He has secured multimillion-dollar recoveries for clients in preferential transfer and avoidance action proceedings.

Michael is an appointed Resolution Advocate on the Bankruptcy Dispute Resolution Panel for the U.S. Bankruptcy Court for the Northern District of California.

## Public Entities

Michael represents public entities, including local and state governments and agencies, in disputes in bankruptcy court as well other courts throughout California. He has assisted multiple government bodies and public agencies in Chapter 9 municipal bankruptcy proceedings, and in restructuring their finances to avoid Chapter 9 proceedings. He has also represented a number of public entities in state court receivership matters as well as in the bankruptcy cases of the owners of blighted properties.

## Services

- Financial Restructuring & Bankruptcy
- Litigation
- International
- Cannabis Law
- Municipal Insolvency
- Government Relations
- Public Finance
- Bankruptcy Trustee
- Israel
- Alternative Dispute Resolution

## Before Fox Rothschild

Michael has practiced at various bankruptcy and litigation firms throughout California. Prior to his arrival at Fox, he served as chair of the municipal debt restructuring and bankruptcy practice group at a California law firm.

He is a former judicial extern for The Hon. Lisa Hill Fenning of the U.S. Bankruptcy Court for the Central District of California.

## Beyond Fox Rothschild

Michael has spoken and written extensively on bankruptcy topics, particularly in the arena of government issues related to potential Chapter 9 bankruptcy filings.

Specifically, Michael was approached by national publications to provide commentary following the ruling that declared the City of Stockton, California, eligible for Chapter 9 bankruptcy, as well as following Detroit's bankruptcy filing. He appeared in a variety of news outlets including:

- "Braced to Remake Itself, Detroit First Awaits Challenges to Bankruptcy Eligibility ," - *The New York Times*
- "Detroit Files for Bankruptcy ," – *CNBC*
- "Judge Orders Detroit to Withdraw Bankruptcy Filing ," and "Detroit Files for Bankruptcy ," *CNN Money*
- "Pension Funds Wary as Bankrupt City Goes to Trial " - *The New York Times*
- "In Bankruptcy, Stockton Must Decide Pension Issue " - *NPR's Morning Edition*
- "Judge to Rule on Whether Stockton, CA Can Enter Bankruptcy Protection " - *Fox News*
- "As Reality of Bankruptcy Hits, Stockton Grapples with Hard Decisions " - *Which Way, LA? KCRW Radio*

## Bar Admissions

- California
- New York
- District of Columbia

## Court Admissions

- U.S. Supreme Court
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California

• U.S. District Court, Southern District of California

## Education

• University of California, Los Angeles, School of Law (J.D., 1996)
• Brandeis University (B.A., *cum laude*, 1991)

## Memberships

• Bar Association of San Francisco
• Bench-Bar Liaison Committee for the U.S. Bankruptcy Court for the Northern District of California, Co-Chair
• California Political Attorneys' Association
• California State Democratic Central Committee

## Board of Directors

• Commissioner, San Francisco Human Rights Commission (Chair 2011-2014; Vice Chair 2009-2011 and 2016-2020)
• Bay Area Bankruptcy Forum (President, 2019-2020)
• California Bankruptcy Forum, Vice President (Board Member, Past Secretary 2021; Treasurer 2020; Conference Co-Chair, 2020-2021)
• The College Preparatory School, Trustee (Oakland, CA)

## Honors & Awards

• Recognized in the *Chambers USA* Guide for Bankruptcy/Restructuring in California (2022)
• Named a "Small Turnaround of the Year" honoree by TMA Chicago/Midwest Chapter (2022)
• Named to the list of "Top 100 Restructuring Professionals: Distinction in Dealmaking" by the *Global M&A Network* (2022)
• Listed as a "Recognized Practitioner" (2021) and "Notable Practitioner" (2020, 2022) in the Legally Israel 100 by *Israel Desks*
• Named a Trailblazer in the West by *The American Lawyer* (2022)
• Selected to a list of the Top 100 Restructuring Professionals by *Global M&A Network*. (2022)



# Experience

• Counsel for the Official Committee of Unsecured Creditors of Katerra (Bankr. S.D. Tex.).
• Co-counsel for the Official Committee of Unsecured Creditors of Avadim Health, Inc. (Bankr. D. Del.).
• Counsel for the Official Committee of Unsecured Creditors of It'Sugar LLC (Bankr. S.D. Fla.).
• Co-counsel for the Official Committee of Unsecured Creditors of Unipharma LLC. (Bankr. S.D. Fla.).
• Counsel for the Official Committee of Unsecured Creditors of MobiTV, Inc. (Bankr. D. Del.).
• Counsel for the Official Committee of Unsecured Creditors of Remington Outdoor Company (Bankruptcy N.D. Ala.).
• Counsel for the Official Committee of Unsecured Creditors of Comcar Industries, Inc. (Bankr. D. Del.).
• Counsel for the Official Committee of Unsecured Creditors of Anka Behavioral Health (Bankr. N.D. Cal.).
• Counsel for the Official Committee of Unsecured Creditors of Heavenly Couture (Bankr. C.D. Cal.).
• Counsel for the Official Committee of Unsecured Creditors of SpeedVegas (Bankr. D. Del.).
• Counsel for the Official Committee of Unsecured Creditors of West Contra Costa Healthcare District (Bankr. N.D. Cal.).
• Counsel for the Official Committee of Unsecured Creditors of Tri-Valley Learning Corporation (Bankr. N.D. Cal.).
• Counsel for the Official Committee of Unsecured Creditors of Fresh & Easy, Inc. (Bankr. D. Del.).
• Counsel for the Official Committee of Unsecured Creditors of NJOY, Inc. (Bankr. D. Del.).
• Counsel for the Official Committee of Unsecured Creditors of Santa Cruz Berry Farming, Inc. (Bankr. N.D. Cal.).
• Counsel for major secured creditor in Chapter 9 case of Kennewick Public Hospital (Bankr. E.D. Wash.).

- Lead counsel for Palm Drive Health Care District in its Chapter 9 case (Bankr. N.D. Cal.).
- Assisted the city of Richmond, California, in restructuring its finances to avoid filing for bankruptcy.
- Successfully represented a California county in negotiations with state regulators over a budget shortfall to prevent the need for a Chapter 9 filing.
- Served as lead bankruptcy counsel to the Official Committee of Equity Investors in California Mortgage and Realty (CMR) cases in the Northern District of California, which involved more than 1,200 equity investors with claims based on more than $200 million in investments.
- Represented a Healthcare District in obtaining significant concessions from creditors thereby avoiding a Chapter 9 bankruptcy filing.
- Represented City of Eureka, California, in a Chapter 11 matter involving the owner of 30 parcels of blighted commercial and residential real estate.
- Represented City of Oakland in a bankruptcy matter involving a residential hotel.



# Keith C. Owens

**Partner**



kowens@foxrothschild.com

Los Angeles, CA
Tel: 424.285.7056
Fax: 310.556.9828

Keith is a strategic ally for clients involved in bankruptcy proceedings, workouts and other insolvency matters, including receiverships and assignments for the benefit of creditors and creditors' rights litigation.

A former bankruptcy appellate law clerk who has argued before the Ninth Circuit Court of Appeals and appeared before the U.S. Supreme Court, he is experienced in all facets of bankruptcy, insolvency, distressed acquisitions and dispositions. He concentrates his practice on:

- Chapter 11 plan restructuring and related litigation
- Subchapter V bankruptcy
- Section 363 sales and sales pursuant to a Chapter 11 Plan
- Out-of-court workouts
- Valuation disputes
- Single-asset real estate cases
- Structured and closed debtor-in-possession (DIP) financing
- Cash collateral transactions on behalf of lenders and debtors
- Adversary proceedings including fraudulent conveyance, preference and D&O litigation
- Bankruptcy appeals

Keith represents commercial debtors, creditors' committees, secured and unsecured secured creditors, officers, directors and equity holders before bankruptcy and federal district courts throughout the United States, as well as landlords and tenants, licensors and licensees, counterparties to contracts and other major constituencies. His clients include businesses and individuals in a wide range of industries, including entertainment and sports, health care, cannabis, alcohol and beverage, technology, credit card processing, construction, commercial real estate and hospitality.

In addition to his federal work, Keith has led creditors' rights litigation in California state courts.

## Lenders and Loan Servicers

Keith also works extensively with lenders and commercial mortgage-backed securities (CMBS) servicers regarding real property secured loan litigation and real estate owned (REO) disposition matters, including:

- Judicial and non-judicial foreclosures
- Guarantor litigation
- Lender liability litigation

- Enforcement of pre- and post-judgment remedies, including:
    - Receivership appointments
    - Injunctions
    - Workouts
    - Loan restructurings
    - Forbearances
    - Discounted payoffs
    - Note sales

Keith is an editor of and a frequent contributor to the firm's "In Solvency" blog, which covers bankruptcy and financial restructuring issues.

## Services

- Financial Restructuring & Bankruptcy
- Entertainment & Sports Law
- Cannabis Law
- Residential Health Care Facilities

## Before Fox Rothschild

Prior to joining Fox Rothschild, Keith was a Partner in the Bankruptcy and Creditors' Rights Practice at two *AmLaw* 100 law firms.

Keith began his legal career as a trial law clerk for the Honorable Christopher M. Klein of the United States Bankruptcy Court for the Eastern District of California, and as an appellate law clerk to the Honorable John E. Ryan, who served on the United States Bankruptcy Appellate Panel for the Ninth Circuit. Prior to attending law school, Keith worked as a writer for Tig Productions and various Los Angeles–based entertainment magazines.

## Bar Admissions

- California

## Court Admissions

- U.S. Supreme Court
- U.S. Court of Appeals, Ninth Circuit
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California
- U.S. Bankruptcy Court, Central District of California
- U.S. Bankruptcy Court, Eastern District of California
- U.S. Bankruptcy Court, Northern District of California
- U.S. Bankruptcy Court, Southern District of California

## Education

- Southwestern Law School (J.D., *cum laude*)
- University of California, Los Angeles (B.A.)

## Memberships

- American Bankruptcy Institute
- Financial Lawyers Conference
- Beverly Hills Bar Association (2011)

- o   Executive Committee of the Bankruptcy Section and former Section Chair
- Los Angeles County Bar Association
  - o   Executive Committee of the Commercial Law and Bankruptcy Section
- Los Angeles Bankruptcy Forum
- Orange County Bankruptcy Forum
- Turnaround Management Association

## Board of Directors

- Musica Angelica (2014-2015)

## Honors & Awards

- Recognized in *Chambers USA*, Bankruptcy/Restructuring, California (2015-2016, 2018)
- Among *Southern California Super Lawyers*, Bankruptcy and Creditors' Rights (since 2009)
- Recognized in *Super Lawyers Business Edition*, Bankruptcy, Los Angeles (2013)
- Recognized among *Super Lawyers'* Rising Stars, Bankruptcy and Creditors' Rights (2006, 2008)

# Representative Matters

- Argued Ninth Circuit appeal in *U.S. Bank Nat'l Ass'n v. Village at Lakeridge, LLC*, 814 F.3d 993, 1001 (9th Cir. 2016) on the issues of whether an assignee of an insider claim was a non-statutory insider disqualified on voting to confirm a plan of reorganization under 11 U.S.C. § 1129(a)(10) and whether the acquisition and solicitation of the insider claim was made in bad faith for purposes of 11 U.S.C. § 1129(a)(6)
- Drafted Petition for *Certiorari*, granted in part by the United States Supreme Court in *U.S. Bank Nat'l Ass'n v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 2018 WL 1143822 (Mar. 5, 2018)
- Represented the official committee of unsecured creditors in the bankruptcy of Katerra, a vertically integrated group of construction technology firms that raised close to $3 billion in equity investments but was never able to generate a profit.
- Represented the Official Committee of Bondholders in the Farmland Industries Chapter 11 case filed in the United States Bankruptcy Court for the Eastern District of Missouri.
- Represented the Official Committee of Unsecured Creditors of RCR Plumbing in the United States Bankruptcy Court for the Central District of California.
- Represented the Organization of Parishes (consisting of over 98 parishes) of the San Diego Catholic Diocese in the Chapter 11 case of the San Diego Catholic Diocese.
- Represented various automotive suppliers in General Motors and Chrysler bankruptcies cases filed in the United States Bankruptcy Court for the Southern District of New York.
- Represented various broker-dealers in the Lehman Brothers Chapter 11 bankruptcy and SIPA proceedings.
- Represented trade creditors in various retail bankruptcies and out-of-court workouts.
- Represented landlords in various retail bankruptcies.
- Represented roofing, solar, and battery company as debtors in possession in Chapter 11 bankruptcy case in the U.S. Bankruptcy Court for the District of Nevada
- Represented music producer and consultant in a Subchapter V bankruptcy case, and successfully confirmed the Subchapter V Plan.
- Represent land developer as Chapter 11 debtor in U.S. Bankruptcy Court for the Central District of California.
- Represented auto parts manufacturer Fluid Routing Solutions and its affiliated debtor entities in their Chapter 11 bankruptcy cases filed in United States Bankruptcy Court for the District of Delaware.
- Represented auto parts manufacturer Diamond Glass, Inc. and its affiliated debtor entities in their Chapter 11 bankruptcy cases.
- Represented Vista Hospital System (comprising French Hospital, Arroyo Grande Hospital and Corona Regional Medical Center) in its Chapter 11 bankruptcy cases filed in the United States Bankruptcy Court for the Central District of California.
- Represented a rehabilitation center in an out-of-court workout.
- Represented former officers of a major hospital system in multimillion-dollar avoidance litigation commenced by a liquidating trustee in the U.S. Bankruptcy Court for the Central District of California.
- Represented Care1st Health Plan in its acquisition of WattsHealth d/b/a UHP Healthcare HMO for $30 million in the WattsHealth Chapter 11 bankruptcy case filed in the United States Bankruptcy Court for the Central District of California.

- Represented the County of Contra Costa in connection with its funding of West Contra Costa Healthcare District, d/b/a Doctors Medical Center, in its Chapter 9 bankruptcy case filed in the United States Bankruptcy Court for the Northern District of California.
- Represented purchasers and/or stalking horse bidders in various nursing home, senior living, and assisted living bankruptcies.
- Represented the shareholders of Metabolife International, Inc. in Metabolife's Chapter 11 case filed in the United States Bankruptcy Court for the Southern District of California.
- Represented a former officer in the Rhythm & Hues Studios Inc. Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Central District of California.
- Represented a former officer in the Nutracea Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Arizona.
- Represented mezzanine lender in the Cupertino Square Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Northern District of California.
- Represented some of the nation's largest special servicers of CMBS assets on all aspects of commercial real estate loan workouts, bankruptcies, foreclosure and receivership litigation.
- Represented prints and advertising lenders Endgame Releasing Company, LLC and Endgame Releasing Funding, LLC in the Chapter 11 bankruptcy cases filed by Los Angeles-based film production and distribution company Open Road. Films, LLC, and certain debtor affiliates, in the United States Bankruptcy Court for the District of Delaware.
- Represented numerous actors, producers, directors and writers as counter-parties to contracts in The Weinstein Company Chapter 11 bankruptcy cases in the United States Bankruptcy Court for the District of Delaware.
- Represented talent clients in the Relativity Media Chapter 11 bankruptcy cases filed in the United States Bankruptcy Court for the Southern District of New York.
- Represents intellectual property licensors and licensees in bankruptcy cases and Assignment for the Benefit of Creditors proceedings throughout the United States.
- Represents asset purchasers, lenders and assignees in Assignment for the Benefit of Creditors proceedings.

## Events

October 27, 2021
**Chapter 11 Basics for Secured Lenders**
*Webinar*

October 8, 2021
**Off the Clock During the NCBJ**
*Tavern on South*

June 30, 2021
**Strategies to Avoid Lender Liability**
*Webinar*

December 3, 2020
**Putting the Puzzle Together: Bankruptcy Issues Facing Franchisors**
*Webinar*

October 22, 2020
**COVID-Induced Stress: Bankruptcy and Other Solutions for Health Care Providers**
*Webinar*

July 21, 2016
**You May Be Healthy, But What About Your Provider? Dealing With Troubled Healthcare Providers**
*Lawry's the Prime Rib*

March 4, 2016
**Restructuring, Insolvency & Troubled Companies 2016 Opportunity Amidst Crisis - Buying Distressed Assets, Claims and Securities for Fun & Profit**
*Webinar*

November 3, 2015
**Appellate Practice 101**
*Webinar*

March 24, 2015
**The World of SARE Cases**
*Hyatt Regency Century Plaza*

November 14, 2012
**Bankruptcy Nuts and Bolts**

April 1, 2010
**Strategic Considerations for Suppliers When Dealers and Franchisees Go 'Belly Up**
*Milwaukee, WI*

April 28, 2009
**Healthcare Business Bankruptcies**

April 16, 2009
**Safely Structuring Acquisitions of Assets and Protecting Property Rights From Distressed US Companies**
*Tokyo, Japan*

April 1, 2009
**Strategies and Solutions in a Troubled Economy**
*Milwaukee, WI*

March 1, 2005
**INSOL 2005 Turnaround & Reorganization Meeting**
*Sydney, Australia*

# Publications

June 22, 2022
**9th Circuit Ruling Offers Guidance on Automatic Stay Violations**
*Law360*

Spring 2021
**Subchapter V Bankruptcy Is Available for Franchise Companies**
*American Bar Association: The Franchise Lawyer*

December 10, 2020
**Bankruptcy Issues in Franchising: An Overview**

December 4, 2020
**The Uncertain Future of Distressed Cannabis Bankruptcies and the 2020 Elections**
*New Cannabis Ventures*

June 9, 2020
**Checklist: COVID-19 Crisis Management for Entertainment Industry Businesses**

May 22, 2020

**The E-Z Pass Bankruptcy Solution for Franchise Companies**

*The Legal Intelligencer*

April 1, 2020

**CARES Act Enhances Viability of Chapter 11 Reorganizations for Small Businesses**

May 22, 2019

**Distressed Cannabis Companies See Hope in 9th Circ. Ruling**

*Law360*

September 2016

**Supreme Court Expands the Definition of "Actual Fraud" by Making Fraudulent Conveyances Non-Dischargeable Under 11 U.S.C. Section 523(a)(2)(A)**

*Pratt's Journal of Bankruptcy Law*

March 7, 2016

**When the Party's Over: How to Minimize Risk in Distress**

*Law360*

June 20, 2014

**Retailer Bankruptcies: What Suppliers Need to Know**

*Chain Store Age*

March 2013

**A Hail Mary or Bad Faith Filing? Why Assignment of Insider Claims to Non-Insider Parties Cannot Be Used to Confirm a Cramdown Plan**

*The Banking Law Journal*

June 2012

**When Worlds Collide – The Impact of a Chapter 11 Bankruptcy on the Receivership Estate**

*Financier Worldwide*

May 26, 2011

**Arbitration, Bankruptcy and Commercial Agreements: The ABC's of Enforceability of Arbitration Clauses in Bankruptcy**

*DailyDAC*

April 7, 2011

**Giving Teeth to a Repeat-Filing Statute**

*Law360*

February 9, 2010

**The Future of SPEs in Light of General Growth**

*Law360*

November 1, 2006

**Health Care Providers and the Automatic Stay: Is Medicare Termination Different Than Exclusion?**

*ABI Journal*

September 14, 2005

**Are You in the Zone? Additional Duties Imposed on Directors of a Corporation in the "Zone of Insolvency"**

*Mondaq*

October 2004
**The Perils of Plan Confirmation: Speak Now or Forever Hold Your Peace**
*ABI Journal*

January 2004
**Bankruptcy Sales: A Banker's Guide**
*The Banking Law Journal*

# News

November 24, 2022
**Bankruptcy in America: Tracking Commercial and Personal Filings by State**

July 12, 2021
**Katerra Approved For Ch. 11 Loan Deadline Extension**

March 12, 2020
**Fox Welcomes Bankruptcy Partner Keith Owens in Los Angeles**



# Nicholas A. Koffroth

**Associate**

[NKoffroth@foxrothschild.com](mailto:NKoffroth@foxrothschild.com)


Los Angeles, CA
Tel: 424.285.7070
Fax: 310.556.9828


Las Vegas, NV
Tel: 702.699.5930
Fax: 702.597.5503

Nick focuses his practice on complex bankruptcy cases and financial restructuring matters. His bankruptcy experience includes work in the commercial real estate, health care, commercial lending and entertainment sectors.

## Bankruptcy

Nick has broad-based experience in nearly all facets of bankruptcy and insolvency matters. His bankruptcy practice includes:

- Chapter 11 plan restructuring and related litigation
- Section 363 sales
- Valuation disputes
- Single-asset real estate cases
- Debtor-In-Possession (DIP) financing
- Adversary proceedings
- Bankruptcy appeals
- Claim disputes

Nick represents a broad range of bankruptcy stakeholders. He has represented debtors in matters ranging from the second largest hospital bankruptcy case in U.S. history to Subchapter V cases. Nick has represented official committees of creditors in health care bankruptcy cases, official committees of equity security holders in post-confirmation litigation and an ad hoc committee in negotiations related to confirmation of a real estate Ponzi-scheme case. He also represents a wide range of other bankruptcy stakeholders, including secured and unsecured creditors, landlords, tenants, franchisors, franchisees, directors and officers.

Nick has represented businesses and individuals in a wide range of industries, including commercial real estate, health care, entertainment, apparel, hospitality, sports and technology.

## Litigation & Appellate Matters

Nick aggressively litigates high-stakes matters in bankruptcy, federal and state courts, including post-confirmation equity holder disputes, state and federal agency challenges to bankruptcy sales, and breach of contract matters with potential damages in excess of $100 million. He handles pre-trial practice, motions practice, fact and expert discovery, witness preparation, appellate practice, and counsels clients regarding litigation strategy, settlement and future liability.

Nick has drafted briefs in appeals before various U.S. District Courts and Bankruptcy Appellate Panels, the 9th Circuit Court of Appeals, and the U.S. Supreme Court.

## Lenders & Loan Servicers

Nick also works extensively with lenders and commercial mortgage-backed securities (CMBS) servicers regarding real property-secured loan litigation. His CMBS experience spans state, federal and appellate courts in matters including guarantor litigation, lender liability litigation, borrower liability litigation (including state law fraud and breach of contract claims), intercreditor disputes and foreclosure actions. Nick also represents lenders in the entertainment space and has obtained favorable rulings for prints and advertising lenders in connection with bankruptcy sales.

## Thought Leadership

Nick is actively involved in local and national bankruptcy organizations. In addition to writing nationally published articles, Nick is a regular contributor to the firm's "In Solvency" blog which covers current bankruptcy and financial restructuring issues.

## Services

- Financial Restructuring & Bankruptcy

## Representative Matters

- Represented Verity Health System of California, Inc., and 16 related entities, including six acute care operating hospitals, in their chapter 11 cases — the second largest hospital bankruptcy case in American history with more than $1.4 billion of debt. During the cases, the court approved the sale of Verity's hospitals and senior living facility, and confirmed the joint plan of liquidation, which resolved complex litigation and created a liquidating trust for the benefit of creditors. The sale of Verity's nonprofit assets raised unique issues related to the transfer of health care assets in bankruptcy, including the scope of the powers of the Attorney General and the transfer of medical provider agreements, which led to groundbreaking decisions. During the cases, Verity also collaborated with the attorneys for the California Governor's Office of Emergency Services to reopen St. Vincent Medical Center in Los Angeles, and to set aside beds at Seton Medical Center in the Bay Area to treat COVID-19 patients.
- Represented the trustee and the trustee board in the post-confirmation, jointly administered cases of ICPW Liquidation Corp. (formerly *In re Ironclad Performance Wear Corp, et al.*) in post-confirmation litigation and related distribution matters.
- Drafted petition for *certiorari*, granted in part by the U.S. Supreme Court in *U.S. Bank Nat'l Ass'n v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 2018 WL 1143822 (Mar. 5, 2018) and related merits briefing.
- Represented prints and advertising lenders Endgame Releasing Company, LLC and Endgame Releasing Funding, LLC in the Chapter 11 bankruptcy cases filed by Los Angeles-based film production and distribution company Open Road Films, LLC, and certain debtor affiliates, in the U.S. Bankruptcy Court for the District of Delaware.
- Represented a global watch company as a Chapter 11 debtor, completing a 363 sale of the company's assets in less than two months after the commencement of bankruptcy, and obtaining court approval of the company's Chapter 11 plan in under four months.
- Represented numerous actors, producers, directors and writers as counterparties to contracts in The Weinstein Company Chapter 11 bankruptcy cases in the U.S. Bankruptcy Court for the District of Delaware.
- Represented talent clients in the Relativity Media Chapter 11 bankruptcy cases filed in the U.S. Bankruptcy Court for the Southern District of New York.
- Represented asset purchasers and potential purchasers in conducting diligence and submitting bids in connection with bankruptcy asset sales.
- Represented some of the nation's largest special servicers of CMBS assets on all aspects of commercial real estate loan workouts, bankruptcies, foreclosure and receivership litigation.

## Publications

Samuel R. Maizel, Tania M. Moyron & Nicholas Koffroth, "Medicare, Medicaid Provider Agreements May Transfer Free and Clear in Bankruptcy," *Journal of Corporate Renewal*, Sept. 2020.

Samuel R. Maizel, Tania M. Moyron, Nicholas Koffroth & Sarah M. Schrag, "The Effect of the Global Pandemic on Hospitals in America: The Rich Get Richer, But for the Rest …, " *Journal of Bankruptcy Law & Practice*, Aug. 2020.

Andrew J. Currie & Nicholas A. Koffroth, "Sino Clean Energy, Inc. v. Seiden (In re Sino Clean Energy, Inc.): Authority to File and the Tension Between Bankruptcy and Receivers," *Norton Bankruptcy Legal Adviser,* April 2019.

### Before Fox Rothschild

Prior to joining Fox, Nicholas was a senior managing associate in the Restructuring, Insolvency and Bankruptcy Group of an international law firm, based in its Los Angeles office. Before that, he was an associate in the Los Angeles office of a national law firm.

Nick began his legal career as a law clerk in the U.S. Bankruptcy Court for the Central District of California. During his time with the Bankruptcy Court, Nick clerked for the Honorable Sandra R. Klein, the Honorable Thomas B. Donovan, the Honorable Neil W. Bason, the Honorable Victoria Kaufman and the Honorable Sheri A. Bluebond.

### Bar Admissions

- California
- District of Columbia
- Nevada
- New York

### Education

- Loyola Law School (J.D., 2012)
- University of California, Los Angeles (B.A., 2008)

### Memberships

- Los Angeles Bankruptcy Forum
- Beverly Hills Bar Association, Bankruptcy Section
  - Chair, Executive Committee (2018-2019)
- American Bar Association
  - Business Bankruptcy Committee, Vice Chair of the Content and Publications Subcommittee
- California Bankruptcy Forum Conference
  - Young Insolvency Professionals Co-Chair

### Board of Directors

- Los Angeles Bankruptcy Forum (2019 - 2021)

### Honors & Awards

- Selected to the "Ones to Watch" list for Bankruptcy & Creditor Debtor Rights/Insolvency & Reorganization Law, Real Estate Law (2021-2023) Entertainment & Sports Law (2023) and Health Care Law (2023) by *Best Lawyers*
- Selected to the "Rising Stars" list for Bankruptcy and Creditor Debtor Rights (2019-2021) and Bankruptcy: Business (2022) in Southern California by *Super Lawyers*

# Publications

October 12, 2021
**Critical Vendor Order Insufficient to Protect Critical Vendors Against Preference Claims**
*Harvard Law School Bankruptcy Roundtable*

September 15, 2021

**Bankruptcy Eligibility Is Expanding For Small Biz Debtors**

*Law360*



**Fox Rothschild** LLP
ATTORNEYS AT LAW

# Michael R. Herz

**Partner**

<u>mherz@foxrothschild.com</u>



Morristown, NJ
Tel: 973.548.3330
Fax: 973.992.9125



New York, NY
Tel: 212.878.7900
Fax: 212.692.0940

Michael centers his practice on complex bankruptcy and insolvency matters.

His diverse and dynamic practice spans representation of Chapter 7 and Chapter 11 trustees, creditor committees, post-confirmation trusts, individual creditors – including financial institutions, loan servicers and landlords – and debtors in all phases of the bankruptcy process. Michael also has deep experience in adversary proceedings and other bankruptcy-related litigation and has facilitated the recovery and administration of millions of dollars in assets and claims. In 2022, Michael was appointed to the Lawyers Advisory Committee for the U.S. Bankruptcy Court for the District of New Jersey, which serves as a conduit between the bankruptcy bar and the Board of Bankruptcy Judges in the state.

Michael is adept at finding creative legal solutions to difficult problems. In trustee cases, he has earned a reputation for uncovering fraudulent conduct and tracking down hidden assets. Always focused on maximizing return for the estate or recovery for creditors, Michael uses innovative arguments and his deep knowledge of the Bankruptcy Code to optimize the client's position going into any negotiation.

For businesses in the cannabis sector that encounter financial difficulties, Michael advises and has written and presented on alternatives to traditional bankruptcy, including assignments for the benefits of creditors, receiverships and workouts.

In a niche practice, Michael has developed a particular fluency in issues related to student loans in the bankruptcy context and in other litigation. He represents student loan servicers as creditor in bankruptcy court and in defending claims under the Fair Credit Reporting Act and the Telephone Consumer Protection Act. Michael has also written and spoken on this and other bankruptcy-related topics.

An active member of the American Bankruptcy Institute, Michael is a Contributing Editor of the *ABI Journal*, overseeing the "Trustee Talk" column, and previously served for several years as an Associate Editor. He serves on the advisory board for the ABI's Mid-Atlantic Bankruptcy Conference and is a prolific industry thought leader who has published articles in the *ABI Journal, Law360, Bloomberg Law, The Legal Intelligencer* and the *New Jersey Law Journal*, among others. He is also an editor of and a frequent contributor to the firm's <u>"In Solvency" blog</u>, which covers bankruptcy and financial restructuring issues.

## Services

- Financial Restructuring & Bankruptcy
- Bankruptcy Litigation
- Cannabis Law
- Bankruptcy Trustee

## Beyond Fox Rothschild

Michael is a member of the Board of Trustees for the Kessler Foundation, a leading organization in researching treatments for spinal and neurological injuries and conditions. He also participates in the annual Duberstein Bankruptcy Moot Court Competition as a brief grader.

## Before Fox Rothschild

Prior to joining Fox, Michael was an attorney at a leading insolvency boutique. He also previously worked at firms in New Jersey and New York, where he represented clients in both bankruptcy and litigation matters.

In law school, Michael was a notes and comments editor for the Brooklyn Journal of International Law.

## Bar Admissions

- New Jersey
- New York

## Court Admissions

- U.S. Court of Appeals, Third Circuit
- U.S. District Court, District of New Jersey
- U.S. District Court, Southern District of New York
- U.S. District Court, Eastern District of New York

## Education

- Brooklyn Law School (J.D., 2008)
- Brandeis University (B.A., *with high honors*, 2003)

## Memberships

- Lawyers Advisory Committee for the U.S. Bankruptcy Court for the District of New Jersey
- American Bankruptcy Institute
  - Contributing Editor, *ABI Journal*, overseeing "Trustee Talk" column
  - Advisory Board, Mid-Atlantic Regional Conference
  - Former Associate Editor of *ABI Journal*
  - Member, Circuit Court Opinion Editorial Board
- American Bar Association
- Bankruptcy Inn of Court (former student)
- New Jersey State Bar Association
- Turnaround Management Association
  - Vice President of Membership, NJ Turnaround Management Association Board

## Board of Trustees

- Kessler Foundation (ad hoc member)

# Honors & Awards

- **Selected to the "40 Under 40 Emerging Leaders in Insolvency" list by the *American Bankruptcy Institute* (2021)**
  *This award is conferred by the American Bankruptcy Institute. A description of the selection methodology is available here. No aspect of this advertisement has been approved by the Supreme Court of New Jersey.*

- **Selected to the "Super Lawyers - Rising Stars" list for Bankruptcy Law in New Jersey (2014-2018, 2021-2012)**
  *This award is conferred by Thomson Reuters. A description of the selection methodology is <u>available here</u>. No aspect of this advertisement has been approved by the Supreme Court of New Jersey.*
- Article included in American Bankruptcy Institute's *Best of ABI 2019: The Year in Consumer Bankruptcy,* "A Parent's Quid Pro Quo"
- Recipient of Prince Merit Scholarship at Brooklyn Law School



# Fox Rothschild LLP
### ATTORNEYS AT LAW

# Stephanie Slater Ward
**Associate**

sslater@foxrothschild.com



Wilmington, DE
Tel: 302.622.4261
Fax: 302.656.8920

Stephanie assists clients with a broad range of bankruptcy, financial restructuring and insolvency matters.

She is also a contributor to the firm's "In Solvency" blog, which covers bankruptcy and financial restructuring issues.

## Services

- Financial Restructuring & Bankruptcy

## Before Fox Rothschild

Prior to joining Fox Rothschild, Stephanie was a summer associate with the firm. During law school, Stephanie worked as a Student Attorney at the Villanova Law Federal Tax Clinic and served as an Associate Editor of the *Jeffrey S. Moorad Sports Law Journal*. Stephanie was also a judicial extern to the Honorable Kevin Carey of the U.S. Bankruptcy Court for the District of Delaware.

Before attending law school, Stephanie worked as an Asset Management Group Analyst with PNC Bank.

## Bar Admissions

- Delaware

## Education

- Villanova University School of Law (J.D., 2020)
- Lehigh University (B.S., *Dean's List*, 2016)

## Memberships

- Financial Restructuring & Bankruptcy Department

## Honors & Awards

- Named a "Small Turnaround of the Year" honoree by TMA Chicago/Midwest Chapter (2022)

Michael A. Sweet (SBN 184345)
Keith C. Owens (SBN 184841)
Nicholas A. Koffroth  (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles CA 90067
Telephone:     (310) 598-4150
Facsimile:     (310) 556-9828
msweet@foxrothschild.com
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Proposed Counsel For Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE LITIGATION PRACTICE GROUP P.C., | Case No. 8:23-bk-10571-SC |
| Debtor. | **DECLARATION OF APRIL RIEDY IN SUPPORT APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF FOX ROTHSCHILD LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JUNE 29, 2023**<br><br>[*No Hearing Required Pursuant to LBR 9013-1(o)*] |

I, April Riedy, hereby declare and state as follows:

1.     I am the Chairperson for the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case (the "Bankruptcy Case"). I make this declaration in support of the *Application for Order Authorizing Employment of Fox Rothschild LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of June 29, 2023* (the "Application") and for all other purposes authorized by law.[3]  I am over the age of 18, am mentally

---

[3] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Application.

competent, have personal knowledge of the facts in this matter, except where stated as based upon information and belief, and if called upon to testify, could and would do so.

2.    On June 23, 2023, the Office of the United States Trustee (the "UST") appointed [Docket No. 134] the Committee, which consisted of the following five members: Alexadra Lufti; April Riedy; Denise Burtchell; Angela Dows; and Thomas Ray.    On June 29, 2023, the UST expanded [Docket No. 157] the Committee's membership from five to seven members with the addition of Affirma, LLC and Abigail R. Beaudin.

3.    On June 29, 2023, the Committee duly selected Fox as counsel to represent it during the pendency of the Bankruptcy Case.

4.    Effective as of July 3, 2023, the Committee adopted bylaws governing the decision-making and conduct of the Committee.    Pursuant to the bylaws, I was duly appointed chair of the Committee.

5.    The Committee seeks to employ Fox to advise and assist in carrying out its duties in this bankruptcy case.    The Committee believes that it is in the best interest of the unsecured creditors for the Committee to retain Fox to advise and assist it in connection with all proceedings of concern to the unsecured creditors and the Committee, including but not limited to those set forth in the Application.

6.    I understand that Fox's attorneys are skilled counsel in bankruptcy and insolvency cases and have significant experience in the areas of business reorganization and creditor/debtor matters.    I understand that the Fox attorneys who will assist the Committee have served as counsel to numerous unsecured creditors' committees.

7.    The Committee has been informed that the hourly rates set forth in the Application are the Fox's normal hourly rates for work of this type.    I understand that these rates are set at a level designed to fairly compensate Fox for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.    In addition, I understand that is Fox's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with each client's case.

8.      The Committee has been informed that Fox reviews all client billings for reasonableness and makes adjustments so that the charges are consistent with the value of the services provided.

9.      Throughout this case, the Committee will review the fees and expenses incurred by Fox to manage costs.  The Committee understands that Fox increases the hourly billing rates for its professionals and paraprofessionals every year, usually effective June 1.  The Committee consents to such ordinary course rate increases with the proper notice.

10.     Fox has provided the Committee with a staffing plan, which the Committee has approved.  The Committee understands that the staffing plan may, in Fox's discretion, be revised as conditions warrant.  The Committee will review any amended staffing plan.

11.     Based on the foregoing, the Committee believes that is in the best interests of the Committee to retain Fox.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 28, 2023 in West Bloomfield Township, Michigan.

_____
April Riedy

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.        TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On 7/28/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric Bensamochan     eric@eblawfirm.us, G63723@notify.cincompass.com
- Peter W Bowie     peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown     ron@rkbrownlaw.com
- Christopher Celentino     christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Michael F Chekian     mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Shawn M Christianson     cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark     rbc@randallbclark.com
- Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Jenny L Doling     jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- Daniel A Edelman     dedelman@edcombs.com, courtecl@edcombs.com
- Christopher Ghio     christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- Jeffrey I Golden     jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow     rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- D Edward Hays     ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser     ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander     ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Razmig Izakelian     razmigizakelian@quinnemanuel.com
- Joon M Khang     joon@khanglaw.com
- Ira David Kharasch     ikharasch@pszjlaw.com
- Meredith King     mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth     nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz     David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley     chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- Daniel A Lev     daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Michael D Lieberman     mlieberman@lipsonneilson.com
- Yosina M Lissebeck     Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Richard A Marshack (TR)     pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Laila Masud     lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/28/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric Bensamochan    eric@eblawfirm.us, G63723@notify.cincompass.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Ronald K Brown    ron@rkbrownlaw.com
- Christopher Celentino    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Randall Baldwin Clark    rbc@randallbclark.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Jenny L Doling    jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com
- Daniel A Edelman    dedelman@edcombs.com, courtecl@edcombs.com
- Christopher Ghio    christopher.ghio@dinsmore.com, Kristina.Heller@Dinsmore.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Joon M Khang    joon@khanglaw.com
- Ira David Kharasch    ikharasch@pszjlaw.com
- Meredith King    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- Nicholas A Koffroth    nkoffroth@foxrothschild.com, khoang@foxrothschild.com
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Michael D Lieberman    mlieberman@lipsonneilson.com
- Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbnlawyers.com
- Victoria Newmark    vnewmark@pszjlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- Teri T Pham    tpham@epglawyers.com, ttpassistant@epglawyers.com;dle@epglawyers.com
- Douglas A Plazak    dplazak@rhlaw.com
- Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Gregory M Salvato    gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Olivia Scott    olivia.scott3@bclplaw.com
- Jonathan Serrano    jonathan.serrano@dinsmore.com
- Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
- Zev Shechtman    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

**2.    SERVED BY UNITED STATES MAIL:**  On July 28, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Parties served by U.S. mail:

Debtor
The Litigation Practice Group P.C.
17542 17th St., Suite 100
Tustin, CA 92780

Grobstein Teeple LLP
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630

Nancy B. Rapoport
University of Nevada, Las Vegas
4505 S. Maryland Parkway
Box 451003
Las Vegas, NV 89154

Jason Patterson Stopnitzky
52 Cupertino Circle
Aliso Viejo, CA 92656

Lucy L. Thomson
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, DC 20004

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 28, 2023, I served the following persons and/or entities by personal delivery,  mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

| 7/28/2023 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |