1  William J. Wall, Esq., State Bar No. 203970
       wwall@wall-law.com
2  Wall & Son
   26895 Aliso Creek Rd. #B-110
3  Aliso Viejo, CA 92656
   Telephone: (949) 387-4300
4  Facsimile: (949) 860-7890

5  Attorneys for
   Bradford Lee
6

7              **UNITED STATES BANKRUPTCY COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA — SANTA ANA DIVISION**

9

10 | In re: | Case No. 8:23-bk-10571-SC |

11 | THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |

12 |  | Chapter 11 |

13 | Debtor. |  |

14 | RICHARD A. MARSHACK, | **BRADFORD LEE'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF DEPOSITION IN RESPONSE TO SUBPOENA ISSUED BY GREYSON LAW CENTER, PC; MEMORANDUM OF POINTS AND AUTHORITIES** |

15 | Plaintiff, |

16 | v. |

17 | TONY DIAB, et al. |

18 | Defendants. |

19 |

20 |

21 |

22 | Date:       TO BE SET

23 | Time:
   | Judge:      Hon. Scott C. Clarkson

24 | Place:      Courtroom 5C
   |            411 West Fourth Street
   |            Santa Ana, California 92701

25

26 **TO THE HONORABLE SCOTT C. CLARKSON, OFFICE OF THE UNITED**

27 **STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:**

28

                                    1

BRAD LEE hereby moves for an order quashing, or in the alternative, limiting the scope of the subpoena issued by Greyson Law Center PC ("Greyson") to Bradford A. Lee on January 17, 2024. Greyson intended to depose Lee at the office of its counsel at 10:00 a.m. on January 24, 2024.

This motion is made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7026, which incorporates Federal Rule of Civil Procedure ("FRCP") 26, FRBP 9016, which incorporates FRCP 45 and 11 U.S.C. §105(a) of the Bankruptcy Code on the grounds that the subpoena at issue it causes undue burden on a non-party witness. Additionally, Lee understands the subpoena is both premature and outside the scope of the relevant court orders.

# I.

## INTRODUCTION

Mr. Lee has to bring this motion for a protective order and to quash the subpoena served on him because his attempts at a consensual resolution of this discovery dispute have failed. Mr. Lee had less than a week to navigate his obligations under the subpoena, which may contrast with his contractual confidentiality obligations to his current employer. Despite Mr. Lee's lawyer's best efforts, Greyson refused to continue Mr. Lee's deposition, thereby mandating this motion.

Greyson's counsel's only explanation for refusing to continue the deposition is that she needed the transcript in time to prepare pleadings in a dispute with the trustee. Through counsel, the trustee agreed to stipulate to continue hearing dates to accommodate the briefing schedule originally ordered by the court. Greyson's counsel refused, thereby manufacturing an emergency which must be addressed by this motion.

///

## II.

## BACKGROUND REGARDING SERVICE OF SUBPOENA AND ATTEMPTS TO CONTINUE

The court is more familiar with the substance of the adversary and the turnover than either Mr. Lee or his counsel. For purposes of the ruling on this motion to quash, the following facts are relevant.

Mr. Lee was served with a deposition subpoena at approximately 5:00 pm on January 17, 2024. The subpoena commanded him to appear on January 24, 2024. January 17 and 24, 2024 both fell on a Wednesday. In other words, Lee was given four business days (Thursday, Friday, Monday, and Tuesday) to find an attorney to advise him of his rights and responsibilities in this matter. A true and complete copy of the subpoena served upon Mr. Lee is attached as Exhibit "1" to the declaration of William J. Wall. A true and complete copy of the accompanying notice of deposition is attached as Exhibit "2" to the Wall declaration.

Mr. Lee had submitted declarations in conjunction with the above-captioned matter. As such, he was familiar with the trustee's counsel Christopher Ghio. Mr. Lee asked Mr. Ghio if Ghio or his firm could represent Mr. Lee with respect to the deposition. Mr. Ghio stated he would consider doing so but needed to consult with his client. On Monday, January 22, 2024, Mr. Lee learned that Mr. Ghio would not be able to represent him. Mr. Lee engaged William J. Wall on Tuesday, January 23, 2024.

On the morning of January 23, 2024, Mr. Wall requested counsel for Greyson, Kathleen P. March, agree to a brief continuance to allow Mr. Wall to familiarize himself with the case and the issues. A true and complete copy of the email Wall sent to March is attached as Exhibit "3" to the Wall declaration.

Ms. March responded to Mr. Wall's email approximately an hour later. A true copy of Ms. March's correspondence is attached as Exhibit "4," to the wall declaration. As Wall was reviewing Ms. March's response, Ms. March called Wall.

During their phone conversation, Ms. March insisted that the subpoena was reasonable, and that Mr. Lee was required to appear. Moreover, Ms. March repeatedly threatened that she would attempt to have Mr. Lee taken into custody by the US Marshalls if Mr. Lee did not appear.

In contrast, Mr. Wall stated he did not believe four business days was a reasonable time for Mr. Lee to find counsel and prepare for and attend a deposition. Mr. Wall also informed Ms. March that he already confirmed with Mr. Ghio that the trustee would work with Ms. March to stipulate to a briefing and hearing schedule that would allow Ms. March to take Mr. Lee's deposition at a later date and allow Ms. March adequate time to have the deposition transcript available for preparation of her pleadings. Ms. March said this would only be acceptable if the court entered a new scheduling order prior to the deposition's set start time of 10:00 a.m. the following day.

Mr. Wall also informed Ms. March that Mr. Lee may be subject to a nondisclosure agreement. Mr. Wall was concerned about violating that NDA and wanted to review it and see if a protective order needed to be put in place. Mr. Wall summarized his understanding of their conversation in an email responding to Ms. March's. The email summarizing their phone conversation is attached to the Wall declaration as Exhibit "5." Ms. March responded in an email attached as Exhibit "6" to the Wall declaration.

The notice of deposition specifically stated that the deposition would "question Lee regarding other relevant matters, Including Lee's previous employment at Greyson, and Lee's present employment at Morning Law Group and/or Resolution Trust [sic]" Mr. Wall had contacted counsel for the Morning Law Group and contacted Mr. Lee's employer Resolution Processing, LLC to inquire whether they had a position regarding the deposition.

At approximately 4:30 p.m. on January 23, Wall concluded no accommodation could be reached. Mr. Wall and Mr. Lee were still uncertain as to

1    the substance of the deposition and what could be shared without violating Mr.

2    Lee's contractual obligations to his employer and their vendors. Therefore, Wall

3    informed all parties Lee would not be attending the deposition because the subpoena

4    placed an undue burden on him given the short notice and his competing

5    obligations. By stating in advance of the deposition that he would not attend, all

6    parties had the opportunity to minimize their costs while waiting for a judicial

7    decision on the propriety of the subpoena.

8        At approximately 4:30 p.m., Wall received correspondence from Joel

9    Magolnick, who purported to represent Lee's employer Resolution Processing LLC.

10   Mr. Magolnick specifically informed Wall and Lee that Resolution Processing was

11   not waiving any of its protections under the NDA signed by Lee and Resolution

12   Processing. A true copy of this letter is attached as Exhibit "7" to the Wall

13   declaration.

14       At approximately 4:40 p.m., Wall received correspondence from Zev

15   Schecter, who represented Morning Law Group. Mr. Schecter asked Mr. Wall to

16   remind Mr. Lee of Resolution Processing's commitment to Morning Law Group that

17   it would keep certain information about Morning Law Group confidential. Mr.

18   Schecter's correspondence referenced an operating agreement Mr. Wall had not

19   seen as of the time of filing this motion. A true copy of Mr. Schecter's email is

20   attached as Exhibit "8" to the Wall declaration.

21       Attached as Exhibit "9" to the Wall declaration is an email from Mr. Ghio to

22   all parties confirming the trustee will stipulate to an amended briefing schedule to

23   allow for the deposition to take place at a mutually agreeable date after January 24.

24   Attached as Exhibit "10" to the Wall declaration is Wall's final email confirming

25   Mr. Lee would not appear as well as his preferred way to reach a resolution.

26       In summary, Mr. Lee was served with a deposition subpoena. As soon as he

27   became aware he would need to hire his own counsel, Mr. Lee did so. As soon as

28   counsel was engaged, he attempted to move the deposition to allow Mr. Lee to

consider his competing obligations under the subpoena, his agreements with his employer, and his employer's contractual obligations. Had Mr. Lee been given a reasonable amount of time to comply with the subpoena, this motion would not be necessary.

## III.

## THE COURT IS AUTHORIZED TO QUASH THE SUBPOENA, ISSUE A PROTECTIVE ORDER AND/OR LIMIT THE SCOPE OF THE DEPOSITION

Federal Rule of Bankruptcy Procedure 7026 incorporates FRCP 26 into adversary proceedings. Subdivision (c) of Rule 26 addresses protective orders, providing:

> **(c) Protective Orders.**
> *(1) In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file

specified documents or information in sealed envelopes, to be opened as the court directs.

(2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) Awarding Expenses. Rule 37(a)(5) applies to the award of expenses.

Federal Rule of Bankruptcy Procedure 9016 addresses subpoenas by stating that FRCP 45 applies in cases under the bankruptcy code. Subdivision (d) specifically applies addresses protections for persons subject to a subpoena, stating:

> (d) **Protecting a Person Subject to a Subpoena; Enforcement.**
>
> (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
> …
> (3) *Quashing or Modifying a Subpoena.*
>
> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

As set forth in Wall Declaration, Wall has exchanged multiple correspondence and worked diligently in an attempt to work out an accommodation with the litigants in this adversary proceeding. Trustee's counsel has unequivocally stated he will stipulate to modification of the current briefing schedule to allow the

deposition to be postponed in a way such that Grayson still has meaningful time to use the deposition transcript to prepare the pleadings it intends to prepare. Thus, the certification of good faith required for a protective order has been met.

FRCP 26 allows this court to protect Mr. Lee from "annoyance … or undue burden or expense." As Mr. Lee is being forced to consider competing obligations to his employer and to comply with the subpoena. Making Mr. Lee consider all factors he must consider in a manner of days is an undue burden and an unfair one at that.

In addition to the burdens placed upon Mr. Lee, the subpoena does not allow a reasonable time to comply in light of all of the circumstances of this case. Mr. Lee was served on Wednesday evening. He diligently sought counsel and only learned the following Monday that he needed to find alternate counsel. He did so. One is hard pressed to imagine how four business days can be considered a reasonable time to reply.

A review of cases shows 14 days is generally considered reasonable notice, see e.g. *Paige v. Consumer Programs, Inc*. 248 F.R.D. 272 (C.D. Cal. 2008). In *Paige*, the deponent was a party, not a third party. The prospective deponent had no competing obligations to consider such as his employer. The deponent was also represented at the time he was served and did not need to find counsel. Under the circumstances of Paige, the court still considered whether 14 days was reasonable. In contrast, here, Mr. Lee had less than seven full days' notice and multiple legal land mines to navigate.

The court is also able to protect a deponent from annoyance. Here, the court's docket shows over 30 defendants have been named in the case. It seems no effort has been made to determine if other defendants wish to depose Mr. Lee. Mr. Lee has no objection to being deposed once guidelines for the deposition are set. However, Mr. Lee would like to minimize the burden on him and costs borne by all parties by having some coordination among all parties regarding his appearance. Given that

Mr. Lee's schedule was not considered in setting the deposition, it is hard to believe any coordination among defendants took place.

Greyson has made it clear that it intends to ask Lee about his current employer and business relationships that employer has. However, both Lee's employer and its customer Morning Law Group have informed Mr. Lee they will not waive the confidentiality agreements to which they are a party.

Both Rule 26 and Rule 45 allow the court to modify the scope of the deposition to protect trade secrets of other parties. As Grayson has provided no specificity with respect to the examination regarding Mr. Lee's current employment, Mr. Lee requests he be protected from revealing any trade secrets. Additionally, he requests that Morning Law Group and Resolution Processing be allowed to attend the deposition and be allowed to instruct Mr. Lee not to answer questions which may cause him to reveal trade secrets.

**IV.**

## GREYSON'S PREMATURE DEPOSITION SUBPOENA SHOULD BE QUASHED, OR, ALTERNATIVELY, PROPERLY LIMITED BY THIS COURT

**A.      Without Leave of Court, Greyson's Premature Subpoena Violates Federal Rules of Civil Procedure and Should Be Quashed.**

Under Rule 26(d) made applicable to bankruptcy proceedings pursuant to Fed R. Bank. P. Rule 7026, no formal discovery can take place until the parties have met and conferred as required by Rule 26(f) unless one of the exceptions in Rule 26(a)(1)(B) apply. *See also Cartwright v. Viking Indus., Inc.*, 249 F.R.D. 351, 354 (E.D. Cal. 2008) ("[Rule] 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f)."). Here, none of the listed exceptions in Rule 26(a)(1)(B) are applicable in this matter.

1   "Courts may order expedited discovery before a Rule 26(f) conference upon a

2   showing of good cause. Good cause is present when the need for expedited

3   discovery, in consideration of the administration of justice, outweighs the prejudice

4   to the responding party." *Cartwright* at 354, citing *Semitool, Inc. v. Tokyo Electron*

5   *America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (internal quotations omitted).

6   *See also* FRCP 30(a)(2)(A)(iii). A review of the court docket shows Greyson never

7   sought leave of court.

8   None of the pre-requisites set forth in Rule 26(f) prior to conducting

9   discovery, let alone early discovery, and issuing a subpoena in this matter have been

10  met. On information and belief, Neither Greyson nor the trustee have met and

11  conferred pursuant to Rule 26(f). Nor have the parties served initial disclosures.

12  Moreover, Greyson and Trustee have not stipulated to allowing early discovery

13  including, but not limited to, the subpoena to Mr. Lee.

14  This adversary proceeding, with respect to Greyson, contains issues sprawling

15  far beyond the lockout and preliminary injunction orders as set forth more

16  thoroughly in the trustee's portion of the parties' Joint Statement and supporting

17  Declarations of Bradford Lee and Alex Rubin [Adv. Dkt. Nos. 325, 325-4 and 325-

18  5]. As such, a meet and confer conference pursuant to Rule 26(f) must take place

19  before general discovery can begin.

20  **B.    Should This Court Be Inclined to Permit Greyson to Conduct Discovery**

21  **Any Permitted Deposition of Lee Should be Properly Limited.**

22  Greyson's Subpoena evidences a clear intent to make inquiries of Lee that go

23  far beyond the scope of currently pending motions or the adversary itself. The

24  court's previous orders intentionally address limited issues related to Greyson's

25  Turnover Motion and evidentiary objections. Greyson's Subpoena, however, gives

26  notice they intend to inquire as to Lee's employment at Morning Law Group and

27  Resolution Processing none of which is relevant. Indeed, Lee's employment status

28  with entities other than those provided in his declaration [Adv. Dkt. No 325-5] and

supplemental declaration [Adv. Dkt, No. 331-1] is simply not relevant to either the lockout order, preliminary injunction or any valid evidentiary objections to his declarations. This too is good cause to quash the subpoena.

In the event the Court is not inclined to quash Greyson's Subpoena and permit Greyson to conduct early discovery, the scope of any such order and the subpoena should be narrowly tailored such that it does not open the flood gates to unauthorized discovery. Specifically, Greyson's Subpoena should be strictly limited to the facts and evidence submitted in Lee's declarations [Adv. Dkt Nos. 325-5 and 331-1] which are the only facts that have any bearing, on Greyson's Turnover Motion.

## V.

## CONCLUSION

Other than harassing Mr. Lee or the trustee and his counsel, it is unclear why Greyson insists Mr. Lee's deposition take place on January 24, 2024. Mr. Lee has no objection to testimony but would like to do so in a way by which he is not subjecting himself to liability or his employer to liability. Moreover, he would like to minimize the number of times he must sit for the deposition.

Mr. Lee respectfully requests that the deposition subpoena either be quashed entirely or the scope of the deposition strictly limited to not jeopardize Mr. Lee's other contractual relationships or require disclosure of sensitive information without appropriate procedural protections.

DATED: January 24, 2024,                 By:  _/s/ William J. Wall_____
                                                    William J. Wall
                                                Attorneys for Bradford Lee

## DECLARATION OF WILLIAM J. WALL

I, William J. Wall, declare as follows:

1.      I am an attorney at law duly licensed to practice law by the State Bar of California and admitted to practice before this Court. I am representing third party witness Bradford Lee in the above captioned adversary. Except where otherwise stated. I have personal knowledge of the facts contained in this declaration, and if called upon to testify, I could and would competently testify thereto.

2.      On information and belief, Mr. Lee was served with a deposition subpoena at approximately 5:00 pm on January 17, 2024. The subpoena commanded him to appear on January 24, 2024. January 17 and 24, 2024 both fell on a Wednesday. In other words, Lee was given four business days (Thursday, Friday, Monday, and Tuesday) to find an attorney to advise him of his rights and responsibilities in this matter.

3.      On information and belief, a true complete copy of the subpoena served upon Mr. Lee is attached as Exhibit "1" hereto. A true and complete copy of the accompanying notice of deposition is attached as Exhibit "2" to hereto.

4.      Mr. Lee had submitted declarations in conjunction with the above-captioned matter. As such, he was familiar with the trustee's counsel Christopher Ghio. Mr. Lee asked Mr. Ghio if Mr. Ghio or his firm could represent Mr. Lee with respect to the deposition. Mr. Ghio stated he would consider doing so but needed to consult with his client. On Monday, January 22, 2024, Mr. Lee learned that Mr. Ghio would not be able to represent him. Mr. Lee engaged me on Tuesday, January 23, 2024.

5.      On the morning of January 23, 2024, Mr. Wall requested counsel for Greyson, Kathleen P. March, agree to a brief continuance to allow me to familiarize myself with the case and the issues. A true and complete copy of the email I sent to March is attached as Exhibit "3" hereto.

6.      Ms. March responded to my email approximately an hour later. A true copy of Ms. March's correspondence is attached as Exhibit "4," hereto. As I was reviewing Ms. March's response, Ms. March called me.

7.      When introducing emails as exhibits in connection with a declaration, I often do not include the full chain of responses. I find this makes the exhibits more readable and the declarations easier to navigate.

8.      During our phone conversation, Ms. March insisted that the subpoena was served with a reasonable amount of time, and that Mr. Lee was required to appear. Moreover, Ms. March repeatedly threatened that she would attempt to have Mr. Lee taken into custody by the US Marshalls if Mr. Lee did not appear.

9.      I stated that I did not believe four business days was a reasonable time for Mr. Lee to find counsel and prepare for and attend a deposition. I also informed Ms. March that I already confirmed with Mr. Ghio that the trustee would work with Ms. March to stipulate to a briefing and hearing schedule that would allow Ms. March to take Mr. Lee's deposition at a later date and allow Ms. March adequate time to have the deposition transcript available for preparation of her pleadings. Ms. March said this would only be acceptable if the court entered a new scheduling order prior to the deposition's set start time of 10:00 a.m. the following day.

10.     I also informed Ms. March that Mr. Lee may be subject to a nondisclosure agreement. I was concerned about violating that NDA and wanted to review it and see if a protective order needed to be put in place.

11.     I summarized his understanding of their conversation in an email responding to Ms. March's. The email summarizing their phone conversation is attached to the Wall declaration as Exhibit "5." Ms. March responded in an email attached as Exhibit "6" to hereto. Exhibit "6" consists of two separate emails. Apparently there was some confusion in the timing of certain correspondence.

12.     The notice of deposition specifically stated the intent to "question Lee regarding other relevant matters, Including Lee's previous employment at Greyson,

and Lee's present employment at Morning Law Group and/or Resolution Trust [sic]" I had contacted counsel for the Morning Law Group and contacted Mr. Lee's employer Resolution Processing, LLC to inquire whether they had a position regarding the deposition.

13.    At approximately 4:30 p.m. on January 23, I believed we would have no resolution. I was still uncertain as to the substance of the deposition and what could be shared without violating Mr. Lee's contractual obligations to his employer and their business associates.

14.    Therefore, I informed all parties Lee would not be attending the deposition because the subpoena placed an undue burden on him given the short notice and his competing obligations. By stating in advance of the deposition that he would not attend, all parties had the opportunity to minimize their costs while waiting for a judicial decision on the propriety of the subpoena.

15.    At approximately 4:30 p.m., Wall received correspondence from Joel Magolnick, who purported to represent Lee's employer Resolution Processing LLC. Mr. Magolnick specifically informed Wall and Lee that Resolution Processing was not waiving any of its protections under the NDA signed by Lee and Resolution Processing. A true copy of this letter is attached as Exhibit "7" to the hereto.

16.    At approximately 4:40 p.m., Wall received correspondence from Zev Schecter, who represented Morning Law Group. Mr. Schecter asked me to remind Mr. Lee of Resolution Processing's commitment to Morning Law Group that it would keep certain information about Morning Law Group confidential. Mr. Schecter's correspondence referenced an operating agreement I have not seen the operating agreement yet. A true copy of Mr. Schecter's email is attached as Exhibit "8" to the Wall declaration.

17.    Attached as Exhibit "9" to the Wall declaration is an email from Mr. Ghio to all parties confirming the trustee will stipulate to an amended briefing schedule to allow for the deposition to take place at a mutually agreeable date after

January 24. Attached as Exhibit "10" hereto my final email confirming Mr. Lee would not appear as well as my preferred way to reach a resolution.

18.     In Exhibit "10," I told all parties that I would attach any correspondence responding to my final correspondence in this declaration. Attached as Exhibit "11" hereto is a true copy of a response I received to Exhibit "10."

19.     In summary, Mr. Lee was served with a deposition subpoena a week before his deposition. As soon as he became aware he would need to hire his own counsel, Mr. Lee did so. As soon as I was engaged, I attempted to move the deposition to allow Mr. Lee to consider his competing obligations under the subpoena, his agreements with his employer, and his employer's contractual obligations. Had Mr. Lee been given a reasonable amount of time to comply with the subpoena, this motion would not be necessary.

20.     I also want to make clear I instructed Mr. Lee we would not be attending the deposition. To the extent there are consequences for that decision, I respectfully request they be imposed upon me, not my client.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of January, 2024 at Aliso Viejo, California

_____
William J. Wall

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of _____ California _____

In re The Litigation Practice Group, PC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Richard A. Marshack, Ch. 11 Trustee
_____
Plaintiff

v.

Tony Diab et al. (incl. Greyson Law Center PC)
_____
Defendant

Case No. ___ 8:23-bk-10571 ___

Chapter ___ 11 ___

Adv. Proc. No. ___ 8:23-ap-01046 ___

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Bradford A. Lee
_____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME | |
|---|---|---|
| The Bankruptcy Law Firm, PC, 10524 W. Pico Blvd., Ste. 212, LA, CA 90064 | 01/24/24 | 10:00 am |

The deposition will be recorded by this method:
**Audio recording which may be transcribed by deposition reporter**

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
N/A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __ 01/17/2024 __

CLERK OF COURT

_____    OR    KPMarch *CA Bar #80366*
Signature of Clerk or Deputy Clerk            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Greyson Law Center PC _____, who issues or requests this subpoena, are:
Kathleen P. March, Esq. of BkyLF; 10524 W. Pico Blvd., Ste. 212, LA, CA 90064;  kmarch@bkylawfirm.com; 310-559-9224

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

...

EXHIBIT 2

1  Kathleen P. March, Esq., (CA SBN 80366)
2  **THE BANKRUPTCY LAW FIRM, PC**
3  10524 W. Pico Blvd, Suite 212, LA, CA 90064
   Phone: 310-559-9224;  Fax: 310-559-9133
4  Email: kmarch@BKYLAWFIRM.com
   *Counsel for Movant Greyson Law Center PC on*
5  *this Notice of Deposition, being taken in adv.proc*
6  *8:23-ap-01046-SC and in contested matters:*
   *Motion [dkt.290] and Joint Statement [dkt.325]*
7

8    UNITED STATES BANKRUPTCY COURT OF THE CENTRAL DISTRICT OF

9                    CALIFORNIA—SANTA ANA DIVISION

10   |                              | Bankruptcy Case No. 8:23-BK-10571-SC |

| | |
|---|---|
| In re | Bankruptcy Case No. 8:23-BK-10571-SC |
| THE LITIGATION PRACTICE GROUP, PC | Adv. Proc No: 8:23-ap-01046-SC |
| | Chapter 11 |
| Debtor | |
| Richard A. Marshack, | **NOTICE OF DEPOSITION OF** |
| Ch11 Trustee | **BRADFORD A. LEE (DECLARANT ON** |
| Plaintiff | **CELENTINO FIRM'S PART OF JOINT** |
| v. | **STATEMENT [*dkt.325*] FILED 1/8/24)** |
| | **REGARDING MOTION [*dkt.290*] OF** |
| Tony Diab, et al (includes | **GREYSON LAW CENTER PC** |
| Greyson Law Center PC as a | |
| Defendant) | Deposition to be held of Lee with **Lee to** |
| Defendants | **appear in person** on: |
| | Date: 1/24/24 |
| | Time: 10:00 a.m. |
| | Location: Offices of The Bankruptcy Law |
| | Firm, PC, 10524 W. Pico Blvd, Suite 212, |
| | LA, CA 90064 |

27        TO BRADFORD A. LEE ("Lee"), who is a Declarant on Celentino law

28  firm's portion of Joint Statement [dkt.325] filed 1/8/14 regarding Greyson's

1   Motion [dkt.290] to vacate dkt.13 Order, and to return Greyson's property,

2   documents and data, to Greyson, with Joint Statement [dkt.325], both of which are

3
4   contested matters,  and which are brought in adversary proceeding

5   8:23-ap-01046-SC:

6           PLEASE TAKE NOTICE that on **January 24, 2024, starting at 10:00 a.m**.

7
8   Pacific Standard Time, that Greyson Law Center PC ("Greyson")--Movant on

9   Greyson Motion [dkt.290], and a party to Joint Statement [dkt.325]-- by Greyson's

10  attorneys, The Bankruptcy Law Firm, PC, by Kathleen P. March, Esq. of Firm,

11
12  will take the deposition of Bradford A. Lee ("Lee"), to question Lee,  pursuant to

13  F.R.B.P. 7030 (depositions upon oral examination, which applies FRCP Rule 30,

14  including Rule 30(a) to depositions taken in bankruptcy adversary proceedings),

15
16  and pursuant to F.R.B.P. 9014 (discovery in contested matters, as dkts.290 and 325

17  are contested matters) regarding Lee's Declaration dated 1/8/24, filed as part of

18  Celentino firm's portion of Joint Statement [dkt.325] filed 1/8/24 in adversary
19
20  proceeding 8:23-ap-01046-SC (*Trustee Marshack v. Diab et al including*

21  *Greyson)*; and additionally to question Lee regarding other relevant matters,

22  including Lee's previous employment at Greyson, and Lee's present employment
23
24  at Morning Law Group and/or Resolution Trust.

25          Lee is required to appear **in person to give his deposition**, on **January 24,**

26  **2024, starting at 10:00 a.m.** P.S.T. for said deposition, and continuing that date
27
28  for a maximum of 7 hours, unless the parties stipulate to more, or unless the Court

orders more than 7 hours.  Lee's deposition testimony will be taken down by a certified deposition reporter, and may thereafter transcribed into a written deposition transcript.

Lee's deposition testimony/transcript, or portions thereof, may be filed with the Bankruptcy Court, in adversary proceeding 8:23-ap-01046-SC, and/or in contested matters: Greyson's Motion [dkt.290] and Joint Statement [dkt325]; and may be used for any other purpose permitted under the Federal Rules of Civil Procedure, incorporated into bankruptcy adversary proceeding practice by the Federal Rules of Bankruptcy Procedure. (See F.R.C.P. Rule 32 and F.R.B.P. Rule 7032).

The deposition subpoena attached as Exhibit A hereo, is being served upon the witness to be deposed. A list of all attorneys for parties, on which this Notice of Deposition is being served, is shown on the accompanying Proof of Service.

Dated:  January 17, 2024  THE BANKRUPTCY LAW FIRM, PC

    ___/s/ Kathleen P. March_____

    By Kathleen P. March, Esq. counsel to
    Greyson Law Center PC in adversary proceeding
    8:23-ap-01046-SC, Motion [dkt.290], Joint
    Statement [Dkt.325] and on this Notice of
    Deposition

NOTICE OF DEPOSITION OF BRADFORD A. LEE TO BE TAKEN IN PERSON ON 1/24/24,
STARTING AT 10AM AT THE OFFICES OF THE BANKRUPTCY LAW FIRM, PC

3

EXHIBIT 3

**Wednesday, January 24, 2024 at 05:20:15 Pacific Standard Time**

---

**Subject:** Deposition of Bradford Lee
**Date:** Tuesday, January 23, 2024 at 11:45:24 AM Pacific Standard Time
**From:** William Wall
**To:** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net, kmarch@sbglobal.net

Dear Kay,

It has been quite a while since we have had a case together or talked. I hope all is well with you and your family. I was just retained to represent Bradford Lee with respect to his deposition. I am still learning about the case. I know about the chapter 11 in general but not the adversary.

Mr. Lee is very concerned about his competing obligations to his employer and compliance with the subpoena. He respectfully requests you agree to move the deposition until these issues can be resolved. Additionally, I understand Mr. Lee will likely be deposed in multiple actions. Accordingly, I think it makes sense to coordinate his depositions out of respect for his time.

If this is agreeable, please let me know as soon as possible. I am working on a motion to quash because of the above-referenced competing obligations. Like most judicial officers, Judge Clarkson does not look kindly on discovery motions. I would prefer to work collaboratively towards a resolution than judicial intervention.

I look forward to hearing from you.
Bill

--
William J. Wall
Wall & Son
26895 Aliso Creek Road B110
Aliso Viejo, CA 92656
Office 949-387-4300
Cell/Signal/WhatsApp (949) 929-3564
Fax 949-860-7890 *dinosaurs only*
wwall@wall-law.com

Please let me know if you have received this in error. Thank you.

Wall & Son is a debt relief agency. We help people file for bankruptcy. We also represent creditors and other participants in bankruptcy cases. *And we deal in lead, friend.*

EXHIBIT 4

**Wednesday, January 24, 2024 at 05:05:23 Pacific Standard Time**

---

**Subject:** RE: Deposition of Bradford Lee: William Wall, Esq. (proposed atty for Lee at Lee's deposition to be taken tomorrow), from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC Read below please and reply. Feel free to phone my firm at 310-559-9224.

**Date:**    Tuesday, January 23, 2024 at 12:29:16 PM Pacific Standard Time

**From:**    K. P. March

**To:**    William Wall

012324

William Wall, Esq. (proposed atty for non-party witness Bradford Lee for Lee's deposition noticed and subpoenaed for tomorrow 1/24/24 at 10am, here, in person), from KPMarch, Esq., Bky LF (counsel for Greyson Law Center, PC, party taking deposition:

Atty Wall:

Responding to your below email of 11:45am today, 1/23/24:

I'm sorry,  but there are multiple reasons why my firm is unable to comply with your below request, made on 1/23/24 at 11:45am,  to continue non-party Bradford Lee's deposition that is noticed, with subpoena and witness fee check duly served on Lee,   for tomorrow 1/24/24 at 10am, in person, here at my law firm:

1.   Bradford Lee is a non-party witness, who is aligned with the opposing party, Trustee Marshack's attorneys, because Lee supplied 2 Declarations to trustee Marshack's attorneys of record (one declaration dated  1/8/24 and one declaration dated 1/15/24) which were filed by Trustee's attorneys (Dinsmore & Scholl, attys of record Celentino, Ghio, Freedman & Serrano)  with the Bankruptcy Court, regarding the Motion brought by my law firm, for my firm's Client, Greyson Law Center, PC.

2.  Greyson's Motion seeks, inter alia, an order of bankruptcy court ordering  Marshack's attorneys of record to return to Greyson, Greyson's computers, data and documents seized by those attorneys and their field agents, at Greyson's office, on 6/2/23, which Greyson still does not have back to present.

3.  My firm noticed/and served subpoena on Lee, with witness check and notice of deposition, to depose Lee on 1/24/24, because the Court's dkt.333 order, entered 1/16/23 (Tuesday), only gives my firm's client, Greyson, until 1/30/24 to do further responses to Opposition of trustee's attorneys to Greyson's Motion, including further responses regarding Lee's Declarations.  The next day, 1/17/23, my firm noticed Lee's deposition for 1/24/24 and our registered process server served Lee with the deposition subpoena, notice of deposition and witness fee check, the evening of 1/17/24.

4.   1/24/24  is the furthest out my firm could notice that deposition, to have option of using Lee's testimony in Greyson's 1/30/24 further responses due on 1/30/24 per the Bankruptcy Court's 1/16/24 Order.

5. My firm's registered process server had to locate and serve deposition subpoena, notice of deposition, and witness fee check on Lee, by hand, and my firm had very little time after the Court's dkt.333 order, to do that.  Discussing  serving a non-party witness subpoena, before it is served, runs the risk of increasing difficulty of serving the non-party witness. Therefore,  neither my firm (nor other firms that I know of) discuss serving non-party witnesses with subpoenas,  before the process server is out serving them.  But you weren't counsel to Lee, so you would not have been notified, in any event.

6. No one denies that Lee is properly subpoenaed to give his non-party deposition tomorrow, in person, at my law firm.

7. No one denies that Lee's deposition is properly noticed for tomorrow, 1/24/24 at 10am at my firm, in person.

8. What date were you retained to appear with Lee at his deposition tomorrow?  Why am I only hearing from you now, 1/23/24, at 11:45am,  for a deposition noticed for 1/24/24?  I would suggest that if unable to attend, then Lee might need to find some other attorney.  Also, please tell my firm,  are trustee's attorneys paying for you to appear with Lee tomorrow?

9. One of trustee's attorneys (Ghio) has requested a zoom feed for tomorrow's deposition, and Veritext, whose certified deposition reporter is reporting the deposition, in person, has confirmed to my firm that Veritext will supply a listen only phone zoom link for Ghio, for $295, if Trustee's firm pays for that.  Your office is only approximately 60 miles from my law firm, and I would expect you can drive here with Lee tomorrow.  10am start time makes that pretty easy.    But if you want to pay for a zoom link, I am willing to see what I can do with Veritex.

Reply please to confirm receipt.  Feel free to phone my firm at 310-559-9224.


KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, January 23, 2024 11:45 AM
**To:** kmarch@bkylawfirm.com; kmarch3@sbcglobal.net; kmarch@sbglobal.net
**Subject:** Deposition of Bradford Lee

Dear Kay,

It has been quite a while since we have had a case together or talked. I hope all is well with you and your family. I was just retained to represent Bradford Lee with respect to his deposition. I am still learning about the case. I know about the chapter 11 in general but not the adversary.

Mr. Lee is very concerned about his competing obligations to his employer and compliance with the subpoena. He respectfully requests you agree to move the deposition until these issues can be resolved. Additionally, I understand Mr. Lee will likely be deposed in multiple actions. Accordingly, I think it makes sense to coordinate his depositions out of respect for his time.

If this is agreeable, please let me know as soon as possible. I am working on a motion to quash because of the above-referenced competing obligations. Like most judicial officers, Judge Clarkson does not look kindly on discovery motions. I would prefer to work collaboratively towards a resolution than judicial intervention.

I look forward to hearing from you.
Bill

--
William J. Wall
Wall & Son
26895 Aliso Creek Road B110
Aliso Viejo, CA 92656
Office 949-387-4300
Cell/Signal/WhatsApp (949) 929-3564
Fax 949-860-7890 *dinosaurs only*
wwall@wall-law.com

Please let me know if you have received this in error. Thank you.

Wall & Son is a debt relief agency. We help people file for bankruptcy. We also represent creditors and other participants in bankruptcy cases. *And we deal in lead, friend.*

EXHIBIT 5

**Wednesday, January 24, 2024 at 05:09:35 Pacific Standard Time**

---

| | |
|---|---|
| **Subject:** | Re: Deposition of Bradford Lee: William Wall, Esq. (proposed atty for Lee at Lee's deposition to be taken tomorrow), from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC Read below please and reply. Feel free to phone my firm at 310-559-9224. |
| **Date:** | Tuesday, January 23, 2024 at 1:38:55 PM Pacific Standard Time |
| **From:** | William Wall |
| **To:** | K. P. March |

Atty March:

Thank you for your prompt response below and your phone call. As I mentioned during our call, I would be sending you this summary email. As I told you, we are contemplating filing a motion to quash the subpoena. Before filing anything, I want to make I fully understand your position.

In broad terms, your client's primary objection to delaying the deposition is that it will prejudice your client with respect to any papers you file in what I will call the "Turnover Motion." If I understood correctly, you agreed that enlarging your window to permit discovery would alleviate your issues. However, you were uncomfortable with a continuance until you had a signed order continuing the hearing and thereby continuing your response date. Is that a fair assessment?

I told you that in my experience, judges would likely accommodate scheduling requests for discovery, especially when a third party was impacted and all the parties agreed. I further told you I contacted the Dinsmore firm and they would stipulate to move the hearing to a mutually agreeable time which would allow you to take the deposition and have the transcript returned in sufficient time to prepare your papers.

I further stated I had a hearing at 10, but you were willing to allow me use your office to attend my hearing via zoom, but you insisted the deposition be in person.

If I have misstated anything, please let me know. I will advise by close of business whether we intend to appear tomorrow.

Thank you,
Bill

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Date:** Tuesday, January 23, 2024 at 12:29 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** RE: Deposition of Bradford Lee: William Wall, Esq. (proposed atty for Lee at Lee's deposition to be taken tomorrow), from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC Read below please and reply. Feel free to phone my firm at 310-559-9224.

012324

William Wall, Esq. (proposed atty for non-party witness Bradford Lee for Lee's deposition noticed and subpoenaed for tomorrow 1/24/24 at 10am, here, in person), from KPMarch, Esq., Bky LF (counsel for

EXHIBIT 6

**Wednesday, January 24, 2024 at 05:10:54 Pacific Standard Time**

---

**Subject:** Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC: Responding to your below email re Lee's deposition, it is not accurate.

**Date:** Tuesday, January 23, 2024 at 2:22:35 PM Pacific Standard Time

**From:** K. P. March

**To:** William Wall

012324 at 2pm

William Wall, Esq., from KPMarch Esq, Bky LF:

Re:  Responding to your below email re Lee's deposition, it is not accurate.

Atty Wall:

Our 2 most recent emails must have crossed in cyberspace.  Please confirm you have received and read the email I sent you at 1:53pm.

Your below email is somewhat in error:  **My firm OPPOSES moving Lee's deposition from 1/24/24 at 10am, the date duly noticed and duly subpoenaed, even if such a Motion continues Greyson's present 1/30/24 further response date set by Judge Clarkson's 1/16/24 [dkt333] Order.**

Analysis of this situation must start with the fact that **you have failed to tell my firm anything that constitutes cause to move Lee's deposition from 1/24/24 at 10am**.  If waiting to hire an attorney until the day before the deposition was cause to get the deposition continued, no one could ever take a non-party witness deposition on the date the witness was subpoenaed for, which would unnecessarily delay progress of litigation.

The multiple reasons my firm does **not** believe there is CAUSE to continue Lee's deposition to a date later than tomorrow, 1/24/24 at 10am, the date Lee is subpoenaed for, are listed in my firm's email to you at 12:29pm today, and of my firm's email to you at 1:52pm today.  I hope the Rutter Group Federal Civil Procedure  quote I sent you in my firm's 1:52pm email of today is helpful to you.

The fact that it would fatally prejudice Greyson, to have the 1/24/24 at 10am deposition moved, without giving Greyson longer than 1/30/24 to file Greyson's supplemental response to the Celentino firm's Opposition (includes Lee's declarations) to Greyson's Motion for order ordering Celentino firm to return Greyson's computers/ data/ documents seized by Celentino firm at its field agents on 6/2/24, **is JUST ONE REASON why there is NOT cause to move Lee's  deposition from 1/24/24 at 10am**.

Lee should have expected he would be deposed, since Lee gave TWO declarations (1/8/24 and 1/15/24 ) to the Celentino firm, which the Celentino firm filed with the Bankruptcy Court, opposing Greyson's Motion

  **All my firm is looking for in Lee's deposition is to have Lee tell the truth**, which is Lee's duty as a subpoenaed witness.  It shouldn't take very long to instruct Lee to tell the truth.

**Wednesday, January 24, 2024 at 05:07:46 Pacific Standard Time**

---

| | |
|---|---|
| **Subject:** | William Wall Esq from KPMarch, Bky LF: I want to confirm a couple of things we discussed when I called you, after my firm's email explaining why my firm declined to continue the Bradford Lee deposition from 1/24/24 at 10am, for which Lee is subpoenaed |
| **Date:** | Tuesday, January 23, 2024 at 1:53:35 PM Pacific Standard Time |
| **From:** | K. P. March |
| **To:** | William Wall |
| **Attachments:** | Rutter Group section re motion to quash must be heard and granted before appearances are excused 012324.docx |

012324

William Wall Esq from KPMarch, Bky LF:

I want to confirm a few of the things we discussed when I called you, after I sent you my firm's email explaining why it is not practicable for my firm to continue the Bradford Lee deposition, to a later date than the (tomorrow) 1/24/24 at 10am, for which Lee is subpoenaed:

1. Employers, by law, are required to give an employee, who is subpoenaed to give a deposition, time off from work to give the deposition, so that is not an issue.

2. To accommodate your 10am tomorrow status conference with Judge Albert, which you told me you were going to make by zoom: ask for priority, zoom from my firm, and we will start deposition when you finish your status conference with Judge Albert.

3. You confirmed you have the 2 Declarations that Lee gave to Trustee's attorneys, which they filed in support of Trustee's position, which I will be examining Lee, a non-party witness on, tomorrow, 1/24/24 at 10am. You confirmed you have the Notice of deposition and the subpoena, and that the process server gave Lee his witness fee check (witness fee plus mileage), though you don't know if Lee cashed it yet.

4. **I told you all my firm wants is for Lee to tell the truth in his deposition. I hope you will tell Lee that.**

5. You told me you might move to quash the deposition subpoena, or even if

you didn't move, that Lee might just not appear tomorrow to give his deposition.  I warned you that a motion to quash a deposition subpoena must be filed **AND GRANTED** before the date/time of the deposition, that just filing a Motion to quash is NOT sufficient to delay the deposition:   Rutter Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2023, Calif. and 9th Cir. Edition):

> "[11:2287] PRACTICE POINTER: A motion to quash or for a protective order is the only way for a party claiming privilege to prevent disclosure where the subpoenaed witness is otherwise willing to produce the records voluntarily. It won't do any good to object at the deposition, because by that time the opposing party may have already obtained access to the confidential information.
>> (1) [11:2288] Timeliness: Any such motion must be made promptly because it must be heard and granted before the scheduled deposition. (The motion itself does not postpone the deposition.) [*King v. Fidelity Nat'l Bank of Baton Rouge* (5th Cir. 1983) 712 F2d 188, 191]"

6. I also warned you that I don't think you have cause to support bringing a Motion to quash.  If a subpoenaed non-party witness could wait until the day before the deposition to hire counsel, and then claim that hiring counsel the day before the deposition constituted cause to get the deposition put off, no one could ever take the deposition of a non-party witness (as nonparty witnesses have to be subpoenaed),  on the date the witness was subpoenaed for.

7. The subpoena does not ask for documents, only for Lee to appear to be deposed.  Caselaw holds that where no documents are requested, 1 week is reasonable notice, and due to the short time table (our further reponse by 1/30/24) that Judge Clarksons'a 1/16/24 [dkt.333] order gives my firm to make further response to Trustee's position, setting the deposition for 1/24/24 is the latest we could set it, to be able to use testimony Lee gives, in our further Response due 1/30/24.

8. *King*, cited by Rutter, appears to still be the seminal case.  I warned you that if a motion to quash (which my firm does not think you have cause to

support making) is not filed and **<u>granted</u>**, before 10am tomorrow, 1/24/24, and if Lee fails to appear, my firm will move for **<u>body detention</u>** of Lee, to have the US Marshall service pick Lee up and hold Lee in body detention, until Lee gives the deposition he is duly subpoenaed to give.   So I suggest that you should warn Lee that failing to appear might be a bad choice for Lee to make.

Reply to confirm receipt please.  Thx.

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

EXHIBIT 7



Vizcaya Professional Building
3001 Southwest 3rd Avenue Miami,
Florida 33129

Tel: 305.285.2000
Fax: 305.285.5555
Toll Free: 888.893.5723
www.mm-pa.com

January 23, 2024

**VIA EMAIL**

Bradford Lee
c/o William Wall, Esq.
Wall & Son
26895 Aliso Creek Road B110
Aliso Viejo, CA 92656

**Re:  Resolution Processing, LLC/Bradford Lee**

Dear Messrs. Lee and Wall:

This firm represents Resolution Processing, LLC (the "Company"). It is my client's understanding that Bradford Lee, an employee of the Company, has been subpoenaed for deposition in connection with the Litigation Practice Group bankruptcy matter.

On October 30, 2023, Mr. Lee executed an Arbitration, Confidentiality, and Related Restrictions Agreement (the "Agreement").  The Agreement provides, *inter alia*, that Mr. Lee "shall hold in strict confidence and shall not directly or indirectly disclose, disseminate, publicize, use, copy, transfer or make lists of any Confidential Information" of the Company.

Please be advised that the Company does not consent to Mr. Lee disclosing any of the Company's Confidential Information, including in connection with the above-referenced deposition.

If you have any questions, please do not hesitate to contact me.

Sincerely,

**MARKO & MAGOLNICK, P.A.**

By: *Joel Magolnick*

Joel S. Magolnick
magolnick@mm-pa.com

EXHIBIT 8

**Wednesday, January 24, 2024 at 05:16:47 Pacific Standard Time**

| | |
|---|---|
| **Subject:** | MLG / Resolution Processing LLC Agreement |
| **Date:** | Tuesday, January 23, 2024 at 4:42:47 PM Pacific Standard Time |
| **From:** | Zev Shechtman |
| **To:** | William Wall |
| **CC:** | Aaron E. de Leest |
| **Priority:** | High |
| **Attachments:** | image001.jpg |

Bill,

This firm represents Morning Law Group (MLG).  We understand that Brad Lee, who works for Resolution Processing LLC (ResPro) is the subject of a deposition in a pending adversary proceeding.  The defendant deposing Mr. Lee is Greyson Law Center PC, which is represented by Kathleen March.

Please be advised, and please remind your client Brad Lee and/or ResPro, that, pursuant to paragraph 8 of the Amended and Restated Service Agreement dated 8/2/23 between MLG and ResPro, ResPro and its directors, officers, employees, agents and advisors are bound by terms of confidentiality that apply to Confidential Information that is the subject of that agreement.

We expect and appreciate your client's continued adherence to its contractual obligations to my client.

Thank you,

Zev


**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile | (310) 201-2443 direct
**zs@DanningGill.com** | www.DanningGill.com



1 of 2

EXHIBIT 9

Wednesday, January 24, 2024 at 05:12:48 Pacific Standard Time

| | |
|---|---|
| **Subject:** | RE: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, attys for Greyson Law Center, PC: Responding to your below email of 5:59pm. Lee needs to appear tomorrow. You're acting unlawfully, if you tell Lee to violate depo subpoena |
| **Date:** | Tuesday, January 23, 2024 at 7:50:09 PM Pacific Standard Time |
| **From:** | Ghio, Christopher |
| **To:** | K. P. March, William Wall |
| **CC:** | Celentino, Christopher, Freedman, Jeremy, Serrano, Jonathan, Aaron E. de Leest, Zev Shechtman |

With respect to the following statement, "Given the very short deadline (1/30/24) which the Court's 1/16/24 [dkt333] Order gives my firm to file supplemental Opposition to Trustee's Opposition" I want to advise all parties that when asked by Mr. Wall if Trustee would stipulate to move the hearing so he could request to move the depo to resolve the below issues, we responded affirmatively. Your statement regarding the short deadline is therefore, not accurate.

As lead counsel on this adversary, I can state with confidence that Judge Clarkson would grant the request, as his honor has been accommodating and granted every other such request to continue a hearing in this case. In fact, his honor just granted a continuance on stipulation of a motion to dismiss brought by Bianca Loli and Lisa Cohen so the parties' counsel could work to resolve the issues. As indicated by his honor's original order modifying the briefing schedule on this motion re joint statement, I believe it's clear his honor wants counsel to act professionally and accommodate one another.

Thanks,

Chris Ghio

---
Sent from Workspace ONE Boxer
On January 23, 2024 at 7:33:01PM PST, K. P. March <kmarch@bkylawfirm.com> wrote:

012324 at 7:30pm

Attorney William Wall from KPMarch esq., Bky LF, cc to Trustee attorneys Celentino, Ghio, Freedman and Serrano:

Attorney Wall (cc trustee's attorneys):

My firm's client, Greyson Law Center, PC is entitled to depose your client, Bradford Lee, on the successive declarations (1/8/24 and 1/15/24 Declarations) which Lee signed for trustee's attorneys, who filed those declarations with the Bankruptcy Court, in opposition to Greyson's Motion for an order ordering Trustee's attorneys to return to Greyson, Greyson's computers, data and documents which Trustee's attorneys/their field agents seized at Greyson's office on 6/2/23.

No one raised any "NDA" issue when Lee gave Trustee's attorneys Lee's 1/8/24 and 1/15/24 Declarations, or when Trustee's attorneys filed those successive Declaraitons with the Court, so there can be no NDA issue regarding my firm deposing Lee on those two Declarations.

EXHIBIT 10

**Wednesday, January 24, 2024 at 05:00:49 Pacific Standard Time**

| | |
|---|---|
| **Subject:** | Re: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, attys for Greyson Law Center, PC: Responding to your below email of 5:59pm. Lee needs to appear tomorrow. You're acting unlawfully, if you tell Lee to violate depo subpoena |
| **Date:** | Tuesday, January 23, 2024 at 8:50:54 PM Pacific Standard Time |
| **From:** | William Wall |
| **To:** | Ghio, Christopher, K. P. March |
| **CC:** | Celentino, Christopher, Freedman, Jeremy, Serrano, Jonathan, Aaron E. de Leest, Zev Shechtman |

Ms. March,
Per your request, I'm confirming receipt of your email and every other email on the below chain.

All,
I am advising all counsel considering appearing that we will not be showing up tomorrow. If anyone on this list intends to have me or my client sanctioned or held in contempt and seek damages for the same, we will raise the defense you were informed that we weren't showing up and you have chosen to increase your own costs and fees.

In my opinion, the most productive use of time would be for the parties to reach an agreement which includes the following:

1. A reasonable time for Mr. Lee's deposition at a mutually convenient place. I have hearings next week so I suggest the first week of February.
2. Agree to the scope of the deposition. The notice of deposition at page 2. states that Greyson intends to questions Lee "regarding other relevant matters, including Lee's previous employment at Greyson, and Lee's present employment at Morning Law Group and/or Resolution Trust." My client has been advised by both Morning Law Group and Resolution Trust to be mindful of his NDA.
3. After consulting with her court reporter, Ms. March propose a deadline for whatever papers she needs to be filed be due.
4. Based on a briefing schedule find a hearing date. Please consult with me on the hearing date. I would not be surprised if someone wanted to subpoena Mr. Lee to testify. If at all possible, I don't want to do this again.
5. I will accept service and acknowledge acceptance of service for all relevant documents on Mr. Lee.

If Judge Clarkson allows a hearing on an emergency basis, and we seek one, I will let you all know. This is only an emergency because Greyson is making it one. I would rather not waste the Judge's time with a manufactured emergency.

I will be working on a motion for the remainder of the night, so I probably won't be responding to any more emails. As I am sure you are all aware, I will be attaching this email to a declaration. If I do receive responses to this email before I file the motion to quash and or in the alternative for a protective order, I will include them as part of my declaration if requested.

Thank you,
Bill

EXHIBIT 11

**Wednesday, January 24, 2024 at 04:59:16 Pacific Standard Time**

| | |
|---|---|
| **Subject:** | Re: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, attys for Greyson Law Center, PC: Responding to your below email of 5:59pm. Lee needs to appear tomorrow. You're acting unlawfully, if you tell Lee to violate depo subpoena |
| **Date:** | Tuesday, January 23, 2024 at 11:10:00 PM Pacific Standard Time |
| **From:** | Ghio, Christopher |
| **To:** | William Wall, K. P. March |
| **CC:** | Celentino, Christopher, Freedman, Jeremy, Serrano, Jonathan, Aaron E. de Leest, Zev Shechtman |

Mr. Wall:

Thank you. Given the below, counsel for the Trustee will not attend the Brad Lee deposition, previously scheduled for 10am Wednesday January 24, 2024.

We are amenable to your proposal below with respect to any deposition which does proceed, in the event your motion to quash (which you indicate, below, is forthcoming) is not granted.  For scheduling purposes - I am handling this deposition for Trustee/Dinsmore - and I am NOT AVAILABLE for travel Wednesday. Any other day (schedule otherwise permitting) I am happy to travel for a deposition.

That said, from Trustee's perspective, the deposition is premature under Rule 7026 and Greyson failed to obtain an order for early discovery, as the subpoena was captioned in the 1046 adversary. Mr. Lee's deposition will likely be of interest to multiple parties who Ms. March has not notified and who won't be given a chance to attend and question Mr. Lee. It's a waste of Trustee's counsel - and other counsel's - time (not to mention your client's) to have serial depositions of a single deponent. This is especially true given the breadth of the deposition subpoena at issue here, touching on much more than the subject matter of Mr. Lee's declarations in support of Trustee's opposition to Greyson's frivolous motion.

Best,

Chris Ghio


---
Sent from Workspace ONE Boxer
On January 23, 2024 at 8:51:12PM PST, William Wall <wwall@wall-law.com> wrote:

> Ms. March,
> Per your request, I'm confirming receipt of your email and every other email on the below chain.
>
> All,
> I am advising all counsel considering appearing that we will not be showing up tomorrow. If anyone on this list intends to have me or my client sanctioned or held in contempt and seek damages for the same, we will raise the defense you were informed that we weren't showing up and you have chosen to increase your own costs and fees.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 26895 Aliso Creek Rd. #B-110, Aliso Viejo, CA 92656

A true and correct copy of the foregoing document entitled **BRADFORD LEE'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF DEPOSITION IN RESPONSE TO SUBPOENA ISSUED BY GREYSON LAW CENTER, PC; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 24, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY UNDER 25 PAGES NOT REQUIRED (GENERAL ORDER 21-05)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 26, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 24, 2024 | William J. Wall | /s/ *William J. Wall* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 24, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net;kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com