Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson Law Center PC on Greyson's Motion to Vacate, on Greyson's Motion for Admin. Claim, and defending Greyson in adv proc.*

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP, PC<br><br>Debtor.<br><br>Richard A. Marshack Chapter 11 Trustee<br><br>v.<br><br>Tony Diab et al. (includes Greyson Law Center PC as a Defendant) | Bankruptcy Case No. 8:23-bk-10571-SC<br>Adversary Proceeding 8:23-ap-01046-SC<br>Chapter 11<br><br>**GREYSON LAW CENTER PC'S <u>OPPOSITION</u> TO BRADFORD LEE'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA ETC, FILED AT 5:43 A.M. ON 1/24/24 [DKT. 347], AND <u>OPPOSITON</u> TO CHAPTER 11 TRUSTEE MARSHACK'S JOINDER TO MOTION TO QUASH [DKT. 348]; DECLARATION OF KATHLEEN P. MARCH, ESQ. IN SUPPORT**<br><br><u>Emergency hearing on motion to quash set for:</u><br>Date: January 24, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom of Bankruptcy Judge Scott Clarkson, **by Zoom** |

   I, Kathleen P. March, Declare:

---

**GREYSON LAW CENTER PC'S <u>OPPOSITION</u> TO BRADFORD LEE'S MOTION TO QUASH, FILED 5:43 A.M. ON 1/24/24 [DKT. 347], AND TO CHAPTER 11 TRUSTEE MARSHACK'S JOINDER TO MO TO QUASH [DKT. 348]; DECLARATION OF KATHLEEN P. MARCH, ESQ. IN SUPPORT**      1

1. At approximately 9:45am, the Court staff phoned my firm (counsel for Greyson Law Center PC) telling my firm hearing was set for 10am on this Motion and Joinder. I told staff my firm is entitled to have time to do a written Opposition.

2. I object to not being given time to do a proper written Opposition. This Motion should be denied as there is no cause to put off deposition of witness Bradford Lee, duly subpoenaed to be deposed today at 10am.

3. Deposition reporter is here.

4. Attached are emails that explain the situation.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California a 9:50am on 1/24/24.

       ___ /s/ Kathleen P. March____
       KATHLEEN P. MARCH

Dated: January 24, 2024

THE BANKRUPTCY LAW FIRM, PC
----/s/ Kathleen P. March------
By Kathleen P. March, Esq., counsel to Greyson on its administrative Claim motion, and its motion to vacate Lockout and Preliminary Injunction Orders as to Greyson

---

**GREYSON LAW CENTER PC'S <u>OPPOSITION</u> TO BRADFORD LEE'S MOTION TO QUASH, FILED 5:43 A.M. ON 1/24/24 [DKT. 347], AND TO CHAPTER 11 TRUSTEE MARSHACK'S JOINDER TO MO TO QUASH [DKT. 348]; DECLARATION OF KATHLEEN P. MARCH, ESQ. IN SUPPORT**     2

# K. P. March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Wednesday, January 24, 2024 9:44 AM |
| **To:** | 'Ghio, Christopher'; 'William Wall' |
| **Cc:** | 'Celentino, Christopher'; 'Freedman, Jeremy'; 'Serrano, Jonathan'; 'Aaron E. de Leest'; 'Zev Shechtman' |
| **Subject:** | RE: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, attys for Greyson Law Center, PC: Responding to your below email of 5:59pm. Lee needs to appear tomorrow. You're acting unlawfully, if you tell Lee to violate depo subpoena |

012424 at 9:45 am

To Atty Ghio, and to atty Wall, and to additional attorneys of record Celentino, Freedman and Serrano of Dinsmore & Scholl.

All:

Witness Bradford Lee was duly served by my firm's registered process server, with the deposition subpoena ordering him to give his deposition today, 1/24/24 at 10am, in person, here at my law firm. My firm has the certificate of service of the process server, who handed Lee the $127.10 witness fee check when he served Lee on 1/17/24. No one has denied any of this, nor can it be denied as it is all documented.

No Motion to Quash the Bradford Lee Deposition subpoena was filed until 5:43am today, 1/24/24 [dkt347] was filed by William Wall, the attorney your firm got for Lee. Your firm filed a joinder at 6:00amromam today, 1/24/24. Neither, the Motion, nor the joinder is timely, because per Rutter Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2023, Calif. and 9th Cir. Edition), which I emailed to all of you, a Motion to Quash a subpoena must be filed **and granted** before the deposition is to start:

> "⇨ [11:2287] PRACTICE POINTER: A motion to quash or for a protective order is the only way for a party claiming privilege to prevent disclosure where the subpoenaed witness is otherwise willing to produce the records voluntarily. It won't do any good to object at the deposition, because by that time the opposing party may have already obtained access to the confidential information.
> (1) [11:2288] Timeliness: Any such motion must be made promptly because it must be heard and granted before the scheduled deposition. (The motion itself does not postpone the deposition.) [*King v. Fidelity Nat'l Bank of Baton Rouge* (5th Cir. 1983) 712 F2d 188, 191]"

The Motion to Quash is groundless, because there was **no cause** to support moving to continue Lee's deposition to a date later than today, 1/24/24 at 10am, in person, at my law firm.

> Until this morning, no one moved to continue the 1/30/24 deadline for my firm to file Greyson's supplemental opposition, set by the Court's [dkt.333] 1/16/24 Order. My firm subpoenaed Lee to be deposted on 1/24/24, to use Lee's deposition in Greyson's response to Lee's 1/8/24 and 1/15/24 Declarations which your firm, Dinsmore & Scholl filed in Bankruptcy Court. That Opposition opposed Greyson's motion that moves for an Order ordering your law firm to return to Greyson, Greyson's computers, data and documents seized by your firm on 6/2/23 at Greyson's office. What was seized far exceeded what the [dkt13] 5/26/23 Lockout and Preliminary Injunction Order allowed, and constituted illegal seizure by your firm, including you seized Greyson's whole Microsoft [M365 suite] account, though the dkt.13 order only referred to Sharaepoint (which is only one small part of the Micrcosoft M365 suite, and did not authorize your firm to take and use all of Greyson's data. The

1

**EXHIBIT A**

exhibits to the Declarations filed in Opposition to Greyson's Motion establish you went through all Greyson's data and documents, and attached those documents you thought could help your position. However, despite your firm spending 9 months searching through Greyson's data, you found NOTHING to support your unfounded allegation (made in Lee's Declarations, with no support) that Tony Diab controlled or was running Greyson.

Your firm has blatantly and wrongfully tried to obstruct Lee's deposition from occurring. Having the attorney you obtained for Lee to move to quash—with no cause for quashing-- on the morning of the deposition, with your firm filing a joinder, is bad faith behavior.

If Lee does not appear at 10am today to give his deposition, the Veritext reporter will take down Lee's "no show", my firm will order the "no show" transcript on same day transcription, and, my firm upon receiving the transcript, will immediately move to strike Lee's declarations, as I emailed all of you—repeatedly—yesterday, that my firm would do. That is in addition to making motions against Lee for his no show, and against attorney Wall (who your firm recommended to Lee), for Wall (as he admits he did) advising Lee NOT to comply with Lee's deposition subpoena.

The Veritext deposition reporter has already arrived here at my law firm this morning to take Lee's deposition.

I will wait until 10:15am, and then will do a "no show" documentation with Notice of Deposition, Subpoena and Process Server Certificate of Service of Subpoena.

Please REPLY to confirm receipt. Thank you.

We were just informed the Court has set your "To be Set" Motion to Quash for 10am. My firm will appear by zoom.

KPMarch



Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

---

**From:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Sent:** Tuesday, January 23, 2024 7:50 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; William Wall <wwall@wall-law.com>
**Cc:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>; Aaron E. de Leest <adeleest@DanningGill.com>; Zev Shechtman <ZShechtman@DanningGill.com>
**Subject:** RE: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, attys for Greyson Law Center, PC: Responding to your below email of 5:59pm. Lee needs to appear tomorrow. You're acting unlawfully, if you tell Lee to violate depo subpoena

With respect to the following statement, "Given the very short deadline (1/30/24) which the Court's 1/16/24 [dkt333] Order gives my firm to file supplemental Opposition to Trustee's Opposition" I want to advise all parties that when asked by Mr. Wall if Trustee would stipulate to move the hearing so he could request to move the depo to resolve the below issues, we responded affirmatively. Your statement regarding the short deadline is therefore, not accurate.

2

As lead counsel on this adversary, I can state with confidence that Judge Clarkson would grant the request, as his honor has been accommodating and granted every other such request to continue a hearing in this case. In fact, his honor just granted a continuance on stipulation of a motion to dismiss brought by Bianca Loli and Lisa Cohen so the parties' counsel could work to resolve the issues. As indicated by his honor's original order modifying the briefing schedule on this motion re joint statement, I believe it's clear his honor wants counsel to act professionally and accommodate one another.

Thanks,

Chris Ghio

---
Sent from Workspace ONE Boxer
On January 23, 2024 at 7:33:01 PM PST, K. P. March <kmarch@bkylawfirm.com> wrote:

012324 at 7:30pm

Attorney William Wall from KPMarch esq., Bky LF, cc to Trustee attorneys Celentino, Ghio, Freedman and Serrano:

Attorney Wall (cc trustee's attorneys):

My firm's client, Greyson Law Center, PC is entitled to depose your client, Bradford Lee, on the successive declarations (1/8/24 and 1/15/24 Declarations) which Lee signed for trustee's attorneys, who filed those declarations with the Bankruptcy Court, in opposition to Greyson's Motion for an order ordering Trustee's attorneys to return to Greyson, Greyson's computers, data and documents which Trustee's attorneys/their field agents seized at Greyson's office on 6/2/23.

No one raised any "NDA" issue when Lee gave Trustee's attorneys Lee's 1/8/24 and 1/15/24 Declarations, or when Trustee's attorneys filed those successive Declaraitons with the Court, so there can be no NDA issue regarding my firm deposing Lee on those two Declarations.

Lee's Declarations (as I explained to Morning Law's attorney Zev Schectman by email), are about things Lee did before, and during, the time Lee was employed by the present Greyson Law Center, PC. You don't need, and are not entitled to, a protective order regarding me deposing Lee about Lee's 2 Declarations filed with Bankruptcy Court, because Trustee's attorneys filing those Declarations with Bankruptcy Court waived any NDA issue, if there had been one, which there isn't.

Lee was only employed by my firm's client, the present Greyson Law Center, PC, from 5/1/23 to 6/9/23. If Lee is employed by Morning Law or Resolution Trust now, that employment would be months after Lee was employed by Greyson. Plus, the pacer docket shows Morning Law did not buy LPG's assets at the bankruptcy sale, until July 2023. Neither you, nor attorney Schectman, nor anyone else, has explained how any legally protectible Morning Law or Resolution Trust "confidential"information could be involved in Lee's Deposition.

Given the very short deadline (1/30/24) which the Court's 1/16/24 [dkt333] Order gives my firm to file supplemental Opposition to Trustee's Opposition (opposition as to which Trustee filed Lee's 2 declarations), I have emailed Trustee's attorneys informing them that **my firm will move to strike Lee's Declarations**, if Lee fails to appear for his duly noticed and subpoenaed deposition tomorrow. That is in addition to the additional actions my firm can take, by Motions against Lee, and against you, for advising Lee to violate his deposition subpoena, based on totally bogus NDA etc arguments.

3

You filed no motion to quash, as you have no grounds to support such a Motion. And requirement is file and get granted the motion to quash, before the deposition, per the Rutter Group sections I emailed you.

Yet you have (based on an obviously invalid "NDA" excuse) told me you have instructed Lee not to appear, in violation of the deposition subpoena which you admit Lee was duly served with (with witness fee check and copy of Notice of Depositon). A NDA might result in objections to questions about Morning Star's legally protectible confidential information—if any, though no one as identified any such information. But a NDA can't stop a deposition from being taken, and no "NDA" arguments can be made to my firm examining Lee on Lee's 2 Declarations (1/8/24 and 1/15/24 Declarations) which Lee signed for Trustee's attorneys, and which Trutsee's attorneys filed with the Bankrupcy Court.

**You are acting unlawfully in telling Lee to violate his deposition subpoena**. A subpoena is not just a piece of paper. It has the effect of being an Order ordering the subpoenaed witness to appear for deposition, as subpoenaed.

My firm has not caused Lee any undue burden. My firm served Lee with a deposition subpoena, a full week ago, and noticed Lee's deposition for tomorrow, 1/24/24. 1/24/24 is the latest date my firm can depose Lee, and have time to get a transcript of Lee's deposition in order to use it as part of my firm's supplemental response due 1/30/24, per the Court's 1/16/24 [dkt.333] Order.

A witness who gives Trustee two successive declarations, to file with the Court, **is subject to being deposed, and should expect to be deposed**.

No one claims that Lee is NOT available to appear for his deposition as subpoenaed, tomorrow, at 10 am 1/24/24 in person, at my firm.

The deposition reporter and I will be here at my firm tomorrow, 1/24/24 at 10am, ready to take Lee's deposition. I suggest it would be better for Lee to give his deposition tomorrow, per subpoena, than to suffer the consequences of violating a federal court deposition subpoena. Again, I urge you to have Lee appear tomorrow, at 10am 1/24/24, in person, at my firm, to give his deposition. The deposition reporter and I will be here, prepared to take Lee's deposition. You still have time to avoid putting Lee in jeopardy, for violating a federal deposition subpoena, by reversing your unlawful advice to Lee that Lee should violate his deposition subpoena.

I**ts quite clear, after this full day of email correspondence, that you and trustee's attorneys are simply trying to obstruct my firm from taking Lee's deposition tomorrow, 1/24/24 at 10am, which Lee is duly subpoenaed to give, and which is duly noticed, and which my firm is entitled to take, regarding the two declarations Lee signed for Trustee's attorneys, which Trustee's attorneys filed in the Bankruptcy Court, in Opposition to Greyson's Motion for return of Greyson's computers, data, documents which Trustee's attorneys/field agents seized from Greyson's office on 6/2/23.**

Reply to confirm receipt please. I will expect to see you and Lee at 10am tomorrow, 1/24/24 here, at my firm, in person, for Lee's deposition. I can't believe that an experienced attorney such as yourself would tell his client to violate a federal deposition subpoena.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224

Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, January 23, 2024 5:59 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** Christopher.Celentino@DINSMORE.COM; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Jonathan.Serrano@Dinsmore.com; Aaron E. de Leest <adeleest@DanningGill.com>; Zev Shechtman <ZShechtman@DanningGill.com>
**Subject:** Re: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, attys for Greyson Law Center, PC: Responding to your below email of 4:30pm. Lee needs to appear tomorrow. You're acting unlawfully, if you tell Lee to violate depo subpoena

The NDA is attached. Because of your lack of flexibility in moving the deposition, we have not had time to craft a protective order for the benefit of Mr. Lee and his current employer.

I don't know the entire scope of the deposition, but I do know two separate parties have taken time to remind Mr. Lee and me of his obligations under the confidentiality agreement. I've tried my best to work with you to find a mutually agreeable solution and you have refused to have such a conversation other than to repeat the mantra "He was duly served."

Ultimately, FRCP 45(d)(1) places the obligation on you to avoid imposing an undue burden. You failed to do so. Not only did you fail to do so, you failed in a way that made it impossible for Mr. Lee to timely exercise his rights. Mr. Lee would have had a week's notice to appear and only 4 business days to consult with counsel prior to the deposition. This is in the face of accusations he was already untruthful in his declarations and correspondence from other parties reminding him about his NDA.
The Rutter Group's statements regarding the timing of a motion to quash do not lack the flexibility you describe. For example, if I served you with a subpoena now to appear in my office tomorrow morning, you would not be able to file a motion to quash prior to failing to appear. Do you believe you would have waived your ability to do so? The rules of civil procedure in general require the parties to be forthright and flexible in their approach to discovery. Thereafter, they require the judge to use discretion in light of the facts of a particular case. I am confident that Judge Clarkson will find we acted flexibly and reasonably despite Greyson's attempts to bully Mr. Lee.

I have advised you to minimize costs for all involved but I obviously can't stop you from increasing them by having a court reporter come.

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Date:** Tuesday, January 23, 2024 at 5:31 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** RE: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, attys for Greyson Law Center, PC: Responding to your below email of 4:30pm. Lee needs to appear tomorrow. You're acting unlawfully, if you tell Lee to violate depo subpoena
1/23/24 at 5pm
To Attorney William Wall (who says he is hired as attorney to represent non-party witness Bradford Lee in Lee's deposition duly noticed and subpoenaed for 1/24/24 at 10am in person, at my law firm on behalf of my firm's client Greyson Law Center PC

5

From KPMarch, Esq., Bky LF

Atty Wall:

You have the 2 declarations that Lee signed for Trustee's attorneys (1/8/24 and 1/15/24 declarations) which I will be deposing Lee on.

My firm is deposing Lee regarding events that happened before and during the time that Lee was employed by my firm's client, Greyson Law Center, PC. Lee was employed by my firm's client, Greyson from 5/1/23 to 6/9/23, which was before Morning Law bought the assets of debtor LPG, in the bankruptcy court hearing , which the pacer docket shows was held and granted in July 2023. Consequently, Lee's present employment by Resolution Processing, would not seem to be relevant to what Lee's deposition is noticed on. Consequently, if Lee is presently employed at Morning Law, or at its servicer, Resolution Processing, that would have happened after the events stated in Lee's 2 Declarations, which my firm is deposing Lee on. Neither of Lee's Declarations says Lee is employed at either Morning Law or Resolution Processing.

But if questions were asked, which you contend are covered by some alleged nondisclosure agreement (NDA), which you say Lee has with Lee's present employer Resolution Processing--**but which your email does not attach to your below email to my firm**-- such a NDA would NOT be grounds for Lee failing to appear for his duly noticed and subpoenaed deposition tomorrow. At most, you could object to such questions, and only if you could come up with authority that a NDA would trump Lee's duty to testify at Lee's deposition.

You have not filed a Motion to Quash Lee's duly served deposition subpoena, on any ground whatsoever, much less gotten such a Motion granted. I previously sent you the Rutter Group Federal Civil Practice sections that a Motion to quash must be heard and granted before the deposition start time (attached again here for your convenience).

As I warned you in my firm's earlier email to you, if Lee fails to appear, my firm will move for a body detention order, to have US Marshall's put Lee in custody until Lee gives his deposition, for which Lee is properly subpoenaed.

My firm will keep the Veritext deposition reporter scheduled, because my firm has to make a proper deposition reporter transcript that Lee failed to appear (if Lee fails to appear), to attach to my firm's Motion moving for a body detention order. Lee, and I expect you, as the attorney telling Lee to fail to comply with his duly served deposition subpoena, will be liable to pay for the reporter, and to pay for the reporter transcript of non-appearance, if Lee fails to appear, plus additional damages caused to Greyson by Lee's failure to appear, if Lee were to fail to appear.

I strongly recommend that you and Lee reconsider your erroneous position, and that Lee appear-- as duly noticed and subpoenaed, at 10am tomorrow, 1/24/24, at my firm, in person. I will be expecting Lee then, and will be ready to take his deposition tomorrow, because I would be very surprised if an experienced attorney such as yourself would instruct a witness to fail to comply with a properly served deposition subpoena, **as such advice would be unlawful**.

Reply to confirm receipt please.

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064

Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, January 23, 2024 4:32 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Zev Shechtman <ZShechtman@DanningGill.com>
**Subject:** Re: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC: Responding to your below email re Lee's deposition, it is not accurate.

Dear Ms. March,

I am instructing my client not to attend the deposition tomorrow. Please allow this email to serve as evidence we did not appear without the need for taking a formal non-appearance. Accordingly, you can cancel your court reporter to minimize any costs involved. We do intend to file a motion to quash the subpoena, but we wanted to inform you of our intentions to bring the motion prior to close of business today.

Since our last conversation, I have been made aware of a contract entitled Arbitration, Confidentiality and Related Restrictions Agreement ("NDA"), between Mr. Lee and his employer Resolution Processing, LLC. I have been in contact with Resolution Processing's counsel who has advised me of concerns regarding confidential information. I have also been in contact with MLG's counsel who intended to appear and who has expressed concerns that his client's confidential information may become the subject of the deposition. In sum, I do not believe I can adequately advise my client of his competing obligations under the subpoena and NDA.

I have spoken to Mr. Ghio and he has again confirmed to me that he is willing to move the hearing on the Greyson turnover motion to a mutually convenient date which would allow you to prepare whatever paperwork you deem appropriate. Mr. Ghio has also made me aware of procedural irregularities which may deem this inappropriate anyway.

If you will agree that I do not need to file a motion to quash after not appearing, I would appreciate it. If not, you can move to compel attendance or whatever other remedy you might deem appropriate.

Thanks,
Bill

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Date:** Tuesday, January 23, 2024 at 3:22 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC: Responding to your below email re Lee's deposition, it is not accurate. 012424

William Wall Esq., from KPMarch, Esql Bky LF:

Responding to your 2:29pm below email re Lee's deposition set for tomorrow, 1/24/24/ at 10am, at my firm, in person.

7

I believe one or more of the Celentino firm's 4 attys of record (Celentino, Ghio, Freedman and/or Serrano) will appear in person tomorrow at Lee's 1/24/24 at 10am deposition here at my law firm.

I'm still waiting for Ghio to tell me if his firm will pay the $295 Veritext fee that Veritext charges to give Ghio a listen only zoom phone call feed, so he can listen in (but not talk) instead of attending in person. Only 1 attorney for his firm can ask questions/make objections, no matter how many of those attorneys appear.

My firm confirmed the certified deposition reporter with Veritext, first thing this morning.

My firm will make an extra set of all the exhibits we intend to use in Lee's deposition tomorrow, 1/24/24, so you will have your own set to view, though you already confirmed you have the 2 Lee Declarations, subpoena, and notice of deposition.

Reply to confirm you received this email please. Thx.

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, January 23, 2024 2:29 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Subject:** Re: Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC: Responding to your below email re Lee's deposition, it is not accurate.

Thank you for the clarifications. The below is really helpful. I thought you were not opposed to a continuance if it didn't prejudice you in other ways. However, it appears that you would not agree to a continuance unless I could show we were otherwise entitled to one and you were not prejudiced.

I'm sure with the benefit of hindsight Lee would have hired me (or someone else) sooner, but here we are. I understand you are not willing to make any accommodations based on the scheduling order we have to live with.

Do you know who else intends to attend the deposition?

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Date:** Tuesday, January 23, 2024 at 2:22 PM
**To:** William Wall <wwall@wall-law.com>

**Subject:** Deposition of Bradford Lee: William Wall, Esq. from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC: Responding to your below email re Lee's deposition, it is not accurate. 012324 at 2pm

William Wall, Esq., from KPMarch Esq, Bky LF:

Re: Responding to your below email re Lee's deposition, it is not accurate.

Atty Wall:

Our 2 most recent emails must have crossed in cyberspace. Please confirm you have received and read the email I sent you at 1:53pm.

Your below email is somewhat in error: **My firm OPPOSES moving Lee's deposition from 1/24/24 at 10am, the date duly noticed and duly subpoenaed, even if such a Motion continues Greyson's present 1/30/24 further response date set by Judge Clarkson's 1/16/24 [dkt333] Order.**

Analysis of this situation must start with the fact that **you have failed to tell my firm anything that constitutes cause to move Lee's deposition from 1/24/24 at 10am**. If waiting to hire an attorney until the day before the deposition was cause to get the deposition continued, no one could ever take a non-party witness deposition on the date the witness was subpoenaed for, which would unnecessarily delay progress of litigation.

The multiple reasons my firm does **not** believe there is CAUSE to continue Lee's deposition to a date later than tomorrow, 1/24/24 at 10am, the date Lee is subpoenaed for, are listed in my firm's email to you at 12:29pm today, and of my firm's email to you at 1:52pm today. I hope the Rutter Group Federal Civil Procedure quote I sent you in my firm's 1:52pm email of today is helpful to you.

The fact that it would fatally prejudice Greyson, to have the 1/24/24 at 10am deposition moved, without giving Greyson longer than 1/30/24 to file Greyson's supplemental response to the Celentino firm's Opposition (includes Lee's declarations) to Greyson's Motion for order ordering Celentino firm to return Greyson's computers/ data/ documents seized by Celentino firm at its field agents on 6/2/24, **is JUST ONE REASON why there is NOT cause to move Lee's deposition from 1/24/24 at 10am**.

Lee should have expected he would be deposed, since Lee gave TWO declarations (1/8/24 and 1/15/24 ) to the Celentino firm, which the Celentino firm filed with the Bankruptcy Court, opposing Greyson's Motion

**All my firm is looking for in Lee's deposition is to have Lee tell the truth**, which is Lee's duty as a subpoenaed witness. It shouldn't take very long to instruct Lee to tell the truth.

Reply to confirm receipt please. Thx.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

9

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, January 23, 2024 1:39 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Subject:** Re: Deposition of Bradford Lee: William Wall, Esq. (proposed atty for Lee at Lee's deposition to be taken tomorrow), from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC Read below please and reply. Feel free to phone my firm at 310-559-9224.

Atty March:

Thank you for your prompt response below and your phone call. As I mentioned during our call, I would be sending you this summary email. As I told you, we are contemplating filing a motion to quash the subpoena. Before filing anything, I want to make I fully understand your position.

In broad terms, your client's primary objection to delaying the deposition is that it will prejudice your client with respect to any papers you file in what I will call the "Turnover Motion." If I understood correctly, you agreed that enlarging your window to permit discovery would alleviate your issues. However, you were uncomfortable with a continuance until you had a signed order continuing the hearing and thereby continuing your response date. Is that a fair assessment?

I told you that in my experience, judges would likely accommodate scheduling requests for discovery, especially when a third party was impacted and all the parties agreed. I further told you I contacted the Dinsmore firm and they would stipulate to move the hearing to a mutually agreeable time which would allow you to take the deposition and have the transcript returned in sufficient time to prepare your papers.

I further stated I had a hearing at 10, but you were willing to allow me use your office to attend my hearing via zoom, but you insisted the deposition be in person.

If I have misstated anything, please let me know. I will advise by close of business whether we intend to appear tomorrow.

Thank you,
Bill

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Date:** Tuesday, January 23, 2024 at 12:29 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** RE: Deposition of Bradford Lee: William Wall, Esq. (proposed atty for Lee at Lee's deposition to be taken tomorrow), from KPMarch, Esq., Bky LF, counsel for Greyson Law Center, PC Read below please and reply. Feel free to phone my firm at 310-559-9224.
012324

William Wall, Esq. (proposed atty for non-party witness Bradford Lee for Lee's deposition noticed and subpoenaed for tomorrow 1/24/24 at 10am, here, in person), from KPMarch, Esq., Bky LF (counsel for Greyson Law Center, PC, party taking deposition:

Atty Wall:

Responding to your below email of 11:45am today, 1/23/24:

I'm sorry, but there are multiple reasons why my firm is unable to comply with your below request, made on 1/23/24 at 11:45am, to continue non-party Bradford Lee's deposition that is noticed, with subpoena and witness fee check duly served on Lee, for tomorrow 1/24/24 at 10am, in person, here at my law firm:

1. Bradford Lee is a non-party witness, who is aligned with the opposing party, Trustee Marshack's attorneys, because Lee supplied 2 Declarations to trustee Marshack's attorneys of record (one declaration dated 1/8/24 and one declaration dated 1/15/24) which were filed by Trustee's attorneys (Dinsmore & Scholl, attys of record Celentino, Ghio, Freedman & Serrano) with the Bankruptcy Court, regarding the Motion brought by my law firm, for my firm's Client, Greyson Law Center, PC.

2. Greyson's Motion seeks, inter alia, an order of bankruptcy court ordering Marshack's attorneys of record to return to Greyson, Greyson's computers, data and documents seized by those attorneys and their field agents, at Greyson's office, on 6/2/23, which Greyson still does not have back to present.

3. My firm noticed/and served subpoena on Lee, with witness check and notice of deposition, to depose Lee on 1/24/24, because the Court's dkt.333 order, entered 1/16/23 (Tuesday), only gives my firm's client, Greyson, until 1/30/24 to do further responses to Opposition of trustee's attorneys to Greyson's Motion, including further responses regarding Lee's Declarations. The next day, 1/17/23, my firm noticed Lee's deposition for 1/24/24 and our registered process server served Lee with the deposition subpoena, notice of deposition and witness fee check, the evening of 1/17/24.

4. 1/24/24 is the furthest out my firm could notice that deposition, to have option of using Lee's testimony in Greyson's 1/30/24 further responses due on 1/30/24 per the Bankruptcy Court's 1/16/24 Order.

5. My firm's registered process server had to locate and serve deposition subpoena, notice of deposition, and witness fee check on Lee, by hand, and my firm had very little time after the Court's dkt.333 order, to do that. Discussing serving a non-party witness subpoena, before it is served, runs the risk of increasing difficulty of serving the non-party witness. Therefore, neither my firm (nor other firms that I know of) discuss serving non-party witnesses with subpoenas, before the process server is out serving them. But you weren't counsel to Lee, so you would not have been notified, in any event.

6. No one denies that Lee is properly subpoenaed to give his non-party deposition tomorrow, in person, at my law firm.

7. No one denies that Lee's deposition is properly noticed for tomorrow, 1/24/24 at 10am at my firm, in person.

11

8. What date were you retained to appear with Lee at his deposition tomorrow? Why am I only hearing from you now, 1/23/24, at 11:45am, for a deposition noticed for 1/24/24? I would suggest that if unable to attend, then Lee might need to find some other attorney. Also, please tell my firm, are trustee's attorneys paying for you to appear with Lee tomorrow?

9. One of trustee's attorneys (Ghio) has requested a zoom feed for tomorrow's deposition, and Veritext, whose certified deposition reporter is reporting the deposition, in person, has confirmed to my firm that Veritext will supply a listen only phone zoom link for Ghio, for $295, if Trustee's firm pays for that. Your office is only approximately 60 miles from my law firm, and I would expect you can drive here with Lee tomorrow. 10am start time makes that pretty easy. But if you want to pay for a zoom link, I am willing to see what I can do with Veritex.

Reply please to confirm receipt. Feel free to phone my firm at 310-559-9224.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, January 23, 2024 11:45 AM
**To:** kmarch@bkylawfirm.com; kmarch3@sbcglobal.net; kmarch@sbglobal.net
**Subject:** Deposition of Bradford Lee

Dear Kay,

It has been quite a while since we have had a case together or talked. I hope all is well with you and your family. I was just retained to represent Bradford Lee with respect to his deposition. I am still learning about the case. I know about the chapter 11 in general but not the adversary.

Mr. Lee is very concerned about his competing obligations to his employer and compliance with the subpoena. He respectfully requests you agree to move the deposition until these issues can be resolved. Additionally, I understand Mr. Lee will likely be deposed in multiple actions. Accordingly, I think it makes sense to coordinate his depositions out of respect for his time.

If this is agreeable, please let me know as soon as possible. I am working on a motion to quash because of the above-referenced competing obligations. Like most judicial officers, Judge Clarkson does not look kindly on discovery motions. I would prefer to work collaboratively towards a resolution than judicial intervention.

I look forward to hearing from you.
Bill

--
William J. Wall
Wall & Son
26895 Aliso Creek Road B110
Aliso Viejo, CA 92656
Office 949-387-4300
Cell/Signal/WhatsApp (949) 929-3564
Fax 949-860-7890 *dinosaurs only*
wwall@wall-law.com

Please let me know if you have received this in error. Thank you.

Wall & Son is a debt relief agency. We help people file for bankruptcy. We also represent creditors and other participants in bankruptcy cases. *And we deal in lead, friend.*

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

**GREYSON LAW CENTER PC'S <u>OPPOSITION</u> TO BRADFORD LEE'S MOTION TO QUASH, FILED AT 5:43 A.M. ON 1/24/24 [DKT. 347], AND TO CHAPTER 11 TRUSTEE MARSHACK'S JOINDER TO MOTION TO QUASH [DKT. 348]; DECLARATION OF KATHLEEN P. MARCH, ESQ. IN SUPPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___1/24/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

n/a

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/24/24_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

No Judge's Copy required because document is under 25 pages.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/24/24 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Keith Barnett**   keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan**   eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**   christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**   mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman**   jeremy.freedman@dinsmore.com
- **Christopher Ghio**   christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**   kelly@ksgklaw.com
- **Meredith King**   mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**   David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**   daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**   Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**   marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**   kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **Daniel H Reiss**   dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**   jonathan.serrano@dinsmore.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**   wwall@wall-law.com
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**