1  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  SHANTAL MALMED (State Bar No. 351496)
   *Smalmed@DanningGill.com*
4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for MORNING LAW GROUP, P.C.,

8

9                  **UNITED STATES BANKRUPTCY COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11                      **SANTA ANA DIVISION**

12  In re                              Case No. 8:23-bk-10671-SC

13  LITIGATION PRACTICE GROUP,         Chapter 11

14          Debtor.

15  ─────────────────────────────

16  RICHARD A. MARSHACK,               Adv. No. 8:23-ap-01046-SC

            Plaintiff,                 **MOTION FOR PROTECTIVE ORDER**
17                                      **AND TO MODIFY SUBPOENA FILED BY**
        vs.                            **MORNING LAW GROUP P.C.**
18                                      **PURSUANT TO FRCP 26(c)(1)(G) AND**
    TONY DIAB, et al.,                 **FRCP 45(d)(3)(B)(i); MEMORANDUM OF**
19                                      **POINTS AND AUTHORITIES, REQUEST**
            Defendants.                **FOR JUDICIAL NOTICE, AND**
20                                      **DECLARATION OF JOSHUA**
                                        **ARMSTRONG AND ZEV SHECHTMAN**
21                                      **IN SUPPORT THEREOF**

22
                                        Judge:    Hon. Scott C. Clarkson
23                                      Date:     To Be Determined
                                        Time:     To Be Determined
24                                      Crtrm.:    5C

25

26          Morning Law Group, P.C. ("MLG" or "Movant") hereby files it Motion for Motion for

27  Protective Order and to Modify Subpoena filed by Morning Law Group P.C. Pursuant to FRCP

28  26(c)(1)(G) and FRCP 45(d)(3)(B)(i) ("Motion") with respect to the February 2, 2024 deposition of

1  Bradford Lee.  This Motion is filed pursuant to the Court's ruling on January 24, 2024 at an

2  emergency hearing on a motion for protective order and to quash subpoena filed by Mr. Lee (Adv.

3  doc. no. 347), at which time the Court ruled that any motions for protective order or to quash must

4  be filed by January 29, 2024 (Adv. doc. no. 351).

5         This Motion is supported by the below memorandum of points and authorities, request for

6  judicial notice, and declarations of Joshua Armstrong and Zev Shechtman.

7

8  DATED:  January 29, 2024              DANNING, GILL, ISRAEL & KRASNOFF, LLP

9

10                                       By:   ___*/s/ Zev Shechtman*_____

11                                             ZEV SHECHTMAN
                                               Attorneys for MORNING LAW GROUP, P.C.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

MLG acquired certain assets of the debtor.  The sale closed in August 2023.  MLG is not a party to this action.

Even though MLG has no connection to this action, Greyson, a competitor of MLG, has named MLG as a subject of inquiry in its notice of deposition of Bradford Lee.  Bradford Lee is an employee of Resolution Processing LLC ("ResPro").  ResPro provides administrative services to MLG.

MLG seeks protection from the disclosure of its proprietary, business, commercial, consumer cliebt, privileged and other information.  When good cause is shown, a court may protect from disclosure, without limitation, "trade secrets or other confidential research, development, or commercial information" ("Confidential Information"). *See* FRCP 26(c)(1)(G) and FRCP 45(d)(3)(B)(i).  Good cause exists here.  MLG therefore seeks a protective order and order quashing or limiting Greyson's subpoena to prevent the disclosure of MLG's Confidential Information.

## II.

## FACTUAL BACKGROUND

This adversary proceeding was filed on May 25, 2023.  MLG was not and is not a party in the adversary proceeding.

On August 2, 2023, the Court entered its order approving the Trustee's sale of certain assets to MLG in the main bankruptcy case.  See bankr. doc. no. 352.  The sale order includes a number of provisions intended to protect consumer clients of the debtor, many of whom became consumer clients of MLG, including, but not limited to, the appointment of an ethics monitor.  Bankr. doc. no. 352 at ECF page 15, ¶12.  MLG had no prior connection to the debtor or the Trustee.  MLG had no prior connection to Greyson.  See Declaration of Joshua Armstrong.

1    MLG is a law firm.  It provides consumer debt dispute services, including primarily to

2  consumer clients who are former clients of the debtor.  ResPro provides back-office, administrative

3  and other business services to MLG to assist MLG with the operation of the business that MLG

4  acquired from the debtor's estate.  See Declaration of Joshua Armstrong.

5    Mr. Lee is an employee of ResPro.  Mr. Lee has knowledge regarding the clients, business,

6  financial affairs, operations, and other matters concerning MLG.  The information that Mr. Lee has

7  regarding MLG is proprietary.  The information is confidential and in some cases privileged.  MLG

8  is a private company that is in a competitive business space.  Any information about MLG's

9  business affairs could be useful to a competitor of MLG.  MLG also handles sensitive personal data

10  involving consumer clients.  ResPro and its employees, including Mr. Lee, are responsible for

11  maintaining that information in strict confidence.  This is true regardless of the existence of a

12  formal confidentiality agreement.  See Declaration of Joshua Armstrong.

13    In other words, MLG believes that all of the work that ResPro and Mr. Lee do for MLG

14  constitute "trade secrets or other confidential research, development, or commercial information"

15  ("Confidential Information") entitled to protection under FRCP 26(c)(1)(G) which is incorporated

16  by FRBP 7026 and FRCP 45 which is incorporated by FRBP 9016.  See Declaration of Joshua

17  Armstrong.

18    As a non-party, MLG has been forced to act to protect its information because Greyson has

19  served on Mr. Lee a subpoena to appear at a deposition regarding the declaration that Mr. Lee

20  submitted in the above-captioned action. See Adv. doc. no. 347.  Greyson's notice of deposition

21  states that the subject matter of the deposition will include "Lee's present employment at Morning

22  Law Group and/or Resolution Trust," even though nothing in Mr. Lee's Declaration references or

23  relates to MLG.  See Adv. doc. no. 347 at ECF p. no. 22 at lines 23-24.  Mr. Lee is not employed

24  by MLG.  Presumably the reference to "Resolution Trust" is to ResPro, Lee's employer.

25    MLG is, therefore, greatly concerned that the deposition of Mr. Lee will include questions

26  about MLG or work that ResPro does for MLG.  See Declaration of Joshua Armstrong.

27    MLG's counsel has met and conferred with Greyson's counsel and has attempted to

28  negotiate terms of a protective order to prevent disclosure regarding MLG's Confidential

1   Information, which could include questions about MLG or questions about services ResPro

2   provides to MLG.  MLG does not believe that disclosure of such information would be necessary,

3   reasonable or appropriate under the circumstances.  See Declaration of Zev Shechtman.

4         In response to MLG's concerns, Greyson's counsel proposed that the deposition be held and

5   that MLG preserve its rights by objecting to questions and then later seeking to redact portions of

6   the transcript.  In other words, Greyson suggests that MLG seek protection after the Confidential

7   Information is already disclosed.  This is not an acceptable resolution to MLG because:

8         a.      Mr. Lee is not MLG's employee and MLG's counsel cannot instruct Mr. Lee not to

9   answer questions unless the Court authorizes MLG to do so.  Mr. Lee's counsel has informed

10  MLG's counsel that Mr. Lee's counsel will not be able to instruct Mr. Lee not to answer questions

11  that may include disclosure of MLG Confidential Information absent a protective order. The

12  proposed protective order, which Mr. Lee agrees to, would allow both Mr. Lee's counsel and

13  MLG's counsel to instruct Mr. Lee not to disclose MLG's Confidential Information.

14        b.      Greyson is an admitted competitor of MLG.  See Exhibit "2" to Declaration of Zev

15  Shechtman.  Allowing Greyson to elicit information about MLG in discovery and then later letting

16  MLG seek to redact that information does not alleviate the concern of a competitor knowing and

17  using information about MLG (the "cat will be out of the bag").

18        c.      MLG's information is sensitive, private, proprietary and privileged.  MLG has an

19  ethics monitor appointed by the Court and multiple government agencies throughout the country to

20  whom MLG reports and by whom MLG is regulated.  MLG does not know what Greyson is going

21  to ask about MLG and cannot risk that such information be elicited in the uncontrolled manner that

22  Greyson demands.

23        d.      MLG proposed to Greyson that if it comes up with questions about MLG during the

24  Lee deposition, that Greyson can submit them in writing to MLG at a later time.  If not

25  objectionable, MLG will later provide or allow Lee or ResPro to provide answers.  If objectionable,

26  the Court can later consider the information at issue, including en camera.  Greyson rejected this

27  proposal.  Hence, this Motion and the accompanying stipulation re discovery dispute.

28

# III.

## LEGAL DISCUSSION

**A.    A Protective Order and Order Quashing Subpoena is Appropriate in the Circumstances**

Federal Rule of Bankruptcy Procedure ("FRBP") 7026 states that Federal Rule of Civil Procedure ("FRCP") 26 applies in adversary proceedings.  FRCP 26 contains general discovery provisions for civil actions.  FRCP 26(c)(1) permits persons to seek a protective order to prevent "annoyance, embarrassment, oppression, or under burden or expense," including if discovery requires the revelation of a "trade secret or other confidential research, development, or commercial information."  FRCP 26(c)(1)(G).  The rule uses the term "including" before listing a number of examples of the kinds of information that may be protected, indicating that the list is not an exclusive list of categories of information that may be protected from discovery.  The rule states that a "party" or a "person" may seek protection. *Id.*  This means that these rules protect anyone whose information is at issue, not only parties to the action.  FRCP 45 (made applicable by FRBP 9016) regarding subpoenas similarly protects persons from disclosure of "a trade secret or other confidential research, development, or commercial information."  FRCP 45(d)(3)(B)(i).

Trial courts enjoy broad power and discretion to issue protective orders tailored to the circumstances of the case.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

A non-party deserves extra protection from the courts.  *Soto v. Castlerock Farming and Transport, Inc*., 282 F.R.D. 492, 504 (E.D. Cal. 2012) (quoting *High Tech Medical Instrumentation v. New Image Indus*., 161 F.R.D. 86, 88 (N.D.Cal. 1995) (citing *United States v. Columbia Broadcasting System*, 666 F.2d 364, 371–72 (9th Cir. 1982)). The court is able to use its "ample discretion" to "modify a subpoena that unduly burdens a nonparty." *Antman v. Uber Techs., Inc*., No. 3:15-CV-01175-LB, 2016 WL 164294, at *2 (N.D. Cal. Jan. 14, 2016) (quoting in part *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

In deciding whether to modify or quash a subpoena the court weighs the burden on the party whose information is sought against the value of the information to the serving party. *Moon v. SCP Pool Corp*., 232 F.R.D. 633, 637 (C.D. Cal. 2005).

Applying the above legal concepts requires careful consideration of the following unique facts:

1.      MLG does not know what questions will be asked about MLG and, absent the requested protection, will not know until after the questions are asked and answered.

2.      As a non-party competitor of Greyson, and holder of significant confidential, proprietary, consumer, personal, and regulated information, as well as privileged information, MLG is very concerned that the revelation of information regarding MLG will be harmful to MLG and its consumer clients, and there will be no sufficient remedy after the fact.

3.      Although Greyson has not established that MLG is relevant to the adversary proceeding, and seems to concede that MLG is not relevant, Greyson refuses to voluntarily limit the discovery in any way.

4.      In light of MLG's non-party status and the other sensitive facts of MLG, MLG believes it would be appropriate to enter a protective order that would allow MLG, ResPro and Mr. Lee to participate in the deposition with confidence that MLG's Confidential Information will be protected.

Accordingly, MLG has submitted a proposed order for protective order and to modify the subpoena ("Protective Order") a copy of which is attached as Exhibit "1" hereto.

**B.      Relief Requested in MLG's Proposed Protective Order**

The relief requested in MLG's proposed Protective Order, the form of which ResPro and Mr. Lee approve, is as follows:

1.      No party in this action shall be required to disclose MLG Confidential Information absent further order of this Court.

2.      Bradford Lee shall not be required to disclose MLG Confidential Information in his deposition on February 2, 2024 or in any continuance thereof.

3.      Counsel for Bradford Lee is authorized to instruct Mr. Lee not to answer questions regarding MLG Confidential Information.

1      4.      Counsel for MLG is authorized to instruct Mr. Lee not to answer questions

2  regarding MLG Confidential Information.

3      5.      To the extent the deposing party or any other party seeks MLG Confidential

4  Information, such questions shall be reserved for later written review by MLG and, if necessary,

5  consideration by the Court for relevancy and protected status, and need not be answered until after

6  the Court determines whether such MLG Confidential Information is subject to protection under

7  FRCP 7026(c)(1) and/or FRCP 45(d)(3)(B)(i) or other applicable law.

8      6.      No person shall be sanctioned, or incur any expense to another, as a result of their

9  refusal to provide MLG Confidential Information to any other party or non-party in this action,

10  including if there is a dispute regarding whether any information should be designated as MLG

11  Confidential Information.

12

13 **C.**   **MLG has Complied with Its Obligations to Meet and Confer and Submit a Separate**

14        **Stipulation Re Discovery Dispute**

15      FRCP 26(c)(1) requires that a person who seeks a protective order first attempt to confer

16  with the other parties.  FRCP 26(c)(1).  LBR 7026-1(c)(2) requires that parties meet and confer

17  before filing a motion regarding a discovery dispute.  LBR 7026-1(c)(2).  Further, the parties must

18  submit a stipulation identifying the disputed issue(s) and the parties' respective contentions and

19  points and authorities as to each issue. LBR 7026-1(c)(3).

20      Movant is preparing to file the stipulation regarding discovery dispute and the below

21  Declaration of Zev Shechtman demonstrates MLG's compliance with the meet and confer

22  requirements.

23

24

25

26

27

28

1

**IV.**

2

**<u>CONCLUSION</u>**

3      Based on the foregoing, MLG respectfully requests that the Court enter the Protective Order

4   in the form of Exhibit "1" hereto and for such other relief as the Court deems just and proper.

5

6   DATED:  January 29, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

7

8                                               By:        _/s/ Zev Shechtman_

9                                                     ZEV SHECHTMAN
                                                     Attorneys for MORNING LAW GROUP, P.C.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **REQUEST FOR JUDICIAL NOTICE**

2          Morning Law Group, P.C. ("MLG") hereby respectfully requests that the Court take

3   judicial notice of the following facts under Fed. R. Evid. 201:

4          1.      This adversary proceeding was filed on May 25, 2023.

5          2.      MLG is not a party in the adversary proceeding.

6          3.      On August 2, 2023, the Court entered its order approving the Trustee's sale of

7   certain assets to MLG.  See bankr. doc. no. 352.

8          4.      The sale order includes the appointment of an ethics monitor.  Bankr. doc. no. 352 at

9   ECF page 15, ¶12.

10         5.      Greyson's notice of deposition of Bradford Lee states that the subject matter of the

11  deposition will include "Lee's present employment at Morning Law Group and/or Resolution

12  Trust."  See Adv. doc. no. 347 at ECF p. no. 22 at lines 23-24

13

14  DATED:  January 29, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

15

16                                      By:      _/s/ Zev Shechtman_____

17                                              ZEV SHECHTMAN
                                                Attorneys for MORNING LAW GROUP, P.C.
18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOSHUA ARMSTRONG

I, Joshua Armstrong, declare as follows:

1.      I am the Chief Executive Officer of Morning Law Group, P.C. ("MLG"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of the above Motion for Protective Order and to Modify Subpoena.

2.      Before acquiring assets from the estate, MLG had no prior connection to the debtor or the Trustee. MLG had no prior connection to Greyson Law Center PC ("Greyson").

3.      MLG is a law firm. It provides consumer debt dispute services, including primarily to consumer clients who are former clients of the debtor. Resolution Processing LLC ("ResPro") ResPro provides back-office, administrative and other business services to MLG to assist MLG with the operation of the business that MLG acquired from the debtor's estate.

4.      I am informed and believe that Bradford Lee is an employee of ResPro. I am informed and believe that Mr. Lee has knowledge regarding the clients, business, financial affairs, operations, and other matters concerning MLG. The information that Mr. Lee has regarding MLG is proprietary. The information is confidential and in some cases privileged. MLG is a private company that is in a competitive business space. Any information about MLG's business affairs could be useful to a competitor of MLG. MLG also handles sensitive personal data involving consumer clients. ResPro and its employees, including Mr. Lee, are responsible for maintaining that information in strict confidence. This is true regardless of the existence of a formal confidentiality agreement.

5.      I believe that all of the work that ResPro and Mr. Lee do for MLG constitute trade secrets or other confidential research, development, or commercial information.

1      6.     I am greatly concerned that the deposition of Mr. Lee will include questions about

2 MLG or work that ResPro does for MLG.

3      I declare under penalty of perjury under the laws of the United States of America that the

4 foregoing is true and correct.

5      Executed on this 29th day of January, 2024, at Irvine, California.

6

7                                  _____

8                                    Joshua Armstrong

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF ZEV SHECHTMAN**

I, Zev Shechtman, declare as follows:

1.      I am an attorney admitted to practice in the State of California and before this Court. I the principal of a professional corporation that is a partner of Danning, Gill, Israel & Krasnoff, LLP, attorneys of record for Morning Law Group, P.C. ("MLG").  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of the above Motion for Protective Order and to Modify Subpoena.

2.      I have met and conferred with Greyson Law Center PC's ("Greyson") counsel, Kathleen March, and attempted to negotiate terms of a protective order to prevent disclosure regarding MLG's Confidential Information. Specifically, on January 25, 2024, I called Ms. March together with Bradford Lee's counsel, William Wall.  I also exchanged emails with Ms. March regarding the same subject matter.  The emails to and from me and Ms. March are attached hereto as Exhibits "2" and "3."

3.      In response to MLG's concerns, Ms. March proposed that the deposition be held and that MLG preserve its rights by objecting to questions and then later seeking to redact portions of the transcript.  In other words, Ms. March suggests that MLG seek protection after the Confidential Information is already disclosed.  See Email from Ms. March to me dated January 25, 2024 at 4:00 p.m.  In it Ms. March confirmed Greyson's position as follows:

> "I suggested that rather than Shechtman trying to move for a protective order, now, without knowing what Lee may testify to, that it would make more sense for Shechtman to object, if he thinks I ask some question which call for Lee to state confidential, legally protectible information of Morning Law; then Shechtman can get the deposition transcript transcribed, and can move for a protective order against only those answers.  Schectman declined to do that."

See Exhibit "2."

4.      My client and I do not believe that Ms. March's proposal would afford MLG and its clients sufficient protection.

5.      Mr. Wall has informed me that he will not be able to instruct Mr. Lee not to answer questions that may include disclosure of MLG Confidential Information absent a protective order.

6.    Counsel for Mr. Lee and counsel for ResPro have both approved the proposed protective order.

7.    Greyson is an admitted competitor of MLG.  See Exhibit "2" (January 25, 2024, 4:00 PM email from K. March) ("Greyson is a competitor of Morning Law.  **That is absolutely correct**.") (emphasis original).

8.    Exhibit "3" is an email chain reflecting my unsuccessful effort to negotiate a stipulated protective order and Ms. March's confirmation that the parties have met and conferred.

9.    I have prepared a stipulation regarding the discovery dispute pursuant to LBR 7026-1(c)(3).  The stipulation has been approved by counsel for both ResPro and Mr. Lee.  I sent a copy of the stipulation to Ms. March on Saturday, January 27, 2024, around 6:25 p.m., requesting a response by January 29, 2024, at 10:00 a.m. Having not yet received a response, I called with Ms. March around 11:15 a.m. on January 29, 2024 requesting her response.  I ultimately received Ms. March's input at 4:00 p.m. on January 29, 2024, and will finalize and file the stipulation shortly after completing the filing of this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of January, 2024, at Los Angeles, California.

_____
Zev Shechtman

# EXHIBIT "1"

1  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for MORNING LAW GROUP, P.C.

7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SANTA ANA DIVISION**

11  In re                              |  Case No. 8:23-bk-10671-SC

12  LITIGATION PRACTICE GROUP,          |  Chapter 11

13            Debtor.

14  ─────────────────────────────

15  RICHARD A. MARSHACK,,              |  Adv. No. 8:23-ap-01046-SC

            Plaintiff,                 |  **PROTECTIVE ORDER AND ORDER TO
16                                     |  QUASH REGARDING CONFIDENTIAL
       vs.                            |  INFORMATION OF MORNING LAW
17                                     |  GROUP PC PURSUANT TO FRCP
    TONY DIAB, et al.,                |  26(c)(1)(G) AND FRCP 45(d)(3)(B)(i)**
18
            Defendants.
19                                     |  Judge:   Hon. Scott C. Clarkson
                                       |  Date:    To Be Determined
20                                     |  Time:    To Be Determined
                                       |  Crtrm.:  5C
21  ─────────────────────────────

22       The Court having read and considered the *Motion for Protective Order and Order to Quash

23  Regarding Confidential Information of Morning Law Group PC Pursuant to FRCP 26(c)(1)(G)

24  and FRCP 45(d)(3)(B)(i)*) filed by Morning Law Group PC ("MLG") and all evidence, responses,

    joinders or oppositions with respect thereto; good cause appearing therefor; the Court hereby
25
        ORDERS THAT:
26
        1.      No party in this action shall be required to disclose information of or about MLG, or
27
    of Resolution Processing LLC as it relates to services it provides to MLG, constituting confidential
28

1   research, development or commercial information (the "MLG Confidential Information") absent

2   further order of this Court.  Notwithstanding the specificity of the foregoing, the Court further

3           ORDERS THAT:

4           2.      Bradford Lee shall not be required to disclose MLG Confidential Information during

5   his deposition on February 2, 2024 or in any continuance thereof.

6           3.      Counsel for Bradford Lee is authorized to instruct Mr. Lee not to answer questions

7   regarding MLG Confidential Information.

8           4.      Counsel for MLG is authorized to instruct Mr. Lee not to answer questions

9   regarding MLG Confidential Information.

10          5.      To the extent the deposing party or any other party seeks MLG Confidential

11  Information, such questions shall be reserved for later written review by MLG and, if necessary,

12  consideration by the Court for relevancy and protected status, and need not be answered until after

13  the Court determines whether such MLG Confidential Information is subject to protection under

14  FRCP 7026(c)(1) and/or FRCP 45(d)(3)(B)(i) or other applicable law.

15          6.      No person shall be sanctioned, or incur any expense to another, as a result of their

16  refusal to provide MLG Confidential Information to any other party or non-party in this action,

17  including if there is a dispute regarding whether any information should be designated as MLG

18  Confidential Information.

19                                          ####

20

21

22

23

24

25

26

27

28

# EXHIBIT "2"

## Zev Shechtman

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Thursday, January 25, 2024 5:18 PM |
| **To:** | 'William Wall' |
| **Cc:** | Zev Shechtman |
| **Subject:** | RE: Attys Shechtman and Wall from KPMarch, Bky LF:  Thank you for phoning my firm earlier today.  this email is to memorialize what I suggested in that email. |

012524

To William Wall from KPMarch, BkyLF, cc to Zev Shechtman:

My firm has hired Veritext to send a **certified shorthand deposition reporter** to take Lee's deposition on 2/2/24, and I told Veritext the deposition could be full 7 hours (to be on safe side).

Anyone who wishes to pay for deposition transcript can order transcript.  Veritext reporters are trained to, at end of deposition,  ask everyone present at a deposition, who wants to order the transcript and on what basis (regular time, 7 day, overnite, same day).

I was suggesting, in my email, that Shectman might want to order the deposition transcript,  because he would need to order it expedited, and I don't need to order it expedited.  I hope that answers your question.  I suggest proceeding as I have suggested is best, because they court can see the actual questions and answers, in context, that the court is being asked to rule on.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Thursday, January 25, 2024 4:41 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; 'Zev Shechtman' <ZShechtman@DanningGill.com>
**Subject:** Re: Attys Shechtman and Wall from KPMarch, Bky LF: Thank you for phoning my firm earlier today. this email is to memorialize what I suggested in that email.

As you requested, I will confirm receipt of your email. I will not discuss with you anything I intend to tell my client unless my client expressly authorizes or instructs me to.

I have a logistics question. You have mentioned in the email and on the phone "then Shechtman can get the deposition transcript transcribed, and can move for a protective order against only those answers." Are you not intending to get a transcription? Since you said you had Veritext there yesterday I assumed it would be like

**019**

any other deposition with a court reporter. Is that not the case? I was under the impression anyone who needed a copy could purchase it from the court reporter. Do you just intend to have an audio made?

I saw Zev just sent an email so I suggest we keep all comments on one chain.

---

**From:** K. P. March <kmarch@bkylawfirm.com>
**Date:** Thursday, January 25, 2024 at 4:00 PM
**To:** 'Zev Shechtman' <ZShechtman@DanningGill.com>, William Wall <wwall@wall-law.com>
**Subject:** Attys Shechtman and Wall from KPMarch, Bky LF: Thank you for phoning my firm earlier today. this email is to memorialize what I suggested in that email.

012524

Attys Shechtman and Wall from KPMarch, Bky LF:

Thank you for phoning my firm earlier today.  this email is to memorialize what I suggested in that email:

My firm cannot stipulate that I will not ask witness Lee questions about Morning Law /Resolution Processing (which Shechtman confirmed are different companies), because Lee was employed by Resolution Trust on the dates Lee provided Lee's 1/8/24 and 1/15/24 Declarations which Trustee's attorneys filed with the Court.  My firm is entitled to ask, and will ask, questions about how that came about.  Shechtman agreed I was entitled to ask such questions, such as whether Lee's employer Resolution Trust, or Morning Law, involved in Lee giving those Declarations, and how they were involved.

Since I don't know what Lee's testimony will be, I don't know where Lee's testimony will lead.

Shechtman said Greyson is a competitor of Morning Law.  <u>That is absolutely correct</u>.  Schectman said that Morning Law's business strategy is confidential information.  My firm's view is:  that depends.  Again, I can't stipulate in advance when I don't know what Lee might testify to.

But I did assure Shechtman that Greyson has Greyson's own protocols and procedures, and doesn't need any Morning Law protocols or procedures.

I suggested that rather than Shechtman trying to move for a protective order, now, without knowing what Lee may testify to, that it would make more sense for Shechtman to object, if he thinks I ask some question which call for Lee to state confidential, legally protectible information of Morning Law; then Shechtman can get the deposition transcript transcribed, and can move for a protective order against only those answers.  Schectman declined to do that.

<u>I repeat once more:  all my firm is looking for in Lee's deposition, is that Lee tell the truth</u>.  At the 1/24/24/ hearing, Judge Clarkson instructed that Lee was required to tell the truth in his deposition, and instructed that you, atty Wall, tell Lee that Judge Clarkson said that Lee was to tell the truth, and that Judge Clarkson told you to tell Lee that Judge Clarkson said that.  Please Reply atty Wall, to confirm you will do as Judge Clarkson instructed.  Thx.

Reply to confirm receipt please, atty Shechtman.  Thx.

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

**021**

**EXHIBIT "3"**

## Zev Shechtman

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Thursday, January 25, 2024 5:25 PM |
| **To:** | Zev Shechtman |
| **Cc:** | 'William Wall'; 'Ghio, Christopher'; magolnick@mm-pa.com; Aaron E. de Leest; Christopher.Celentino@DINSMORE.COM; 'Freedman, Jeremy'; Jonathan.Serrano@Dinsmore.com |
| **Subject:** | RE: LPG - MLG's Request for Protective Order (LBR 7026-1)  To Zev Shechtman (Morning Law atty), cc all other persons listed:  My firm, for Greyson, agrees that the phone call, plus the 2 emails I sent to you & Wall at 4pm & 5:17pm, completed meet & conf. |

012524 at 5:25pm

RE: LPG - MLG's Request for Protective Order (LBR 7026-1)

To Zev Shechtman (Morning Law atty), cc to Lee atty Wall, and other addressees above:

  My firm, for Greyson, agrees that the you/me/wall phone call of earlier today, plus the 2 emails I sent to you & Wall at 4pm & 5:17pm today, completed meet & conf.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

---

**From:** Zev Shechtman <ZShechtman@DanningGill.com>
**Sent:** Thursday, January 25, 2024 4:40 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; Ghio, Christopher <Christopher.Ghio@dinsmore.com>; magolnick@mm-pa.com; Aaron E. de Leest <adeleest@DanningGill.com>
**Subject:** LPG - MLG's Request for Protective Order (LBR 7026-1)
**Importance:** High

Dear Kay,

Earlier this afternoon (around 1:45 p.m.), you, Bill, and I spoke about this matter.

During that call, I requested that you stipulate to remove my client, MLG, from the subject matter of deposition, and thereby avoid the need for MLG to file a motion for protective order.  You did not agree to a stipulated protective order.

Accordingly, MLG will need to move for a protective order.

Pursuant to LBR 7026-1(c)(2), we are required to meet and confer before I file a discovery motion. I believe our call this afternoon satisfies the requirement to meet and confer. If you do not agree, please let me know when between now and 9:00 a.m. tomorrow you can meet and confer. I have a 10:00 a.m. mediation tomorrow and the motion for protective order is due Monday, so we must complete any meet and confer by 9:00 a.m. on 1/26/24.

To re-cap the nature of the dispute:

1. The notice of deposition says that the deposition will be regarding, among other things, "Lee's present employment at Morning Law Group and/or Resolution Trust."

2. Although the notice says that MLG is a topic of inquiry, you have stated that you are interested in asking Brad "about things Lee did before, and during, the time Lee was employed by the present Greyson Law Center, PC." See K. March 1/24/23 7:30 p.m. email to W. Wall. In other words, you concede that MLG is not relevant to the litigation.

3. MLG is not a party to the litigation and I don't see how MLG's business is relevant to your litigation. Yet, you have expressly made MLG a topic of the deposition.

4. You have stated repeatedly that Greyson is a competitor of MLG.

5. I don't know what you are going to ask about MLG and how it may impact MLG's business. I cannot predict that. FRCP 26(c)(1)(G) protects from discovery disclosure of a "trade secret or other confidential research, development, or commercial information."

6. We cannot wait until such information is disclosed and then try to get it redacted. The information will already be known to those participating in the deposition and their clients even if it is later redacted from the record, as you suggest.

7. This is a problem that would exist regardless of the existence of any contractual confidentiality provision or nondisclosure agreement. ResPro has a contract to provide services to MLG. The business that they do is proprietary and your client is not entitled to information about it.

Here is what I suggest for a protective order:

1. You will not ask questions about MLG or ResPro's services for MLG during the 2/2/24 deposition of Brad Lee.

2. If the deposition questions and answers lead to questions about MLG or ResPro's services for MLG you can write them down and ask them at a later date. If they are not objectionable then MLG will not object to them being answered at a later date. If MLG continues to object then we can ask Judge Clarkson to decide whether such questions must be answered.

**024**

If you agree to the foregoing, I will send you a proposed stipulation.  Otherwise, we will timely file a motion for protective order.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile  |  (310) 201-2443 direct
zs@DanningGill.com  |  www.DanningGill.com



**025**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA FILED BY MORNING LAW GROUP P.C. PURSUANT TO FRCP 26(c)(1)(G) AND FRCP 45(d)(3)(B)(i); MEMORANDUM OF POINTS AND AUTHORITIES, REQUEST FOR JUDICIAL NOTICE, AND DECLARATION OF JAMES ARMSTRONG AND ZEV SHECHTMAN IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 29, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 29, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| January 29, 2024 | Patricia Morris | */s/ Patricia Morris* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1748007.1  27175

**F 9013-3.1.PROOF.SERVICE**

<u>**ADDITIONAL SERVICE INFORMATION (if needed):**</u>

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com,
  nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com

2. <u>**SERVED BY U.S. MAIL**</u>

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1748007.1  27175

**F 9013-3.1.PROOF.SERVICE**