1
2
3
4
5
6

Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson Law Center PC on Greyson's
Motion to Vacate, on Greyson's Motion for Admin.
Claim, and defending Greyson in adv proc.*

7
8

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

| | |
|---|---|
| In re | Bankruptcy Case No. 8:23-bk-10571-SC |
| | Adversary Proceeding 8:23-ap-01046-SC |
| LITIGATION | Chapter 11 |
| PRACTICE | |
| GROUP, PC | **GREYSON LAW CENTER PC'S <u>OPPOSITION</u> TO** |
| | **MORNING LAW GROUP'S *MOTION FOR*** |
| Debtor. | ***PROTECTIVE ORDER AND TO MODIFY*** |
| | ***SUBPOENA* [DKT.364] E-FILED 1/29/24 AT** |
| Richard A. Marshack | **4:30PM; DECLARATION OF KATHLEEN P.** |
| Chapter 11 Trustee | **MARCH TO OPPOSITION** |
| v. | **<u>PLEASE NOTE</u>**: Morning Law Group's *Motion for* |
| | *Protective Order and to Modify Subpoena* [dkt.364] is |
| Tony Diab et al. | **<u>NOT</u>** filed as an Emergency Motion.  But because this |
| (includes Greyson Law | Court, at the 1/24/24 at 10am hearing, continued |
| Center PC as a | Nonparty Witness Bradford Lee's Deposition to 2/2/24 at |
| Defendant) | 10am, Greyson requests the Court to hear and decide |
| | Morning Law Group's *Motion* before 2/2/24.  That |
| | *Motion*, if not decided, would NOT delay the 2/2/24 |
| | deposition, but if not decided, could result in Morning |
| | Law improperly trying to instruct witness Lee not to |
| | answer questions regarding Morning Law |

1

## <u>TABLE OF CONTENTS</u>

I.      Introduction...............................................1

II.     Pursuant To Controlling Law, This Court Should <u>Deny</u> Morning Law
        Group's *Motion for Protective Order and To Modify Subpoena*
        [Dkt.364].................................................2

III.    The Law Morning Law Cites is Not Correct, and is Mainly About
        Document Subpoenas, Which is Inapplicable Here, Because Greyson
        Only Subpoenaed Non-Party Witness Lee to Give Deposition Testimony,
        Not to Produce Any Documents..............................12

IV.     Even Where Facts and Law Justify the Court Taking Some Action –
        Which is <u>Not</u> the Case Here—FRBP Rule 9024 [Incorporating FRCP
        Rule 45(D)(3)(C)] and FRBP Rule 7026(C) [Protective Orders] Each
        Provide for a Court Taking Lesser Actions than Prohibiting
        Testimony.................................................14

V.      Conclusion................................................17

DECLARATION OF KATHLEEN P. MARCH................................18

# TABLE OF AUTHORITIES

*Cases*

*Antman v. Uber Techs., Inc.*,
    No. 3:15-CV-01175-LB, 2016 WL 164294 (N.D. Cal. Jan. 14, 2016)..............13

*Cheatwood v. Christian Brothers Services*,
    2:16-cv-2946-HRH, 2018 WL 684736 (D. Ariz. 2/2/2018)............................5-7

*Lyman v. Greyhound Lines, Inc.*,
    2:20-cv-01812-DCN, 2021 WL 3811298 (D. S.C. 8/26/2021).......................5, 8

*Moon v. SCP Pool Corp.*,
    232 F.R.D. 633 (C.D. Cal. 2005).......................................................13

*Rech v. Wal-Mart Stores East, L.P.*,
    2020 WL 3396723 (D.S.C. July 19, 2020)........................................5

*Soto v. Castlerock Farming and Transport, Inc.*,
    282 F.R.D. 492 (E.D. Cal. 2012)................................................12-13

*United Property & Casualty Insurance v. Couture*,
    2:19-cv-01856-DCN, 2020 WL 2319086 (D. S.C. 5/11/2020)...........................9

*Rules*

FRBP Rule 7026..........................................................................11-12, 14

FRBP Rule 7030..............................................................................13

FRBP Rule 9016..........................................................................14-15

FRCP Rule 26(c)(1)......................................................................14-15

FRCP Rule 37(a)(5).........................................................................12

FRCP Rule 30(d)(1).........................................................................13

FRCP Rule 45(d)(3)(B)(i).............................................................11-12

FRCP Rule 45(d)(3)(C).................................................................14-15

## I.    INTRODUCTION

Greyson Law Center PC ("Greyson") Makes Greyson's herein OPPOSITION to Morning Law Group's *Motion for Protective Order and to Modify Subpoena* [dkt.364 in adv proc], efiled at 4:30pm on 1/29/24, along with a Stipulation [dkt.366 in adv proc]  (stating Morning Law and  Greyson's positions) efiled at 7:10pm on 1/29/24.

This Greyson Opposition consists of the briefing herein, with Kathleen P. March Decl, and includes Greyson's position stated in the Stipulation of issues [dkt.366] efiled at 7:10pm on 1/29/24.

Morning Law Group is not a party to adversary proceeding  8:23-ap-01046-SC (*Trustee v Tony Diab et al)*.  (March Decl hereto)

Morning Law Group is the buyer of debtor Litigation Practice Group's assets, at the July 2023 asset sale held by the Bankruptcy Court.  (March Decl hereto)

Morning Law Group's *Motion for Protective Order and to Modify Subpoena* [dkt.364] is NOT filed as an Emergency Motion.  But because this Court, at the 1/24/24 at 10am hearing, continued nonparty witness Bradford Lee's Deposition— noticed, with Lee subpoenaed for 1/24/24-- to 2/2/24 at 10am, Greyson requests the Court to hear and decide Morning Law Group's *Motion* before 2/2/24.  (March Decl hereto)

That *Motion*, if not decided, would **NOT** delay Lee's deposition now ordered for  2/2/24 at 10am.  (March Decl hereto)  But if not decided before the start of the

2/2/24 Lee deposition, Morning Law Group's *Motion* could result in Morning Law improperly trying to instruct witness Lee not to answer questions regarding Morning Law, which Greyson is entitled to have Lee Answer, such as what involvement did corporation Morning Law, and/or corporation Resolution Processing have in witness Lee signing the 1/8/24 and 1/15/24 that Trustee's attorneys, the Celentino firm (Dinsmore & Scholl) filed with this Court, in Opposition to Greyson's Motion [dkt.290]. (March Decl hereto)

Greyson's dkt.290 Motion moves to vacate, as to Greyson, this Court's [dkt.13] Lockout and Preliminary Injunction Order, and the dkt.70 continuation Order of dkt.13, and moves this Court to order the Celentino firm to return to Greyson, Greyson's computers, data and documents seized by Celentino firm and its field agents on 6/2/23 at Greyson's office.  (March decl hereto).

## II.    PURSUANT TO CONTROLLING LAW, THIS COURT SHOULD DENY MORNING LAW GROUP'S *MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA* [DKT.364]

Non-party witness Bradford Lee ("Lee") signed 2 Declarations (1/8/24 and 1/15/24 declarations) for Trustee Marshack's attorneys, the Celentino firm (Dinsmore & Scholl), which the Celentino firm filed with this Court, opposing the Motion of Greyson Law Center PC ("Greyson") [dkt.290] which moves to vacate, as to Greyson, the 5/26/23 Lockout and Preliminary Injunction Order [dkt.13, and the continuation order dkt70], and which moves for an order ordering the Celentino firm to

return to Greyson, Greyson's computers, data and documents seized at Greyson's office on 6/2/23, by Celentino firm attorneys/field agents.

Greyson's counsel noticed (and subpoenaed) Lee (no documents requested, testimony only) to give his deposition on 1/24/24/ at 10am, in person, at The Bankruptcy Law Firm, PC, to be taken by Greyson counsel Kathleen P. March, Esq. The process server delivered a $127.10 witness fee check to Lee, along with the deposition subpoena.

At the emergency hearing held last week, on 1/24/24, at 10am, this Court **denied Lee's** Motion to Quash Subpoena, and Motion for Protective Order against subpoena, filed by William Wall, Esq., the attorney for non-party witness Lee.  As Lee already lost last week, Lee cannot "agree with MLG" position, because Lee already lost on Lee's request for a protective order that this Court heard and denied at the 1/24/24 at 10am hearing.

At the 1/24/24/ at 10am hearing, this Court ordered Lee to give Lee's deposition on 2/2/24, starting at 10am, in person, at The Bankruptcy Law Firm, PC, to defendant Greyson Law Center PC (Greyson) attorney Kathleen P. March, Esq of The Bankruptcy Law Firm, PC, who had noticed Lee's deposition for 1/24/24 at 10am, and who had, by registered process server, served Lee on 1/17/24 with a deposition subpoena for 1/24/24.

**In last week's meet and confer, Zev Shechtman, counsel for MLG agreed that** Greyson counsel is entitled to ask Lee how Lee came to sign the 1/8/24 and 1/15/24 Declarations that Trustee's attorneys, the Celentino firm, then filed with this Court, opposing Greyson's dkt.290 Motion.  Zev agreed that if MLG or Resolution Processing personnel were involved in procuring those Lee Declarations,  that Greyson counsel is entitled to find out how they were involved, including exploring was Lee

given positive or negative consideration to sign those Declarations, and who was involved in the process of those Declarations being prepared/signed/filed.

Now Morning Law Group ("MLG") seeks a protective order that MLG's attorney can instruct  non-party witness Bradford Lee, **not** to answer questions that MLG's attorney claims would call for Lee to state MLG's "confidential information" or privileged information.

No privilege is named, and there is none, so that part of MLG's Motion should be denied for no privilege named or established.

The "confidential information" portion of MLG's request for protective order should be denied also, because MLG's above statement of issues has so little content that it fails to establish that Lee's testimony could call for "confidential commercial information" of MLG.  "Confidential information " is not the correct term.  The terminology used in FRCP Rule 45(d)(3)(B)(i)—which is incorporated into FRBP Rule 9016—is that a subpoena **may** be quashed or modified it if requires : "(i) disclosing a trade secret or other **confidential** research, development or **commercial information**;"

 Lee is employed by Resolution Processing (ResPro), which MLG counsel Zev Shechtman admitted, in last week's meet and confer, is a different company from MLG.  Zev represents MLG, not Resolution Processing.  Zev cannot move on behalf of Resolution Processing.

Anything that Lee—an employee of Resolution Processing, knows about MLG's business, cannot qualify as "confidential commercial information" of MLG.

If Lee who is an employee of a different company (Resolution Processing), knows MLG information, that information does not met the accepted definition of "**confidential commercial  information**".

There is an accepted definition of "**confidential commercial  information**" in much case law, which is:

"Confidential commercial information has been defined as important proprietary information that provides the business entity with financial or competitive advantage when it is kept secret and results in competitive harm when it is released to the public."

*Lyman v. Greyhound Lines, Inc.*, 2:20-cv-01812-DCN, 2021 WL 3811298 at *3 (D. S.C. 8/26/2021):citing *Rech v. Wal-Mart Stores East, L.P.*, 2020 WL 3396723, at *2 (D.S.C. July 19, 2020) (internal quotation omitted);

If Lee, who works for Resolution Processing--a different company than MLG--has learned MLG information working for Resolution Processing—a different company that MLG, such MLG information cannot be "confidential commercial information" of MLG, because it <u>wasn't kept secret by MLG, if someone working for a different company than MLG learned that information</u>.  Information that MLG did not keep secret, is not "confidential commercial information", pursuant to the above quoted, accepted, definition of "**confidential commercial  information**". **Accord** on definition of "confidential commercial information" is *Cheatwood v. Christian Brothers Services*, 2:16-cv-2946-HRH, 2018 WL 684736 at *7 (D. Ariz. 2/2/2018), and explains that a party seeking to quash a subpoena must make a **<u>strong showing that it has historically sought to maintain the confidentiality of this information, or the information is not confidential commercial information.</u>**

Here, MLG's part of the proposed Stipulation fails to explain what competitive harm would befall MLG, if the protective order MLG seeks is denied.  *Cheatwood v.*

*Christian Brothers Services*, 2:16-cv-2946-HRH, 2018 WL 684736 (D. Ariz. 2/2/2018), at \*7, explains that vague allegations of harm, without specific facts/content, are insufficient to entitle the entity making the vague allegations of harm to a protective order, and explains that the party seeking to quash a subpoena bears a strong showing that it has historically sought to  maintain the confidentiality of alleged "confidential commercial information:

> "In analyzing an objection made under Rule 45(d)(3)(B)(i), the [c]ourt first must determine if the subpoenaed party has shown that the requested information is protected as a trade secret or confidential commercial information." Id. "The party resisting discovery 'must make a **strong showing that it has historically sought to maintain the confidentiality of this information**.' " Id. (quoting  Gonzales, 234 F.R.D. at 684).

> The documents at issue are Tri-State's contracts with the two hospitals between which D.C. was transported, a list of its patient billings for transports between those two hospitals, its internal policies and procedures regarding medical necessity, and its internal policies and procedures regarding the billing of non-insured and non-covered patients. "Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 697 (D. Nev. 1994).

> Tri-State argues that disclosure of this information to Sentinel will give Sentinel a competitive advantage. Tri-State contends that Sentinel's business model is to analyze the air ambulance market and provide opinions to insurance companies regarding whether Sentinel thinks a particular transport was appropriate. Tri-State contends that Sentinel takes whatever financial and commercial financial information it can obtain and uses it to analyze the air ambulance market.

> **Tri-State has not made any showing, much less a strong showing, that it has historically sought to keep any of the documents at issue confidential**. All Tri-State has done is claim that the documents at issue are confidential and

generally claim that it will be harmed if these documents are disclosed to Sentinel. But, **"[a]llegations of harm or prejudice must be supported with specific examples or articulated reasoning**." Scientific Games Corp., 2017 WL 3013251, at *3. " '[**B]road allegations of harm' are insufficient**." Id. (quoting AFMS LLC v. United Parcel Serv. Co., 2012 WL 3112000, * 3 (S.D. Cal. July 30, 2012)). Based on what is currently before it, the court is not convinced that the documents at issue are confidential commercial information. Thus, Request Nos. 2, 3, 8, 9, and 10 will not be quashed. Tri-State is compelled to respond to these requests." [bold/underline added for emphasis]

MLG has not made any showing, much less a strong showing that it has kept whatever witness Lee might testify to regarding MLG confidential.  If Lee knows about MLG, MLG did not keep that information confidential.  Nor has MLG proven and legal harm that would occur to it, if Lee testifies about MLG.

Moreover,  even if MLG's *Motion*/ part of the Stipulation had sufficient law and evidence to prove that the information Lee might (who knows) testify to was MLG "confidential commercial information", **that would NOT entitle MLG to the Protective Order MLG seeks**.  All that would do is to require the Court to **weigh** Greyson's need for the information, to determine whether Greyson's need for the information **outweighs** MLG's desire to keep the information secret.  MLG's facts and law do not do that analysis, so the proper result is the protective order MLG seeks should properly be denied.

The *Lyman v. Greyhound Lines, Inc.*, 2:20-cv-01812-DCN, 2021 WL 3811298 at *3 (D. S.C. 8/26/2021), cited supra, at *4, explains:

" Fed. R. Civ. P. 26(c)(1). "The standard for issuance of a protective order is high." *Wellin v. Wellin*, 211 F. Supp. 3d 793, 800 (D.S.C. 2016), order clarified, 2017 WL 3620061 (D.S.C. Aug. 23, 2017) (quoting *Nix v. Holbrook*, 2015 WL 631155, at *2 (D.S.C. Feb. 13, 2015)). "The party moving for a protective order bears the burden of establishing good cause." *Slager v. Southern States Police Benevolent Association, Inc.*, 2016 WL 4123700, at *2 (D.S.C. Aug. 3, 2016) (quoting *Webb v. Green Tree Servicing*, LLC, 283 F.R.D. 276, 278 (D. Md. 2012)). "**Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production**." *Id.* (quoting *UAI Tech., Inc. v. Valutec, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988)). **In other words, the court "must weigh the need for the information versus the harm in producing it**." *Id.* (quoting *A Helping Hand, LLC v. Baltimore Cty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003)). The district court is afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)."

Even if MLG's facts and law proved that Lee might testify to "confidential commercial information" of MLG—which MLG has not shown—that would **not** entitle MLG to any protective order.  All it would do is shift the burden to Greyson to prove that the information Greyson seeks from Lee is relevant to Greyson's Motion [dkt.290].  *United Property & Casualty Insurance v. Couture,* 2:19-cv-01856-DCN, 2020 WL 2319086 at *7 (D. S.C. 5/11/2020):

"In seeking to prevent discovery based on a proprietary information claim, the party resisting discovery must 'demonstrate to the Court that the information being sought is a trade secret and that its disclosure might be harmful.' *Mustang Innovation, LLC v. Sonoco Prod. Co.*, 2015 WL 4508830, at *2 (D.S.C. July 24, 2015) (quoting *In re Sealed Air Corp.*, 220 F.R.D. 452, 453 (D.S.C. 2004)).

GREYSON LAW CENTER PC'S <u>OPPOSITION</u> TO MORNING LAW GROUP'S *MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA* [DKT.364] E-FILED 1/29/24 AT 4:30PM; DECLARATION OF KATHLEEN P. MARCH TO OPPOSITION

8

'Once shown, the burden shifts to the party that seeks the discovery to establish the **relevance** of the trade secret to the lawsuit and that it is necessary to the action.' *Id.* Finally, 'if relevance and necessity are established, the Court "must balance the need for the information against the injury that would ensue if disclosure is ordered." ' *Id.* (internal citation omitted).

" 'There is no absolute privilege to protect trade secrets from disclosure during the discovery process.' *Id.* (*citing  Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1185 (D.S.C. 1974)). Discovery of confidential information, however, 'is virtually always ordered once the movant has established that the secret information is relevant and necessary.' *Id.* (internal citation and quotation marks omitted). Under Rule 45(d)(3)(B)(i) and its counterpart Rule 26(c)(1)(g), confidential information 'is more than just routine business data; instead, it is important proprietary information that provides the business entity with a financial or competitive advantage when it is kept secret, and results in financial or competitive harm when it is released to the public.' *Id.* at 2–3 (quoting *Cobb v. Ramey Motors, Inc.*, 2014 WL 7159235, at *4 (S.D. W. Va. Dec. 15, 2014)). Confidential commercial information has been defined as 'information, which if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained.' *Id.* at 2–3 (quoting *Massey Coal Servs., Inc. v. Victaulic Co. of Am*. 249 F.R.D. 477, 482 (S.D. W. Va. 2008)).

Finding out how Lee came to sign his 2 Declarations for Trustee's attorneys (the Celentino firm) is obviously **highly relevant**, because Lee's testimony might reveal that persons other than Lee had a hand in preparing the Declarations Lee signed for the Celentino firm; might reveal that Lee was induced or threatened to sign those Declarations; might show the Celentino firm has been trying to destroy Greyson— from 6/2/23 to present—to make it impossible for Greyson to effectively compete

against MLG, so MLG can make more money, and therefore can pay more money to

Trustee Marshack, even though Greyson has a legal right to compete against MLG.

In addition to MLG totally failing to show entitlement to be granted the

protective order it seeks, even if MLG were entitled to be granted some Protective

Order (it isn't) the scope of MLG's proposed Protective Order (requested in "Relief

Requested in MLG's Proposed Protective Order",  all 5 things 1-5  supra, are

improper.  **None of those 5 things MLG requests could properly be granted,  as**

**follows:**

MLG says: (1) No party in this action shall be required to disclose MLG

Confidential Information absent further order of this Court:  INVALID, totally

overbroad, MLG is seeking restrictions on Lee testimony only, not on anything else.

Nor can MLG move on behalf of any other party, and witness Lee already lost Lee's

Motion to Quash Subpoena, and for Protective Order, last week, at the 1/24/24 at

10am hearing.

MLG says: (2) Bradford Lee shall not be required to disclose MLG

Confidential Information in his deposition on February 2, 2024 or in any continuance

thereof:  For reasons briefed supra, MLG has not sustained its burden of proving it is

entitled to any  protective order restricting Lee's testimony on 2/2/24 or in any

continuance thereof.

MLG says: (3) Counsel for Bradford Lee is authorized to instruct Mr. Lee not to answer questions regarding MLG Confidential Information: WRONG. Lee lost Lee's Motion for Protective Order last week, heard and denied on1/24/24, and Lee is NOT a movant on LMG's present Motion.

MLG says: (4) Counsel for MLG is authorized to instruct Mr. Lee not to answer questions regarding MLG Confidential Information: WRONG: As discussed supra, "Confidential Information" is **not** the correct standard, and MLG has not presented facts or law to entitle it to any Protective Order, or to any modification of the deposition subpoena served on Lee. In addition, this Court, NOT MLG, determines what questions asked Lee by Greyson counsel can properly be subject to a protective order, not MLG. Due to MLG's lack of facts and law, in MLG's *Motion* [dkt.364, with Stipulation [dkt.366], the proper answer is MLG's *Motion* should be denied

MLG says: (5) To the extent the deposing party or any other party seeks MLG Confidential Information, such questions shall be reserved for later written review by MLG and, if necessary, consideration by the Court for relevancy and protected status, and need not be answered until after the Court determines whether such MLG Information is subject to protection under FRBP Rule 7026(c)(1) and/or FRCP 45(d)(3)(B)(i),  or other applicable law. WRONG ON THE LAW. Greyson counsel has not found any case which applied what (5) requests, ie to allow MLG to block Lee

from answering any question that MLG claims is "Confidential Information" (not the correct legal standard as quoted and discussed supra).  Expect that MLG counsel would instruct Lee not to answer any question that MLG counsel thought produce an answer unfavorable to MLG, even if the question did NOT ask for information that was "confidential commercial information" which MLG had kept secret, and as to which determinant to MLG of the information being revealed exceeded the determinant to Greyson of NOT getting the question answered.  No case law gives that kind of "carte blanche" to instruct a non-party witness, who is NOT an employee of MLG, to answer highly relevant questions.

Regarding MLG (6):  No person shall be sanctioned, or incur any expense to another, as a result of their refusal to provide MLG Confidential Information to any other party or non-party in this action, including if there is a dispute regarding whether any information should be designated as MLG Confidential Information:  This is a misstatement of what FRBP Rule 7026(c)(1) and FRCP 45(d)(3)(B)(i),  and FRCP Rule 37(a)(5) say, which is loser pays reasonable attorneys fees of other side, unless there is some circumstance causing court to order otherwise.

In addition, if the Protective Order MLG seeks is denied--as it should be, pursuant to the facts and law Greyson here briefs--and if Lee refused to answer, Lee should be sanctioned and should additionally be subject to other actions by the Court to compel Lee to answer.

1

2

3    **III.    THE LAW MORNING LAW CITES IS <u>NOT</u> CORRECT, AND IS**

4    **MAINLY ABOUT DOCUMENT SUBPOENAS, WHICH IS**

5    **INAPPLICABLE HERE, BECAUSE GREYSON ONLY**

6    **SUBPOENAED NON-PARTY WITNESS LEE TO GIVE**

7    **DEPOSITION TESTIMONY, NOT TO PRODUCE ANY**

    **DOCUMENTS**

8

9    None of the cases that the Motion to Quash cites apply here.  Every case cited

10   for the proposition that a subpoena should not cause undue burden to a nonparty is

11   about a subpoena *to provide documents*.  No documents are being sought here, so

     there is no undue burden on Brad Lee.

12

13   MLG's *Motion for Protective Order and to Modify Subpoena* [dkt.364] cites

14   *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012)

15   as supporting the proposition that a non-party deserves extra protection from the

16   courts.  But the actual quote in *Soto* is "a non-party subject to a ***subpoena duces***

17   ***tecum*** 'deserve[s] extra protection from the courts.' " (bold/underline/italics added for

18   emphasis).  The court in *Soto* analyzes the motion to quash based on the relevance,

19   breadth, specificity, and time period of the voluminous documents requested by that

20   subpoena duces tecum. No documents are being requested here.

21

22   Likewise, *Antman v. Uber Techs., Inc.*, No. 3:15-CV-01175-LB, 2016 WL

23   164294, at *2 (N.D. Cal. Jan. 14, 2016), which MLG's dkt.364 *Motion* the Motion to

24   cites for the proposition that Courts have "ample discretion" to modify an unduly

25

26

burdensome subpoena, was requesting information to be turned over, and does not say it was a subpoena that was only for deposition testimony.

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005), which MLG's [dkt.364] *Motion* says requires the court to weigh the burden to the party whose information is being sought against the need for the information, is again about a subpoena duces tecum.  That court held that the subpoena was unduly burdensome because it requested documents over the span of more than ten years.

MLG's [dkt.364] *Motion* cites no authority that a subpoena to a non-party witness for a straightforward, testimony-only deposition, to be taken on a single day, of not over 7 hours, is unduly burdensome. It is NOT unduly burdensome.  (March Decl).

To the contrary, a 7 hour deposition, to be taken on a single day, is **expressly allowed** by FRCP Rule 30(d)(1), incorporated into FRBP Rule 7030.

## IV.    EVEN WHERE FACTS AND LAW JUSTIFY A COURT TAKING SOME ACTION –WHICH IS <u>NOT</u> THE CASE HERE—FRBP RULE 9024 [INCORPORATING FRCP RULE 45(d)(3)(C)] AND FRBP RULE 7026(c) [PROTECTIVE ORDERS] EACH PROVIDE FOR A COURT TAKING LESSER ACTIONS THAN PROHIBITING TESTIMONY

For the reasons discussed supra, MLG's Motion [[dkt.364] should be denied, because MLG has failed to prove entitlement to have its *Motion* [dkt.364] granted.

1

2    But even where a movant shows some relief should be granted, FRCP Rule

3    26(c)(1) [incorporated by FRBP Rule 7026] and FRCP Rule 45(d)(3)(C) [incorporated

4    by FRBP Rule 9016], both give Courts many lesser alternatives which Courts can

5    select, instead of forbidding the discovery:

6    FRCP Rule 26(c)(1) [incorporated by FRBP Rule 7026] states:

7    "(1) In General. A party or any person from whom discovery is sought may
     move for a protective order in the court where the action is pending -- or as an
8    alternative on matters relating to a deposition, in the court for the district where
     the deposition will be taken. The motion must include a certification that the
9    movant has in good faith conferred or attempted to confer with other affected
     parties in an effort to resolve the dispute without court action. The court may,
10   for good cause, issue an order to protect a party or person from annoyance,
     embarrassment, oppression, or undue burden or expense, including one or more
11   of the following:
12       (A) forbidding the disclosure or discovery;
         (B) specifying terms, including time and place or the allocation of
13       expenses, for the disclosure or discovery;
         (C) prescribing a discovery method other than the one selected by the
14       party seeking discovery;
         (D) forbidding inquiry into certain matters, or limiting the scope of
15       disclosure or discovery to certain matters;
         (E) designating the persons who may be present while the discovery is
16       conducted;
         (F) requiring that a deposition be sealed and opened only on court order;
17       (G) requiring that a trade secret or other confidential research,
         development, or commercial information not be revealed or be revealed
18       only in a specified way; and
         (H) requiring that the parties simultaneously file specified documents or
19       information in sealed envelopes, to be opened as the court directs."
20

21   Similarly, FRCP Rule 45(d)(3)(C) [incorporated by FRBP Rule 9016],

22   regarding Protective Orders, states that instead of quashing or modifying a subpoena,

23   the court may "**order appearance or production under specified conditions**…":

24

25

26

"(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, **order appearance or production under specified conditions** if the serving party:

> (i) **shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship**; and
> (ii) ensures that the subpoenaed person will be reasonably compensated."

FRCP rule 45(d)(3)(C)(i) is obviously met here.  Not only does Greyson have a **substantial need** to depose Lee regarding the two successive Declarations (1/8/24 Declaration, and 1/15/24 Declaration) that Lee signed for the opposing party--the Celentino firm--which Celentino firm filed with the Bankruptcy Court, in Opposition to Greyson's Dkt.290 Motion.  Here,  deposing Lee **is essential** to explore the circumstances surrounding Lee signing two successive Declarations for the Celentino firm.  (March Decl hereto).  As was briefed and discussed at the 1/24/24 at 10am hearing where this Court denied Lee's Motion to Quash his subpoena, a witness who signs two Declarations for the opposing party should expect to be deposed regarding those 2 Declarations, and Greyson is entitled to depose that witness, who here is Bradford Lee. (March Decl hereto)

In fact, deposing Lee under oath is likely the only way to find out how Lee came to sign the two Declarations Lee signed, at whose encouragement or threats, and who was involved in that process.  (March Decl hereto)  Thus, Greyson does not just have a "substantial need" to depose Lee, Greyson deposing Lee regarding Lee's two Declarations is essential. (March Decl hereto)

It is **unwarranted** to place any limits, in advance, on that essential examination of Lee, which Greyson's attorney March will conduct, at Lee's 2/2/24 deposition. (March Decl. hereto).  This is particularly true here, where the movant, MLG, is **not** a party to the adversary proceeding in question.  (March Decl. hereto)

MLG's proposal,  that Lee should only be asked written questions regarding Morning Law,  would result in MLG, not Lee, answering the questions, and so would destroy Greyson's right to obtain Lee's testimony under oath, without someone else telling Lee what to say or not say. (March Decl hereto)

## V.    CONCLUSION

For all reasons briefed in this OPPOSITION, the Court should deny non-party MLG's dkt.364 Motion, because MLG has not submitted facts or law entitling MLG to have its Motion granted.  It is **unwarranted** to place any limits, in advance, on the essential examination of Lee, regarding the two Declarations Lee signed for the Celentino firm, which Greyson's attorney March will conduct, at Lee's 2/2/24 deposition.

Dated:  January 30, 2024

THE BANKRUPTCY LAW FIRM, PC

___/s/ Kathleen P. March_____
By Kathleen P. March, Esq., counsel to Greyson on its
motion to vacate Lockout and Preliminary Injunction
Orders as to Greyson, and counsel of record defending Greyson
In the adv proc, and counsel of record for Greyson on Greyson's

Motion for Allowance and Payment of Administrative Claim

## DECLARATION OF KATHLEEN P. MARCH

I, KATHLEEN P. MARCH, declare:

1. I am an attorney in good standing, admitted to practice law in California and New York. I am an "efile" attorney in US District Court and Bankruptcy Court, CD CA, among other Courts. I own and run The Bankruptcy Law Firm, PC, counsel to Greyson Law Center PC, movant on Dkt.290, on which my firm represents Greyson.

2. Greyson Law Center PC ("Greyson") Makes Greyson's herein OPPOSITION to Morning Law Group's *Motion for Protective Order and to Modify Subpoena* [dkt.364 in adv proc], efiled at 4:30pm on 1/29/24, along with a Stipulation [dkt.366 in adv proc] (stating Morning Law's and Greyson's positions) efiled at 7:10pm on 1/29/24.

3. Morning Law Group is the buyer of debtor Litigation Practice Group's assets, at the July 2023 asset sale held by the Banrkuptcy Court. Morning Law Group is not a party to adversary proceeding 8:23-ap-01046-SC (*Trustee v Tony Diab et al*), as it is neither a plaintiff, nor a defendant, in that adversary proceeding.

4. Greyson is a defendant in the adversary proceeding.

5.  Brad Lee is a non-party witness, who is neither a plaintiff nor a defendant in adversary proceeding 8:23-ap-01046-SC.

6. Morning Law Group's *Motion for Protective Order and to Modify Subpoena* [dkt.364] is **NOT** filed as an Emergency Motion. But because this Court, at the 1/24/24 at 10am hearing, continued nonparty witness Bradford Lee's Deposition—noticed, with Lee subpoenaed for 1/24/24-- to 2/2/24 at 10am, Greyson requests the Court to hear and decide Morning Law Group's *Motion* before 2/2/24.

7. That *Motion*, if not decided, would **NOT** delay Lee's deposition now ordered for 2/2/24 at 10am. But if not decided before the 10am start of the 2/2/24 Lee deposition, Morning Law Group's *Motion* could result in Morning Law improperly trying to instruct witness Lee not to answer questions regarding Morning Law, which Greyson is entitled to have Lee Answer, such as what involvement did corporation Morning Law, and/or corporation Resolution Processing have in witness Lee signing the 1/8/24 and 1/15/24 that Trustee's attorneys, the Celentino firm (Dinsmore & Scholl) filed with this Court, in Opposition to Greyson's Motion [dkt.290].

8. Greyson's dkt.290 Motion moves to vacate, as to Greyson, this Court's [dkt.13] Lockout and Preliminary Injunction Order, and the dkt.70 continuation Order of dkt.13, and moves this Court to order the Celentino firm to return to Greyson, Greyson's computers, data and documents seized by Celentino firm and its field agents on 6/2/23 at Greyson's office. (March decl hereto).

9. For Greyson, my law firm, by me diligently "met and conferred" with Morning Law's attorney, Zev Shechtman, regarding what attorney Shechtman said he wanted.  In meet and confer, Shechtman told me that Morning Law Group and Resolution Processing are different corporations. Shechtman only claims to represent Morning Law Group, not Resolution Processing.  My firm's  emails to Schectman in the meet and confer, and various additional emails, are attached hereto as **Exhibit A**.  As my 1/25/24 at 4:01pm emails to Morning Law Group attorney Zev Shechtman states, Shechtman did agree that I, as Greyson's attorney, am entitled to ask witness Bradford Lee questions, in Lee's deposition, regarding what involvement, Morning Law Group, and/or Resolution Processing, had in Lee signing two Declarations (1/8/24 and 1/15/24 Declarations) which Celentino firm efiled with this Court, I Opposition to Greyson's Motion [dkt.290] which moves to vacate, as to Greyson, the 5/26/24 Lockout and Preliminary Injunction Order [dkt.13, and dkt.70 continuation Order], and which moves the Court to order Celentino firm to return to Greyson, Greyson's computers/beelinks, data and documents seized by Celentino firm and its field agents on 6/2/23 at Greyson's office.

10. But what Shechtman said he wanted was so vague there was no way Greyson could agree.

11. Please see emails **Exhibit A**. I told Shechtman that what he was asking for was so vague that I did not think the Court could grant the Motion for Protective Order that Shechtman said he would bring, and that it would make more sense for Shechtman to object to any questions I asked Lee about Morning Law—if there were any--which Shechtman alleged there were valid legal grounds for the Court to block Lee from answering, then transcribe the transcript on expedited, then move the Court on those questions only, after Lee answered the objected to questions. That way the Court could see the specific questions in issue. The Court would have the option to seal or strike those answers, if appropriate to do so. Shechtman did not agree to that.

12. MLG's *Motion* [Dkt.364] cites no authority that a subpoena to a non-party witness for a straightforward, testimony-only deposition, to be taken on a single day, of not over 7 hours, is unduly burdensome. It is NOT unduly burdensome. A 7 hour deposition, to be taken on a single day, is expressly allowed by FRCP Rule 30(d)(1), incorporated into FRBP Rule 7030. Where witness Lee signed two successive Declarations (1/8/24 Declaration, and 1/15/24 Declaration) for the Celentino firm, which Celentino firm filed with the Bankruptcy Court, in opposition to Greyson's Dkt.290 Motion, deposing Lee is essential. As was briefed and discussed at the 1/24/24 at 10am hearing where this Court denied Lee's Motion to Quash his subpoena, a witness which signs two Declarations

for the opposing party should expect to be deposed on his Declarations, and

Greyson is entitled to depose that witness, which here is Bradford Lee.

13. In fact, deposing Lee under oath is likely the only way to find out how Lee

came to sign the two Declarations Lee signed, at whose encouragement or

threats, and who was involved in that process.  Thus, deposing Lee, is not

optional, its essential.  It is **unwarranted** to place any limits, in advance, on

that essential examination of Lee, which Greyson's attorney March will

conduct, at Lee's 2/2/24 deposition. This is particularly true here, where the

movant, MLG, is **not** a party to the adversary proceeding in question.

14. MLG's proposal that Lee could only be asked written questions regarding

Morning Law would result in MLG, not Lee, answering the questions, and so

would destroy Greyson's right to obtain Lee's testimony under oath, without

someone else telling Lee what to say or not say.

I declare under penalty of perjury that the foregoing is true and correct and that this

Declaration is executed at Los Angeles, California on January 30, 2024.

____/s/ Kathleen P. March_____

KATHLEEN P. MARCH

# EXHIBIT A

**K. P. March**

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Thursday, January 25, 2024 4:01 PM |
| **To:** | 'Zev Shechtman'; 'William Wall' |
| **Subject:** | Attys Shechtman and Wall from KPMarch, Bky LF:  Thank you for phoning my firm earlier today.  this email is to memorialize what I suggested in that email. |

012524

Attys Shechtman and Wall from KPMarch, Bky LF:

Thank you for phoning my firm earlier today.  this email is to memorialize what I suggested in that email:

My firm cannot stipulate that I will not ask witness Lee questions about Morning Law /Resolution Processing (which Shechtman confirmed are different companies), because Lee was employed by Resolution Trust on the dates Lee provided Lee's 1/8/24 and 1/15/24 Declarations which Trustee's attorneys filed with the Court.  My firm is entitled to ask, and will ask, questions about how that came about.  Shechtman agreed I was entitled to ask such questions, such as whether Lee's employer Resolution Trust, or Morning Law, involved in Lee giving those Declarations, and how they were involved.

Since I don't know what Lee's testimony will be, I don't know where Lee's testimony will lead.

Shechtman said Greyson is a competitor of Morning Law.  <u>That is absolutely correct</u>.  Schectman said that Morning Law's business strategy is confidential information.  My firm's view is:  that depends.  Again, I can't stipulate in advance when I don't know what Lee might testify to.

But I did assure Shechtman that Greyson has Greyson's own protocols and procedures, and doesn't need any Morning Law protocols or procedures.

I suggested that rather than Shechtman trying to move for a protective order, now, without knowing what Lee may testify to, that it would make more sense for Shechtman to object, if he thinks I ask some question which call for Lee to state confidential, legally protectible information of Morning Law; then Shechtman can get the deposition transcript transcribed, and can move for a protective order against only those answers.  Schectman declined to do that.

<u>I repeat once more:  all my firm is looking for in Lee's deposition, is that Lee tell the truth</u>.  At the 1/24/24/ hearing, Judge Clarkson instructed that Lee was required to tell the truth in his

1

deposition, and instructed that you, atty Wall, tell Lee that Judge Clarkson said that Lee was to tell the truth, and that Judge Clarkson told you to tell Lee that Judge Clarkson said that.  Please Reply atty Wall, to confirm you will do as Judge Clarkson instructed.  Thx.

Reply to confirm receipt please, atty Shechtman.  Thx.

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

2

26

**From:** Zev Shechtman <ZShechtman@DanningGill.com>
**Sent:** Thursday, January 25, 2024 4:40 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; Ghio, Christopher <Christopher.Ghio@dinsmore.com>; magolnick@mm-pa.com; Aaron E. de Leest <adeleest@DanningGill.com>
**Subject:** LPG - MLG's Request for Protective Order (LBR 7026-1)
**Importance:** High

Dear Kay,

Earlier this afternoon (around 1:45 p.m.), you, Bill, and I spoke about this matter.

During that call, I requested that you stipulate to remove my client, MLG, from the subject matter of deposition, and thereby avoid the need for MLG to file a motion for protective order. You did not agree to a stipulated protective order.

Accordingly, MLG will need to move for a protective order.

Pursuant to LBR 7026-1(c)(2), we are required to meet and confer before I file a discovery motion. I believe our call this afternoon satisfies the requirement to meet and confer. If you do not agree, please let me know when between now and 9:00 a.m. tomorrow you can meet and confer. I have a 10:00 a.m. mediation tomorrow and the motion for protective order is due Monday, so we must complete any meet and confer by 9:00 a.m. on 1/26/24.

To re-cap the nature of the dispute:
1. The notice of deposition says that the deposition will be regarding, among other things, "Lee's present employment at Morning Law Group and/or Resolution Trust."
2. Although the notice says that MLG is a topic of inquiry, you have stated that you are interested in asking Brad "about things Lee did before, and during, the time Lee was employed by the present Greyson Law Center, PC." See K. March 1/24/23 7:30 p.m. email to W. Wall. In other words, you concede that MLG is not relevant to the litigation.
3. MLG is not a party to the litigation and I don't see how MLG's business is relevant to your litigation. Yet, you have expressly made MLG a topic of the deposition.
4. You have stated repeatedly that Greyson is a competitor of MLG.
5. I don't know what you are going to ask about MLG and how it may impact MLG's business. I cannot predict that. FRCP 26(c)(1)(G) protects from discovery disclosure of a "trade secret or other confidential research, development, or commercial information."

6. We cannot wait until such information is disclosed and then try to get it redacted. The information will already be known to those participating in the deposition and their clients even if it is later redacted from the record, as you suggest.

7. This is a problem that would exist regardless of the existence of any contractual confidentiality provision or nondisclosure agreement. ResPro has a contract to provide services to MLG. The business that they do is proprietary and your client is not entitled to information about it.

Here is what I suggest for a protective order:

1. You will not ask questions about MLG or ResPro's services for MLG during the 2/2/24 deposition of Brad Lee.

2. If the deposition questions and answers lead to questions about MLG or ResPro's services for MLG you can write them down and ask them at a later date. If they are not objectionable then MLG will not object to them being answered at a later date. If MLG continues to object then we can ask Judge Clarkson to decide whether such questions must be answered.

If you agree to the foregoing, I will send you a proposed stipulation. Otherwise, we will timely file a motion for protective order.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile | (310) 201-2443 direct
**zs@DanningGill.com** | www.DanningGill.com



DANNING GILL

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

6

## K. P. March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Thursday, January 25, 2024 5:18 PM |
| **To:** | 'William Wall' |
| **Cc:** | 'Zev Shechtman' |
| **Subject:** | RE: Attys Shechtman and Wall from KPMarch, Bky LF: Thank you for phoning my firm earlier today. this email is to memorialize what I suggested in that email. |

012524

To William Wall from KPMarch, BkyLF, cc to Zev Shechtman:

My firm has hired Veritext to send a **certified shorthand deposition reporter** to take Lee's deposition on 2/2/24, and I told Veritext the deposition could be full 7 hours (to be on safe side).

Anyone who wishes to pay for deposition transcript can order transcript.  Veritext reporters are trained to, at end of deposition,  ask everyone present at a deposition, who wants to order the transcript and on what basis (regular time, 7 day, overnite, same day).

I was suggesting, in my email, that Shectman might want to order the deposition transcript,  because he would need to order it expedited, and I don't need to order it expedited.  I hope that answers your question.  I suggest proceeding as I have suggested is best, because they court can see the actual questions and answers, in context, that the court is being asked to rule on.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** William Wall <wwall@wall-law.com>
**Sent:** Thursday, January 25, 2024 4:41 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; 'Zev Shechtman' <ZShechtman@DanningGill.com>
**Subject:** Re: Attys Shechtman and Wall from KPMarch, Bky LF: Thank you for phoning my firm earlier today. this email is to memorialize what I suggested in that email.

As you requested, I will confirm receipt of your email. I will not discuss with you anything I intend to tell my client unless my client expressly authorizes or instructs me to.

I have a logistics question. You have mentioned in the email and on the phone "then Shechtman can get the deposition transcript transcribed, and can move for a protective order against only those answers." Are you not intending to get a transcription? Since you said you had Veritext there yesterday I assumed it would be like

1

29

any other deposition with a court reporter. Is that not the case? I was under the impression anyone who needed a copy could purchase it from the court reporter. Do you just intend to have an audio made?

I saw Zev just sent an email so I suggest we keep all comments on one chain.

**From:** K. P. March <kmarch@bkylawfirm.com>
**Date:** Thursday, January 25, 2024 at 4:00 PM
**To:** 'Zev Shechtman' <ZShechtman@DanningGill.com>, William Wall <wwall@wall-law.com>
**Subject:** Attys Shechtman and Wall from KPMarch, Bky LF: Thank you for phoning my firm earlier today. this email is to memorialize what I suggested in that email.

012524

Attys Shechtman and Wall from KPMarch, Bky LF:

Thank you for phoning my firm earlier today.  this email is to memorialize what I suggested in that email:

My firm cannot stipulate that I will not ask witness Lee questions about Morning Law /Resolution Processing (which Shechtman confirmed are different companies), because Lee was employed by Resolution Trust on the dates Lee provided Lee's 1/8/24 and 1/15/24 Declarations which Trustee's attorneys filed with the Court. My firm is entitled to ask, and will ask, questions about how that came about. Shechtman agreed I was entitled to ask such questions, such as whether Lee's employer Resolution Trust, or Morning Law, involved in Lee giving those Declarations, and how they were involved.

Since I don't know what Lee's testimony will be, I don't know where Lee's testimony will lead.

Shechtman said Greyson is a competitor of Morning Law. **That is absolutely correct**. Schectman said that Morning Law's business strategy is confidential information. My firm's view is:  that depends.  Again, I can't stipulate in advance when I don't know what Lee might testify to.

But I did assure Shechtman that Greyson has Greyson's own protocols and procedures, and doesn't need any Morning Law protocols or procedures.

I suggested that rather than Shechtman trying to move for a protective order, now, without knowing what Lee may testify to, that it would make more sense for Shechtman to object, if he thinks I ask some question which call for Lee to state confidential, legally protectible information of Morning Law; then Shechtman can get the deposition transcript transcribed, and can move for a protective order against only those answers.  Schectman declined to do that.

2

30

I repeat once more:  all my firm is looking for in Lee's deposition, is that Lee tell the truth.  At the 1/24/24/ hearing, Judge Clarkson instructed that Lee was required to tell the truth in his deposition, and instructed that you, atty Wall, tell Lee that Judge Clarkson said that Lee was to tell the truth, and that Judge Clarkson told you to tell Lee that Judge Clarkson said that.  Please Reply atty Wall, to confirm you will do as Judge Clarkson instructed.  Thx.

Reply to confirm receipt please, atty Shechtman.  Thx.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

3

31

**DANNING GILL**

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Monday, January 29, 2024 2:47 PM
**To:** Zev Shechtman <ZShechtman@DanningGill.com>; Aaron E. de Leest <adeleest@DanningGill.com>
**Subject:** Zev Schehtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm today.

012924

012924 at 245pm

To Zev Schehtman/Aaron De Leest from KPMarch, bky LF:

RE: Morning Law Group proposed Stipulation re protective order

Zev/Aaron:

Sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm today, so you can file it timely.

My firm had to research the law you cite, and my firm had to research the law we are citing in our portion of the Stipulation, which is why we won't send our position to your firm until 4:30pm today.

<u>Reply to confirm receipt please.</u>

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

2

32

## K. P. March

| | |
|---|---|
| **From:** | Zev Shechtman <ZShechtman@DanningGill.com> |
| **Sent:** | Monday, January 29, 2024 2:58 PM |
| **To:** | K. P. March; Aaron E. de Leest |
| **Cc:** | 'William Wall'; magolnick@mm-pa.com |
| **Subject:** | RE: Zev Schehtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm toda |

**Importance:**     High

Kay,

To be more clear, we have a hard stop at 4PM.  If I don't have your counterpart by 4PM sharp I will need to file without your input.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile  |  (310) 201-2443 direct
**zs@DanningGill.com**  |  www.DanningGill.com


DANNING GILL

**From:** Zev Shechtman
**Sent:** Monday, January 29, 2024 2:52 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; Aaron E. de Leest <adeleest@DanningGill.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; magolnick@mm-pa.com
**Subject:** RE: Zev Schehtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm toda
**Importance:** High

Kay,

I'd appreciate if you could provide your counterpart by 4:00 p.m., as my assistant will be leaving the office at 4:30 p.m.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile  |  (310) 201-2443 direct
**zs@DanningGill.com**  |  www.DanningGill.com

E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Sent:** Monday, January 29, 2024 4:44 PM
**To:** Zev Shechtman <ZShechtman@DanningGill.com>; K. P. March <kmarch@bkylawfirm.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; magolnick@mm-pa.com; Aaron E. de Leest <adeleest@DanningGill.com>;
Shantal Malmed <smalmed@DanningGill.com>
**Subject:** RE: LPG - MLG's Request for Protective Order (LBR 7026-1)
**Importance:** High

Zev, Kathleen, Bill, et al.:

Trustee's counsel has no comments.

I see a motion was filed. I do not see that it was filed as an emergency motion or pursuant to the court's self-calendaring system.

Please keep me apprised of the time/date of any hearing on this matter and whether (or not) the scheduling of a hearing on this matter will affect the deposition scheduled for this Friday, February 2, 2024.

As you all know, I am Trustee's lead counsel on this adversary and will be handling the deposition. I am available to travel to Los Angeles any day of the week (assuming no other court or deposition dates conflict), <u>except Wednesdays</u>.

By this email, I am requesting that if the parties agree to move the deposition due to a hearing on this matter, that you please loop me in any conversation so I can provide my availability.

Best,

Dinsmôre

**Christopher B. Ghio**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0468  •  F (619) 400-0501
E Christopher.Ghio@Dinsmore.com  •  dinsmore.com

**From:** Zev Shechtman <ZShechtman@DanningGill.com>
**Sent:** Monday, January 29, 2024 11:23 AM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; magolnick@mm-pa.com; Aaron E. de Leest <adeleest@DanningGill.com>; Shantal Malmed <smalmed@DanningGill.com>
**Subject:** RE: LPG - MLG's Request for Protective Order (LBR 7026-1)

See attached proposed protective order.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile | (310) 201-2443 direct
**zs@DanningGill.com** | www.DanningGill.com



**From:** Zev Shechtman
**Sent:** Monday, January 29, 2024 10:43 AM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; 'Ghio, Christopher' <Christopher.Ghio@dinsmore.com>; magolnick@mm-pa.com; Aaron E. de Leest <adeleest@DanningGill.com>; Shantal Malmed <smalmed@DanningGill.com>
**Subject:** RE: LPG - MLG's Request for Protective Order (LBR 7026-1)
**Importance:** High

Hi Kay,

When can we expect your counterpart to the discovery dispute stipulation?
Please keep Aaron de Leest copied, as I will be unavailable at various time today.
Thanks,

Zev

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile | (310) 201-2443 direct
**zs@DanningGill.com** | www.DanningGill.com



**From:** Zev Shechtman
**Sent:** Saturday, January 27, 2024 6:23 PM
**To:** K. P. March <kmarch@bkylawfirm.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; 'Ghio, Christopher' <Christopher.Ghio@dinsmore.com>; magolnick@mm-pa.com; Aaron E. de Leest <adeleest@DanningGill.com>; Shantal Malmed <smalmed@DanningGill.com>
**Subject:** LPG - MLG's Request for Protective Order (LBR 7026-1)
**Importance:** High

Dear Kay,

3

35

Attached is the draft stipulation regarding the discovery dispute required pursuant to LBR 7026-1 which contains the positions of MLG, ResPro and Mr. Lee. Please add your position. I will need your completed portion and signature by 1/29/24 at 10:00 a.m. so that we can timely file the stipulation.

Thank you,

Zev

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile | (310) 201-2443 direct
**zs@DanningGill.com** | www.DanningGill.com



**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Thursday, January 25, 2024 5:25 PM
**To:** Zev Shechtman <ZShechtman@DanningGill.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; 'Ghio, Christopher' <Christopher.Ghio@dinsmore.com>; magolnick@mm-pa.com; Aaron E. de Leest <adeleest@DanningGill.com>; Christopher.Celentino@DINSMORE.COM; 'Freedman, Jeremy' <Jeremy.Freedman@Dinsmore.com>; Jonathan.Serrano@Dinsmore.com
**Subject:** RE: LPG - MLG's Request for Protective Order (LBR 7026-1) To Zev Shechtman (Morning Law atty), cc all other persons listed: My firm, for Greyson, agrees that the phone call, plus the 2 emails I sent to you & Wall at 4pm & 5:17pm, completed meet & conf.

012524 at 5:25pm

RE: LPG - MLG's Request for Protective Order (LBR 7026-1)

To Zev Shechtman (Morning Law atty), cc to Lee atty Wall, and other addressees above:

My firm, for Greyson, agrees that the you/me/wall phone call of earlier today, plus the 2 emails I sent to you & Wall at 4pm & 5:17pm today, completed meet & conf.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com
Website: www.BKYLAWFIRM.com

4

36

## K. P. March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Monday, January 29, 2024 4:01 PM |
| **To:** | 'Zev Shechtman' |
| **Subject:** | RE: Zev Schehtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm toda |
| **Attachments:** | Proposed Stipulatio of Morning Law Group for Greyson to fill Greyson position in 012924.DOCX |

Your firm is just being arbitrary, also known as abusive.

But here is the proposed Stipulation with Greyson's material filled in.  I will send signature in a minute

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Zev Shechtman <ZShechtman@DanningGill.com>
**Sent:** Monday, January 29, 2024 2:58 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; Aaron E. de Leest <adeleest@DanningGill.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; magolnick@mm-pa.com
**Subject:** RE: Zev Schehtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm toda
**Importance:** High

Kay,

To be more clear, we have a hard stop at 4PM.  If I don't have your counterpart by 4PM sharp I will need to file without your input.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile | (310) 201-2443 direct
**zs@DanningGill.com** | www.DanningGill.com



**From:** Zev Shechtman
**Sent:** Monday, January 29, 2024 2:52 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; Aaron E. de Leest <adeleest@DanningGill.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; magolnick@mm-pa.com
**Subject:** RE: Zev Schechtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm toda
**Importance:** High

Kay,

I'd appreciate if you could provide your counterpart by 4:00 p.m., as my assistant will be leaving the office at 4:30 p.m.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344 mobile | (310) 201-2443 direct
**zs@DanningGill.com** | www.DanningGill.com



**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Monday, January 29, 2024 2:47 PM
**To:** Zev Shechtman <ZShechtman@DanningGill.com>; Aaron E. de Leest <adeleest@DanningGill.com>
**Subject:** Zev Schehtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm today.

012924

012924 at 245pm

To Zev Schehtman/Aaron De Leest from KPMarch, bky LF:

RE:  Morning Law Group proposed Stipulation re protective order

Zev/Aaron:

Sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm today, so you can file it timely.

2

My firm had to research the law you cite, and my firm had to research the law we are citing in our portion of the Stipulation, which is why we won't send our position to your firm until 4:30pm today.

Reply to confirm receipt please.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

3

## K. P. March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Monday, January 29, 2024 4:08 PM |
| **To:** | 'Zev Shechtman' |
| **Subject:** | RE: Zev Schehtman/Aaron De Leest from KPMarch, bky LF:  sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm toda |
| **Attachments:** | Ink signature of KPM 012924.pdf |

Zev Shechtman (att for MLG)
from KPMarch bky LF (Greyson)

As promised a minute ago, and as I told you on the phone a minute ago, attached is my ink signature to the Greyson part of the stipulation that I emailed you at 4pm.   But the document does not appear to have ink signatures of any of the other people who have signature blocks, and all signatures except yours, Zev, must be signed in ink.  So I don't think you will be filing this stipulation at 4pm, even though you have Greyson's part, and my signature in ink, at 4pm.

Your "hard stop at 4pm" is simply improper.  Business hours go to 5:30pm. I get the feeling you do not want Greyson's position included, but now you have it.\

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** Zev Shechtman <ZShechtman@DanningGill.com>
**Sent:** Monday, January 29, 2024 2:58 PM
**To:** K. P. March <kmarch@bkylawfirm.com>; Aaron E. de Leest <adeleest@DanningGill.com>
**Cc:** 'William Wall' <wwall@wall-law.com>; magolnick@mm-pa.com
**Subject:** RE: Zev Schehtman/Aaron De Leest from KPMarch, bky LF: sending you this email to let you know my firm is working on filling in Greyson position in the proposed Stipulation you phoned my firm at about at 11:30am today, should have it to you by 4:30pm toda
**Importance:** High

Kay,

To be more clear, we have a hard stop at 4PM.  If I don't have your counterpart by 4PM sharp I will need to file without your input.

**Zev Shechtman**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450

1

## K. P. March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Monday, January 29, 2024 6:21 PM |
| **To:** | 'Ghio, Christopher'; 'Christopher.Celentino@DINSMORE.COM'; 'Freedman, Jeremy'; 'Jonathan.Serrano@Dinsmore.com' |
| **Cc:** | 'Zev Shechtman'; 'adeleest@DanningGill.com'; 'William Wall' |
| **Subject:** | RE: LPG - MLG's Request for Protective Order (LBR 7026-1) |
| **Attachments:** | Proposed Stipulatio of Morning Law Group for Greyson to fill Greyson position in 012924.DOCX; Ink signature of KPM 012924.pdf |

012924

To  All Celentino attys of record (attys for trustee in the adv proceeding Trustee v Diab et al) , to Zev Shechtman and associate (counsel for Movant Morning Law Group) , to Lee atty William Wall (counsel for Lee)

From KPMarch, bky LF (counsel for Greyson):

All:

No, **Greyson declines to stipulate to move Bradford Lee's deposition from 2/2/24 at 10am**, in person, at my law firm, to be taken by my firm, as counsel for Greyson.

At the 1/24/24 at 10am hearing, Judge Clarkson ordered Bradford Lee's deposition to be taken on 2/2/24 at 10am. I will take it on that date.

Morning Law's Filing of a Motion for Protective Order regarding questions about Morning Law does NOT necessitate continuing Lee's deposition from 2/2/24.

For everyone's information, **tomorrow, Tuesday, 1/30/24**, Greyson will be filing Greyson's Opposition to Morning Law's Motion for Protective Order [dkt.364] which Morning Law filed at 4:43pm today, 1/29/24.   Consequently Judge Clarkson could set a hearing on Morning Law's Motion for Protective Order on Wednesday 1/31/24, or Thursday, 2/1/24, if he so desires.

Greyson also filled in Greyson's part of the  Stipulation that relates to Greyson's Motion for Protective Order, and emailed that to Morning Law counsel Zev Shechtman by 4pm today, with my ink signature, for his firm to efile. I don't know why Zev or Zev's associate attorney or staff hasn't filed that Stipulation yet.   Copy attached hereto of the Stipulation for your convenience.   Greyson position starts at p.7.

Please REPLY each of you to confirm receipt. Thx

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133

1

41

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

**GREYSON LAW CENTER PC'S** <u>**OPPOSITION**</u> **TO MORNING LAW GROUP'S**
***MOTION FOR PROTECTIVE ORDER AND TO MODIFY SUBPOENA*** **[DKT.364] E-**
**FILED 1/29/24 AT 4:30PM; DECLARATION OF KATHLEEN P. MARCH TO**
**OPPOSITION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___1/30/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____,  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

n/a

☐  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/30/24_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

By FedEx Express
Hon. Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/30/24 | Kathleen P. March | /s/ Kathleen P. March |
|---------|-------------------|------------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com,
  nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Zev Shechtman**    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**