CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:    619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01046-SC<br><br>Chapter 11 |
| Richard A. Marshack,<br><br>Plaintiff,<br><br>v.<br><br>TONY DIAB, et al.<br><br>Defendants. | **CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S UNILATERAL STATUS REPORT**<br><br>Date:    February 7, 2024<br>Time:    1:30 pm<br>Judge:   Hon. Scott C. Clarkson<br>Place:   Courtroom 5C<br>         411 West Fourth Street<br>         Santa Ana, California  92701 |

1

The duly appointed Chapter 11 Trustee, Richard Marshack ("Trustee") submits the following Unilateral Status Report ahead of the February 7, 2024 Status Conference in Adversary Proceeding No. 8:23-ap-01046-SC ("1046 Action") in the above-captioned Court in lieu of the joint status report pursuant to Local Bankruptcy Rule 7026.1 for the reasons set forth below. To date, the following has occurred and/or been completed:

## INTRODUCTION

This case is complex, requiring significant resources, but in one important sense, it is very simple: the identification and recovery of a labyrinth of fraudulent conveyances of LPG and therefore Estate property. As the Court is aware, there are a myriad of alleged alter ego and/or fraudulent conveyance partner entities, including but not limited to OakStone Legal Group, P.C. ("OakStone"); Greyson Law Center, P.C. ("Greyson"); Phoenix Law Group, P.C. (Phoenix"); LGS Holdco., LLC ("LGS"); Maverick Management, LLC ("Maverick"); Guardian Processing, LLC ("Guardian"); Prime Logix, LLC ("Prime Logix"); BAT Inc. d/b/a Coast Processing ("Coast Processing"); Strategic Consulting Solutions, LLC ("SCS"); and Vulcan Consulting Group, LLC ("Vulcan"). Such entities have utilized numerous ACH processing gateways and finance companies to transfer hundreds of millions of dollars belonging to LPG through a plethora of bank accounts, investment vehicles, transactions, financial services, loans and other vehicles to hide, transfer and/or abscond with Estate property, including but not limited to EPPS; EquiPay, LLC ("EquiPay"); Merit Fund, LLC ("Merit Fund"); Authorize.net (a subsidiary of Visa, Inc.) ("Authorize.net"); World Global; OptimumBank Holdings, Inc. dba Optimum Bank ("Optimum Bank"); BankUnited, Inc. ("BankUnited"); Marich Bein, LLC ("Marich Bein"); Revolv3, Inc. ("Revolv3"); Fidelity National Information Services, Inc. dba FIS , including but not limited to its subsidiaries Worldpay, LLC, Worldpay Group or any other subsidiaries providing ACH processing services ("FIS"); Guardian Processing, LLC ("Guardian"); Payliance, LLC ("Payliance"); Seamless Chex, Inc. ("Seamless"); Dwolla, Inc. ("Dwolla"); and Stripe, Inc. ("Stripe").

To that end, Trustee filed an application and on July 3, 2023 the Court approved the employment of forensic accountants Grobstein Teeple, LLP ("GT") to, among other things, assist the Trustee in tracing LPG property and unweave a complex web of financial transactions spanning

2

hundreds of entities and even more financial accounts in order to maximize the recovery of Estate funds and property [1046 Action Dkt. Nos. 95 and 169]. Trustee and Special Counsel have been working with and alongside GT in such endeavors to investigate, identify and recover Estate property. With the goal of maximizing the Debtor's Estate for the benefit of all creditors, including consumer creditors at the forefront of the Trustee's approach, that Trustee submits this status report.

## **PRIOR HISTORY AND FACTS ESTABLISHED SINCE LAST HEARING**

1. Prior to the Litigation Practice Group, PC ("Debtor" or "LPG") filing for bankruptcy protection, Tony Diab ("Diab") and his associates, including Daniel March, Eng Taing ("Eng"), Rosa Bianca Loli ("Loli"), Han Trinh ("Han"), Jayde Trinh ("Jayde") and a group of other non-lawyer managers, started a series of affiliated companies, including but not limited to OakStone; Greyson; Phoenix; Maverick, CLG, Vulcan and PrimeLogix, among other entities. These entities were used to facilitate a transfer of revenue and client files in the face of pending litigation by Debtor's creditors and a series of class action lawsuits, and in order to protect and syphon off the ACH pulls (as to which clients had only authorized LPG, and no other entity, to withdraw funds from their accounts) to other existing or newly created entities, including but not limited to Vulcan and Prime Logix, among others.

2. Through the date of order approving the sale of LPG assets, Trustee's focus was primarily to protect the consumers, their private data, recover funds originating from post-petition ACH and credit card transactions, and prevent unauthorized ACH transactions and duplicate transactions that have been complained of after files were transferred to Phoenix and Oakstone, among others. Notwithstanding, Trustee has remained vigilant and dedicated to ensuring recovery of Estate assets. To that end, on May 25, 2023, Trustee sought emergency relief in the form of an order seeking a temporary restraining order, turnover of information and data, re-direction of mail and setting an order to show cause ("TRO"). After considering the moving papers and evidence in support thereof, and finding good cause and exigent circumstances, the Court granted the TRO subject to the Court's ruling at the hearing, which was incorporated into the turnover and TRO entered by the Court on May 26, 2023 and subsequently amended to correct minor typographical errors. [1046 Action Dkt. Nos. 13 and 21].

///

3. Virtually all of the named parties (except as noted below) subject to Trustee's adversary complaint were served with the initial Summons, Complaint, Order Appointing Richard Marshack as the Chapter 11 Trustee in this matter, and the TRO entered May 26, 2023, with the exception of Defendants EPPS, Chris Winslow and Maria Eeya Tan. The Proofs of Service of which were filed on June 9, 2023 [1046 Action Adv. Dkt. Nos. 31, 34-37, 40-44].

4. All non-parties subject to the TRO were served on or about June 2, 2023 [1046 Action Dkt. Nos. 31, 34-36, 41-42].

5. On June 15, 2023, Trustee filed an Amended Complaint to the initial fraudulent conveyance and turnover Adversary Complaint, which in essence added several named Defendants and corrected the names of mis-identified Defendants. [1046 Action Dkt. 62].

6. On June 12, 2023, this Court held a long and thorough hearing, considering oral argument from all parties, Greyson's written opposition and declarations in support thereof [1046 Action Dkt. No. 47], and thereafter, this Court granted and issued its Preliminary Injunction Order, subsequently entered on June 23, 2023 [1046 Action Dkt. 70]. Notably, the declarations and oral argument by Greyson supported Trustee's claims, which this Court noted. The Amended Summons, Amended Adversary Complaint and Preliminary Injunction were all served at the same time on essentially all parties and non-parties with the exception of a few whose proper name, agent for service of process and/or location has yet to be located, discussed more thoroughly below. Also on June 23, 2023, Trustee filed and served his Notice of Compliance with Rule 7026. [1046 Action Dkt. 73].

7. On July 24, 2023, Defendants Eng Taing ("Eng") and Touzi Capital, LLC ("Touzi") filed a Motion to Dismiss as to Trustee's Amended Complaint [Adv. Dkt. No. 96]. The hearing was originally scheduled to be heard on September 13, 2023. On July 27, 2023, the Court continued the hearing to September 14, 2023 [1046 Action Dkt. No. 108]. Trustee opposed Defendants' Motion to Dismiss providing recently obtained evidence to support Trustee's allegations and causes of action as to these Defendants, including but not limited to, evidence of Taing's direct involvement in initiating double pulls on LPG client accounts totaling more than $550,000 pre and post-petition, using entities

he controlled in an effort to hide, hinder and delay discovery of the fraudulent transfers and wrongful conduct [1046 Action Dkt. No. 159-1].

8. On July 25, 2023, Trustee dismissed the United States Postal Services ("USPS") in light of its compliance with the TRO and Preliminary Injunction in redirecting mail [1046 Action Dkt. 103].

9. On August 2, 2023, after an extensive hearing, substantial briefing and good faith auction held on July 21, 2023, the Court granted Trustee's Motion Ordering the Sale of LPG's assets to Morning Law Group in the main bankruptcy matter [Bk. Dkt. No. 352].

10. Between August and September 2023, Trustee sought and the Court entered default as to Trustee's Amended Complaint against the following Defendants: Vulcan Consulting Group, LLC [1046 Action Dkt. No. 144]; Wes Thomas [1046 Action Dkt. No. 145]; Seamless Chex, Inc. [1046 Action Dkt. No. 153]; Teracel Blockchain Fund II, LLC [1046 Action Dkt. No. 154]; Jake Akers [1046 Action Dkt. 163]; BAT, Inc. dba Coast Processing [1046 Action Dkt. No. 164]; Jimmy Chorr [1046 Action Dkt. No. 174]; Oakstone [1046 Action Dkt. No. 177]; PrimeLogix [1046 Action Dkt. 179]; and Guardian [1046 Action Dkt. No. 181].

11. On September 11, 2023, Plaintiffs OHP-CDR, LP and PurchaseCo 80, LLC filed their complaint against Defendants Richard Marshack in his capacity as the Chapter 11 Trustee and Azzure Capital, LLC to determine priority of lien and ownership interest initiating Adversary Proceeding No. 8:23-ap-01098-SC ("1098 Action"). On October 13, 2023, Trustee filed his Answer and Counter-Claims against Plaintiffs OHP-CDR, LP and PurchaseCo 80, LLC [1098 Action Dkt. No. 7]. On November 3, 2023, OHP-CDR, LP and PurchaseCo 80, LLC filed their Answer to Trustee's Counter Claims [1098 Action Dkt. No. 13].

12. On September 14, 2023, the Court granted Defendants Eng and Touzi's Motion to Dismiss without prejudice and ordered a second amended complaint be filed no later than October 14, 2023 [1046 Action Dkt. No. 211].

///

///

///

13. On October 6, 2023, the Court granted the Stipulated Order to Dismiss Gallant Law Group, PC and Centre Pointe Law, PC without prejudice [1046 Action Dkt. No. 221]. Defendants Gallant and Center Pointe remain bound by the Preliminary Injunction and the Court's jurisdiction to enforce same.

14. On October 13, 2023, Trustee filed his Second Amended Complaint ("SAC") [1046 Action Dkt. No. 226]. Notably, Trustee's SAC alleged specific facts based on evidence obtained as a result of Trustee's significant ongoing investigation, including formal and informal discovery.

15. On October 27, 2023, the Court granted the Stipulated Order to Dismiss Defendants Han Trinh and Jayde Trinh without prejudice [1046 Action Dkt. No. 250]. Defendants Han Trinh and Jayde Trinh remain bound by the Preliminary Injunction and the Court's jurisdiction to enforce same.

16. On November 3, 2023, Eng and Touzi filed a Motion to Dismiss as to Trustee's Second Amended Complaint [1046 Action Dkt. No. 265]. On December 22, 2023, the Court denied Eng and Touzi's Motion to Dismiss as to Trustee's Second Amended Complaint [1046 Action Dkt. No. 299].

17. On November 8, 2023, Trustee filed a dismissal of Occams Advisory, Inc.; Teracel Blockchain Fund, LLC and Chris Winslow and as to erroneously named Defendants, B.A.T., Inc. d/b/a/ Coast Processing, Guardian, Maverick, Eng Tang and WorldPay, Inc. who have since been properly named [1046 Action Dkt. No. 270].

18. On December 6, 2023, Defendant Greyson filed its frivolous Motion to Vacate the Court's Preliminary Injunction [1046 Action Dkt. No. 290]. After Trustee's good faith effort to meet and confer with Greyson, on January 8, 2024, the parties filed their Joint Statement of Issues and supporting declarations [1046 Action Dkt. No. 325]. On January 16, 2024, Greyson filed further evidentiary objections and declarations in support of their Motion in violation of the Court's December 28, 2023 Order [Adv. Dkt. No. 293]. On December 16, 2024, the Court issued a further Scheduling Order on Greyson's frivolous Motion to Vacate the Court's Preliminary Injunction Order [Adv. Dkt. No. 333]. That same day, Greyson again violated the Court's Orders [1046 Action Dkt. Nos. 293 and 333] and filed further briefing on its frivolous Motion to Vacate without leave of Court [Adv. Dkt. No. 338].

///

19. On December 19, 2023, Trustee filed his complaint initiating Adversary Proceeding No. 8:23-ap-01148-SC ("1148 Action") for avoidance, recovery of money, preference and fraudulent transfer and turnover, among other causes of action as against Defendant JGW Solutions, LLC.

20. On December 21, 2023, the Trustee filed his complaint initiating Adversary Proceeding No. 8:23-ap-01150-SC ("1150 Action") for avoidance, recovery of money, preference and fraudulent transfer and turnover, among other causes of action as against Defendant Clear Vision Financial, LLC dba Liberty1 Financial.

21. On December 22, 2023, Defendants Bianca Loli and Lisa Cohen filed separate Motions to Dismiss pursuant to Fed.R.Civ.P 12(b)(6) [1046 Action Dkt. Nos. 300 and 301]. The hearings on Loli and Cohen's Motions to Dismiss were initially set for January 31, 2024 [Adv. Dkt. Nos. 301 and 302]. On January 16, 2024, the Court entered the Stipulated Order to Continue the Hearing on Loli and Cohen's Motions to Dismiss to February 7, 2024 to allow the parties to work towards a potential resolution of the issues raised by their Motions [1046 Action Dkt. No. 334]. On January 26, 2024, the parties filed a Further Stipulation to Continue the Hearings on Loli and Cohen's Motions to Dismiss to provide further opportunity for the parties to resolve the issues raised by the Motions to Dismiss [1046 Action Dkt. No. 360].

22. On January 10, 2024, Trustee filed his complaints for avoidance, recovery of money, preference and fraudulent transfer initiating Adversary Proceeding No. 8:24-ap-01001-SC ("1001 Action") as to Defendant Leucadia Enterprises, Inc.; Adversary Proceeding No. 8:24-ap-01002-SC ("1002 Action") as to Defendant Clearcube dba Litigation Practice Center; Adversary Proceeding No. 8:24-ap-01003-SC ("1003 Action") as to Defendant Perfect Financial; and Adversary Proceeding No. 8:24-ap-01004-SC ("1004 Action") as to Defendant Point Break Holdings LLC.

23. On January 18, 2024, Trustee filed his motion to dismiss his claims against Defendants Marich Bein, LLC and BankUnited, NA, without prejudice, in order to sever his claims from the 1046 Action and file a new adversary proceeding [1046 Action Dkt. No. 339].

24. On January 24, 2024, Bradford Lee filed an Emergency Motion to Quash his deposition unilaterally set by Greyson without leave of Court to conduct early discovery, among other issues [1046 Action Dkt. No. 347]. At the hearing, the Court granted in part and denied in part Lee's

Motion to Quash [1046 Action Dkt. No. 351]. The Court's Order at the hearing: (1) continued the deposition of Bradford Lee to February 2, 2024 at 10:00 am to be held in person at the office of the Bankruptcy Law Firm, PC; (2) set January 29, 2024 as the deadline for any party to file a motion for a protective order as to Bradford Lee's continued deposition; (3) amended Adv. Dkt. No. 333 continuing Greyson's deadline to file briefing on its evidentiary objections to February 29, 2024; (4) amended Adv. Dkt. No. 333 continuing the Trustee's deadline to file an opposition in response to Greyson's further briefing; (5) amended Adv. Dkt. No. 333 continuing Greyson's deadline to file a reply to March 21, 2024; and (6) amended Adv. Dkt. No. 333 to continue the hearing on Greyson's frivolous Motion to Vacate to March 27, 2024 at 1:30 pm. The Court ordered counsel for Trustee to prepare such an order and further requested that the order include language that all other orders set forth in Adv. Dkt No. 333 were to be followed.  By way of objection, Greyson seeks to have extraneous information included in the order expanding the scope of further briefing and language intended to harass, intimidate and threaten Bradford Lee. Specifically, language ordering him to testify truthfully, which is required of every deponent, and with no evidence of any wrongdoing other than providing truthful testimony supported by actual evidence that contradicts Han Trinh's self-serving declarations that are unsupported by any evidence.  Greyson's requests for modifications of the proposed order are not supported by the record of the proceeding as set forth in the Transcript [1046 Action Dkt. No. 369], and should be denied.

25.    On January 26, 2024, the Trustee filed his complaint initiating Adversary Proceeding No. 8:24-ap-01011-SC (1011 Action) for recovery of money, preference and fraudulent transfer among other causes of action, as against Defendants Bridge Funding Cap, LLC; MNS Funding LLC; Azzure Capital LLC; Marich Bein, LLC; Diverse Capital LLC; PECC Corp; ProofPositive LLC; MC DVI Fund 1, LLC; MC DVI Fund 2, LLC; Debt Validation Fund II, LLC; and Venture Partners LLC.

26.    At all relevant times after the Court entered its TRO and subsequently entered Preliminary Injunction, Trustee secured and/or has gained access to all ACH processing companies accounts, including EquiPay, Merit Fund, Authorize.net, World Global, Optimum Bank, BankUnited, Marich Bein, Revolv3, and FIS, including but not limited to its subsidiaries Worldpay, Inc., Worldpay, LLC, Worldpay Group or any other subsidiaries providing ACH processing services. ACH

processing company EPPS has yet to be identified. The ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875" or any such substantially similar has been identified as a dba used by Marich Bein so that when Marich Bein processed ACH transactions on behalf of LPG, LPG clients would recognize the charge as being a charge initiated by LPG in order to prevent disputed charges. The ACH account held at Guardian Processing, LLC appears to be under Eng and/or PECC, which was also run by Eng, based on recent communications with counsel for Eng and Touzi.

27. Trustee has secured funds and bank accounts held at Bank of America, including those held by Prime Logix, Vulcan and Scott Eadie and Maverick's bank accounts held at Wells Fargo Bank.

28. Trustee has gained access to an overwhelming number of documents contained in more than five hundred email accounts in addition to the evidence stored in LUNA, Google accounts, Microsoft accounts, and other email and data storage accounts for LPG, Phoenix, Greyson and Maverick.

29. Additionally, Trustee has obtained substantial documents, evidence and financial records informally from Eng, Touzi, Maverick Bankcard, Inc., Optimum Bank, Payliance, , Revolv3, FIS, Wells Fargo Bank, Bank of America, among many other individuals and entities all of which support Trustee's claims alleged in the SAC and related adversary proceedings. By way of example and as more thoroughly set forth in Trustee's portion of the parties' joint statement and supporting declarations in opposition to Greyson's frivolous Motion to Vacate the Preliminary Injunction [1046 Adv. Dkt. Nos. 325, 325-4, 325-5, 325-6, 325-7, 325-8, 325-9, 331 and 331-1], the evidence shows Diab and his accomplices, Han and Jayde, among others at Greyson, devised a scheme wherein they appropriated LPG funds from Vulcan, PrimeLogix and BAT, among others; LPG's attorney network, client files, computer equipment, proprietary client relationship management software ("CRM") LUNA, proprietary documents, scripts and videos in order to leave LPG without assets and attempt to pilfer prior LPG clients -- whose accounts were ultimately transferred to the good faith purchaser of LPG's assets -- under their specious argument that they are a competitor. Similar to the structure at LPG, Diab was running Greyson in the shadows, with Han, Jayde and Eadie as the face of the LPG 2.0 – Greyson. Along these lines, the evidence obtained as a result of this Court's Preliminary

Injunction has further uncovered substantial monetary payments from LPG to or for the benefit of Han and Jayde Trinh immediately prior to LPG filing its bankruptcy petition, including paying off substantial student and automobile loans, which will be the subject of separate adversary proceedings to be filed at around the time of the currently scheduled status conference.

30. As a result of the foregoing efforts during which time Trustee and Special Counsel also expended significant efforts working to facilitate a sale of LPG's main assets for the protection of consumer clients, Trustee has secured more than $5.2 million dollars from alter ego entities and financial institutions listed in the Second Amended Adversary Complaint [1046 Action Dkt. 226] and Preliminary Injunction [1046 Action Dkt. 70]. This does not include approximately $11,000 in money that continues to be held by Bank of America in the two accounts in the name of Vulcan and Law Offices of Scott Eadie. Nor does it account for LPG property recently disclosed by Greyson and its employees that are being stored in storage units and whose value has been approximated to be in excessive of $200,000. Trustee's efforts in this regard with the assistance of Special Counsel and Grobstein Teeple continue.

## STATUS OF ADVERSARY PROCEEDING 1046

A. **Responsive Pleadings and Defaults**

31. To date, eight (8) of the named Defendants have filed answers to Trustee's Second Amended Complaint, including:

    i.    Greyson [1046 Action Dkt. No. 251];

    ii.    Marich Bein [1046 Action Dkt. No. 263];

    iii.    Daniel March [1046 Action Dkt. No. 280];

    iv.    CLG and LGS HoldCo, LLC [1046 Action Dkt. No. 307];

    v.    BankUnited [1046 Action Dkt. No. 314];

    vi.    Eng [1046 Action Dkt. No. 326]; and

    vii.    Touzi [1046 Action Dkt. No. 327].

///

///

///

32. Two (2) Defendants have filed Motions to Dismiss pursuant to Fed.R.Civ.P 12(b)(6) as to the SAC, including:

    i. Rosa Bianca Loli; and

    ii. Lisa Cohen

33. Five (5) Defendants have been granted an extension to file a responsive pleading based on the parties continued efforts to work towards a resolution, including:

    i. Maverick Bankcard, Inc.;

    ii. Payliance, LLC;

    iii. OptimumBank;

    iv. Stripe, Inc.; and

    v. FIS.

34. Trustee has filed and the Court has entered defaults as to the following eleven (11) Defendants on the Amended Complaint, including:

    i. Vulcan Consulting Group, LLC [1046 Action Dkt. No. 144];

    ii. Wes Thomas [1046 Action Dkt. No. 145];

    iii. Seamless Chex, Inc. [1046 Action Dkt. No. 153];

    iv. Teracel Blockchain Fund II, LLC [1046 Action Dkt. No. 154];

    v. Jake Akers [1046 Action Dkt. No. 163];

    vi. BAT, Inc. dba Coast Processing [1046 Action Dkt. No. 164];

    vii. Jimmy Chorr [1046 Action Dkt. No. 174];

    viii. Oakstone [1046 Action Dkt. No. 177];

    ix. PrimeLogix [1046 Action Dkt. No. 179];

    x. Revolv3, Inc. [1046 Action Dkt. No. 180]; and

    xi. Guardian [1046 Action Dkt. No. 181].

35. Given the filing and service of the SAC in the 1046 Action, Trustee intends to re-file his requests for entry of default as against the foregoing Defendants, with the exception of Jake Akers who is being dismissed without prejudice. In addition, Trustee intends to file a request for entry of

default as to the following four (4) Defendants who have been served with the Summons and SAC [1046 Action Dkt Nos. 242- 244, 274 and 275] and have failed to answer:

      i.     Tony Diab;

     ii.     Max Chou;

    iii.     Scott Eadie; and

    iv.     Heng Taing.

**B.**    **Dismissals and/or Parties That Have Not Been Served**

36.     Trustee filed his Motion to Dismiss Marich Bein and BankUnited without prejudice from the 1046 Action in order to sever his claims and file a separate adversary proceeding. As more thoroughly set forth in Trustee's Motion to Dismiss, the claims and facts as against Marich Bein and BankUnited, while similar in that they involve fraudulent transfers, differ in many ways both factually and legally. Severing such claims would promote judicial economy, narrow the scope of claims, discovery and trial in the 1046 Action and any severed action against Marich Bein and BankUnited. BankUnited has stipulated to the dismissal and severance of the claims. During more recent meet and confer efforts, counsel for Marich Bein has indicated his clients may file a notice of non-opposition despite its prior refusal to stipulate to the requested relief.

37.     Trustee has dismissed without prejudice the following ten (10) Defendants:

      i.     United States Postal Services [1046 Action Dkt No. 102];

     ii.     Han Trinh [1046 Action Dkt No. 219]

    iii.     Jayde Trinh [1046 Action Dkt No. 219];

    iv.     Gallant Law Group, PC [1046 Action Dkt No. 221];

     v.     Center Pointe Law, PC [1046 Action Dkt No. 221];

    vi.     Occams Advisory, Inc. [1046 Action Dkt No. 270];

    vii.     Teracel Blockchain Fund, LLC [1046 Action Dkt No. 270];

   viii.     Chris Winslow [1046 Action Dkt No. 270];

    ix.     Jake Akers [1046 Action Dkt No. 372]; and

     x.     Authorize.net [1046 Action Dkt No. 372].

///

38. With regards to Authorize.net, the Trustee intends to file a separate adversary proceeding naming Visa, Inc. as the proper defendant which owns Authorize.net.

39. The following five (5) erroneously named Defendants have been dismissed and properly named in the SAC:

    i. B.A.T., Inc. d/b/a/ Coast Processing;

    ii. Guardian;

    iii. Maverick Management, LLC; and

    iv. Eng Tang; and

    v. WorldPay, Inc.

40. Three (3) named Defendants have yet to be served, including:

    i. EPPS;

    ii. EquiPay; and

    iii. World Global.

41. As to EPPS, EquiPay and World Global, Trustee continues to investigate the proper entity, agent for service of process and/or address in order to properly serve and/or seek an alias summons.

**C.** **Stipulated Judgments and Settlements**

42. By way of stipulated judgment, Defendants Phoenix Law, PC, William "Ty" Carss, and Maria Eeya Tan and have been dismissed without prejudice [1046 Action Dkt. No. 77].

43. Trustee has further entered into a settlement agreement with Defendant Maverick Bankcard, Inc. subject to Court approval, in the approximated amount of $254,912.81, the final amount is dependent upon the effective date of the settlement for purposes of determining any further chargebacks or client disputed charges provided for in the service agreement. Trustee's 9019 Motion for Order Approving Compromise will be filed with the Court prior to the status conference, currently scheduled for February 7, 2024.

**TRUSTEE'S COURSE OF ACTION TO RECOVER ESTATE PROPERTY**

Based on the foregoing, and ongoing review of client files and business operations, Trustee intends to continue his vigorous investigation and recovery of Estate property:

44. At this time, there are a total of fifteen (15) Defendants who have been served, however, have not filed an answer, a motion to dismiss, reached a settlement, been dismissed or obtained an order extending time to answer. As discussed above, eleven (11) of these Defendants are likely to have defaults entered against them based on their prior failure to respond to the Amended Complaint.

45. Based on the sheer number of Defendants, discovery, and preparation, the length of trial in this matter is expected to exceed normal expectations. That said, based on meet and confer efforts with those Defendants that have filed an answer and are not anticipated to be dismissed and severed from the 1046 Action, the parties intend to serve initial disclosures by March 7, 2024. In the interim, Trustee is diligently working with all Defendants to obtain information and informal discovery to work towards a potential resolution in order to narrow the scope of discovery and trial in this matter, as the information provided to Trustee permits.

46. In an effort to stay in front of the enormous volume of discovery necessary to recover assets under Trustee's Amended Complaint in this Adversary Proceeding, Trustee has taken reasonable steps in light of the recent sale of LPG's assets and based on the information to date to stay in front of discovery. In this regard, Trustee has prepared and served subpoenas targeted to institutions in order to continue efforts to trace and recover Estate property, including but not limited to Wells Fargo Bank, Chase Bank, and American Express. Trustee anticipates a second batch of subpoenas with regards to those Defendants who recently answered the SAC and have met and conferred pursuant to Rule 26(f) to be noticed by or shortly after the February 7, 2024 Status Conference with a third waive as to Defendants who have defaults entered against them to follow. Consistent with the applicable rules, Trustee will notice depositions and serve subpoenas as necessary and appropriate to ensure production of admissible evidence to support the claims and causes of action set forth in the SAC.

47. Trustee intends to file additional adversary proceedings as to: (1) newly named Defendants for fraudulent conveyance and avoidance of Estate property; and (2) standalone claims recently discovered, and as a result of the Court's Preliminary Injunction, as to Defendants, including

Han Trinh, Jayde Trinh, PECC Corp; Arash Asanti Bayrooti; Brian Reale; Mario Azevedo, among other individuals, affiliates and entities.

48. As discussed above, Trustee will be filing his requests for default as to twelve (12) of the named Defendants who have failed to timely answer the SAC.

49. While eight Defendants have answered, a majority of the issues and Defendants in this matter are still not at issue. Five Defendants have filed extensions of time to respond. Two Defendants have filed a Rule 12(b)(6) Motion to Dismiss and Trustee has file a Motion to Dismiss Marich Bein and BankUnited in order to sever his claims as to these Defendants.

50. Reasonable grounds exist to continue the Status Conference and Rule 26(f) conference for a short but reasonable amount of time after: (1) Loli and Cohen's Motion to Dismiss has been heard; (2) Trustee's Motion to Dismiss has been heard; and (3) all non-defaulted and dismissed parties have answered or been ordered to answer, which will promote efficiency and allow the parties to develop a meaningful and comprehensive joint discovery plan given the number of Defendants who have not answered, are not at issue, pending motions and anticipated motion practice in this matter. In the event the Rule 26(f) Conference and/or this Status Conference is continued, Trustee requests the Court issue an order relieving him of the constraints of Rule 26(d)(1) in order to issue the foregoing subpoenas and engage in related discovery.

51. Trustee remains vigilant and focused on maximizing recovery of all of LPG assets to the Debtor's Estate for the benefit of all creditors, including consumer creditors as indicated by his efforts to recover millions of dollars and reach valuable compromises of his claims as against certain Defendants.

Dated: February 1, 2024                Respectfully submitted,

DINSMORE & SHOHL LLP


By: /s/ Jeremy B. Freedman
    Christopher B. Ghio
    Christopher Celentino
    Jeremy B. Freedman
    Special Counsel to Richard A. Marshack
    Chapter 11 Trustee for the Bankruptcy Estate of
    The Litigation Practice Group PC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE, RICHARD MARSHACK'S UNILATERAL STATUS REPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 1, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On February 1, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 1, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 1, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 17    **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@ecf.inforuptcy.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*     Page 18     **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwal@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*      Page 19      **F 9013-3.1.PROOF.SERVICE**