| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christopher B. Ghio (259094) christopher.ghio@dinsmore.com Christopher Celentino (131688) christopher.celentino@dinsmore.com Jeremy B. Freedman (308752) jeremy.freedman@dinsmore.com DINSMORE & SHOHL LLP 655 West Broadway, Suite 800 San Diego, California 92101 Telephone: 619.400.0500; Facsimile: 619.400.0501 ☐ *Individual appearing without attorney* ☒ *Attorney for:* Trustee, Richard A. Marshack | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re: THE LITIGATION PRACTICE GROUP P.C., Debtor(s). | CASE NO.: 8:23-bk-10571-SC ADVERSARY NO.: 8:23-ap-01046-SC CHAPTER: 11 |
|---|---|
| RICHARD A. MARSHACK, Chapter 11 Trustee, Plaintiff(s). vs. TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual: et al. Defendant(s). | **JOINT STATUS REPORT** **[LBR 7016-1(a)(2)]** DATE: 02/07/2024 TIME: 1:30 pm COURTROOM: 5C ADDRESS: 411 W. Fourth Street Santa Ana, CA  92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.  PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☐ Yes  ☒ No

2. Have all parties filed and served answers to the Claims Documents?  ☐ Yes  ☒ No

3. Have all motions addressed to the Claims Documents been resolved?  ☐ Yes  ☒ No

4. Have counsel met and conferred in compliance with LBR 7026-1?  ☐ Yes  ☒ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

    See Attachment A(5).

## B.  <u>READINESS FOR TRIAL</u>:

1.      When will you be ready for trial in this case?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| Estimated January 2025 | Unknown at this time, but no earlier than January 2025 |

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| With over 40 defendants, many of whom have not responded, substantial disclosure, production and corresponding subpoenas for records and deposition | Substantial discovery and law and motion practice |

3.  When do you expect to complete <u>your</u> discovery efforts?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| Uknown at this time but not earlier than October 2024, with an initial disclosure date of March 7, 2024. | Unknown at this time, but no earlier than October 2024 |

4.  What additional discovery do you require to prepare for trial?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| Written discovery, expert discovery, indiivual and PMK depositions, subpoenas of numerous financial records, and 2004 exams. | Requests for Production of Documents, Requests for Admissions, Interrogatories, subpoenas, depositions of expert and non-expert witnesses, and related third party discovery, as necessary. |

## C.  <u>TRIAL TIME</u>:

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| 14-21 days for all defendants in 1046 Action | Unknown at this time, but no less than three to five days |

2.  How many witnesses do you intend to call at trial (*including opposing parties*)?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| Based on information known to date and without having initial disclosures, Trustee estimates between 20-30 as to all Defendants in the 1046 Action | Unknown at this time |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                      Page 2                      **F 7016-1.STATUS.REPORT**

3.  How many exhibits do you anticipate using at trial?

|  | Plaintiff | Defendant |
|---|---|---|

**Plaintiff**
Based on information known to date and without
having initial disclosures, Trustee estimates between
200-400

**Defendant**
Unknown at this time

## D.  PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not  requested | Pretrial conference ☒ is ☐ is not  requested |
| Reasons: | Reasons: |
| Given the number of defendants, coordination at a trial conference is requested. | Narrow issues for trial |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set <u>after</u>: | Pretrial conference should be set <u>after</u>: |
| (*date*) 12/12/2024 | (*date*) _____ |

## E.  SETTLEMENT:

1.  What is the status of settlement efforts?

Trustee has reached a settlement with Maverick Bankcard subject to court approval and continues his efforts to discuss potential resolution of claims as agaisnt all non-defaulted defendants. This has reulted in ongoing discussions with Consumer Legal Group, LGS HoldCo, FIS, Touzi Capital, Eng Taing, Payliance, among others.

2.  Has this dispute been formally mediated?      ☐ Yes      ☒ No
    If so, when?

3.  Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☒ Yes  ☐ No | ☒ Yes  ☐ No |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

<table>
<tr><td align="center">Plaintiff</td><td align="center">Defendant</td></tr>
<tr>
<td>☒ I do consent<br>☐ I do not consent<br>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td>
<td>☐ I do consent<br>☒ I do not consent<br>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td>
</tr>
</table>

**G.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date: 02/02/2024

Dinsmore & Shohl, LLP
Printed name of law firm

/s/ Jeremy B. Freedman
Signature

Christopher Ghio / Jeremy Freedman
Printed name

Attorney for: Trustee, Richard A. Marshack

Date: 02/02/2024

REID & HELLYER, APC
Printed name of law firm

Signature

Douglas Plazak
Printed name

Attorney for: Scott Eadie

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A(5)**

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

      1.      With regards to pending motions brought by Greyson Law Center, PC that have not been resolved, on December 6, 2023, Defendant Greyson filed its frivolous Motion to Vacate the Court's Preliminary Injunction [Adv. Dkt. No. 290]. After Trustee's good faith effort to meet and confer with Greyson, on January 8, 2024, the parties filed their Joint Statement of Issues and supporting declarations [Adv. Dkt. No. 325]. On January 16, 2024, Greyson filed further evidentiary objections and declarations in support of their motion in violation of the Court's December 28, 2023 Order [Adv. Dkt. No. 293]. On December 16, 2024, the Court issued a further Scheduling Order on Greyson's frivolous Motion to Vacate the Court's Preliminary Injunction Order [Adv. Dkt. No. 333]. The same day, Greyson again violated the Court's Orders [Adv. Dkt. Nos. 293 and 333] and filed further briefing on its frivolous Motion to Vacate without leave of court [Adv. Dkt. No. 338]. On January 24, 2024, Bradford Lee filed an Emergency Motion to Quash his deposition unilaterally set by Greyson without leave of Court to conduct early discovery, among other issues [Adv. Dkt. No. 347]. At the hearing, the Court granted in part and denied in part, Lee's Motion to Quash [Adv. Dkt. No. 351] and ordered counsel for the Trustee to draft an order amending the prior Scheduling Order [Adv. Dkt. No. 333] to reflect the continued hearing dates. Subsequently, Greyson demanded extraneous language be included in the Proposed Order as indicated by its objection filed with the Court. [Adv. Dkt. No. 361]. Of note, Greyson demanded threatening language intended to do nothing more than harass, intimidate and threaten a third party witness with admonitions that have not been shown by Greyson or any other party to be necessary by its request to order a deponent to testify truthfully when every deponent has such an obligation. Moreover, Greyson's objections makes material misrepresentations to the Court with regards to the inclusion of language that Bradford Lee personally attend the deposition at counsel for Greyson's office, which was included in the order sent to Greyson and submitted to the Court. Unfortunately, it does not appear Greyson: (1) intends to be forthright; or (2) has any desire to amicably work out issues and will continue with its bad faith conduct until this Court rules on its frivolous Motion to Vacate the Preliminary Injunction, duly

5

1  opposed by Greyson with its evidence and oral argument that the Court found was reason to order the

2  injunction in the first instance.

3         2.      Eight of the named Defendants have filed answers to the Amended Complaint prior to

4  Trustee's filing the Second Amended Complaint [Dkt. 226], pursuant to the Court's Order granting

5  Touzi Capital, LLC and Eng Taing's Motion to Dismiss with leave to amend. Those Defendants

6  include Tony Diab; Daniel March; BankUnited, NA ("BankUnited"); Scott Eadie; Marich Bein, LLC

7  ("Marich Bein"); Han Trinh; Jayde Trinh; and Greyson.

8         3.      Trustee has dismissed the United States Postal Services (USPS) in light of its

9  compliance with the TRO and Preliminary Injunction in redirecting mail [Dkt. 103] and Phoenix Law

10  Group, Inc. (as erroneously named) [Dkt. 119].

11        4.      By way of stipulated judgment, Trustee has been authorized to dismiss, without

12  prejudice, William Taylor "Ty" Carss, and Maria Eeya Tan.  That dismissal was submitted on

13  November 8, 2023 [Dkt. 270].

14        5.      In addition, Trustee has requested dismissal of Occam's Advisory, Inc., Teracel

15  Blockchain Fund, LLC, and Chris Winslow pursuant to Federal Rules of Bankruptcy Procedure Rule

16  41(a)(1)(A)(i).   These Defendants have not answered or otherwise appeared, and Trustee's

17  investigation has indicated they are not proper targets of the instant action.  That dismissal was

18  submitted on November 8, 2023 [Dkt. 270].

19        6.      Trustee has also requested dismissal of B.A.T., Inc. d/b/a Coast Processing, Guardian,

20  Maverick Management, LLC, Eng Tang and World Pay, Inc. pursuant to Federal Rules of Bankruptcy

21  Procedure Rule 41(a)(1)(A)(i).  These Defendants have not answered or otherwise appeared and

22  Trustee's investigation has indicated that they were erroneously named.  Each of these Defendants

23  have been properly re-named pursuant to Trustee's First Amended Complaint [Dkt. 62].   That

24  dismissal was submitted on November 8, 2023 [Dkt. 270].

25        7.      The Court has entered a stipulated order to dismiss Defendants Han Trinh and Jayde

26  Trinh [Dkt. 219]. Trustee intends to file separate adversary proceedings as to these dismissed

27  defendants.

28  ///

8.      Four named Defendants have yet to be served, including EPPS, Authorize.net, Equipay and World Global. As to these Defendants, Trustee intends to request another summon based on the filing of Trustee's Second Amended Complaint [Dkt. 226].

9.      The Court has entered default as to Defendants Vulcan Consulting Group, LLC [Dkt. 144]; Wes Thomas [Dkt. 145]; Jimmy Chhor [Dkt. 174]; Oakstone Law Group, PC [177]; Prime Logix, LLC [Dkt. 179]; Revolv3, Inc. [Dkt. 180]; and Guardian Processing, LLC [181]. That said, Trustee will be filling renewed requests for default based on the Second Amended Complaint as to all defendants that have not answered or sought an extension of time that has been approved by order of the Court.

10.     Trustee, with the assistance of the Court employed financial accountants Grobstein Teeple, LLP [Dkt. 169], is working diligently to complete its forensic account in order to prepare and file for default judgment, as appropriate given this matter remains in the early stages of discovery. Trustee awaits production of bank records pursuant to issued 2004 examinations before completing these default judgments.

11.     As to Defendants Marich Bein and BankUnited, Trustee filed his Motion to Dismiss without prejudice in order to sever the claims from this action. In this regard, the claims against Marich Bein and BankUnited are aligned and separate from those alleged in this action which primarily focuses on the fraudulent transfers of LPG clients to newly created law firms. The claims as to Marich Bein and BankUnited, on the other hand, involve the fraudulent transfer, sale and receipt of the receivable income streams generated by Debtor's consumer clients as distinct from the wholesale transfer of the client relationship from Debtor to various successor law firms (the subject of the 1046 Action). As such, and in an effort to narrow the claims and promote judicial efficiency, Trustee will seek to sever the claims as to Marich Bein and BankUnited.

12.     Greyson Law Center, PC has filed a frivolous Motion to Vacate the Preliminary Injunction. The hearing on Greyson's frivolous Motion to Vacate was continued by order of the Court pursuant to its Scheduling Order [Adv. Dkt. No. 333]. On January 24, 2024, the Court granted in part and denied in part Bradford Lee's Motion to Quash Greyson's Subpoena. [Adv. Dkt No. 351]. At the hearing, the Court continued the deposition of Brad Lee to February 2, 2024 and amended its

Scheduling Order [Adv. Dkt No. 333] to provide continued dates for the hearing (March 27, 2024) and deadlines to file only such briefing as was originally permitted in its Scheduling Order [Adv. Dkt No. 333]. The Trustee maintains that Greyson is and at all times relevant been operating at the direction of Tony Diab, in the shadows as he did at LPG, with his accomplices Han and Jayde Trinh and has co-mingled and used LPG assets to try and pilfer former LPG clients to Greyson, including but not limited to: LPG computer equipment; LPG funds; proprietary documents and retainers; LPG client data; LPG's attorney network and other assets. Without LPG's assets Greyson would never have been able to operate, make payroll for over 140 employees, pay LPG attorneys and establish ACH accounts, among paying for other business expenses. The only reason Greyson ever existed is because of LPG's assets it has wrongfully received, stole and appropriated with the assistance of Tony Diab directing Greyson's finances, strategy and other day to day functions through Han and Jayde. All of which is set out in the Trustee's portion of the Joint Statement, supported by the evidence which has and will be submitted by Trustee to the Court and as will be further explained in any supplemental briefing.

13.    As to the remaining Defendants, Trustee has either had entered into a stipulation filed with the Court (12 defendants) for extension of time to respond to the Adversary Proceeding pending further meet and confer efforts and informal discovery, intends to dismiss or file for entry of default based on the Trustee's Second Amended Complaint.

14.    Trustee remains vigilant and focused on maximizing recovery of all of LPG assets to the Debtor's Estate for the benefit of all creditors, including consumer creditors. That said, Trustee has and continues to work with Defendants in good faith to obtain discovery, records and work towards resolution of the claims raised in the Second Amended Complaint.

**DEFENDANT, SCOTT EADIE**

Eadie filed an answer to the Amended Complaint [Doc. #89] on July 18, 2023. Eadie filed an answer to the second amended complaint on October 26, 2023 [Doc. #241]. Counsel for Defendant, Eadie and Counsel for Trustee, Richard Marshack ("Trustee"), held a preliminary meet and confer call on September 1, 2023 and briefly discussed the upcoming Status Conference, but did not address all of the relevant issues pursuant to Local Bankruptcy Rules 7016-1(a) and 7026-1. During this

conference call, Trustee's counsel stated that he would be sending a subsequent correspondence to Eadie and Greyson's attorneys soon to address other pertinent discovery issues.  However, Trustee's counsel has not sent any subsequent correspondence.  There may have been some confusion because Doc. #241 referenced "Amended Complaint" rather than "Second Amended Complaint" in the caption.

**ATTACHMENT G**

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1.      At this time, there are a total of 22 named Defendants who have either: (1) answered; (2) filed a stipulation for an extension to respond; (3) yet to be served; (4) have not had and are not likely to have a default entered against them; and (5) have not been and are not anticipated to be dismissed at this time. Based on the sheer number of defendants, discovery, preparation and length of trial in this matter is expected to exceed normal expectations. That said, Trustee is diligently working with all Defendants to obtain informal discovery and work towards potential resolution in order to narrow the scope of discovery and trial in this matter, as the information provided to Trustee permits.

2.      In an effort to stay in front of the enormous volume of discovery necessary to recover assets under Trustee's Amended Complaint in this Adversary Proceeding, Trustee has taken reasonable steps in light of the recent sale of LPG's assets and based on the information to date to stay in front of discovery. In this regard, Trustee has prepared and in is in the process of compiling a number of subpoenas to targeted institutions in order to continue efforts to trace and recover Estate property.

3.      Trustee has completed the 7026 conference as to answering Defendants, Consumer Legal Group, PC, LGS HoldCo, LLC, Eng Taing, Touzi Capital, LLC, and Daniel March.

4.      Trustee intends to file additional adversary proceedings as to: (1) newly named defendants for fraudulent conveyance and avoidance of Estate property; (2) standalone claims recently discovered against named defendants; and sever related claims as against certain Defendants, including Marich Bein and BankUnited whose involvement are significantly related, as more thoroughly discussed in Attachment 5(a).

///

1    **DEFENDANT, SCOTT EADIE**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **JOINT STATUS REPORT BETWEEN PLAINTIFF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE AND DEFENDANT SCOTT EADIE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 2, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 2, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 30, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| February 2, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@ecf.inforuptcy.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information<br>Services, Inc. dba FIS | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwal@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.