CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmore.com
655 West Broadway, Suite 800
San Diego, California 92101
Tele: (619) 400-0468
Fax: (619) 400-0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| RICHARD A. MARSHACK, Chapter 11 Trustee, | **DECLARATION OF CHAPTER 11 TRUSTEE, RICHARD MARSHACK IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AS TO DEFENDANT MAVERICK BANKCARD, INC.** |
| Plaintiff, | |
| v. | |
| TONY DIAB, et al., | |
| Defendants. | |
| | Date: March 13, 2024<br>Time: 11:00 a.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, California 92701 |

1

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare:

1. I am the Chapter 11 Trustee ("Trustee") for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") in the above-captioned bankruptcy case ("Case"). As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this declaration in support of my *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 As To Defendant Maverick Bankcard, Inc.* (the "Motion"). Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion.

3. The Court may take judicial notice of the following:

  a. On March 20, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Case.

  b. After the Office of the United States Trustee (the "UST") filed the *Motion by United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 21] and creditors Debt Validation Fund II, LLC; MC DVI Fund 1, LLC; and MC DVI Fund 2, LLC filed the *Motion by DVF and MC DVI to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. §§ 105, 305, 349, & 1112, or in the Alternative Convert This Case to Chapter 7 or Appoint a Trustee* [Docket No. 44], on May 4, 2021, the Court entered the *Order Directing Unites States Trustee to Appoint Chapter 11 Trustee* [Docket No. 58], thereby granting the UST's motion and directing the UST to appoint a Chapter 11 Trustee in the Case.

  c. Pursuant to the *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63], on May 8, 2023, I accepted my appointment as the Chapter 11 Trustee in the Case, and I continue to serve in this capacity at this time.

  d. On May 25, 2023, I initiated an adversary proceeding, *Marshack v. Diab et al.* (Adv. Proc. No. 8:23-ap-01046-SC), against LPG's alter egos, fraudulent

transferees, and other related parties. In the complaint, I alleged six causes of action for injunctive relief, avoidance, recovery, and preservation of actual and constructive fraudulent transfers, and turnover. With respect to Phoenix, the adversary complaint sought to avoid and recover the pre-petition transfer of approximately 40,000 customer files (collectively "Files") from the Debtor to Phoenix and to order the turnover of all property related to those Files.

e. On May 26, 2023, the Court entered the *Amended Order on Trustee, Richard Marshack's Omnibus Emergency Motion for: 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Re-Direction of United States Parcel Services Mail; 5) Order to Show Cause re Compliance With Court Order; and 6) Other Relief as Necessary to Efficient Administration of This Matter* [Adv. Docket No. 21] (the "TRO"), authorizing turnover of estate property and recorded information, lock-out, and an order to show cause regarding compliance with court order, among other relief. [1046 Action Dkt. Nos. 13 and 21].

f. On June 12, 2023, the Court held a hearing regarding preliminary injunction, where the Court granted a preliminary injunction, thereby extending the TRO with certain modifications. [1046 Action Dkt. No. 47].

g. On June 15, 2023, Trustee filed an amended complaint to the initial fraudulent conveyance and turnover Adversary Complaint, which in essence added several named Defendants and corrected the names of identified Defendants. [1046 Action Dkt. 62].

h. On September 14, 2023, the Court granted Defendants Eng and Touzi's Motion to Dismiss without prejudice and ordered a second amended complaint be filed no later than October 14, 2023 [1046 Action Dkt. No. 211].

i. On October 13, 2023, Trustee filed his Second Amended Complaint ("SAC") [1046 Action Dkt. No. 226]. Notably, Trustee's SAC alleged

specific facts based on evidence obtained as a result of Trustee's significant ongoing investigation, including formal and informal discovery.

4. Following entry of the preliminary injunction, my counsel discussed the preliminary injunction, the claims raised against Maverick and recovery of LPG assets in an effort to work towards resolution. During the course of these discussions, Maverick produced records related to credit card and ACH authorization, funds received, chargebacks, non-sufficient funds, accounts, routing and its contract with LPG among other related issues.

5. Based on these discussions, the parties have agreed to the terms of the Agreement, pending the approval of the Bankruptcy Court. Following entry of an order approving the Agreement, the Agreement will provide that (i) Maverick may recoup, setoff, or otherwise retain and apply funds in the Reserve to satisfy and pay the Maverick Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes; (ii) Promptly following the Effective Date, and following its recoupment and applications of funds as provided above, Maverick shall release and pay over to Trustee any and all funds remaining in the Reserve, consisting of, (a) the $48,180.27 that Maverick unknowingly held post-petition, and (b) the difference remaining after the funds required to recoup the Maverick Claim, to the extent that it is fixed and liquidated as of the effective date, are deducted from the $628,343.18 held in the Reserve as of the Petition Date; (iii) To the extent that any portion of the Maverick Claim that is currently contingent and unliquidated shall become fixed and liquidated after the Effective Date, Maverick shall have an unsecured claim and be required to file a timely Proof of Claim in the Bankruptcy Case; (iv) The Court shall maintain jurisdiction over Maverick for the sole purpose of enforcement of the Preliminary Injunction until such time as the Court orders otherwise.

6. Entry into the Agreement will grant the Debtor all the relief it sought against Maverick in the Adversary Proceeding and will grant the Debtor additional concessions that were not requested or sought in the complaint. The Bankruptcy Court will retain jurisdiction over Maverick to monitor its compliance with the Agreement, which is attached as **Exhibit 1**.

7. In my business judgment, I do not believe I could obtain a superior outcome in the Adversary Proceeding with respect to the claims against Maverick than those provided in the Agreement. The Agreement will immediately infuse capital into the Estate for distribution to creditors while eliminating the need for further litigation with Maverick.

8. The Agreement is the result of good faith negotiations and, as such, I believe entering into the Agreement is in the best interests of the Estate and the Estate's creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 8, 2024

_____
Richard A. Marshack

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this 3rd day of January, 2024, by and between Richard A. Marshack, as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of The Litigation Practice Group, P.C. (the "Debtor"), and Maverick Bankcard, Inc. ("Maverick"). The Trustee and Maverick are also referred to below individually as a "Party" or collectively as the "Parties."

### WHEREAS:

A.      On or about March 20, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), initiating Case No. 8:23-bk-10571-SC (the "Bankruptcy Case").

B.      On or about May 8, 2023, the Trustee was appointed as the Chapter 11 trustee of the bankruptcy estate of the Debtor and assumed all authority to administer the Debtor's estate in the Bankruptcy Case.

C.      Maverick performed certain pre-petition merchant credit card and other payment processing services for the Debtor, pursuant to that certain Merchant Account Application and Agreement between the Debtor and Maverick dated December 16, 2021 and that certain ACH Processing Application and Agreement between the Debtor and Maverick dated March 7, 2022 (collectively, the "Merchant Agreements").

D.      The Merchant Agreements authorized and permitted Maverick to establish and maintain a reserve (the "Reserve") to cover certain of the Debtor's obligations under the Merchant Agreements.

E.      The Reserve was established pre-petition in the amount of $628,343.18. In addition, and before Maverick received any notice that the Bankruptcy Case had been initiated, it unknowingly held an additional $48,180.27 from credit and debit card transactions by the Debtor's clients that occurred post-petition.

F.      Maverick has a pre-petition claim against the Debtor's Chapter 11 estate to the extent of any unpaid and/or unrecouped client refunds, chargebacks and ACH returns by the Debtor's clients, on credit card, debit card and ACH transactions with the Debtor that occurred prior to the Petition Date, that Maverick has been required to fund and return to the Debtor's clients since the filing of the Bankruptcy Case (the "Maverick Claim").

G.      As of the date of this Agreement, the Maverick Claim is partially liquidated, and partially contingent and unliquidated, as some of the Debtor's clients remain eligible to dispute transactions with the Debtor that occurred prior to the Petition Date.

H.      The Maverick Claim is a secured claim to the extent of the Reserve, and a general unsecured claim to the extent of any losses on pre-petition transactions that exceed the amount of the Reserve.

1

I.   The Parties wish to stipulate and agree to limited and precautionary relief from the automatic stay, if and as necessary, to allow Maverick to exercise its right of recoupment and/or setoff in respect of the Reserve, to apply funds in the Reserve to cover its losses on pre-petition transactions by the Debtor's clients to date, and then to release any funds remaining in the Reserve to the Trustee.

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.   **Court Approval.** This Agreement shall be effective on the date the Bankruptcy Court enters an order approving the Agreement (the "Effective Date"). The Trustee agrees to promptly seek entry of an order approving the Agreement.

2.   **Precautionary Modification of Stay to Permit Recoupment.** As of the Effective Date, Maverick may recoup, set off, or otherwise retain and apply funds in the Reserve to satisfy and pay the Maverick Claim to the extent that it is liquidated as of the Effective Date, and the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent applicable, shall be modified solely to permit such recoupment and/or setoff, but shall otherwise remain in effect for all purposes.

3.   **Release of Funds to Trustee.** Promptly following the Effective Date, and following its recoupment and applications of funds as provided in paragraph 2 above, Maverick shall release and pay over to the Trustee any and all funds remaining in the Reserve, consisting of (a) the $48,180.27 that Maverick unknowingly held post-petition, and (b) the difference remaining after the funds required to recoup the Maverick Claim, to the extent that it is fixed and liquidated as of the Effective Date, are deducted from the $628,343.18 held in the Reserve as of the Petition Date.

4.   **Deficiency Claim By Maverick.** To the extent that any portion of the Maverick Claim that is currently contingent and unliquidated shall become fixed and liquidated after the Effective Date, Maverick shall have an unsecured claim and be required to file a timely Proof of Claim in the Bankruptcy Case.

5.   **Merger and Integration.** This Agreement contains the entire agreement between the Parties as to the subject matter hereof, and supersedes all prior agreements between the Parties relating thereto.

6.   **Signatory Authority.** Each person who executes this Agreement represents that he or she is duly authorized to execute this Agreement on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Agreement.

7.   **Execution in Counterparts.** This Agreement may be executed in multiple counterparts, any of which may be transmitted by e-mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8. **No Presumption**. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Agreement and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

9. **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement. The Bankruptcy Court shall further retain jurisdiction to enforce and construe any and all applicable terms or provisions of the Court's Preliminary Injunction (Adversary Proceeding No. 8:23-ap-01046-SC, Dkt. No. 70) including any and all applicable changes or modifications subsequently made so long as the Preliminary Injunction remains in place and has not been vacated by Court order.

10. **Governing Law.** This Agreement is made and entered into under the laws of the State of California and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws.

11. **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

12. **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

13. **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns. The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

**RICHARD A. MARSHACK, CHAPTER 11
TRUSTEE FOR THE LITIGATION PRACTICE
GROUP, P.C.**

_____    Dated: 1/3/24

**MAVERICK BANKCARD, INC.**

By: _____    Dated: 1/2/24
Title: COO

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF CHAPTER 11 TRUSTEE, RICHARD MARSHACK IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 12, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On February 12, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 12, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS – JUDGE'S COPY**

Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 12, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015 — Page 10 — F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | |
|---|---|
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*      Page 11      **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@efc.inforuptcy.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015                                           Page 12                                     F 9013-3.1.PROOF.SERVICE

| | |
|---|---|
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015* — Page 13 — **F 9013-3.1.PROOF.SERVICE**