Kelly Sweeney, SBN 239613
SWEENEY & KELBLE APC
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
(310) 955-4050
kelly@ksgklaw.com

Attorneys for Defendants, Worldpay, LLC
and Worldpay Group

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, PC, | Chapter 11 |
| Debtor. | Adversary Proc. No. 8:23-ap-01046-SC |
| | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS WORLDPAY, LLC AND WORLDPAY GROUP TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| RICHARD A. MARSHACK, Chapter 11 Trustee, | |
| Plaintiff, | |
| v. | |
| TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual; ENG TAING, an individual; HENG TAING, an individual; JAYDE TRINH, an individual; WES THOMAS, an individual; SCOTT JAMES EADIE, an individual; JIMMY CHHOR, an individual; DONGLIANG JIANG, an individual; MAX CHOU, an individual; OAKSTONE LAW GROUP PC; GREYSON LAW CENTER PC; PHOENIX LAW, PC; MAVERICK MANAGEMENT GROUP, LLC; LGS HOLDCO, LLC; CONSUMER LEGAL GROUP, P.C.; VULCAN CONSULTING GROUP LLC; BAT INC. d/b/a COAST PROCESSING: PRIME LOGIX, LLC; TERACEL BLOCKCHAIN FUND II LLC; EPPS; EQUIPAY; AUTHORIZE.NET; | |

WORLD GLOBAL; OPTIMUMBANK
HOLDINGS, INC. d/b/a OPTIMUM BANK;
MARICH BEIN, LLC; BANKUNITED,
N.A.; REVOLV3, INC.; FIDELITY
NATIONAL INFORMATION SERVICES,
INC. d/b/a FIS; WORLDPAY, LLC;
WORLDPAY GROUP; WORLDPAY, INC.;
MERIT FUND, LLC; GUARDIAN
PROCESSING, LLC; PAYLIANCE, LLC;
TOUZI CAPITAL, LLC; SEAMLESS CHEX
INC; DWOLLA, INC.; STRIPE, INC.; and
DOES 1 through 100, inclusive,

Defendants.

Defendants Worldpay, LLC ("Worldpay") and Worldpay Group (collectively, the "Worldpay Defendants")[1], by and through their undersigned counsel, submit this Answer and Affirmative Defenses in response to Plaintiff Richard Marshack, Chapter 7 Trustee's (the "Plaintiff") *Second Amended Complaint* [DE No. 226] (the "Complaint") filed in the above-captioned adversary proceeding.

## ANSWER

The Worldpay Defendants answer the individually numbered paragraphs of the Complaint as follows:

### Statement of Jurisdiction, Nature of Proceeding, and Venue

1.      The Worldpay Defendants admit the allegations set forth in paragraph 1 of the Complaint.  In addition, to the extent that any matter at issue in this proceeding is non-core, and as required under Fed. R. Bank. P. 7008, the Worldpay Defendants consent to entry of final orders and judgment by the Bankruptcy Court.

### The Parties

---

[1]      The Defendant named as "Worldpay Group" is not an existing entity.  In an abundance of caution, the Worldpay Defendants covered by this Answer include "Worldpay Group".  "Worldpay, Inc.", as named in the Trustee's original Complaint, First Amended Complaint and Second Amended Complaint, was a misnomer for Defendant Worldpay, LLC.  The Trustee has since voluntarily dismissed "Worldpay, Inc." from this proceeding. (*See* Trustee's November 8, 2023 Notice of Dismissal of Defendants [DE 270].)

2.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.      The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.      The Worldpay Defendants lack knowledge or information at this time sufficient to

form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.     Answering Paragraph 35 of the Complaint, the Worldpay Defendants specifically admit that Worldpay LLC is properly identified, and that Worldpay LLC was a subsidiary of FIS that provided processing services.  The Worldpay Defendants deny the remaining allegations contained in paragraph 35, and deny that "Worldpay Group" is an existing entity.

36.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     The Worldpay Defendants lack knowledge or information at this time sufficient to

form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

### General Allegations

44.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.    The Worldpay Defendants lack knowledge or information at this time sufficient to

form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60.     Answering paragraph 60 of the Complaint, including the footnote contained therein, the Worldpay Defendants specifically admit that Worldpay LLC, then a subsidiary of FIS, was among the processing companies used by LPG.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 60 of the Complaint.

61.     The Worldpay Defendants lack knowledge or information at this time sufficient to

form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.  Answering further, the Worldpay Defendants state that the schedules referenced in paragraph 63 of the Complaint speak for themselves.

64.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.  Answering further, the Worldpay Defendants state that the schedules referenced in paragraph 64 of the Complaint speak for themselves.

65.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.  Answering further, the Worldpay Defendants state that the schedules referenced in paragraph 65 of the Complaint speak for themselves.

66.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

69.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77.     Answering paragraph 77 of the Complaint, the Worldpay Defendants specifically admit that Worldpay LLC, then a subsidiary of FIS, was among the processing companies used by LPG.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 77 of the Complaint.

78.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

### **Injunctive Relief**

### **Against All Defendants**

80.     The Worldpay Defendants restate and incorporate the foregoing responses to

paragraphs 1 through 79 of the Complaint as through set forth fully herein.

81.    Paragraph 81 of the Complaint is a request by the Plaintiff for extension of existing injunctive relief that the Court has already granted, and thus is not an allegation of fact to which a response by the Worldpay Defendants is required.  To the extent that a response is required, the Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82.    Paragraph 82 of the Complaint is a request by the Plaintiff for extension of existing injunctive relief that the Court has already granted, and thus is not an allegation of fact to which a response by the Worldpay Defendants is required.  To the extent that a response is required, the Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

83.    Paragraph 83 of the Complaint is a request by the Plaintiff for extension of existing injunctive relief that the Court has already granted, and thus is not an allegation of fact to which a response by the Worldpay Defendants is required.  To the extent that a response is required, the Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

84.    Paragraph 84 of the Complaint is a request by the Plaintiff for extension of existing injunctive relief that the Court has already granted, and thus is not an allegation of fact to which a response by the Worldpay Defendants is required.  To the extent that a response is required, the Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

85.    Paragraph 85 of the Complaint is a request by the Plaintiff for extension of existing injunctive relief that the Court has already granted, and thus is not an allegation of fact to which a response by the Worldpay Defendants is required.  To the extent that a response is required, the Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to

the truth of the allegations set forth in paragraph 81 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Avoidance, Recovery and Preservation of Two-Year Actual Fraudulent Transfers

### Against All Defendants

### [11 U.S.C. §§ 548(a)(1)(A), 550 and 551]

86.     The Worldpay Defendants restate and incorporate the foregoing responses to paragraphs 1 through 85 of the Complaint as through set forth fully herein.

87.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93.     The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94.     The allegations set forth in paragraph 94 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form

a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint to the extent that they refer or relate to the other named Defendants.

95.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.    The allegations set forth in paragraph 99 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint to the extent that they refer or relate to the other named Defendants.

### **THIRD CLAIM FOR RELIEF**

**Avoidance, Recovery and Preservation of Two-Year Constructive Fraudulent Transfers**

**Against All Defendants**

**[11 U.S.C. §§ 548(a)(1)(B), 550 and 551]**

100.    The Worldpay Defendants restate and incorporate the foregoing responses to paragraphs 1 through 99 of the Complaint as through set forth fully herein.

101.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.

102.    The Worldpay Defendants lack knowledge or information at this time sufficient to

form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.

103.    The allegations set forth in paragraph 103 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint to the extent that they refer or relate to the other named Defendants.

104.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108.    The allegations set forth in paragraph 103 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint to the extent that they refer or relate to the other named Defendants.

## **FOURTH CLAIM FOR RELIEF**

**Avoidance, Recovery and Preservation of Four-Year Actual Fraudulent Transfers**

**Against All Defendants**

**[11 U.S.C. §§ 544(b), 550 and 551; Cal. Civ. Code §§ 3439.04(a) and 3439.07]**

109.    The Worldpay Defendants restate and incorporate the foregoing responses to

paragraphs 1 through 108 of the Complaint as through set forth fully herein.

110.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Complaint.

111.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint.

112.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Complaint.

113.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Complaint.

114.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Complaint.

115.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Complaint.

116.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint.

117.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118.    The allegations set forth in paragraph 118 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Complaint to the extent that they refer or relate to the other named Defendants.

119.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Complaint.

120.    The Worldpay Defendants lack knowledge or information at this time sufficient to

form a belief as to the truth of the allegations set forth in paragraph 120 of the Complaint.

121.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Complaint.

122.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Complaint.

123.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Complaint.

124.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Complaint.

125.    The allegations set forth in paragraph 125 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Complaint to the extent that they refer or relate to the other named Defendants.

126.    The allegations set forth in paragraph 126 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Complaint to the extent that they refer or relate to the other named Defendants.

## FIFTH CLAIM FOR RELIEF

**Avoidance, Recovery and Preservation of Four-Year Constructive Fraudulent Transfers**

**Against All Defendants**

**[11 U.S.C. §§ 544(b), 550 and 551; Cal. Civ. Code §§ 3439.05 and 3439.07]**

127.    The Worldpay Defendants restate and incorporate the foregoing responses to

paragraphs 1 through 126 of the Complaint as through set forth fully herein.

128.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Complaint.

129.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Complaint.

130.    The allegations set forth in paragraph 130 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Complaint to the extent that they refer or relate to the other named Defendants.

131.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint.

132.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Complaint.

133.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the Complaint.

134.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the Complaint.

135.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Complaint.

136.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Complaint.

137.    The allegations set forth in paragraph 137 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form

a belief as to the truth of the allegations set forth in paragraph 137 of the Complaint to the extent that they refer or relate to the other named Defendants.

138.    The allegations set forth in paragraph 138 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Complaint to the extent that they refer or relate to the other named Defendants.

## SIXTH CLAIM FOR RELIEF

### Turnover of Estate Property

### Against All Defendants

### [11 U.S.C. §§ 542]

139.    The Worldpay Defendants restate and incorporate the foregoing responses to paragraphs 1 through 138 of the Complaint as through set forth fully herein.

140.    Answering paragraph 140 of the Complaint, the Worldpay Defendants deny any and all allegations as to FIS and/or control or use of an account with FIS to orchestrate post-petition transfers of estate property, and further deny that FIS was involved or complicit in, or had any knowledge of, any wrongful conduct by other parties, or that FIS is in possession of or withholding any property of the estate.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 140 of the Complaint.

141.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Complaint.

142.    The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Complaint.

143.    The allegations set forth in paragraph 143 of the Complaint are denied by and as to the Worldpay Defendants, which were not transferees, recipients or beneficiaries of any of the Transfers.  The Worldpay Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Complaint to the extent that they refer or relate to the other named Defendants.

## AFFIRMATIVE DEFENSES

The Worldpay Defendants assert their Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

The Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case of actual fraud as to the Worldpay Defendants under the applicable provisions of the Bankruptcy Code or California state law, and by this failure has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff has failed to allege facts that, if proven, establish a *prima facie* case of constructive fraud as to the Worldpay Defendants under the applicable provisions of the Bankruptcy Code or California state law, and by this failure has failed to state a claim upon which relief may be granted.

### Third Affirmative Defense

None of the Worldpay Defendants was a recipient, transferee or beneficiary of any of the Transfers, or of any Debtor or estate property, nor are any of them in possession of or withholding estate property, nor were any them at any time involved or complicit in, or in possession of any knowledge of, any wrongful conduct by other parties.

**Fourth Affirmative Defense**

To the extent that any of the Worldpay Defendants received any of the Transfers (which receipt is denied), they provided, and/or the respective transferors received, full value and/or reasonably equivalent value in exchange.

**Fifth Affirmative Defense**

To the extent that any of the Worldpay Defendants received any of the Transfers (which receipt is denied), they took for, and/or the respective transferors received, full value or reasonably equivalent value, and in good faith, and therefore such transfers are not voidable and/or the Worldpay Defendants may retain any interest transferred to the extent of such value.

**Sixth Affirmative Defense**

To the extent that the Worldpay Defendants received any of the Transfers and was not the initial transferee, Plaintiff cannot recover because the Worldpay Defendants took the Transfers for value (the satisfaction of a debt) and in good faith.

**Seventh Affirmative Defense**

Plaintiff cannot obtain a double-recovery in this proceeding of any transfers that are recovered or determined to be recoverable from the principals or insiders of the Debtor or the alleged transferors, or from any persons or entities other than the Worldpay Defendants.

**Eighth Affirmative Defense**

Any claim by Plaintiff for recovery of the Transfers fails to the extent that such claim is time-barred by the applicable statute of limitation, and/or to the extent that such claim exceeds the reach-back period for avoidance and recovery of such transfers provided under the Bankruptcy Code and/or applicable state law.

**Ninth Affirmative Defense**

The Worldpay Defendants deny each and every allegation of the Complaint not expressly admitted or otherwise controverted or qualified, and further deny that Plaintiff is entitled to any

relief whatsoever from the Worldpay Defendants.

### **Tenth Affirmative Defense**

The Worldpay Defendants reserves the right to assert any affirmative defense available under the Bankruptcy Code or other applicable law, as may be discovered during the course of additional discovery and investigation.

### **Eleventh Affirmative Defense**

Plaintiff's claims for constructive fraud fail to the extent that the transferor of any Transfers alleged in the Complaint was solvent at the time of the alleged Transfers.

### **Twelfth Affirmative Defense**

The alleged Transfers are not voidable to the extent an insider gave new value to or for the benefit of the Debtor after the alleged Transfers were made.


WHEREFORE, and except with respect to the injunctive relief requested by Plaintiff in his First Cause of Action and already granted by this Court, the Worldpay Defendants respectfully request that the Court enter an Order dismissing the Complaint as to the Worldpay Defendants, including each and every claim or cause of action set forth therein, with prejudice, and denying any of the relief sought in the Complaint as to or against the Worldpay Defendants, or that judgment be rendered in favor of the Worldpay Defendants and against the Plaintiff with respect to all matters before this Court, and that the Worldpay Defendants be granted such other and further relief as the Court deems just, equitable, and proper.


Dated:  February 9, 2024              SWEENEY & KELBLE APC

                                      By: _____
                                      Kelly Sweeney, Esq.
                                      Attorneys for Defendants Worldpay, LLC and
                                      Worldpay Group

-20-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Worldpay Answer

1

**PROOF OF SERVICE OF DOCUMENT**

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 445 S. Figueroa Street, Suite 3100, Los Angeles, CA 90071.

3

 A true and correct copy of the foregoing document entitled:

4

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS WORLDPAY, LLC AND WORLDPAY GROUP TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

5

6

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

7

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

8

Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 12, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

9

10

11

☒Service information continued on attached page

12

**2. SERVED BY UNITED STATES MAIL**:

13

On (*date*) February 12, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

14

15

☐ Service information continued on attached page

16

17

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

18

(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 12, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

19

20

☐ Service information continued on attached page.

21

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

23

| February 12, 2024 | Kelly Sweeney | /s/ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

**Continuation Page**

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** (continued)

Keith Barnett keith.barnett@troutman.com, kelley.wade@troutman.com
Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
Leslie A Cohen leslie@lesliecohenlaw.com,
jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Michael T Delaney mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
Christopher Ghio christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
Richard H Golubow rgolubow@wghlawyers.com,
jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Sweeney Kelly kelly@ksgklaw.com
Meredith King mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
Matthew A Lesnick matt@lesnickprince.com,
matt@ecf.inforuptcy.com;jmack@lesnickprince.com
Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
Daniel S March marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
Richard A Marshack (TR) pkraus@marshackhays.com,
rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
Kenneth Misken Kenneth.M.Misken@usdoj.gov
Queenie K Ng queenie.k.ng@usdoj.gov
Lisa Patel lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
Douglas A Plazak dplazak@rhlaw.com
Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
Jonathan Serrano jonathan.serrano@dinsmore.com
Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howardsteinberg-6096@ecf.pacerpro.com
Andrew Still astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

Worldpay Answer