Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Defendant Lisa Cohen

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Adv. No.: 8:23-ap-01046-SC |
| Debtor. | Chapter 11 |
| Richard A. Marshack, | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL; DECLARATION OF LESLIE COHEN** |
| Plaintiff, | |
| vs. | Hearing Information: |
| TONY DIAB, et al. | Date:    March 13, 2024<br>Time:    11:00 a.m.<br>Courtroom: Via ZoomGov |
| Defendants. | **HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO** |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE;**

**OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR; AND ALL OTHER**

**INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on March 13, 2024 at 11:00 a.m. in Courtroom 5C of

the United States Bankruptcy Court, Central District of California located at 255 E. Temple

Street, Los Angeles, CA 90012, Leslie Cohen Law PC (the "**Firm**"), attorneys for Lisa

Cohen ("**Cohen**"), a defendant in the above captioned adversary case and any associated

1  cases, will and hereby does move this Court for an order authorizing the Firm to withdraw

2  as counsel for Lisa Cohen.

3  **PLEASE TAKE FURTHER NOTICE THAT**, unless otherwise ordered by the Court,

4  and pursuant to this Court's "Notice Re Video And Telephonic Appearance Procedures",

5  video and audio connection information for each hearing will be provided on Judge

6  Clarkson's publicly posted hearing calendar, which may be viewed online at:

7  http://ecf.ciao.cacb.uscourts.gov/CiaoPosted/default.aspx, and then selecting "Judge

8  Clarkson" from the tab on the left-hand side of the page.

9  As noted above, hearing participants may view and/or listen to hearings before

10  Judge Clarkson using ZoomGov free of charge. Individuals may appear by ZoomGov

11  video and audio using a personal computer (equipped with camera, microphone and

12  speaker), or a handheld mobile device (such as an iPhone). Individuals may participate by

13  ZoomGov audio only using a telephone (standard telephone charges may apply). Neither

14  a Zoom nor a ZoomGov account are necessary to participate, and no pre-registration is

15  required. The audio portion of each hearing will be recorded electronically by the Court

16  and constitute its official record. Members of the general public, however, may only view

17  the hearings from the Courtroom, which will remain open.

18  **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon communication

19  difficulties with the client and the failure to abide by the engagement agreement, resulting

20  in a breakdown in the attorney-client relationship as described in California Rules of

21  Professional Conduct 3-700(C)(1)(d),(f). Accordingly, the Firm respectfully requests that

22  this Court allow the Firm to withdraw as counsel for Cohen in the above-captioned

23  adversary case, effective March 13, 2024.

24  **PLEASE TAKE FURTHER NOTICE** that per Local Bankruptcy Rule (LBR) 9013-

25  1(f), any party objecting to the relief sought in the Motion must file written objections with

26  the Bankruptcy Court and must serve such objections upon counsel listed above and the

27  Office of the United States Trustee not later than 14 days before the date set for hearing.

28

1  Failure to file and serve a timely written opposition may be deemed to constitute consent

2  to the relief requested in the Motion, per LBR 9013-1(h)

3  Dated: February 20, 2024                    LESLIE COHEN LAW, PC

4

5                                          By:   /s/ Leslie A. Cohen
                                                 Leslie A. Cohen
6                                                Attorneys for Lisa Cohen

## MOTION TO WITHDRAW AS COUNSEL

Leslie Cohen Law, PC (the "**Firm**") hereby moves this Court, pursuant to Local Bankruptcy Rule 2091-1, to enter an Order allowing said counsel to withdraw their appearance in the above-captioned adversary case (the "**Case**") [and all related proceedings] for an on behalf of Lisa Cohen ("**Cohen**"), a defendant in the above captioned adversary case.  This Motion is based on a breakdown in the attorney client relationship, as well as failure to pay fees.  In support of this Motion, the Firm respectfully submits as follows:

### I.  BACKGROUND

1.      On May 25, 2023, Richard Marshack ("**Marshack**"), Chapter 11 Trustee for The Litigation Practice Group, P.C. ("**Debtors**") commenced this adversary proceeding against Tony Diab, Lisa Cohen, et al.

2.      On December 22, 2023, the Firm filed a Motion to Dismiss on behalf of Cohen.  See Docket No. 301.  The hearing on the Motion to Dismiss has been continued by stipulation to March 13, 2024.  See Docket No. 377.

3.      During this Case, the Firm has worked vigilantly for Cohen.  The Firm has prepared relevant documents and attended hearings, zoom meetings and conference calls on Cohen's behalf.

4.      Pursuant to the terms of the Firm's engagement, the Firm was to be kept current on its invoices. To date, the Firm has only received sporadic payments from Cohen, and a substantial accrued balance remains unpaid and continues to accrue.  See Cohen Decl.

5.      Despite the substantial work the Firm has indisputably performed, Cohen refuses to abide by the Firm's engagement agreement by failing to arrange the required payments on the balance due to the Firm.

6.      Additionally, communication difficulties have arisen between Cohen and the Firm since the Firm's engagement. The Firm has been unable to obtain consistent responses and information from Cohen.  See Cohen Decl.

7.      Due to the attorney-client privilege, the Firm cannot provide many of the specific facts surrounding communications between Cohen and the Firm. Suffice it to say, there is a conflict between Cohen and the Firm respecting compliance with the parties' terms of agreement related to services to be rendered by the Firm, which renders it impossible for the Firm to continue to carry out its representation of Cohen effectively.

8.      Due to the inability of the Firm to receive responses and information as needed from Cohen, combined with the unwillingness of Cohen to make suitable financial arrangements, the Firm is requesting to withdraw from the Case and any related proceedings/contested matters.  The Firm has set this Motion on regular notice such that the Firm's representation of Cohen will continue to the March 13, 2024 hearing on the Motion to Dismiss, and so as to permit Cohen an opportunity to resolve the issues prior to the hearing or provide her sufficient time to retain new counsel to represent its interests.

9.      The Firm has made known to Cohen for the last several months that the Firm's continued representation is not tenable due to the issues described herein and has informed Cohen that the Firm intends to seek approval to withdraw over the months prior to the filing of this Motion.  See Declaration of Leslie A. Cohen.

## II.  DISCUSSION

The Firm has proper grounds to withdraw in the Case.

Rule 2091-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR") provides in pertinent part as follows:

(a) Motion for Withdrawal. Except as provided in LBR 2091-
1(b) and LBR 3015-1:
(1) An attorney who has appeared on behalf of an entity in any
matter concerning the administration of the case, in one or
more proceedings, or both, may not withdraw as counsel
except by leave of court; and
(2) An entity represented by counsel may not appear without
counsel or by a different attorney except by leave of court.
[LBR 2091-1(a)].

The rules governing the relationship between attorney and client require that the attorney use her best efforts to represent her client's interests. Those same rules provide

that an attorney may appropriately withdraw as counsel when such leave is consistent with the California Rules of Professional Conduct. <u>Value Property Trust v. Zim Co. (In re Mortgage Realty Trust)</u>, 195 B.R. 740, 747 (Bankr. C.D. Cal. 1996) (stating that the applicable professional conduct standards for attorneys practicing in the Bankruptcy Court for the Central District of California are provided by the rules of professional conduct promulgated by the California State Bar).

Rule 3-700(C) of the California Rules of Professional Conduct provide in applicable part that attorney may request permission to withdraw in situations where the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively". [Cal. Rule Prof. Conduct 3-700(C)(1) (d)].  Further, a breakdown in attorney client relationship is a recognized basis to allow counsel to withdraw. *See* California Rules of Professional Conduct 3-700(C)(d),(f).

Until such time as Cohen waives attorney-client privilege, or the Court orders it so waived, the Firm shall adhere to the privilege and refrain from providing such statements on the record.  However, as stated, the relationship between the Firm and Cohen has broken down, the Firm has been unable to get information and direction from Cohen or its representatives, and this has created a conflict between Cohen and the Firm respecting compliance with the parties' terms of agreement related to the services to be rendered by the Firm which makes it impossible for the Firm to effectively carry out its continued representation of Cohen.

Failure to pay is another basis to allow withdrawal of counsel:

> It is generally recognized that the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being reasonably requested to do so will furnish grounds for the attorney to withdraw from the case. (7 C.J.S., Attorney and Client, § 110 p. 943; 7 Am.Jur.2d, Attorneys at Law, § 144, p. 134.) CA(5)(5) Canon 44 of the American Bar Association recognizes that an attorney may be warranted in withdrawing from employment after notice to the client if the client 'deliberately disregards an agreement or obligation as to fees or expenses.'"

> <u>People v. Prince</u>, 268 Cal. App. 2d 398, 406 (1968).

1  Here, Cohen has been unwilling to make the payments to the Firm as required by

2  the terms of the Firm's employment.

3  The Firm's engagement agreement with Cohen clearly states that the Firm may

4  withdraw upon any breach of the employment agreement, including nonpayment of fees.

5  Additionally, despite numerous requests by the Firm, Cohen has failed to provide the Firm

6  with any assurances, commitments or details regarding financial arrangements going

7  forward.  Accordingly, the Firm has proper grounds to withdraw as counsel in the Case

8  based on the law as well as the agreement of the parties.

9  Cohen will not be unduly prejudiced by the withdrawal.  In the Case, the Firm has

10  brought this motion with sufficient time for Cohen to obtain new counsel and the Firm's

11  representation of Cohen will continue to the March 13, 2024 hearing on the Motion to

12  Dismiss. And, as detailed above, the Firm has expended and continues to expend

13  substantial time and resources representing Cohen in the Case and should be relieved of

14  such duties based on Cohen's failure to communicate and pay fees.

15  WHEREFORE, the Firm respectfully requests that this Court grant this Motion,

16  allow the Firm to withdraw as counsel for Cohen in the Case effective March 13, 2024,

17  and for such other relief as the Court deems just and proper.

18  Dated: February 20, 2024

19  Respectfully Submitted,                           LESLIE COHEN LAW, PC

20

21                                                      By:  /s/   Leslie A. Cohen

22                                                           Leslie A. Cohen
                                                            Attorneys for Cohen
23

24

25

26

27

28

### DECLARATION OF LESLIE COHEN

I, Leslie Cohen, hereby declare as follows:

1.      I am a member, in good standing, of the Bar of the State of California, and I am admitted to practice before, among other courts, the United States District Court for the Central District of California.  I am the president and sole shareholder of Leslie Cohen Law, PC (the "**Firm**"), current attorneys for Lisa Cohen ("**Cohen**"), a defendant in the above captioned adversary case.  I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2.      During this Case, the Firm has worked vigilantly for Cohen.  The Firm has prepared relevant motions and other documents and has attended hearings on Cohen's behalf.

3.      Pursuant to the terms of the Firm's engagement, the Firm was to be kept current on its invoices. To date, the Firm has only received sporadic payments from Cohen, and a substantial accrued balance remains unpaid.

4.      Despite the substantial work the Firm has indisputably performed, Cohen refuses to abide by the Firm's engagement agreement by failing to arrange the required payments on the balance due to the Firm.

5.      Additionally, communication difficulties have arisen between Cohen and the Firm since the Firm's engagement. The Firm has been unable to obtain consistent responses and information from Cohen. The Firm has repeatedly raised these issues with Cohen to no avail.

6.      Due to the attorney-client privilege, the Firm cannot provide many of the specific facts surrounding communications between Cohen and the Firm. Suffice it to say, there is a conflict between Cohen and the Firm respecting the Case and compliance with the parties' terms of agreement related to services to be rendered by the Firm, which renders it not just difficult but impossible for the Firm to carry out its representation of Cohen effectively.

7.      Due to the inability of the Firm to receive responses and information as needed from Cohen, combined with the unwillingness of Cohen to make suitable financial arrangements, the Firm is requesting to withdraw from the Case and any related proceedings/contested matters.  The Firm has set this Motion on regular notice such that the Firm's representation of Cohen will continue to the March 13, 2024 hearing on the Motion to Dismiss, and so as to permit Cohen an opportunity to resolve the issues prior to the hearing or provide Cohen sufficient time to retain new counsel to represent her interests.

8.      The Firm has made known to Cohen over recent months that the Firm's continued representation is not tenable due to the issues described herein and has informed Cohen that the Firm intends to seek approval to withdraw over the last several months prior to the filing of this Motion.

9.      The Firm has been unable to get information and direction from Cohen. Further, Cohen has been unwilling to make the payments to the Firm as required by the terms of the Firm's employment.

10.     The Firm's engagement agreement with Cohen clearly states that the Firm may withdraw upon any breach of the employment agreement, including nonpayment of fees.  Additionally, despite numerous requests by the Firm, Cohen has failed to provide the Firm with any assurances, commitments or details regarding financial arrangements going forward.  Accordingly, the Firm has proper grounds to withdraw as counsel in the Case based on the law as well as the agreement of the parties.

11.     Cohen will not be unduly prejudiced by the withdrawal.  In the Case, the Firm has brought this motion with sufficient time for Cohen to obtain new counsel, and the Firm's representation of Cohen will continue to the March 13, 2024 hearing currently set for the Motion to Dismiss. And, as detailed above, the Firm has expended and continues to expend substantial time and resources representing Cohen in the Case and should be relieved of such duties based on Cohen's failure to communicate and pay fees.

1    12.    The Firm has advised Cohen of its intention to file the foregoing Motion, and

2  has requested that Cohen voluntarily agree to the withdrawal.

3    I declare under penalty of perjury that the foregoing is true and correct.

4  Executed this 20th day of February 2024 at Santa Monica, California.

5

6                                                _____/s/ Leslie Cohen_____
                                                      Leslie Cohen

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1615A Montana Avenue, Santa Monica, CA 90403
A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL; DECLARATION OF LESLIE COHEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___2/20/22___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Keith Barnett keith.barnett@troutman.com, kelley.wade@troutman.com
Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
Christopher Celentino christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Michael T Delaney mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
Christopher Ghio christopher.ghio@dinsmore.com,
nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Meredith King mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
Yosina M Lissebeck Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
Daniel S March marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com Kenneth Misken Kenneth.M.Misken@usdoj.gov
Queenie K Ng queenie.k.ng@usdoj.gov
Lisa Patel lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
Douglas A Plazak dplazak@rhlaw.com
Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
Jonathan Serrano jonathan.serrano@dinsmore.com
Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
Andrew Still astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___2/20/24___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___1/3/19 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/20/24 | Clare Hendricks | /s/ Clare Hendricks |
|---------|-----------------|---------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

## <u>Service List</u>

Hon. Scott Clarkson
US Bankruptcy Court
411 West Fourth Street Suite 5130
Santa Ana, CA 92701-4593

Lisa Cohen
666 W. 18th Street
Laguna Nigel, CA 92627