Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Han Trinh on this Motion*

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>LITIGATION PRACTICE GROUP, PC<br><br>Debtor.<br><br>Richard A. Marshack Chapter 11 Trustee<br><br>v.<br><br>Tony Diab et al. | Bankruptcy Case No. 8:23-bk-10571-SC    Chapter 11<br>Adversary Proceeding 8:23-ap-01046-SC<br><br>**HAN TRINH'S <u>NOTICE OF MOTION, AND</u> MOTION FOR PROTECTIVE ORDER, PURSUANT TO FRCP 26(c)(1)(A),(D) &(G) [FRBP RULE 7026], & FRCP 45(d)(3)(A)(iii) & (iv) [FRBP RULE 9016];  BECAUSE HAN IS A NON-PARTY WITNESS IN ADV PROC. 8:23-ap-01046-SC, AND SUBPOENAING NON-PARTY WITNESS HAN TO PRODUCE A 68 CATEGORIES OF DOCUMENTS AT HER DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND SAID 68 CATEGORIES OF DOCUMENTS DEMAND IS ADDITIONALLY IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS, INCLUDING BECAUSE EACH OF THE 68 CATEGORIES STATES "RELATED TO", AND IS MADE EVEN MORE COMPLICATED BY MULTI-PAGE "INSTRUCTIONS" AND "DEFINITIONS"; HAN TRINH AND K.P. MARCH DECLS.**<br><br><u>**[PLEASE NOTE**: **An application for shortened time hearing is being filed herewith]**</u><br>Han Trinh is subpoenaed to give her deposition on:<br>Date: March 1, 2024   Time: 10:00AM |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Place: Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, CA 92101

## NOTICE OF MOTION

TO DINSMORE & SHOHL LLP, SPECIAL COUNSEL FOR TRUSTEE MARSHACK, WHO HAVE SUBPOENAED HAN TRINH ("HAN"), A NON-PARTY IN THIS ADVERSARY PROCEEDING, TO GIVE A DEPOSITION, WITH EXTENSIVE DOCUMENT PRODUCTION, ON MARCH 3, 2024 AT 10AM:

**PLEASE TAKE NOTICE** that Han Trinh's *Application for Shortened Time Hearing* is being filed along with this Motion for Protective Order. PLEASE TAKE NOTICE that on such date as the Bankruptcy Court, the Hon. Scott Clarkson Bankruptcy Judge sets, pursuant to Han Trinh's *Application for Shortened Time Hearing*, that the United States Bankruptcy Court for the Central District of California, Santa Ana Division, will hear Han Trinh's herein Motion for Protectice Order, either in person at 411 West Fourth Street, Courtroom 5C, Santa Ana, CA 92701-4593 or by Zoom, unless The Court decides this Motion for Protective Order without holding a hearing, which the Court is allowed to do.

**PLEASE TAKE FURTHER NOTICE** that Han Trinh is **not** objecting to giving her deposition for up to 7 hours on March 3, 2023 starting at 10am, in person, at the Dinsmore & Shohl law firm. This Motion for Protective Order only seeks a protective order to limit the 68 category document demand, which is **unduly burdensome**, and which is also impermissibly overbroad, vague and ambiguous,

because each of the 68 categories of documents uses "related to" language, which is impermissibly broad, and is made even more complicated by multi-page "instructions" and "definitions",

Han's Motion for Protective Order is based on this Notice, the attached Memorandum of Points & Authorities, the attached Declarations of Han Trinh and Kathleen P. March, Esq., , plus on any additional matter of which the Court may take judicial notice, including pleadings and documents filed in this case.

**PLEASE TAKE FURTHER NOTICE** that any Response/Opposition to this Motion shall be due on such date as the Bankruptcy Court sets, and must be efiled in Bankruptcy Court, CD CA, at 411 W. Fourth Street, Santa Ana, California, 92701, and must be served upon counsel for Han Trinh listed on the upper-left hand of the first page of this Notice and Motion. A copy of Response/Opposition must be delivered to chambers of the Hon. Scott Clarkson, United States Bankruptcy Court, 411 W. Fourth Street, Suite 5130, Santa Ana, California, 92701, if over 25 pages.

**PLEASE TAKE FURTHER NOTICE** that the failure to respond in writing by whatever deadline the Bankruptcy Court sets may be deemed by the Court to be a lack of objection to the relief requested in the Motion.

Dated: February 22, 2024

THE BANKRUPTCY LAW FIRM, PC
__/s/ Kathleen P. March_____
By: Kathleen P. March, Esq
*Attorneys for Han Trinh on this Motion*

## HAN TRINH'S MOTION FOR PROTECTIVE ORDER

## MEMORDANDUM OF POINTS AND AUTHORITIES

**I.     FACTUAL BACKGROUND:  HAN TRINH IS A NON-PARTY WITNESS IN THE ADVERSARY PROCEEDING FOR WHICH TRUSTEE'S SPECIAL COUNSEL, DINSMORE & SHOHL (AKA CELENTINO FIRM), HAS SUBPOENAED HAN TO GIVE A DEPOSITION**

Han Trinh does not object to giving her deposition, in person,  on 3/1/24 at 10am for maximum 7 hours, at Dinsmore & Shohl firm in San Diego, CA.  Han will appear and give her deposition, along with undersigned counsel Kathleen March of The Bankruptcy Law Firm PC.

Han only seeks an extremely reasonable Protective Order, with terms a-e, stated at **III.** infra.

Han Trinh is a non-party witness in adversary proceeding 8:23-ap-01046-SC.  She was dismissed from Trustee's original complaint, and she was dismissed a second time, from Trustee's amended complaint [adv proc dkt. 219, entered on 10/5/23 and adv proc. Dkt.250, entered on 10/27/23, are those dismissals].

On 2/2/24, Han Trinh and her counsel (Kathleen P. March, Esq. of The Bankruptcy Law Firm, PC) were served with a subpoena to give Han's deposition, in person,  in adversary proceeding 8:23-ap-01046-SC on March 3, 2024, starting at 10am, for maximum 7 hours, to be taken at Dinsmore & Shohl law firm in San Diego, CA.

A true and correct copy of that subpoena is **Exhibit A** to March Decl hereto.

That subpoena has a fatal defect, which is **failure to state ANY documents to be produced**.  The deposition subpoena, p1, middle of page, states:

> "[X] *Production*:  You, or your representatives, must also **bring with you to the deposition** the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:"

**But NOTHING IS LISTED after the word "material"**, so the deposition subpoena **fails** to request Han Trinh to produce **anything** at her 3/1/24 deposition.

Han would be within her rights to produce no documents.  Instead, Han only seeks a Protective Order with the extremely reasonable protections a-e, stated at **III**. infra.

Considering how defectively filled out Dinsmore & Shohl's subpoena was, Dinsmore & Shohl should have been happy to agree to the extremely reasonable terms, a-e, of the Protective Order requested by Han Trinh.

After the subpoena, a document is attached titled "ATTACHMENT 'A'," but that document is **not referenced anywhere in the Subpoena** itself.  Exhibit A lists  68 categories of documents that Han is told to produce, which is unduly burdensome to ask a non-party to produce.  In addition, each of the 68 categories of documents is made even more burdensome, and is made impermissibly broad, vague and ambiguous, because every one of the 68 categories contains "related to" language— and "related to" language has no discernable boundaries.  In addition, each of the 68 categories is subject to multi-page "Instructions" and mulit-page "Definitions, which

make the 68 categories even more burdensome, impermissibly broad, vague and ambiguous.

Han's herein ***Motion for Protective Order*** only seeks a protective order, pursuant to to FRCP 45(d)(3)(A)(iii) and (iv) [FRBP Rule 9016], and pursuant to FRCP 26(c)(1)(d)(A),(D) &(G) [FRBP Rule 7026], with the extremely reasonable terms a-e stated in **III.** infra.

## II.    HAN SERVED AN OBJECTION ON CELENTINO FIRM; A LENGTHY MEET & CONFER ENSUED, & WAS COMPLETED

On 2/19/24 Han's counsel, The Bankruptcy Law Firm PC, by Kathleen P. March, Esq. served Han's **Objection**  to  Celentino firm's document demands, on Celentino firm, by email.  Copy attached as **Exhibit B** to March Decl hereto.  Han's Objection points out that as a non-party witness, she is NOT subject to being served with a FRCP Rule 34 Request to Produce documents, which can only be served on a PARTY

> "Pursuant to Fed. R. Civ. P 34 and Fed.R. Bank.P. 7034, Han Trinh is hereby directed to produce on or before February 26, 2024 any and all documents identified in Attachment 'A'. "

After being served with Han's Objection, Dinsmore & Shohl has not denied that is the law.   However, on 2/20/24 Jeremy Freedman Esq of Trustee's special counsel Dinsmore & Shohl, sent the email to March attached as **Exhibit C** to March Decl.

March responded at 5:41pm on 2/20/24 by sending Freedman March's email, **Exhibit D**, which suggested that the parties stipulate to a-e as listed immediately infra.

Freedman did not reply, so March forwarded the same email, at 2/21/24 at 11:45am,

to attorneys Freedman, Celentino, Ghio and Serrano of Dinsmore & Shohl, as **Exhibit E**, asking for response.

Freedman sent **Exhibit F** to March at 2:45pm, saying Dinsmore & Shohl would

agree to d & e, but not to a., b., and c.  March then sent **Exhibit G** to Freedman, at

4:28pm on 2/21/24, saying no point further negotiation, either agree to a-e, or March's

firm, for Han would file Motion for Protective order, seeking a-e.   At 9:27pm on

2/21/24, attorney Freedman sent **Exhibit H**, **NOT** agreeing to a, b, or c of a-e.  That

completes meet and confer.  Hence this Motion for Protective Order is necessary.

### III.    HAN TRINH'S HEREIN MOTION FOR PROTECTIVE ORDER ONLY SEEKS EXTREMELY REASONABLE RELIEF, a-e

Han's herein Motion for Protective Order only seeks the following, extremely

reasonable relief, as follows:

a. That Bankruptcy Court rule that the 68 categories of documents Celentino firm seeks to have Han Trinh produce, are (1) **unduly burdensome** to Han, a nonparty witness, and is (2) **impermissibly overbroad, vague and ambiguous**, including due to the "related to" language in each of the 68 categories of documents, and because the pages of "Instructions" and pages of "Definitions" are impermissibly overbroad, vague and ambiguous.

b. That Bankruptcy Court rule that the "Instructions" and "Definitions" to the 68 categories of documents requested shall be deleted.

c. That Bankruptcy Court rule that the "related to" language in each of the 68 requests shall be read as "evidencing" instead of being read as "related

to", because "related to" is impermissibly broad, vague and ambiguous, and has no discernable boundaries

d.  That Bankruptcy Court rule that Han Trinh shall not be required to produce any documents or communications that are (1) attorney client privileged, or that are (2) work product privileged, because Han, for herself, or Han as head administrator for Greyson Law Center PC, was working with previous attorney Douglas Plazak, esq., or present counsel, The Bankruptcy Law Firm, PC /attorney Kathleen P. March of Firm, to prepare pleadings, discuss strategy, discuss responses to communications from Celentino firm, etc.

e.  That Bankruptcy Court rule that documents Han produces shall be produced at the start of the 3/1/24 at 10am deposition, not before, because that is what the deposition subpoena states (middle of page 1 of subpoena: "*production ...* **bring with you to the deposition** …" Celentino firm is in error in demanding production before the deposition.

A proposed Protective Order, with terms a-e just stated, is attached to March

Declaration as **Exhibit I,** and is being elodged along with filing of this Motion.

As a non-party, the **only** thing that Han is subject to is the deposition subpoena,

served on her on 2/2/24, and that deposition subpoena fails to specify ANYTHING to

be produced. Consequently, Han has no duty to produce anything at her deposition.

But Han will produce some documents at her deposition on 3/1/24, not before.

However, the she is entitled to have this Court order a protective order with terms a-e

stated immediately supra. Also, it should be noted that Han cannot produce

documents she does not have, and some documents requested were in the

computers/data/documents/emails seized by Dinsmore & Shohl (aka Celentino

firm/its field agents in the 6/2/23 Lockout of Greyson at Greyson's office, and have

not been returned to Greyson, to present. (Han Declaration).

As Han's Declaration hereto attests, Han cannot discern any boundaries to "related

to", and the multi-page "Instructions" and mulit-page  "Definitions" are unduly

burdensome and incomprehensible, so Han needs, and is entitled to,  the very

reasonable protective order here moved for.

## IV.    QUOTATION/DISCUSSION OF FRCP RULE 45(d)(3)(A)(iii) & (iv) [FRBP RULE 9016], AND OF FRCP RULE 26(c)(1)(A),(D) &(G) [FRBP RULE 7026], HERE MOVED UNDER

Han moves for a protective order, with terms a-e, as stated in **III**. immediately

supra, pursuant to FRCP Rule 45(d)(3)(A)(iii) & (iv) [FRBP RULE 9016], which

applies directly to subpoenas, and states:

"(d) Protecting a Person Subject to a Subpoena; Enforcement.
      (3) Quashing or Modifying a Subpoena.
            (A) When Required. On timely motion, the court for the district
            where compliance is required must quash or **modify** a subpoena
            that:
            ...
            (iii) **requires disclosure of privileged or other protected matte**r,
            if no exception or waiver applies; or

            (iv) **subjects a person to undue burden**."

Both (iii) and (iv) directly apply here.

Case law holds that a non-party deserves **extra protection** from the courts. *Soto*

*v. Castlerock Farming and Transport, Inc*., 282 F.R.D. 492, 504 (E.D. Cal. 2012)

1   (quoting *High Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88

2   (N.D.Cal. 1995) (*citing United States v. Columbia Broadcasting System*, 666 F.2d

3
4   364, 371–72 (9th Cir. 1982)). The court is able to use its "ample discretion" to

5   "modify a subpoena that unduly burdens a nonparty." *Antman v. Uber Techs., Inc.*,

6   No. 3:15-CV-01175-LB, 2016 WL 164294, at *2 (N.D. Cal. Jan. 14, 2016) (quoting in

7   part *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

8   Trial courts enjoy broad power and discretion to issue protective orders tailored to the

9   circumstances of the case. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

10       In deciding whether to modify or quash a subpoena the court weighs the burden

11  on the party whose information is sought against the value of the information to the

12  serving party. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

13       Additionally, Han moves for a protective order pursuant to FRCP Rule

14  26(c)(1)(A),(D) &(G) [FRBP RULE 7026], which states general procedures regarding

15  Protective Orders, as follows:

16
17       "(c) Protective Orders.

18           (1) In General. A party or **any person from whom discovery is sought**
             **may move for a protective order** in the court where the action is
19           pending -- or as an alternative on matters relating to a deposition, in the
             court for the district where the deposition will be taken. The motion must
20           include a certification that the movant has in good faith conferred or
             attempted to confer with other affected parties in an effort to resolve the
21           dispute without court action. The court may, for good cause, issue an
             order to protect a party or person from annoyance, embarrassment,
22           oppression, or undue burden or expense, including one or more of the
             following:

23               (A) forbidding the disclosure or discovery;

24

...

(D) forbidding inquiry into certain matters, or **limiting the scope** of disclosure or discovery to certain matters;

...

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and..."

This rule states that any person from whom discovery is sought may move for a protective order.  Consequently, Han does not need to be a party to the adversary proceeding (she isn't) to be entitled to move for the Protective Order here moved for.

## V.    CONCLUSION

Han Trinh is entitled to have this Court grant the extremely reasonable protective order, with terms a-e, as stated in **III**. supra, here moved for.  The Celentino firm should have stipulated to to a-e, as stated in III, supra, instead of forcing Han to move for a Protective Order.  That is particularly true because the subpoena served on Han is so defectively filled out that it does not require Han to produce any documents at her deposition.

The Court should consider ordering Celentino firm to pay reasonable attorneys fees of Han's counsel of preparing this Motion, as stated in March's Declaration hereto.  FRCP Rule 26(c)(3) [FRBP Rule 7026]  governs award of expenses on a motion for a protective order, and states that FRCP Rule 37(a)(5) [FRBP Rule 7037] applies to award of expenses on a motion for protective order.

FRCP Rule 37(a)(5) states that if a motion to compel discovery is granted "or if the

disclosure or requested discovery is provided after the motion was filed—the court

must, after giving an opportunity to be heard, require the party or deponent whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to

pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees. But the court must not order this payment if: (i) the movant filed the

motion before attempting in good faith to obtain the disclosure or discovery without

court action; (ii) the opposing party's nondisclosure, response, or objection was

substantially justified; or (iii) other circumstances make an award of expenses unjust."

Dated:  February 22, 2024             THE BANKRUPTCY LAW FIRM, PC
                                      ___/s/ Kathleen P. March_____
                                      By Kathleen P. March, Esq., counsel for non-
                                      party witness Han Trinh on this Motion

## DECLARATION OF HAN TRINH

I, HAN TRINH declare:

1.   I am not a party to adversary proceeding 8:23-ap-01046-SC.  I was dismissed months ago (twice).  I am subpoenaed to give a deposition in that adversary proceeding on March 1, 2023 at 10am, in person, for maximum of 7 hours at the offices of Trustee Marshack's special counsel, Dinsmore & Shohl.  I will appear, with my attorney, to give my deposition.

2.   I am moving for a Protective Order with terms a-e stated in III. of the attached Motion, because the 68 categories of documents that Dinsmore & Shohl demand I produce (they want them before the deposition starts) are unduly burdensome on me, a non-party witness, and though my attorney (The Bankruptcy Law Firm, PC, by Kathleen P. March) tried to get Dinsmore & Shohl to stipulate to a-e, Dinsmore & Scholl has NOT done so.

3.   Every one of the 68 categories of documents says "related to".  I don't know what "related to" means, because "related to" has no discernable limits.  I don't want Dinsmore & Shohl alleging, down the road, that I didn't produce something they say I should of produced, because they and I don't agree on what "related to" means.  I request the court to issue a protective order changing "related to" to "evidencing".

4.   I have read the multi-page "Instructions" and the multi-page "Definitions" to the 68 categories of documents.  I'm not an attorney, and those "Instructions"

and "Definitions" are not clear, they are very confusing and convoluted. I'm not sure what they want. I request the Court to issue a protective order striking those "Instructions" and "Definitions".

5. The 68 categories of documents are broad enough to call for production of attorney client privileged and/or work product privileged information, which I believe is improper. I request the court to order that I do not have to produce any attorney client privileged and/or work product privileged information.

6. Some documents I don't have, because they were in the computers/data/documents/emails seized by Celentino firm/its field agents in the 6/2/23 Lockout of Greyson from Greyson's office, and have those items have never been returned to Greyson Law Center, PC to present.

7. I am paying Bankruptcy Law Firm, PC at $425 an hour for attorney March to write this Motion for Protective Order. I request the Court order Dinsmore & Shohl to reimburse me for that, as they should have stipulated to a-e.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Orange California on February 21, 2024.

*[signature]*

HAN TRINH

---

**HAN TRINH'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING 68 CATEGORY DEMAND FOR PRODUCTION OF DOCUMENTS; KATHLEEN P. MARCH DECL.** 14

## **DECLARATION OF KATHLEEN P. MARCH**

I, KATHLEEN P. MARCH, declare:

1. I am an attorney in good standing, admitted to practice law in California and New York. For 20 plus years, after I completed a 14 year term as a Bankruptcy Judge, CD CA, I have owned and run The Bankruptcy Law Firm, PC, counsel of record to Han Trinh, Phoung (aka Jayde) Trinh, and Greyson Law Center PC on various matters in the LPG bankruptcy case and in adversary proceeding

2. I was present on 2/2/24 when Han Trinh was served with the deposition subpoena attached as **Exhibit A** hereto, at my law firm, while Han was attending the deposition of Bradford Lee.

3. On 2/19/24, my firm, The Bankruptcy Law Firm PC, by me, email served Han's **Objection** to Celentino firm's document demands, on Celentino firm, by email. Copy attached as **Exhibit B** hereto. Han's **Objection** points out that as a non-party witness, she is NOT subject to being served with a FRCP Rule 34 Request to Produce documents, which can only be served on a party, not on a non-party. After being served with Han's Objection, Dinsmore & Shohl has not denied that is the law.

4. However, on 2/20/24 Jeremy Freedman Esq of Trustee's special counsel Dinsmore & Shohl, sent the email to my firm attached as **Exhibit C** hereto.

5.      I responded at 5:41pm on 2/20/24 by sending Freedman my firm's email, **Exhibit D**, which suggested  that the parties stipulate to a-e as listed in III of the foregoing motion.

6.      Freedman did not reply, so I forwarded my same email, at 2/21/24 at 11:45am, to attorneys Freedman, Celentino, Ghio and Serrano of Dinsmore & Shohl, as **Exhibit E**, asking for response.

7.      Freedman sent **Exhibit F** to me at 2:45pm, saying Dinsmore & Shohl would agree to d & e, but **not to a., b., and c**.

8.      I then sent **Exhibit G** to Freedman, at 4:28pm on 2/21/24, saying no point further negotiation, either agree to a-e, or my firm, for Han would file Motion for Protective order, seeking a-e.   Dinsmore & Shohl did not agree) Hence this Motion is necessary.

9.      At 9:27pm on 2/21/24, attorney Freedman sent **Exhibit H** to my firm, NOT agreeing to a, b, or c of a-e.  That completes meet and confer.

10.     Considering that Dinsmore & Shohl's deposition subpoena was so defectively filled out that it did not require Han Trinh to produce ANY documents at her deposition, Dinsmore & Shohl should have stipulated to the extremely reasonable terms, a-e, that I requested.  But did NOT do so, necessitating this Motion for Protective Order.

11.   My firm is billing Han Trinh (and she is contractually obligated to pay my firm) $425 per hour for 6 hours of my time = $2,550 to prepare this Motion for Protective Order, with proposed protective order. That is under market rate and is considerably less time than I actually spent.  That does NOT bill anything for meet and confer time. Per FRCP Rule 26, incorporating FRCP Rule 37(a)(5) re expenses (aka award of attorneys fees on a Motion for Protective Order, Dinsmore & Shohl should be ordered to reimburse Han Trinh for that $2,550.

12.   The (proposed) Protective Order attached as **Exhibit I**, and being elodged at time this Motion is efiled.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California on February 21, 2024.

_____/s/ Kathleen P. March_____

KATHLEEN P. MARCH

# EXHIBIT A

CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
jeremy.freedman@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, California 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501

Special Counsel to Richard A. Marshack,
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group P.C.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01046-SC<br><br>Chapter 11 |
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>                Plaintiff,<br><br>v.<br><br>TONY DIAB, et al.<br><br>                Defendants. | **NOTICE OF TAKING DEPOSITION OF HAN TRINH PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30, INCORPORATED BY FEDERAL RULES OF PROCEDURE 7030; AND DEMAND FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 34, INCORPORATED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7034**<br><br>**Date:     March 1, 2024**<br>**Time:    10:00 a.m.**<br>**Place:   Dinsmore & Shohl LLP**<br>**         655 West Broadway, Suite 800**<br>**         San Diego, California  92101**<br>**         Tele:     (619) 400-0500** |

**TO HAN TRINH, HER COUNSEL OF RECORD AND ALL INTERESTED PARTIES**,

PLEASE TAKE NOTICE that the Chapter 11 Trustee, Richard A. Marshack ("Trustee") will take the deposition of Han Trinh, in person (remote appearance is not authorized), on **March 1, 2024 at the law offices of Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, California, beginning at 10:00 a.m.** and continuing for a maximum of 7 hours, unless the Court orders additional time, which will also be recorded by stenographic means pursuant to Fed.R.Civ.P. 30 and Fed.R.Bank.P. 30.

Pursuant to Fed.R.Civ.P 34 and Fed.R.Bank.P. 7034, Han Trinh is hereby directed to produce on or before February 26, 2024 any and all documents identified in Attachment "A" to the Deposition Subpoena attached hereto as Exhibit 1. The information, records and documents responsive to Trustee's demand for production of documents attached as Attachment A may be produced electronically to Trustee in care of Trustee's Special Counsel: Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, California 92101. To submit records electronically, please submit to: Jeremy B. Freedman, Esq. at Jeremy.Freedman@dinsmore.com, Christopher B. Ghio, Esq. at Chrisopher.Ghio@dinsmore.com, and Nicolette Murphy at Nicollette.Murphy@dinsmore.com,

Han Trinh is a declarant on behalf of Greyson Law Center, PC ("Greyson") in support of its Opposition to Trustee's Motion for a Preliminary Injunction [Adv. Dkt. No. 47-2]; Motion to Vacate the Preliminary Injunction (Adv. Dkt No. 290), its Joint Statement [Adv. Dkt. No. 325]; and further briefing on evidentiary objections [Adv. Dkt. No. 330] in the above-captioned Adversary Proceeding. The deposition of Han Trinh shall require her to testify truthfully regarding:

1. The existence of any and all documents requested in Attachment A;

2. The spoliation, deletion and destruction of documents requested in Attachment A;

3. Any and all documents produced in response to the documents requests in Attachment A;

4. Information related to the categories of documents requested in Attachment A;

5. The Declarations of Han Trinh [Adv. Dkt. Nos. 47-2, 290-1 and 330], the statements made therein under oath and related matters;

///

6.      Other relevant matters related to: a) YOUR employment with Greyson, Greyson Law, PC, BAT, Inc. dba Coast Processing and the Litigation Practice Group, PC ("LPG"); b) accounts held by Greyson and Greyson Law, PC; c) payments and funds by YOU, Greyson, Greyson Law, PC and Jayde Trinh received from Vulcan Management, Inc., PrimeLogix, LLC, Maverick Management Group, LLC and other related entities; d) communications with Scott Eadie, Tony Diab, Wes Thomas, Eng Taing and PECC Corp.; e) Greyson's leases at its two offices in Newport; f) the alleged computer equipment Greyson claims it owns and paid for; g) source of funds for payments to Han Trinh's Wells Fargo credit card; h) Han Trinh's connection to Tony Diab; i) Greyson's connection to Tony Diab; j) contracts between Greyson, CLG and/or Phoenix; k) Greyson's acquisition of former LPG clients; and j) all other relevant matters raised by way of Greyson's Motion to vacate, all further briefings by Greyson, and declarations that have or may be filed by Greyson.

PLEASE TAKE FURTHER NOTICE, the deposition testimony and transcript, or portions thereof, may be used for any purpose permitted under Fed.R.Civ.P 32, filed with Court in connection with and opposition to Greyson's Motion to Vacate the Preliminary Injunction and other any other contested matter, hearing or Adversary Proceeding.

The Deposition Subpoena attached hereto as Exhibit 1, is being served upon the witness, Han Trinh, by and through her counsel, The Bankruptcy Law Firm, PC.

Dated: February 2, 2024          Respectfully submitted,

DINSMORE & SHOHL LLP

By: /s/ Jeremy B. Freedman
      Christopher B. Ghio
      Christopher Celentino
      Jeremy B. Freedman
      Special Counsel to Richard A. Marshack,
      Chapter 11 Trustee for the Bankruptcy Estate of
      The Litigation Practice Group, PC

# EXHIBIT 1

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Central District _____    District of _____    California - Santa Ana Division

In re  The Litigation Practice Group, PC _____
                              Debtor

*(Complete if issued in an adversary proceeding)*

RICHARD A. MARSHACK, et al. _____
                              Plaintiff
                                 v.
TONY DIAB, et al. _____
                              Defendant

Case No. 8:23-bk-10571-SC _____

Chapter 11 _____

Adv. Proc. No. 8:23-ap-01046-SC ___

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: HAN TRINH _____
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Dinsmore & Shohl LLP        Tele: (619) 400-0500<br>655 West Broadway, Suite 800<br>San Diego, California  92101 | March 1, 2024 at 10:00 a.m. |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 2, 2024 _____

CLERK OF COURT

OR

_____          /s/ Jeremy B. Freedman _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                              Jeremy B. Freedman, Counsel for Richard A. Marshack

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff Richard A. Marshack _____ , who issues or requests this subpoena, are:

Jeremy B. Freedman, Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, CA 92101  Tele: (619) 400-0500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

23

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $ _____for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

24

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT "A"

Pursuant to the foregoing Deposition Subpoena, HAN TRINH shall produce all Documents that are in HAN TRINH's possession, custody, or control described below.

## INSTRUCTIONS

1.      You are instructed to produce the Documents (as defined and described below) that are in your possession, custody, or control including, but not limited to, Documents in the possession of your attorneys, accountants, bookkeepers, agents, or representatives. You are further instructed to produce the Documents as they are kept in the usual course of business. If a Document is maintained on a computer, a hard copy of that Document shall be produced. In addition, Documents are to be produced in their entirety; redacted Documents will not constitute compliance with this request.

2.      If you contend that the contents of a Document are protected from disclosure because of a privilege or the work-product doctrine, you must supply a description of that Document by providing the following information:

a.      Each privilege or doctrine which you contend protects the contents of that Document from disclosure;

b.      Each fact upon which you rely to support your claim of privilege;

c.      The type of Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

d.      The date of the Document or, if it bears no date, the date on which it was prepared;

e.      The name of each author of the Document;

f.      The name of each person to whom the Document was directed;

g.      The name of each person who received or reviewed the Document or to whom the Document or a copy thereof was supplied; and

h.      The general subject matter of the Document.

3.    In the event that any Document described below has been destroyed, discarded, or otherwise disposed of ("Disposal"), each such Document is to be identified as completely as possible including, without limitation, the following information:

a.    The type of Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

b.    The date of the Document or, if it bears no date, the date on which it was prepared;

c.    The name of each author of the Document;

d.    The name of each person to whom the Document was directed;

e.    The name of each person who received or reviewed the Document or to whom the Document or a copy thereof was supplied;

f.    The general subject matter of the Document;

g.    The date of Disposal;

h.    The manner of Disposal;

i.    The reason for the Disposal;

j.    The name of the person who authorized the Disposal;

k.    The name of the person who disposed of the Document;

l.    The name of the custodian of the Document at the time of the Disposal; and

m.    The disposition of the Document; and, if it is still extant, the name of the person who currently has possession, custody, or control of it.

## **DEFINITIONS**

A.    "DOCUMENT(S)" means a "writing" or "recording," as those terms are defined in Federal Rule of Evidence 1001, and refers to those materials in YOUR actual or constructive possession, custody or control, including, but not limited to, originals, copies, non-identical copies, and preliminary, intermediate, and final drafts of writings, recordings of oral communications, correspondence, e-mails, papers, books, pamphlets, periodicals,

1  bills, accounts, checks, check registers, letters, photographs, objects, telegrams, notes,

2  minutes, memoranda, inter-office and intraoffice communications, reports, studies, surveys,

3  forecasts, analysis, indexes, calendars, diaries, and recordings of every kind and description,

4  whether inscribed by hand or by mechanical, electronic (such as on a computer hard drive or

5  diskette), microfilm, phonic (such as tape recordings), photographic or other means.

6  Handwritten or other notations of any kind on any copy of a DOCUMENT render it non-

7  identical.

8       B.    The term "COMMUNICATION" shall mean correspondence, telephone

9  conversations, person-to-person conversations, memoranda, e-mails (including text

10  messages, correspondence and the like), facsimiles, telegrams, press releases,

11  announcements, audio and video recordings, and all other forms of communicating language

12  or thought.

13      C.    "RELATING TO" shall have the same meaning as "RELATE," "REFER,"

14  "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and

15  "CONSTITUTE" and includes referring to, recording, reflecting, supporting, interpreting,

16  prepared in connection with, used in preparation for, pertaining to, mentioning, having any

17  relationship to, or being in any way legally, logically, or factually connected with the matter

18  discussed, in whole or in part.

19      D.    "YOU" and "YOUR" shall mean Han Trinh, whose last known address is

20  2128 West Cherry Drive, Orange, California 92868.

21      E.    "PERSON" or "PERSONS" shall mean all natural persons, firms,

22  associations, organizations, partnerships, business trusts, corporations, limited liability

23  companies or public entities and specifically include, but is not limited to the following:

24           1.    **Tony Diab;**

25           2.    **The Litigation Practice Group** ("LPG") and any employee, officer,

26                 director, attorney, agent or W-9 contractor of LPG;

27           3.    **Oakstone Law Group, PC** ("Oakstone") and any employee, officer,

28                 director, attorney, agent or W-9 contractor of Oakstone;

4.    **Greyson Law Center, PC** and any employee, officer, director, attorney, agent or W-9 contractor of Greyson;

5.    **Greyson Law, PC** and any employee, officer, director, attorney, agent or W-9 contractor of Greyson Law;

6.    **Phoenix Law, PC** ("Phoenix") and any employee, officer, director, attorney, agent or W-9 contractor of Phoenix;

7.    **Consumer Legal Group, PC** ("CLG") and any employee, officer, director,  attorney, agent or W-9 contractor of CLG;

8.    **Gallant Law Group, PC** ("GLG") and any employee, officer, director, attorney, agent or W-9 contractor of GLG;

9.    **Legacy Law Partners, PC** ("Legacy") and any employee, officer, director, attorney, agent or W-9 contractor of Legacy;

10.    **B.A.T., Inc. dba Coast Processing** (aka BAT, aka Coast Processing) (collectively "BAT") and any employee, officer, director, attorney, agent or W-9 contractor of BAT;

11.    **Strategic Consulting Solutions, LLC** ("SCS") and any employee, officer, director, attorney, agent or W-9 contractor of SCS;

12.    **Maverick Management, LLC** ("Maverick") and any employee, officer, director, attorney, agent or W-9 contractor of Maverick;

13.    **Vulcan Consulting, Inc.** ("Vulcan") and any employee, officer, director, attorney, agent or W-9 contractor of Vulcan;

14.    **PrimeLogix, LLC** (PrimeLogix") and any employee, officer, director, attorney, agent or W-9 contractor of PrimeLogix;

15.    **Guardian Processing, LLC** ("Guardian") and any employee, officer, director, attorney, agent or W-9 contractor of Guardian;

16.    **LGS HoldCo, LLC** ("LGS") and any employee, officer, director, attorney, agent or W-9 contractor of LGS HoldCo;

///

17.    **Marich Bein, LLC** ("Marich Bein") and any employee, officer, director, attorney, agent or W-9 contractor of Marich Bein;

18.    **BankUnited, N.A.** ("BankUnited") and any employee, officer, director, attorney, agent or W-9 contractor of BankUnited;

19.    **OptimumBank Holdings, Inc. dba Optimum Bank** ("Optimum");

20.    **Revolv3, Inc.** ("Revolve") and any employee, officer, director, attorney, agent or W-9 contractor of Optimum;

21.    **Seemless Chex, Inc.** ("Seemless") and any employee, officer, director, attorney, agent or W-9 contractor of Seemless;

22.    **Dwolla, Inc.** ("Dwolla") and any employee, officer, director, attorney, agent or W-9 contractor of Dwolla;

23.    **Stripe, Inc.** ("Stripe") and any employee, officer, director, attorney, agent or W-9 contractor of Stripe;

24.    **Fidelity National Information Services, Inc. dba FIS, dba WorldPay** ("FIS") and any employee, officer, director, attorney, agent or W-9 contractor of FIS;

25.    **EPPS** ("EPPS") and any employee, officer, director, attorney, agent or W-9 contractor of EPPS;

26.    **Merit Fund, LLC** ("Merit") and any employee, officer, director, attorney, agent or W-9 contractor of Merit;

27.    **Payliance, LLC** ("Payliance") and any employee, officer, director, attorney, agent or W-9 contractor of Payliance;

28.    **Maverick Bankcard, Inc.** ("Maverick Bankcard") and any employee, officer, director, attorney, agent or W-9 contractor of Maverick Bankcard; and any other ACH or credit card processing company regardless of whether any of the foregoing entities was an actual client or customer of the company;

29.    **Nathan Johnston** at FIS;

30.    **Rosa Loli**

31.    **Lisa Cohen**

32.    **Wes Thomas**

33.    **William "Ty" Carss**

34.    **Jayde Trinh**

35.    **Jimmy Chhor**

36.    **Dongliang Jiang**

37.    **Max Chou**

38.    **Israel Orozco**

39.    **Scott Eadie**

40.    **Eng Taing**

41.    **Heng Taing**

42.    **David Orr; Bradford ("Brad") Lee**

43.    **Arash Asanti Bayrooti**

44.    **Brian Reale**

45.    **Mario Azevedo**

F.    The term "ELECTRONIC MESSAGES" shall mean any COMMUNICATION via text, email, "writing," "recording," and/or photograph as defined by Federal Rules of Evidence 1001(a)-(c) sent or received electronically using any application, platform or service, regardless of whether it is web, mobile, or desktop based, including but not limited to, iMessage, Google, Google Messages, Gmail, Hotmail, Microsoft Outlook or any other email provider, Teams, WhatsApp, Voxer, Viber, Wickr Me, Instagram, Facebook Messenger, Line, ChatSecure, Dust, "X" formerly known as Twitter, Snapchat, TikTok, Silence, Element, Threeme, Wire, Telegram or any other platform proving similar services.

///

///

///

1

**DOCUMENTS TO BE PRODUCED**

2    1.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON,

3  RELATED TO the formation of Greyson Law, PC.

4    2.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON,

5  RELATED TO the formation of Greyson Law Center, PC.

6    3.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON,

7  RELATED TO Greyson Law, PC expenses, leases, computer equipment, authorization

8  provided by YOU to use BAT and/or LPG assets to pay Greyson Law, PC expenses and

9  reimburse its employees.

10    4.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON,

11  RELATED TO Greyson Law Center, PC expenses, leases, computer equipment,

12  authorization provided by YOU to use BAT or LPG assets to pay Greyson Law Center, PC

13  expenses, payroll and reimburse its employees.

14    5.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON

15  RELATED TO any funds sent from Vulcan Management, Inc. to Greyson Law, PC.

16    6.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON

17  RELATED TO any funds sent from Vulcan Management, Inc. to Greyson Law Center, PC.

18    7.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON

19  RELATED TO any funds sent from PrimeLogix, LLC to Greyson Law, PC.

20    8.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON

21  RELATED TO any funds sent from PrimeLogix, LLC to Greyson Law Center, PC.

22    9.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON

23  RELATED TO any funds sent from BAT to Greyson Law, PC.

24    10.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON

25  RELATED TO any funds sent from BAT to Greyson Law Center, PC.

26    11.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON

27  RELATED TO any funds sent from any PERSON to Greyson Law, PC.

28  ///

12.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from any PERSON to Greyson Law Center, PC.

13.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law, PC's use of LPG's attorney network.

14.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law Center, PC's use of LPG's attorney network.

15.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law, PC's hiring of LPG's attorneys previously providing out of state services to LPG clients.

16.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law Center, PC's hiring of LPG's attorneys previously providing out of state services to LPG clients.

17.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any use of LPG's proprietary information, including but not limited to, documents, employee handbooks, retainers, service agent and sales scripts and training videos by Greyson Law, PC.

18.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any use of LPG's proprietary information, including but not limited to, documents, employee handbooks, retainers, service agent and sales scripts and training videos by Greyson Law Center, PC.

19.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO or identifying the existence of copy or copies of LPG client files.

20.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED YOUR employment at Greyson Law, PC.

21.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO YOUR employment at Greyson Law Center, PC.

22.    Any and all DOCUMENTS RELATED TO YOUR employment at Greyson Law, PC.

23.    Any and all DOCUMENTS RELATED TO YOUR employment at Greyson Law Center, PC.

24.    Any and all DOCUMENTS RELATED TO YOUR employment at LPG.

25.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO any payment made by LPG towards Jayde Trinh's student loans February 20, 2019 to the present.

26.    Any and all DOCUMENTS RELATED TO any payment by LPG towards Jayde Trinh's student loans from February 20, 2019 to the present.

27.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO any payment made by LPG or with LPG assets towards the payment of YOUR Mercedes Benz from February 20, 2010 to the present.

28.    Any and all DOCUMENTS RELATED TO any payment made by LPG or with LPG assets towards the payment of YOUR Mercedes Benz from February 20, 2019 to the present.

29.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO any payment made by LPG or with LPG assets to YOU from February 20, 2019 to the present.

30.    Any and all DOCUMENTS RELATED TO any payment made by LPG or with LPG assets to YOU.

31.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO BAT from February 20, 2019 to the present.

32.    Any and all DOCUMENTS RELATED TO BAT from February 20, 2019 to the present.

33.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO YOUR employment as Chief Executive Officer, Chief Financial Officer, Director and Secretary at BAT.

34.    Any DOCUMENTS RELATED TO YOUR employment as Chief Executive Officer, Chief Financial Officer, Director and Secretary at BAT.

35.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense.

36.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law Center, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense.

37.    Any and all DOCUMENTS RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense.

38.    Any and all DOCUMENTS RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law Center, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense from January 1, 2023 to the present.

39.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense January 1, 2023 to the present.

40.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law Center, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees

and deposits, or any their business expense from January 1, 2023 to the present.

41. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO BAT's source of income from February 20, 2019 to the present.

42. Any and all DOCUMENTS RELATED TO BAT's source of income from February 20, 2019 to the present.

43. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO any BAT bank account, including but not limited to its Chase Bank, NA checking account ending in 0830 from February 20, 2019 to the present.

44. Any and all DOCUMENTS RELATED any BAT bank account, including but not limited to its Chase Bank, NA checking account ending in 0830 from February 20, 2019 to the present.

45. Any and all ELECTRONIC MESSAGES RELATED TO payment for any Microsoft account held by Greyson Law, PC, including but not limited to, email, Outlook, Onedrive, Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the present.

46. Any and all DOCUMENTS RELATED TO payment for any Microsoft account held by Greyson Law, PC, including but not limited to, email, Outlook, Onedrive, Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the present.

47. Any and all ELECTRONIC MESSAGES RELATED TO payment for any Microsoft account held by Greyson Law Center, PC, including but not limited to, email, Outlook, Onedrive, Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the present.

48. Any and all DOCUMENTS RELATED TO payment for any Microsoft account held by Greyson Law Center, PC, including but not limited to, email, Outlook, Onedrive, Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the present.

49. Any and all ELECTRONIC MESSAGES RELATED TO the source of funds for any payment made to YOUR Wells Fargo (American Express) credit card ending in 5434 from January 1, 2023 to the present.

///

50.     Any and all DOCUMENTS evidencing the source of funds for any payment made to YOUR Wells Fargo (American Express) credit card ending in 5434 from January 1, 2023 to the present.

51.     Any and all ELECTRONIC MESSAGES RELATED TO the computers and computer equipment removed from LPG's Tustin office by Greyson employees, including Bradford Lee, loaded onto a Uhaul truck and delivered to Greyson's office located at 3345 Michelson Drive, Suite 400B, Irvine, California 92612 between January 1, 2023 to the present.

52.     Any and all DOCUMENTS RELATED TO the computers and computer equipment removed from LPG's Tustin office by Greyson employees, including Bradford Lee, loaded onto a Uhaul truck and delivered to Greyson's office located at 3345 Michelson Drive, Suite 400B, Irvine, 92612 from January 1, 2023 and June 2, 2023.

53.     Any and all ELECTRONIC MESSAGES RELATED TO Greyson Law, PC and/or Greyson Law Center, PC's use of office space located at 3161 Michelson Drive, Suite 1675, Irvine, California 92612, including but not limited to, any communications with Eng Taing, PECC, Wes Thomas, Tony Diab or any other PERSON.

54.     Any and all DOCUMENTS RELATED TO Greyson Law, PC and/or Greyson Law Center, PC's use of office space located at 3161 Michelson Drive, Suite 1675, Irvine, California 92612, including but not limited to, any communications with Eng Taing, PECC, Wes Thomas, Tony Diab or any other PERSON from January 1, 2023 to the present.

55.     Any and all ELECTRONIC MESSAGES RELATED TO Greyson Law Center, PC's use of office space located at 3345 Michelson Drive, Suite 400B, Irvine, 92612, including but not limited to, any communications with Wes Thomas, Tony Diab or any other PERSON from January 1, 2023 to the present.

56.     Any and all DOCUMENTS RELATED TO Greyson Law Center, PC's use of office space located at 3345 Michelson Drive, Suite 400B, Irvine, 92612, including but not limited to, any communications with Wes Thomas, Tony Diab or any other PERSON from January 1, 2023 to the present.

57.    Any and all ELECTRONIC MESSAGES RELATED TO Greyson Law, PC and/or Greyson Law Center, PC's hiring of Guardian Processing employees from January 1, 2023 to the present.

58.    Any and all DOCUMENTS RELATED TO Greyson Law Center, PC's hiring of Guardian Processing employees from January 1, 2023 to the present.

59.    Any and all ELECTRONIC MESSAGES with Scott Eadie between February 20, 2019 to the present.

60.    Any and all DOCUMENTS that identify the approximated 50 computers and/or computer equipment Greyson Law Center, PC claims it owns, including but not limited to, the manufacturer, model number and/or serial number.

61.    Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between Phoenix and Greyson Law Center, PC from January 1, 2023 to the present.

62.    Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between Phoenix and Greyson Law, PC from January 1, 2023 to the present..

63.    Any and all COMMUNICATIONS between YOU and any PERSON at Phoenix, including but not limited to William "Ty" Carss, RELATED TO any contract between Greyson Law Center, PC and Phoenix from January 1, 2023 to the present.

64.    Any and all COMMUNICATIONS between YOU and any PERSON at Phoenix, including but not limited to William "Ty" Carss, RELATED TO any contract between Greyson Law, PC and Phoenix from January 1, 2023 to the present.

65.    Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between CLG and Greyson Law Center, PC from January 1, 2023 to the present.

66.    Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between CLG and Greyson Law, PC from January 1, 2023 to the present.

67.    Any and all COMMUNICATIONS between YOU and any PERSON at CLG RELATED TO any contract between Greyson Law Center, PC and Phoenix from January 1, 2023 to the present.

///

13

68.    Any and all COMMUNICATIONS between YOU and any PERSON at CLG RELATED TO any contract between Greyson Law, PC and Phoenix from January 1, 2023 to the present.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF TAKING DEPOSITION OF HAN TRINH PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30, INCORPORATED BY FEDERAL RULES OF PROCEDURE 7030; AND DEMAND FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 34, INCORPORATED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7034**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 2, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 2, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL SERVICE BY CAL-EXPRESS ATTORNEY SERVICE**

Ms. Han Trinh
The Bankruptcy Law Firm, PC
10524 West Pico Boulevard, Suite 212
Los Angeles, California 90064

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 2, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3.**    **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

*__SERVED VIA EMAIL__*

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information<br>Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Sweeney Kelly<br>on behalf of Defendant Fidelity National Information<br>Services, Inc. dba FIS | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a<br>Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel for Greyson Law Center PC on Greyson's*
*Motion to Vacate, on Greyson's Motion for Admin.*
*Claim, and defending Greyson in adv proc.*

UNITED STATES BANKRUPTCY COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

In re

LITIGATION
PRACTICE
GROUP, PC

Debtor.

Richard A.
Marshack
Chapter 11
Trustee

v.

Tony Diab et
al.

Bankruptcy Case No. 8:23-bk-10571-SC
Adversary Proceeding 8:23-ap-01046-SC
Chapter 11

**OBJECTION OF HAN TRINH THAT SHE IS A NON-PARTY WITNESS IN ADV PROC. 8:23-AP-01046-SC, WHO WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST FOR PRODUCTION OF DOCUMENTS, BECAUSE ONLY PARTIES—NOT NON-PARTY HAN—MAY BE SERVED WITH A RULE 7034 REQUEST TO PRODUCE DOCUMENTS;**

**OBJECTION OF HAN TRINH THAT REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE—NOTHING FILLED IN;**

**OBJECTION OF HAN TRINH THAT EVEN IF DEPOSITION SUBPOENA WAS NOT FATALLY DEFECTIVE, THAT SUBPOENAING NON-PARTY**

HAN TRINH'S 3 OBJECTIONS: (1) HAN, A NON-PARTY WITNESS, IS NOT SUBJECT TO BEING SERVED WITH A FRBP RULE 7034 REQUEST TO PRODUCE DOCUMENTS, AND WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST; (2) REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE; (3) SUBPOENAING NON-PARTY WITNESS TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND 68 ITEM REQUEST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>

1                                                                45

**WITNESS HAN TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT HER DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND THAT SAID 68 ITEM REQUEST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>, INCLUDING BECAUSE EACH OF THE 68 ITEMS STATES "RELATED TO"**

<u>**Han Trinh is subpoenaed to give her deposition on**</u>:
Date: March 1, 2024
Time: 10:00AM
Place:  Dinsmore & Shohl LLP, 655 West Broadway, Suite  800, San Diego, CA 92101

I.   <u>**OBJECTION**</u> **OF HAN TRINH THAT SHE IS A NON-PARTY WITNESS IN ADV PROC. 8:23-AP-01046-SC, WHO WILL <u>NOT</u> PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 *REQUEST TO PRODUCE DOCUMENTS*, BECAUSE ONLY PARTIES—<u>NOT</u> NON-PARTY HAN—MAY BE SERVED WITH A RULE 7034 *REQUEST TO PRODUCE DOCUMENTS***

Han Trinh is a non-party witness in adversary proceeding 8:23-ap-01046-SC.  She was dismissed from Trustee's original complaint, and she was dismissed a second time, from Trustee's amended complaint [adv proc dkt. 219, entered on 10/5/23 and adv proc. Dkt.250, entered on 10/27/23, are those dismissals].

A FRCP Rule 34 [FRBP Rule 7034] *Request to Produce Documents* may only be served on a party to an adversary proceeding, and cannot be served on a non-party

**HAN TRINH'S 3 OBJECTIONS: (1) HAN, A NON-PARTY WITNESS, IS NOT SUBJECT TO BEING SERVED WITH A FRBP RULE 7034 REQUEST TO PRODUCE DOCUMENTS, AND WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST; (2) REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE; (3) SUBPOENAING NON-PARTY WITNESS TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND 68 ITEM REQUEST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>**

2

46

witness.  As Han is a non-party witness, Han is not subject to the Rule 7034 *Request to Produce Documents* served on Han on 2/2/24, along with the deposition subpoena. Said Rule 7034 *Request to Produce Documents,* states at p.2, lines 8 et seq, as follows:

> "Pursuant to Fed. R. Civ. P 34 and Fed.R. Bank.P. 7034, Han Trinh is hereby directed to produce on or before February 26, 2024 any and all documents identified in Attachment 'A'. "

Because Han Trinh, a non-party witness, is NOT subject to being served with a FRBP Rule 7034 *Request to Produce Documents*, Han will not produce any documents pursuant to said FRCP Rule 7034*Request to Produce Documents*.

## II.    DEPOSITION SUBPOENA SERVED ON HAN TRINH ON 2/2/24 HAS A FATAL DEFECT, WHICH IS THAT THE *PRODUCTION* PART OF THE DEPOSITION SUBPOENA FAILS TO REQUEST ANY DOCUMENTS TO BE PRODUCED

There is never a duty to produce documents, pursuant to a deposition subpoena, **before** the date of the deposition. Quite the contrary:  the standard language for production, in a deposition subpoena says, "bring with you to the deposition".

The deposition subpoena served on Han Trinh on 2/2/24 states:

---

**HAN TRINH'S 3 OBJECTIONS: (1) HAN, A NON-PARTY WITNESS, IS NOT SUBJECT TO BEING SERVED WITH A FRBP RULE 7034 REQUEST TO PRODUCE DOCUMENTS, AND WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST; (2) REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE; (3) SUBPOENAING NON-PARTY WITNESS TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND 68 ITEM REQUEST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>**

"[X] *Production*:  You, or your representatives, must also bring with you **to the deposition** the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:"

**But NOTHING IS LISTED after the word "material**", so the deposition subpoena **fails** to request Han Trinh to produce **anything** at her 3/1/24 deposition.

Despite that fatal defect in the deposition subpoena, of not requesting anything to be produced—a fatal defect which absolves Han from having a duty to produce any documents whatsoever at her 3/1/24 deposition—Han will produce some documents at her 3/1/24 deposition, but Han will limit what she produces, based on the fatal defect in the deposition subpoena stated in this <u>section **II**</u>—which absolves Han from having a duty to produce anything—and based on Han's Objection **III**, which is as follows.

III.    <u>OBJECTION</u> OF HAN TRINH THAT, EVEN IF THE DEPOSITION SUPBOENA DID NOT HAVE THE FATAL DEFECT STATED IN <u>II.</u>, IMMEDIATELY SUPRA, THAT SUBPOENAING A NON-PARTY WITNESS TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT HER DEPOSITION, IS <u>UNDULY BURDENSOME</u>, AND THAT SAID 68 ITEM LIST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>, INCLUDING BECAUSE EACH OF THE 68 ITEMS STATES "RELATED TO"

---

HAN TRINH'S 3 OBJECTIONS: (1) HAN, A NON-PARTY WITNESS, IS NOT SUBJECT TO BEING SERVED WITH A FRBP RULE 7034 REQUEST TO PRODUCE DOCUMENTS, AND WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST; (2) REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE; (3) SUBPOENAING NON-PARTY WITNESS TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND 68 ITEM REQUEST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>

4                                                                                           48

Even if the deposition subpoena served on Han did not have the fatal error of failing to specify ANYTHING be produced (briefed in **II** immediately supra), demanding a non-party witness (here Han, who is not a party in adv. Proc. 8:23-ap-01046-SC) to  produce a 68 item list of documents at a deposition is **<u>unduly burdensome</u>**, and therefore is unenforceable.

In addition, Han objects to the 68 item list of documents as being impermissibly broad, vague and ambiguous, including because every one of the 68 items states "related to".  "Related to" is unenforceable language, because "related to" has no limits.  Some physicists argue all items in the universe is "related to" each other.

## IV.    CONCLUSION

The FRBP Rule 7034 *Request to Produce Documents* is not applicable to Han, who is not a defendant in the adversary proceeding, and who is only a non-party witness vis-à-vis adversary proceeding 8:23-ap-01046-SC.  Therefore,  Han has no duty to produce anything, and will NOT produce, anything pursuant to said (inapplicable) FRBP Rule 7034 *Request to Produce Documents.*

Han Trinh will appear as subpoenaed, on 3/1/24 at 10am, in person, with her undersigned counsel, to give her deposition.  But the only thing that Han is subject to is the deposition subpoena, served on her on 2/2/24, and that deposition subpoena fails

---

**HAN TRINH'S 3 OBJECTIONS: (1) HAN, A NON-PARTY WITNESS, IS NOT SUBJECT TO BEING SERVED WITH A FRBP RULE 7034 REQUEST TO PRODUCE DOCUMENTS, AND WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST; (2) REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE; (3) SUBPOENAING NON-PARTY WITNESS TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND 68 ITEM REQUEST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>**

1

2

to specify ANYTHING to be produced.  Consequently, Han has no duty to produce

3

anything at her deposition.  But Han will produce some documents at her deposition

4

on 3/1/24, not before.  The 68 item list of items in the (inapplicable) FRBP Rule 7034

5

*Request to Produce Documents* is unduly burdensome, for a non-party witness, and is

6

unenforceable, because it is impermissibly broad, vague and ambiguous, including

7

because all 68 requests to produce say "related to" and "related to" could be anything.

8

Dated:  February 19, 2024

9

10

THE BANKRUPTCY LAW FIRM, PC
___/s/ Kathleen P. March_____

11

By Kathleen P. March, Esq., counsel for non-party witness Han Trinh on herein
Objections

12

13

14

15

16

17

18

19

20

21

22

23

---

24

**HAN TRINH'S 3 OBJECTIONS: (1) HAN, A NON-PARTY WITNESS, IS NOT SUBJECT TO BEING SERVED WITH A FRBP RULE 7034 REQUEST TO PRODUCE DOCUMENTS, AND WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST; (2) REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE; (3) SUBPOENAING NON-PARTY WITNESS TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND 68 ITEM REQUEST IS ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>**

25

26

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*):

   **OBJECTION OF HAN TRINH THAT SHE IS A NON-PARTY WITNESS IN ADV PROC. 8:23-AP-01046-SC, WHO WILL NOT PRODUCE ANY DOCUMENTS PURSUANT TO TRUSTEE'S FRBP RULE 7034 REQUEST FOR PRODUCTION OF DOCUMENTS, BECAUSE ONLY PARTIES—NOT NON-PARTY HAN—MAY BE SERVED WITH A RULE 7034 REQUEST TO PRODUCE DOCUMENTS;**
   **OBJECTION OF HAN TRINH THAT REQUEST IN DEPOSITION SUBPOENA TO PRODUCE DOCUMENTS IS FATALLY DEFECTIVE—NOTHING FILLED IN;**
   **OBJECTION OF HAN TRINH THAT EVEN IF DEPOSITION SUBPOENA WAS NOT FATALLY DEFECTIVE, THAT SUBPOENAING NON-PARTY WITNESS HAN TO PRODUCE A 68 ITEM LIST OF DOCUMENTS AT HER DEPOSITION IS UNDULY BURDENSOME, AND THAT SAID 68 ITEM REQUEST IS ADDITIONALLY IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS, INCLUDING BECAUSE EACH OF THE 68 ITEMS STATES "RELATED TO"**

will be served or was served in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____,  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___2/19/24___,  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By email, to Christopher Ghio, Esq., christopher.ghio@dinsmore.com
By email, to Christopher Celentino, Esq., christopher.celentino@dinsmore.com
By email, to Jeremy Freedman, Esq., jeremy.freedman@dinsmore.com
By email, to Jonathan Serrano, Esq., jonathan.serrano@dinsmore.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/19/24 | Kathleen P. March | /s/ Kathleen P. March |
|---------|-------------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT C

## K. P. March

| | |
|---|---|
| **From:** | Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com> |
| **Sent:** | Tuesday, February 20, 2024 1:36 PM |
| **To:** | K. P. March |
| **Cc:** | Celentino, Christopher; Ghio, Christopher |
| **Subject:** | RE: to attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bky LF (attys for Han Trinh): Serving you with the attached Objection of Han Trinh. Please REPLY to confirm receipt. Thx. |

KP March

As you are fully aware, the subpoena clearly sets forth the requirement for document production pursuant to Rule 45. The document request was attached to the subpoena as required and in any event it is clear Ms. Trinh and your office understood the document request to be attached to the subpoena.

Further, Ms. Trinh's boilerplate blanket objections to all of the requests, without specific detailed explanation of why the request is objectionable, are not well taken and in violation of her duty to produce all responsive documents. See *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.) ("We hold that boilerplate objections or blanket refusals inserted into a response to a request for production of documents are insufficient to assert a privilege."); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable); *A. Farber & Partners, Inc.*, 234 F.R.D. at 188 ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper-especially when a party fails to submit any evidentiary declarations supporting such objections.").

Ms. Trinh's failure to comply with her obligations pursuant to a Court ordered subpoena will result in further grounds for the Court to deny Greyson's motion to vacate and motion for an administrative claim, among all other remedies and sanctions available to the Trustee as against Han Trinh, in her individual capacity.

Best,



## Dinsmôre

**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0517  •  F (619) 400-0501
E Jeremy.Freedman@Dinsmore.com  •  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Monday, February 19, 2024 5:05 PM
**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>
**Subject:** to attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bky LF (attys for Han Trinh): Serving you with the attached Objection of Han Trinh. Please REPLY to confirm receipt. Thx.

1

021924 at 5:pm

To attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bky LF (attys for Han Trinh): Serving you with the attached Objection of Han Trinh. Please REPLY to confirm receipt. Thx.

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

# EXHIBIT D

**K. P. March**

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Tuesday, February 20, 2024 5:42 PM |
| **To:** | 'Freedman, Jeremy' |
| **Subject:** | Jeremy Freedman Esq of Celentino firm, from KPMarch, Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC:  This email responds to your 1:25pm email to my firm of earlier this afternoon, 2/20/24.  Please READ below and REPLY promptly.  Thx |

2/20/24

Jeremy Freedman, Esq of Celentino Firm, from KPMarch, Esq., Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC

Atty Freedman:

This email responds to your 1:25pm email to my firm of earlier this afternoon, 2/20/24:

1. Your email does not deny that Han Trinh has been subpoenaed give her deposition in the adversary proceeding; does not deny that  Han is NOT a party in the adversary proceeding; and does not deny that  Han, as a non-party witness in the adversary proceeding,  is **not** subject to FRCP Rule 34 [FRBP Rule 7034] RPDocs.  **Han's Objection served 2/19/24 by my firm, on your firm, is Han's written Response saying those things**.

2. Your email does not deny that the only document Han is subject to is the deposition subpoena.  Han's Objection served 2/19/24 confirms Han will appear and give an up-to-7 hours deposition as subpoenaed, on 3/1/24 at 10am, in person.

3. Your email does not deny that page 1 of subpoena (middle of  of page) says witness shall  "bring to deposition" documents subpoenaed.  Han is not required to produce any documents before the 3/1/24 at 10am deposition, and will not do so.

4. Your email does not deny that the deposition subpoena, at page 1, middle of page, should have been filled in to state WHAT documents witness is subpoenaed to bring, and instead, has NOTHING filled in there. That defect relieves Han of producing anything at the 3/1/24 deposition.

5. But in addition to that fatal problem, it is nduly burdensome to subpoena Han, a non-party witness, to produce 68 categories of items, and it is impermissibly broad, vague and

1

**EXHIBIT D**

ambiguous that every single 1 of the 68 categories states "related to", and that the pages of "Instructions" and pages of "Definitions" to the list of 68 items makes the 68 categories even more burdensome, and even more impermissibly broad, vague and ambiguous.

6. Its not Han's fault, or my firm's fault, that your subpoena listing of 68 categories of items you want Han to produce, plus use of "related to" wording regarding each of the 68 categories of items you want Han to produce, plus the multipage "Instructions" and multipage "Definitions", make the 68 categories impermissibly burdensome, overbroad, vague and ambiguous.

7. Let's count Han's Objection email served on your firm on 2/19/24, your 1:25pm email to my firm, and this email, as our "meet and confer", and my firm will move for a protective order.

8. Han Trinh's Motion for Protective Order will move Judge Clarkson for a protective order, as follows:

   a. Ruling that the 68 categories of documents Celentino firm seeks to have Han Trinh produce, are (1) unduly burdensome to Han, a nonparty witness, and is (2) impermissibly overbroad, vague and ambiguous, including due to the "related to" language in each of the 68 categories of documents, and because the pages of "Instructions" and pages of "Definitions" are impermissibly overbroad, vague and ambiguous.

   b. Ruling that the "Instructions" and "Definitions" to the 68 categories shall be deleted.

   c. Ruling that the "related to" language in each of the 68 requests shall be read as "evidencing" instead of being read as "related to", because "related to" is impermissibly broad, vague and ambiguous.

   d. Ruling that Han Trinh shall not be required to produce any documents or communications that are (1) attorney client privileged, or that are (2) work product privileged, because Han, for herself, or Han as head administrator for Greyson Law Center PC, was working with previous attorney Douglas Plazak, esq., or present counsel, The Bankruptcy Law Firm, PC /attorney Kathleen P. March of Firm, to prepare pleadings, discuss strategy, discuss responses to communications from Celentino firm, etc.

   e. Ruling that documents Han produces shall be produced at the start of the 3/1/24 at 10am deposition, not before, because that is what the deposition subpoena states (middle of page 1 of subpoena: *production…….*"

9. OR, you can reply to stipulate to 8.a-e, and save the your firm from the possibility that your firm might be ordered to pay Han's reasonable attorneys fees of having to move for a protective order, with the above, very reasonable terms.

REPLY promptly please.  Thx.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
"Have a former bankruptcy judge for your personal bankruptcy attorney"

# EXHIBIT E

## K. P. March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Wednesday, February 21, 2024 11:14 AM |
| **To:** | 'Freedman, Jeremy'; 'Christopher.Celentino@DINSMORE.COM'; 'Ghio, Christopher'; 'Jonathan.Serrano@Dinsmore.com' |
| **Subject:** | FW: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh:  Forwarding my firm's email of 2/2024  to all 4 of you, because Freedman has not Replied.  Please ONE of you REPLY promptly. Thx. |

022124 at 11:15am

To  Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh:

All 4 of you:

I am forwarding my firm's below email of 2/2024, replying to Freedman's email to my firm of yesterday, 2/20/24,  to all 4 of you, because Freedman has not Replied to that email.

### Please ONE of the FOUR of you REPLY promptly. Thx.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*


EXHIBIT E

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Tuesday, February 20, 2024 5:42 PM
**To:** 'Freedman, Jeremy' <Jeremy.Freedman@Dinsmore.com>
**Subject:** Jeremy Freedman Esq of Celentino firm, from KPMarch, Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC: This email responds to your 1:25pm email to my firm of earlier this afternoon, 2/20/24. Please READ below and REPLY promptly. Thx

## 2/20/24
## Jeremy Freedman, Esq of Celentino Firm, from KPMarch, Esq., Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC

## Atty Freedman:

# EXHIBIT F

## K. P. March

| | |
|---|---|
| **From:** | Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com> |
| **Sent:** | Wednesday, February 21, 2024 2:45 PM |
| **To:** | K. P. March; Celentino, Christopher; Ghio, Christopher; Serrano, Jonathan |
| **Subject:** | RE: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh:  Forwarding my firm's email of 2/2024  to all 4 of you, because Freedman has not Replied.  Please ONE of you REPLY promptly. Thx. |
| **Attachments:** | RE: to attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bk.... (30.7 KB) |

Ms. March,

You again have not provided any authority and the specific grounds upon which the requests are unduly burdensome as I previously stated in my 2/20/24 email, attached hereto as you started a new email thread. I again provide authority as to why your client's objections are wholly improper. See *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.) ("We hold that boilerplate objections or blanket refusals inserted into a response to a request for production of documents are insufficient to assert a privilege."); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable); *A. Farber & Partners, Inc.*, 234 F.R.D. at 188 ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper-especially when a party fails to submit any evidentiary declarations supporting such objections."). Your client must provide a detailed explanation as to why each request is unduly burdensome, overly broad or oppressive.

If the concern is that your client needs more time, then the proper method of resolving the issue is for your clients (Greyson and Han) to stipulate to a continuance of the hearing on its motion to vacate so that we can continue Han's deposition to a mutually agreeable date that provides what your client feels is sufficient time to comply with the Trustee's legitimate requests for production of documents. Note, Han has already been provided approximately 30 days, however, due to the pending deadlines related to Greyson's motion to vacate we are not able to continue Han's deposition and obtain a transcript absent a stipulation by your clients to continue the hearing.

Alternatively, the Trustee is amenable to stipulating to 8(d) and (e). The Trustee will not stipulate to 8(a)-(b) as it is not necessary and your client provides no authority for such position.

With regards to 8(c), your client's proposal for a blanket change of the term "RELATED TO"  with "evidencing" is improper as it would change the meaning of the request and improperly restrict the scope of many of the requests specifically with regards to those seeking communications (See Requests Nos. 1-21, 25, 27, 29, 31, 33, 35, 36, 39-41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 63, 64, and 67). By way of example, Request No. 1 states "Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO the formation of Greyson Law, PC." In this instance, changing "RELATED TO" with "evidencing" would prevent my client from obtaining text messages between Han, Jade, Diab, Eng, Wes and/or others regarding the details, plans, etc. . . prior to and related to the formation of Greyson because it is not specifically evidence of Greyson's formation, which I imagine you would attempt to argue only applies to formal formation of filing the articles of incorporation. As such, with respect to Requests Nos. 1-21, 25, 27, 29, 31, 33, 35, 36, 39-41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 63, 64, and 67 the Trustee is willing to stipulate that the term "RELATED TO" be read to mean either "regarding" or "discussing". As to the remaining requests that seek "DOCUMENTS" as defined in the request, the Trustee is willing to stipulate to the term "RELATED TO" be read to mean "evidencing".

Further, as you are aware a party must be given a reasonable time to respond to any meet and confer as required by FRCP 37 and the Central Districts Local Rule 37-1. Continued demands for immediate response to emails, especially

1

EXHIBIT F

those sent after 5pm when people are with their children and families, is not reasonable and not in good faith. We would appreciate basic professional courtesy and compliance with the FRCP, Central District Local Rules in this regard otherwise we will be forced to deem such demands to be made in bad faith.

Best,

## Dinsmôre

**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0517  •  F (619) 400-0501
E Jeremy.Freedman@Dinsmore.com  •  dinsmore.com

END OF
EXHIBIT F

# EXHIBIT G

## K. P. March

| | |
|---|---|
| **From:** | K. P. March <kmarch@bkylawfirm.com> |
| **Sent:** | Wednesday, February 21, 2024 4:28 PM |
| **To:** | 'Freedman, Jeremy'; 'Celentino, Christopher'; 'Ghio, Christopher'; 'Serrano, Jonathan' |
| **Subject:** | RE: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh:  No point negotiating further, either stipulate to (a)-(e), or my firm will file a Han Trinh Motion for Protective Order moving for (a)-(e).  I suggest stipulate. |

2/21/24 at 4:20pm

To Jeremy Freedman, and to  attys Celentino, Ghio and Serrano

From KPMarch, Bky LF, counsel for Han Trinh, non-party witness in adv proc in which you have subpoenaed Han to give a deposition

Atty Freedman:

I waited until almost noon today,  before forwarding my email of 2/20/24 at 5:41pm to Celentino, Ghio, Serrano, and (again) to you, as you had not confirmed receipt.

No, it is not a "blanket objection" that my firm, for Han Trinh, objects that each of your 68 categories of documents has the same impermissibly broad "relating to" language—language which has no discernable boundaries--and that all 68 categories are subject to the same overly complex multipage  "Instructions" and "Definitions".

Its your fault those defects are repeated 68 times.

Also, you cite no cases that serving a non-party witness with such a 68 category document demand is NOT unduly burdensome.  **It is unduly burdensome**.

Items 8 ( a )-( e ) in my firm's email to you of 1/20/24 at 5:41pm are extremely reasonable.   Your firm only offering to agree to (d) and (e) is **inadequate**, since controlling law requires the Court to order (d) and (e).

Considering how defective your subpoena is, my firm suggests you are lucky that my firm, for Han Trinh, is only requesting your firm to agree to items (a)-(e).

There is no point trying to negotiate further:  **Please REPLY promptly to agree to Items 8 ( a )-( e ), or my firm will file Han Trinh's Motion for Protective Order, with an application for hearing on shortened time**.  To Han's  Motion,  I will attach my Declaration, attaching as Exhibits  Han's Objection served 2/19/24, your email of 1/20/24 at 1:25pm, my firm's email to you of yesterday evening 1/20/24 at 5:42pm, my email to you, Celentino, Ghio and Serrano of today, 1/21/24 at 11:45am, your below email to my firm, and this email, and this Response email, as our meet and confer.

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133



# EXHIBIT H

**K. P. March**

| | |
|---|---|
| **From:** | Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com> |
| **Sent:** | Wednesday, February 21, 2024 9:27 PM |
| **To:** | K. P. March; Celentino, Christopher; Ghio, Christopher; Serrano, Jonathan |
| **Subject:** | RE: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh:  No point negotiating further, either stipulate to (a)-(e), or my firm will file a Han Trinh Motion for Protective Order moving for (a)-(e).  I suggest stipulate. |
| **Attachments:** | RE: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, co.... (86.3 KB) |

Ms. March,

My client has been reasonable in offering a resolution to this contrived dispute brought a week before Han Trinh's deposition when it could have been timely raised and discussed sooner. It is not the Trustee's burden to provide you with case law why his legitimate discovery is not unduly burdensome. I have provided you with supporting case law that clearly supports the Trustee's position to which you have refused to acknowledge or consider. Ms. Trinh refuses to specifically state why or how each document request, including the specially defined terms, is unduly burdensome. All of which are stated with unquestionable specificity so as to avoid any vague, ambiguous and other specious objections. Your client has further failed to provide any case law in support of her untenable position. In essence you are demanding the Trustee eradicate a ghost before ever establishing a ghost even exists. Based on the foregoing, your emails and Ms. Trinh's demand and threats do not rise to the level of a good faith meet and confer pursuant to FRCP 37 and Central District Local Rule 37-1.

Notwithstanding, the Trustee's good faith offer to try and resolve this issue, as stated in my email below and attached to this email for ease of reference, remains open should Ms. Trinh have a change in heart and choose to be reasonable and comply with her deposition subpoena.

Best,

# Dinsmôre



**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP  ·  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0517  ·  F (619) 400-0501
E Jeremy.Freedman@Dinsmore.com  ·  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Wednesday, February 21, 2024 4:28 PM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Celentino, Christopher
<Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Serrano, Jonathan
<Jonathan.Serrano@Dinsmore.com>
**Subject:** RE: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh: No point
negotiating further, either stipulate to (a)-(e), or my firm will file a Han Trinh Motion for Protective Order moving for (a)-
(e). I suggest stipulate.

2/21/24 at 4:20pm

To Jeremy Freedman, and to  attys Celentino, Ghio and Serrano

1

# EXHIBIT I

1

Kathleen P. March, Esq., (CA SBN 80366)

2 **THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064

3 Phone: 310-559-9224;    Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com

4 *Counsel for Greyson Law Center PC on Greyson's*
*Motion to Vacate, on Greyson's Motion for Admin.*

5 *Claim, and defending Greyson in adv proc.*

6
UNITED STATES BANKRUPTCY COURT

7
OF THE CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

8 | | Bankruptcy Case No. 8:23-bk-10571-SC
In re | Chapter 11

9 | | Adversary Proceeding 8:23-ap-01046-SC
LITIGATION PRACTICE

10 GROUP, PC | **(Proposed) ORDER GRANTING HAN**

11 | **TRINH'S MOTION FOR PROTECTIVE**
Debtor. | **ORDER**

12 | **[*PLEASE NOTE*:** Han Trinh's Motion for
Richard A. Marshack | Protective Order was filed on 2/22/24, along

13 Chapter 11 Trustee | with an Application for shortened time hearing
| of that Motion.

14 v. |
| Han Trinh is subpoenaed to give her deposition

15 Tony Diab et al. | on:
| Date: March 1, 2024   Time: 10:00AM

16 | Place:  Dinsmore & Shohl LLP, 655 West

17 | Broadway, Suite  800, San Diego, CA 92101

18

19

20        The Court having read and considered Han Trinh's *Motion for Protective Order*

21 filed 2/22/24, filed along with an Application for Shortened Time Hearing of said

22

23

24 **(Proposed) ORDER GRANTING HAN TRINH'S MOTION FOR PROTECTIVE ORDER**        1

*Motion*, and  having considered all evidence, responses/opposition thereto, if any, and good cause appearing for ordering, the Court hereby

ORDERS AS FOLLOWS:

1.   The Court grants Han Trinh a Protective Order with the following terms:

a.   The 68 categories of documents that the deposition subpoena served on Han Trinh on 2/2/24 by Trustee Marshack's special counsel, Dinsmore & Shohl, LLP, as served, is **unduly burdensome** to Han, a nonparty witness, and is **impermissibly overbroad, vague and ambiguous**, and therefore is **modified** as set forth in b-e immediately infra.

b.  The multi-page "Instructions" and multi-page "Definitions" to the 68 categories of documents requested shall be deleted.

c.  The "related to" language in each of the 68 requests shall be read as "evidencing" instead of being read as "related to", because "related to" has no discernable boundaries, and is impermissibly broad, vague and ambiguous.

d.   Han Trinh shall not be required to produce any  documents or communications that are (1) attorney client privileged, or that are (2) work product privileged, because Han, for herself, or Han as head administrator for Greyson Law

---

1  Center PC, was working with previous attorney Douglas Plazak, esq., or present

2  counsel, The Bankruptcy Law Firm, PC /attorney Kathleen P. March of Firm,  to

3  prepare pleadings, discuss strategy, discuss responses to communications from

4  Trustee Marshack's various attorneys.

5

6

7      e.  Documents Han Trinh produces shall be produced at the start of the

8  3/1/24 at 10am deposition, not before, because that is what the deposition subpoena

9  states (middle of page 1 of subpoena: "*production*…….**bring with you to the**

10 **deposition**……"

11

12

13 IT IS SO ORDERED.

14                    ####

15

16

17

18

19

20

21

22

23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **HAN TRINH'S <u>NOTICE OF MOTION, AND
MOTION FOR PROTECTIVE ORDER</u>, PURSUANT TO FRCP 26(c)(1)(A),(D) &(G) [FRBP RULE 7026], & FRCP
45(d)(3)(A)(iii) & (iv) [FRBP RULE 9016];  BECAUSE HAN IS A NON-PARTY WITNESS IN ADV PROC. 8:23-ap-01046-
SC, AND SUBPOENAING NON-PARTY WITNESS HAN TO PRODUCE A 68 CATEGORIES OF DOCUMENTS AT HER
DEPOSITION IS <u>UNDULY BURDENSOME</u>, AND SAID 68 CATEGORIES OF DOCUMENTS DEMAND IS
ADDITIONALLY <u>IMPERMISSIBLY BROAD, VAGUE & AMBIGUOUS</u>, INCLUDING BECAUSE EACH OF THE 68
CATEGORIES STATES "RELATED TO", AND IS MADE EVEN MORE COMPLICATED BY MULTI-PAGE
"INSTRUCTIONS" AND "DEFINITIONS"; HAN TRINH AND K.P. MARCH DECLS.**  will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
____2/22/24____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____,  I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

n/a

☐  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __2/22/24_,  I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

Hon. Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/22/24 | Kathleen P. March | /s/ Kathleen P. March |
|---------|-------------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**
72

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**</u>

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Zev Shechtman**    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**