CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
JEREMY B. FREEDMAN (308752)
Jeremy.freedman@dinsmmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101
Tele:   619.400.0500
Fax:    619.400.0501

Special Counsel to Richard A. Marshack
Chapter 11 Trustee for the Bankruptcy Estate of
The Litigation Practice Group PC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>     Debtor.<br><br>―――――――――――――――<br><br>RICHARD A. MARSHACK,<br><br>     Plaintiff,<br><br>v.<br><br>TONY DIAB, et al.<br><br>     Defendants. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01046-SC<br><br>Chapter 11<br><br>**PLAINTIFF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT HAN TRINH'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER [ADV. DKT. NO. 403]**<br><br>Date:  February 29, 2024<br>Time:  11:00 a.m.<br>Judge:  Hon. Scott C. Clarkson<br>Place:  Courtroom 5C<br>     411 West Fourth Street<br>     Santa Ana, California  92701 |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 5

II.     RELEVANT FACTUAL BACKGROUND .......................................................... 7

III.    HAN'S UNTIMELY OBJECTION AND FRIVOLOUS MOTION FOR A PROTECTIVE
        SHOULD BE DENIED IN ITS ENTIRETY .................................................... 8

        A.      HAN IS NOT ENTITLED TO PROTECTION AS A NONPARTY BECAUSE SHE
                IS AN OFFICER OF A PARTY DEFENDANT ....................................... 9

        B.      HAN FAILED TO TIMELY OBJECT TO OR BRING HER MOTION FOR A
                PROTECTIVE ORDER RELATED TO TRUSTEE'S DEPOSITION SUBPOENA. 9

        C.      HAN FAILED TO MEET AND CONFER IN GOOD FAITH. ............................... 10

        D.      HAN HAS FAILED TO MEET HER BURDEN OF PROOF THAT TRUSTEE'S
                LEGITIMATE DISCOVERY IS UNDULY BURDENSOME. ............................... 12

        E.      TRUSTEE'S LEGITIMATE DOCUMENT REQUESTS ARE NOT UNDULY
                BURDENSOME ........................................................................................ 14

                1.      Trustee's Document Requests Are Extremely Relevant and Absolutely
                        Necessary to Trustee to Prosecute His Claims As Against Numerous
                        Defendants and Defend Against Pending Motions and Administrative Claims.
                        ........................................................................................................ 14

                2.      The Breadth of Trustee's Document Requests Weigh In Favor That They Are
                        Not Unduly Burdensome. ................................................................ 17

                3.      The Time Period Trustee's Document Requests Cover Is Limited in Scope and
                        Reasonable. ...................................................................................... 18

                4.      Trustee's Document Requests Are Drafted With Specific Particularity. ...... 19

                        (a)      Untimely and Improper Objection to Trustee's "Instructions" .......... 20

                        (b)      Untimely and Improper Objection to Trustee's "Definitions" .......... 20

IV.     THE COURT SHOULD AWARD TRUSTEE MONETARY SANCTIONS ..................... 22

V.      HAN'S REQUEST FOR MONETARY SANCTIONS SHOULD BE DENIED ................. 24

VI.     CONCLUSION .................................................................................................... 24

## TABLE OF AUTHORITIES

**Page**

**CASES**

*A. Farber & Partners, Inc. v. Garber*
    234 F.R.D. 186 (C.D. Cal. 2006) ................................................................................ 12

*Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*
    408 F.3d 1142 (9th Cir. 2005) ........................................................................... 12, 13

*Caekaert v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*
    2023 U.S.Dist.LEXIS 67927 (D. Mont. Apr. 18, 2023, No. CV 20-52-BLG-SPW) ............. 10, 11

*Concord Boat Corp. v. Brunswick Corp.*
    169 F.R.D. 44 (S.D.N.Y. 1996) ................................................................................ 14

*Creative Gifts, Inc. v. UFO*
    183 F.R.D. 568 (D. N.M. 1998) ................................................................................ 10

*Duran v. Cisco Sys., Inc.*
    258 F.R.D. 375 (C.D. Cal. 2009) .............................................................................. 20

*Goodman v. United States*
    369 F.2d 166 (9th Cir. 1966) .................................................................................. 12

*Hann v. Canyon Mobile Home Park*
    2018 U.S.Dist.LEXIS 229388 (C.D.Cal. Apr. 9, 2018, No. ED CV 16-2338-JGB (SPx) ........... 12

*Hendon v. Cal. State Senate*
    2023 U.S.Dist.LEXIS 50037 (S.D.Cal. Mar. 23, 2023, No. 21cv0505-RSH-MDD) ............. 11, 22

*In re DG Acquisition Corp.*
    151 F.3d 75 (2d Cir. 1998) ..................................................................................... 10

*In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*
    337 F.R.D. 639 (N.D. Cal. 2020) .............................................................................. 14

*Mailhoit v. Home Depot U.S.A., Inc.*
    285 F.R.D. 566 (C.D. Cal. 2012) .............................................................................. 19

*McCoy v. Southwest Airlines Co.*
    211 F.R.D. 381 (C.D. Cal. 2002) ........................................................................ 8, 9, 10

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*
    894 F.2d 1482 (5th Cir. 1990) ................................................................................ 12

*Moon v. SCP Pool Corp.*
    232 F.R.D. 633 (C.D. Cal. 2005) .................................................................. 8, 12, 14, 18

*Osborne v. Billings Clinic*
    2015 U.S. Dist. LEXIS 48363 (D. Mont. Apr. 13, 2015, No. CV 14-126-BLG-SPW) ............... 10

*Panola Land Buyers Ass'n v. Shuman*
    762 F.2d 1550 (11th Cir. 1985) ............................................................................... 13

*Paulsen v. Case Corp.*
    168 F.R.D. 285 (C.D. Cal. 1996) .............................................................................. 12

*Republic of Ecuador v. Mackay*
    742 F.3d 860 (9th Cir. 2014) .................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

*United States v. International Business Machines Corp.*
83 F.R.D. 97 (S.D.N.Y. 1979) ................................................................... 14

*Vena v. Moore*
2023 U.S.Dist.LEXIS 172267 (S.D.Cal. Mar. 24, 2023, No. 22cv437-W(BLM) ........................ 18

## STATUTES

California Evidence Code § 175 ................................................................... 20

California Evidence Code § 401 ................................................................... 15

Federal Rule of Civil Procedure 26 ........................................................ 13, 15

Federal Rule of Civil Procedure 26(b)(1) ........................................... 7, 14, 18

Federal Rule of Civil Procedure 26(c)(1) ............................................. 10, 11

Federal Rule of Civil Procedure 37(a) ......................................................... 21

Federal Rule of Civil Procedure 37(a)(5) ..................................................... 10

Federal Rule of Civil Procedure 37(a)(5)(A)(i) ..................................... 10, 11

Federal Rule of Civil Procedure 37(a)(5)(B) ............................................... 21

Federal Rule of Civil Procedure 45 ..................................................... 4, 8, 13

Federal Rule of Civil Procedure 45(c)(2)(B) ................................................. 6

Federal Rule of Civil Procedure 45(d) ................................................ 8, 10, 11

Federal Rule of Civil Procedure 45(d)(2)(B) ................................................. 4

Federal Rule of Civil Procedure 45(d)(2)(b)(ii) ........................................... 8

## OTHER AUTHORITIES

Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before
Trial*, P11:424 (2002 rev.) ...................................................................... 9

United States Bankruptcy Court, Central District of California, Local Rule 37-1 ............... 10, 11, 21

**TO THE COURT, HONORABLE SCOTT C. CLARKSON, OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:**

Plaintiff Richard A. Marshack, in his capacity as the Chapter 11 Trustee ("Trustee") of the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor" or "LPG") and in response to *Han Trinh's ("Han") Motion for Protective Order [Adv. Dkt No. 403]* (hereinafter "MPO") in Adversary Proceeding No. 8:23-ap-1046-SC ("1046 Action") respectfully submits the following Opposition.

## I.    INTRODUCTION

Han's frivolous MPO should be denied as she is an officer of Defendant BAT, Inc., and not a nonparty for purposes of Federal Rule of Civil Procedure ("FRCP") 45, and in any event, waived any objection when she failed to timely serve her specious blanket objections or bring her motion for a protective order within 14 days after being served with Trustee's deposition subpoena. FRCP 45(d)(2)(B). Further, Han's untimely blanket objections and frivolous MPO is nothing more than an improper attempt to withhold evidence known to exist and unsupported by any case law. Indeed, to this day, Han has yet to articulate how or why Trustee's legitimate discovery of a critical witness, Han, undeniably intertwined with a network of individuals and entities employed to perpetuate a fraud is unduly burdensome, overly broad, vague or ambiguous as required by the Ninth Circuit. In essence, Han asks this Court to eradicate a ghost she has not proven even exists.

As more thoroughly discussed herein, the scope of Trustee's legitimate document requests is specifically defined by: (1) Han's false declarations submitted in support of Greyson Law Center's ("GLC") Motion to Vacate [1046 Action Dkt. Nos. 290-1, 325-2, 330.]; (2) Han's uncontroverted and complicit involvement with, control over and employment at the Litigation Practice Group, PC ("LPG"), Greyson Law, PC ("Greyson"), GLC and other entities and individuals specifically listed in the Preliminary Injunction, among others, known to be associated with Han and Tony Diab ("Diab"); and (3) Han's complicit involvement in Diab's scheme. There can be no doubt, that Trustee's discovery requests are narrowly tailored to respond to Hans declarations filed in this Adversary Proceeding and the Bankruptcy case, among other grounds.

///

1       Speciously, Han argues that Trustee's document requests and definitions are too specific and

2   complicated. If any complication exists at all with Trustee's document requests, it is a result of the

3   intricate and complicated labyrinth of entities and individuals Han has been intimately engaged with

4   and who have wrongfully fed off of LPG's coffers, including Greyson. These are undisputable facts

5   which are supported by actual evidence as opposed to false self-serving declarations Han, as an

6   employee of a defendant (Greyson), has submitted under oath in support of her employer's Motion to

7   Vacate [Adv. Dkt. No. 290-1 and 330] among other pleadings in this matter and the Bankruptcy case.

8   To wit, independent witnesses with personal knowledge of these issues have provided actual evidence

9   that cannot be disputed wherein Diab himself is exerting control over Greyson, directing Greyson's

10  strategy and day-to-day business contrary to Han's declarations. *Compare* Declaration of Declaration

11  of William "Ty" Carss ("Carss Decl.") at ¶ 2, Exh. A; Lee Decl. at ¶ 5-11 [Adv. Dkt No. 325-5]; Lee

12  Suppl. Decl. at ¶¶ 1-4, 6-8; and Rubin Decl. at Exh. 1 and 2 [Adv. Dkt No. 325-4]; *with* Han Decl. at

13  ¶ 4 [Adv. Dkt. 42-7] ("The Trustee erroneously states. . .that Mr. Diab and the evidence confirms that

14  Mr. Diab continues to control Greyson. . .").

15      Han failed to meet and confer in good faith. Han refused to provide any case law to support

16  her position or explain how the document requests, including the specially defined terms, were unduly

17  burdensome, demanding immediate responses without providing Trustee a reasonable time to

18  respond. Han's claim she is not an attorney and therefore does not understand the document requests,

19  instructions or specially defined terms is telling of her contrived dispute. Han is represented by a very

20  experienced attorney who is more than capable of explaining her obligations. Moreover, her offer to

21  produce some documents without identifying which requests she intends to respond to or what

22  specific "cherry picked" documents she intends to produce at her deposition highlights her intent to

23  hide evidence she is required to turn over under the Preliminary Injunction (A)(6), (8)-(10) [Adv. Dkt.

24  No. 70]; and Trustee's legitimate deposition subpoena. Such gamesmanship and deceit should not be

25  the standard for issuing a protective order.

26      Notwithstanding, Trustee made a reasonable offer to settle Han's dispute. Despite such efforts

27  by Trustee, Han continues to make unreasonable demands specifically with regards to Sections (a)

28  and (b) in her MPO, demanding, without authority, that Trustee admit his legitimate discovery is

1   unduly burdensome, overly broad, vague and ambiguous, and that all definitions be deleted, not just

2   the term "RELATED TO," which Han takes issue with. Demands that are wholly unnecessary to

3   resolve this dispute and/or would make the request meaningless and illegible.

4        Based on the foregoing, authority, arguments and evidence herein, Trustee hereby respectfully

5   requests: (1) Han's MPO be denied in its entirety; (2) the hearing on GLC's Motion to Vacate and

6   the corresponding briefing scheduled be continued to allow Han time to produce all responsive

7   documents to Trustee's legitimate discovery and Trustee time to review the document that are

8   produced; (3) an order requiring Han to produce said document three (3) business days before her

9   deposition to address any issues, deficiencies and avoid a document dump at the start of her

10   deposition; and (4) monetary sanctions for having to oppose Han's frivolous and untimely MPO.

## II.   **RELEVANT FACTUAL BACKGROUND**

12        On February 2, 2024, Han was served with Trustee's valid deposition subpoena for

13   appearance on March 1, 2024 with an order to produce documents responsive to the requests listed in

14   Exhibit A of the subpoena. *See* Jeremy Freedman Declaration ("Freedman Decl.") at ¶ 2, Exh. 1. On

15   February 19, 2024, Han served her untimely blanket objection to the deposition subpoena without

16   specific objection to each request, instruction or specially defined term. *See* Fed. R. Civ. P.

17   45(c)(2)(B); *Id*. at ¶ 3, Exhs. 2-3. In response, Trustee attempted to meet and confer in good faith,

18   providing case law in support of his position that the objections as stated are not valid and requested

19   an explanation and case law to support Han's position in an effort to evaluate and resolve Han's

20   dispute. *Id*. at ¶ 4, Exh. 4. In response, Han sent a threatening email at 5:42 pm on February 20, 2024

21   asserting Trustee had not met some unidentified and unsupported burden of proof that his legitimate

22   discovery was not overly burdensome, listed her demands and required an immediate response. *Id*. at

23   ¶ 5, Exh. 5. At 11:15 am on February 21, 2024, Han sent a further email again demanding an

24   immediate response. *Id*. at ¶ 6, Exh. 6.

25        Notwithstanding Han's failure to provide Trustee any basis or time to consider her demands

26   and potential resolution, at 2:45 pm on February 21, 2024, Trustee responded with a detailed response

27   and a reasonable counter offer supported by case law and sound reasoning. Freedman Decl. at ¶ 7,

28   Exh. 7. Specifically, Trustee agreed to Section (d) and (e); made a counter offer to Section (c) to

1  replace "RELATED TO" with "evidencing" with regards to only those requests seeking documents,

2  and to either "regarding" or "discussing" with regards to those requests seeking "ELECTRONIC

3  MESSAGES" or "COMMUNICATIONS." *Id*. Trustee further offered to continue Han's deposition

4  so long as the hearing on GLC's Motion to Vacate was continued to provide additional time to

5  produce all responsive records. *Id*. Trustee, however, will not stipulate to an admission that his

6  legitimate discovery is objectionable especially, whereas here, Han has no authority for her position.

7  *Id*. Similarly, Trustee cannot agree to delete all instructions and definitions as that in of itself would

8  make the requests vague, ambiguous and meaningless. *Id*. Neither of these two irrational demands

9  (Sections (a) and (b)) are necessary to resolve Han's contrived dispute over Trustee's legitimate

10 document requests.

11     Unwilling to negotiate and meet and confer in good faith, Han's response prior to filing her

12 frivolous MPO was simply to state she would not negotiate since Trustee failed to submit to all of her

13 demands and threats. Freedman Decl. at ¶ 8, Exh. 8.

14 **III.    HAN'S UNTIMELY OBJECTION AND FRIVOLOUS MOTION FOR A**

15 **PROTECTIVE SHOULD BE DENIED IN ITS ENTIRETY**

16     Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant

17 to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1). "'Generally, the purpose of

18 discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to

19 evaluate and resolve their dispute.'" See *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.

20 Cal. 2005). "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of

21 information even though the information may not be admissible at the trial." *Id*.

22     "Federal Rule of Civil Procedure 45 governs subpoenas duces tecum for the production of

23 documents with or without the taking of a deposition. One of the purposes of Rule 45 is 'to facilitate

24 access outside the deposition procedure provided by Rule 30 to documents and other information in

25 the possession of persons who are not parties. . . .' Advisory Committee Notes to 1991 Amendment.

26 Even a "non-party witness is subject to the same scope of discovery under this rule as that person

27 would be as a party to whom a request is addressed pursuant to Rule 34." *McCoy v. Southwest Airlines*

28 *Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002).

**A.    HAN IS NOT ENTITLED TO PROTECTION AS A NONPARTY BECAUSE SHE IS AN OFFICER OF A PARTY DEFENDANT.**

The Court's ability to protect a nonparty does not include "officers" of a party defendant. Specifically, FRCP 45(d)(2)(b)(ii) states in relevant part:

> the order must protect <u>a person who is neither a party nor a party's officer</u> from significant expense resulting from compliance.

The Legislature therefore did not intend to include officers of party defendants who were not specifically named in the action as a "nonparty" who has standing to bring a motion for a protective order under FRCP 45 based on an objection that compliance is unduly burdensome.

Han is not an ordinary nonparty for whom the Legislature intended to protect. Here, it is undeniable that Han is the Chief Executive Officer, Chief Financial Officer, Secretary and Board Member of BAT, Inc., which was used to facilitate the transfer of LPG funds to Greyson and the subject of Trustee's legitimate discovery requests. Freedman Decl. at ¶ 9, Exh. 9- Secretary of State. Han is also a current employee and the Chief Administrator for Greyson Law Center, a defendant.[1] Han Decl. at ¶ 4 [Adv. Dkt. No. 47-2.] Moreover, Han remains a party to the Preliminary Injunction ordering the turnover of information related to LPG among other entities Han has worked for  and Greyson's scheme, which is the subject of Trustee' legitimate deposition subpoena. [Adv. Dkt. No. 70 and Nos. 219 and 250 at ¶ 3.]

Pursuant to FRCP 45(d), Han is therefore not entitled to the same protections as a nonparty and not entitled to bring her Motion for a Protective Order based on an untimely, unduly burdensome objection supported by nothing more than conclusory statements, discussed below.

**B.    HAN FAILED TO TIMELY OBJECT TO OR BRING HER MOTION FOR A PROTECTIVE ORDER RELATED TO TRUSTEE'S DEPOSITION SUBPOENA.**

"Under Rule 45, the nonparty served with the subpoena duces tecum may make objections to the subpoena duces tecum within 14 days after service or before the time for compliance, if less than 14 days. Fed. R. Civ. P. 45(c)(2)(B) [now 45(d)(2)(B)]." *McCoy*, supra, 211 F.R.D. at 384. "<u>Thus, a</u>

---

[1] Notably, not even the Scott Eadie, the managing partner of Greyson, has submitted a declaration corroborating Han's false declarations.

nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived." *Id*. at 385 citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D. N.M. 1998); and Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, P11:424 (2002 rev.).

Here, Han served her untimely objections on February 19, 2024, which was 17 days after she was personally served with Trustee's legitimate deposition subpoena on February 2, 2024. Freedman Decl. at ¶ 3, Exh. 2. Han's frivolous MPO does not dispute she was properly served with Trustee's deposition subpoena. Han's MPO, however, is based on the same blanket and unsubstantiated, unduly burdensome objection filed 20 days after she was served with Trustee's legitimate deposition subpoena. See *Id*. and Adv. Dkt. No. 403. Han's objection, including any claim of attorney-client privilege, has therefore been waived and Ninth Circuit case law mandates this Court deny Han's Motion for a Protective Order. Even more egregious, however, is Han's outright failure to meet and confer in good faith and continued unreasonable demands that Trustee stipulate to admissions and striking all of the instructions and definitions that are unnecessary to resolve her issue.

## C.    HAN FAILED TO MEET AND CONFER IN GOOD FAITH.

"The meet and confer requirement seeks 'to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of discovery disputes.' *Osborne v. Billings Clinic*, 2015 U.S. Dist. LEXIS 48363 at *1 (D. Mont. Apr. 13, 2015, No. CV 14-126-BLG-SPW) (citations omitted). The obligation also "promote[s] a frank exchange between counsel to resolve issues by agreement or at least narrow and focus the matters in controversy before judicial resolution is sought.' *Id*. (citation omitted)." *Caekaert v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 2023 U.S.Dist.LEXIS 67927 at *5 (D. Mont. Apr. 18, 2023, No. CV 20-52-BLG-SPW).

"For the meet and confer obligations to serve their purpose, "the parties [must] treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes.' *Id*. In order to accomplish this,

///

[t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. <u>Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be 'a sincere effort' to resolve the matter.</u> *Id.* at 2."

*Caekaert*, *supra*, 2023 U.S.Dist.LEXIS 67927 at *5.

Similarly, Central District Local Rule 37-1 related to discovery states in relevant part:

…The moving party's letter <u>must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request)</u>, and specify the terms of the discovery order to be sought.

Here, Han failed to comply with FRCP 26(c)(1), 37(a)(5)(A)(i), 45(d) and Central District Local Rule 37-1. Pursuant to FRCP 37(a)(5), Han's failure to meet and confer in good faith are grounds to deny her frivolous MPO. *See e.g. Hendon v. Cal. State Senate,* 2023 U.S.Dist.LEXIS 50037 at *24 (S.D.Cal. Mar. 23, 2023, No. 21cv0505-RSH-MDD). Importantly, Han refused to comply with the most critical part of any good faith meet and confer, as stated above, requiring the parties to explain their point of view on the issues and provide supporting case law. A condition intended to allow the parties to meaningfully be able to evaluate the other party's position and try to work towards a resolution so as to avoid the need for filing the MPO in the first instance. Local Rule 37-1 ("Before filing any motion relating to discovery under FRCP 26-37, counsel for the parties must confer in a good-faith effort to *eliminate the necessity for hearing the motion*. . .") [emphasis added].

The communications from counsel for Han are clear. Han failed to explain her position as to each request or even more generally as to her blanket objection even after multiple requests from Trustee in a good faith effort to better understand her dispute. Freedman Decl. at Exhs. 4-8. Han failed to explain her issue of the instructions or specially defined terms, other than the term "RELATED TO" and yet, demands all instructions and specially defined terms be stricken. *Id*. Further, Han failed to provide any case law supporting her untenable position. *Id*.

Instead of actually meeting and conferring in a good faith effort to resolve this matter, Han jumped directly to her demands and the order she would seek under threat of seeking sanctions and demanding immediate responses from Trustee similar to hostage negotiations. Freedman Decl. at

1    Exhs. 4-8. Undoubtedly, unless Trustee agreed to restrict his discovery requests such that Han could

2    hide incriminating evidence, Han was always going to file her frivolous MPO regardless of Trustee's

3    good faith efforts to try and resolve the matter. Hostage negotiations in the discovery setting are not

4    made in good faith, especially where the threatening party fails to provide any explanation or case

5    law in support of such a threatening and untenable position. Such conduct is not in good faith and

6    does not satisfy FRCP 26(c)(1), 37(a)(5)(A)(i), 45(d) or Central District Local Rule 37-1. See e.g.

7    *Hann v. Canyon Mobile Home Park,* 2018 U.S.Dist.LEXIS 229388 at *10 (C.D.Cal. Apr. 9, 2018,

8    No. ED CV 16-2338-JGB (SPx) (There is "no excuse for. . . not giving defendants sufficient time to

9    respond, and failing to meet and confer in good faith. If he were a licensed attorney, the court would

10    impose sanctions for plaintiff's noncompliance.")

11    Based on Han's failure to meet and confer in good faith, her frivolous and untimely MPO

12    should be denied and monetary sanctions imposed as set forth more thoroughly below.

13    **D.    HAN HAS FAILED TO MEET HER BURDEN OF PROOF THAT TRUSTEE'S**

14    **LEGITIMATE DISCOVERY IS UNDULY BURDENSOME.**

15    "The burden of showing that a subpoena is unreasonable and oppressive is upon the party to

16    whom it is directed." *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966); See *Moon*, *supra*,

17    232 F.R.D. at 637. It is further well established in the Ninth Circuit that boilerplate blanket objects to

18    discovery requests are improper. *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*,

19    408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted

20    into a response to a request for production of documents are insufficient to assert a privilege."). In

21    order to properly object or seek an order limiting or modifying a subpoena on the grounds that it

22    creates under burden, Han must submit evidence and provide specific grounds why each request,

23    instruction and specially defined term is unduly burdensome – conclusory statement of undue burden,

24    time and expense are insufficient. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188

25    (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are

26    improper-especially when a party fails to submit any evidentiary declarations supporting such

27    objections."); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996) (same); *McLeod,*

28    *Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that

document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable).

As an initial matter, Han's blanket boilerplate and untimely objection to all of Trustee's document requests, instructions and specially defined terms without a specific objection detailing why each are unduly burdensome is improper. On this ground, the Court is authorized to and should deny Han's frivolous MPO. *Burlington N. & Santa Fe Ry. Co.*, *supra*, 408 F.3d at 1149.

Further, Han offers no admissible evidence or explanation as to why Trustee's legitimate discovery requests are unduly burdensome or would cause significant expenses. In fact, Han concedes the discovery will not cause undue expense as such evidence is absent from her contrived declaration. Instead, Han provides mere conclusory statements in her declaration that Trustee's legitimate discovery requests are "unduly burdensome on me" and "I am not an attorney, and those 'Instructions' and 'Definitions' are not clear. . . I am not sure what they want." Han Decl. at ¶¶ 2-4 [Adv. Dkt No. 403]. Such conclusory statements are insufficient to support her unduly burdensome objection.

Moreover, Han is represented by experienced counsel, known to this Court, who is more than capable of explaining the instructions, definitions and Han's obligations to produce all non-privileged documents in her possession, custody and control to the narrowly drafted document requests. [Adv. Dkt No. 403]. Contrary to Han's declaration, Trustee's requests would not include production of attorney-client privileged communications, attorney-work product or emails stored in Greyson's Microsoft Account, which was turned over to Trustee pursuant to Greyson's agreement as she presumably does not have access to such accounts and therefore does not have possession, custody or control. Han Decl. at ¶ 5-6 [Adv. Dkt No. 403]. Instead, it would involve personal and other email accounts she has used, text messages and other non-privileged responsive documents so long as the claim of privilege was proper and not feigned. A simple instruction, Han's experienced attorney would clearly be able to advise her on. In this way, Han's declaration and untimely and improper objection has been raised simply to manufacture a dispute.

With little doubt, Han's conclusory statements are not sufficiently specific to demonstrate why Trustee's discovery is unduly burdensome, which they are not. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and

burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable). Han's frivolous MPO provides no insight as to why they are unduly burdensome or how the term "RELATED TO" would subject her to a claim she failed to produce evidence. This is, of course, unless she intends to withhold incriminating evidence creating such irrational fear. If she produces all responsive documents, no unsupported threat exists.

Based on the foregoing, Han has not met her burden of proof that the instructions, definitions or requests are unduly burdensome and her frivolous, untimely MPO should be denied on those grounds, in addition to the myriad of reasons discussed herein.

## E.    TRUSTEE'S LEGITIMATE DOCUMENT REQUESTS ARE NOT UNDULY BURDENSOME

Notwithstanding, the burden is on Han to prove Trustee's document requests, instructions and specially defined terms are unduly burdensome, which she has failed to do, as discussed above. Nor has Han even addressed the standard for determining whether the discovery is unduly burdensome, and based thereon her MPO should be denied.

Notwithstanding, it is clear that Trustee's legitimate discovery is not unduly burdensome.  The proper standard for determining "[w]hether a subpoena imposes upon a witness an 'undue burden' depends upon such factors as [1] relevance, [2] the need of the party for the documents, [3] the breadth of the document request, [4] the time period covered by it, [5] the particularity with which the documents are described and the burden imposed.'" *Moon*, *supra*, 232 F.R.D. at 637 citing *United States v. International Business Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

### 1.    <u>Trustee's Document Requests Are Extremely Relevant and Absolutely Necessary to Trustee to Prosecute His Claims As Against Numerous Defendants and Defend Against Pending Motions and Administrative Claims.</u>

The scope of relevant evidence pursuant to FRCP 45 is the same as set forth in FRCP 26. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 645 (N.D. Cal. 2020). The scope of permissible discovery under FRCP 45 is expansive and "broad." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014). Specifically, Rule 26 permits

1    "[d]iscovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

2    proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1).

3            Han does not argue the discovery requests are not relevant and not necessary. *See generally*

4    MPO [Adv. Dkt No. 403]. Notwithstanding, each discovery request is narrowly drafted to seek

5    documents related to approximately thirteen (13) categories of information which are absolutely

6    necessary and summarized as follows:

7    (i)     Information contained in Han's declarations filed with this Court in support of
             Greyson's Law Center, PC's ("GLC") Opposition to Trustee's Preliminary Injunction;
8            GLC's Motion to Vacate the Preliminary Injunction and Greyson's Administrative
             Claim. [Adv. Docket Nos. 47-2, 290-1, 325-2 and 330; and Bankr. Dkt. Nos. 676-1
9            and 749-1.]

10   (ii)    The formation of Greyson Law, PC ("Greyson") and subsequently GLC;

11
12   (iii)   Greyson, GLC and BAT, Inc.'s expenses, revenue and funds including the source of
             such funds to show they came from LPG;

13   (iv)    Han's employment with Greyson, GLC, BAT, Inc. dba Coast Processing and LPG,
             and knowledge of the client file transfers to other entities;
14

15   (v)     Accounts held by Greyson and GLC and/or used to pay Greyson or GLC expenses and
             payroll;
16
     (vi)    Payments and funds received or made by Han, Greyson, GLC and Jayde Trinh
17           received from Vulcan Management, Inc.; PrimeLogix, LLC, Maverick Management
             Group, LLC, LPG and other related entities;
18
19   (vii)   Communications with Jade Trinh, Scott Eadie, Tony Diab, Wes Thomas, Eng Taing
             and PECC Corp. and others listed in the Preliminary Injunction;
20
21   (viii)  Greyson/GLC's leases at its two offices in Newport;

     (ix)    The alleged computer equipment GLC claims it owns and paid for;
22
23   (x)     Source of funds for payments to Han Trinh's Wells Fargo credit card she claims was
             used to pay for GLC's Microsoft Account;
24
25   (xi)    Han Trinh and Greyson/GLC's connection to Tony Diab;

     (xii)   Contracts between Greyson/GLC, Consumer Legal Group, PC ("CLG") and/or
26           Phoenix Law, PC ("Phoenix"); and

27   (xiii)  Greyson/GLC's acquisition of former LPG clients, attorneys and proprietary
             information.
28

1    With little doubt, the scope of Trustee's legitimate document requests is extremely relevant

2   and discoverable under FRCP 26 and California Evidence Code section 401 to defending against

3   GLC's Motion to Vacate and Han's multiple declarations made on GLC's behalf, making her a critical

4   witness. Greyson made the choice to designate Han as its declarant as opposed to its managing

5   attorney, Scott Eadie. As such, Greyson and Han agreed to subject her to discovery and associated

6   cost with compliance, related to each issue raised in GLC's Motion to Vacate and her declarations.

7   Evidence which is necessary and known to exist showing Han's involvement in the transfer of LPG

8   clients and attorneys to Oakstone, Phoenix (aka PLG in Exh. 12) and ultimately to GLC.  Freedman

9   Decl. at ¶ 10, Exhs. 10-12. Moreover, Han has refused to produce some of the requested information

10   informally, including the source of funds used to pay her Wells Fargo credit card she claims was used

11   to pay for GLC's Microsoft Account. *Id.* at ¶ 11, Exh. 13. In this way, Han has made formal discovery

12   absolutely necessary and a reasonable basis exists for Trustee's legitimate and necessary document

13   requests. *Id.*

14    Trustee's document requests are similarly relevant under FRCP 26 and California Evidence

15   Code section 401 and necessary to proving Trustee's claims not only in the 1046 Action, but all other

16   Adversary Proceedings brought by Trustee and those yet to be brought, including but not limited to

17   No. 8:23-ap-01098-SC, among others. Freedman Decl. at ¶ 12. Specifically with regards to the

18   fraudulent transfer of LPG funds, client files and ACH receivables that had been sold, in some

19   instances, multiple times over, and other relevant information related to Trustee's numerous claims.

20   Along these lines, Trustee's document requests are also relevant to objecting to GLC's Administrative

21   Claim [Bankr. Dkt. No. 676] filed in the Bankruptcy case and the statements made by Han in her

22   declaration in support thereof [Bankr. Dkt. No. 676-1 and 749-1].

23    Based on the foregoing, relevance and necessity weigh in favor that Trustee's documents

24   requests are not unduly burdensome.

25   ///

26   ///

27   ///

28   ///

16

2.      **The Breadth of Trustee's Document Requests Weigh In Favor That They Are Not Unduly Burdensome.**

Trustee served 68 document requests attached to its legitimate deposition subpoena. Freedman Decl. at ¶ 2, Exh. 1. The breadth of Trustee's document requests were made necessary by the sheer number of entities Han was employed by, the complexity of the web of transfer of LPG funds, client files, property, proprietary information, and the sheer number of individuals involved, whether complicit or not, who would have had communications with Han and or evidence relevant to Trustee's claims and defenses to GLC's Motion to Vacate.

The reasonable need for Trustee's 68 document requests is illustrated by a short synopsis of the complex web Han is willing participate and involved in. Han was employed by LPG, Greyson, GLC, and BAT, Inc. Before Greyson was established, Diab transferred client files to Oakstone Law Group, PC ("Oakstone") and Guardian Processing, LLC ("Guardian"). Brad Lee Decl. at ¶¶ 2-4 [Adv. Dkt No. 325-5]. Oakstone was run by Eng Taing who was using Touzi Capital, LLC and PECC Corp., among other entities, to transfer ACH receivables pulled on the fraudulently transferred LPG client files. *Id*. Guardian was run by Wes Thomas which was intended to provide client management services to Oakstone. *Id*. After Eng and Wes parted ways, Diab, Han and Jayde devised Greyson in March of 2023, which Eng was again apart of. *Id* at ¶ 5; see also Han Decl. at ¶ 4 [Adv. Dkt No. 47-2]. When Eng parted ways with Greyson, Diab, Han and Jayde started GLC which was intended to pilfer, under the guise of competition, performing clients and/or syphon the profits of Phoenix and CLG's performing client files back to Diab to again defraud LPG creditors, Trustee and LPG's Estate. *Id*. at ¶¶ 5-9. GLC, however, was not making money to support 140 employees, some of whom were involved in the GLC scam. *Id*. at ¶ 9; Rubin Decl. at Exh. 9 [Adv. Dkt. No. 325-4]. As such, Diab and Han used Vulcan Consulting Group, LLC ("Vulcan"), PrimeLogix, LLC and BAT to launder money to GLC to keep it afloat until it had stolen enough performing clients to be viable on its own or be shut down. See Preliminary Injunction Transcript, Adv. Dkt. No. 76, at 73:18-74:1.

With little doubt, as the saga unfolds to which Han was and remains a willing participant, the need for additional information to obtain evidence grows exponentially due to the increasing number of entities, individuals, fraudulent transfers and schemes involved. Notwithstanding, Trustee made

every effort to ensure the breadth of the document requests directed to Han was limited and narrowly drafted, based on the information known to Trustee to date. Freedman Decl. at ¶ 2.  As such, the breadth of Trustee's legitimate document requests weighs in favor that the document requests are not unduly burdensome.

### 3. The Time Period Trustee's Document Requests Cover Is Limited in Scope and Reasonable.

Han does not argue the time period Trustee's document requests cover are unduly burdensome because they are not. *See generally* MPO [Adv. Dkt No. 403]. Courts in the Ninth Circuit evaluating whether the time period a discovery request covers is unduly burdensome have held 6 to 10 years to be unduly burdensome and overly broad. *See e.g. Moon*, *supra*, 232 F.R.D. at 637-38 [10 years unduly burdensome]; *Vena v. Moore,* 2023 U.S.Dist.LEXIS 172267 at *15-16 (S.D.Cal. Mar. 24, 2023, No. 22cv437-W(BLM)).

Here, the majority (41) of Trustee's document requests are limited to a period of approximately one year, or less, as they relate to Greyson and/or GLC which were incorporated in March and May 2023, respectively. See Freedman Decl. at ¶ 2, Exh. 1 [Request Nos. 1-18, 20-23, 35-40, 45-58, 60-68]. At the very longest, a few of these document requests seeking communications relating to the formation of Greyson/GLC, which would including communications prior to Greyson/GLC being formally incorporated, might go back to 2022 when Diab first devised the plan to transfer LPG clients to newly created entities. The document requests directed to Han's involvement at BAT, Inc., while not limited to the time period she was made the Chief Executive Officer, Chief Financial Officer and Secretary which was also in 2023, only covers the time she was involved at BAT in any role. This necessarily requires a longer time period given Han's relationship with Diab and employment at LPG which was BAT, Inc. dba Coast Processing prior to LPG and BAT, Inc. formally becoming separate entities. The twelve document requests that expressly go back more than three years are those few document requests relating to LPG, BAT, Inc. and/or payments made by LPG out of necessity because of Han's employment at LPG and BAT, Inc.[2] Freedman Decl.

---

[2] Trustee notes that Request No. 27 should read "2019" instead of "2010" which was a typographical error. Similarly, in Requests Nos. 3 and 4, the phrase "Greyson Law Center, PC expenses, leases,

at ¶ 2, Exh. 1 [Request Nos. 26-32, 41-44, 59]. Even then, many of the document requests that seek older information are directed at specific transactions that would not require an extensive search through years and years of documents in order to comply with the request and in this way are reasonably limited in time. In any event, none of Trustee's document requests require an extensive review over a substantial period of time so as to deem them unduly burdensome. As such, this factor weighs in favor that the document requests are not unduly burdensome.

### 4.    Trustee's Document Requests Are Drafted With Specific Particularity.

A request for discovery must be tailored so that it "appears reasonably calculated to lead to the discovery of admissible evidence" FRCP 26(b)(1). Trustee's document requests are drafted with specific particularity and reasonably calculated to lead to the production of relevant and admissible evidence such that there can be no confusion or dispute, despite Han's feigned attempt to claim otherwise. Each of the document requests is narrowly drafted in time, scope and subject matter. Indeed, many of the document requests seek documents related to specific transactions, such as payments made using LPG funds on Han's Mercedes Benz. *See e.g.* Freedman Decl. at ¶ 2, Exh. 1 [Request Nos. 3, 25, 26, 27, 28, 37- 40, 43-68]. All other document requests are reasonably limited to a specific category of documents, such as communications related to the formation of Greyson / GLC and the thirteen categories discussed above. *See e.g. Id*. [Request Nos. 1, 2, 4-24]. Based on the foregoing, each of Trustee's document requests are drafted with specific particularity reasonably calculated to lead to the production of relevant and admissible evidence reasonable person would be able to ascertain the category of documents being requested. FRCP 26(b)(1); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 571 (C.D. Cal. 2012).  As such, this factor weighs in favor of finding the Trustee's legitimate document requests are not unduly burdensome.

Han, however, has also raised an untimely blanket objection to the "Instructions" and "Definitions" which she speciously claims without any explanation make Trustee's document requests unduly burdensome. It is impossible to respond to an argument that has not been made without speculating, as in this case, regarding Han's untimely and improper unduly burdensome

---

computer equipment," should be deleted from the request. Issues that could have been addressed in a good faith meet and confer had Han engaged in such.

objection. *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("[U]nexplained and unsupported boilerplate objections are improper.") That said Trustee attempts to address any such feigned concerns, below.

### (a)    Untimely and Improper Objection to Trustee's "Instructions"

The "Instructions" to Trustee's document requests simply and succinctly detail Han's duties and obligations pursuant to the document requests attached to the subpoena. Freedman Decl. at ¶ 2, Exh. 1. Specifically, it indicates how documents may be produced, and what information is needed in any potential privilege log should she claim attorney-client privilege or any other privilege in withholding documents in order to assess the validity of the claim of privilege. Such instructions are not overly broad or unduly burdensome as they are the same instructions Han's attorney is required to provide her. As such, Han's claim the "Instructions" are in any way confusing or unduly burden is unsupported by the document requests themselves and Han's non-existent evidence, explanation or case law.

### (b)    Untimely and Improper Objection to Trustee's "Definitions"

Han further objects to the "Definitions" section to the document requests, and specifically with regards to the term "RELATED TO" without any explanation, evidence or legal authority as to why the definition is unduly burdensome. Han further unreasonably requests all definitions be stricken without identifying or establishing why each definition is unduly burdensome. This includes foundational definitions which if deleted would cause each document request to lose all meaning and become worthless.

By way of example, this would include, but is not limited to, the definition of "YOU" and "YOUR," which is succinctly defined as "Han Trinh, whose last known address is 2128 West Cherry Drive, Orange, California 92868." Such a definition is not confusing, unduly burdensome and does not seek to include any other person, including her attorneys or agents. Certainly, Han and her experienced attorney can understand Han's name and last known address.

Similarly, the term "PERSON" and "PERSONS" is taken from California Evidence Code section 175 which any attorney, including Han's experienced attorney, should be able to understand. In order to ensure there is no confusion, and prevent inadvertent non-disclosure or production due to

the plethora of entities and individuals involved, Trustee also included in the definition of "PERSON" a list of specific entities and individuals who are defendants; named in the preliminary injunction; known to associate with Han; worked at or with Greyson, GLC, Oakstone, Guardian, among many others; involved with Diab; and with whom Han reasonably would have communicated with or had dealings with. Evidence known to exist as Trustee is aware Han regularly communicated via text and other channels of communication. Freedman Decl. at ¶ 10, Exh. 10-12; Carss Decl. at Exh. A. As such, these terms, among others not specifically addressed because Han has not made any such specific objection, are proper, not unduly burdensome and necessary to maintain the meaning of Trustee's legitimate document requests.

The specially defined term "RELATED TO" is defined in Trustee's deposition subpoena as follows:

> "RELATING TO" shall have the same meaning as "RELATE," "REFER," "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE" and includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

Freedman Decl. at ¶ 2, Exh. 1.

The definition of "RELATING TO" is not overly broad or unduly burdensome as it is inclusive and limited by the language "in any way legally, logically, or factually connected with the matter discussed, in whole or in part." Freedman Decl. at ¶ 2, Exh. 1. By way of example, Trustee's Request No. 1 requests "Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO the formation of Greyson Law, PC." *Id*. As drafted, Request No. 1 would include communications discussing plans to form Greyson; strategy for Greyson to obtain clients and revenue; steps taken to form Greyson and implement the strategy; and those evidencing Greyson being formally incorporated. It is not boundless and does not require the production of privileged information as Han speciously claims.

Han, however, has demanded that the only term she is willing to accept in replacing "RELATED TO" is the term "evidencing". As Trustee explained in his good faith efforts to meet and confer with Han, the term "evidencing" with regards to those requests that seek ELECTRONIC

MESSAGES or COMMUNICATIONS is too restrictive and defeat the scope and purpose of Trustee's requests. Freedman Decl. at ¶ 7, Exh. 7 [Requests Nos. 1-21, 25, 27, 29, 31, 33, 35, 36, 39-41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 63, 64, and 67.][3] Indeed, using Request No. 1 again as an example, changing "RELATED TO" with "evidencing" would prevent Trustee from obtaining text messages between Han, Jade, Diab, Eng, Wes and/or others regarding the details, plans, etc. . . prior to and related to the formation of Greyson/GLC because it is not "evidence" of Greyson's formal act of formation and incorporation. As such, Trustee reasonably offered to change these requests to "regarding" or "discussing," an offer that fell on deaf ears.

Based on the foregoing, Trustee's document requests, instructions and definitions are drafted with extreme particularity that can only confuse those who are attempting to manufacture confusion. As such, neither the document requests, instructions nor definitions are unduly burdensome or overly broad requiring that they be stricken or modified and Han's frivolous MPO should be denied.

### IV.    THE COURT SHOULD AWARD TRUSTEE MONETARY SANCTIONS

Monetary sanctions may be ordered against a moving party pursuant to FRCP 37(a)(5)(B) where an opposed motion for a protective order was denied and the motion was not substantially justified or other reasons would make the imposition of sanctions unjust. Moreover, the Court may order monetary sanctions against the moving party and/or her counsel for failing to meet and confer in good faith.  FRCP 37(a) and Local Rule 37-1; see also *Hendon*, *supra*, 2023 U.S.Dist.LEXIS 50037 at *24. Here, there is no justification in the law, evidence or argument, which is non-existent, for Han's frivolous MPO. With little doubt, the MPO should never have been brought. There is no justification for Han failing to timely object and file her MPO. There is no justification for Han's continued failure to provide any explanation or evidence sufficiently specific to justify her untimely objection. There is no justification for Han to wrongfully claim she is a nonparty when she is an officer of BAT, Inc., who is a named defendant and especially where Han has agreed to be subjected to discovery by thrusting herself into this litigation on behalf of GLC. Without question, there are numerous reasons why Han was not substantially justified in bringing her frivolous MPO. Based

---

[3] As to all other requests, Trustee had agreed to change the term "RELATED TO" with "evidencing" in a good faith effort to resolve the dispute. Freedman Decl. at ¶ 7, Exh. 7.

1    thereon, the Court is authorized to and should issue an order granting Trustee's request for reasonable

2    expenses and attorney's fees in having to oppose Han's frivolous MPO.

3    In addition to the foregoing, Han was not substantially justified and no grounds mitigate her

4    outright refusal to meet and confer in good faith, as more thoroughly discussed above. Trustee made

5    a reasonable offer: (1) to modify the term "RELATED TO" to either "regarding" or "discussing" and

6    provided an explanation as to why "evidencing" was too restrictive; (2) that no attorney-client

7    privileged or work product needed to be produced; and (3) that Han could produce the documents at

8    the start of the deposition. Freedman Decl. at ¶ 7, Exh. 7. Han refused to accept Trustee's olive branch,

9    despite Trustee's position no olive branch was needed to be given since Han had already waived her

10    objection. Notwithstanding, Trustee continued to try and meet and confer with Han, and at every step,

11    she continued on her predetermined path to pick a fight with the Trustee and unnecessarily involve

12    this Court. There is no justification for: (1) Han's premeditated hostage style negotiations; (2) her

13    demand Trustee make any admission of wrongful doing; or (3) strike entire sections of the document

14    requests without any legal authority or explanation in violation of well-established law that was

15    provided to Han. All of which are grounds to find Han failed to meet and confer in good faith and

16    grounds for monetary sanctions. As such, the Court should order Han and her attorney of record, The

17    Bankruptcy Law Firm, PC, to pay Trustee's reasonable attorney's fees, detailed below.

18    Senior Associate Jeremy Freedman of Dinsmore & Shohl LLP, Special Counsel to Trustee,

19    has spent a total of 14.8 hours reviewing, drafting, collecting evidence in opposition to Han's

20    frivolous MPO and estimate time attending the hearing thereon and reviewing any additional

21    pleadings filed by Han related to her MPO. Freedman Decl. at ¶ 13.  The time required to oppose

22    Han's MPO was made necessary by her refusal to provide any explanation why Trustee's document

23    requests are unduly burdensome and failure to submit evidence required to satisfy any of the factors

24    to support her unduly burdensome objection, requiring Trustee to speculate and address all issues. *Id*.

25    Mr. Freedman's hourly rate is $455.00 per hour. *Id*. Based thereon, Trustee has incurred $6,734.00 in

26    attorney's fees opposing Han's MPO which could have been resolved but for her failure to meet and

27    confer in good faith. *Id*. As such, Trustee respectfully requests the Court award Trustee $6,734.00 in

28

1  attorney's fees as against Han and her counsel of record or any other amount the Court deems

2  reasonable and just. *Id*.

3  ## V.    HAN'S REQUEST FOR MONETARY SANCTIONS SHOULD BE DENIED

4  For all the reasons stated above, Han's MPO should be denied and monetary sanctions should

5  not be awarded. Moreover, Trustee made a good faith offer to resolve this dispute agreeing to

6  reasonably modify the term "RELATED TO" and Sections (d) and (e) of Han's demands. Freedman

7  Decl. at ¶ 7, Exh. 7. Trustee further offered to continue her deposition and the hearing on GLC's

8  Motion to Vacate to allow Han additional time to produce responsive documents based on Trustee's

9  offer. *Id*. Refusing to accept Trustee's reasonable offer without providing any explanation and legal

10  support for her position on an untimely and improper objection cannot be the basis for awarding

11  sanctions. As such, even if the Court is inclined to modify Trustee's subpoena in any manner, Trustee

12  was substantially justified in its position and justice requires that this Court not award Han any

13  monetary sanctions.

14  ## VI.    CONCLUSION

15  Based on the foregoing, case law, arguments and evidence herein, Trustee hereby respectfully

16  requests: (1) Han's MPO be denied in its entirety; (2) the hearing on GLC's Motion to Vacate and

17  the corresponding briefing scheduled be continued to allow Han time to produce all responsive

18  documents to Trustee's legitimate discovery and Trustee time to review the documents that are

19  produced; (3) an order requiring Han to produce said documents three business days before her

20  deposition to address any issues with the production and avoid a document dump at the start of her

21  deposition; and (4) monetary sanctions for having to oppose Han's frivolous and untimely objection

22  and MPO.

23  Dated:  February 27, 2024                Respectfully submitted,

24                                          DINSMORE & SHOHL LLP

25                                          By: */s/ Jeremy B. Freedman*

26                                               Christopher B. Ghio
                                                 Jeremy B. Freedman
27                                               Special Counsel to Richard A. Marshack
                                                 Chapter 11 Trustee for the Bankruptcy Estate of
28                                               The Litigation Practice Group

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT HAN TRINH'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER [ADV. DKT. NO. 403]**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 27, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Keith Barnett
on behalf of Defendant Payliance, LLC

keith.barnett@troutman.com
kelley.wade@troutman.com

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On February 27, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 27, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY - VIA FEDEX**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.**     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Lisa Cohen | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh (DISMISSED) | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh (DISMISSED) | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@efc.inforuptcy.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

    **F 9013-3.1.PROOF.SERVICE**