# EXHIBIT 1

Case 8:23-ap-01046-SC    Doc 416-2    Filed 02/27/24    Entered 02/27/24 20:53:51    Desc
Exhibit 1 to Decl. of Jeremy B. Freedman    Page 2 of 18

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central District    District of    California - Santa Ana Division

In re  The Litigation Practice Group, PC
  Debtor

Case No.  8:23-bk-10571-SC

*(Complete if issued in an adversary proceeding)*

Chapter  11

RICHARD A. MARSHACK, et al.
  Plaintiff
    v.

Adv. Proc. No.  8:23-ap-01046-SC

TONY DIAB, et al.
  Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: HAN TRINH

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Dinsmore & Shohl LLP    Tele:  (619) 400-0500<br>655 West Broadway, Suite 800<br>San Diego, California  92101 | March 1, 2024 at 10:00 a.m. |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 2, 2024

  CLERK OF COURT

                OR

_____        /s/ Jeremy B. Freedman
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*
                Jeremy B. Freedman, Counsel for Richard A. Marshack

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff Richard A. Marshack          , who issues or requests this subpoena, are:

Jeremy B. Freedman, Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, CA 92101  Tele: (619) 400-0500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __Han Trinh__
on *(date)* __02/02/24__ .

☑ I served the subpoena by delivering a copy to the named person as follows: __Han Trinh, personally served at the following location: The Bankruptycy Law Firm, 10524 West Pico Boulevard, Suite 212, Los Angeles, Califronia 90064__
____at 12:00 P.M.____ on *(date)* ____02/02/24____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __163.28__ .

My fees are $ __250.00__ for travel and $ __0.00__ for services, for a total of $ __250.00__ .

I declare under penalty of perjury that this information is true and correct.

Date: __02/02/24__

_____
*Server's signature*

__Omar Tamariz, RPS# 2023-157471, Los Angeles County__
*Printed name and title*

__1202 Kettner Blvd, Ste. A, San Diego, CA 92101__
*Server's address*

Additional information concerning attempted service, etc.:
Additional Documents Served:

Notice Of Taking Deposition Of Han Trinh Pursant To Federal Rules Of Civil Procedure 30, Incorporated Be Federal Rules Of Procedure 7030, And Demand For Production Of DocumentsPursuant To Federal Rules Of Procedure 34, Incoporated By Federal Rule Of Bankruptcy Procedure 7034

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

Case 8:23-ap-01046-SC    Doc 416-2    Filed 02/27/24    Entered 02/27/24 20:53:51    Desc
Exhibit 1 to Decl. of Jeremy B. Freedman    Page 4 of 18

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT "A"

Pursuant to the foregoing Deposition Subpoena, HAN TRINH shall produce all Documents that are in HAN TRINH's possession, custody, or control described below.

## INSTRUCTIONS

1. You are instructed to produce the Documents (as defined and described below) that are in your possession, custody, or control including, but not limited to, Documents in the possession of your attorneys, accountants, bookkeepers, agents, or representatives. You are further instructed to produce the Documents as they are kept in the usual course of business. If a Document is maintained on a computer, a hard copy of that Document shall be produced. In addition, Documents are to be produced in their entirety; redacted Documents will not constitute compliance with this request.

2. If you contend that the contents of a Document are protected from disclosure because of a privilege or the work-product doctrine, you must supply a description of that Document by providing the following information:

    a. Each privilege or doctrine which you contend protects the contents of that Document from disclosure;

    b. Each fact upon which you rely to support your claim of privilege;

    c. The type of Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

    d. The date of the Document or, if it bears no date, the date on which it was prepared;

    e. The name of each author of the Document;

    f. The name of each person to whom the Document was directed;

    g. The name of each person who received or reviewed the Document or to whom the Document or a copy thereof was supplied; and

    h. The general subject matter of the Document.

3. In the event that any Document described below has been destroyed, discarded, or otherwise disposed of ("Disposal"), each such Document is to be identified as completely as possible including, without limitation, the following information:

    a. The type of Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

    b. The date of the Document or, if it bears no date, the date on which it was prepared;

    c. The name of each author of the Document;

    d. The name of each person to whom the Document was directed;

    e. The name of each person who received or reviewed the Document or to whom the Document or a copy thereof was supplied;

    f. The general subject matter of the Document;

    g. The date of Disposal;

    h. The manner of Disposal;

    i. The reason for the Disposal;

    j. The name of the person who authorized the Disposal;

    k. The name of the person who disposed of the Document;

    l. The name of the custodian of the Document at the time of the Disposal; and

    m. The disposition of the Document; and, if it is still extant, the name of the person who currently has possession, custody, or control of it.

## DEFINITIONS

A. "DOCUMENT(S)" means a "writing" or "recording," as those terms are defined in Federal Rule of Evidence 1001, and refers to those materials in YOUR actual or constructive possession, custody or control, including, but not limited to, originals, copies, non-identical copies, and preliminary, intermediate, and final drafts of writings, recordings of oral communications, correspondence, e-mails, papers, books, pamphlets, periodicals,

bills, accounts, checks, check registers, letters, photographs, objects, telegrams, notes, minutes, memoranda, inter-office and intraoffice communications, reports, studies, surveys, forecasts, analysis, indexes, calendars, diaries, and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic (such as on a computer hard drive or diskette), microfilm, phonic (such as tape recordings), photographic or other means. Handwritten or other notations of any kind on any copy of a DOCUMENT render it non-identical.

     B.    The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings, and all other forms of communicating language or thought.

     C.    "RELATING TO" shall have the same meaning as "RELATE," "REFER," "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE" and includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

     D.    "YOU" and "YOUR" shall mean Han Trinh, whose last known address is 2128 West Cherry Drive, Orange, California 92868.

     E.    "PERSON" or "PERSONS" shall mean all natural persons, firms, associations, organizations, partnerships, business trusts, corporations, limited liability companies or public entities and specifically include, but is not limited to the following:

          1.    **Tony Diab;**

          2.    **The Litigation Practice Group** ("LPG") and any employee, officer, director, attorney, agent or W-9 contractor of LPG;

          3.    **Oakstone Law Group, PC** ("Oakstone") and any employee, officer, director, attorney, agent or W-9 contractor of Oakstone;

4. **Greyson Law Center, PC** and any employee, officer, director, attorney, agent or W-9 contractor of Greyson;

5. **Greyson Law, PC** and any employee, officer, director, attorney, agent or W-9 contractor of Greyson Law;

6. **Phoenix Law, PC** ("Phoenix") and any employee, officer, director, attorney, agent or W-9 contractor of Phoenix;

7. **Consumer Legal Group, PC** ("CLG") and any employee, officer, director, attorney, agent or W-9 contractor of CLG;

8. **Gallant Law Group, PC** ("GLG") and any employee, officer, director, attorney, agent or W-9 contractor of GLG;

9. **Legacy Law Partners, PC** ("Legacy") and any employee, officer, director, attorney, agent or W-9 contractor of Legacy;

10. **B.A.T., Inc. dba Coast Processing** (aka BAT, aka Coast Processing) (collectively "BAT") and any employee, officer, director, attorney, agent or W-9 contractor of BAT;

11. **Strategic Consulting Solutions, LLC** ("SCS") and any employee, officer, director, attorney, agent or W-9 contractor of SCS;

12. **Maverick Management, LLC** ("Maverick") and any employee, officer, director, attorney, agent or W-9 contractor of Maverick;

13. **Vulcan Consulting, Inc.** ("Vulcan") and any employee, officer, director, attorney, agent or W-9 contractor of Vulcan;

14. **PrimeLogix, LLC** (PrimeLogix") and any employee, officer, director, attorney, agent or W-9 contractor of PrimeLogix;

15. **Guardian Processing, LLC** ("Guardian") and any employee, officer, director, attorney, agent or W-9 contractor of Guardian;

16. **LGS HoldCo, LLC** ("LGS") and any employee, officer, director, attorney, agent or W-9 contractor of LGS HoldCo;

///

4

17. **Marich Bein, LLC** ("Marich Bein") and any employee, officer, director, attorney, agent or W-9 contractor of Marich Bein;

18. **BankUnited, N.A.** ("BankUnited") and any employee, officer, director, attorney, agent or W-9 contractor of BankUnited;

19. **OptimumBank Holdings, Inc. dba Optimum Bank** ("Optimum");

20. **Revolv3, Inc.** ("Revolve") and any employee, officer, director, attorney, agent or W-9 contractor of Optimum;

21. **Seemless Chex, Inc.** ("Seemless") and any employee, officer, director, attorney, agent or W-9 contractor of Seemless;

22. **Dwolla, Inc.** ("Dwolla") and any employee, officer, director, attorney, agent or W-9 contractor of Dwolla;

23. **Stripe, Inc.** ("Stripe") and any employee, officer, director, attorney, agent or W-9 contractor of Stripe;

24. **Fidelity National Information Services, Inc. dba FIS, dba WorldPay** ("FIS") and any employee, officer, director, attorney, agent or W-9 contractor of FIS;

25. **EPPS** ("EPPS") and any employee, officer, director, attorney, agent or W-9 contractor of EPPS;

26. **Merit Fund, LLC** ("Merit") and any employee, officer, director, attorney, agent or W-9 contractor of Merit;

27. **Payliance, LLC** ("Payliance") and any employee, officer, director, attorney, agent or W-9 contractor of Payliance;

28. **Maverick Bankcard, Inc.** ("Maverick Bankcard") and any employee, officer, director, attorney, agent or W-9 contractor of Maverick Bankcard; and any other ACH or credit card processing company regardless of whether any of the foregoing entities was an actual client or customer of the company;

29. **Nathan Johnston** at FIS;

| | | |
|---|---|---|
| 30. | **Rosa Loli** |
| 31. | **Lisa Cohen** |
| 32. | **Wes Thomas** |
| 33. | **William "Ty" Carss** |
| 34. | **Jayde Trinh** |
| 35. | **Jimmy Chhor** |
| 36. | **Dongliang Jiang** |
| 37. | **Max Chou** |
| 38. | **Israel Orozco** |
| 39. | **Scott Eadie** |
| 40. | **Eng Taing** |
| 41. | **Heng Taing** |
| 42. | **David Orr; Bradford ("Brad") Lee** |
| 43. | **Arash Asanti Bayrooti** |
| 44. | **Brian Reale** |
| 45. | **Mario Azevedo** |

F. The term "ELECTRONIC MESSAGES" shall mean any COMMUNICATION via text, email, "writing," "recording," and/or photograph as defined by Federal Rules of Evidence 1001(a)-(c) sent or received electronically using any application, platform or service, regardless of whether it is web, mobile, or desktop based, including but not limited to, iMessage, Google, Google Messages, Gmail, Hotmail, Microsoft Outlook or any other email provider, Teams, WhatsApp, Voxer, Viber, Wickr Me, Instagram, Facebook Messenger, Line, ChatSecure, Dust, "X" formerly known as Twitter, Snapchat, TikTok, Silence, Element, Threeme, Wire, Telegram or any other platform proving similar services.

///

///

///

**DOCUMENTS TO BE PRODUCED**

1. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO the formation of Greyson Law, PC.

2. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO the formation of Greyson Law Center, PC.

3. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO Greyson Law, PC expenses, leases, computer equipment, authorization provided by YOU to use BAT and/or LPG assets to pay Greyson Law, PC expenses and reimburse its employees.

4. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO Greyson Law Center, PC expenses, leases, computer equipment, authorization provided by YOU to use BAT or LPG assets to pay Greyson Law Center, PC expenses, payroll and reimburse its employees.

5. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from Vulcan Management, Inc. to Greyson Law, PC.

6. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from Vulcan Management, Inc. to Greyson Law Center, PC.

7. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from PrimeLogix, LLC to Greyson Law, PC.

8. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from PrimeLogix, LLC to Greyson Law Center, PC.

9. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from BAT to Greyson Law, PC.

10. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from BAT to Greyson Law Center, PC.

11. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from any PERSON to Greyson Law, PC.

///

12. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any funds sent from any PERSON to Greyson Law Center, PC.

13. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law, PC's use of LPG's attorney network.

14. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law Center, PC's use of LPG's attorney network.

15. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law, PC's hiring of LPG's attorneys previously providing out of state services to LPG clients.

16. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO Greyson Law Center, PC's hiring of LPG's attorneys previously providing out of state services to LPG clients.

17. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any use of LPG's proprietary information, including but not limited to, documents, employee handbooks, retainers, service agent and sales scripts and training videos by Greyson Law, PC.

18. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO any use of LPG's proprietary information, including but not limited to, documents, employee handbooks, retainers, service agent and sales scripts and training videos by Greyson Law Center, PC.

19. Any and all ELECTRONIC MESSAGES between YOU and any PERSON RELATED TO or identifying the existence of copy or copies of LPG client files.

20. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED YOUR employment at Greyson Law, PC.

21. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO YOUR employment at Greyson Law Center, PC.

22. Any and all DOCUMENTS RELATED TO YOUR employment at Greyson Law, PC.

8

23. Any and all DOCUMENTS RELATED TO YOUR employment at Greyson Law Center, PC.

24. Any and all DOCUMENTS RELATED TO YOUR employment at LPG.

25. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO any payment made by LPG towards Jayde Trinh's student loans February 20, 2019 to the present.

26. Any and all DOCUMENTS RELATED TO any payment by LPG towards Jayde Trinh's student loans from February 20, 2019 to the present.

27. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO any payment made by LPG or with LPG assets towards the payment of YOUR Mercedes Benz from February 20, 2010 to the present.

28. Any and all DOCUMENTS RELATED TO any payment made by LPG or with LPG assets towards the payment of YOUR Mercedes Benz from February 20, 2019 to the present.

29. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO any payment made by LPG or with LPG assets to YOU from February 20, 2019 to the present.

30. Any and all DOCUMENTS RELATED TO any payment made by LPG or with LPG assets to YOU.

31. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO BAT from February 20, 2019 to the present.

32. Any and all DOCUMENTS RELATED TO BAT from February 20, 2019 to the present.

33. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO YOUR employment as Chief Executive Officer, Chief Financial Officer, Director and Secretary at BAT.

34. Any DOCUMENTS RELATED TO YOUR employment as Chief Executive Officer, Chief Financial Officer, Director and Secretary at BAT.

9

35. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense.

36. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law Center, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense.

37. Any and all DOCUMENTS RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense.

38. Any and all DOCUMENTS RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law Center, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense from January 1, 2023 to the present.

39. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees and deposits, or any their business expense January 1, 2023 to the present.

40. Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO authorization provided by YOU to use BAT assets to pay Greyson Law Center, PC's expenses including but not limited to payroll, computer equipment, IT infrastructure, internet, telephone service, zoom, Microsoft, ACH payment processing fees

1  and deposits, or any their business expense from January 1, 2023 to the present.

2       41.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON,
3  RELATED TO BAT's source of income from February 20, 2019 to the present.

4       42.    Any and all DOCUMENTS RELATED TO BAT's source of income from
5  February 20, 2019 to the present.

6       43.    Any and all ELECTRONIC MESSAGES between YOU and any PERSON,
7  RELATED TO any BAT bank account, including but not limited to its Chase Bank, NA
8  checking account ending in 0830 from February 20, 2019 to the present.

9       44.    Any and all DOCUMENTS RELATED any BAT bank account, including but
10 not limited to its Chase Bank, NA checking account ending in 0830 from February 20, 2019
11 to the present.

12      45.    Any and all ELECTRONIC MESSAGES RELATED TO payment for any
13 Microsoft account held by Greyson Law, PC, including but not limited to, email, Outlook,
14 Onedrive, Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the present.

15      46.    Any and all DOCUMENTS RELATED TO payment for any Microsoft
16 account held by Greyson Law, PC, including but not limited to, email, Outlook, Onedrive,
17 Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the present.

18      47.    Any and all ELECTRONIC MESSAGES RELATED TO payment for any
19 Microsoft account held by Greyson Law Center, PC, including but not limited to, email,
20 Outlook, Onedrive, Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the
21 present.

22      48.    Any and all DOCUMENTS RELATED TO payment for any Microsoft
23 account held by Greyson Law Center, PC, including but not limited to, email, Outlook,
24 Onedrive, Sharepoint, Teams and/or Viva Engage from January 1, 2023 to the present.

25      49.    Any and all ELECTRONIC MESSAGES RELATED TO the source of funds
26 for any payment made to YOUR Wells Fargo (American Express) credit card ending in
27 5434 from January 1, 2023 to the present.

28 ///

11

50. Any and all DOCUMENTS evidencing the source of funds for any payment made to YOUR Wells Fargo (American Express) credit card ending in 5434 from January 1, 2023 to the present.

51. Any and all ELECTRONIC MESSAGES RELATED TO the computers and computer equipment removed from LPG's Tustin office by Greyson employees, including Bradford Lee, loaded onto a Uhaul truck and delivered to Greyson's office located at 3345 Michelson Drive, Suite 400B, Irvine, California 92612 between January 1, 2023 to the present.

52. Any and all DOCUMENTS RELATED TO the computers and computer equipment removed from LPG's Tustin office by Greyson employees, including Bradford Lee, loaded onto a Uhaul truck and delivered to Greyson's office located at 3345 Michelson Drive, Suite 400B, Irvine, 92612 from January 1, 2023 and June 2, 2023.

53. Any and all ELECTRONIC MESSAGES RELATED TO Greyson Law, PC and/or Greyson Law Center, PC's use of office space located at 3161 Michelson Drive, Suite 1675, Irvine, California 92612, including but not limited to, any communications with Eng Taing, PECC, Wes Thomas, Tony Diab or any other PERSON.

54. Any and all DOCUMENTS RELATED TO Greyson Law, PC and/or Greyson Law Center, PC's use of office space located at 3161 Michelson Drive, Suite 1675, Irvine, California 92612, including but not limited to, any communications with Eng Taing, PECC, Wes Thomas, Tony Diab or any other PERSON from January 1, 2023 to the present.

55. Any and all ELECTRONIC MESSAGES RELATED TO Greyson Law Center, PC's use of office space located at 3345 Michelson Drive, Suite 400B, Irvine, 92612, including but not limited to, any communications with Wes Thomas, Tony Diab or any other PERSON from January 1, 2023 to the present.

56. Any and all DOCUMENTS RELATED TO Greyson Law Center, PC's use of office space located at 3345 Michelson Drive, Suite 400B, Irvine, 92612, including but not limited to, any communications with Wes Thomas, Tony Diab or any other PERSON from January 1, 2023 to the present.

57. Any and all ELECTRONIC MESSAGES RELATED TO Greyson Law, PC and/or Greyson Law Center, PC's hiring of Guardian Processing employees from January 1, 2023 to the present.

58. Any and all DOCUMENTS RELATED TO Greyson Law Center, PC's hiring of Guardian Processing employees from January 1, 2023 to the present.

59. Any and all ELECTRONIC MESSAGES with Scott Eadie between February 20, 2019 to the present.

60. Any and all DOCUMENTS that identify the approximated 50 computers and/or computer equipment Greyson Law Center, PC claims it owns, including but not limited to, the manufacturer, model number and/or serial number.

61. Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between Phoenix and Greyson Law Center, PC from January 1, 2023 to the present.

62. Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between Phoenix and Greyson Law, PC from January 1, 2023 to the present..

63. Any and all COMMUNICATIONS between YOU and any PERSON at Phoenix, including but not limited to William "Ty" Carss, RELATED TO any contract between Greyson Law Center, PC and Phoenix from January 1, 2023 to the present.

64. Any and all COMMUNICATIONS between YOU and any PERSON at Phoenix, including but not limited to William "Ty" Carss, RELATED TO any contract between Greyson Law, PC and Phoenix from January 1, 2023 to the present.

65. Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between CLG and Greyson Law Center, PC from January 1, 2023 to the present.

66. Any and all DOCUMENTS that RELATE TO any contract, whether executed or not, between CLG and Greyson Law, PC from January 1, 2023 to the present.

67. Any and all COMMUNICATIONS between YOU and any PERSON at CLG RELATED TO any contract between Greyson Law Center, PC and Phoenix from January 1, 2023 to the present.

///

13

1    68.    Any and all COMMUNICATIONS between YOU and any PERSON at CLG
2 RELATED TO any contract between Greyson Law, PC and Phoenix from January 1, 2023
3 to the present.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28