# EXHIBIT 4

**Freedman, Jeremy**

| | |
|---|---|
| **From:** | Freedman, Jeremy |
| **Sent:** | Tuesday, February 20, 2024 1:36 PM |
| **To:** | 'K. P. March' |
| **Cc:** | Celentino, Christopher; Ghio, Christopher |
| **Subject:** | RE: to attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bky LF (attys for Han Trinh):  Serving you with the attached Objection of Han Trinh.  Please REPLY to confirm receipt.  Thx. |

KP March

As you are fully aware, the subpoena clearly sets forth the requirement for document production pursuant to Rule 45. The document request was attached to the subpoena as required and in any event it is clear Ms. Trinh and your office understood the document request to be attached to the subpoena.

Further, Ms. Trinh's boilerplate blanket objections to all of the requests, without specific detailed explanation of why the request is objectionable, are not well taken and in violation of her duty to produce all responsive documents. See *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.) ("We hold that boilerplate objections or blanket refusals inserted into a response to a request for production of documents are insufficient to assert a privilege."); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable); *A. Farber & Partners, Inc.*, 234 F.R.D. at 188 ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper-especially when a party fails to submit any evidentiary declarations supporting such objections.").

Ms. Trinh's failure to comply with her obligations pursuant to a Court ordered subpoena will result in further grounds for the Court to deny Greyson's motion to vacate and motion for an administrative claim, among all other remedies and sanctions available to the Trustee as against Han Trinh, in her individual capacity.

Best,



**Jeremy B. Freedman**
Associate
Dinsmore & Shohl LLP • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
**T** (619) 400-0517 • **F** (619) 400-0501
**E** Jeremy.Freedman@Dinsmore.com • dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Monday, February 19, 2024 5:05 PM
**To:** Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>
**Subject:** to attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bky LF (attys for Han Trinh): Serving you with the attached Objection of Han Trinh. Please REPLY to confirm receipt. Thx.

021924 at 5:pm

To attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bky LF (attys for Han Trinh):  Serving you with the attached Objection of Han Trinh.  Please REPLY to confirm receipt.  Thx.

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

2