# EXHIBIT 5

**Freedman, Jeremy**

| | |
|---|---|
| From: | K. P. March <kmarch@bkylawfirm.com> |
| Sent: | Tuesday, February 20, 2024 5:42 PM |
| To: | Freedman, Jeremy |
| Subject: | Jeremy Freedman Esq of Celentino firm, from KPMarch, Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC:  This email responds to your 1:25pm email to my firm of earlier this afternoon, 2/20/24.  Please READ below and REPLY promptly.  Thx |

2/20/24

Jeremy Freedman, Esq of Celentino Firm, from KPMarch, Esq., Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC

Atty Freedman:

This email responds to your 1:25pm email to my firm of earlier this afternoon, 2/20/24:

1. Your email does not deny that Han Trinh has been subpoenaed give her deposition in the adversary proceeding; does not deny that Han is NOT a party in the adversary proceeding; and does not deny that Han, as a non-party witness in the adversary proceeding, is **not** subject to FRCP Rule 34 [FRBP Rule 7034] RPDocs. **Han's Objection served 2/19/24 by my firm, on your firm, is Han's written Response saying those things**.

2. Your email does not deny that the only document Han is subject to is the deposition subpoena.  Han's Objection served 2/19/24 confirms Han will appear and give an up-to-7 hours deposition as subpoenaed, on 3/1/24 at 10am, in person.

3. Your email does not deny that page 1 of subpoena (middle of of page) says witness shall  "bring to deposition" documents subpoenaed.  Han is not required to produce any documents before the 3/1/24 at 10am deposition, and will not do so.

4. Your email does not deny that the deposition subpoena, at page 1, middle of page, should have been filled in to state WHAT documents witness is subpoenaed to bring, and instead, has NOTHING filled in there. That defect relieves Han of producing anything at the 3/1/24 deposition.

5. But in addition to that fatal problem, it is nduly burdensome to subpoena Han, a non-party witness, to produce 68 categories of items, and it is impermissibly broad, vague

1

and ambiguous that every single 1 of the 68 categories states "related to", and that the pages of "Instructions" and pages of "Definitions" to the list of 68 items makes the 68 categories even more burdensome, and even more impermissibly broad, vague and ambiguous.

6. Its not Han's fault, or my firm's fault, that your subpoena listing of 68 categories of items you want Han to produce, plus use of "related to" wording regarding each of the 68 categories of items you want Han to produce, plus the multipage "Instructions" and multipage "Definitions", make the 68 categories impermissibly burdensome, overbroad, vague and ambiguous.

7. Let's count Han's Objection email served on your firm on 2/19/24, your 1:25pm email to my firm, and this email, as our "meet and confer", and my firm will move for a protective order.

8. Han Trinh's Motion for Protective Order will move Judge Clarkson for a protective order, as follows:

    a. Ruling that the 68 categories of documents Celentino firm seeks to have Han Trinh produce, are (1) unduly burdensome to Han, a nonparty witness, and is (2) impermissibly overbroad, vague and ambiguous, including due to the "related to" language in each of the 68 categories of documents, and because the pages of "Instructions" and pages of "Definitions" are impermissibly overbroad, vague and ambiguous.
    b. Ruling that the "Instructions" and "Definitions" to the 68 categories shall be deleted.
    c. Ruling that the "related to" language in each of the 68 requests shall be read as "evidencing" instead of being read as "related to", because "related to" is impermissibly broad, vague and ambiguous.
    d. Ruling that Han Trinh shall not be required to produce any documents or communications that are (1) attorney client privileged, or that are (2) work product privileged, because Han, for herself, or Han as head administrator for Greyson Law Center PC, was working with previous attorney Douglas Plazak, esq., or present counsel, The Bankruptcy Law Firm, PC /attorney Kathleen P. March of Firm, to prepare pleadings, discuss strategy, discuss responses to communications from Celentino firm, etc.
    e. Ruling that documents Han produces shall be produced at the start of the 3/1/24 at 10am deposition, not before, because that is what the deposition subpoena states (middle of page 1 of subpoena: "*production.......*"

2

9. OR, you can reply to stipulate to 8.a-e, and save the your firm from the possibility that your firm might be ordered to pay Han's reasonable attorneys fees of having to move for a protective order, with the above, very reasonable terms.

REPLY promptly please.  Thx.

KPMarch


Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*