# EXHIBIT 7

# Freedman, Jeremy

| | |
|---|---|
| **From:** | Freedman, Jeremy |
| **Sent:** | Wednesday, February 21, 2024 2:45 PM |
| **To:** | 'K. P. March'; Celentino, Christopher; Ghio, Christopher; Serrano, Jonathan |
| **Subject:** | RE: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh: Forwarding my firm's email of 2/2024 to all 4 of you, because Freedman has not Replied. Please ONE of you REPLY promptly. Thx. |
| **Attachments:** | RE: to attys Celentino, Ghio, Freedman & Serrano, from KPMarch Esq., Bky LF (attys for Han Trinh): Serving you with the attached Objection of Han Trinh. Please REPLY to confirm receipt. Thx. |

Ms. March,

You again have not provided any authority and the specific grounds upon which the requests are unduly burdensome as I previously stated in my 2/20/24 email, attached hereto as you started a new email thread. I again provide authority as to why your client's objections are wholly improper. See *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.) ("We hold that boilerplate objections or blanket refusals inserted into a response to a request for production of documents are insufficient to assert a privilege."); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable); *A. Farber & Partners, Inc.*, 234 F.R.D. at 188 ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper-especially when a party fails to submit any evidentiary declarations supporting such objections."). Your client must provide a detailed explanation as to why each request is unduly burdensome, overly broad or oppressive.

If the concern is that your client needs more time, then the proper method of resolving the issue is for your clients (Greyson and Han) to stipulate to a continuance of the hearing on its motion to vacate so that we can continue Han's deposition to a mutually agreeable date that provides what your client feels is sufficient time to comply with the Trustee's legitimate requests for production of documents. Note, Han has already been provided approximately 30 days, however, due to the pending deadlines related to Greyson's motion to vacate we are not able to continue Han's deposition and obtain a transcript absent a stipulation by your clients to continue the hearing.

Alternatively, the Trustee is amenable to stipulating to 8(d) and (e). The Trustee will not stipulate to 8(a)-(b) as it is not necessary and your client provides no authority for such position.

With regards to 8(c), your client's proposal for a blanket change of the term "RELATED TO" with "evidencing" is improper as it would change the meaning of the request and improperly restrict the scope of many of the requests specifically with regards to those seeking communications (See Requests Nos. 1-21, 25, 27, 29, 31, 33, 35, 36, 39-41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 63, 64, and 67). By way of example, Request No. 1 states "Any and all ELECTRONIC MESSAGES between YOU and any PERSON, RELATED TO the formation of Greyson Law, PC." In this instance, changing "RELATED TO" with "evidencing" would prevent my client from obtaining text messages between Han, Jade, Diab, Eng, Wes and/or others regarding the details, plans, etc. . . prior to and related to the formation of Greyson because it is not specifically evidence of Greyson's formation, which I imagine you would attempt to argue only applies to formal formation of filing the articles of incorporation. As such, with respect to Requests Nos. 1-21, 25, 27, 29, 31, 33, 35, 36, 39-41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 63, 64, and 67 the Trustee is willing to stipulate that the term "RELATED TO" be read to mean either "regarding" or "discussing". As to the remaining requests that seek "DOCUMENTS" as defined in the request, the Trustee is willing to stipulate to the term "RELATED TO" be read to mean "evidencing".

Further, as you are aware a party must be given a reasonable time to respond to any meet and confer as required by FRCP 37 and the Central Districts Local Rule 37-1. Continued demands for immediate response to emails, especially

those sent after 5pm when people are with their children and families, is not reasonable and not in good faith. We would appreciate basic professional courtesy and compliance with the FRCP, Central District Local Rules in this regard otherwise we will be forced to deem such demands to be made in bad faith.

Best,



### Jeremy B. Freedman
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0517  •  F (619) 400-0501
E Jeremy.Freedman@Dinsmore.com  •  dinsmore.com

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Wednesday, February 21, 2024 11:14 AM
**To:** Freedman, Jeremy <Jeremy.Freedman@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>
**Subject:** FW: Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh: Forwarding my firm's email of 2/2024 to all 4 of you, because Freedman has not Replied. Please ONE of you REPLY promptly. Thx.

022124 at 11:15am

To  Attys Freedman, Celentino, Ghio & Serrano, from KPMarch, Bky LF, counsel for Han Trinh:

All 4 of you:

I am forwarding my firm's below email of 2/2024, replying to Freedman's email to my firm of yesterday, 2/20/24,   to all 4 of you, because Freedman has not Replied to that email.

**Please ONE of the FOUR of you REPLY promptly. Thx.**

KPMarch

Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*

**From:** K. P. March <kmarch@bkylawfirm.com>
**Sent:** Tuesday, February 20, 2024 5:42 PM
**To:** 'Freedman, Jeremy' <Jeremy.Freedman@Dinsmore.com>
**Subject:** Jeremy Freedman Esq of Celentino firm, from KPMarch, Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC: This email responds to your 1:25pm email to my firm of earlier this afternoon, 2/20/24. Please READ below and REPLY promptly. Thx

2/20/24

Jeremy Freedman, Esq of Celentino Firm, from KPMarch, Esq., Bky LF, counsel for Han Trinh, Jayde Trinh and Greyson Law Center PC

Atty Freedman:

This email responds to your 1:25pm email to my firm of earlier this afternoon, 2/20/24:

1. Your email does not deny that Han Trinh has been subpoenaed give her deposition in the adversary proceeding; does not deny that Han is NOT a party in the adversary proceeding; and does not deny that Han, as a non-party witness in the adversary proceeding, is **not** subject to FRCP Rule 34 [FRBP Rule 7034] RPDocs.  **Han's Objection served 2/19/24 by my firm, on your firm, is Han's written Response saying those things**.

2. Your email does not deny that the only document Han is subject to is the deposition subpoena.  Han's Objection served 2/19/24 confirms Han will appear and give an up-to-7 hours deposition as subpoenaed, on 3/1/24 at 10am, in person.

3. Your email does not deny that page 1 of subpoena (middle of of page) says witness shall "bring to deposition" documents subpoenaed.  Han is not required to produce any documents before the 3/1/24 at 10am deposition, and will not do so.

4. Your email does not deny that the deposition subpoena, at page 1, middle of page, should have been filled in to state WHAT documents witness is subpoenaed to bring, and instead, has NOTHING filled in there. That defect relieves Han of producing anything at the 3/1/24 deposition.

5. But in addition to that fatal problem, it is nduly burdensome to subpoena Han, a non-party witness, to produce 68 categories of items, and it is impermissibly broad, vague and ambiguous that every single 1 of the 68 categories states "related to", and that the pages of "Instructions" and pages of "Definitions" to the list of 68 items makes the 68 categories even more burdensome, and even more impermissibly broad, vague and ambiguous.

6. Its not Han's fault, or my firm's fault, that your subpoena listing of 68 categories of items you want Han to produce, plus use of "related to" wording regarding each of the 68 categories of items you want Han to produce, plus the multipage "Instructions"

3

and multipage "Definitions", make the 68 categories impermissibly burdensome, overbroad, vague and ambiguous.

7. Let's count Han's Objection email served on your firm on 2/19/24, your 1:25pm email to my firm, and this email, as our "meet and confer", and my firm will move for a protective order.

8. Han Trinh's Motion for Protective Order will move Judge Clarkson for a protective order, as follows:

    a. Ruling that the 68 categories of documents Celentino firm seeks to have Han Trinh produce, are (1) unduly burdensome to Han, a nonparty witness, and is (2) impermissibly overbroad, vague and ambiguous, including due to the "related to" language in each of the 68 categories of documents, and because the pages of "Instructions" and pages of "Definitions" are impermissibly overbroad, vague and ambiguous.
    b. Ruling that the "Instructions" and "Definitions" to the 68 categories shall be deleted.
    c. Ruling that the "related to" language in each of the 68 requests shall be read as "evidencing" instead of being read as "related to", because "related to" is impermissibly broad, vague and ambiguous.
    d. Ruling that Han Trinh shall not be required to produce any documents or communications that are (1) attorney client privileged, or that are (2) work product privileged, because Han, for herself, or Han as head administrator for Greyson Law Center PC, was working with previous attorney Douglas Plazak, esq., or present counsel, The Bankruptcy Law Firm, PC /attorney Kathleen P. March of Firm, to prepare pleadings, discuss strategy, discuss responses to communications from Celentino firm, etc.
    e. Ruling that documents Han produces shall be produced at the start of the 3/1/24 at 10am deposition, not before, because that is what the deposition subpoena states (middle of page 1 of subpoena: "*production…….*"

9. OR, you can reply to stipulate to 8.a-e, and save the your firm from the possibility that your firm might be ordered to pay Han's reasonable attorneys fees of having to move for a protective order, with the above, very reasonable terms.

REPLY promptly please.  Thx.

KPMarch

Kathleen P. March, Esq.

The Bankruptcy Law Firm, PC
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064
Phone: 310-559-9224
Fax:  310-559-9133
E-mail:  kmarch@BKYLAWFIRM.com
Website:  www.BKYLAWFIRM.com
*"Have a former bankruptcy judge for your personal bankruptcy attorney"*