FILED & ENTERED

FEB 28 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.<br><br><br><br><br>Debtor(s).<br><hr><br>Richard A. Marshack, Ch 11 Trustee,<br><br>Plaintiff(s),<br><br>   v.<br><br><br>Tony  Diab, et al.<br><br><br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  8:23-bk-10571-SC<br>Adv No:   8:23-ap-01046-SC<br><br>**ORDER ON MOTION FOR PROTECTIVE ORDER AND SETTING HEARING ON REQUEST FOR SANCTIONS**<br><br><u>Vacated Hearing</u>:<br>Date:      February 29, 2024<br>Time:      11:00 AM<br>Courtroom:  5C |

       The Court has considered Han Trinh's Motion for Protective Order filed February 22, 2024 [Dk. 403] (the "Motion"), the Opposition filed February 27, 2024 [Dk. 416], the docket as a whole, and has determined that this matter is appropriate for disposition without a hearing and hereby vacates the hearing and issues the below order on the

Motion and sets a further hearing on the Chapter 11 Trustee's request for sanctions on March 27, 2024, at 11:00 a.m.

The Chapter 11 Trustee ("Trustee") is currently engaged in litigation against, among other parties, Greyson Law Center, PC. In reviewing and attempting to understanding the various claims and arguments of Greyson and others, Trustee has propounded discovery upon Han Trinh, a declarant on behalf of Greyson in support of its Opposition to Trustee's Motion for a Preliminary Injunction and other pleadings by Greyson to vacate the Preliminary Injunction[1].

Han Trinh ("Movant") has presented a motion seeking a protective order on several bases, including the fact that the subpoena has left a description of the production of documents on the face page blank; that the subpoena is accompanied by an Attachment "A" which consists of Instructions regarding the production of documents which Movant described as lengthy and consisting of 68 categories of documents; that the document request is unduly burdensome; and that the terminology of the production request uses the phrase "related to" which is "impermissibly broad, vague and ambiguous." Movant claims that she cannot discern any boundaries to "related." Movant also claims that certain of the documents are privileged (i.e., attorney client privilege) or attorney work-product[2].

The standard for a protective order is well stated in Fed. R. Civ. P. ("Rule") 26(c) (in pertinent part):

> (1) The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A)    forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;

---

[1] The Court, through review of multiple pleadings in this case, wonders if Han Trinh is also most likely a PMK of some or all of the history and activities of Greyson.

[2] The Court may be misinterpreting the Motion; however, it appears that Movant is arguing that since Movant has shown non-privileged documents to her attorney, those documents somehow become attorney work-product. That argument, if actually made, is an incorrect application of the work-product privilege.

\*\*\*

(2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

Fed. R. Civ. P. 26(c).

The Court has reviewed the Motion, the Opposition, the subpoena attached to the Motion, including the instructions attached to the subpoena, the evidence before it, and all of the files in this case, and finds good cause to order as follows:

1. Pursuant to Trustee's current subpoena, Movant is only required to present the documents at the time of the deposition; not before. However, because of the issues presented in the Motion for the protective order, the required documents shall now be delivered to the Trustee no later than three (3) business days before the rescheduled deposition. The date and time of a rescheduled deposition shall be set by the parties or, if cooperation is not achieved, by this Court.

2. The Movant's request for sanctions is denied.

3. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), the Court shall set a hearing on March 27, 2024, at 11:00 a.m. regarding Trustee's request for sanctions. Trustee may file supplemental evidence to his sanctions request, if any, by March 6, 2024. Any opposition to the sanction request is due no later than March 13, 2024. Any reply is due no later than March 20, 2024.

4. The request to continue the hearing on Defendant Greyson's Motion to Vacate [Dk. 290], currently scheduled to be heard on March 27, 2024, at 1:30 p.m., as well as the related briefing schedule, is granted in order to permit adequate discovery. An amended scheduling order shall be entered forthwith.

5. Movant's request to be relieved from the production of documents based on the "blank" portion of the subpoena is overruled. The immediate appearance of Attachment "A" to the subpoena states that the subpoena is requiring both an appearance and document production. Indeed, Movant volunteers to bring

certain documents (chosen by her) to the deposition.

6. The phrase "related to" is clear to the Court that any non-privileged documents that are associated with, in any manner, the subject areas described in Attachment "A" to the subpoena must be produced. If Movant has relevancy objections with respect to any produced documents later at trial or in pre-trial motions to which she is a party, Movant can raise those objections at that time. Based on the present litigation posture and claims objections, the stated defenses of the defendants and claimants, and the amounts at stake, the requested document production is not overbroad in any sense. The Court has reviewed the litigation and the claims of Greyson and finds that each category of the document production request is relevant and potentially helpful in understanding the facts surrounding the litigation and the Greyson claims in this bankruptcy case.

7. If any documents are considered "attorney-client" privileged, a complete and fulsome privilege log must be presented to Trustee at the time of document delivery to Trustee.

8. With respect to any "attorney work-product" privilege, if Movant's argument is that since her attorney has seen the requested documents that those documents have somehow become "attorney work-product," such an argument is overruled. If attorney work-privilege objections are presented, a log shall be provided which sets out how those documents constitute attorney work-product must be presented to Trustee at the time of document delivery to Trustee.

9. In the event that the deposition must be continued because further documents are required to be produced, the parties may stipulate to new dates and times, or alternatively return to this Court for resetting.

10. In the event that the deposition is required to exceed 7 hours the parties may either stipulate to such extension or petition the Court demonstrating good cause.

**IT IS SO ORDERED.**

Date: February 28, 2024

Scott C. Clarkson
United States Bankruptcy Judge