1  CHRISTOPHER B. GHIO (259094)
   christopher.ghio@dinsmore.com
2  CHRISTOPHER CELENTINO (131688)
   christopher.celentino@dinsmore.com
3  JEREMY B. FREEDMAN (308752)
   jeremy.freedman@dinsmmore.com
4  DINSMORE & SHOHL LLP
   655 West Broadway, Suite 800
5  San Diego, California 92101
   Tele:   619.400.0500
6  Fax:    619.400.0501
7
8  Special Counsel to Richard A. Marshack,
   Chapter 11 Trustee for the Bankruptcy Estate of
9  The Litigation Practice Group P.C.

10

11            **UNITED STATES BANKRUPTCY COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

13

| | |
|---|---|
| 14  In re: | Case No.: 8:23-bk-10571-SC |
| 15  THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:23-ap-01046-SC |
| 16                      Debtor. | Chapter 11 |
| 17 _____ | |
| 18  RICHARD A. MARSHACK, | **PLAINTIFF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE'S RESPONSE TO EVIDENTIARY OBJECTIONS TO DECLARATION OF ALEX RUBIN** |
| 19                      Plaintiff, | |
| 20  v. | |
| 21  TONY DIAB, et al. | Date:     May 1, 2024 |
| 22 | Time:     1:30 p.m. |
| 23                      Defendants. | Judge:    Hon. Scott C. Clarkson |
| 24 | Place:    Courtroom 5C |
| | 411 West Fourth Street |
| | Santa Ana, California  92701 |

25

26

27

28

# TABLE OF CONTENTS

**Page**

GREYSON'S OBJECTION NO. 1: ........................................................................................ 2

    RESPONSE TO OBJECTION NO. 1: .............................................................................. 3

GREYSON'S OBJECTION NO. 2: ........................................................................................ 6

    RESPONSE TO OBJECTION NO. 2: .............................................................................. 6

GREYSON'S OBJECTION NO. 3: ........................................................................................ 8

    RESPONSE TO OBJECTION NO. 3: .............................................................................. 8

GREYSON'S OBJECTION NO. 4: ........................................................................................ 8

    RESPONSE TO OBJECTION NO. 4: .............................................................................. 8

GREYSON'S OBJECTION NO. 5: ........................................................................................ 8

    RESPONSE TO OBJECTION NO. 5: .............................................................................. 9

GREYSON'S OBJECTION NO. 6: ........................................................................................ 9

    RESPONSE TO OBJECTION NO. 6: .............................................................................. 9

GREYSON'S OBJECTION NO. 7: ........................................................................................ 9

    RESPONSE TO OBJECTION NO. 7: .............................................................................. 9

GREYSON'S OBJECTION NO. 8: ........................................................................................ 9

    RESPONSE TO OBJECTION NO. 8: ............................................................................ 10

GREYSON'S OBJECTION NO. 9: ...................................................................................... 10

    RESPONSE TO OBJECTION NO. 9: ............................................................................ 10

GREYSON'S OBJECTION NO. 10: .................................................................................... 10

    RESPONSE TO OBJECTION NO. 10: .......................................................................... 10

GREYSON'S OBJECTION NO. 11: .................................................................................... 11

    RESPONSE TO OBJECTION NO. 11: .......................................................................... 11

GREYSON'S OBJECTION NO. 12: .................................................................................... 11

    RESPONSE TO OBJECTION NO. 12: .......................................................................... 11

GREYSON'S OBJECTION NO. 13: .................................................................................... 11

RESPONSE TO OBJECTION NO. 13:..................................................................... 11

GREYSON'S OBJECTION NO. 14: ...................................................................... 12

RESPONSE TO OBJECTION NO. 14:..................................................................... 12

GREYSON'S OBJECTION NO. 15: ...................................................................... 12

RESPONSE TO OBJECTION NO. 15:..................................................................... 12

GREYSON'S OBJECTION NO. 16: ...................................................................... 12

RESPONSE TO OBJECTION NO. 16:..................................................................... 13

GREYSON'S OBJECTION NO. 17: ...................................................................... 13

RESPONSE TO OBJECTION NO. 17:..................................................................... 13

GREYSON'S OBJECTION NO. 18: ...................................................................... 13

RESPONSE TO OBJECTION NO. 18: PLAINTIFF'S RESPONSE:..................................... 13

GREYSON'S OBJECTION NO. 19: ...................................................................... 14

RESPONSE TO OBJECTION NO. 19:..................................................................... 14

GREYSON'S OBJECTION NO. 20: ...................................................................... 14

RESPONSE TO OBJECTION NO. 20:..................................................................... 14

GREYSON'S OBJECTION NO. 21: ...................................................................... 14

RESPONSE TO OBJECTION NO. 21:..................................................................... 14

GREYSON'S OBJECTION NO. 22: ...................................................................... 15

RESPONSE TO OBJECTION NO. 22:..................................................................... 15

GREYSON'S OBJECTION NO. 23: ...................................................................... 15

RESPONSE TO OBJECTION NO. 23:..................................................................... 15

GREYSON'S OBJECTION NO. 24: ...................................................................... 15

RESPONSE TO OBJECTION NO. 24:..................................................................... 16

GREYSON'S OBJECTION NO. 25: ...................................................................... 16

RESPONSE TO OBJECTION NO. 25:..................................................................... 16

1    Plaintiff Richard A. Marshack ("Plaintiff"), Chapter 11 Trustee for the Bankruptcy Estate of

2    debtor The Litigation Practice Group P.C. ("LPG") in the above-captioned bankruptcy case and

3    Plaintiff in the above-captioned adversary proceeding, hereby submits his response to *Greyson Law*

4    *Center PC's Evidentiary Objection to, and Request to Strike, Portions of 1/5/24 Declaration of Alex*

5    *Rubin [Dkt. 325-4], and Exhibits Thereto, Filed by Celentino Firm as Part of Celentino's Submission*

6    *in Joint Statement Filed 1/8/24 Re. Greyson's Motion [Dkt. 290 in Adv. Pro; Dkt. 749 in Main Case]*

7    *to Vacate [Dkt. 13] 5/26/24 Lockout and Preliminary Injunction, as to Greyson, and for Return of*

8    *Seized Items* [Adv. Docket No. 477] filed by Greyson Law Center PC ("Greyson") on April 2, 2024:

9    **GREYSON'S OBJECTION NO. 1:**

10    Objectionable Language: (¶ 1, Page 2, lines 2–16)

11    At all relevant times I was employed by Resolution Processing, LLC which was in turn

12    employed by the Chapter 11 Trustee, Richard Marshack, to implement this Court's Temporary

13    Restraining Order [Adv. Proc. 8:23-ap-01046-SC ("1046 Action"), Dkt No. 13] served on June 2,

14    2023 and the subsequent Preliminary Injunction ordered by this Court on June 12, 2023 [1046 Action,

15    Dkt No. 70]. I was provided credentials for Greyson Law, PC ("Greyson") accounts on or shortly

16    after June 2, 2023. That said, Justin Nguyen and others continued to have access to Greyson's

17    Microsoft account, including email through at least June 9, 2023. For instance, I am aware Greyson

18    employees including Israel Orozco, Reid Wood, and those registered to the

19    accounting@greysonlawpc.com account, among others had access to their accounts in order to obtain

20    information they needed to service their clients until approximately June 7-9th, 2023 as evidenced

21    below. Other than changing user credentials and setting to block access to the Greyson accounts, I

22    have not modified, altered or deleted any of Greyson's Microsoft emails, Sharepoint, Teams,

23    OneDrive Viva Engage or any other account Greyson had access to prior the implementation of the

24    Court's Preliminary Injunction. I have reviewed the following Greyson emails and associated Teams,

25    OneDrive and Sharepoint accounts.

26    Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a)),

27    Hearsay (FRE 801), Vague (FRE 403)

28    *///*

2

**<u>RESPONSE TO OBJECTION NO. 1:</u>**

*First*, Greyson argues that statements relating to its email accounts and attaching emails seized from its email accounts are inadmissible because those email accounts were seized, read, and attached unlawfully. Greyson cites to no authority as to why Plaintiff's seizure of Greyson's emails warrants their inadmissibility. However, Rule 402 of the Federal Rules of Evidence ("FRE") provides that relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; the FRE; or other rules prescribed by the Supreme Court. ed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

Here, the statements relating to Greyson's email accounts and the attachment thereof makes the following facts more probable than they would be without the evidence that (1) Tony Diab controlled Greyson; (2) Greyson stole LPG's attorney network and attempted to sell the same information and access back to Phoenix Law, PC and Consumer Legal Group, PC; (3) Greyson transferred LPG's clients to itself, including those fraudulently transferred to Phoenix Law, PC, Oakstone Legal Group, PC, and Consumer Legal Group; (4) Greyson misappropriated LPG propriety documents, marketing affiliates, and related corporate opportunities, scripts, and training videos among other operational documents; (5) Greyson used LPG accounts to including IT infrastructure; (6) Greyson comingled LPG email and cloud based systems with Greyson's Microsoft accounts including Microsoft Outlook, Sharepoint, OneDrive, Teams and Viva Engage, among others in order to fraudulently transfer LPG clients, attorneys, proprietary information and marketing affiliates to Greyson; (7) Greyson used laptops, computers and other office furniture and equipment that were taken from LPG's Tustin office, owned by LPG or paid for with LPG funds; and (8) Greyson had access to LPG's proprietary client management resource software, LUNA, which has now been sold (including the source code and all rights thereto) to Morning Law Group pursuant to Order of this Court (collectively, the "Facts"). These facts are of consequence in determining the action because these facts form the basis to deny Greyson's Motion to Vacate the Lockout and Preliminary Injunction Order. Moreover, the probative value of this relevant evidence is not substantially outweighed by any

1  danger of unfair prejudice, as the emails were obtained pursuant to the Court's preliminary injunction.

2  *See* Fed. R. Evid. 403.

3      *Second*, Greyson further asserts that the declarant, Alex Rubin, lacks foundation to attach

4  emails which he did not send or receive under FRE 901(a) and FRE 602. FRE 901(a) provides that,

5  in order to authenticate or identify an item of evidence, the proponent must produce evidence

6  sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a).

7  FRE 901(b)(4) provides that an item of evidence can be authenticated or identified through the

8  appearance, contents, substance, internal patterns, or other distinctive characteristics of the item,

9  taken together with all the circumstances. Fed. R. Evid. 901(b)(4). Numerous cases involve the

10  admission of evidence that the declarant did not "write, sign, use, or see others write, sign, or use the

11  documents attached as supplemental exhibits." *See, e.g.*, *Marentes v. State Farm Mut. Auto. Ins. Co.*,

12  224 F.Supp.3d 891, 926 (N.D. Cal. 2016). Yet, courts have found those documents to be authenticated

13  under FRE 901(b)(4) because they "appear to be sufficiently genuine." *Id.* at 926–27.

14      Here, Greyson's emails should be authenticated or identified through their distinctive

15  characteristics. All of the emails identify the email address of the sender and recipient and the dates

16  and times that they were sent. Moreover, it is reasonable to assume that the alleged authors of the

17  emails—Tony Diab, Han Trinh, and others—would possess the email addresses from the domain

18  greysonlawpc.com since they were employees of Greyson or controlled Greyson and had the capacity

19  to send correspondence from such addresses. *See United States v. Fluker*, 698 F.3d 988, 999

20  (7th Cir. 2012) (finding it "reasonable for one to assume that an MTE Board Member would possess

21  an email address bearing the MTE acronym and have the capacity to send correspondence from such

22  an address"). For these reasons, the attached emails are sufficiently genuine under FRE 901(b)(4).

23      *Third*, Greyson asserts that the content of the emails is inadmissible hearsay under FRE 801.

24  Under FRE 801, hearsay is an out of court statement offered to prove the truth of the matter asserted

25  in the statement. Fed. R. Evid. 801(c). But FRE 801(d)(2) provides that a statement is not hearsay if

26  it is offered against an opposing party and meets one of the following criteria:

27      (A)   was made by the party in an individual or representative capacity;

28      (B)   is one the party manifested that it adopted or believed to be true;

4

1       (C)    was made by a person whom the party authorized to make a statement on the subject;

2       (D)    was made by the party's agent or employee on a matter within the scope of that

3  relationship and while it existed; or

4       (E)    was made by the party's coconspirator during and in furtherance of the conspiracy.

5  Fed. R. Evid. 801(d)(2).

6       Here, not only are the statements in the emails not offered for the truth of the matter asserted,

7  they are (a) made by a party—Greyson, Tony Diab, Han Trinh, etc.—in an individual or

8  representative capacity of Greyson and/or (b) made by Greyson's agent or employee on a matter

9  within the scope of that relationship and while it existed. *See id.* Even if the statements in the emails

10  are hearsay, which they are not, the statements are sufficiently trustworthy given the totality of the

11  circumstances under which they were made and are more probative on the facts for which they are

12  offered than any other evidence that Plaintiff can obtain through reasonable efforts. *See* Fed. R. Evid.

13  807(a). For these reasons, the contents of the emails is not hearsay.

14       *Finally*, Greyson posits that the statement "at all relevant times" is vague under FRE 403. But

15  FRE 403 does not provide for the exclusion of evidence for vagueness. FRE 403 provides that the

16  "court may exclude relevant evidence if its probative value is substantially outweighed by a danger

17  of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

18  delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

19       Here, the probative value of the testimony is not substantially outweighed by a danger of

20  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

21  presenting cumulative evidence, as the relevant times that Alex Rubin was employed by Resolution

22  Processing, LLC, which was employed by Plaintiff, clearly references the time period between the

23  initiation of the instant Adversary Proceeding to the present date. No risk of prejudice exists by Alex

24  Rubin stating his employment status at all relevant times. Thus, Greyson's objection should be

25  overruled.

26  ///

27  ///

28  ///

**GREYSON'S OBJECTION NO. 2:**

Objectionable Language: (¶ 3, Page 2, lines 20–21)

The admin@greysonlawpc.com account was registered to Han Trinh, hereinafter referred to as "Han". See Declaration of Brad Lee.

Basis for Objection: Unlawful seizure of emails

**RESPONSE TO OBJECTION NO. 2:**

*First*, Greyson argues that statements relating to its email accounts and attaching emails seized from its email accounts are inadmissible because those email accounts were seized, read, and attached unlawfully. Greyson cites to no authority as to why Plaintiff's seizure of Greyson's emails warrants their inadmissibility. However, FRE 402 provides that relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; the FRE; or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

Here, the statements relating to Greyson's email accounts and the attachment thereof makes the following facts more probable than they would be without the facts. These facts are of consequence in determining the action because these facts form the basis to deny Greyson's Motion to Vacate the Lockout and Preliminary Injunction Order. Moreover, the probative value of this relevant evidence is not substantially outweighed by any danger of unfair prejudice, as the emails were obtained pursuant to the Court's preliminary injunction. *See* Fed. R. Evid. 403.

*Second*, Greyson further asserts that the declarant, Alex Rubin, lacks foundation to attach emails which he did not send or receive under FRE 901(a) and FRE 602. FRE 901(a) provides that, in order to authenticate or identify an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a). FRE 901(b)(4) provides that an item of evidence can be authenticated or identified through the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances. Fed. R. Evid. 901(b)(4). Numerous cases involve the admission of evidence that the declarant did not "write, sign, use, or see others write, sign, or use the

documents attached as supplemental exhibits." *See, e.g.*, *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F.Supp.3d 891, 926 (N.D. Cal. 2016). Yet, courts have found those documents to be authenticated under FRE 901(b)(4) because they "appear to be sufficiently genuine." *Id.* at 926–27.

Here, Greyson's emails should be authenticated or identified through their distinctive characteristics. All of the emails identify the email address of the sender and recipient and the dates and times that they were sent. Moreover, it is reasonable to assume that the alleged authors of the emails—Tony Diab, Han Trinh, and others—would possess the email addresses from the domain greysonlawpc.com since they were employees of Greyson or controlled Greyson and had the capacity to send correspondence from such addresses. *See United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) (finding it "reasonable for one to assume that an MTE Board Member would possess an email address bearing the MTE acronym and have the capacity to send correspondence from such an address"). For these reasons, the attached emails are sufficiently genuine under FRE 901(b)(4).

*Third*, Greyson asserts that the content of the emails is inadmissible hearsay under FRE 801. Under FRE 801, hearsay is an out of court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). But FRE 801(d)(2) provides that a statement is not hearsay if it is offered against an opposing party and meets one of the following criteria:

    (A)    was made by the party in an individual or representative capacity;

    (B)    is one the party manifested that it adopted or believed to be true;

    (C)    was made by a person whom the party authorized to make a statement on the subject;

    (D)    was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

    (E)    was made by the party's coconspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2).

Here, not only are the statements in the emails not offered for the truth of the matter asserted, they are (a) made by a party—Greyson, Tony Diab, Han Trinh, etc.—in an individual or representative capacity of Greyson and/or (b) made by Greyson's agent or employee on a matter within the scope of that relationship and while it existed. *See id.* Even if the statements in the emails are hearsay, which they are not, the statements are sufficiently trustworthy given the totality of the

circumstances under which they were made and are more probative on the facts for which they are offered than any other evidence that Plaintiff can obtain through reasonable efforts. *See* Fed. R. Evid. 807(a). For these reasons, the contents of the emails is not hearsay. Thus, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 3:**

Objectionable Language: (¶ 4, Page 2, lines 22–23)

A true and correct copy of an email from Han to Tony Diab ("Diab") at tony@coastprocessing.com and attached invoices dated May 1, 2023 is attached hereto as Exhibit 1.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801)

**RESPONSE TO OBJECTION NO. 3:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 4:**

Objectionable Language: (¶ 5, Page 2, lines 24–26)

A true and correct copy of an email from Han to Diab at tony@coastprocessing.com and attached payroll schedule (redacted for personal information) dated May 3, 2023 is attached hereto as Exhibit 2.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 802)

**RESPONSE TO OBJECTION NO. 4:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 5:**

Objectionable Language: (¶ 6, Page 2, lines 27–28)

A true and correct copy of an email from Han to all Greyson Attorneys regarding onboarding of Oakstone clients dated May 9, 2023 is attached hereto as Exhibit 3.

*///*

1  Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

2  Hearsay (FRE 802)

3  **RESPONSE TO OBJECTION NO. 5:**

4  This objection of Greyson is identical to the previous one. For the same reasons that are argued

5  above, Greyson's objection should be overruled.

6  **GREYSON'S OBJECTION NO. 6:**

7  Objectionable Language: (¶ 7, Page 3, lines 1–3)

8  Attached hereto is a true and correct copy of an email from Han to ops@greysonlawpc.com

9  attaching LPG's attorney network list and the list dated May 9, 2023 as Exhibit 4.

10  Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

11  Hearsay (FRE 801, 802)

12  **RESPONSE TO OBJECTION NO. 6:**

13  This objection of Greyson is identical to the previous one. For the same reasons that are argued

14  above, Greyson's objection should be overruled..

15  **GREYSON'S OBJECTION NO. 7:**

16  Objectionable Language: (¶ 8, Page 3, lines 4–6)

17  Attached hereto is a true and correct copy of an email from Han to hr@greysonlawpc.com

18  attaching LPG's employee handbook and the attached handbook dated April 27, 2023 as Exhibit 5.

19  Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

20  Hearsay (FRE 802)

21  **RESPONSE TO OBJECTION NO. 7:**

22  This objection of Greyson is identical to the previous one. For the same reasons that are argued

23  above, Greyson's objection should be overruled..

24  **GREYSON'S OBJECTION NO. 8:**

25  Objectionable Language: (¶ 9, Page 3, lines 7–9)

26  A true and correct copy of an email from Brad Lee to Han and admin@prime-logix.co with

27  Greyson's Revolv3 / Payliance contract (redacted for personal information) dated May 17, 2023 is

28  attached hereto as Exhibit 6.

1    Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

2 Hearsay (FRE 801, 802)

3 **RESPONSE TO OBJECTION NO. 8:**

4    This objection of Greyson is identical to the previous one. For the same reasons that are argued

5 above, Greyson's objection should be overruled..

6 **GREYSON'S OBJECTION NO. 9:**

7    Objectionable Language: (¶ 10, Page 3, lines 10–12)

8    Attached hereto is a true and correct copy of an email chain between Kent@lpglaw.com,

9 Kathleen Stevens, 24him4ever@gmail.com, and admin@greysonlawpc.com indicating comingled

10 LPG emails and accounts dated May 23, 2023 as Exhibit 7.

11    Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

12 Hearsay (FRE 801, 802)

13 **RESPONSE TO OBJECTION NO. 9:**

14    This objection of Greyson is identical to the previous one. For the same reasons that are argued

15 above, Greyson's objection should be overruled.

16 **GREYSON'S OBJECTION NO. 10:**

17    Objectionable Language: (¶ 11, Page 3, lines 13–16)

18    Attached hereto is a true and correct copy of an email from the admin@greysonlawpc.com

19 account to Brad Lee dated May 23, 2023 including the attached scheduled wire document from a

20 Chase account ending in 0830 (redacted for personal information) that belonged to B.A.T., Inc.

21 ("B.A.T.") as Exhibit 8.

22    Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

23 Hearsay (FRE 801, 802)

24 **RESPONSE TO OBJECTION NO. 10:**

25    This objection of Greyson is identical to the previous one. For the same reasons that are argued

26 above, Greyson's objection should be overruled.

27 ///

28 ///

1  **GREYSON'S OBJECTION NO. 11:**

2      Objectionable Language: (¶ 12, Page 3, lines 17–19)

3      Attached hereto is a true and correct copy of an email from GCgreysonlawpc.com (an account

4  known to be "General Counsel" registered to Jayde Trinh, See Brad Lee Declaration) advising to stop

5  onboarding C LG and Phoenix cases dated May 26, 2023 as Exhibit 9.

6      Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

7  Hearsay (FRE 801, 802)

8  **RESPONSE TO OBJECTION NO. 11:**

9      This objection of Greyson is identical to the previous one. For the same reasons that are argued

10  above, Greyson's objection should be overruled.

11  **GREYSON'S OBJECTION NO. 12:**

12      Objectionable Language: (¶ 13, Page 3, lines 20–21)

13      Attached hereto is an email string from Han regarding Greyson attorney, Reed Pruyn's

14  understanding of onboarding C LG cases dated May 28, 2023 as Exhibit 10.

15      Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

16  Hearsay (FRE 801, 802)

17  **RESPONSE TO OBJECTION NO. 12:**

18      This objection of Greyson is identical to the previous one. For the same reasons that are argued

19  above, Greyson's objection should be overruled.

20  **GREYSON'S OBJECTION NO. 13:**

21      Objectionable Language: (¶ 14, Page 3, lines 22–23)

22      Attached hereto is a true and correct copy of an email from GC@greysonlawpc.com advising

23  not to speak to attorneys for Trustee dated May 31, 2023 as Exhibit 11.

24      Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

25  Hearsay (FRE 801, 802)

26  **RESPONSE TO OBJECTION NO. 13:**

27      This objection of Greyson is identical to the previous one. For the same reasons that are argued

28  above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 14:**

Objectionable Language: (¶ 15, Page 3, lines 25–28)

Attached hereto is a true and correct copy of email from Han to accounting@greysonlawpc.com, among others, directing Greyson's payroll be made from B.A.T.'s Chase account and attached Greyson payroll spreadsheet (redacted for personal information) dated May 2, 2023 as Exhibit 12.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 14:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 15:**

Objectionable Language: (¶ 16, Page 4, lines 1–5)

Attached hereto is a true and correct copy of an email from accounting@greysonlawpc.com to HR@greysonlawpc.com providing proof Scott Eadie was paid and attached wire confirmation (redacted for personal information) dated May 24, 2023 as Exhibit 13. Based on the Declaration of Brad Lee, the Chase Platinum checking account No. ending in 0830 belonged to B.A.T.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 15:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 16:**

Objectionable Language: (¶ 17, Page 4, lines 6–8)

Attached hereto is a true and correct copy of an email string between Han and accounting@greysonlawpc.com regarding a scheduled wire to David Orr from B.A.T.'s account and attached wire confirmation (redacted for personal information) dated May 30, 2023 as Exhibit 14.

///

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 16:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 17:**

Objectionable Language: (¶ 18, Page 4, lines 9–12)

Attached hereto is a true and correct copy of an email from accounting@greysonlawpc.com to hr@greysonlawpc.com and attached May 2023 Citibank statement (redacted for personal information) for account ending in 6370 dated June 7, 2023 as Exhibit 15.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 17:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 18:**

Objectionable Language: (¶ 19, Page 4, lines 14–16)

The email ops@greysonlawpc.com was registered to Greyson employee Max Chou who also maintained his own person account (hereinafter referred to as "Ops"). See the Declaration of Brad Lee.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 18:**PLAINTIFF'S RESPONSE:

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

///

///

///

**GREYSON'S OBJECTION NO. 19:**

Objectionable Language: (¶ 20, Page 4, lines 17–18)

Attached hereto is a true and correct copy of an email from Han to Ops with G LC's Local Counsel Directory: Coverage State by State dated May 18, 2023 as Exhibit 16.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 19:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 20:**

Objectionable Language: (¶ 21, Page 4, lines 19–20)

Attached hereto is a true and correct copy of a comparison between LPG's Local Counsel and Greyson's Local Counsel highlighting those shared by both entities as Exhibit 17.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 20:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 21:**

Objectionable Language: (¶ 22, Page 4, lines 22–24)

Attached hereto is a true and correct copy of an email string between hr@greysonlapc.com and Monroy Gabriel regarding Vulcan payroll checks and his bounced check (redacted for personal information) dated May 9, 2023 as Exhibit 18.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 21:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 22:**

Objectionable Language: (¶ 23, Page 4, lines 25–27)

Attached hereto is a true and correct copy of an email string between hr@greysonlawpc.com and Brittney Cole regarding Prime Logix bounced check (redacted for personal information) dated May 10, 2023 as Exhibit 19.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 802)

**RESPONSE TO OBJECTION NO. 22:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 23:**

Objectionable Language: (¶ 24, Page 5, lines 1–4)

Attached hereto is a true and correct copy of an email string between hr@greysonlawpc.com and accoutning@greysonlawpc.com regarding bounced checks being paid with wires from B.A.T.'s account and attached wire confirmations (redacted for personal information) dated June 1, 2023 as Exhibit 20.

Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602), Hearsay (FRE 801, 802)

**RESPONSE TO OBJECTION NO. 23:**

This objection of Greyson is identical to the previous one. For the same reasons that are argued above, Greyson's objection should be overruled.

**GREYSON'S OBJECTION NO. 24:**

Objectionable Language: (¶ 25, Page 5, lines 6–9)

Attached hereto is a true and correct email string indicating Greyson attorney Israel Orosco was accessing, using and co-mingling LPG and Greyson email accounts to service LPG clients even after the TRO was served and the preliminary injunction entered by the Court dated June 13, 2023 as Exhibit 21.

///

1    Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

2    Hearsay (FRE 802)

3    **RESPONSE TO OBJECTION NO. 24:**

4    This objection of Greyson is identical to the previous one. For the same reasons that are argued

5    above, Greyson's objection should be overruled.

6    **GREYSON'S OBJECTION NO. 25:**

7    Objectionable Language: (¶ 26, Page 5, lines 11–15)

8    Attached hereto is a true and correct email string between Reid Wood,

9    kyleherret@greysonlawpc.com, kyle@lpg.com and David Weaver comingling Greyson and LPG

10   email accounts and discussing the transfer of clients to Greyson after the TRO was served and

11   Preliminary Injunction with the attached list of clients to be transferred (redacted for personal

12   information) dated June 12, 2023 as Exhibit 22.

13   Basis for Objection: Unlawful seizure of emails, Lack of Foundation (FRE 901(a); FRE 602),

14   Hearsay (FRE 801, 802)

15   **RESPONSE TO OBJECTION NO. 25:**

16   This objection of Greyson is identical to the previous one. For the same reasons that are argued

17   above, Greyson's objection should be overruled.

18

19   Dated: April 17, 2024                    DINSMORE & SHOHL LLP

20

21                                            By: */s/ Jeremy B. Freedman*
                                                  Christopher B. Ghio
22                                                Christopher Celentino
                                                  Jeremy B. Freedman
23                                                Special Counsel to Richard A. Marshack,
                                                  Chapter 11 Trustee

24

25

26

27

28

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE'S RESPONSE TO EVIDENTIARY OBJECTIONS TO DECLARATION OF ALEX RUBIN**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 17 persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 17, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

Lisa Cohen
20101 SW Cypress Street
Newport Beach, California 92660

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 17, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS – JUDGE'S COPY**

Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 17, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                     Page 20                     **F 7016-1.STATUS.REPORT**

**1.**    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Bradford Barnhardt<br>on behalf of Plaintiff Richard A. Marshack | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Alan W Forsley<br>on behalf of Interested Party Courtesy NEF | alan.forsley@flpllp.com<br>awf@fkllawfirm.com<br>awf@fl-lawyers.net<br>addy@flpllp.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>angelica.urena@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>angelica.urena@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group *(DISMISSED)* | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 21    **F 7016-1.STATUS.REPORT**

| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC *(DISMISSED)* | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
|---|---|
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@efc.inforuptcy.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 22                    **F 7016-1.STATUS.REPORT**

| | |
|---|---|
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A *(DISMISSED)* | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay Group | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                                              Page 23                                              **F 7016-1.STATUS.REPORT**