| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>CHRISTOPHER B. GHIO (259094)<br>christopher.ghio@dinsmore.com<br>CHRISTOPHER CELENTINO (131688)<br>christopher.celentino@dinsmore.com<br>JEREMY B. FREEDMAN (308752)<br>jeremy.freedman@dinsmore.com<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, California  92101<br>Tele:  (619) 400-0500<br>Fax:   (619) 400-0501<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:*  Plaintiff Richard A. Marshack, Trustee | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br><br><br>Debtor(s). | CASE NO.:          8:23-bk-10571-SC<br><br>ADVERSARY NO.:  8:23-ap-01046-SC<br><br>CHAPTER:           11 |
|---|---|
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br><br>                                                        Plaintiff(s).<br>vs.<br><br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual, et al.<br><br>                                                       Defendant(s). | **JOINT STATUS REPORT<br>[LBR 7016-1(a)(2)]**<br><br>DATE:            06/12/2024<br>TIME:            11:00 a.m.<br>COURTROOM:  5C<br>ADDRESS:       411 West Fourth Street<br>                         Santa Ana, California  92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.    PLEADINGS/SERVICE:**

| | | |
|---|---|---|
| 1. | Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)? | ☐ Yes  ☒ No |
| 2. | Have all parties filed and served answers to the Claims Documents? | ☐ Yes  ☒ No |
| 3. | Have all motions addressed to the Claims Documents been resolved? | ☐ Yes  ☒ No |
| 4. | Have counsel met and conferred in compliance with LBR 7026-1? | ☐ Yes  ☒ No |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                         Page 1                              **F 7016-1.STATUS.REPORT**

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

   See Attachment A(5).

B. **READINESS FOR TRIAL**:

   1. When will you be ready for trial in this case?

   | Plaintiff | Defendant |
   |---|---|
   | Estimated January 2025 | No trial should be needed. Greyson expects to bring motion for summary judgment, because Trustee can't prove Complaint's fraudulent transfer allegations. |

   2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   | Plaintiff | Defendant |
   |---|---|
   | With over 40 defendants, many of whom have not responded, substantial disclosure, production and corresponding subpoenas for records and deposition | Greyson, in 2024, may propound some discovery re the alleged fraudulent transfer allegations against Greyson, could take a deposition, not sure at present |

   3. When do you expect to complete <u>your</u> discovery efforts?

   | Plaintiff | Defendant |
   |---|---|
   | Uknown at this time but not earlier than October 2024, with an initial disclosure date of June 28, 2024. | See answer to 2 immediately supra |

   4. What additional discovery do you require to prepare for trial?

   | Plaintiff | Defendant |
   |---|---|
   | Written discovery, expert discovery, indiivual and PMK depositions, subpoenas of numerous financial records, and 2004 exams. | See answer to 2 immediately supra |

C. **TRIAL TIME**:

   1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   | Plaintiff | Defendant |
   |---|---|
   | 14-21 days for all defendants in 1046 Action | Should not need a trial re Greyson, Greyson will move for summary judgment, because Trustee can't prove the alleged fraudulent transfer allegations re. Greyson |

   2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   | Plaintiff | Defendant |
   |---|---|
   | Based on information known to date and without having initial disclosures, Trustee estimates between 20-30 as to all Defendants in the 1046 Action | Greyson expects to win by Motion for summary judgment, because Trustee can't prove the alleged fraudulent transfer allegations re. Greyson |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*     Page 2     F 7016-1.STATUS.REPORT

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| Based on information known to date and without having initial disclosures, Trustee estimates between 200-400 | Dant think trial will be needed as to Greyson. Relevant exhibits will be attached to Greyson Motion for summary judgment, auth. by decl. |

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |
| Given the number of defendants, coordination at a trial conference is requested. | |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (date) 12/12/2024 | (date) 12/31/2024 |

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

   Trustee has reached a settlement with Maverick Bankcard subject to court approval and continues his efforts to discuss potential resolution of claims as agaisnt all non-defaulted defendants. This has reulted in ongoing discussions with Consumer Legal Group, LGS HoldCo, FIS, Touzi Capital, Eng Taing, Payliance, among others.

2. Has this dispute been formally mediated?    ☐ Yes  ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☒ Yes ☐ No | ☐ Yes ☒ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 3    F 7016-1.STATUS.REPORT

F. **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| ☒ I do consent | ☐ I do consent |
| ☐ I do not consent | ☒ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

**PLEASE NOTE: See attachment for Greyson's position in detail, updated regarding events which transpired after the previous status report was filed.**

Respectfully submitted,

Date: 05/30/24

Dinsmore & Shohl, LLP
Printed name of law firm

/s/ Jeremy B. Freedman
Signature

Christopher Ghio / Jeremy Freedman
Printed name

Attorney for: Trustee, Richard A. Marshack

Date: 5-30-24

The Bankruptcy Law Firm, PC
Printed name of law firm

[signature]
Signature

Kathleen P. March
Printed name

Attorney for: Greyson Law Center, PC

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 4    F 7016-1.STATUS.REPORT

## ATTACHMENT A(5)

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1. With regards to pending motions brought by Greyson Law Center, PC that have not been resolved, on December 6, 2023, Defendant Greyson filed its frivolous motion to vacate the Court's Preliminary Injunction [Adv. Dkt. No. 290]. After Trustee's good faith effort to meet and confer with Greyson, on January 8, 2024, the parties filed their joint statement of issues and supporting declarations [Adv. Dkt. No. 325]. On January 16, 2024, Greyson filed further evidentiary objections and declarations in support of their motion in violation of the Court's December 28, 2023 Order [Adv. Dkt. No. 293]. On December 16, 2024, the Court issued a further Scheduling Order on Greyson's frivolous motion to vacate the Court's Preliminary Injunction Order [Adv. Dkt. No. 333]. The same day, Greyson again violated the Court's orders [Adv. Dkt. Nos. 293 and 333] and filed further briefing on its frivolous motion to vacate without leave of court [Adv. Dkt. No. 338]. On January 24, 2024, Bradford Lee filed an emergency motion to quash his deposition unilaterally set by Greyson without leave of Court to conduct early discovery, among other issues [Adv. Dkt. No. 347]. At the hearing the Court granted in part and denied in part, Lee's Motion to Quash [Adv. Dkt. No. 351] and orderd counsel for the Trustee to draft an order amending the prior Scheduling Order [Adv. Dkt. No. 333] to reflect the continued hearing dates. Subsequently, Greyson demanded extraneous language be included in the proposed order as indicated by its objection filed with the Court. [Adv. Dkt. No. Of note, Greyson demanded threatening language intended to do nothing more than harass, intimidate and threaten a third party witness with admonitions that have not been shown by Greyson or any other party to be necessary by its request to order a deponent to testify truthfully when every deponent has such an obligation. Moreover, Greyson's objections makes material misrepresentations to the Court with regards to the inclusion of language that Bradford Lee personally attend the deposition at counsel for Greyson's office, which was included in the order sent to Greyson and submitted to the Court. Unfortunately, it does not appear Greyson: 1) intends to be forthright; or 2) any desire to amicably work out issues and will continue with its bad faith conduct until this court rules on its frivolous Motion to Vacate the Preliminary Injunction, duly opposed by Greyson with its

evidence and oral argument that the Court found was reason to order the injunction in the first instance.

2. Nine of the named defendants have filed answers to the Third Amended Complaint [1046 Dkt. No. 506], pursuant to the Court's order granting Defendant Rosa Bianca Loli's ("Loli") motion to dismiss with leave to amend. Those defendants include Daniel March; Scott Eadie; Consumer Legal Group, PC; LGS HoldCo., LLC; Eng Taing; Touzi Capital, LLC; Fidelity National Information Services, Inc. dba FIS; Worldpay; and Optimum Bank Holdings, Inc. dba Optimum Bank.

3. Greyson filed a meritless motion to dismiss the Third Amended Complaint [1046 Dkt. No. 513] based on the false assumption the Trustee failed to obtain leave of Court to file a Third Amended Complaint as more thoroughly discussed in the Trustee's opposition being filed concurrently herewith.

4. Loli has also filed a second motion to dismiss as to the Third Amended Compaint [1046 Dkt. No. 522] which lacks merit and should be denied as further detailed in the Trustee's opposition being filed concurrently herewith.

5. Pursuant to the Court's order approving Trustee compromise [Bank. Dkt. 1035] Maverick Bankcard, Inc. will be dismissed from the 1046 Action.

6. Trustee has dismissed the United States Postal Services (USPS) in light of its compliance with the TRO and Preliminary Injunction in redirecting mail [Dkt. 103] and Phoenix Law Group, Inc. (as erroneously named) [Dkt. 119].

7. By way of stipulated judgment, Trustee has been authorized to dismiss, without prejudice William Taylor "Ty" Carss, and Mariah Eeya Tan. That dismissal was submitted on November 8, 2023 [Dkt. 270].

8. In addition, Trustee has requested dismissal of Occam's Advisory, Inc., Teracel Blockchain Fund, LLC, and Chris Winslow pursuant to Federal Rules of Bankruptcy Procedure Rule 41(a)(1)(A)(i). These defendants have not answered or otherwise appeared, and Trustee's investigation has indicated they are not proper targets of the instant action. That dismissal was submitted on November 8, 2023 [Dkt. 270].

2

9. Trustee has also requested dismissal of B.A.T., Inc. d/b/a Coast Processing, Guardian, Maverick Management, LLC, Eng Tang and World Pay, Inc. pursuant to Federal Rules of Bankruptcy Procedure Rule 41(a)(1)(A)(i). These defendants have not answered or otherwise appeared and Trustee's investigation has indicated that they were erroneously named. Each of these defendants has been properly re-named pursuant to Trustee's First Amended Complaint [Dkt. 62]. That dismissal was submitted on November 8, 2023 [Dkt. 270].

10. The Court has entered a stipulated order to dismiss Defendants Han Trinh and Jayde Trinh [Dkt. 219]. Trustee intends to file separate adversary proceedings as to these dismissed defendants.

11. The Court entered an order dismissing Marich Bein, LLC and BankUnited, N.A. from the 1046 Action in order to sever the trustee's claims [1046 Dkt. No. 446].

12. Four named defendants have yet to be served, including EPPS, Authorize.net, Equipay and World Global. As to these defendants, Trustee intends to request another summon based on the filing of Trustee's Third Amended Complaint [Dkt. 506].

13. The Court previously entered default as to Defendants Vulcan Consulting Group, LLC [Dkt. 144]; Wes Thomas [Dkt. 145]; Jimmy Chhor [Dkt. 174]; Oakstone Law Group, PC [Dkt. 177]; Prime Logix, LLC [Dkt. 179]; Revolv3, Inc. [Dkt. 180]; and Guardian Processing, LLC [Dkt. 181]. That said, Trustee will be filling renewed requests for default based on the Second Amended Complaint as to all defendants that have not answered or sought an extension of time that has been approved by order of the Court.

14. Trustee, with the assistance of the Court employed financial accountants Grobstein Teeple, LLP [Dkt. 169], is working diligently to complete its forensic account in order to prepare and file for default judgment, as appropriate given this matter remains in the early stages of discovery. Trustee awaits production of bank records pursuant to issued 2004 examinations before completing these default judgments.

///

///

///

3

15. As to the remaining defendants, Trustee has either had entered into a stipulation filed with the Court for extension of time to respond to the Adversary proceeding pending further meet and confer efforts and informal discovery, intends to dismiss or file for entry of default based on the Trustee's Third Amended Complaint.

16. Trustee remains vigilant and focused on maximizing recovery of all of LPG assets to the Debtor's Estate for the benefit of all creditors, including consumer creditors. That said, Trustee has and continues to work with Defendants in good faith to obtain discovery, records and work towards resolution of the claims raised in the Third Amended Complaint.

17. Greyson Law Center, PC has filed a frivolous motion to vacate the Preliminary Injunction. The hearing on Greyson's frivolous Motion to Vacate was continued by order of the Court pursuant to its Scheduling Order [Adv. Dkt. No. 333]. On January 24, 2024, the Court granted in part and denied in part Bardford Lee's Motion to quash Greyson's Subpoena. Adv. Dkt No. 351. At the hearing the Court continued the deposition of Brad Lee to Februray 2, 2024 and amended its Scheduling Order [Adv. Dkt No. 333] to provide continued dates for the hearing (March 27, 2024) and deadlines to file only such briefing as was originally permitted in its Scheduling Order [Adv. Dkt No. 333]. The Trustee maintains that Greyson is and at all times relevant been operating at the direction of Tony Diab, in the shadows as he did at LPG, with his accomplices Han and Jayde Tinh and has co-mingled and used LPG assets to try and pilfer former LPG clients to Greyson, including but not limited to: LPG computer equipment; LPG funds; proprietary documents and retainers; LPG client data; LPG's attorney network and other assets. Without LPG's assets Greyson would never have been able to operate, make payroll for over 140 employees, pay LPG attorneys and establish ACH accounts, among paying for other business expenses. The only reason Greyson ever existed is because of LPG's assets it has wrongfully received, stole and appropriated with the assistance of Tony Diab directing Greyson's finances, strategy and other day to day functions through Han and Jayde. All of which is set out in the Trustee's portion of the Joint Statement, supported by the evidence which has and will be submitted by the Trustee to the Court and as will be further explained in anhy supplemental briefing.

///

18. As to the remaining defendants, Trustee has either had entered into a stipulation filed with the Court for extension of time to respond to the Adversary proceeding pending further meet and confer efforts and informal discovery, intends to dismiss or file for entry of default based on the Trustee's Second Amended Complaint.

19. Trustee remains vigilant and focused on maximizing recovery of all of LPG assets to the Debtor's Estate for the benefit of all creditors, including consumer creditors. That said, Trustee has and continues to work with Defendants in good faith to obtain discovery, records and work towards resolution of the claims raised in the Second Amended Complaint.

20. Greyson served request for production of documents on Trustee seeking a contract executed between Greyson and Phoenix. As part of Greyson bad faith meet and confer efforts it threated they had three witnesses that would testify that Ty Carss executed the purported contract. Ty Carss will testify that he never saw such contract and never signed any such contract but was rather informed by Tony Diab that he was to send files to Greyson because Tony Diab controlled Greyson as he did Phoenix. Knowing Greyson assertion that Ty Carss executed the purported contract to be false, Greyson changed its story falsely claiming Bianca Loli was the CEO of Phoenix and signed the purported contract. This too is false. Bianca Loli is not an attorney and therefore not capable of legally running being named CEO or running a law firm. Such a specious contention is also not supported by any evidence, the Secretary of State filings and the testimony of Ty Carss. Greyson seeks to again fabricate a dispute where none exists and the Trustee cannot produce a document that does not exist after a reasonable and diligent search.

21. Along the same lines, Greyson has recently filed a meritless motion to dismiss to the Trustee's Third Amended Complaint. As Trustee's opposition explains, this Court gave Trustee leave to amend as to Loli. That is exactly what the Trustee did. Greyson therefore has no basis for claiming the Trustee violated Rule 15. Nor is it grounds for this Court to dismiss the Third Amended Complaint as to Greyson. Further, Greyson has already answered the Second Amended Complaint which recites the exact same allegations as the Third Amended Complaint. Greyson admits it understands the allegations in the Second Amended Complaint. As such, Greyson cannot now claim it does not understand the exact same allegations carried over to the Third Amended Complaint.

5

22.    The Court should take notice of Greyson and its counsel of records bad faith tactics intended to do nothing more than obstruct the litigation process with meritless motions and challenges intended to do nothing more than increase the cost of litigation to the Debtor's Estate.

**POSITION OF DEFENDANT, GREYSON LAW CENTER, PC**

Trustee's attorneys, the Celentino firm, saying (supra) that Greyson's Motion [dkt.290] is "frivolous", does not make that Motion [dkt.290] frivolous. Greyson's Motion [dkt.290] is meritorious, and should be granted by this Court.

Greyson's Motion [dkt.290] moves to vacate, **as to Greyson**, the 5/26/23 Lockout and Preliminary Injunction Order [dkt.13], and moving for an order ordering the Celentino firm to return Greyson's computers/beelinks, data and documents seized on 6/2/23 at Greyson's office, and not returned to Greyson, to present.

As briefed by Greyson, in Greyson's briefing [dkt.338] filed on 1/16/24, an order granted based on false information must properly be vacated. Cases, at several levels, hold that an Order, or even a jury verdict, granted on **false information**, must properly be vacated. An Order, or a jury verdict, granted on false information is not just a fraud on the opposing party, but is also a fraud on the Court itself. See, e.g., *Kraja v. Bellagio, LLC*, No. 2:15-cv-01983-APG-NJK, 2020 WL 60233, at *1 (D. Nev. Jan. 6, 2020)

> "[T]he trial judge [has] the right, and indeed the duty, ... to set aside the verdict of the jury ... where, in his conscientious opinion, the verdict ... is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957). False testimony does not have to rise to the level of perjury to justify a new trial. "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prod.*, Inc., 212 F.3d 493, 510 (9th Cir. 2000).

Accord: *In re Levander*, 180 F.3d 1114 (9th Cir 1999) ("We therefore hold that a federal court may amend a judgment or order under its inherent power when the original judgment or order was obtained through fraud on the court.").

FRCP Rule 60(b)(3), incorporated by FRBP Rule 9024, states:

6

>"(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>(3) fraud (whether previously called intrinsic or extrinsic), **misrepresentation**, or misconduct by an opposing party;"

[emphasis added]

*In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1404–05 (9th Cir. 1987) states the standard for obtaining relief from an Order which was obtained by a party's misrepresentation:

>"To prevail under the cited portion of the Rule, the moving party must establish that a judgment was obtained by fraud, **misrepresentation**, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case. *Lafarge,* 791 F.2d at 1338; *Bunch v. United States,* 680 F.2d 1271, 1283 (9th Cir.1982). The rule is aimed at judgments which were **unfairly obtained**, not at those which are factually incorrect. *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir.1978).
>
>"When a motion under Rule 60(b)(3) is based on negligent misrepresentation, it is important that the moving party be required to demonstrate that the **misrepresentation prevented it from presenting its case**. This eliminates any discontinuity between Rule 60(b)(1) and Rule 60(b)(3). If the rule were otherwise, then a mutual mistake would ordinarily be evaluated under the stringent requirements of Rule 60(b)(1), whereas Rule 60(b)(3) would provide an easy route to post-judgment relief where one of the mistaken parties happens to memorialize the mistake in writing or repeat it orally to the other."

[bold/underline added for emphasis]

Here, the Trustee's attorneys, the Celentino firm (Dinsmore & Scholl), obtained the [dkt.13] 5/26/23 Lockout and Preliminary Injunction Order as to Greyson, by making a **false statement** to the Court, that Greyson was an alter ego of debtor LPG, when Greyson was NOT an alter ego of LPG, but instead is a competitor with law firms such as LPG, and with law firms such as Morning Law Group, the buyer of LPG's assets at the Bankruptcy Court asset sale. Also problematic is that Celentino firm obtained that dkt.13 pursuant to a sealed motion, not served on Greyson or on any other respondent, at a hearing where only Celentino firm was heard by the Court, which deprived Greyson of having opportunity to present evidence contra to Celentino firm's false alter ego "evidence." **The dkt.13 Order, obtained by misrepresentation, should be vacated pursuant to FRCP 60(b)(3)**, and case law cited supra. On 6/15/23 (3 days after the 6/12/23 hearing) the Celentino firm amended its complaint as to Greyson, to delete the false alter ego allegation, and only made

7

vague (no dates, no amounts, no source of payments) allegations that Greyson had received unspecified fraudulent transfers--allegations Celentino firm can't prove. However, those vague fraudulent transfer allegations would NOT have entitled Celentino firm to have granted, as to Greyson, the [dkt13] 5/26/23 Lockout and Preliminary Injunction Order.

Research on westlaw by Greyson's attorneys found NO case where an order anything like dkt13 had been granted based on a complaint that only alleged fraudulent transfer allegations.

At the 2/7/24 status conference, this Court should ask Celentino firm **why**, for Consumer Law Group--which is an alter ego of LPG--the items seized from Consumer Law Group on 6/2/23, pursuant to dkt.13, were returned to Consumer Law Group, within days; but over 8 months after 6/2/23, the Celentino firm has not returned any of the computers, data, documents seized from Greyson on 6/2/23. **The answer is that Celentino firm is unlawfully trying to destroy Greyson, so that Greyson cannot compete effectively against Morning Law**.

Celentino firm's above "frivolous" Motion allegation additionally ignores the second part of Greyson's dkt.290 Motion. The second part of Greyson's Motion does **NOT require vacating** the dkt.13 5/26/23 Lockout and Preliminary Injunction Order, as to Greyson. The second part of Greyson's Motion moves for an order directing the Celentino firm to **return to Greyson**, Greyson's property and data, which the Celentino firm seized from Greyson, at Greyson's offices, on 6/2/23 and thereafter, because the dkt13 Order **did NOT Authorize** Celentino Firm to take the actions the Celentino firm took on 6/2/23 and thereafter, the Celentino firm's actions were **unauthorized and unlawful**, as to Greyson. Greyon's dkt.338 briefing, filed 1/16/24, lists the 5 reasons Celentino firm acted unlawfully on 6/2/23:

(1) The dkt.13 Order did NOT authorize Celentino firm to seize, or to lock Greyson out of, Greyson's Microsoft [M365 suite] account, which Han Trinh had been paying Microsoft $2,312 monthly, from Han Trinh's own money as proven by Han's credit card bill (not reimbursed by anyone). Celentino's part of the Joint Statement does not point to any text in the 5/26/23 [dkt'13] Order authorizing Celentino firm to seize and lock Greyson out of Greyson's whole Microsoft [M365 suite] account. The dkt.13 Order does not authorize that. Nor does the 6/23/23 [dkt.70] continuation Order.

8

      (2)      The dkt.13 Order did not authorize Celentino's firm to seize, or to lock Greyson's out of, Greyson's internet domain, which Greyson's IT director, Justin Nguyen, had paid for with his own funds. Celentino's part of the Joint Statement does not point to any text in the 5/26/23 [dkt'13] Order authorizing Celentino firm to seize and lock Greyson out of Greyson's internet domain. The dkt.13 Order does not authorize that. Nor does the 6/23/23 [dkt.70] continuation order.

      (3)      The dkt.13 Order [p.8, oine 24 to p.9, line 11 enjoin a list of people, which includes Han Trinh, Jayde Trinh and Scott Eadie from accessing emails. However, that provision does NOT authorize the Celentino firm to seize, read, and use Greyson's emails. It was **unauthorized** for Celentino firm to seize, read and use Greyson's emails, which Celentino firm has obviously done, because 18 of Greyson's emails (which Han, Jayde and Scott Eadie have been locked out of by Celentino, form 6/2/23 to present), are attached as Exhibits to the Declaration of Alex Rubin (then working as a field agent for Celentino firm) that is one of Celentino firm's declarations to the Joint Statement. Celentino firm's part of the Joint Statement does not point to any language in the 5/26/23 Order, or 6/23/23, which authorized Celentino firm to seize, read, use or lock Geyson out of all 100+ Greyson email accounts. The dkt.13 Order does not authorize that. Nor does the 6/23/23 [dkt.70] continuation order. Enjoining Han Trinh, Jayde Trinh and Scott Eadie of Greyson from accessing their emails, does NOT authorize Celentino firm to seize all 100+ Greyson emails, nor does it allow Celentino firm to read and use Greyson's emails, which the 18 Greyson emails attached to Ruben's Declaration shows Celentino firm has done.

      (4)      Approximately 50 Greyson computers and beelinks seized by Celentino firm at Greyson's office, on 6/2/23 should properly be ordered returned to Greyson. The credit card statement of Greyson's IT director, Justin Nygen to Greyson's portion of the Joint statement, attests he paid for the 24 beelinks with his own personal credit card, unreimbursed by anyone. As regards the computers, the burden is on Celentino's firm, to present some evidence that the computers Celentino firm seized from Greyson's offices on 6/2/23, which have still have not been returned to Greyson by Celentino firm, almost 8 months later, were paid for by LPG. There is no such evidence in the Celentino part of the Joint Statement, though Celentino firm has had almost 8 months to supply this Court with such evidence.

9

(5)     As the party seeking to KEEP all Greyson's computers that the Celentino firm seized at Greyson's office, on 6/2/23, the Celentino firm has the burden to prove Celentino firm's (completely unproven) allegation, that LPG paid for, or provided, those computers, but no such evidence is provided in Celentino firm's part of the Joint Statement.  To say that Greyson must provide invoices proving Greyson purchased those computers **has the burden of proof backwards**.  The presumption is that computers seized **at Greyson's office,** belong to Greyson.  Celentino firm has had almost 8 months to produce evidence proving those computers were purchased by LPG, or provided by LPG, and has not submitted any evidence to the Court to prove Celentino firm's unsupported allegation.

(6)     Greyson on 2/29/24 served a request to produce documents on Trustee Marshack, as adversary proceeding plaintiff, to produce documents highly relevant to the adversary proceeding.

(7)     Greyson's Request to Produce documents included requesting Trustee to produce the signed on or about 5/19/23 Greyson-Phoenix contract, where Phoenix contracted to pay Greyson $2,000 per state court lawsuit, for Greyson to send Greyson attorneys to appear for Phoenix Law, on an independent counsel basis, to defend consumer clients in state court suits, all over the US.  The clients were LPG clients, which at that time had been sent by LPG to Phoenix Law, but which were later sent back to LPG, by "avoidance", and Trustee sold LPG's client files to Morning Law.  That contract was seized by Trustee special counsel Dinsmore & Shohl, LLP and their field agents, on 6/2/23, from Han Trinh's locked room in Greyson's office.  That contract is highly relevant to show Greyson did not receive any fraudulent transfer, that the small amount of money Greyson was paid was paid to Greyson pursuant to that contract.  Trustee has not produced the contract, giving an obviously inadequate answer, that no contract exists because attorney Carss of Phoenix says he didn't sign it. Carss saying he didn't sign the Contract does NOT mean no contract exists, which Greyson counsel Bankruptcy Law Firm, PC by KPMarch, Esq. pointed out by email to Marshack Hayes firm and to Dinsmore Firm.  After meet and confer failed to convince Celentino firm to produce the seized signed Greyson-Phoenix contract, Greyson filed Greyson's Motion to Compel Trustee/Celentino firm to produce the seized signed Greyson-Phoenix contract.  That Motion is set for hearing on 6/12/24 at 11:00am, and should be granted.

10

1    (8)    Also set for hearing on 6/12/24 at 11:00am is Greyson's Motion moving the Court to

2 dismiss Trustee's THIRD amended complaint as to Greyson, for violation of FRCP Rule 15, and

3 moving, per FRCP Rule 12(e), for a more definite statement, if the Court allows Trustee to file a

4 further amended Complaint as to Greyson.

5    (9) At the hearing on 5/1/24, Trustee attorney Ghio, who argued for Trustee, **admitted** that

6 the Celentino firm was requesting this Court to keep the dkt.13 Lockout & Preliminary Injunction

7 order-- and the dkt.70 continuation order-- in effect, because if this Court granted Greyson's Motion

8 to vacate those, that **then Greyson could compete with Morning Law**, and it was better for the LPG

9 bankruptcy estate if Greyson could **not** compete with Morning, Law, the buyer of LPG's client files

10 from the LPG bankruptcy estate in July 2023.  What Ghio told this Court is an **admission of**

11 **Dinsmore firm's illegal purpose in trying to keep the dkt.13/dkt.70 Orders in effect**, because

12 competition is legal, and Greyson is entitled to compete with Morning Law, and it is **illegal to seek**

13 **to use a Court order to prevent legal competition** by Greyson with Morning law. Greyson attorney

14 Kathleen March told this to the Court, in her rebuttal to Ghio'argument.

15    The partial transcript of the 5/1/24 hearing, where Celentino firm attorney Ghio admitted his

16 firm's illegal purpose to this Court, is attached as **Exhibit A** to March's Declaration [dkt.533, filed

17 5/15/24], as a separately captioned pleading, along with Greyson's proposed Findings of Fact and

18 Conclusions of Law [dkt.532, filed 5/15/24] on Greyson's [dkt.290] Motion.  Greyson also e-lodged

19 its Findings of Fact and Conclusions of Law on 5/15/24.  On 5/15/24 Greyson additionally filed

20 Declarations of Phuong Jayde Trinh, Esq. [dkt.534], and of Han Trinh [dkt534], which are admissible

21 evidence rebutting the additional allegations-- totally lacking in admissible evidence— that Ghio

22 made, at the 5/1/24 hearing, where Ghio alleged  Greyson was using LPG documents and protocols.

23    Greyson respectfully requests the Court to sign Greyson's proposed Findings of Fact and

24 Conclusions of law, which are accurate both as to evidence cited, and as to controlling law cited.

25    The Court should decline to sign Trustee's proposed Findings of Fact and Conclusions of

26 Law, filed by Celentino firm on 5/15/24, because those Findings of Fact and Conclusions of Law are

27 inaccurate, and lack admissible evidence to support them.

28

11

# ATTACHMENT G

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1. At this time there are a total of sixteen named defendants who have either: 1) answered; 2) filed a stipulation for an extension to respond; 3) yet to be served; 4) have not had and are not likely to have a default entered against them; and 5) have not been and are not anticipated to be dismissed at this time. Based on the sheer number of defendants, discovery, preparation and length of trial in this matter is expected to exceed normal expectations. That said, Trustee is diligently working with all defendants to obtain informal discovery and work towards potential resolution in order to narrow the scope of discovery and trial in this matter, as the information provided to Trustee permits.

2. Based on the documents produced to the Trustee to date, there are over 100 million individual electronically stored documents that the Trustee is diligently working through to review.

3. In an effort to stay in front of the enormous volume of discovery necessary to recover assets under the Trustee's Third Amended Complaint in this Adversary Proceeding, Trustee has taken reasonable steps in light of the recent sale of LPG's assets and based on the information to date to stay in front of discovery. In this regard, Trustee has served a number of subpoenas to targeted institutions in order to continue efforts to trace and recover Estate property.

4. Trustee has completed the 7026 conference as to answering Defendants, Consumer Legal Group, PC, LGS HoldCo, LLC, Eng Taing, Touzi Capital, LLC, Scott Eadie and Daniel March.

5. Trustee has filed a separate adversary proceedings as to: 1) newly named defendants for fraudulent conveyance and avoidance of Estate property; 2) standalone claims recently discovered against named defendants; and claims severed from the 1046 Action including those against certain Defendants, Marich Bein and BankUnited whose involvement are significantly related.

**POSITION OF DEFENDANT, GREYSON LAW CENTER, PC**

Please see Greyson position, stated supra.

12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **JOINT STATUS REPORT RE PLAINTIFF RICHARD A. MARSHACK, TRUSTEE AND DEFENDANT GREYSON LAW CENTER, PC**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 30, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| Keith Barnett on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com kelley.wade@troutman.com |
|---|---|

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On May 30, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Tony Diab
1278 Glenneyre Street
Laguna Beach, California 92651

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 30, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS – JUDGE'S COPY**

Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 30, 2024 | Nicolette D. Murphy | /s/ *Nicolette D. Murphy* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015* | Page 8 | **F 7016-1.STATUS REPORT**

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Bradford Barnhardt<br>on behalf of Plaintiff Richard A. Marshack | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Alan W Forsley<br>on behalf of Interested Party Courtesy NEF | alan.forsley@flpllp.com<br>awf@fkllawfirm.com<br>awf@fl-lawyers.net<br>addy@flpllp.com |
| Jeremy B. Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Jeremy B. Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>nicolette.murphy@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>angelica.urena@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>angelica.urena@dinsmore.com<br>nicolette.murphy@dinsmore.com<br>deamira.romo@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group *(DISMISSED)* | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                                        Page 9                                        **F 7016-1.STATUS REPORT**

| | |
|---|---|
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC *(DISMISSED)* | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Defendant Consumer Legal Group, PC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Defendant LGS Holdco, LLC | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S. March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh *(DISMISSED)* | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Douglas A Plazak<br>on behalf of Defendant Scott James Eadie | dplazak@rhlaw.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Ronald N Richards<br>on behalf of Defendant Consumer Legal Group, PC | ron@ronaldrichards.com<br>7206828420@filings.docketbird.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | jonathan.serrano@dinsmore.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | zs@danninggill.com<br>danninggill@gmail.com<br>zshechtman@efc.inforuptcy.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 10                    **F 7016-1.STATUS REPORT**

| | |
|---|---|
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A *(DISMISSED)* | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay Group | kelly@ksgklaw.com |
| Kelly Sweeney<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J. Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                    Page 11                                                    **F 7016-1.STATUS REPORT**