Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224; Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Counsel of Record for Greyson Law Center PC*
*on this Motion, and defending adversary proc.*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor.<br><hr>Trustee Marshack,<br><br>    Plaintiff,<br><br>vs.<br><br>Tony Diab,<br>et al.,<br><br>    Defendants. | Bankruptcy Case No. 8:23-bk-10571-SC<br>Adversary Proceeding 8:23-ap-01046-SC<br>Chapter 11<br><br>***GREYSON LAW CENTER PC'S* REPLY TO TRUSTEE'S OPPOSITION [DKT.548, FILED 5/29/24] TO GREYSON'S NOTICE OF MOTION AND MOTION TO DISMISS TRUSTEE MARSHACK'S THIRD AMENDED COMPLAINT [DKT. 506, FILED 4/26/24], AS TO DEFENDANT GREYSON, FOR BEING FILED IN VIOLATION OF FRCP RULE 15 [FRBP RULE 7015]; AND MOVING FOR A MORE DEFINITE STATEMENT, PURSUANT TO FRCP RULE 12(e) [FRBP RULE 7012(b)]**<br><br>Hearing on Motion is set for:<br>Date: June 12, 2024<br>Time: 11:00 p.m.<br>Place: Courtroom of Bankruptcy Judge Scott Clarkson, by Zoom.gov or in person at:<br>411 West Fourth Street, Courtroom 5C<br>Santa Ana, CA 92701-4593 |

# MEMORANDUM OF POINTS AND AUTHORITIES TO REPLY

Movant Greyson Law Center PC ("Greyson") makes its herein REPLY to Trustee Marshack's Opposition ("OPP") [dkt.548, filed 5/29/24] to Greyson's Motion to Dismiss Trustee's Third amended complaint [Dkt.506, filed 4/26/24] as to defendant Greyson, for being filed in violation of FRCP rule 15 [FRBP Rule 7015], and moving for a more definite Statement, pursuant to FRCP Rule 12(e) [FRBP Rule 7012(b)].

### I.     Summary of this Reply

Granting Greyson's Rule 15(a)(2) Motion, is frankly, a "**no brainer**" because OPP admits Trustee's Third amended Complaint against Greyson is filed beyond the 21 day limit of Rule 15(a)(2); OPP does NOT allege to have obtained Greyson's written consent to Trustee's Third Amended Complaint against Greyson being filed beyond the 21 day limit; and Trustee did NOT move the Court for, or get granted a Motion for an Order of this Court, granting Trustee leave to file a Third Amended Complaint as to Greyson, beyond the 21 day limit of Rule 15(a)(2).

As regards the Rule 12(e), Motion for a More Definite Statement portion of Greyson's Motion, see briefing at **IV**. infra.

### II.    OPP Admits Trustee's Third Amended Complaint]--which sues Greyson as a defendant—was filed more than 21 days after Greyson filed/served Greyson's Answer and Jury Demand was filed

Greyson's Motion in chief quotes FRCP Rule 15 [FRBP Rule 7015]. FRCP Rule 15(a)(2) specifies, that if a party (here Trustee) wants to file a pleading (Trustee's third amended complaint against Greyson), to which a responsive pleading is required (Greyson's Answer), the party (here Trustee) "**party may amend its pleading only with the opposing party's written consent or the court's leave.**"

OPP Admits Trustee's Third Amended Complaint **[dkt.506, filed 4/26/24]**--which sues Greyson as a defendant—was filed more than 21 days after Greyson filed/served Greyson's Answer and Jury Demand [dkt.251, filed 10/27/23] was filed.

### III.    OPP Does NOT Allege Trustee sought, much less obtained, Greyson's written consent to Trustee filing Trustee's Third amended complaint against Greyson

OPP does not allege Trustee sought, much less obtained, Greyson's written consent to Trustee filing Trustee's Third amended complaint against Greyson. If Trustee had Greyson's written consent, it would be attached to OPP. Not attached because does not exist.

Plus, Trustee counsel (after Greyson filed its motion) saying Greyson's Second Amended Answer and Jury Demand could be Greyson's Third Amended Answer and Jury Demand, is error, because Trustee added multiple paragraphs to the Third Amended Complaint, which substantially changed the numbering of the Third Amended Complaint when compared to numbering of the Second Amended Complaint.

## IV. OPP's ONLY Argument, as to How Trustee's Third Amended Complaint Against Greyson, is So Erroneous Its bad faith

OPP's ONLY Argument, as to How Trustee's Third Amended Complaint Against Greyson, could comply with move for and get an Order from the Court to file Third Amended Complaint against Greyson, beyond the 21-day period of FRCP Rule 15(a)(1), is So Erroneous Its bad faith:

Trustee Never moved this Court to authorize Trustee to file Trustee's Third Amended Complaint against Greyson, beyond the 21-day time limit of FRCP Rule 15(a)(1); and never obtained an Order of this Court (required by FRCP Rule 15(a)(2))to file Trustee's Third Amended Complaint as to Greyson beyond the 21-day time limit.

Greyson's Motion in chief briefed, in detail—and Trustee's OPP fails to refute--that the ONLY order authorizing Trustee to file a Third Amended Complaint was an Order authoring Trustee to file a Third Amended Complaint as to defendant Bianca Loli, which Order was granted on a Motion Loli brought, moving for a more definite statement as to Loli, as regards Trustee's Second Amended Complaint against Loli. This Court granted Loli's motion, but ordered Trustee could file a Third Amended Complaint against Loli, within a specified time limit.  Loli's Motion did not discuss Greyson or any other defendant.  The Court's order was only granted Trustee leave to file a Third Amended Complaint against Loli, not against any other defendant.  A first year lawyer could see that there was no Motion, or Order, authorizing Trustee to file a Third Amended Complaint as to Greyson, and that therefore, Trustee's Third

Amended Complaint must be dismissed as to Greyson, for being filed beyond the 21 day limit set by FRCP Rule 15(a)(2).

**V.    If this Court were to Authorize Trustee to file a Fourth Amended Complaint against Greyson, this Court should Grant the FRCP Rule 12(e) Portion of Greyson's Motion, to order the any Fourth Amended Complaint as to Greyson Must <u>Delete</u>, as to Greyson, the Allegations which 11 months of evidence have proven are false as to Greyson, and to Order that Any Fourth Amended Complaint as to Greyson Must plead specifics (1)-(4)—recapped in this Section V., regarding each alleged Fraudulent Transfer to Greyson**

OPP fails to rebut (in fact completely ignores) the portion of the FRCP Rule 12(e) [FRBP Rule 7012(b)] briefing in Greyson's Motion in Chief, which points out that allegations which --in the 11 plus months since the 6/2/23 lockout at Greyson-- have been proved by overwhelming, and uncontroverted, evidence to be false as to Greyson, must properly be removed from any further amended Complaint against Greyson.

Specifically, any Fourth Amended Trustee's Complaint, as to Greyson, must **<u>delete</u>**, as to Greyson, the allegations that LPG transferred LPG files to Greyson (didn't happen), the allegations that LPG transferred LPG money to Greyson (didn't happen), the allegations that Greyson "misappropriated" LPG's attorney network (didn't happen, including because there was no "LPG attorney network by the time Greyson employed the former LPG attorneys, who had ceased to work for LPG, and

had worked for other law firm's before Greyson hired them), and the allegations that Greyson used LPG proprietary documents and data (didn't happen, and evidence proved it didn't happen).  It is bad faith, violating FRBP Rule 9011, that Trustee's Complaints continue to plead these false allegations, which by now, Trustee and this Court know are false, completely contrary to the uncontroverted evidence on all the Motions between Greyson and Trustee.

Second,  OPP fails to rebut the Rule 12(e) briefing, in Greyson's Motion in Chief, that the present fatally vague allegations regarding unspecified funds, alleged to have been fraudulently transferred to Greyson, by unspecified entities, in unspecified dollar amounts, in unspecified circumstances, must be fixed, if this Court were to allow Trustee to file a Fourth Amended Complaint as to Greyson.

The present Third Amended Complaint: (1) does NOT specify what person/entity made each alleged fraudulent transfers to Greyson;  (2) does NOT specify on what date each such alleged fraudulent transfer to Greyson was made; (3) does NOT specify the dollar amount of each fraudulent transfer alleged to have been made to Greyson; and  (4) does NOT state reasons/circumstances surrounding each fraudulent transfer alleged to have been made to Greyson.

If this Court were to allow Trustee to file a Fourth Amended Complaint as to Greyson, any such Fourth Amended Complaint must be must properly be ordered to allege each of (1)-(4) as to Greyson.  Pleading  (1)-(4) is required to remedy the fatal vagueness in the Third Amended Complaint.

## VI. CONCLUSION

OPP is blatant error. This Court should properly grant Greyson's Motion, to order Trustee's Third Amended Complaint dismissed, as to Greyson, for violation of FRCP Rule 15(a)(2) [FRBP Rule 7015].

If this Court were to allow Trustee to file a Fourth amended complaint against Greyson, this Court should grant the FRCP Rule 12(e) [FRBP Rule 7012(b)] portion of Greyson's Motion, to require the false allegations as to Greyson, specified supra, to be deleted as to Greyson, and to order that any Fourth Amended Complaint alleging fraudulent transfers to Greyson plead (1)-(4) supra, as to each fraudulent transfer Greyson is alleged to have received.

Dated: June 5, 2024        THE BANKRUPTCY LAW FIRM, PC
_____/s/ Kathleen P. March_____
By Kathleen P. March, Esq., counsel of record
Defending Movant Greyson against Trustee's Adversary Proceeding

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064
A true and correct copy of the foregoing document entitled (*specify*):

**GREYSON LAW CENTER PC'S REPLY TO TRUSTEE'S OPPOSITION [DKT.548, FILED 5/29/24] TO GREYSON'S NOTICE OF MOTION AND MOTION TO DISMISS TRUSTEE MARSHACK'S THIRD AMENDED COMPLAINT [DKT. 506, FILED 4/26/24], AS TO DEFENDANT GREYSON, FOR BEING FILED IN VIOLATION OF FRCP RULE 15 [FRBP RULE 7015; AND MOVING FOR A MORE DEFINITE STATEMENT, PURSUANT TO FRCP RULE 12(e) [FRBP RULE 7012]**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___6/5/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See next page

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

n/a

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __6/5/24_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/5/24 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Keith Barnett**  keith.barnett@troutman.com, kelley.wade@troutman.com
- **Bradford Barnhardt**  bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**  eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**  christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**  mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Alan W Forsley**  alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Jeremy Freedman**  jeremy.freedman@dinsmore.com, nicolette.murphy@dinsmore.com
- **Christopher Ghio**  christopher.ghio@dinsmore.com, nicolette.murphy@dinsmore.com;angelica.urena@dinsmore.com;deamira.romo@dinsmore.com
- **Eric D Goldberg**  eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**  kelly@ksgklaw.com
- **Meredith King**  mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**  David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**  matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**  daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
- **Daniel S March**  marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**  kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**  pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Lisa Patel**  lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**  dplazak@rhlaw.com
- **Daniel H Reiss**  dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Jonathan Serrano**  jonathan.serrano@dinsmore.com
- **Zev Shechtman**  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **Howard Steinberg**  steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**  astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**  wwall@wall-law.com
- **Johnny White**  JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**