

**FILED & ENTERED**

**JUN 10 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte     **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor(s). | CHAPTER 11<br><br>Case No.: 8:23-bk-10571-SC<br>Adv No: 8:23-ap-01046-SC<br><br>**ORDER (1) DENYING GREYSON LAW CENTER PC'S MOTION TO DISMISS THIRD AMENDED COMPLAINT; AND (2) VACATING HEARING** |
| Richard A. Marshack, Chapter 11 Trustee,<br><br>Plaintiff(s),<br><br>v.<br><br>Tony Diab, et al.,<br><br>Defendant(s). | Vacated Hearing:<br>Date:     June 12, 2024<br>Time:     11:00 AM<br>Courtroom: 5C |

On May 6, 2024, defendant Greyson Law Center PC ("Greyson") filed a "Motion to Dismiss Trustee Marshack's Third Amended Complaint [Dk. 506, filed 4/26/24], As to Defendant Greyson, For Being Filed in Violation of FRCP Rule 15 [FRBP Rule 9024]; and Moving For a More Definite Statement, Pursuant to FRCP Rule 12(e) [FRBP Rule 7012]" [Dk. 513] ("Motion"). On May 29, 2024, Trustee filed his opposition to the Motion

-1-

("Opposition") [Dk. 548] and on June 5, 2024, Greyson filed its reply ("Reply") [Dk. 563].

The Court, having considered the Motion, Opposition, and the Reply finds that oral argument will not aid the Court in the disposition of this matter, hereby VACATES the June 12, 2024 hearing, and for the reasons set for below, finds good cause to DENY Greyson's Motion.

## I.    Relevant Procedural Background

On May 25, 2023, Trustee initiated the above captioned adversary. On June 15, 2023, Trustee filed an amended complaint [Dk. 62]. On July 24, 2023, Eng Taing and Touzi Capital, LLC, filed a motion to dismiss the amended complaint [Dk. 96], which was granted by an order entered September 14, 2023 [Dk. 199]. On October 13, 2023, Trustee filed a Second Amended Complaint [Dk. 226] ("SAC"). Greyson answered the SAC on October 10, 2024. [Dk. 251].

On December 22, 2023, Bianca Loli filed a motion to dismiss the second amended complaint [Dk. 300] and Lisa Cohen filed a motion to dismiss the SAC [Dk. 301]. By orders entered March 22, 2024, the Court granted in part and denied in part Loli and Cohen's motions to dismiss with leave to amend [Dks. 458, 459].

A third amended complaint ("TAC") was filed April 26, 2024. [Dk. 506]. Greyson filed this Motion to Dismiss on May 6, 2024. [Dk. 513][1].

## II.    Legal Standards

A. <u>Dismissal under FRCP 15</u>

Federal Rule of Bankruptcy Procedure ("FRBP") 7015 incorporates Federal Rule of Civil Procedure ("FRCP") 15 and addresses when pleadings may be amended. A party may amend their pleading "as a matter of course" under two scenarios: (1) within 21 days of initially serving the pleading; or (2) if the pleading requires a response, within 21 days after the opposing party services either a responsive pleading or a Rule 12 motion, whichever comes first. FRCP 15(a)(1). After this window, a party may amend

---

[1] The deadline in which to file a responsive pleading was extended by an order entered on April 30, 2024. [Dk. 507].

their pleading only by an agreement between parties or with the court's leave. FRCP 15(a)(2).

FRCP 15 dictates that courts should grant leave to amend pleadings freely "when justice so requires." FRCP 15(a)(2). Moreover, this rule is interpreted liberally, encouraging judgment on the merits rather than on procedural technicalities. *Forman v. Davis*, 371 U.S. 178, 181 (1962). However, courts have discretion to deny leave for several reasons, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182.

Furthermore, "[a] defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not 'change the theory or scope of the case.'" *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (quoting *Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1990)). "By its plain terms, Rule 15(a)(3) does not render a prior response to a prior pleading moot and require the filing of a new answer." *Id.*

It is well-established in this circuit that an amended complaint supersedes any prior complaints. Such prior complaints have no legal effect. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (superseded by statute on other grounds); *see also Shah v. Drew Chain Sec. Corp.*, No. 222CV01335FWSGJM, 2022 WL 17256185 *2 (C.D. Cal. Aug. 22, 2022) (holding that the amended complaint superseded the original complaint even where there was no substantial difference between the two).

Furthermore, "[p]roceeding from two disparate pleadings is antithetical to a straightforward and efficient resolution of the case." *Montealegre v. Kaiser Permanente*, No. 8:14-CV-01191-SVW-JC, 2015 WL 13916003 *4 (C.D. Cal. Jan. 29, 2015); *see also Parlante v. Cazares,* No. CIV S-11-2696 MCE GGH PS, LEXIS 19837, at *13 n.3 (E.D. Cal. Feb. 16, 2012) (reasoning that an amended complaint pertaining to all defendants rather than multiple operative complaints is necessary for "logistical reasons" i.e.

discovery and "other case management"). Moreover, "[d]istrict courts have an inherent power to control their dockets." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)).

B. <u>Request for More Definite Statement</u>

FRCP 12(e) is incorporated in adversary proceedings by FRBP 7012.

Under 12(e), a defendant may prevail on a motion for a more definite statement only if a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). This motion "attacks the unintelligibility of the complaint, not simply the mere lack of detail…" *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) (citing *FRA S.p.A v. Surg–O–Flex of America*, 415 F.Supp. 421, 427 (S.D.N.Y.1976)). Furthermore, "…a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id.* Moreover, "[i]f the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Id.* (citing *Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. CA 1981)). The Court in *Beery* further opined that as the moving defendants had "already filed a responsive pleading, they cannot now claim that the complaint is 'so vague and ambiguous' that they cannot reasonably be required to frame a responsive pleading." *Beery*, 157 F.R.D. 477, 480.

**III.    Analysis**

A. <u>The Motion to Dismiss Under FRCP 15 is Denied</u>

Greyson has failed to raise a compelling argument for dismissal of the TAC. First, Greyson has failed to provide appropriate legal authority meriting grounds for dismissal under Rule 15.

Second, Greyson asserts that the TAC causes undue hardship upon it due to the alteration of the paragraph numbers in relation to the SAC. [Dk. 513, pg. 6, 9-24]. Greyson complains that it must prepare and file a new answer to the TAC, with new

paragraph numbers. Greyson proceeds to construe FRCP 15 to its advantage, neglecting to provide any legal authority to support its argument: "FRCP Rule 15 is aimed at preventing a defendant (here Greyson) from having to prepare/file Answers, repeatedly." [*Id.*, ln. 22-23]. Answering the TAC, however, should Greyson choose to do so, would not cause Greyson any hardship beyond changing paragraph titles, since the TAC is not substantively different from the SAC with respect to Greyson.

The TAC, as it relates to Greyson, is not substantively different from the SAC to which Greyson has already responded. Rather, the only new references to Greyson are in the added Section G. Therein, Greyson is merely enumerated alongside other entities as those whom another defendant, Bianca Loli, purportedly assisted in creating for the alleged purpose of fraudulent transfers. [Dk. 506, ¶ 61, 63, 66]. Such transfers were previously alleged by Trustee in the SAC, and answered to by Greyson (though without mention of Loli's aid to the extent that the TAC alleges). [Dk. 226]. Therefore, there are no new factual allegations with respect to Greyson in the TAC.

Greyson, in its arguments under FRCP 15, fails to point out any differences between the SAC and TAC aside from the altered paragraph numbers which allegedly violated the Trustee's ability to file a third amended complaint pursuant to this Court's order granting Trustee leave to amend. Therefore, the Court finds that re-numbering paragraphs does not constitute a hardship for Greyson.

Furthermore, Greyson may not be required to answer the TAC. This circuit has ruled that a party does not have to answer an amended complaint when such a complaint is not substantively different. *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (quoting *Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1990)). When an amended complaint "does not add new parties, new claims, or significant new factual allegations, . . . the previously filed response to the original pleading [will] suffice." *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (citing *Upek*, 2010 U.S. Dist. LEXIS 76807, 2010 WL 2681734, at *3).

Lastly, dismissing the TAC to render the SAC operative would be unreasonable for this Court and the parties involved in this case.

Therefore, there are no grounds here to dismiss the TAC with respect to Greyson and such request is denied.

B.  The <u>Request for a More Definite Statement under FRCP 12(e) is Denied</u>

Greyson argues that the alleged fraudulent transfers as to Greyson are not plead with sufficient detail. [Dk. 513, pg. 8 of 32]. However, Rule 12(e) is focused on intelligibility. As Greyson has already filed a responsive pleading to the SAC, it cannot now claim that the complaint is now "so vague and ambiguous" that it cannot reasonably be required to frame a responsive pleading, especially as the Motion does not argue that there are new allegations in the TAC that are vague or ambiguous such that Greyson cannot respond. Plaintiff's TAC is not unintelligible.

Therefore, there are no grounds here to approve the request for a more definite statement and the request is denied.

## IV.    Conclusion

For the foregoing reasons, the Court finds that good cause exists to DENY the Motion and vacate the hearing.

**IT IS SO ORDERED.**

Date: June 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge

-6-