FILED & ENTERED

JUN 10 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.<br><br>Debtor(s). | CHAPTER 11<br><br>Case No.: 8:23-bk-10571-SC<br>Adv No: 8:23-ap-01046-SC<br><br>**ORDER (1) DENYING MOTION TO DISMISS ADVERSARY PROCEEDING AND THIRD AMENDED COMPLAINT; AND (2) VACATING HEARING** |
| Richard A. Marshack, Chapter 11 Trustee,<br><br>Plaintiff(s),<br>v.<br><br>Tony Diab, et al.,<br><br>Defendant(s). | Vacated Hearing:<br>Date:    June 12, 2024<br>Time:    11:00 AM<br>Courtroom: 5C |

Before the Court is the motion of Defendant Bianca Loli ("Defendant Loli" or "Loli") to dismiss the Third Amended Complaint ("TAC") filed April 26, 2024, [Dk. 506] and the adversary proceeding filed May 10, 2024 ("Motion") [Dk. 522]. Plaintiff, Chapter

-1-

11 Trustee, Richard Marshack ("Plaintiff" or "Trustee"), filed an opposition to the Motion on May 29, 2024 ("Opposition") [Dk. 549], and Defendant Loli filed a reply on June 5, 2024 ("Reply") [Dk. 560].

The Court, having considered the Motion, Opposition, and the Reply, finds that oral argument will not aid the Court in the disposition of this matter, and hereby vacates the June 12, 2024 hearing, and for the reasons set forth below, finds good cause to deny in-part and grant in-part the Motion, with leave to amend. Trustee may file an amended complaint by no later than June 28, 2024.

## I. Legal Standards

### A. FRCP 12(b)(6)

The standards under FRCP 12(b)(6) are made applicable to adversary proceedings in bankruptcy through FRBP 7012. A motion to dismiss under FRCP 12(b)(6) seeks to dismiss based on a "failure to state a claim upon which relief can be granted." According to *Bell Atlantic Corp. v. Twombly*, a complaint does not need detailed factual allegations, but it does need allegations that would create more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). This means the allegations must be plausible, which can be accomplished when they allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The allegations must be taken to be true, but under *Ashcroft v. Iqbal*, mere conclusory statements will not be given an assumption of truth because legal conclusions "must be supported by factual allegations." *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 664.

Therefore, the approach to determining a motion to dismiss under 12(b)(6) is to identify and disregard allegations that are conclusory and decide whether the remaining allegations, accepted as true, plausibly suggest a claim to relief.

### B. FRCP 9(b)

The standards under FRCP 9(b) are made applicable to adversary proceedings in bankruptcy through FRBP 7009. When alleging fraud or mistake, the party "must state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). The conditions of someone's mind may be alleged generally. *Id.*

In the Ninth Circuit, Rule 9(b)'s heightened pleading standard applies to claims of avoidance and recovery for actual fraudulent transfers, which means the circumstances must be specific enough to provide defendants with notice of the misconduct. *Screen Capital Int'l Corp. v. Library Asset Acquisition Co.*, 510 B.R. 248, 257 (C.D. Cal. 2014). However, Rule 9(b)'s heightened standard is generally not applied to claims of avoidance and recovery for constructively fraudulent transfers. *Id.*

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15, made applicable by Fed. R. Bankr. P. 7015.

The policy outlined in Rule 15(a) "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182,

83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

## II. Analysis

### A. First Claim: Injunctive Relief

Trustee, in his original complaint filed May 25, 2023 sought injunctive relief against all defendants to, *inter alia*, prevent named parties from interfering with ACH fund transfers. The Court, after considering relevant pleadings and oral arguments, granted a temporary injunction and then a preliminary injunction on June 23, 2023 ("Preliminary Injunction") [Dk. 70]. In the TAC, Trustee requests that the Court maintain and enforce the Preliminary Injunction.

The Motion admits that "Loli is already bound by the injunction." [Motion, pg. 9, 26], which the Court has issued and Trustee seeks to maintain. Loli has provided no legal authority to support the assertion that this claim should now be dismissed[1]. Therefore, the Motion is denied as to the first claim.

### A. Second claim: Avoidance, Recovery, and Preservation of Two-Year Actual Fraudulent Transfers

The heightened pleading standard of FRCP 9(b) applies to this claim as actual fraud is asserted. *See Screen Capital Int'l Corp.*, 510 B.R. at 257. Trustee has met this

---

[1] The Court notes that in the TAC, Trustee added new factual allegations regarding conduct that occurred after the Court granted the Preliminary Injunction. Defendant Loli alleges "there is no reason to issue further injunctive relief." The TAC cannot seek to expand the Preliminary Injunction [Dk. 70] without a further motion and further order of the Court. For a preliminary injunction to be expanded, or for Trustee to "potentially seek further turnover and damages as a result of violating the Preliminary Injunction as alleged in the [TAC]" [Opposition, pg. 12, 14-15], the movant must follow the proper procedural steps.

standard as the factual allegations asserted in connection with this claim have been plead with particularity.

For example, the TAC includes factual allegations that after LPG received litigation threats, Loli and Diab created Prime Logix around June 2022 "in order to separate LPG client files from ACH revenue and protect Diab's revenue stream." [TAC ¶ 59]. The TAC further states that Loli owns, operates, or runs Prime Logix, which would "transfer funds as needed to LPG, ensuring that LPG had minimal assets creditors could attach, enforce a judgment or otherwise use to satisfy LPG's debt obligation." [TAC ¶¶ 20, 59]. The TAC additionally states Loli was involved in making transfers to entities including "PECC, Teracel, Touzi, Eng and/or Heng." [TAC ¶ 94]. Furthermore, Plaintiff alleges that "a substantial portion of LPG's client files and ACH receivables were transferred to multiple Defendants in order to defraud creditors, and to hide, hinder and abscond with LPG assets." [TAC ¶ 97].

Because this second claim is based on 11 USC § 548(a)(1)(A), Plaintiff must allege an actual intent to hinder, delay, or defraud, in addition to meeting the pleading standard set forth in FRCP 9(b). The allegations discussed above and alleged in the TAC, taken as true, satisfy the requirements to survive the Motion. Therefore, the Motion as to the second claim is denied.

### B. Third Claim: Avoidance, Recovery, and Preservation of Two-Year Constructive Fraudulent Transfers

The heightened pleading standard of FRCP 9(b) does not apply to this claim as it relates to constructive fraud. *See Screen Capital Int'l Corp.*, 510 B.R. at 257. Pursuant to the requirements under 11 USC § 548(a)(1)(B) and taking the allegations as true, the TAC provides sufficient factual allegations to survive the Motion.

The TAC provides sufficient details to satisfy the elements of 11 USC § 548(a)(1)(B). For example, to support the allegation that Debtor received either no or very little consideration for the transfers made, the TAC alleges Validation Partners, LLC purchased accounts receivable from LPG and its affiliates for $66,000,000 but that their value was over $400,000,000. [TAC ¶ 49]. The TAC, as noted above, provides allegations as to Loli's alleged involvement in the alleged overarching scheme and multitude of fraudulent transfers. The TAC has plead enough facts to put Defendant Loli on notice of the claim against her as required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Trustee has also included statements, which taken as true, demonstrates LPG's insolvency, such as an allegation that on the petition date, LPG was not gaining cash on hand and claimed to have $4,500 in its bank account. [TAC ¶ 53]. Further, the TAC states the Transfers, which Loli was involved in making, constituted "substantially all of the Debtor's assets." [TAC ¶¶ 95, 96].

The TAC includes factual allegations that satisfy the pleading requirement for a constructive fraud claim. The Motion as to the third claim is denied.

### C. Fourth Claim: Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfers

As discussed above for the second and third claims, the TAC satisfies the pleading standards by providing sufficient allegations showing actual intent to hinder, delay, or defraud. This claim likewise meets the standards to survive the Motion for the reasons discussed *supra*. Additionally, the TAC states Debtor scheduled $141,813,219.09 in debt to pre-petition creditors, but without the client files, ACH receivables, and funds, the allegedly fraudulent transfers, in which Defendant Loli is

alleged to be involved, left Debtor with only $12,186,500 in assets, with about $12,000,000 of them being held by Defendant Bein. [TAC ¶ 99].

Therefore, the Motion, as to the fourth claim, is denied.

### D. Fifth Claim: Avoidance, Recovery, and Preservation of Four-Year Constructive Fraudulent Transfers

This claim also relates to constructive fraudulent transfers and, as noted above, the heightened pleading standard of FRCP 9(b) does not apply to this claim. *See Screen Capital Int'l Corp.*, 510 B.R. at 257.

For the reasons above, this claim meets the standards to survive a motion to dismiss under FRCP 12(b)(6). The allegations, if taken as true, indicate Debtor did not receive a reasonably equivalent value for the transfers and was insolvent at the time of or as a result of the transfers, and provides sufficient facts as to Defendant's Loli's alleged involvement.

Therefore, the Motion, as to the fifth claim, is denied.

### E. Sixth Claim: Turnover of Estate Property (Deny)

Defendant Loli's argument that she is not mentioned in the sixth claim ignores the fact that paragraph 142 of the TAC incorporated all allegations contained in paragraphs 1 through 141. One such incorporated statement is that Defendant Loli has "retained possession and control of the client files, ACH receivables, and funds transferred to the Alter Egos and Fraudulent Transferees or elsewhere after the Transfers." [TAC ¶ 92]. Taking the factual allegations as true, Trustee has properly stated a claim for turnover of property through this statement and other factual allegations toward Defendant Loli throughout the TAC, which still applies to the sixth claim via paragraph 142.

Additionally, Defendant Loli's argument that there are no allegations providing a basis for relief against Defendant Loli on this claim is not accurate. As explained above, it has been alleged that Defendant Loli participated in allegedly fraudulent transfers and has retained possession of Estate Property.

Therefore, the Motion, as to the sixth claim, is denied.

### F. Seventh Claim: Negligence

The TAC alleges Defendant Loli was negligent when she transferred client files without first obtaining written consent or informing clients they could opt out. To be negligent, there must have been a legal duty which Defendant Loli is alleged to have breached. Trustee claims Defendant Loli had a duty to obtain such consent and follow all rules "including but not limited to California Model Rules 1.17 and 1.17(b) among others." [TAC ¶ 148].

The California Rules of Professional Conduct ("Rules") are only binding on lawyers licensed by the State Bar. [Rule 1.0] Lawyers licensed in other jurisdictions but not in California are prohibited under the Rules to hold themselves out as lawyers admitted to practice law in California. [Rule 5.5] Defendant Loli has not been alleged to be an attorney, whether licensed in California or another state, and the Complaint does not allege Loli held herself out to be an attorney. As such, these Rules would not specifically apply to her.

As for the broad language in the TAC with reference to the application of other rules, such broad language is not sufficient to survive a motion to dismiss brought under FRCP 12(b)(6). The allegations must sufficiently state a claim for relief. The statements concerning negligence are insufficient because they do not state a law or duty which Defendant Loli was bound by and breached, and therefore do not provide a claim for

which relief can be granted.  As asserted, these allegations do not provide notice of the specifics of the claim against Defendant Loli.

In his Opposition [Dk. 549], Trustee argues the TAC sufficiently demonstrates Loli's negligence by following the elements of duty, breach, causation, and damages. Trustee mentions EFTA and Regulation E and states these created a duty for Loli. Trustee also cites 15 U.S.C. § 1693a(12) and 12 C.F.R. § 1005.2(m). However, none of the foregoing were included in the TAC. In order to properly state a claim for relief, the allegations in the Complaint must provide some basis for demonstrating Defendant Loli had a duty that was subsequently breached and that caused damages. Simply inserting language of "including but not limited to" and "among others" around a set of rules that are not applicable to Defendant is insufficient to survive a motion to dismiss. [Complaint ¶ 148]. Without more, the allegations are formulaic and conclusory. It is established that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Therefore, the Motion, as to the seventh claim, is granted.

### G.  Leave To Amend

The Court is not persuaded that further amendment would be futile, or that under the facts and circumstances of this case, that bad faith, undue delay, or undue prejudice exists. In light of foregoing, combined with the liberal policy to grant leave to amend, leave to amend is granted.

///

### III. Conclusion

For the foregoing reasons, Defendant Loli's Motion is denied in-part and granted in-part, with leave to amend. Trustee may file an amended complaint by no later than June 28, 2024.

**IT IS SO ORDERED.**

Date: June 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge