| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christopher B. Ghio (State Bar No. 259094)<br>Jeremy B. Freedman (State Bar No. 308752)<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: 619.400.0500; Facsimile: 619.400.0501<br>christopher.ghio@dinsmore.com<br>christopher.celentino@dinsmore.com<br>jeremy.freedman@dinsmore.com | |
| ☐ Individual appearing without attorney<br>☒ Attorney for: Trustee, Richard A. Marshack | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor(s). | CASE NO.: 8:23-bk-10571-SC<br>ADVERSARY NO.: 8:23-ap-01046-SC<br>CHAPTER: 11 |
|---|---|
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>Plaintiff(s).<br>vs.<br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual; et al.<br><br>Defendant(s). | AMENDED **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE: 10/16/2024<br>TIME: 11:00 a.m.<br>COURTROOM: 5C<br>ADDRESS: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A. PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☐ Yes  ☒ No
2. Have all parties filed and served answers to the Claims Documents?  ☐ Yes  ☒ No
3. Have all motions addressed to the Claims Documents been resolved?  ☐ Yes  ☒ No
4. Have counsel met and conferred in compliance with LBR 7026-1?  ☐ Yes  ☒ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 1    F 7016-1.STATUS.REPORT

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):
   See attachment A(5).

B. **READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

   <u>Plaintiff</u>
   Estimated June 2025

   <u>Defendant</u>
   No trial should be needed. Greyson expects to bring motion for summary judgment, because Trustee can't prove Complaint's fraudulent transfer allegations.

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   <u>Plaintiff</u>
   With over 40 defendants, many of whom have not responded, substantial disclosure, production and corresponding subpoenas for records and deposition

   <u>Defendant</u>
   Greyson, in 2024, may propound some discovery re the alleged fraudulent transfer allegations against Greyson, could take a deposition, not sure at present

3. When do you expect to complete <u>your</u> discovery efforts?

   <u>Plaintiff</u>
   Uknown at this time but not earlier than April 2025, with an initial disclosure date of October 9, 2024.

   <u>Defendant</u>
   See answer to 2 immediately supra

4. What additional discovery do you require to prepare for trial?

   <u>Plaintiff</u>
   Written discovery, expert discovery, indiivual and PMK depositions, subpoenas of numerous financial records, and 2004 exams.

   <u>Defendant</u>
   See answer to 2 immediately supra

C. **TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   <u>Plaintiff</u>
   14-21 days for all defendants in 1046 Action

   <u>Defendant</u>
   Should not need a trial re Greyson, Greyson will move for summary judgment, because Trustee can't prove the alleged fraudulent transfer allegations re. Greyson

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   <u>Plaintiff</u>
   Based on information known to date and with having initial disclosures, Trustee estimates between 20-30 as to all Defendants in the 1046 Action

   <u>Defendant</u>
   Greyson expects to win by Motion for summary judgment, because Trustee can't prove the alleged fraudulent transfer allegations re. Greyson

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                Page 2                                                **F 7016-1.STATUS.REPORT**

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| Based on information known to date and with having initial disclosures, Trustee estimates between 200-400 | Don't think trial will be needed as to Greyson. Relevant exhibits will be attached to Greyson Motion for summary judgment, auth. by decl. |

### D. PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: Given the number of defendants, coordination at a trial conference is requested. | Reasons: Narrow issues for trial |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: (date) 02/01/2025 | Pretrial conference should be set after: (date) 12/31/2024 |

### E. SETTLEMENT:

1. What is the status of settlement efforts?

    Trustee has reached a settlement with Maverick Bankcard and Payliance, among others and continues his efforts to discuss potential resolution of claims as agaisnt all non-defaulted defendants. This has resulted in ongoing discussions with Consumer Legal Group, LGS HoldCo, FIS, among others.

2. Has this dispute been formally mediated?  ☐ Yes  ☒ No
    If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☒ Yes ☐ No | ☐ Yes ☒ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 3                    F 7016-1.STATUS.REPORT

F. **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

|  Plaintiff  |  Defendant  |
|---|---|
| ☒ I do consent | ☐ I do consent |
| ☐ I do not consent | ☒ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)



Respectfully submitted,

Date: 10/02/2024

Dinsmore & Shohl, LLP
Printed name of law firm

*/s/ Jeremy Freedman*
Signature

Christopher Ghio / Jeremy Freedman
Printed name

Attorney for: Trustee, Richard A. Marshack

Date: 10-1-24

The Bankruptcy Law Firm, PC
Printed name of law firm

*/s/*
Signature

Kathleen P. March
Printed name

Attorney for: Greyson Law Center, PC

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                Page 4                                F 7016-1.STATUS.REPORT

## ATTACHMENT A(5)

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1. Eleven of the named defendants have filed answers to the Fourth Amended Complaint. Those defendants include Bianca Loli; Daniel March; Scott Eadie; Greyson Law Center, PC; Consumer Legal Group, PC; LGS HoldCo., LLC; Eng Taing; Touzi Capital, LLC; Fidelity National Information Services, Inc. dba FIS; Worldpay; WorldPay; and Optimum Bank Holdings, Inc. dba Optimum Bank.

2. Greyson's motion to dismiss the Third Amended Complaint [1046 Dkt. No. 513] was denied on June 10, 2024 [1046 Dkt. No. 566]. On July 2, 2024, Greyson timely filed an answer to the Fourth Amended Complaint filed June 28, 2024 [1046 Dkt. No. 583].

3. On December 6, 2023, Defendant Greyson filed its motion to vacate the Court's Preliminary Injunction [1046 Dkt. No. 290]. On August 27, 2024, after extensive briefing by both parties, the Court denied Greyson's motion to vacate [Bankr. Dkt. No. 1545]. Greyson has filed a notice of appeal as to the Court's Order denying its motion to vacate among other orders entered in the main Bankruptcy matter.

4. Pursuant to the Court's order approving Trustee compromise [Bank. Dkt. 1035], Maverick Bankcard, Inc. was dismissed from the 1046 Action.

5. Pursuant to the Court's order approving the Trustee's compromise [Bank. Dkt. 1770], Payliance will be dismissed from the 1046 Action.

6. Pursuant to the agreement of the parties, Defendants Fidelity National Information Services, Inc. dba FIS, WorldPay, LLC and WorldPay Group will be dismissed without prejudice with each defendant agreeing to continue to be bound by the terms of the Court's Preliminary Injunction [1046 Dkt. No. 70] until further order of the Court.

7. Trustee has dismissed the United States Postal Services (USPS) in light of its compliance with the TRO and Preliminary Injunction in redirecting mail [1046 Dkt. No. 103] and Phoenix Law Group, Inc. (as erroneously named) [1046 Dkt. No. 119].

8. By way of stipulated judgment, Trustee has been authorized to dismiss, without prejudice William Taylor "Ty" Carss, and Mariah Eeya Tan. That dismissal was submitted on November 8, 2023 [1046 Dkt. No. 270].

9. In addition, Trustee has requested dismissal of Occam's Advisory, Inc., Teracel Blockchain Fund, LLC, and Chris Winslow pursuant to Federal Rules of Bankruptcy Procedure Rule 41(a)(1)(A)(i). These defendants have not answered or otherwise appeared, and Trustee's investigation has indicated they are not proper targets of the instant action. That dismissal was submitted on November 8, 2023 [1046 Dkt. No. 270].

10. Trustee has also requested dismissal of B.A.T., Inc. d/b/a Coast Processing, Guardian, Maverick Management, LLC, Eng Tang and World Pay, Inc. pursuant to Federal Rules of Bankruptcy Procedure Rule 41(a)(1)(A)(i). These defendants have not answered or otherwise appeared and Trustee's investigation has indicated that they were erroneously named. Each of these defendants has been properly re-named pursuant to Trustee's First Amended Complaint [1046 Dkt. No. 62]. That dismissal was submitted on November 8, 2023 [1046 Dkt. No. 270].

11. The Court has entered a stipulated order to dismiss Defendants Han Trinh and Jayde Trinh [Dkt. 219]. Trustee intends to file separate adversary proceedings as to these dismissed defendants.

12. The Court entered an order dismissing Marich Bein, LLC and BankUnited, N.A. from the 1046 Action in order to sever the trustee's claims [1046 Dkt. No. 446]. Trustee filed a separate Adversary Proceeding No. 8:23-ap-1040-SC as to these defendants among others.

13. Four named defendants have yet to be served, including EPPS, Authorize.net, Equipay and World Global. As to Authorize.net, Trustee intends to dismiss this entity from the complaint and file a separate adversary proceeding naming the proper parent company, Visa, Inc. pending the receipt of business records pursuant to subpoena. As to EPPS, Trustee has identified counsel for the defendant who has agreed to accept service of the Fourth Amended Complaint on EPPS' behalf. As to the remaining defendants, Trustee intends to request another summon based on the filing of Fourth Amended Complaint and his continued investigation into proper service of these entities.

2

14. The Court previously entered default as to Defendants Vulcan Consulting Group, LLC [1046 Dkt. No. 144]; Wes Thomas [1046 Dkt. No. 145]; Jimmy Chhor [1046 Dkt. No. 174]; Oakstone Law Group, PC [1046 Dkt. No. 177]; Prime Logix, LLC [1046 Dkt. No. 179]; Revolv3, Inc. [1046 Dkt. No. 180]; and Guardian Processing, LLC [1046 Dkt. No. 181]. That said, Trustee will be filling renewed requests for default based on the Second Amended Complaint as to all defendants that have not answered or sought an extension of time that has been approved by order of the Court.

15. Trustee, with the assistance of the Court employed financial accountants Grobstein Teeple, LLP [1046 Dkt. No. 169], is working diligently to complete its forensic account in order to prepare and file for default judgment, as appropriate given this matter remains in the early stages of discovery. Trustee awaits production of bank records pursuant to issued 2004 examinations before completing these default judgments.

16. As to any remaining defendants, Trustee has either had entered into a stipulation filed with the Court for extension of time to respond to the Adversary proceeding pending further meet and confer efforts and informal discovery, intends to dismiss or file for entry of default based on the Trustee's Third Amended Complaint.

17. Trustee remains vigilant and focused on maximizing recovery of all of LPG assets to the Debtor's Estate for the benefit of all creditors, including consumer creditors. That said, Trustee has and continues to work with Defendants in good faith to obtain discovery, records and work towards resolution of the claims raised in the Third Amended Complaint.

///
///
///
///
///
///
///
///
///

**POSITION OF DEFENDANT, GREYSON LAW CENTER, PC**

Greyson will move for summary judgment against Trustee's 4th Amended Complaint against Greyson, because the only allegations in that complaint against Greyson are fraudulent transfer allegations, and Trustee cannot prove Trustee's fraudulent transfer allegations against Greyson.

As regards Greyson's Motion [dkt.290], that moved to vacate, **as to Greyson**, the 5/26/23 Lockout and Preliminary Injunction Order [dkt.13], and that moved for an order ordering the Celentino firm to return Greyson's computers/beelinks, data and documents seized on 6/2/23 at Greyson's office, and not returned to Greyson, to present, that motion should have been granted, but instead was denied by the Court "without prejudice

It was error of law and clear error of fact that the Court denied Greyson's Motion, despite the fact that, at the hearing on 5/1/24, Trustee attorney Ghio, who argued for Trustee, **admitted** that the Celentino firm was requesting this Court to keep the dkt.13 Lockout & Preliminary Injunction order-- and the dkt.70 continuation order-- in effect, because if this Court granted Greyson's Motion to vacate those, that **then Greyson could compete with Morning Law**, and it was better for the LPG bankruptcy estate if Greyson could **not** compete with Morning, Law, the buyer of LPG's client files from the LPG bankruptcy estate in July 2023. What Ghio told this Court is an **admission of Dinsmore firm's illegal purpose in trying to keep the dkt.13/dkt.70 Orders in effect**, because competition is legal, and Greyson is entitled to compete with Morning Law, and it is **illegal to seek to use a Court order to prevent legal competition** by Greyson with Morning law. Greyson attorney Kathleen March told this to the Court, in her rebuttal to Ghio' argument.

**ATTACHMENT G**

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1.   At this time there are a total of 15 named defendants who have either: 1) answered; 2) yet to be served; 3) have not had and are not likely to have a default entered against them; and 4) have not been and are not anticipated to be dismissed at this time. Based on the sheer number of defendants, discovery, preparation and length of trial in this matter is expected to exceed normal expectations.

4

That said, Trustee is diligently working with all defendants to obtain informal discovery and work towards potential resolution in order to narrow the scope of discovery and trial in this matter, as the information provided to Trustee permits.

2.   Based on the documents produced to the Trustee to date, there are over 100 million individual electronically stored documents that the Trustee is diligently working through to review.

3.   In an effort to stay in front of the enormous volume of discovery necessary to recover assets under the Trustee's Third Amended Complaint in this Adversary Proceeding, Trustee has taken reasonable steps in light of the recent sale of LPG's assets and based on the information to date to stay in front of discovery. In this regard, Trustee has served a number of subpoenas to targeted institutions in order to continue efforts to trace and recover Estate property.

4.   Trustee has completed the 7026 conference as to answering Defendants, Bianca Loli, Consumer Legal Group, PC, LGS HoldCo, LLC, Eng Taing, Touzi Capital, LLC, Scott Eadie, Greyson Law Center, LLC and Daniel March. Initial disclosures have been completed as to Defendants, Bianca Loli, Eng Taing, Touzi Capital, LLC, Scott Eadie, and Greyson Law Center, LLC.

5.   Trustee has filed a separate adversary proceedings as to: 1) newly named defendants for fraudulent conveyance and avoidance of Estate property; 2) standalone claims recently discovered against named defendants; and claims severed from the 1046 Action including those against certain Defendants, Marich Bein and BankUnited whose involvement are significantly related.

///
///
///
///
///
///
///
///
///

**POSITION OF DEFENDANT, GREYSON LAW CENTER, PC**

Please see Greyson position, stated supra.

1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:      DINSMORE & SHOHL LLP 655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED JOINT STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 3, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On October 3, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COPY**
> The Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California
> Ronald Reagan Federal Building and Courthouse
> 411 West Fourth Street, Suite 5130 / Courtroom 5C
> Santa Ana, CA 92701-4593

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 3, 2024 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August  2010                              **F 9013-3.1.PROOF.SERVICE**

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-.1.PROOF.SERVICE**

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    **F 9013-.1.PROOF.SERVICE**

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
jonathan.serrano@dinsmore.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-.1.PROOF.SERVICE**