1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com

2 | BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com

3 | MARSHACK HAYS WOOD LLP
870 Roosevelt

4 | Irvine, California 92620
Telephone: (949) 333-7777

5 | Facsimile: (949) 333-7778

6 | Attorneys for Plaintiff and Chapter 11 Trustee,
RICHARD A. MARSHACK

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10 |

11 | In re:

12 | THE LITIGATION PRACTICE GROUP P.C.,

13 | Debtor.

14 |

15 | RICHARD A. MARSHACK,

16 | Plaintiff,

17 | v.

18 | TONY DIAB, et al.

19 |

20 | Defendants.

21 |

Case No.: 8:23-bk-10571-SC

Adv. Proc. No. 8:23-ap-01046-SC

Chapter 11

**PLAINTIFF AND CHAPTER 11 TRUSTEE RICHARD A. MARSHACK'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO AUTHORIZE.NET**

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 25, 2024, Plaintiff and Chapter 11 Trustee for the bankruptcy estate of debtor, The Litigation Practice Group P.C., Richard A. Marshack ("Trustee") will serve a subpoena to produce documents on Authorize.net pursuant to Federal Rule of Civil Procedure 45, as made applicable by Federal Rule of Bankruptcy Procedure 9016.  A true and correct copy of the subpoena is attached hereto as **Exhibit 1**.

Respectfully submitted,

Dated:  November 25, 2024                    MARSHACK HAYS WOOD, LLP


By:  */s/ Bradford N. Barnhardt* _____
     D. Edward Hays
     Bradford Barnhardt
     Counsel to Richard A. Marshack, Chapter
     11 Trustee for the Bankruptcy Estate of The
     Litigation Practice Group P.C.

**EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Central District of California

In re The Litigation Practice Group, PC
Debtor

Case No. 8:23-bk-10571-SC

*(Complete if issued in an adversary proceeding)*

Chapter 11

Richard A. Marshack, Chapter 11 Trustee
Plaintiff
v.
Tony Diab, et al.
Defendants

Adv. Proc. No.  8:23-ap-01046-SC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **AUTHORIZE.NET**

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Documents as described in the attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Marshack Hays Wood, LLP, 870 Roosevelt, Irvine CA 92620 | 12/10/2024 on or before 5:00 pm |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _11/22/2024_

CLERK OF COURT

OR        /s/ Bradford N. Barnhardt

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard A. Marshack, who issues or requests this subpoena, are: Marshack Hays Wood, LLP, Bradford Barnhardt
870 Roosevelt, Irvine, CA 92620; (949) 333-7777; bbarnhardt@marshackhays.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                              *Server's signature*

_____
                              *Printed name and title*

_____
                              *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING) TO AUTHORIZE.NET

A.    <u>Definitions</u>

As used in these Requests, the following terms shall be defined as follows:

1.    "DEBTOR" shall mean and refer to The Litigation Practice Group P.C. (EIN 83-3885343), the DEBTOR in the BANKRUPTCY CASE No. 8:23-bk-10571-SC, a voluntary chapter 7 case currently pending in the United States Bankruptcy Court for the Central District of California, Central Division.

2.    "BANKRUPTCY CASE" shall mean the Chapter 11 bankruptcy proceeding, initiated on March 20, 2023, as a Chapter 11 bankruptcy proceeding, Central District of California Bankruptcy Case No. 8:23-bk-10571-SC.

3.    "YOU" and "YOUR," and/or "AUTHORIZE.NET" shall mean and refer to the person most knowledgeable for AUTHORIZE.NET, including any and all brands, divisions, subsidiaries, sister companies and/or parent companies of AUTHORIZE.NET, including but not limited to VISA, Inc. on the subject of the requests below.

4.    "THE COVERED ENTITIES OR INDIVIDUALS" shall refer to the following entities and individuals:

    **A. Tony Diab**, named Defendant in Adversary Proceeding No. 8:23-ap-01046-SC;

        Address:      (i) 1278 Glenneyre Street Laguna Beach, California 92651;

                         (ii) 8 Almanzora, Newport Coast, California 92657;

                         (iii) 17542 17th Street, Tustin, California 92780.

    **B. Han Trinh**

        Address:      **(i)** 2128 West Cherry Drive, Orange, California 92868

        Social: xxx-xx-6186

*///*

**C. Jayde Trinh**

Address:        **(i)** 2128 West Cherry Drive, Orange, California 92868

Social: xxx-xx-1414

**D. BAT Inc. d/b/a Coast Processing:**

CA Secretary of State Filing Number: 4277654

**EIN: 82-3967686**

Address(es):    **(i)** 20101 SW Cypress Street, Newport Beach CA 92660
                (last known);

                **(ii)** 1278 Glenneyre Street, Suite 140, Laguna Beach, CA 92651

                **(iii)** 1351 Calle Avanzado, Ste 2, San Clemente, CA 92673

**E. Greyson Law Center**

CA Secretary of State Filing Number(s):        (a) 5714736 (active);
                                               (b) 5561924 (terminated)

**EIN: 92-2834845**

Address(es):    **(i)** 3345 Michelson Dr. Ste. 400 Irvine CA 92612 (last
                known);

                **(ii)** 440 N. Barranca Ave. #1331 Covina, CA 91723

**F. Greyson Law, PC**

(Name variant, see "D" above)

**G. EPPS, LLC**

CA Secretary of State Filing Number: 200218410169

**EIN: 27-2144288**

Address(es):    **(i)** 834 South Lucerne Blvd #17 Los Angeles, CA 90005 (per CA
                Secretary of State Website, inactive since November 1, 2013)

                **(ii)** 2204 Plaza Dr. Ste 220, Rocklin, CA 95765-4413

///

**H. Prime Logix**

CA Secretary of State Filing Number: 3719398

**EIN: 88-2367120**

Wyoming Secretary of State Filing Number: 2022-001115347

Address(es):    **(i)** 21900 S. Alameda Street, Long Beach, CA 90810

**I.    Vulcan Consulting Group, LLC**

CA Secretary of State Filing Number: 201935310487

**EIN: 84-4067431**

Address(es):    **(i)** 1278 Glenneyre Street, Laguna Beach, CA 92651

**J.    Maverick Management Group LLC**

Wyoming Secretary of State Filing Number: 2023-001206677

**EIN: 87-1090485**

Address(es):    **(i)** 1220 Ensenada Avenue, Laguna Beach, California 92651

**K. Rosa Bianca Loli**

Address(es):    **(i)** 1220 Ensenada Avenue, Laguna Beach, California 92651 (last
known)

Social: xxx-xx-3271

**L.    Guardian Processing, LLC**

**EIN: 92-1407756**

Address(es):    **(i)** 19200 Von Karman Avenue, Floors 4 - 6, Irvine, California 92612

CA Secretary of State Filing Number: 202355310457

Wyoming Secretary of State Filing Number: 2022-001195286

5.    "DOCUMENT" or "DOCUMENTS" mean and refer to any written, recorded (electronically or otherwise), printed, or graphic matter, however produced or reproduced, whether existing in paper format, as ELECTRONICALLY STORED INFORMATION, or otherwise, of any kind or description, including originals, copies, non-identical copies, and drafts and both sides thereof. DOCUMENTS include but are not limited to sound recordings, electronic memoranda, and files with

meta data intact (including e-mail or similar electronic messages or memos and word processing, database, and spreadsheet files), photographs, ESI (defined below), and all other tangible things in which words, figures, notations, or sounds are recorded in writing or by any other means, however denominated, and any such material underlying, supporting, or used in the preparation thereof.

6.      "RELATING TO" shall have the same meaning as "RELATE," "REFER," "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE and includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

7.      "COMMUNICATION" means any transmission, relation, or delivery of things, facts, thoughts or ideas by any means, method, or medium on or by which intelligence or information can be delivered, transported, recorded, maintained or retrieved, including telephonic face to face conversation, without limitation, any handwritten, typed, printed, graphic, electric, magnetic, or illustrative material of any kind or description, including ESI (defined below), drafts and final versions, originals and reproductions, signed and unsigned versions, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, prepared by or for, or in the possession, custody or control of the party to whom this discovery is propounded or any other PERSON acting or purporting to act on behalf of such party.

8.      "ELECTRONICALLY STORED INFORMATION" or "ESI" shall include, without limitation, the following:

A.      Information that is generated, received, processed, and recorded by laptop computers, desktop computers, microprocessors, all manner of digital recording devices such as portable cameras and microphones included with smartphones, and other electronic devices;

B.      Internal or external web sites and servers;

C.      Text, subject lines, attachments, contacts, appointments, and all information contained within electronic mail ("e-mail") accounts, whether those accounts are hosted or serviced by a third-party provider such as Google's Gmail, Microsoft Outlook, or Apple Mail;

**D.**    Any and all COMMUNICATIONS, posts, text, images, or video messages posted on a public-facing social media service such as Facebook, Google+, Twitter, Instagram, Wordpress, Snapchat, or other social media service, to the extent not protected by federal and state privacy laws;

**E.**    Output resulting from the use of any software program, whether said electronic data exists in an active file, specifying all files that are accessible and stored in a readily usable format (e.g., active, online data; near-line data; offline storage; and archives);

**F.**    Activity listings of email receipts and transmittals; and

**G.**    All items stored on computer memories, hard disks, solid state drives or hybrid drives, floppy disks, CD-ROMs, DVD-ROMS, Blu-ray disks, magnetic tape, microfiche, USB memory sticks, external hard drives, online "cloud" storage hosted by an external service such as Amazon Web Services, Microsoft OneDrive, iCloud, or a comparable service, the internal flash memory of a smartphone such as an iPhone or Android device, or on any other media for digital data storage or transmittal (e.g., a personal digital assistant such as a Blackberry), and file folder tabs or containers and labels appended or relating to any physical storage device associated with each original or copy of all Documents requested herein.

9.    "IDENTIFY" shall mean:

**A.**    When used in reference to a DOCUMENT, to state the type of DOCUMENT (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all addressees and recipients, and its present location or custodian;

**B.**    When used in reference to a natural person, to state the person's full name, current residence and business addresses, current residence and business telephone numbers and, if applicable, his or her title, employment, and job description. If current addresses are unknown, provide the last known business and residence address; and,

**C.**    When used in reference to an entity, to state the name, address, and telephone number of the entity.

///

///

B.    <u>Instructions</u>

1.    <u>Documents Withheld</u>

If any DOCUMENT is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, please provide the following information with respect to any such DOCUMENT:

**A.**    The DOCUMENT'S title, if any;

**B.**    The full legal name, address, and title of the person(s) who prepared the DOCUMENT, who signed it, and over whose name it was sent or issued;

**C.**    The full legal name, address, and title of each person(s) to whom the DOCUMENT was directed;

**D.**    The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties to this ACTION to identify the DOCUMENT;

**E.**    The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties to this ACTION to identify the DOCUMENT;

**F.**    The full legal name, address, and title of each person(s) who has custody of or control over the DOCUMENT and each copy thereof;

**G.**    The full legal name, address, and title of each person to whom copies of the DOCUMENT were furnished;

**H.**    The number of pages comprising the DOCUMENT;

**I.**    The specific legal or factual basis on which any privilege or other protection is claimed (blanket claims of attorney-client privilege will not be deemed sufficient);

**J.**    Whether any non-privileged or non-protected matter is included in the DOCUMENT, and whether the DOCUMENT can be sufficiently redacted to disclose only nonprivileged or non-protected matter;

**K.**    The full legal name, address, and title of each person who has seen or reviewed or is likely to have seen or reviewed the document; and a description of the subject matter of the document YOU consider adequate to support the claim of privilege.

///

2. <u>Partial Production</u>

Whenever YOU object to a particular request, or portion thereof, YOU must produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief and with as much particularity as possible, those portions of the DOCUMENT which are not produced.

3. <u>Orderly Response</u>

Please produce DOCUMENTS in such manner with specific reference to which interrogatory, request for production, etc. which the DOCUMENT is responsively produced to. Please produce all DOCUMENTS as they are kept in the usual course of business, organizing, naming, and labeling them to correspond with each Request.

4. <u>Construction of "And" and "Or"</u>

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

5. <u>Construction of the Singular and Plural Forms</u>

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

6. <u>Form of Production</u>

YOU are to produce the requested DOCUMENTS for inspection, copying, or photographing in their original form or legible, accessible electronic reproduction thereof. DOCUMENTS may be produced electronically at YOUR option.

With regard to electronically-stored information, please produce Microsoft PowerPoint presentations containing audio, Microsoft Excel documents containing macros, and Microsoft Access databases in native format. Please produce all other documents produced electronically in native format with metadata intact or in PDF format with metadata intact. Alternatively, DOCUMENTS

produced electronically may be produced in TIFF format with standard load files, including .opt image load files and .data metadata load files.

ESI may be provided via CD, DVD, File Transfer Protocol site, portable hard or flash drive, or other reasonably accessible media format. When practicable, please produce hard copy or physical documents in scanned OCR'd PDF format with metadata intact or scanned TIFF format with standard load files, including .opt image load files and .dat metadata load files. Data files should not be zipped, encrypted, or otherwise restricted or proprietarily protected for specific use. If the native file format is derived from software not accessible with Microsoft Office applications (or other common applications), please so state in response to the particular Request.

If the Document or information requested is in a computer-readable form and not produced in PDF or TIFF format, please specify the software (including the exact versions and release) used to create the information. Also specify any other software, hardware, or other information such as passwords or user-supplied files that are required or desirable in order to examine and use the information. Specify the exact configuration of the hardware on which the information was created, including the memory size (and graphics processing unit, if any, in the event the information contains or requires graphics). Please give the exact name, release, and version of the operating system used on the hardware.

**NOTE: IF YOU ARE UNSURE AS TO THE INTENT AND MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS FOR PRODUCTION, YOU ARE HEREBY REQUESTED TO HAVE YOUR ATTORNEY CONTACT ATTORNEYS OF RECORD FOR THE PROPOUNDING PARTY, WHO HEREBY OFFER TO PROVIDE ANY NEEDED ASSISTANCE NECESSARY FOR YOU TO UNDERSTAND THE INTENT AND MEANING OF ANY OF THE FOREGOING THEREBY TO ENSURE THAT THE COURT IS NOT BURDENED BY ANY MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION BECAUSE OF ANY UNCERTAINTY OF THE FOREGOING ON YOUR PART.**

///

///

## DOCUMENTS REQUIRED TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all applications submitted to YOU by and/or on behalf of THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR for any and all services offered by YOU from February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all AUTHORIZE.NET accounts held by and/or on behalf of THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR, including but not limited to the DEBTOR account Payment Gateway 2453165 from February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all AUTHORIZE.NET service contracts entered into with THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR from February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all transactions, including but not limited to account statements, ledgers, transaction summaries, spreadsheets or other reports detailing any and all transactions initiated by YOU on consumer client credit cards, debit cards and/or bank accounts held by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR utilizing any and all services provided by AUTHORIZE.NET including but not limited to transactions initiated using the Debtor's Payment Gateway 2453165 from February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all chargebacks, credits or disputes, including but not limited to account statements, ledgers, transaction summaries, spreadsheets or other reports detailing any and all transactions initiated by YOU on consumer client credit cards, debit cards and/or bank accounts by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR utilizing any and all services provided by AUTHORIZE.NET including but not

limited to chargebacks, credits or disputes on transactions initiated using the Debtor's Payment Gateway 2453165 from February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all transfer of funds held in any account for THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR received from transactions initiated by YOU on consumer client credit cards, debit cards and/or bank accounts utilizing any and all services provided by AUTHORIZE.NET from including but not limited to funds transferred from Debtor's Payment Gateway 2453165 February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS, stored electronically or in hard copy, RELATED TO any and all accounts held at AUTHORIZE.NET for THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including but not limited to the Debtor's Payment Gateway 2453165 from February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS, stored electronically or in hard copy, RELATED TO any transaction initiated by YOU on any consumer client credit card, debit card or bank account using any services offered by YOU for THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including but not limited to transactions initiated using the Debtor's Payment Gateway 2453165 from February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS, stored electronically or in hard copy, RELATED TO the transfer of funds from any and all accounts held at AUTHORIZE.NET for the COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including but not limited to the transfer of funds from the Debtor's Payment Gateway 2453165 from February 20, 2019 to the present.

///

///

///

///

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all accounts including but not limited to, applications, account statements, ledgers, authorization forms, statements, electronic transfers, ACH transactions and/or wire transfers for any account, including but not limited to deposit accounts, checking, savings, crypto currency accounts or other Investment, Brokerage or Money Market accounts held in whole or in part by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including but not limited to the Authorize.net Debtors Payment Gateway 2453165 for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 11:**

All AUTHORIZE.NET account statements and DOCUMENTS, stored electronically or in hard copy, evidencing any and all accounts held in whole or in part by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including, but not limited to the Authorize.net Debtors Payment Gateway 2453165 for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS RELATED TO incoming wires or debits, including but not limited to wire authorization forms, wiring bank account information, wiring entity and/or individual information or any other documents identifying the person, entity and/or bank account initiating the wire, payment or debit that was received in any account held by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including, but not limited to all AUTHORIZE.NET accounts for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS RELATED TO incoming balance transfers, including but not limited to authorization forms, initiating bank information, initiating bank account information, transferring  entity, individual account holder information or any other documents identifying the person, entity and/or bank account initiating the wire or transfer to an account held by the THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including, but not limited to all AUTHORIZE.NET accounts for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS RELATED TO outgoing wires or transfers, including but not limited to authorization forms, receiving bank information, receiving bank account information and/or individual information or any other documents identifying the person, entity and/or bank account receiving the wire or transfer on any account held by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including, but not limited to all AUTHORIZE.NET accounts for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS RELATED TO any and all outgoing balance from any account held in whole or in part by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including, but not limited to all AUTHORIZE.NET accounts for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS RELATED TO any and all incoming balance transfers to any account held in whole or in part by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including, but not limited to all AUTHORIZE.NET accounts including but not limited to the Debtors Payment Gateway 2453165 for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS, stored electronically or in hard copy, evidencing any and all authorized user accounts including but not limited to, applications, account statements, ledgers, authorization forms, electronic transfers, ACH transactions and/or wire transfers for any account, including but not limited to deposit accounts, checking, savings, Interest on Lawyers' Trust Account (IOLTA), Client Trust Account ("CTA"), CD, Investment, Brokerage or Money Market, held in whole or in part by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including but not limited to the Debtors Payment Gateway 2453165 and AUTHORIZE.NET accounts for the period February 20, 2019 to the present.

///

///

///

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS evidencing the name of any financial institution and the associated financial account number designated and/or listed by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR as an initiating and/or receiving financial account for any transfer or transaction of funds to or from any account AUTHORIZE.NET account held in whole or in part by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All signatory cards and/or authorizations RELATED TO any account held by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR, or any other similar money transfer application from any account held in whole or in part by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR including, but not limited to Debtors Payment Gateway 2453165 and all AUTHORIZE.NET accounts for the period February 20, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS evidencing policies and procedures RELATED TO any account held by THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR and/or services provided by YOU to THE COVERED ENTITIES OR INDIVIDUALS and/or DEBTOR for the period February 20, 2019 to the present.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **PLAINTIFF AND CHAPTER 11 TRUSTEE RICHARD A. MARSHACK'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO AMERICAN EXPRESS NATIONAL BANK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 25, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 25, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 25, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1. __TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)__: CONTINUED:

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
  lawyers.net,addy@flpllp.com,andrea@flpllp.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com,
  caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Victoria Newmark**    vnewmark@pszjlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Jonathan Serrano**    jonathan.serrano@dinsmore.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
  6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com

4854-6787-7613, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**