Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: ikharasch@pszjlaw.com
        vnewmark@pszjlaw.com

Attorneys for Defendants
Consumer Legal Group, P.C. and LGS HoldCo, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>        Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. No. 8-23-ap-01046-SC<br><br>**ANSWER TO FIFTH AMENDED COMPLAINT FOR: (1) INJUNCTIVE RELIEF; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF TWO-YEAR ACTUAL FRAUDULENT TRANSFERS; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF TWO-YEAR CONSTRUCTIVE FRAUDULENT TRANSFERS; (4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FOUR-YEAR ACTUAL FRAUDULENT TRANSFERS; (5) AVOIDANCE, RECOVERY, AND PRESERVATION OF FOUR-YEAR CONSTRUCTIVE FRAUDULENT TRANSFERS; (6) TURNOVER; AND (7) NEGLIGENCE; DEMAND FOR JURY TRIAL**<br><br>DATE:<br>TIME:   [No Hearing Required]<br>PLACE: |

RICHARD A. MARSHACK, solely in his
capacity as chapter 11 trustee,

        Plaintiff,

    vs.

TONY DIAB, an individual; DANIEL S.
MARCH, an individual; ROSA BIANCA
LOLI, an individual; LISA COHEN, an
individual; WILLIAM TAYLOR CARSS, an
individual; ENG TAING, an individual;
HENG TAING, an individual; MARIA EEYA
TAN, an individual; JAKE AKERS, an
individual; HAN TRINH, an individual;
JAYDE TRINH, an individual; WES
THOMAS, an individual; SCOTT JAMES
EADIE, an individual; JIMMY CHHOR, an
individual; DONGLIANG JIANG, an
individual; MAX CHOU, an individual;
OAKSTONE LAW GROUP PC; GREYSON
LAW CENTER PC; PHOENIX LAW, PC;
MAVERICK MANAGEMENT GROUP,
LLC; LGS HOLDCO, LLC; CONSUMER
LEGAL GROUP, P.C.; VULCAN
CONSULTING GROUP LLC; BAT INC.
d/b/a COAST PROCESSING; PRIME
LOGIX, LLC; TERACEL BLOCKCHAIN
FUND II LLC; EPPS; EQUIPAY;
AUTHORIZE.NET; WORLD GLOBAL;
OPTIMUM BANK HOLDINGS, INC. d/b/a
OPTIMUM BANK; MARICH BEIN, LLC;
BANKUNITED, N.A.; REVOLV3, INC.;
FIDELITY NATIONAL INFORMATION
SERVICES, INC. d/b/a FIS; WORLDPAY,
LLC; WORLDPAY GROUP; MERIT FUND,
LLC; GUARDIAN PROCESSING, LLC;
PAYLIANCE, LLC; TOUZI CAPITAL, LLC;
SEAMLESS CHEX INC; DWOLLA, INC.;
STRIPE, INC.; and DOES 1 through 100,
inclusive,

        Defendants.

Defendants Consumer Legal Group, P.C. ("CLG") and LGS HoldCo, LLC ("LGS" and

together with "CLG", the "Defendants"), hereby answer the "Fifth Amended Complaint for:  (1)

Injunctive Relief; (2) Avoidance, Recovery, and Preservation of Two-Year Actual Fraudulent

Transfers; (3) Avoidance, Recovery, and Preservation of Two-Year Constructive Fraudulent

Transfers; (4) Avoidance, Recovery, and Preservation of Four-Year Actual Fraudulent Transfers; (5) Avoidance, Recovery, and Preservation of Four-Year Constructive Fraudulent Transfers; (6) Turnover; and (7) Negligence," (the "Amended Complaint") and admit, deny, and aver as follows:

### STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE

1.      The allegations of paragraph 1 of the Amended Complaint do not require an answer.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis deny them.  Further, Defendants do not consent to entry of a final order or judgment by the bankruptcy court.

### THE PARTIES

2.      Answering the allegations of paragraph 2 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

3.      Answering the allegations of paragraph 3 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

4.      Answering the allegations of paragraph 4 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

5.      Answering the allegations of paragraph 5 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

6.      Answering the allegations of paragraph 6 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

7.	Answering the allegations of paragraph 7 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

8.	Answering the allegations of paragraph 8 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

9.	Answering the allegations of paragraph 9 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

10.	Answering the allegations of paragraph 10 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

11.	Answering the allegations of paragraph 11 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

12.	Answering the allegations of paragraph 12 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

13.	Answering the allegations of paragraph 13 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

14.	Answering the allegations of paragraph 14 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

15.    Answering the allegations of paragraph 15 of the Amended Complaint, Defendants admit the allegations contained therein.

16.    Answering the allegations of paragraph 16 of the Amended Complaint, Defendants admit the allegations contained therein.

17.    Answering the allegations of paragraph 17 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

18.    Answering the allegations of paragraph 18 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

19.    Answering the allegations of paragraph 19 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

20.    Answering the allegations of paragraph 20 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

21.    Answering the allegations of paragraph 21 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

22.     Answering the allegations of paragraph 22 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

23.     Answering the allegations of paragraph 23 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

24.     Answering the allegations of paragraph 24 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

25.     Answering the allegations of paragraph 25 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

26.     Answering the allegations of paragraph 26 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

27.     Answering the allegations of paragraph 27 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

28.     Answering the allegations of paragraph 28 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

29.     Answering the allegations of paragraph 29 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

30.     Answering the allegations of paragraph 30 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

31.     Answering the allegations of paragraph 31 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

32.     Answering the allegations of paragraph 32 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

33.     Answering the allegations of paragraph 33 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

34.     Answering the allegations of paragraph 34 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

35.     Answering the allegations of paragraph 35 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## GENERAL ALLEGATIONS

### A.    LPG'S BANKRUPTCY CASE

36.     Answering the allegations of paragraph 36 of the Amended Complaint, Defendants admit the allegations contained therein.

37.     Answering the allegations of paragraph 37 of the Amended Complaint, Defendants admit the allegations contained therein.

38.     Answering the allegations of paragraph 38 of the Amended Complaint, Defendants admit that Richard A. Marshack is the duly appointed, qualified, and acting chapter 11 trustee for the estate of the debtor The Litigation Practice Group, P.C.  Except as expressly admitted herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

39.     Answering the allegations of paragraph 39 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

### B.    LPG'S OWNERSHIP AND MANAGEMENT

40.     Answering the allegations of paragraph 40 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

41.     Answering the allegations of paragraph 41 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

42. Answering the allegations of paragraph 42 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

43. Answering the allegations of paragraph 43 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**C.   LPG'S BUSINESS STRUCTURE**

44. Answering the allegations of paragraph 44 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

45. Answering the allegations of paragraph 45 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

46. Answering the allegations of paragraph 46 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

47. Answering the allegations of paragraph 47 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

48.    Answering the allegations of paragraph 48 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

49.    Answering the allegations of paragraph 49 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**D.    DIAB'S SCHEME**

50.    Answering the allegations of paragraph 50 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

51.    Answering the allegations of paragraph 51 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**E.    DIAB'S CONTROL OVER LPG'S PAYMENT PROCESSING**

52.    Answering the allegations of paragraph 52 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

53.    Answering the allegations of paragraph 53 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**F.    LPG'S PRE-PETITION CREDITORS**

54.    Answering the allegations of paragraph 54 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

55.    Answering the allegations of paragraph 55 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

56.    Answering the allegations of paragraph 56 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

57.    Answering the allegations of paragraph 57 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**G.    LOLI AIDED DIAB IN PERPETUATING HIS FRAUDULENT SCHEME**

58.    Answering the allegations of paragraph 58 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

59.    Answering the allegations of paragraph 59 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

60.    Answering the allegations of paragraph 60 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

61.     Answering the allegations of paragraph 61 of the Amended Complaint, Defendants specifically deny that Consumer Legal Group received any fraudulent transfers. Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

62.     Answering the allegations of paragraph 62 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

63.     Answering the allegations of paragraph 63 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

64.     Answering the allegations of paragraph 64 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

65.     Answering the allegations of paragraph 65 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

66.     Answering the allegations of paragraph 66 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

67.     Answering the allegations of paragraph 67 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

68.     Answering the allegations of paragraph 68 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**H.     FRAUDULENT TRANSFERS AND DOUBLE PULLS BY DEFENDANTS TOUZI, ENG, AND TERACEL**

69.     Answering the allegations of paragraph 69 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

70.     Answering the allegations of paragraph 70 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

71.     Answering the allegations of paragraph 71 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

72.     Answering the allegations of paragraph 72 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

73.     Answering the allegations of paragraph 73 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

74.     Answering the allegations of paragraph 74 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

75.     Answering the allegations of paragraph 75 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**I.      FURTHER FRAUDULENT TRANSFERS AND CONVEYANCES TO ALTER EGOS AND OTHER ENTITIES**

76.     Answering the allegations of paragraph 76 of the Amended Complaint, Defendants specifically deny that they are the alter ego of Diab, that Diab controls and operates them, and that CLG is "nominally" owned by licensed attorneys from which Diab "rented their licenses to practice law in return for unsustainable salaries."  Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

77.     Answering the allegations of paragraph 77 of the Amended Complaint, Defendants specifically deny that Diab "sold" with little or no consideration or fraudulently transferred additional client files to CLG without client consent in exchange for a right to receive a percentage of the ACH debit stream generated by the files.  Answering the remaining allegations contained therein.  Defendants are without sufficient knowledge or information to

form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

78. Answering the allegations of paragraph 78 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

79. Answering the allegations of paragraph 79 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

80. Answering the allegations of paragraph 80 of the Amended Complaint, Defendants specifically deny that Diab transferred any funds to them.  Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

81. Answering the allegations of paragraph 81 of the Amended Complaint, Defendants specifically deny that Diab transferred any funds to them.  Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

**J.  THE SALE OF LPG'S ASSETS**

82. Answering the allegations of paragraph 82 of the Amended Complaint, Defendants admit the allegations contained therein.

## **FIRST CLAIM FOR RELIEF**

### **(Injunctive Relief Against All Defendants)**

83.     Answering the allegations of paragraph 83 of the Amended Complaint, Defendants reallege and incorporate paragraphs 1 through 82, inclusive, as though fully set forth herein.

84.     Answering the allegations of paragraph 84 of the Amended Complaint, Defendants specifically deny that any injunctive relief is appropriate as to them.  Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

85.     Answering the allegations of paragraph 85 of the Amended Complaint, Defendants specifically deny that any injunctive relief is appropriate as to them.  Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

86.     Answering the allegations of paragraph 86 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

87.     Answering the allegations of paragraph 87 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

88.     Answering the allegations of paragraph 88 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Avoidance, Recovery, and Preservation of

### Two-Year Actual Fraudulent Transfers Against All Defendants)

89.     Answering the allegations of paragraph 89 of the Amended Complaint, Defendants reallege and incorporate paragraphs 1 through 88, inclusive, as though fully set forth herein.

90.     Answering the allegations of paragraph 90 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

91.     Answering the allegations of paragraph 91 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

92.     Answering the allegations of paragraph 92 of the Amended Complaint, Defendants specifically deny that Diab and Loli retained possession and control of the client files transferred to CLG and the ACH debits that ACH receivables associated therewith.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

93.     Answering the allegations of paragraph 93 of the Amended Complaint, Defendants specifically deny that Diab "created" either of them or that either was the recipient of a fraudulent transfer.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

94.     Answering the allegations of paragraph 94 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

95.     Answering the allegations of paragraph 95 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

96.     Answering the allegations of paragraph 96 of the Amended Complaint, Defendants specifically deny that either of them were or are under Diab's "control" or that either was the recipient of a fraudulent transfer.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

97.     Answering the allegations of paragraph 97 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

98.     Answering the allegations of paragraph 98 of the Amended Complaint, Defendants specifically deny that the Debtor did not receive little or no consideration for the transfers to CLG.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

99.     Answering the allegations of paragraph 99 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

100.     Answering the allegations of paragraph 100 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

101.    Answering the allegations of paragraph 101 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

102.    Answering the allegations of paragraph 102 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## **THIRD CLAIM FOR RELIEF**

**(Avoidance, Recovery, and Preservation of Two-Year Constructive**

**Fraudulent Transfers Against All Defendants)**

103.    Answering the allegations of paragraph 103 of the Amended Complaint, Defendants reallege and incorporate paragraphs 1 through 102, inclusive, as though fully set forth herein.

104.    Answering the allegations of paragraph 104 of the Amended Complaint, Defendants specifically deny that the Debtor received less than reasonably equivalent value or no consideration for the transfers made to CLG.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

105.    Answering the allegations of paragraph 105 of the Amended Complaint, Defendants specifically deny that the Debtor received less than reasonably equivalent value or no consideration for the transfers made to CLG.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

106.    Answering the allegations of paragraph 106 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

107.    Answering the allegations of paragraph 107 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

108.    Answering the allegations of paragraph 108 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

109.    Answering the allegations of paragraph 109 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

110.    Answering the allegations of paragraph 110 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

111.    Answering the allegations of paragraph 111 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (Avoidance, Recovery, and Preservation of Four-Year

### Actual Fraudulent Transfers Against All Defendants)

112.    Answering the allegations of paragraph 112 of the Amended Complaint, Defendants reallege and incorporate paragraphs 1 through 111, inclusive, as though fully set forth herein.

113.    Answering the allegations of paragraph 113 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

114.    Answering the allegations of paragraph 114 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

115.    Answering the allegations of paragraph 115 of the Amended Complaint, Defendants specifically deny that Diab, Loli, Han and Jade, or others affiliated with them, retained possession and control of the files and associated accounts receivable and/or funds transferred to CLG.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

116.    Answering the allegations of paragraph 116 of the Amended Complaint, Defendants specifically deny that Diab "created" either of them or that either of them was the recipient of a fraudulent transfer.  Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

117.    Answering the allegations of paragraph 117 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

118.    Answering the allegations of paragraph 118 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

119.    Answering the allegations of paragraph 119 of the Amended Complaint, Defendants specifically deny that either of them are under Diab's control or that either of them was the recipient of a fraudulent transfer.  Answering the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

120.    Answering the allegations of paragraph 120 of the Amended Complaint, Defendants specifically deny that the Debtor received little or no consideration for the transfers made to CLG.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

121.    Answering the allegations of paragraph 121 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

122.    Answering the allegations of paragraph 122 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

123.    Answering the allegations of paragraph 123 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

124.    Answering the allegations of paragraph 124 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

125.    Answering the allegations of paragraph 125 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

126.    Answering the allegations of paragraph 126 of the Amended Complaint, Defendants specifically deny that the Debtor did not receive reasonably equivalent value for the transfers made to CLG.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

127.    Answering the allegations of paragraph 127 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

128.    Answering the allegations of paragraph 128 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

129.    Answering the allegations of paragraph 129 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## **FIFTH CLAIM FOR RELIEF**

### **(Avoidance, Recovery, and Preservation of Four-Year Constructive**

### **Fraudulent Transfers Against All Defendants)**

130.    Answering the allegations of paragraph 130 of the Amended Complaint, Defendants reallege and incorporate paragraphs 1 through 129, inclusive, as though fully set forth herein.

131.    Answering the allegations of paragraph 131 of the Amended Complaint, Defendants specifically deny that the Debtor did not receive reasonably equivalent value for the transfers made to CLG.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

132.    Answering the allegations of paragraph 132 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

133.    Answering the allegations of paragraph 133 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

134.    Answering the allegations of paragraph 134 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

135.     Answering the allegations of paragraph 135 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

136.     Answering the allegations of paragraph 136 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

137.     Answering the allegations of paragraph 137 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

138.     Answering the allegations of paragraph 138 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

139.     Answering the allegations of paragraph 139 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

140.     Answering the allegations of paragraph 140 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

141.    Answering the allegations of paragraph 141 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**SIXTH CLAIM FOR RELIEF**

**(Turnover of Estate Property Against All Defendants)**

142.    Answering the allegations of paragraph 142 of the Amended Complaint, Defendants reallege and incorporate paragraphs 1 through 141, inclusive, as though fully set forth herein.

143.    Answering the allegations of paragraph 143 of the Amended Complaint, Defendants specifically deny that they are holding property of the Estate.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

144.    Answering the allegations of paragraph 144 of the Amended Complaint.  As to the remaining allegations contained therein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

145.    Answering the allegations of paragraph 145 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

146.    Answering the allegations of paragraph 146 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE

### (Against Defendant Bianca Loli)

147.    The allegations contained in the Seventh Claim for Relief contained in paragraphs 147 to 152, inclusive, are not directed toward Defendants who are therefore not required to respond thereto.  However, to the extent a response is, in fact, required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

The remainder of the Amended Complaint contains a "Reservation of Rights" and "Prayer for Relief" to which no response is required.  However, to the extent a response is, in fact, required, Defendants deny that plaintiff has any viable claims or causes of action against them (whether asserted or unasserted) or that plaintiff is entitled to any relief against them (whether included in the "Prayer for Relief" or otherwise).

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

148.    For a separate and first affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that the Amended Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

149.    For a separate and second affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's claims are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

150.    For a separate and third affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

151.    For a separate and fourth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Bad Faith)

152.    For a separate and fifth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff commenced this action in bad faith against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

153.    For a separate and sixth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unconscionability)

154.    For a separate and seventh affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's claims are barred by the doctrine of unconscionability.

## EIGHTH AFFIRMATIVE DEFENSE

### (Equity)

155.    For a separate and eighth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's claims are barred by common law and/or principles of equity.

### NINTH AFFIRMATIVE DEFENSE

### (Debtor's Own Conduct)

156.    For a separate and ninth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's damages, if any, were the direct and proximate result of the debtor's own conduct.

### TENTH AFFIRMATIVE DEFENSE

### (Unrelated, Pre-Existing, or Subsequent Conditions

### Unrelated to Defendants' Conduct)

157.    For a separate and tenth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's damages, if any, were the result of unrelated, pre-existing, or subsequent events unrelated to Defendants' conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

158.    For a separate and eleventh affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's damages, if any, were the result of the debtor's failure to mitigate damages.

### TWELFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

159.    For a separate and twelfth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that plaintiff's damages, if any, must be reduced by the amount of any payments made to plaintiff and/or the debtor by any collateral sources, including to the extent the debtor has

released, settled, entered into an accord and satisfaction, or otherwise compromised its claims by any means.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

160.    For a separate and thirteenth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein based in equity, Defendants allege that plaintiff has an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

161.    For a separate and fourteenth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that, at all times mentioned in the Amended Complaint, Defendants acted in strict compliance with applicable state and federal law.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith of Defendants)

162.    For a separate and fifteenth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that, at all times mentioned in the Amended Complaint, they acted in good faith and without knowledge of the voidability of the transfers and in compliance with title 11 of the United States Code including, without limitation, 11 U.S.C. § 550 and applicable state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value)

163.    For a separate and sixteenth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants allege that at the times of the alleged transfers, Defendants provided reasonably equivalent value to the Debtor for same.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Right to Assert Affirmative Defenses)**

164.    For a separate and seventeenth affirmative defense to the Amended Complaint, and to each and every purported claim for relief against Defendants contained therein, Defendants reserve the right to assert additional affirmative defenses based upon further investigation and discovery.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues triable by a jury and do not consent to a jury trial conducted by the bankruptcy court.

**WHEREFORE**, Defendants pray for judgment as follows:

1.    That plaintiff take nothing by his Amended Complaint;

2.    That plaintiff be denied all relief sought;

3.    For costs of suit herein; and

4.    For such other and further relief as this Court deems just and proper.

Dated:  December 23, 2024                PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Victoria A. Newmark*
_____
Ira D. Kharasch
Victoria A. Newmark

Attorneys for Defendants Consumer Legal Group, P.C. and LGS HoldCo, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **ANSWER TO FIFTH AMENDED COMPLAINT FOR: (1) INJUNCTIVE RELIEF; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF TWO-YEAR ACTUAL FRAUDULENT TRANSFERS; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF TWO-YEAR CONSTRUCTIVE FRAUDULENT TRANSFERS; (4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FOUR-YEAR ACTUAL FRAUDULENT TRANSFERS; (5) AVOIDANCE, RECOVERY, AND PRESERVATION OF FOUR-YEAR CONSTRUCTIVE FRAUDULENT TRANSFERS; (6) TURNOVER; AND (7) NEGLIGENCE; DEMAND FOR JURY TRIAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 23, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 23, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
Honorable Scott Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 23, 2024 | Maria R. Viramontes | /s/Maria R. Viramontes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Keith Barnett**    keith.barnett@troutman.com, kelley.wade@troutman.com
- **Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**    christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com
- **Jeremy Freedman**    jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Christopher Ghio**    christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Veneeta Jaswal**    veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Meredith King**    mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Daniel S March**    marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Victoria Newmark**    vnewmark@pszjlaw.com, hdaniels@pszjlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Daniel H Reiss**    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Jonathan Serrano**    Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com