| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christopher B. Ghio (State Bar No. 259094)<br>Jeremy B. Freedman (State Bar No. 308752)<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101<br>Telephone: 619.400.0500; Facsimile: 619.400.0501<br>christopher.ghio@dinsmore.com<br>christopher.celentino@dinsmore.com<br>jeremy.freedman@dinsmore.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Trustee, Richard A. Marshack | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>                                            Debtor(s). | CASE NO.:    8:23-bk-10571-SC<br><br>ADVERSARY NO.: 8:23-ap-01046-SC<br><br>CHAPTER:    11 |
|---|---|
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>                                            Plaintiff(s).<br>vs.<br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual; et al.<br><br>                                            Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:    02/05/2025<br>TIME:    11:00 a.m.<br>COURTROOM: 5C<br>ADDRESS:    411 W. Fourth Street<br>                Santa Ana, CA 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.    PLEADINGS/SERVICE:**

| | | |
|---|---|---|
| 1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)? | ☒ Yes | ☐ No |
| 2. Have all parties filed and served answers to the Claims Documents? | ☐ Yes | ☒ No |
| 3. Have all motions addressed to the Claims Documents been resolved? | ☐ Yes | ☒ No |
| 4. Have counsel met and conferred in compliance with LBR 7026-1? | ☒ Yes | ☐ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                            Page 1                                            **F 7016-1.STATUS.REPORT**

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):
   See attachment A(5).

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

   | Plaintiff | Defendant |
   |---|---|
   | Estimated December 2025 | Unknown at this time. |

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   | Plaintiff | Defendant |
   |---|---|
   | With over 25 defendants, many of whom have not responded, substantial disclosure, production and corresponding subpoenas for records and deposition | Substantial discovery and law and motion practice |

3. When do you expect to complete <u>your</u> discovery efforts?

   | Plaintiff | Defendant |
   |---|---|
   | Unknown at this time but not earlier than November 2025. Initial disclosures have been produced. | Unknown at this time. |

4. What additional discovery do you require to prepare for trial?

   | Plaintiff | Defendant |
   |---|---|
   | Written discovery, expert discovery, individual and PMK depositions, subpoenas of numerous financial records, and 2004 exams. | Requests for Production of Documents, Requests for Admissions, Interrogatories, subpoenas, depositions of expert and non-expert witnesses, and related third party discovery, as necessary. |

**C. TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   | Plaintiff | Defendant |
   |---|---|
   | 14-21 days for all defendants in 1046 Action | Unknown at this time, but no less than three to five days |

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   | Plaintiff | Defendant |
   |---|---|
   | Based on information known to date, Trustee estimates between 20-30 as to all Defendants in the 1046 Action | Unknown at this time |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 2                                    **F 7016-1.STATUS.REPORT**

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| Based on information known to date having initial disclosures, Trustee estimates between 200-400 | Unknown at this time |

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |
| Given the number of defendants, coordination at a trial conference is requested. | Narrow issues for trial |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set <u>after</u>: | Pretrial conference should be set <u>after</u>: |
| (*date*) 10/1/2025 | (*date*) Unknown at this time. |

**E. SETTLEMENT:**

1. What is the status of settlement efforts?

   Trustee has resolved his claims as against Phoenix Law, PC, Maria Eeah Tan, William Ty Carrs, Maverick Bankcard, Payliance, Stripe, and FIS, among others. Trustee continues his efforts to discuss potential resolution of claims as against all non-defaulted defendants.
   Defendant CLG believes the claims against it lack merit and is engaging with the Trustee on the matter.

2. Has this dispute been formally mediated?    ☐ Yes    ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☒ Yes ☐ No | ☒ Yes ☐ No |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 3    **F 7016-1.STATUS.REPORT**

F. **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| ☒ I do consent | ☐ I do consent |
| ☐ I do not consent | ☒ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date: 1/22/2025

Dinsmore & Shohl, LLP
Printed name of law firm

*/s/ Jeremy Freedman*
Signature

Christopher Ghio / Jeremy Freedman
Printed name

Attorney for: Trustee, Richard A. Marshack

Date: 1/22/25

Pachulski Stang Ziehl & Jones, LLP
Printed name of law firm

*/s/*
Signature

Ira Kharasch / Victoria Newmark
Printed name

Attorney for: Consumer Legal Group, P.C.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                                Page 4                                            F 7016-1.STATUS.REPORT

## ATTACHMENT A(5)

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1. Pursuant to the Court's order granting leave to file Plaintiff's Fifth Amended Complaint [1046 Dkt. 647], the Trustee removed all dismissed Defendants from the caption of the pleading. On November 18, 2024, Plaintiff filed his 5AC [1046 Dkt. 653]. Out of the remaining thirty (30) defendants, five (5) of the named defendants have filed answers to the 5AC. Those defendants include Consumer Legal Group, PC [1046 Dkt. 668], LGS HoldCo, LLC [1046 Dkt. 668], Bianca Loli [Dkt. 666], Scott Eadie [1046 Dkt. 662], and Greyson Law Center, PC [1046 Dkt. 661]. The status of the remaining twenty-five (25) named Defendants is detailed below.

   a. The Court granted the joint stipulation with EPPS to extend the deadline for it to respond to the complaint until January 31, 2025 [1046 Dkt. 676].

   b. Defaults have been entered, pending default judgment, as to ten (10) named Defendants. These include:

      i. Vulcan Consulting Group, LLC [1046 Dkt. 144],

      ii. Wes Thomas [1046 Dkt. 145],

      iii. Seamless Chex, Inc. [Dkt. 153],

      iv. Teracel Block Chain Fund II, LLC [1046 Dkt. 154],

      v. BAT, Inc. dba Coast Processing [1046 Dkt. 164],

      vi. Jimmy Chorr [1046 Dkt. 174],

      vii. Oakstone Legal Group, PC [1046 Dkt. 177],

      viii. Prime Logix, LLC [1046 Dkt. 179],

      ix. Revolv3, Inc. [1046 Dkt. 180], and

      x. Guardian Processing, LLC [1046 181].

   c. Plaintiff dismissed Payliance, LLC after the 5AC was filed pursuant to the modified order granting the Trustee's motion to compromise.

   d. Four (4) of the named defendants previously filed answers to Plaintiff's Second, Third and/or Fourth Amended Complaints and appear to stand on such answers to be their

response to the 5AC as there have been no further substantive changes since that time as it relates to them. *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (quoting Stanley *Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1990) [" '[a] defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not 'change the theory or scope of the case.'"].) These Defendants include:

    i. OptimumBank Holdings, Inc. d/b/a Optimum Bank [1046 Dkt. 538],

    ii. Eng Taing [1046 Dkt. 529],

    iii. Touzi Capital, LLC [1046 Dkt. 529], and

    iv. Daniel March [1046 Dkt. 531].

e. The Trustee intends to dismiss, default, or take other appropriate action as to the eight (9) remaining defendants who have not responded to Plaintiff's 5AC. These Defendants include:

    i. Tony Diab,

    ii. Maverick Management Group, LLC,

    iii. Heng Taing,

    iv. Merit Fund, LLC,

    v. Dwolla, Inc.,

    vi. Dongliang Jiang,

    vii. Max Chou,

    viii. World Global, and

    ix. Equipay.

2. The Trustee also may seek to move to sever several of the named defendants on the grounds that the claims and potential liability are interconnected and based on similar facts in order to reduce the amount of litigation, costs and narrow the issues at trial. These defendants include Touzi Capital, LLC, Eng Taing, Heng Taing, Jimmy Chorr, Teracel Block Chain Fund II, LLC, Oakstone Legal Group, PC, and Guardian Processing, LLC.

3.       The Trustee, with the assistance of the Court, employed financial accountants Grobstein Teeple, LLP [Dkt. 169], is working diligently to complete its forensic account to prepare and file for default judgment, as appropriate given this matter remains in the early stages of discovery. As discussed more thoroughly below, the Trustee continues to work with banks and other financial institutions in order to obtain the necessary records to trace and locate Estate funds.

**DEFENDANT, CONSUMER LEGAL GROUP, PC**

4.       On December 23, 2024, Defendant Consumer Legal Group, PC ("CLG") answered Plaintiff's Fifth Amended Complaint [1046 Dkt. 668] and filed a *Motion for Order Vacating Motion for Order: (A) Vacating or, in the alternative, modifying as to Consumer Legal Group P.C. That Certain Order Entered June 23, 2023 on Trustee, Richard Marshack's Omnibus Motion Granting 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Redirection of United States Parcel Mail Services; 5) Order to Show Cause; and 6) Other Relief [Dkt. No. 70]; (B) Releasing Funds Frozen at Optimum Bank to CLG; (C) And Granting Related Relief to the Honorable Scott C. Clarkson, United States Bankruptcy Judge; the Office of the United States Trustee; the Chapter 11 Trustee; the Above-Captioned Debtor, and Other Parties in Interest, and Their Respective Counsel of Record, if any* [1046 Dkt. 667] ("CLG's Motion"), which was set for a hearing on January 15, 2025.

5.       On January 2, 2025, the Trustee and CLG entered into a stipulation, [1046 Dkt. 675] (the "First CLG Stipulation"), to continue the hearing in order to discuss and potentially resolve issues related to CLG's Motion. The First CLG Stipulation was approved by order entered on January 3, 2025. [1046 Dkt. 677], and the hearing was continued to February 12, 2025. Due to the Trustee and CLG's desire for additional time to discuss and potentially resolve issues related to CLG's Motion, the parties entered into a second stipulation on January 21, 2025 [1046 Dkt. 691] (the "Second CLG Stipulation") requesting that the Court continue the hearing on CLG's Motion to March 5, 2025. The Court has not yet issued a ruling with respect to the Second CLG Stipulation.

3

## ATTACHMENT G

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1. At this time there are eleven named defendants who have answered the operative Fourth Amended Complaint. Trustee is diligently working with all defendants and third parties to obtain discovery, informal discovery and work towards potential resolution in order to narrow the scope of discovery and trial in this matter, as the information provided to Trustee permits.

2. Over 100 million individual electronically stored documents have been produced to the Trustee to date. Moreover, the Trustee continues to work with third-party financial institutions to obtain substantial bank records in order to trace and locate Estate Assets necessary to prove his claims against the defendants. This process, however, has caused significant delays with banks requesting additional time due to the number of target entities and individuals as well as each holding multiple if not more than five to ten different bank accounts at the same institution. Notwithstanding the unforeseen delays in obtaining such records, the Trustee remains vigilant in obtaining such records and quickly reviewing them upon receipt in order to move this and other matters to their natural conclusion, judgment.

3. Trustee has completed the 7026 conference and initial disclosures as to answering Defendants, Bianca Loli, Consumer Legal Group, PC, LGS HoldCo, LLC, Eng Taing, Touzi Capital, LLC, and Scott Eadie. The Trustee continues to work with Optimum Bank towards a resolution that incorporates Consumer Legal Group, PC, and LGS HoldCo., LLC in light of their objection to the Trustee's prior 9019 motion to compromise with Optimum Bank.

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:     **Dinsmore & Shohl LLP, 655 W. Broadway, Suite 800, San Diego, California  92101**

A true and correct copy of the foregoing document:

**JOINT STATUS REPORT (BETWEEN MARSHACK AND CONSUMER LEGAL GROUP, P.C.)**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 22, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 22, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **JUDGE'S COPY**<br>The Honorable Scott C. Clarkson<br>United States Bankruptcy Court<br>Central District of California<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Suite 5130 / Courtroom 5C<br>Santa Ana, CA 92701-4593 | |

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 22, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 22, 2025 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com

Douglas A Plazak on behalf of Defendant Scott James Eadie
dplazak@rhlaw.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inoruptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inoruptcy.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com,
zshechtman@ecf.inoruptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com
, jlee@wrslawyers.com