Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224; Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Attorneys for Greyson Law Center, PC*
*Han Trinh & Jayde Trinh on this Objection*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re | Bankruptcy Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, P.C., | Chapter 11 |
| | Adv Proc. No. 8:23-ap-01046-SC |
| Debtor. | |
| _____ | **RESPONSE** OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.719] BETWEEN TRUSTEE AND TONY DIAB |
| Trustee Marshack | |
| v. | |
| Tony Diab et al. (includes Greyson Law Center PC is a defendant in adv proc.) | |
| | Hearing on Trustee's Motion is set for: |
| | Date:  4/2/25 |
| | Time: 10:00 am |
| | Place:  By zoom.gov, or in person at Ctrm 5C of Bankruptcy Judge Scott Clarkson, 411 West Fourth Street, Santa Ana, CA 92701-4593 |
| | NOTE:  Zoom.gov accessibility information will be provided by the Court in its tentative ruling posted online prior to 1/14/25 hearing |

**RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718]  BETWEEN TRUSTEE AND TONY DIAB   1**

Greyson Law Center PC ("Greyson"), Han Trinh ("Han") and Phuong Jayde Trinh ("Jayde") (collectively "Greyson-Han-Jayde") make their herein **RESPONSE** to Trustee Marshack's Motion [dkt.722], filed 3/12/25 in adv proc 8:23-ap-01046-SC, which moves Bankruptcy Court to approve the *Stipulation* [Dkt.719, filed 3/3/25], between Plaintiff Trustee Marshack as Liquidating Trustee of the LPG Liquidation Trust (signed by Trustee's counsel of record) and Defendant Tony Diab (signed by Diab) and Defendant BA Inc. d/b/a Coast Processing.

## I. GREYSON-HAN-JAYDE RESPOND AS FOLLOWS, AS TO WHAT THE *STIPULATION,* BETWEEN TRUSTEE AND DIAB, CAN AND CANNOT DO

Here is a summary of what the *Stipulation* can and cannot do:

1. The *Stipulation* binds Trustee to what the *Stipulation* says, because Trustee's counsel of record signed it, and binds Diab to what the *Stipulation* says, because Diab signed it. If, and only if Diab was authorized to sign for BAT/Coast, the Stipulation also binds BAT/Coast.

2. What Trustee (by his counsel of record) and Diab stipulated to, in the Stipulation, constitute admissions of those signatories, admissible against each of them, pursuant to FRE Rule 801(d)(admissions of party opponents).

3. However, that *Stipulation* does NOT bind Greyson, Han or Jayde to what the *Stipulation* says, because Greyson, Han and Jayde are NOT parties to/signatories to the *Stipulation*.

---

**RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB    2**

4. The *Stipulation* does not bind any non-signatory, to what the *Stipulation* says.

5. Nor can this Court "approving" the *Stipulation* bind Greyson-Han-Jayde to what the *Stipulation* says.

6. The Court *granting* Trustee's Motion, to approve the *Stipulation* as an Order, can only order the *Stipulation* as an order, between Trustee an Diab (and BAT, Inc. d/b/a Coast Processing, if Diab had authority to sign for BAT/Coast), and **cannot** order the terms of the *Stipulation*, or what the Stipulation says, as binding Greyson-Han-Jayde, or for that matter, as binding any other non-signatory to the *Stipulation*.

7. Contrary to what p.38-48 of *Stipulation* says, the *Stipulation* cannot enjoin/order) Greyson, or any other non-signatory person or entity to do, or not to do things, nor is there any law that would allow this Court order that the *Stipulation* is effective to enjoin/order Greyson, or any other non-signatory person or entity, to do, or not to do things.

**II. THE TRUSTEE-DIAB *STIPULATION* MAKES REPEATED FALSE STATEMENTS ABOUT GREYSON, AND SOME ABOUT HAN/JAYDE**

The *Stipulation* **repeatedly** says **false things** about Greyson, including it repeatedly states that LPG fraudulently transferred LPG client files, and LPG money, to Greyson, when that did not happen, and when Trustee, in over 1 ½ years of alleging that, has zero evidence that happened.

**RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB** 3

However, pursuant to the controlling law briefed in **III.** infra, the *Stipulation* <u>cannot</u> constitute evidence of the false things the Stipulation says about Greyson, Han or Jayde, because Greyson-Han-Jayde are not signatories to the *Stipulation*, and therefore are NOT bound by the Stipulation. To put it another way, Trustee and Diab stipulating that certain things the Stipulation says are true, does NOT constitute evidence, that those things are true, as to persons/entities that are not signatories to the Stipulation. Greyson-Han-Jayde are NOT signatories to the Stipulation, and so, per controlling law, are NOT bound by the Stipulation.

Neither the *Stipulation*, nor any order approving the Stipulation, can order that the (false) things the Stipulation says, regarding Greyson, are true. Nor can any Order approving the *Stipulation* between Trustee and Diab, order that Greyson is enjoined.

### III. FOLLOWING IS THE CONTROLLING LAW

Trustee's Motion does not brief the controlling law on what a stipulation, can and cannot do. So Greyson Han Jayde brief that law here:

**A. Controlling Law Holds that Because Greyson-Han-Jayde are <u>Not</u> Signatories to the Trustee-Diab *Stipulation* [Dkt.719], They are NOT Not Bound by that *Stipulation*; Only signatories to the Stipulation (Trustee, and Diab, and if Diab was authorized to sign for BAT/Coast, BAT/Coast) are Bound by that *Stipulation***

There are over 75 federal cases, at all levels—some of them bankruptcy court cases—ruling that persons/entities are **NOT** bound by Stipulations those

---

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB   4

persons/entities are **not** parties to. *In re Bake-Line Grp., LLC*, 312 B.R. 48, 51 (Bankr. D. Del. 2004), holds that a trustee's stipulation with a specific party **did not bind others who were not a party to that stipulation**:

> "In this case, the Trustee argues that the estate did not have any leasehold interest, control, or business operations at the Facility during the month of February because according to the stipulation with RIDC the Lease was rejected retroactive to January 30, 2004. However, **Dominion was not a party to that stipulation and, therefore, is not bound by its terms**." [bold/underline added]

Accord: *In re Henson*, 289 B.R. 741, 753 (Bankr. N.D. Cal. 2003) ("Other creditors were not parties to the stipulation between Creditor and Debtor and are not bound by it..."); *In re Parsons*, 505 B.R. 540, 545–46 (Bankr. D. Haw. 2014) ("OCP argues that, even if the stipulation is not binding on Ms. Parsons, the stipulation did resolve the amount and character of OCP's claims, and Ms. Parsons is stuck with the legal consequences of that determination. I disagree."); *Fuji Photo Film Co. v. Int'l Trade Comm'n*, 386 F.3d 1095, 1101 (Fed. Cir. 2004) ("Since the respondents who are affected by the claim construction in the present proceedings were not parties to that stipulation, they are not bound by it..."); *Acacia Corp. Mgmt., LLC v. United States*, No. CIV F-07-1129 AWI GS, 2010 WL 3766706, at *1–2 (E.D. Cal. Sept. 21, 2010) ("The United States argues it [']was not a party to the stipulation between Plaintiffs and the collaborating Defendants, and thus is not bound by the stipulated order.['] ... The court finds this to be an accurate statement of the facts and law in this case."); *Nature Quality Vine Ripe Tomatoes v. Rawls Brokerage, Inc.*, No. 2:04-CV-0016-

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB   5

VEH, 2006 WL 8437347, at *4 (N.D. Ala. Aug. 24, 2006) ("Chiquita Frupac and Rice Fruit Company were not parties to the stipulation and are not bound by its provisions..."); *Aetna Ins. Co. v. Hyde*, 34 F.2d 185, 188 (W.D. Mo. 1929), aff'd sub nom. *Nat'l Fire Ins. Co. of Hartford v. Thompson*, 281 U.S. 331, 50 S. Ct. 288, 74 L. Ed. 881 (1930) ("Of the present complainants, 33 were not parties to the stipulation ... and, therefore are not bound thereby.")

> B. **Trustee's *"Motion for Order Approving Stipulation Between Trustee of The LPG Liquidation Trust and Tony Diab"* [dkt.722 filed in Adv Proc. on 3/12/25] Only Moves the Court to enter an Order approving the *Stipulation* between Trustee and Diab, and does NOT—and could NOT-- move to the Court to <u>Broaden</u> What Persons/Entities are Bound by the *Stipulation*, beyond the signatories to the *Stipulation***

Trustee's *"Motion for Order Approving Stipulation between Trustee of The LPG Liquidation Trust and Tony Diab"* [dkt.722 filed in Adv Proc. on 3/12/25]**,** only moves the Court for an order approving the Dkt.719 Trustee-Diab *Stipulation* as an Order. When a Court enters an Order approving a stipulation between the parties to the stipulation, then effect such an order is that the parties **<u>to the stipulation</u>** are **<u>ordered</u>** to comply with the stipulation.

But a Court, including this Court, granting Trustee's Motion, to approve the Trustee-Diab *Stipulation* as an Order **<u>cannot broaden what persons/entities are bound by the *Stipulation*</u>**, beyond the parties which signed the Stipulation. Here, the parties which signed the Stipulation are only Trustee Marshack (by signature of

Marshack's attorneys of record, which binds Trustee) on the one hand, and Diab (by Diab's signature. If Diab was also authorized to sign for BAT/Coast, Diab signing for them makes BAT/Coast signatories to the *Stipulation*.

Note that Trustee's [dkt.722] Motion is captioned as: "*Motion for Order approving Stipulation Between Trustee of the LPG Liquidation Trust and Tony Diab*" and is **not captained** as moving to bind any non-signatories to the *Stipulation*.

Second, the Notice of Motion part of the dkt.722 Motion, at pacer p.2, lines 16-18, states "The Stipulation resolves the bankruptcy estate's claims asserted against Diab and BAT for avoidance, recovery, and preservation of fraudulent and constructive transfers, turnover, and negligence". Motion's Conclusion, p.10, lines 17-18 requests the Court to "**approve the Stipulation between the Trustee and Diab** (as well as Coast Processing). The Motion does NOT move for a ruling that Greyson-Han-Jayde, or any other non-signatory to the Stipulation, is bound by the things the *Stipulation* says, and even if the Motion had moved for that (which it doesn't), ordering that would be contrary to controlling law.

### IV. THE STIPULATON (P.39-48) SAYS VARIOUS NON-SIGNATORIES, INCLUING GREYSON, ARE TO BE ENJOINED

The *Stipulation*, at p.39, lines 26-27, defines "**Covered Entities and Individuals**" as including Greyson, plus may additional persons/entities. The *Stipulation* (p39-48) states that not just Diab, but in addition "**Covered Entities and Individuals**" (which includes Greyson) are enjoined from doing various things.

While the *Stipulation* can (and does) say Diab is enjoined from doing things, because Diab is a signatory to the *Stipulation*, the *Stipulation* has no power to enjoin Greyson, or any other non-signatory to the Stipulation from doing or not doing things.

Trustee's Motion has **no law** that a Stipulation can enjoin a person/entity, which is NOT a signatory to the Stipulation. **There is no such law**. Consequently, the *Stipulation* cannot enjoin Greyson (or any other person/entity, which is not a signatory to the *Stipulation*) from doing things. **The Court cannot order that**.

## V.   WHAT AN ORDER APPROVING STIPULATION MUST STATE, TO COMPLY WITH THE FOREGOING LAW

Pursuant to the law briefed in **III**., and **IV**.,  Greyson-Han-Jayde are entitled to have any Order approving the Trustee-Diab Stipulation state:

(1) that the things the Stipulation says about Greyson-Han-Jayde do **not** constitute evidence as regards Greyson-Han-or Jayde, as Greyson, Han and Jayde are not signatories to the Stipulation;

(2) that Greyson-Han-Jayde are **not** bound by any of the things the Stipulation says about Greyson-Han-Jayde;

(3) that Trustee's Motion moving the Court to approve the Stipulation does **not** move the Court to broaden the Stipulation to affect anyone other than the signatories to the Stipulation, and that the Court granting Trustee's Motion does **not** broaden the Stipulation to affect anyone other than the signatories to the Stipulation

**RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718]  BETWEEN TRUSTEE AND TONY DIAB   8**

     (4)  that Trustee's Motion has no authority for the Stipulation enjoining Greyson, or any other person or entity which is not a signatory to the Stipulation, from doing things, and that neither Greyson, nor any other person or entity which is not a signatory to the Stipulation, is enjoined from doing things.

Dated:  March, 19, 2025

THE BANKRUPTCY LAW FIRM, PC
\_\_\_\_/s/ Kathleen P. March_____
By Kathleen P. March, Esq.
Counsel to Greyson/Han/Jayde on this Response

---

**RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718]  BETWEEN TRUSTEE AND TONY DIAB    9**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*):

**RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.719] BETWEEN TRUSTEE AND TONY DIAB**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 03/19/25, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Keith Barnett    keith.barnett@troutman.com, kelley.wade@troutman.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 03/19/25, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Litigation Practice Group PC
17542 E 17th St, Suite 100
Tustin, CA 92780

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 03/19/25, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

No judge's copy required because document is under 25 pages.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/19/25 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):</u>

- **Bradford Barnhardt**  bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Eric Bensamochan**  eric@eblawfirm.us, G63723@notify.cincompass.com
- **Christopher Celentino**  christopher.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Leslie A Cohen**  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Michael T Delaney**  mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Alan W Forsley**  alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com
- **Jeremy Freedman**  jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com
- **Christopher Ghio**  christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Eric D Goldberg**  eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Richard H Golubow**  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Veneeta Jaswal**  veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com
- **Sweeney Kelly**  kelly@ksgklaw.com
- **Ira David Kharasch**  ikharasch@pszjlaw.com
- **Meredith King**  mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **David S Kupetz**  david.kupetz@troutman.com, mylene.ruiz@troutman.com
- **Matthew A Lesnick**  matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Daniel A Lev**  daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Yosina M Lissebeck**  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com
- **Daniel S March**  marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com
- **Kathleen P March**  kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Richard A Marshack (TR)**  pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Victoria Newmark**  vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Lisa Patel**  lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Daniel H Reiss**  dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **Jonathan Serrano**  Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com
- **Zev Shechtman**  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Howard Steinberg**  steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Andrew Still**  astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**  wwall@wall-law.com
- **Johnny White**  JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**