Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224; Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
*Attorneys for Greyson Law Center, PC*
*Han Trinh & Jayde Trinh on this Objection*

FILED
MAR 21 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—SANTA ANA DIV.

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor.<br><br>Trustee Marshack<br><br>v.<br><br>Tony Diab et al. (includes Greyson Law Center PC is a defendant in adv proc.) | Bankruptcy Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv Proc. No. 8:23-ap-01046-SC<br><br>**RESPONSE** OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.719] BETWEEN TRUSTEE AND TONY DIAB<br><br>Hearing on Trustee's Motion is set for:<br>Date: 4/2/25<br>Time: 10:00 am  *OOPS! 11 AM KMarch*<br>Place: By zoom.gov, or in person at Ctrm 5C of Bankruptcy Judge Scott Clarkson, 411 West Fourth Street, Santa Ana, CA 92701-4593<br>NOTE: Zoom.gov accessibility information will be provided by the Court in its tentative ruling posted online prior to 1/14/25 hearing |

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO
TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE
BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY
DIAB   1

Greyson Law Center PC ("Greyson"), Han Trinh ("Han") and Phuong Jayde Trinh ("Jayde") (collectively "Greyson-Han-Jayde") make their herein **RESPONSE** to Trustee Marshack's Motion [dkt.722], filed 3/12/25 in adv proc 8:23-ap-01046-SC, which moves Bankruptcy Court to approve the *Stipulation* [Dkt.719, filed 3/3/25], between Plaintiff Trustee Marshack as Liquidating Trustee of the LPG Liquidation Trust (signed by Trustee's counsel of record) and Defendant Tony Diab (signed by Diab) and Defendant BA Inc. d/b/a Coast Processing.

## I. GREYSON-HAN-JAYDE RESPOND AS FOLLOWS, AS TO WHAT THE *STIPULATION*, BETWEEN TRUSTEE AND DIAB, CAN AND CANNOT DO

Here is a summary of what the *Stipulation* can and cannot do:

1. The *Stipulation* binds Trustee to what the *Stipulation* says, because Trustee's counsel of record signed it, and binds Diab to what the *Stipulation* says, because Diab signed it. If, and only if Diab was authorized to sign for BAT/Coast, the Stipulation also binds BAT/Coast.

2. What Trustee (by his counsel of record) and Diab stipulated to, in the Stipulation, constitute admissions of those signatories, admissible against each of them, pursuant to FRE Rule 801(d)(admissions of party opponents).

3. However, that *Stipulation* does NOT bind Greyson, Han or Jayde to what the *Stipulation* says, because Greyson, Han and Jayde are NOT parties to/signatories to the *Stipulation*.

---

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB    2

4. The *Stipulation* does not bind any non-signatory, to what the *Stipulation* says.

5. Nor can this Court "approving" the *Stipulation* bind Greyson-Han-Jayde to what the *Stipulation* says.

6. The Court *granting* Trustee's Motion, to approve the *Stipulation* as an Order, can only order the *Stipulation* as an order, between Trustee an Diab (and BAT, Inc. d/b/a Coast Processing, if Diab had authority to sign for BAT/Coast), and **cannot** order the terms of the *Stipulation*, or what the Stipulation says, as binding Greyson-Han-Jayde, or for that matter, as binding any other non-signatory to the *Stipulation*.

7. Contrary to what p.38-48 of *Stipulation* says, the *Stipulation* cannot enjoin/order) Greyson, or any other non-signatory person or entity to do, or not to do things, nor is there any law that would allow this Court order that the *Stipulation* is effective to enjoin/order Greyson, or any other non-signatory person or entity, to do, or not to do things.

## II. THE TRUSTEE-DIAB *STIPULATION* MAKES REPEATED FALSE STATEMENTS ABOUT GREYSON, AND SOME ABOUT HAN/JAYDE

The *Stipulation* **repeatedly** says **false things** about Greyson, including it repeatedly states that LPG fraudulently transferred LPG client files, and LPG money, to Greyson, when that did not happen, and when Trustee, in over 1 ½ years of alleging that, has zero evidence that happened.

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB    3

However, pursuant to the controlling law briefed in **III.** infra, the *Stipulation* cannot constitute evidence of the false things the Stipulation says about Greyson, Han or Jayde, because Greyson-Han-Jayde are not signatories to the *Stipulation*, and therefore are NOT bound by the Stipulation. To put it another way, Trustee and Diab stipulating that certain things the Stipulation says are true, does NOT constitute evidence, that those things are true, as to persons/entities that are not signatories to the Stipulation. Greyson-Han-Jayde are NOT signatories to the Stipulation, and so, per controlling law, are NOT bound by the Stipulation.

Neither the *Stipulation*, nor any order approving the Stipulation, can order that the (false) things the Stipulation says, regarding Greyson, are true. Nor can any Order approving the *Stipulation* between Trustee and Diab, order that Greyson is enjoined.

### III. FOLLOWING IS THE CONTROLLING LAW

Trustee's Motion does not brief the controlling law on what a stipulation, can and cannot do. So Greyson Han Jayde brief that law here:

**A. Controlling Law Holds that Because Greyson-Han-Jayde are <u>Not</u> Signatories to the Trustee-Diab *Stipulation* [Dkt.719], They are NOT <u>Not</u> Bound by that *Stipulation*; Only signatories to the Stipulation (Trustee, and Diab, and if Diab was authorized to sign for BAT/Coast, BAT/Coast) are Bound by that *Stipulation***

There are over 75 federal cases, at all levels—some of them bankruptcy court cases—ruling that persons/entities are **NOT** bound by Stipulations those

---
RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB  4

persons/entities are **not** parties to. *In re Bake-Line Grp., LLC*, 312 B.R. 48, 51 (Bankr. D. Del. 2004), holds that a trustee's stipulation with a specific party **did not bind others who were not a party to that stipulation**:

> "In this case, the Trustee argues that the estate did not have any leasehold interest, control, or business operations at the Facility during the month of February because according to the stipulation with RIDC the Lease was rejected retroactive to January 30, 2004. However, **Dominion was not a party to that stipulation and, therefore, is not bound by its terms**." [bold/underline added]

Accord: *In re Henson*, 289 B.R. 741, 753 (Bankr. N.D. Cal. 2003) ("Other creditors were not parties to the stipulation between Creditor and Debtor and are not bound by it..."); *In re Parsons*, 505 B.R. 540, 545–46 (Bankr. D. Haw. 2014) ("OCP argues that, even if the stipulation is not binding on Ms. Parsons, the stipulation did resolve the amount and character of OCP's claims, and Ms. Parsons is stuck with the legal consequences of that determination. I disagree."); *Fuji Photo Film Co. v. Int'l Trade Comm'n*, 386 F.3d 1095, 1101 (Fed. Cir. 2004) ("Since the respondents who are affected by the claim construction in the present proceedings were not parties to that stipulation, they are not bound by it..."); *Acacia Corp. Mgmt., LLC v. United States*, No. CIV F-07-1129 AWI GS, 2010 WL 3766706, at *1–2 (E.D. Cal. Sept. 21, 2010) ("The United States argues it [']was not a party to the stipulation between Plaintiffs and the collaborating Defendants, and thus is not bound by the stipulated order.['] ... The court finds this to be an accurate statement of the facts and law in this case."); *Nature Quality Vine Ripe Tomatoes v. Rawls Brokerage, Inc.*, No. 2:04-CV-0016-

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB   5

VEH, 2006 WL 8437347, at *4 (N.D. Ala. Aug. 24, 2006) ("Chiquita Frupac and Rice Fruit Company were not parties to the stipulation and are not bound by its provisions..."); *Aetna Ins. Co. v. Hyde*, 34 F.2d 185, 188 (W.D. Mo. 1929), aff'd sub nom. *Nat'l Fire Ins. Co. of Hartford v. Thompson*, 281 U.S. 331, 50 S. Ct. 288, 74 L. Ed. 881 (1930) ("Of the present complainants, 33 were not parties to the stipulation ... and, therefore are not bound thereby.")

B. **Trustee's *"Motion for Order Approving Stipulation Between Trustee of The LPG Liquidation Trust and Tony Diab"* [dkt.722 filed in Adv Proc. on 3/12/25] Only Moves the Court to enter an Order approving the *Stipulation* between Trustee and Diab, and does NOT—and could NOT-- move to the Court to <u>Broaden</u> What Persons/Entities are Bound by the *Stipulation*, beyond the signatories to the *Stipulation***

Trustee's *"Motion for Order Approving Stipulation between Trustee of The LPG Liquidation Trust and Tony Diab"* [dkt.722 filed in Adv Proc. on 3/12/25], only moves the Court for an order approving the Dkt.719 Trustee-Diab *Stipulation* as an Order. When a Court enters an Order approving a stipulation between the parties to the stipulation, then effect such an order is that the parties **to the stipulation** are **<u>ordered</u>** to comply with the stipulation.

But a Court, including this Court, granting Trustee's Motion, to approve the Trustee-Diab *Stipulation* as an Order **<u>cannot broaden what persons/entities are bound by the *Stipulation*</u>**, beyond the parties which signed the Stipulation. Here, the parties which signed the Stipulation are only Trustee Marshack (by signature of

Case 8:23-ap-01046-SC    Doc 735    Filed 03/21/25    Entered 03/21/25 11:43:02    Desc
Main Document    Page 7 of 14

Marshack's attorneys of record, which binds Trustee) on the one hand, and Diab (by Diab's signature. If Diab was also authorized to sign for BAT/Coast, Diab signing for them makes BAT/Coast signatories to the *Stipulation*.

Note that Trustee's [dkt.722] Motion is captioned as: *"Motion for Order approving Stipulation Between Trustee of the LPG Liquidation Trust and Tony Diab"* and is **not captained** as moving to bind any non-signatories to the *Stipulation*.

Second, the Notice of Motion part of the dkt.722 Motion, at pacer p.2, lines 16-18, states "The Stipulation resolves the bankruptcy estate's claims asserted against Diab and BAT for avoidance, recovery, and preservation of fraudulent and constructive transfers, turnover, and negligence". Motion's Conclusion, p.10, lines 17-18 requests the Court to "**approve the Stipulation between the Trustee and Diab** (as well as Coast Processing). The Motion does NOT move for a ruling that Greyson-Han-Jayde, or any other non-signatory to the Stipulation, is bound by the things the *Stipulation* says, and even if the Motion had moved for that (which it doesn't), ordering that would be contrary to controlling law.

IV. **THE STIPULATON (P.39-48) SAYS VARIOUS NON-SIGNATORIES, INCLUING GREYSON, ARE TO BE ENJOINED**

The *Stipulation*, at p.39, lines 26-27, defines "**Covered Entities and Individuals**" as including Greyson, plus may additional persons/entities. The *Stipulation* (p39-48) states that not just Diab, but in addition "**Covered Entities and Individuals**" (which includes Greyson) are enjoined from doing various things.

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB    7

Case 8:23-ap-01046-SC  Doc 735  Filed 03/21/25  Entered 03/21/25 11:43:02  Desc
Main Document  Page 8 of 14

While the *Stipulation* can (and does) say Diab is enjoined from doing things, because Diab is a signatory to the *Stipulation*, the *Stipulation* has no power to enjoin Greyson, or any other non-signatory to the Stipulation from doing or not doing things.

Trustee's Motion has **no law** that a Stipulation can enjoin a person/entity, which is NOT a signatory to the Stipulation. **There is no such law**. Consequently, the *Stipulation* cannot enjoin Greyson (or any other person/entity, which is not a signatory to the *Stipulation*) from doing things. **The Court cannot order that**.

## V. WHAT AN ORDER APPROVING STIPULATION MUST STATE, TO COMPLY WITH THE FOREGOING LAW

Pursuant to the law briefed in **III.**, and **IV.**, Greyson-Han-Jayde are entitled to have any Order approving the Trustee-Diab Stipulation state:

(1) that the things the Stipulation says about Greyson-Han-Jayde do **not** constitute evidence as regards Greyson-Han-or Jayde, as Greyson, Han and Jayde are not signatories to the Stipulation;

(2) that Greyson-Han-Jayde are **not** bound by any of the things the Stipulation says about Greyson-Han-Jayde;

(3) that Trustee's Motion moving the Court to approve the Stipulation does **not** move the Court to broaden the Stipulation to affect anyone other than the signatories to the Stipulation, and that the Court granting Trustee's Motion does **not** broaden the Stipulation to affect anyone other than the signatories to the Stipulation

RESPONSE OF GREYSON LAW CENTER P.C., HAN TRINH, AND PHUONG JAYDE TRINH TO TRUSTEE'S MOTION [DKT. 722] THAT MOVES IN ADVERSARY PROCEEDING, TO HAVE BANKRUPTCY COURT TO APPROVE THE STIPULATION [DKT.718] BETWEEN TRUSTEE AND TONY DIAB  8

(4) that Trustee's Motion has no authority for the Stipulation enjoining Greyson, or any other person or entity which is not a signatory to the Stipulation, from doing things, and that neither Greyson, nor any other person or entity which is not a signatory to the Stipulation, is enjoined from doing things.

Dated: March, 19, 2025

THE BANKRUPTCY LAW FIRM, PC
___/s/ Kathleen P. March_____
By Kathleen P. March, Esq.
Counsel to Greyson/Han/Jayde on this Response

8:23-ap-01046-SC Marshack v. Diab et al

Type: ap                     Office: 8 (Santa Ana)              Judge: SC
Lead Case: 8-23-bk-10571

# U.S. Bankruptcy Court

# Central District of California

Notice of Electronic Filing

The following transaction was received from Kathleen P March entered on 3/19/2025 at 3:08 PM PDT and filed on 3/19/2025
**Case Name:**       Marshack v. Diab et al
**Case Number:**     8:23-ap-01046-SC
**Document Number:** 729

**Docket Text:**
Opposition to (related document(s): [722] Motion *for Order Approving Stipulation Between Trustee of the LPG Liquidation Trust and Tony Diab; Memorandum of Points and Authorities; and Declaration of Richard A. Marshack in Support Thereof* filed by Plaintiff Richard A. Marshack) *Response of Greyson-Han-Jayde to Trustee's Motion [dkt.722] moving Ct to grant Order appoving Trustee-Diab Stipulation [dkt.719], POS* Filed by Defendants Greyson Law Center PC, Han Trinh, Jayde Trinh (March, Kathleen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Response of GHJ to Trustee's Motion to have Bky Ct approve stip by T's counsel and Diab 255PM 031925.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=3/19/2025] [FileNumber=108079095
-0] [14147e106a4c6c47d3c3a7aaa7a1b25103feffb7f7a439c352c513226692a87cd
2dbc03ce6a9d89f7deec5caccb6b6c6a5a14e34437fc05bc676e1ee63afe151]]

**8:23-ap-01046-SC Notice will be electronically mailed to:**

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;Wendy.Yones@Dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com,
zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

**8:23-ap-01046-SC Notice will not be electronically mailed to:**

Jake Akers
,

Authorize Net
,

B.A.T. Inc.
,

BAT Inc. dba Coast Processing
,

William Taylor Carss
,

Jimmy Chhor
,

Max Chou
,

Lisa Cohen
,

Tony Diab

Dwolla, Inc.
,

EPPS
,

Scott James Eadie
,

Equipay
,

Guardian
,

Guardian Processing, LLC
,

Dongliang Jiang
,

Law Offices of Ronald Richards
Ronald Richards, Esq
PO Box 11480
Beverly Hills, CA 90213

Maverick Management Group, LLC
,

Maverick Management, LLC
,

Merit Fund, LLC
,

Oakstone Law Group PC
,

Optimumbank Holdings, Inc.
,

Phoenix Law Group, Inc.
,

Phoenix Law, PC
,

Prime Logix, LLC
,

Revolv3, Inc.
,