Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
Hayley R. Winograd (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: ikharasch@pszjlaw.com
        vnewmark@pszjlaw.com
        hwinograd@pszjlaw.com

Attorneys for Consumer Legal Group, P.C. and LGS Holdco, LLC

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| | Chapter 11 |
| THE LITIGATION PRACTICE GROUP, P.C., | |
| | Adv. No. 8-23-ap-01046-SC |
| Debtor. | |
| | **OPPOSITION TO MOTION FOR ORDER APPROVING STIPULATION BETWEEN TRUSTEE OF THE LPG LIQUIDATION TRUST AND TONY DIAB** |
| | Hearing: |
| | Date:    April 2, 2025 |
| | Time:   11:00 a.m. |
| | Place:     5C - Via ZoomGov |
| | 411 West Fourth Street |
| | Santa Ana, California |
| | Judge:    Hon. Scott C. Clarkson |
| RICHARD A. MARSHACK, solely in his capacity as chapter 11 trustee, | |
| Plaintiff, | |
| vs. | |
| TONY DIAB, et al., | |
| Defendants. | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4933-4046-3919.8 15344.001

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     PRELIMINARY STATEMENT ........................................................................................ 1

II.    RELEVANT BACKGROUND ........................................................................................ 3

       A.     The Bankruptcy Case ......................................................................................... 3

       B.     The Action .......................................................................................................... 3

       C.     The Turnover/Preliminary Injunction Proceeding .............................................. 4

       D.     The Trustee's Motion ......................................................................................... 6

III.   ARGUMENT ................................................................................................................... 7

       A.     Legal Standard .................................................................................................... 7

       B.     The Proposed Settlement is Not Fair and Equitable Because It Unduly
              Prejudices The CLG Defendants ...................................................................... 10

       C.     The Motion Is Procedurally Infirm ................................................................... 12

IV.    CONCLUSION .............................................................................................................. 14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*In re Arkoosh Produce, Inc.*,
  No. 00-41817, 2003 WL 25273746, at *11 (Bankr. D. Idaho July 1, 2003) ..................... 12

In re Arter & Hadden LLP,
  373 B.R. 31, 36 (Bankr. N.D. Ohio 2007) ................................................................. 9

In re AWECO, Inc.,
  725 F.2d 293, 298 (5th Cir.1994) ............................................................................. 9

In re Biolitec, Inc.,
  528 B.R. 261, 269 (Bankr. D. N.J. 2014) ................................................................. 11

*In re Casimiro*,
  No. 05-19588-B-7, 2007 WL 1577947, at *4 (Bankr. E.D. Cal. June 4, 2007) ................. 9

*In re Churchfield*,
  277 B.R. 769, 774 (Bankr. E.D. Cal. 2002) ........................................................... 7, 12

*In re Clark*,
  No. 09–00726, 2009 WL 2849785, at *1 (Bankr. D. D.C. 2009) ................................... 13

*In re Ditech Holding Corp.*,
  606 B.R. 544, 624 (Bankr. S.D.N.Y. 2019) ................................................................ 9

*In re Douglas J. Roger, M.D., Inc., APC*,
  393 F. Supp. 3d 940, 961 (C.D. Cal. 2019) ................................................................ 8

*In re Fleming Packaging Corp.*,
  No. 03-82408, 2007 WL 4556981, at *3 (Bankr. C.D. Ill. Dec. 20, 2007) ..................... 11

*In re HyLoft, Inc.*,
  451 B.R. 104, 109 (Bankr. D. Nev. 2011) ................................................................... 8

*In re Lake City R.V., Inc.*,
  226 B.R. 241, 244 (Bankr. D. Idaho 1998) ............................................................... 12

*In re Loloee*,
  241 B.R. 655, 662-63 (B.A.P. 9th Cir. 1999) ............................................................ 13

In re Masters Mates & Pilots Pension Plan & IRAP Litig.,
  957 F.2d 1020, 1026 (2d Cir. 1992) .......................................................................... 9

*In re MatlinPatterson Glob. Opportunities Partners II L.P.*,
  644 B.R. 418, 426 (Bankr. S.D.N.Y. 2022) ............................................................... 9

*In re Med. Asset Mgmt., Inc.*,
    249 B.R. 659, 663 (Bankr. W.D. Pa. 2000) .................................................................. 9

*In re Miami Metals I, Inc.*,
    603 B.R. 531, 535 (Bankr. S.D.N.Y. 2019) .................................................................. 9

*In re Mickey Thompson Ent. Grp., Inc.*,
    292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) .............................................................. 7, 12

In re Olson,
    2006 WL 2433448 at *2 n. 8 (Bankr. D. Idaho 2006) .................................................. 8

*In re O'Malley*,
    633 B.R. 332, 344 (N.D. Ill. 2021) .............................................................................. 9

*In re SportStuff, Inc.*,
    430 B.R. 170, 181 (B.A.P. 8th Cir. 2010) .................................................................. 13

*Martin v. Kane (In re A & C Props.)*,
    784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986) ...................... 7

*Matter of Walsh Const., Inc.*,
    669 F.2d 1325, 1328 (9th Cir. 1982) .......................................................................... 10

*Nev. Bus. Credit, LLC v. Kavanagh (In re Golden Empire Air Rescue, Inc.)*,
    Nos. EC-07-1086-JuMkPa, EC-07-1087-JuMkPa, 2007 Bankr. LEXIS 4880, at *21
    (B.A.P. 9th Cir. Oct. 25, 2007) .................................................................................. 11

*Simantob v. Claims Prosecutor, LLC (In re Lahijani)*,
    325 B.R. 282, 289 (9th Cir. 2005) ................................................................................ 8


**STATUTES**

11 U.S.C. § 542 ................................................................................................................ 4

11 U.S.C. § 548(a)(1)(A) ................................................................................................ 6

11 U.S.C. § 550 ......................................................................................................... 6, 10

11 U.S.C. § 551 ................................................................................................................ 6


**RULES**

Fed. R. Bank. P. 7001(7) ............................................................................................... 13

Fed. R. Bankr. P. 7001(1) ............................................................................................. 13

Fed. R. Civ. P. 9019 ............................................................................................... passim

Fed. R. Civ. P. 7001 ........................................................................................................ 2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Fed. R. Civ. P. 9014.................................................................................................................. 13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Consumer Legal Group, P.C. ("CLG") and LGS Holdco, LLC ("LGS," and together with CLG, the "CLG Defendants") file this opposition (the "Opposition") to the *Motion for Order Approving Stipulation between Trustee of the LPG Liquidation Trust and Tony Diab; Memorandum of Points and Authorities; and Declaration of Richard A Marshack in Support Thereof* [Docket No. 722] (the "Motion"), filed by the Liquidating Trustee of the LPG Liquidation Trust (the "Trustee") in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case") filed by the Litigation Practice Group, P.C. ("LPG" or the "Debtor," and together with the Trustee and CLG Defendants, (the "Parties").  In support of this Opposition, the CLG Defendants state as follows:

I.

<strong><u>PRELIMINARY STATEMENT</u></strong>[1]

The Trustee does not come close to demonstrating that the proposed settlement with Tony Diab is fair and equitable under Rule 9019.  The relief requested by the Trustee is procedurally improper and plainly violative of the CLG Defendants' substantive and procedural due process rights.  The Motion seeks approval of a Stipulation between the Trustee and Tony Diab as a means to improperly bind the CLG Defendants and other non-consenting third parties to false allegations and permanent injunctive relief against them.  Diab, who has every incentive to do or say anything to avoid the consequences of his fraudulent conduct, makes a host of untested and false assertions of fact in the Stipulation, along with numerous legal conclusions that he is incompetent to make. The Trustee cannot use a stipulation with a single party to end-run the litigation process and deprive the CLG Defendants of their due process rights.

Specifically, in the guise of a motion to approve his settlement with Diab under Rule 9019, the Trustee seeks a directed verdict against non-settling parties, including the CLG Defendants, pursuant to which:

- All or essentially all disputed factual and legal issues in this adversary proceeding are determined in favor of the Trustee, without trial or competent evidence, without

---

[1] Capitalized terms not defined in this section have the meaning ascribed to them in the Motion or below.

1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

any opportunity for the CLG Defendants to object to and present evidence and, indeed, without any participation by or consent of the CLG Defendants;

• The CLG Defendants are legally determined to be alter egos of the Debtor;

• Transfers to the CLG Defendants are determined to be fraudulent transfers;

• As "covered entities" and/or Alter Egos, the CLG Defendants are subject to a permanent injunction directing them to hold any money related to the Debtor, for turnover to the Trustee upon request;

• The CLG Defendants are permanently enjoined from processing ACH Transfers, opening bank accounts or taking any action with respect to Property that, if they prevail in this Action, is their own;

• The CLG Defendants are enjoined from accessing their Property;

• The U.S. Postal Service is ordered to confiscate the CLG Defendants' mail;

• The CLG Defendants' tangible or intangible property must be turned over to the Trustee.

It is well-settled that where, as here, a settlement agreement ignores and impairs the rights of non-consenting third parties, it contravenes basic notions of fairness and due process and cannot be approved. Before the Trustee can obtain such sweeping relief against the CLG Defendants, both sides must be afforded the opportunity to present evidence and cross-examine witnesses (including Diab) in an appropriate adjudicative process.

In addition to attempting to deprive the CLG Defendants of such fundamental procedural rights as the rights to present their evidence and case on the merits and object to evidence, the Trustee presents zero evidence that would support the relief he requests, other than the Trustee's conclusory declaration that the settlement is in the "best interests" of the estate and Diab's self-serving statements.

The Motion is also procedurally improper, as it seeks permanent injunctive relief against the CLG Defendants without a trial on the merits and was not brought as an adversary proceeding, as required under Rule 7001 of the Bankruptcy Rules. The law is well-settled that injunctive relief cannot be brought through a settlement motion in lieu of an adversary complaint.

This is not the first time that the Trustee has attempted to resolve contested factual and legal issues in his favor and impose injunctive relief against the CLG Defendants without their

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  consent and in violation of their due process rights.  Recently, the Trustee filed a motion seeking

2  court approval of a stipulation with Optimum Bank, which provided that property titled in CLG's

3  name and claimed by CLG to be its property pursuant to valid pre-petition purchase agreements be

4  turned over and paid to the Trustee, without CLG's consent and without a trial on the merits.

5  [Docket No. 1520] (the "Optimum Stipulation").  The Trustee withdrew that motion after the CLG

6  Defendants opposed the Optimum Stipulation on the grounds that it violated their procedural and

7  substantive due process rights. [Docket No. 1635].

8      Here, too, there is no good faith basis in law or fact warranting the relief sought against the

9  CLG Defendants without a trial on the merits on all of the Claims in the Action, much less without

10  any opportunity to participate at all other than by objecting to a settlement between the Trustee

11  and another party.  The settlement, if approved, violates the CLG Defendants' due process rights

12  and any notion of equity and fairness under Rule 9019, and is procedurally improper.

13  Accordingly, the Motion must be denied.

14  **II.**

15  **RELEVANT BACKGROUND**

16  **A.  The Bankruptcy Case**

17      On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under

18  Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District

19  of California.  The Trustee of the Debtor's estate was appointed on May 8, 2023.  *See Acceptance*

20  *of Appointment as Chapter 11 Trustee* [Docket No. 63]; *Order Approving Appointment* [Docket

21  No. 65].  On September 9, 2024, the Court entered an order ("Confirmation Order") confirming

22  the *Modified First Amended Joint Chapter 11 Plan of Liquidation* ("Plan") [Docket No. 1646].

23  The Plan went effective on September 24, 2024 (the "Effective Date").  *See Notice of Occurrence*

24  *of the Effective Date of the Plan* [Docket No. 1762].  Thereafter, Trustee became the trustee of the

25  Debtor's liquidation trust.

26  **B.  The Action**

27      On May 25, 2023, the Trustee initiated an adversary proceeding against Defendants CLG

28  and LGS, among other parties.  *See* Adv. Proc. No. 8:23-ap-01046, Docket No. 1 (the "Action"),

3

[Docket No. 1].  In its *Fifth Amended Complaint* [Docket No. 653][2] (the "<u>Complaint</u>"), the Trustee alleges that CLG was an "alter ego" of LPG's founder, Tony Diab ("<u>Diab</u>") and the transferee of supposed fraudulent transfers of certain LPG assets.

The Complaint raises numerous claims against the CLG Defendants arising from these alleged fraudulent transfers, including: (i) injunctive relief, enjoining the CLG Defendants from "interfering with ACH Transfers," (*see* Count I, Complaint ¶¶ 81-86); (ii) avoidance and recovery of alleged fraudulent transfers, (*see* Counts II, III, IV, V, *id.* ¶¶ 87-139); and (iii) turnover of alleged estate property under 11 U.S.C. § 542, including LPG's ACH debits and attorney network," among other funds that were transferred from LPG to the CLG Defendants, including client information, ACH processing accounts, and bank account information, (*see* Count VI, and collectively with the other Counts, the "<u>Claims</u>"), (*see id.* ¶¶ 38, 140-144).

The CLG Defendants filed their answer to the Complaint, denying the allegations set forth therein, including that CLG Defendants are "alter egos" of Diab or LPG, or the recipients of fraudulent transfers.  [*See* Docket No. 668] (the "<u>Answer</u>").

## C. <u>The Turnover/Preliminary Injunction Proceeding</u>

Concurrently with the Complaint, the Trustee filed an *Omnibus Emergency Motion* [Docket Nos. 3-8] (the "<u>Turnover/PI Motion</u>"), seeking a broad preliminary injunction against all defendants in the Action, including  (i) turnover of all of CLG's client files, administrative usernames and passwords, ACH files related to LPG client information, ACH transfer data, accounting records, email data, and ACH payments, as set forth in Count VI of the Complaint; and (ii) an order directing CLG's banks to hold in trust all ACH funds on any client file (even non-LPG client files) pending further written instruction by the Trustee, as set forth in Count I of the Complaint.  On June 23, 2024, after a hearing, the Court entered its order granting the motion. [*See id.*, Docket No. 70] (the "<u>Turnover/PI Order</u>").

---

[2] All docket numbers refer to the docket maintained in the Action.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Subsequently, in connection with the sale of the Debtor's remaining assets, the Trustee

2    sought authorization to enter an asset purchase agreement with CLG as a "good faith purchaser."

3    [Docket No. 191] (The "Sale Motion").  CLG hereby refers to and incorporates the Trustee's Sale

4    Motion and description of CLG's history and business in the sale pleadings (which the Trustee

5    provided after conducting his own due diligence of CLG, and which included the Trustee's factual

6    findings and descriptions), including the Trustee's describing CLG as "legally providing case

7    specific legal services tailored to the consumer's needs"; "A model very different that the boiler

8    plate legal services offered by LPG"; and "a reputable law firm providing valuable legal services

9    in compliance with applicable law."  Sale Motion at 9-11.

10    On December 23, 2024, CLG filed its motion to vacate the Turnover/PI Order as to CLG,

11    [Docket No. 667] (the "Motion to Vacate"), in which CLG requested an order vacating the

12    Turnover/PI Order, or, at a minimum modifying it as to CLG, including the release to CLG of

13    certain frozen assets and relieving CLG from the Trustee's continued oversight of and access to its

14    CRM.  In support thereof, CLG demonstrated the Trustee's factual findings and representations

15    regarding CLG in connection with its Sale Motion, including the Trustee's support of CLG as a

16    good faith purchaser of LPG's remaining client files, demonstrated that the Trustee's Turnover/PI

17    Motion was premised on the false and disproven notions that CLG was an alter ego of LPG or

18    Diab and that the sale of client files from LPG were the result of fraudulent transfers.

19    Accordingly, as CLG contended in its Motion to Vacate, there was no reasonable basis to subject

20    CLG to continued Trustee oversight while CLG's assets remained frozen.  The hearing on the

21    Motion to Vacate was scheduled for April 2, 2025.

22    On March 24, 2025, at the Trustee's request and for the purpose of enabling the parties to

23    engage in continued settlement discussions in the hopes of being able to resolve the Action as to

24    CLG, CLG agreed to withdraw its Motion to Vacate, without prejudice.  By Stipulation [Docket

25    No. 742], CLG withdrew its Motion to Vacate without prejudice, and the parties agreed that if

26    they could not settle, CLG could re-file the Motion to Vacate without objection, which Stipulation

27    was approved by the Court on March 25, 2025 [Docket No. 744].

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**D.  The Trustee's Motion**

By this Motion, the Trustee seeks approval of his stipulation with Diab [Docket No. 719] (the "Stipulation"), which purports to resolve the claims against Diab in the Action.  But the Stipulation does far more than that.  Its scope is sweeping: it purports to resolve disputed issues of fact and law, and order extraordinary injunctive relief against the CLG Defendants and other defendants without affording them their right to present evidence, cross-examine Diab, or otherwise exercise their most basic rights in a normal adjudicatory process.

The Stipulation is premised on legal and factual theories that the CLG Defendants are "alter egos" of Diab and recipients of fraudulent transfers, despite the fact that CLG contests the accuracy of such allegations and they have not yet been adjudicated. *See* Answer; Motion to Vacate.  For instance, the Stipulation recites as "accurate statements of fact" that: (a) the CLG Defendants (i) are "Alter Egos" of Diab, (*see* Stipulation ¶¶ 82; 97-98; 101; 156-67); and (ii) received "fraudulent transfers of client files, ACH information, and ACH debit processing…,") (*id.* ¶¶ 40; 98; 103; 160; and (b) "Diab controlled and operated" the CLG Defendants, (*id.* ¶ 129; *see also* ¶¶ 97; 128; 130-32; 135-36; 139-140; 144).

Based solely on Diab's unsupported representation that such allegations are true, the Stipulation provides for the turnover of allegedly fraudulently transferred estate property and a permanent injunction against alleged "Alter Egos" of Diab, including the CLG Defendants.  *See* Stipulation, Section II, ¶¶ 11–13.  The proposed injunctive relief is far-reaching, as it supposedly would enjoin the CLG Defendants from (i) "incurring, taking out, or pledging receivables," (*id.* ¶ 12(b)); (ii) "instructing any person or client to cancel or demand a refund," (*id.* ¶ 12(c)); and (iii) "hold in trust any and all funds, receipts, and transfers related to any account, file, or current or former client of LPG," (*id.* ¶ 12(ii)).  The Stipulation also seeks an order avoiding the alleged fraudulent transfers to the CLG Defendants under 11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. §§ 550 and 551.  *See id.* 145–55; 159–70; 176–77; 186.

The Stipulation further implicates the CLG Defendants' rights, as alleged "Alter Egos" of Diab, by providing for entry of a final Judgment Amount against Diab and Cost Processing in the amount of $100,000,000, a number that includes amounts that were allegedly "fraudulently

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  transferred to the Diab Alter Egos." *Id.*, Section II, ¶¶ 2-4; *see also* Motion at 5 n.1 ("The

2  Judgment Amount includes amounts that were fraudulently transferred to several of Diab's Alter

3  Egos," including CLG and LGS).

4        In other words, the Trustee seeks to deploy the Stipulation to obtain an order that would

5  resolve his asserted Claims against the CLG Defendants in his favor even as the Action against

6  CLG remains pending, and before any facts have been found or claims have been adjudicated in

7  that proceeding. The fact that the fraudster Diab has agreed to the purported "accuracy" of such

8  statements in the Stipulation means nothing. The CLG Defendants are but a handful of Diab's

9  many victims. At this point, Diab is out of options: he has every incentive to say or do whatever

10  he thinks will best serve his interests now that his fraud has been exposed and the walls have

11  closed in on him. That Diab has now agreed to the truth of statements against his victims is not a

12  reason to act on his statements, it is a reason to doubt them, and to subject such allegations to

13  robust testing through an appropriate adjudicatory process.

### III.

### ARGUMENT

16        For the reasons set forth below, the Motion must be denied. It is procedurally infirm,

17  violates Defendants' due process rights, and does not come close to being fair and equitable under

18  Rule 9019.

### A.  Legal Standard

20        The proponent of a settlement under Rule 9019 bears the burden to demonstrate that the

21  settlement was negotiated in good faith and is reasonable, fair, and equitable. Fed. R. Civ. P. 9019;

22  *see also Martin v. Kane (In re A & C Props.),* 784 F.2d 1377, 1381 (9th Cir. 1986), *cert.*

23  *denied,* 479 U.S. 854 (1986); (noting that "the trustee, as the party proposing the compromise, has

24  the burden of persuading the bankruptcy court that the compromise is fair and equitable and

25  should be approved.'"); *In re Churchfield*, 277 B.R. 769, 774 (Bankr. E.D. Cal. 2002) ("The

26  burden of persuasion is on the Trustee" to demonstrate a Rule 9019 settlement is fair and

27  reasonable); *In re Mickey Thompson Ent. Grp., Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003)

28  ("And while a court generally gives deference to a trustee's business judgment in deciding

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

whether to settle a matter, the trustee 'has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved.'"); *In re Douglas J. Roger, M.D., Inc., APC*, 393 F. Supp. 3d 940, 961 (C.D. Cal. 2019) (noting that while although the bankruptcy court defers to the trustee's business judgment in determining whether to approve a Rule 9019 settlement, the burden still falls on the trustee "to persuade the bankruptcy court that the proposed compromise is fair and equitable.")  "The settlement should be in the best interests of the estate … and 'reasonable, given the particular circumstances of the case.'" *Mickey*, 292 B.R. at 415 (quoting *A & C Props.*, 784 F.2d at 1377).   The Trustee's unsupported assertion that the requirements under Rule 9019 are somehow "not applicable" to the Stipulation, (Motion at 6),  is thus without merit.

In determining the "fairness, reasonableness and adequacy" of a proposed compromise, a bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

*Mickey.*, 292 B.R. at 415.   "The trustee's business judgment is not alone determinative of the issue of court approval; the 'court is not permitted to act as a mere stamp' but must make an independent determination that the compromise is fair and equitable." *In re HyLoft, Inc.*, 451 B.R. 104, 109 (Bankr. D. Nev. 2011) (quoting *In re Rake,* 363 B.R. 146, 152 (Bankr.D.Idaho 2007)). "The trustee must show that he or she made an "informed judgment after diligent investigation." *Id.* at 110.  "To tolerate less would make the Court into a rubber stamp, allowing the trustee's evaluation to be determinative." *In re Olson,* 2006 WL 2433448 at *2 n. 8 (Bankr. D. Idaho 2006); *see also Simantob v. Claims Prosecutor, LLC (In re Lahijani),* 325 B.R. 282, 289 (9th Cir. 2005) (the trustee's proposed settlement did "not inspire confidence in his business judgment.") The trustee must demonstrate more than a "mere good faith negotiation of the settlement" because

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    the court must independently make a finding that the compromise is reasonable, fair and equitable.

2    *In re Casimiro*, No. 05-19588-B-7, 2007 WL 1577947, at *4 (Bankr. E.D. Cal. June 4, 2007).

3        Critical here, in determining whether a proposed settlement is fair and equitable, the court

4    "also must consider the rights of non-settling parties." *In re O'Malley*, 633 B.R. 332, 344 (N.D. Ill.

5    2021). *"[W]hen the rights of non-settling parties are implicated by the terms of a settlement, the

6    court cannot approve it without considering the interests of those non-settling parties." *In re

7    Ditech Holding Corp.*, 606 B.R. 544, 624 (Bankr. S.D.N.Y. 2019) (internal quotations omitted);

8    *see also In re MatlinPatterson Glob. Opportunities Partners II L.P.*, 644 B.R. 418, 426 (Bankr.

9    S.D.N.Y. 2022) ("[T]he Court must be sensitive to whether the proposed settlement would 'unduly

10   prejudice" a non-settling creditor or other party."); *In re Arter & Hadden LLP*, 373 B.R. 31, 36

11   (Bankr. N.D. Ohio 2007) ("looking only to the fairness of the settlement as between the debtor and

12   the settling claimant [and ignoring third-party rights] contravenes a basic notion of fairness")

13   (quoting *In re AWECO, Inc.,* 725 F.2d 293, 298 (5th Cir.1994)); *In re Med. Asset Mgmt., Inc.*, 249

14   B.R. 659, 663 (Bankr. W.D. Pa. 2000) ("The fairness to the settling parties of a proposed

15   settlement agreement may not warrant its approval if the rights of others who are not parties to the

16   settlement agreement are unduly prejudiced. We must further determine that no one has been set

17   apart for unfair treatment.") (internal quotations omitted).  Thus, "when the rights of non-settling

18   parties are implicated by the terms of a settlement, the court cannot approve it without considering

19   the interests of those non-settling parties." *In re Miami Metals I, Inc.*, 603 B.R. 531, 535 (Bankr.

20   S.D.N.Y. 2019) (internal quotations omitted); *see also In re Masters Mates & Pilots Pension Plan

21   & IRAP Litig.*, 957 F.2d 1020, 1026 (2d Cir. 1992) ("Where the rights of one who is not a party to

22   a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn

23   the judicial stamp of approval .... [I]f third parties complain to a judge that a decree will be

24   inequitable because it will harm them unjustly, he cannot just brush their complaints aside.").

25       Here, where the interests of third parties are taken into consideration, as they must be, the

26   Trustee patently fails to meet his burden of demonstrating that the proposed settlement is fair and

27   equitable.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.  The Proposed Settlement is Not Fair and Equitable Because It Unduly Prejudices The CLG Defendants**

The Trustee does not come close to meeting its burden of demonstrating that the proposed settlement is fair and equitable.  The Stipulation, if approved, would be a gross violation of the CLG Defendants' substantive and procedural due process rights, in direct contravention of any notion of fairness under Rule 9019.  Without any trial on the merits, in the context of a settlement *between the Trustee and Diab only*, the Stipulation purports to bind the CLG Defendants as to the following determinations:   (a) the CLG Defendants are "Alter Egos" of Diab; (b) the CLG Defendants are recipients of fraudulent transfers; (c) that such alleged transfers should be avoided under 11 U.S.C. § 550; and (d) that a final judgment in the amount of $100,000,000 should entered, which includes amounts that were allegedly "fraudulently transferred" to the CLG Defendants, i.e., the "Alter Egos".  *See supra*, Section II.D.  These are the very factual and legal issues at dispute in the Action, and which the CLG Defendants have always, and continue to, vigorously contest.

The CLG Defendants are non-settling parties.  They did not consent to the truth or accuracy of the statements in the Stipulation that will be deployed against them, and have not yet had the opportunity to defend against the Trustee's Claims at a trial on the merits.  The CLG Defendants must be afforded the opportunity to present their own evidence and to cross-examine Diab at trial as to the veracity of all alleged facts that implicate them, and object to his testimony as to legal conclusions, including the findings and conclusions that Defendants were his "Alter Egos" and the recipients of fraudulent transfers.   The CLG Defendants' procedural opportunity to object to a settlement between other parties does not take the place of their right to a trial on the merits of the Trustee's Claims.  It is well beyond the scope of a Rule 9019 motion for the Court to entertain any form of proceeding that would purport to resolve the Claims against the CLG Defendants; indeed, the Court is directed not to conduct a mini-trial even *on the claims against Diab*, much less the claims against the CLG Defendants that the Trustee seeks to determine herein. *See Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982) (noting that a bankruptcy court does not "conduct a mini-trial on the merits of claims sought to be compromised").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In negotiating a settlement with the Trustee, Diab can and of course will say whatever he

2    thinks will best serve his own self-interest now that his fraud has come to light and he is staring

3    down the harsh reality of the consequences that await.  But those self-serving statements are not a

4    substitute for the truth, and cannot be used to bind the CLG Defendants to disputed legal and

5    factual determinations and a final judgment.  The Stipulation, if approved, unfairly prejudices the

6    rights of the non-settling CLG Defendants without their consent, the Motion to approve it must be

7    denied.  *See In re Biolitec, Inc.*, 528 B.R. 261, 269 (Bankr. D. N.J. 2014) ("Here, the Motion,

8    while passing the 'practicality' test, must be denied because the structured dismissal seeks to alter

9    parties' rights without their consent…"); *Stanwich*, 377 B.R. at 437 (denying Rule 9019 motion

10   where proposed settlement would unfairly affect rights of certain non-settling defendants in

11   adversary proceeding); *In re Fleming Packaging Corp.*, No. 03-82408, 2007 WL 4556981, at *3

12   (Bankr. C.D. Ill. Dec. 20, 2007) ("[I]n reviewing a settlement between a plaintiff and fewer than

13   all co-defendants, the court must carefully consider its fairness to the non-settling parties as it

14   affects their substantive rights … Approval is not appropriate if the rights of others who are not

15   parties to the settlement will be unduly prejudiced.").

16   Even if the CLG Defendants could be denied their right to object to and present evidence,

17   the Trustee has presented no credible evidence to support the allegations in the Stipulation.  He

18   offers only his conclusory declaration that the settlement is a good one for the estate, and the

19   Stipulation, which contains Diab's unsupported statement the extensive recitations are accurate

20   and intends that they be considered his sworn testimony.[3]  For this additional reason, the Trustee

21   fails to meet its burden of demonstrating the settlement is fair and equitable.  *See Nev. Bus. Credit,*

22   *LLC v. Kavanagh (In re Golden Empire Air Rescue, Inc.)*, Nos. EC-07-1086-JuMkPa, EC-07-

23   1087-JuMkPa, 2007 Bankr. LEXIS 4880, at *21 (B.A.P. 9th Cir. Oct. 25, 2007) (reversing

24

25

26

27

---

[3] That is not sworn testimony.  It is simply an out-of-court statement by another party that the Trustee is seeking to use as proof of his allegations *against the non-settling CLG Defendants*.  Under Federal Rule of Evidence 801 *et seq.*, that is paradigmatic hearsay, to which Defendants obviously object.  *See* Fed.R.Evid. 801(c) ("Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.") and 802 ("Hearsay is not admissible except as provided by these rules….").

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

bankruptcy court's approval of trustee's settlement motion as an abuse of discretion where, among other things, "[t]he trustees failed to present any evidence to substantiate their argument that the compromise was in the best interests of the estates," other than "only conclusory statements with respect to the factors set forth in [*A&C Props*]"); *In re Arkoosh Produce, Inc.*, No. 00-41817, 2003 WL 25273746, at *11 (Bankr. D. Idaho July 1, 2003) ("[T]he Trustee has failed to persuade the Court with evidence that, more probably than not, the benefit to creditors of a speedy resolution outweighs any cost. In contrast, the Court is left with the conviction that, based upon the amounts offered by the Arkooshes to settle, the settlement gives away too much in exchange for too little, such that the creditors' best interests are not served."); *Churchfield*, 277 B.R. at 777 (finding trustee failed to meet burden of showing proposed settlement was fair and equitable noting, "[w]eighing the cost of the proposed compromise the value to the estate, the court cannot conclude that the compromise is reasonable or in the best interest of the estate."); *Mickey*, 292 B.R. at 415 ("Trustee has not met his burden of demonstrating that the compromise is fair and equitable. In particular, he has not shown how the settlement is in 'the paramount interest of creditors.'"); *In re Lake City R.V., Inc.*, 226 B.R. 241, 244 (Bankr. D. Idaho 1998) (trustee failed to meet burden of showing settlement was fair and equitable where "[n]o explanation or justification was set forth in the Trustee's motion itself, or in any memorandum in support thereof, noting "[t]he Trustee apparently was content to rest upon the entirety of the record as supporting the conclusory statements in the motion. However, that record raises, in the Court's mind, more questions than it answers.")

While Diab is free to negotiate a settlement with the Trustee as to claims against him, he cannot negotiate on behalf of non-consenting third parties to the Action, including the CLG Defendants. Because the rights of non-settling parties are unduly prejudiced, and there is not even competent evidence supporting the Motion, the Trustee does not come remotely close to demonstrating that the proposed settlement is fair and reasonable.

## C.  The Motion Is Procedurally Infirm

The Motion must also be denied as procedurally improper. It improperly seeks injunctive and turnover relief against the CLG Defendants through a contested matter on approval of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Stipulation, and not through an adversary proceeding as required.  Rule 7001 of the Federal Rules of Bankruptcy Procedure requires a party seeking to obtain an injunction or to or recover money or property to file an adversary proceeding.  *See* Fed. R. Bankr. P. 7001(1), (7); *see also In re Clark*, No. 09–00726, 2009 WL 2849785, at *1 (Bankr. D. D.C. 2009), ("A request for turnover must be sought by way of an adversary proceeding."); *In re SportStuff, Inc.*, 430 B.R. 170, 181 (B.A.P. 8th Cir. 2010) ("[Rule 9019] cannot be used to impose an injunction on the non-settling parties …").

Here, for all the same reasons set forth above, the Trustee's attempt to put an end to the Action by resolving the Claims against the CLG Defendants without a trial is procedurally improper and would violate the CLG Defendants' due process rights.  *See SportStuff, Inc.*, 430 B.R. at 180-81 (vacating settlement on procedural grounds, noting, "[a] 'settlement' between only two parties to a multi-party lawsuit is not a settlement, … And as litigants with pending claims, the Vendors had the right to a trial on the merits, inasmuch as Fed. R. Bank. P. 7001(7) requires an adversary proceeding for the imposition of an injunction. The Settlements and Settlement Injunction deprived the Vendors of that right."); *In re Loloee*, 241 B.R. 655, 662-63 (B.A.P. 9th Cir. 1999) (reversing bankruptcy court's order on motion sell property brought by contested matter under Rule 9014, not adversary proceeding, as required, and finding appellant was denied due process because they did not have opportunity to contest the sale on the merits, noting "[t]he procedural requirement in Rule 7001(2) that lien priorities be resolved by adversary proceeding has implications for due process that become important when a Rule 9014 contested matter is asked to do an adversary proceeding's job.").  Accordingly, the Motion is procedurally infirm, and for this additional reason, it must be denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, the CLG Defendants respectfully request that the Court deny the Motion in its entirety and grant any further relief the Court deems just and proper.

Dated:  March 27, 2025                    **PACHULSKI STANG ZIEHL & JONES LLP**

By    */s/ Ira D. Kharasch*
      Ira D. Kharasch
      Victoria A. Newmark
      Hayley R. Winograd

      Attorneys for Consumer Legal Group P.C. and
      LGS Holdco, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION FOR ORDER APPROVING STIPULATION BETWEEN TRUSTEE OF THE LPG LIQUIDATION TRUST AND TONY DIAB** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 27, 2025 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 27, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Via FedEx**

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
Bin by 5th floor elevators
411 W. Fourth Street
Santa Ana, CA 92701

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 27, 2025 | Maria R. Viramontes | */s/Maria R. Viramontes* |
| *Date* | *Printed Name* | *Signature* |

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

## 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE