1  Ira D. Kharasch (CA Bar No. 109084)
2  Victoria A. Newmark (CA Bar No. 183581)
   Hayley R. Winograd (admitted *pro hac vice*)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
4  Los Angeles, California 90067-4003
   Telephone: 310-277-6910
5  Facsimile:  310-201-0760
   E-mail: ikharasch@pszjlaw.com
6          vnewmark@pszjlaw.com
7          hwinograd@pszjlaw.com

8  Attorneys for Consumer Legal Group, P.C. and LGS Holdco, LLC

9

10                 **UNITED STATES BANKRUPTCY COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
                          **SANTA ANA DIVISION**

11

12 | In re | Case No. 8:23-bk-10571-SC |
   |       | Chapter 11 |

13 | THE LITIGATION PRACTICE GROUP, P.C., | Adv. No. 8-23-ap-01046-SC |

14 |       Debtor. | **OPPOSITION TO MOTION FOR ORDER APPROVING STIPULATION BETWEEN TRUSTEE OF THE LPG LIQUIDATION TRUST AND TONY DIAB** |

15

16

17 Hearing:
   Date:    May 7, 2025
18 Time:    11:00 a.m.
   Place:     5C - Via ZoomGov
19                411 West Fourth Street
                  Santa Ana, California
20 Judge:   Hon. Scott C. Clarkson

21 RICHARD A. MARSHACK, solely in his capacity as chapter 11 trustee,

22        Plaintiff,

23        vs.

24 TONY DIAB, et al.,

25        Defendants.

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4918-4531-7945.5 15344.001

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ..............................................................................................1

II. RELEVANT BACKGROUND .........................................................................................3

    A.    The Bankruptcy Case ....................................................................................3

    B.    The Action ......................................................................................................3

    C.    The Turnover/Preliminary Injunction Proceeding and Asset Sale ............................4

    D.    The Trustee's First Motion to Approve a Stipulation with Tony Diab ....................5

    E.    The Trustee's Instant Motion to Approve a Second Stipulation with Tony Diab ........................................................................................................7

III. ARGUMENT ....................................................................................................................8

    A.    The Proposed Settlement Would Violate the CLG Defendants' Due Process Rights ........................................................................................................8

    B.    The Second Stipulation is Not Fair and Equitable Under Rule 9019 .....................12

IV. CONCLUSION ...............................................................................................................16

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*In re Arter & Hadden LLP,*
    373 B.R. 31 (Bankr. N.D. Ohio 2007) ................................................................. 15

*In re AWECO, Inc.,*
    725 F.2d 293 (5th Cir. 1994) ............................................................................... 15

*In re Biolitec, Inc.,*
    528 B.R. 261 (Bankr. D. N.J. 2014) ..................................................................... 17

*In re Blixseth,*
    No. ADV 09-00105, 2012 WL 3234205 (B.A.P. 9th Cir. Aug. 9, 2012) ........................ 11

*In re Casimiro,*
    No. 05-19588-B-7, 2007 WL 1577947 (Bankr. E.D. Cal. June 4, 2007) ........................ 14

*In re Churchfield,*
    277 B.R. 769 (Bankr. E.D. Cal. 2002) ................................................................. 13

*In re Ditech Holding Corp.,*
    606 B.R. 544 (Bankr. S.D.N.Y. 2019) ................................................................. 15

*In re Douglas J. Roger, M.D., Inc., APC,*
    393 F. Supp. 3d 940 (C.D. Cal. 2019) ................................................................. 13

*In re Flashcom, Inc.,*
    503 B.R. 99 (C.D. Cal. 2013), *aff'd,* 647 F. App'x 689 (9th Cir. 2016) ..................... 9, 11

*In re Fleming Packaging Corp.,*
    No. 03-82408, 2007 WL 4556981 (Bankr. C.D. Ill. Dec. 20, 2007) ............................ 17

*In re HyLoft, Inc.,*
    451 B.R. 104 (Bankr. D. Nev. 2011) ................................................................... 14

*In re Masters Mates & Pilots Pension Plan & IRAP Litig.,*
    957 F.2d 1020 (2d Cir. 1992) ............................................................................. 9, 16

*In re MatlinPatterson Glob. Opportunities Partners II L.P.,*
    644 B.R. 418 (Bankr. S.D.N.Y. 2022) ................................................................. 15

*In re Med. Asset Mgmt., Inc.,*
    249 B.R. 659 (Bankr. W.D. Pa. 2000) ................................................................. 15

*In re Miami Metals I, Inc.,*
    603 B.R. 531 (Bankr. S.D.N.Y. 2019) ................................................................. 16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*In re Mickey Thompson Ent. Grp., Inc.*,
   292 B.R. 415 (B.A.P. 9th Cir. 2003) ........................................................................ 13, 14

*In re O'Malley*,
   633 B.R. 332 (N.D. Ill. 2021) .................................................................................... 15

*In re Olson*,
   No. 04-01210-TLM, 2006 WL 2433448 (Bankr. D. Idaho 2006) ............................... 14

*In re Rake*,
   363 B.R. 146 (Bankr. D. Idaho 2007) ........................................................................ 14

*Martin v. Kane (In re A & C Props.)*,
   784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986) .............................. 13

*Matter of Walsh Const., Inc.*,
   669 F.2d 1325 (9th Cir. 1982) ................................................................................... 17

*Matter of Zale Corp.*,
   62 F.3d 746 (5th Cir. 1995) .................................................................................... 9, 11

*Simantob v. Claims Prosecutor, LLC (In re Lahijani)*,
   325 B.R. 282 (9th Cir. 2005) ..................................................................................... 14

## **STATUTES**

11 U.S.C. § 542 ................................................................................................................ 4

11 U.S.C. § 548 ................................................................................................................ 8

11 U.S.C. § 550 ................................................................................................................ 8

11 U.S.C. § 551 ................................................................................................................ 8

## **RULES**

Fed. R. Bankr. P. 9019 ............................................................................................... passim

iii

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Consumer Legal Group, P.C. ("CLG") and LGS Holdco, LLC ("LGS," and together with CLG, the "CLG Defendants") file this opposition (the "Opposition") to the *Motion for an Order Approving Stipulation between Trustee of the LPG Liquidation Trust and Tony Diab* [Docket No. 761] (the "Motion"), filed by the Liquidating Trustee of the LPG Liquidation Trust (the "Trustee," and together with the CLG Defendants, the "Parties") in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case") filed by the Litigation Practice Group, P.C. ("LPG" or the "Debtor").  In support of this Opposition, the CLG Defendants state as follows:

## I.
## PRELIMINARY STATEMENT[1]

The Motion should be denied.  If approved, the Second Stipulation would be a gross violation of the CLG Defendants' substantive and due process rights.  If the Second Stipulation included only a judgment against Diab and his agreement to cooperate with the Trustee by way of future testimony, the CLG Defendants would have no issue with it.  But the Second Stipulation also incorporates Diab's testimony and legal analysis and legal conclusions against the CLG Defendants, including his false and disputed assertions that the CLG Defendants are "Alter Egos" of Diab, recipients of fraudulent transfers of funds, and that those funds should be avoided and recovered under applicable statutory law.  None of these disputed issues of law and fact have been adjudicated in the Action.  Diab's factual assertions and legal conclusions on disputed issues have no place in the Second Stipulation.  They should not be attached to, incorporated into, or otherwise be a part of the Second Stipulation.  In the context of a stipulation between Diab and the Trustee, Diab's testimony or legal analysis is, as this Court held in denying the First Stipulation, unnecessary and inappropriate.  The Trustee's incorporation of Diab's Declaration into the Second

---

[1] Capitalized terms not defined in this section have the meaning ascribed to them in the Motion or below.

Stipulation serves no purpose other than to obtain the Court's stamp of approval as to fraudster Diab's testimony and his interpretation of caselaw and statutes. But, as this Court further held in denying the First Stipulation, Diab's testimony and credibility should always be subject to scrutiny from the Court and all adverse parties, including the CLG Defendants. Although fraudster Diab may be the Trustee's only witness, the Trustee cannot end-run the normal adjudicatory process by asking this Court to approve his factual testimony and legal conclusions before the CLG Defendants have been heard on the merits and had the opportunity to dispute and contest that testimony. By asking the Court to approve the Second Stipulation between Diab and the Trustee—to which the Trustee attaches and purports to incorporate Diab's disputed assertions and conclusions—the Trustee also is asking the Court to approve those assertions and conclusions, and take what Diab writes at face value, which the Court should not do. Doing so would be a blatant violation of the CLG Defendants' due process rights to be heard on these vigorously contested issues that go to the heart of the Action.

In the event that the Court analyzes the Motion under Rule 9019, for all these same reasons, the Trustee does not come close to demonstrating that the settlement is fair and equitable. The non-settling CLG Defendants did not consent to the truth or accuracy of Diab's statements incorporated into the Second Stipulation for which the Trustee seeks this Court's approval, and affirmatively dispute their truth and accuracy. The CLG Defendants must be afforded the opportunity to present their own evidence and to cross-examine Diab at trial as to the veracity of all alleged facts that implicate them, and object to his testimony as to legal conclusions, including the false assertions and conclusions that Defendants were his "Alter Egos" and the recipients of fraudulent transfers. A settlement incorporating Diab's testimony, and that would be deployed against the non-settling CLG Defendants, would violate the CLG Defendants' due process rights,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

in direct contravention of any notion of fairness under Rule 9019.  For the reasons set forth above and below, the Motion should be denied.

## II.
## RELEVANT BACKGROUND

### A.  The Bankruptcy Case

On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court").  The Trustee of the Debtor's estate was appointed on May 8, 2023.  *See Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63]; *Order Approving Appointment* [Docket No. 65].  On September 9, 2024, the Court entered an order ("Confirmation Order") confirming the *Modified First Amended Joint Chapter 11 Plan of Liquidation* ("Plan") [Docket No. 1646].  The Plan went effective on September 24, 2024 (the "Effective Date").  *See Notice of Occurrence of the Effective Date of the Plan* [Docket No. 1762].  Thereafter, Trustee became the trustee of the Debtor's liquidation trust.

### B.  The Action

On May 25, 2023, the Trustee initiated an adversary proceeding against the CLG Defendants, among other parties.  *See* Adv. Proc. No. 8:23-ap-01046, Docket No. 1 (the "Action"), [Docket No. 1].  In its *Fifth Amended Complaint* [Docket No. 653][2] (the "Complaint"), the Trustee alleges that CLG was an "alter ego" of LPG's founder, Tony Diab ("Diab") and the transferee of supposed fraudulent transfers of certain LPG assets as part of LPG's Ponzi scheme and consumer debt resolution practice.

---

[2] All docket numbers refer to the docket maintained in the Action.

The Complaint raises numerous claims against the CLG Defendants arising from these alleged fraudulent transfers, including: (i) injunctive relief, enjoining the CLG Defendants from "interfering with ACH Transfers," (*see* Count I, Complaint ¶¶ 81-86); (ii) avoidance and recovery of alleged fraudulent transfers, (*see* Counts II, III, IV, V, *id.* ¶¶ 87-139); and (iii) turnover of alleged estate property under 11 U.S.C. § 542, including LPG's ACH debits and attorney network," among other funds that were allegedly transferred from LPG to the CLG Defendants, including client information, ACH processing accounts, and bank account information, (*see* Count VI, and collectively with the other Counts, the "Claims"), (*see id.* ¶¶ 38, 140-144).

The CLG Defendants filed their answer to the Complaint, denying the allegations set forth therein, including that the CLG Defendants are "alter egos" of Diab or LPG, or the recipients of fraudulent transfers.  [*See* Docket No. 668] (the "Answer").

**C.  The Turnover/Preliminary Injunction Proceeding and Asset Sale**

Concurrently with the Complaint, the Trustee filed an *Omnibus Emergency Motion* [Docket Nos. 3-8] (the "Turnover/PI Motion"), seeking a broad preliminary injunction against all defendants in the Action, including  (i) turnover of all of CLG's client files, administrative usernames and passwords, ACH files related to LPG client information, ACH transfer data, accounting records, email data, and ACH payments, as set forth in Count VI of the Complaint; and (ii) an order directing CLG's banks to hold in trust all ACH funds on any client file (even non-LPG client files) pending further written instruction by the Trustee, as set forth in Count I of the Complaint.  On June 23, 2024, after a hearing, the Court entered its order granting the motion. [*See id.*, Docket No. 70] (the "Turnover/PI Order").

Subsequently, in connection with the sale of the Debtor's remaining assets, the Trustee sought authorization to enter an asset purchase agreement with CLG as a "good faith purchaser." [Docket No. 191] (the "Sale Motion").  CLG hereby refers to and incorporates the Trustee's Sale

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Motion and description of CLG's history and business in the sale pleadings (which the Trustee provided after conducting his own due diligence of CLG, and which included the Trustee's factual findings and descriptions), including the Trustee's describing CLG as "legally providing case specific legal services tailored to the consumer's needs"; "A model very different than the boiler plate legal services offered by LPG"; and "a reputable law firm providing valuable legal services in compliance with applicable law."  Sale Motion at 9-11.

On December 23, 2024, CLG filed its motion to vacate the Turnover/PI Order as to CLG, [Docket No. 667] (the "Motion to Vacate"), in which CLG requested an order vacating the Turnover/PI Order, or, at a minimum modifying it as to CLG, including the release to CLG of certain frozen assets and relieving CLG from the Trustee's continued oversight of and access to its CRM.  On March 24, 2025, at the Trustee's request, CLG agreed to withdraw its Motion to Vacate, without prejudice, to allow the Parties time to engage in settlement discussions and potentially resolve the Action.  By Stipulation [Docket No. 742], the Parties agreed that if they could not settle, CLG could re-file the Motion to Vacate without objection.  The Stipulation was approved by the Court on March 25, 2025.  [Docket No. 744].

**D.  The Trustee's First Motion to Approve a Stipulation with Tony Diab**

On March 12, 2025, the Trustee filed its motion [Docket No. 722] (the "First Motion") seeking approval of its *Stipulation with Defendant Tony Diab for Entry of Judgment*, (First Motion, Exhibit 1) (the "First Stipulation").  The First Stipulation, although between only the Trustee and Diab, purported to resolve disputed issues of fact and law and order extraordinary injunctive relief as to multiple non-consenting third parties to the Action, including the CLG Defendants, without affording them their right to present evidence, cross-examine Diab, or otherwise exercise their due process rights in a normal adjudicatory process.

The First Stipulation included, and sought Court approval of, Diab's legal and factual assertions that the CLG Defendants are "alter egos" of Diab and recipients of fraudulent transfers, even though the CLG Defendants contest and have not had a chance to adjudicate these allegations on the merits.  *See* Answer; Motion to Vacate.  For instance, the First Stipulation recited as supposedly "accurate statements of fact" over 100 pages of "Recitals" and "sworn admissions" by Diab, including that: (a) the CLG Defendants (i) are "Alter Egos" of Diab, (*see* First Stipulation ¶¶ 82; 97-98; 101; 156-67); and (ii) received "fraudulent transfers of client files, ACH information, and ACH debit processing…") (*id.* ¶¶ 40; 98; 103; 160); and (b) "Diab controlled and operated" the CLG Defendants, (*id.* ¶ 129; *see also* ¶¶ 97; 128; 130-32; 135-36; 139-140; 144).  In the First Stipulation, the Trustee and Diab incorporated by reference all of Diab's Recitals set forth in Section I and agreed that such recitals "are all accurate statements of fact…"  First Stipulation, Section II ¶¶ 1-2.

Based on the Trustee's and Diab's unsupported representation that such recitals implicating the CLG Defendants were "accurate," the First Stipulation purported to require the turnover of allegedly fraudulently transferred estate property and a permanent injunction against alleged "Alter Egos" of Diab, including the CLG Defendants.  *See* First Stipulation, Section II, ¶¶ 11-13.  The Stipulation further implicated the CLG Defendants' rights, as alleged "Alter Egos" of Diab, by providing for entry of a final judgment against Diab and Coast Processing that included amounts that were allegedly "fraudulently transferred to the Diab Alter Egos."  *Id.* at Section II, ¶¶ 2-4.

The CLG Defendants opposed the First Stipulation on the grounds that (i) if approved, it would violate the CLG Defendants' due process rights by seeking to bind the non-settling CLG Defendants to disputed issues of fact and legal conclusions and sought injunctive and turnover relief without the opportunity to be heard on the merits, and (ii) it was procedurally infirm because

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Trustee sought turnover and injunctive relief without commencing an adversary proceeding under Bankruptcy Rule 7001. [*See* Docket No. 747].

During a hearing on April 2, 2025, [*see* Docket No. 760] (the "Hearing"), the Court denied the First Motion on the basis that the incorporation of Diab's factual testimony and legal conclusions into the First Stipulation was inappropriate and unwarranted. As the Court explained, "the real essence of the settlement" included the judgment amount of at least $100,000,000 and the "cooperation of future testimony." April 2, 2025 Hearing Transcript [Docket No. 757] (the "Transcript") at 8:10-15. Therefore, the Court found, "the recitations that are set out under oath in this agreement seem to be additional and unnecessary at this time." *Id.* at 8:15-17. The Court further stated that "[e]verything that Mr. Diab testifies to from now on . . . is always going to be subject to careful scrutiny" and "evidentiary objections." *Id.* at 8:22-9:2. The Court explained, "I'm not taking anything that Mr. Diab writes today or in the future at face value." *Id.* at 9:3-4. The Court also noted that, if approved, the First Stipulation would improperly "handcuff" parties, including the Trustee, to Diab's testimony, "which may or may not be accurate." *Id.* at 8:15-25-9:1-8.

**E.   The Trustee's Instant Motion to Approve a Second Stipulation with Tony Diab**

By this Motion, the Trustee seeks approval of another *Stipulation with Defendant Tony Diab for Entry of Judgment* [*see* Motion at Exhibit 1] (the "Second Stipulation").

The Second Stipulation includes a judgment against Diab and Diab's agreement to participate with the Trustee as a witness. *See generally* Second Stipulation. But the Second Stipulation also attaches, and incorporates by reference, the *Declaration of Tony Diab* as Exhibit A (the "Diab Declaration"). *See* Second Stipulation ¶ 2 (stating that "the facts set forth in the [Diab Declaration] are incorporated herein by reference."); *see also id.* ¶ 4; *Declaration of Richard A. Marshack* [Docket No. 761] (the "Marshack Dec.") ¶ 16 ("The Stipulation also

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

includes the Diab [Declaration].")  Much like the recitals in the First Stipulation, the Diab

Declaration includes false and disputed factual assertions as well as legal analyses and legal

conclusions implicating the CLG Defendants, including that (i) the CLG Defendants are "Alter

Egos" of Diab, (*see* Diab Declaration ¶¶ 128, 140); (ii) "Diab controlled and operated" the CLG

Defendants, (*id.* ¶ 129; *see also id.* ¶ 144); (iii) the CLG Defendants, as Diab's supposed "Alter

Egos" and "Fraudulent Transferees," were the recipients of "fraudulent transfers," including LPG

client files, ACH debit streams, and ACH receivables, and income and funds received therefrom),

(*see id.* ¶¶ 130-36); and (iv) the alleged "fraudulent transfers" to the "Alter Egos," including the

CLG Defendants, should be avoided and recovered for the benefit of the Debtor under 11 U.S.C. §

548(a)(1)(A), 11 U.S.C. §§ 550 and 551, (*see id.* ¶¶ 145-53; *see also id.* ¶¶ 154-77).

For the reasons set forth below, the Motion should be denied.  It violates the CLG

Defendants' due process rights and does not come close to being fair and equitable under Rule

9019.

Notably, in the Motion, the Trustee states that "[t]he Judgment Amount includes amounts

that were fraudulently transferred to several of Diab's Alter Egos," including CLG and LGS.  *See*

Motion at 5, n.1; *see also* Marshack Dec. ¶ 18.  The Second Stipulation does not, however, by its

express terms implicate the CLG Defendants as to the Judgment Amount.  That ambiguity

provides further grounds to deny the Motion, as implicating the CLG Defendants as to the

Judgment Amount is plainly improper.

**III.**
**ARGUMENT**

## A.  The Proposed Settlement Would Violate the CLG Defendants' Due Process Rights

The Second Stipulation, if approved, would be a gross violation of the CLG Defendants'

substantive and procedural due process rights.  "Parties who choose to resolve litigation through

settlement may not dispose of the claims of a third party . . . without that party's agreement."  *In*

*re Flashcom, Inc.*, 503 B.R. 99 (C.D. Cal. 2013), *aff'd*, 647 F. App'x 689 (9th Cir. 2016); *see also Matter of Zale Corp.*, 62 F.3d 746, 764 (5th Cir. 1995) ("When third parties are affected, we scrutinize carefully the fairness of the hearing afforded."); *In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1031 (2d Cir. 1992) ("[T]hird party participation in an evidentiary fairness hearing and court approval of the settlement bar are necessary to protect the due process rights of third parties.").    Through the Second Stipulation, the Trustee improperly seeks court-approval of facts and legal conclusions against the non-settling CLG Defendants. These components of the Second Stipulation are unnecessary, inappropriate, and violative of the CLG Defendants' fundamental rights to have their day in court by cross-examining Diab on his testimony and be heard on these issues.

The recitations from the Diab Declaration that are incorporated by reference into the Second Stipulation are, as the Court found in denying the First Stipulation, entirely "unnecessary." Transcript at 8:16.  As the Court explained during the Hearing on the First Stipulation, "the real essence of the settlement" includes a judgment against Diab and his "cooperation of future testimony." *Id.* at 8:10-14.  Thus, in what should be a simple stipulation between the Trustee and Diab, a non-debtor, third-party defendant to the Action, there is no basis for incorporating the disputed recitations of facts and legal analysis and conclusions that implicate the CLG Defendants from the Diab Declaration into the Second Stipulation.  Despite the fact that Diab is stipulating to a nondischargeable judgement, something that is routinely done by a debtor in a bankruptcy proceeding, Diab is not one of the debtors in this Bankruptcy Case.  The Court, therefore, need not conduct an investigation, make findings of fact, or otherwise entertain, Diab's testimony that implicates, and purports to resolve disputed facts, legal issues, and claims against the CLG Defendants.  The Trustee even acknowledges that court approval is not required for a Second Stipulation.  *See* Motion at 7:25-28.  Diab is a third-party defendant that happens to be an insider

9

to the Debtor, and is free to stipulate to any kind of judgment in his discretion.  Thus, in the context of the Second Stipulation, Diab's testimony and legal conclusions are simply irrelevant and inappropriate.  As this Court stated, Diab's testimony will be "subject to careful scrutiny" by the Court and non-consenting third-party Defendants, including the CLG Defendants.  *See* Transcript at 8:22-24.  Incorporating Diab's Declaration into the Second Stipulation would be contrary to the Court's statement and serves no purpose other than to get Diab's testimony a stamp of approval by the Court.  Of course, Diab's factual testimony and interpretation of the law and legal conclusions in his Declaration are disputed, and there is no basis for the Court to "take anything Mr. Diab writes today or in the future at face value." *See id.* at 9:3-4.

Without any trial on the merits, in the context of a settlement *between the Trustee and Diab only*, the Second Stipulation, if approved by the Court, would improperly bind the CLG Defendants as to the following determinations:  (i) that the CLG Defendants are "Alter Egos" of Diab; (ii) that the CLG Defendants are recipients of fraudulent transfers; and (iii) that such alleged transfers should be avoided under applicable statutory law.  *See supra*, Section II.D.  These are the very factual and legal issues at dispute in the Action, and which the CLG Defendants continue to vigorously contest.  Accordingly, the Court should not approve the Second Stipulation because it would violate the rights of the non-settling third-party CLG Defendants.  *See Flashcom*, 503 B.R. at 113 (finding stipulated judgment entered into between liquidating trustee of Chapter 11 estate and debtor's former director, which sought to impose liability on non-settling defendants, could not bind non-settling defendants to the avoidance proceeding, who were not party to the stipulated judgment or settlement agreement; it could not be said that non-settling defendants had an opportunity to be heard in a meaningful manner consistent with due process, noting "[e]ven if the stipulated judgment could be construed as a final judgment on the merits, it would only apply to Andra and the Trustee, as they were the only parties that signed Settlement Agreement and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

stipulated judgment"); *In re Blixseth*, No. ADV 09-00105, 2012 WL 3234205, at *1 (B.A.P. 9th Cir. Aug. 9, 2012) (reversing bankruptcy court's approval of settlement, finding non-signatory was deprived of procedural due process rights because it "was not afforded a reasonable opportunity to present evidence disputing the facts on which [stipulation] was based."); *Zale Corp.*, 62 F.3d at 764 (vacating bankruptcy court's settlement order where "proper resolution of these issue required a separate hearing that it was not conducting at that time. As discussed above, the parties did not fully litigate the issues, nor did they even approximate compliance with the procedural requirements.").

The Second Stipulation also continues to bind the Trustee to the accuracy of Diab's testimony.  At the Hearing on the First Stipulation, the Court took issue with language stating that "the parties to [the] stipulation . . . agree that the recitals in section one above are all accurate statements of fact," because, as the Court noted, "if I approve this stipulation, Mr. Marshack is handcuffed to the statements that are made in this declaration by Mr. Diab."  Transcript at 7:3-10. The Second Stipulation fails to cure this defect, as Diab's Declaration is now incorporated by reference into the stipulation between the Trustee and Diab.  The Trustee is stipulating and agreeing to the facts in Diab's Declaration that are incorporated by reference, which is the functional equivalent of agreeing that they are accurate and binding on the Trustee.  The effect is the same as in the First Stipulation—the Trustee remains bound by Diab's testimony, and has thus failed to resolve a "fundamental error in drafting."  Transcript at 7:24.

The Trustee's attempt to incorporate the Diab Declaration into a court-approved stipulation serves no legitimate purpose, other than to surreptitiously try to obtain the Court's imprimatur as to Diab's testimony against the CLG Defendants.  Although fraudster Diab may be the Trustee's key witness in the Action, that is no basis for the Court to approve or even entertain Diab's testimony in connection with a simple settlement between the Trustee and Diab.  Diab's credibility

should continue to be subject to robust scrutiny by the Court and the CLG Defendants, consistent with due process.  While the Trustee is free to negotiate a settlement with Diab as to a judgment amount and Diab's agreement to cooperate, it cannot incorporate Diab's sworn testimony into that settlement when that testimony implicates the rights of non-consenting third parties to the Action, including the CLG Defendants.  The Second Stipulation is violative of the CLG Defendants' due process rights, and the Motion should be denied.

## B.  **The Second Stipulation is Not Fair and Equitable Under Rule 9019**

To the extent the Court is inclined to analyze the Motion under Rule 9019, for all the reasons discussed above and in the CLG Defendants' opposition to the First Stipulation, the Trustee does not come close to demonstrating the Second Stipulation is fair and equitable under Rule 9019.

The proponent of a settlement under Rule 9019 bears the burden of demonstrating that the settlement was negotiated in good faith and is reasonable, fair, and equitable. Fed. R. Bankr. P. 9019; *see also Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986) (noting that "the trustee, as the party proposing the compromise, has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved'"); *In re Churchfield*, 277 B.R. 769, 774 (Bankr. E.D. Cal. 2002) ("The burden of persuasion is on the Trustee" to demonstrate a Rule 9019 settlement is fair and reasonable); *In re Mickey Thompson Ent. Grp., Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) ("And while a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter, the trustee 'has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved.'"); *In re Douglas J. Roger, M.D., Inc., APC*, 393 F. Supp. 3d 940, 961 (C.D. Cal. 2019) (noting that although the bankruptcy court defers to the trustee's business judgment in determining whether to approve a Rule 9019 settlement, the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

burden still falls on the trustee "to persuade the bankruptcy court that the proposed compromise is fair and equitable"). "The settlement should be in the best interests of the estate . . . and 'reasonable, given the particular circumstances of the case.'" *Mickey*, 292 B.R. at 420 (quoting *A & C Props.,* 784 F.2d at 1381).

In determining the "fairness, reasonableness and adequacy" of a proposed compromise, a bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

*Mickey.*, 292 B.R. at 420.    "The trustee's business judgment is not alone determinative of the issue of court approval; the 'court is not permitted to act as a mere stamp' but must make an independent determination that the compromise is fair and equitable." *In re HyLoft, Inc.*, 451 B.R. 104, 109 (Bankr. D. Nev. 2011) (quoting *In re Rake,* 363 B.R. 146, 152 (Bankr. D. Idaho 2007)). "The trustee must show that he or she made an 'informed judgment after diligent investigation.'" *Id.* at 110. "To tolerate less would make the Court into a rubber stamp, allowing the trustee's evaluation to be determinative." *In re Olson,* No. 04-01210-TLM, 2006 WL 2433448, at *2 n. 8 (Bankr. D. Idaho 2006); *see also Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 289 (9th Cir. 2005) (trustee's proposed settlement did "not inspire confidence in his business judgment").    The trustee must demonstrate more than a "mere good faith negotiation of the settlement" because the court must independently make a finding that the compromise is reasonable, fair and equitable.    *In re Casimiro*, No. 05-19588-B-7, 2007 WL 1577947, at *4 (Bankr. E.D. Cal. June 4, 2007).

In determining whether a proposed settlement is fair and equitable, the court "also must consider the rights of non-settling parties." *In re O'Malley*, 633 B.R. 332, 344 (N.D. Ill. 2021). "[W]hen the rights of non-settling parties are implicated by the terms of a settlement, the court

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

cannot approve it without considering the interests of those non-settling parties." *In re Ditech Holding Corp.*, 606 B.R. 544, 624 (Bankr. S.D.N.Y. 2019) (internal quotations omitted); *see also In re MatlinPatterson Glob. Opportunities Partners II L.P.*, 644 B.R. 418, 426 (Bankr. S.D.N.Y. 2022) ("[T]he Court must be sensitive to whether the proposed settlement would 'unduly prejudice' a non-settling creditor or other party."); *In re Arter & Hadden LLP*, 373 B.R. 31, 36 (Bankr. N.D. Ohio 2007) ("looking only to the fairness of the settlement as between the debtor and the settling claimant [and ignoring third-party rights] contravenes a basic notion of fairness") (quoting *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1994)); *In re Med. Asset Mgmt., Inc.*, 249 B.R. 659, 663 (Bankr. W.D. Pa. 2000) ("The fairness to the settling parties of a proposed settlement agreement may not warrant its approval if the rights of others who are not parties to the settlement agreement are unduly prejudiced. We must further determine that no one has been set apart for unfair treatment.") (internal quotations omitted).  Thus, "when the rights of non-settling parties are implicated by the terms of a settlement, the court cannot approve it without considering the interests of those non-settling parties." *In re Miami Metals I, Inc.*, 603 B.R. 531, 535 (Bankr. S.D.N.Y. 2019) (internal quotations omitted); *see also In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1026 (2d Cir. 1992) ("Where the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval .... [I]f third parties complain to a judge that a decree will be inequitable because it will harm them unjustly, he cannot just brush their complaints aside.").

Here, the Trustee patently fails to meet his burden of demonstrating that the proposed settlement is fair and equitable.  If approved, the Second Stipulation would be a gross violation of the non-settling, third-party CLG Defendants' substantive and due process rights, in direct contravention of any notion of fairness under Rule 9019.  The CLG Defendants did not consent to the truth or accuracy of the statements in the Stipulation that will be deployed against them and

14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

have not yet had the opportunity to defend against the Trustee's Claims at a trial on the merits. The CLG Defendants must be afforded the opportunity to present their own evidence and to cross-examine Diab at trial as to the veracity of all alleged facts that implicate them, and object to his testimony as to legal conclusions, including the findings and conclusions that Defendants were his "Alter Egos" and the recipients of fraudulent transfers.  The CLG Defendants' procedural opportunity to object to a settlement between other parties does not take the place of their right to a trial on the merits of the Trustee's Claims.  It is well beyond the scope of a Rule 9019 motion for the Court to entertain any form of a settlement that would purport to resolve the Claims against the CLG Defendants; indeed, the Court is not to conduct a mini-trial on any claims—whether against Diab, against the CLG Defendants, or against anyone else—in the context of a Rule 9019 motion. *See Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982) (noting that a bankruptcy court does not "conduct a mini-trial on the merits of claims sought to be compromised").

In negotiating a settlement with the Trustee, Diab can say whatever he thinks will best serve his own interest now that his fraud has come to light and he is staring down the harsh reality of the consequences that await.  But those self-serving statements are not a substitute for the truth, and cannot be the part of a court-approved settlement between the Trustee and Diab.  Diab's testimony as to disputed legal and factual determinations must, in a normal adjudicatory process, be subject to scrutiny from this Court and cross-examination and objection by all parties to the Action, including the CLG Defendants.

The Stipulation, if approved, unfairly prejudices the due process rights of the non-settling CLG Defendants without their consent, and its approval must be denied.  *See In re Biolitec, Inc.*, 528 B.R. 261, 269 (Bankr. D. N.J. 2014) ("Here, the Motion, while passing the 'practicality' test, must be denied because the structured dismissal seeks to alter parties' rights without their consent . . . ."); *Stanwich*, 377 B.R. at 437 (denying Rule 9019 motion where proposed settlement would

unfairly affect rights of certain non-settling defendants in adversary proceeding); *In re Fleming Packaging Corp.*, No. 03-82408, 2007 WL 4556981, at *3 (Bankr. C.D. Ill. Dec. 20, 2007) ("[I]n reviewing a settlement between a plaintiff and fewer than all co-defendants, the court must carefully consider its fairness to the non-settling parties as it affects their substantive rights … Approval is not appropriate if the rights of others who are not parties to the settlement will be unduly prejudiced."). Accordingly, for all the reasons set forth above, the Motion should be denied.

## IV.
## CONCLUSION

For the foregoing reasons, the CLG Defendants respectfully request that the Court deny the Motion in its entirety and grant any further relief the Court deems just and proper.

Dated:  April 23, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By    */s/ Ira D. Kharasch*
      Ira D. Kharasch
      Victoria A. Newmark
      Hayley R. Winograd

      *Attorneys for Consumer Legal Group P.C. and LGS Holdco, LLC*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 700 Louisiana St. Suite 4500, Houston, TX 77002.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION FOR ORDER APPROVING STIPULATION BETWEEN TRUSTEE OF THE LPG LIQUIDATION TRUST AND TONY DIAB** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  April 23, 2025  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  March 27, 2025 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via FedEx**

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
Bin by 5th floor elevators
411 W. Fourth Street
Santa Ana, CA 92701

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 23, 2025 | Hope R. Daniels | */s/ Hope R. Daniels* |
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION** (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@dinsmore.com, bonnie.connolly@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, bonnie.connolly@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA)
queenie.k.ng@usdoj.gov

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
Jonathan@MarguliesFaithLaw.com,
vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE