Christopher Celentino (State Bar No. 131688)
Christopher B. Ghio (State Bar No. 259094)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Ste 800
San Diego, California 92101
Tele: (619) 400-0500
Fax:  (619) 400-0501
Christopher.Celentino@dinsmore.com
Christopher.Ghio@dinsmore.com
Yosina.Lissebeck@dinsmore.com

Attorneys for Richard A. Marshack,
Trustee of the LPG Liquidation Trust

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.<br><br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No.: 8:23-ap-01046-SC<br><br>Chapter 11 |
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee<br><br>Plaintiff,<br><br>v.<br><br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; ENG TAKING, an individual; HENG TAKING, an individual; WES THOMAS, an individual; SCOTT JAMES EADIE, an individual; JIMMY CHHOR, an individual; DONGLIANG JIANG, an individual; MAX CHOU, an individual; OAKSTONE LAW GROUP PC; GREYSON LAW CENTER PC; MAVERICK MANAGEMENT GROUP, LLC; LGS HOLDCO, LLC; CONSUMER LEGAL GROUP, P.C.; VULCAN CONSULTING GROUP LLC; BAT INC. d/b/a COAST PROCESSING; PRIME LOGIX, LLC; TERACEL BLOCKCHAIN FUND II LLC; EPPS; EQUIPAY; WORLD GLOBAL; OPTIMUMBANK HOLDINGS, INC. d/b/a OPTIMUM BANK; REVOLV3, INC.; MERIT | **PLAINTIFF RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIQUIDATION TRUST'S UNILATERAL STATUS REPORT**<br><br><br>Date:       July 2, 2025<br>Time:      11:00 am<br>Judge:    Hon. Scott C. Clarkson<br>Place:     Courtroom 5C<br>             411 West Fourth Street<br>             Santa Ana, California 92701 |

1

1   FUND, LLC; GUARDIAN PROCESSING, LLC;
    PAYLIANCE, LLC; TOUZI CAPITAL,
2   LLC; SEAMLESS CHEX INC; DWOLLA,
    INC.; and DOES 1 through 100, inclusive,
3                         Defendants.

4

5

6

7

8           Richard A. Marshack, former Chapter 11 Trustee for the Bankruptcy Estate of The Litigation

9   Practice Group PC and current liquidating trustee of the LPG Liquidation Trust ("Trustee") submits

10  the following Unilateral Status Report ahead of the February 5, 2025 Status Conference in Adversary

11  Proceeding No. 8:23-ap-01046-SC ("1046 Action") in the above-captioned Court in lieu of the Joint

12  Status Report pursuant to Local Bankruptcy Rule 7026.1 for the reasons set forth below. To date, the

13  following has occurred and/or been completed:

14  **I.      INTRODUCTION**

15          1.      This case is complex requiring significant resources, but in one important sense, it is

16  very simple: the identification and recovery of a labyrinth of fraudulent conveyances of LPG and

17  therefore, Estate property. As the Court is aware, Trustee recently filed his Fifth Amended Complaint

18  [1046 Dkt. No. , which alleges with respect to non-debtor entities including but not limited to

19  Oakstone Legal Group, P.C. ("Oakstone"); Greyson Law Center, P.C. ("Greyson"); Phoenix Law

20  Group, P.C. (Phoenix"); Consumer Legal Group, PC ("CLG"); LGS Holdco., LLC ("LGS");

21  Maverick Management, LLC ("Maverick"); Guardian Processing, LLC ("Guardian"); Prime Logix,

22  LLC ("Prime Logix"); BAT Inc. d/b/a Coast Processing ("Coast Processing"); Strategic Consulting

23  Solutions, LLC ("SCS"); and Vulcan Consulting Group, LLC ("Vulcan") are "alter egos of Diab."

24  [1046 Dkt. No. 628-1 at Exh. 1, pg. 19:25-20:2.] Such entities have utilized numerous ACH

25  processing gateways and companies to transfer hundreds of millions of dollars through a plethora of

26  bank accounts, investment vehicles, transactions, financial services, loans and other vehicles to hide,

27  transfer and/or abscond with Estate property, including but not limited to EPPS; EquiPay, LLC

28  ("EquiPay"); Merit Fund, LLC ("Merit Fund"); Authorize.net a subsidiary of Visa, Inc.

("Authorize.net"); World Global; OptimumBank Holdings, Inc. dba Optimum Bank ("Optimum Bank"); BankUnited, Inc. ("BankUnited"); Marich Bein, LLC ("Marich Bein"); Revolv3, Inc. ("Revolv3"); Fidelity National Information Services, Inc. dba FIS , including but not limited to its subsidiaries Worldpay, LLC, Worldpay Group or any other subsidiaries providing ACH processing services ("FIS"); Guardian Processing, LLC ("Guardian"); Payliance, LLC ("Payliance"); Seamless Chex, Inc. ("Seamless"); Dwolla, Inc. ("Dwolla"); and Stripe, Inc. ("Stripe").

2.    To that end, Trustee filed an application, and on July 3, 2023, the Court approved the employment of forensic accountants Grobstein Teeple, LLP ("GT") to, among other things, assist Trustee in tracing the Litigation Practice Group, PC's ("Debtor" or "LPG") property and unweave a complex web of financial transactions spanning hundreds of entities and even more financial accounts in order to maximize the recovery of Estate funds and property [1046 Dkt. Nos. 95 and 169]. Trustee and Special Counsel have been working with and alongside GT in such endeavors to investigate, identify and recover Estate property. With the goal of maximizing the Debtor's Estate for the benefit of all creditors, including consumer creditors at the forefront of Trustee's approach, that Trustee submits this Status Report.

**PRIOR HISTORY AND FACTS ESTABLISHED SINCE LAST HEARING**

3.    Prior to LPG filing for Bankruptcy protection, Tony Diab ("Diab") and his associates, including Daniel March ("March"), Eng Taing ("Eng"), Rosa Bianca Loli ("Loli"), Han Trinh ("Han"), Jayde Trinh ("Jayde"), and a group of other non-lawyer managers started a series of affiliated companies, including but not limited to OakStone, Greyson, Phoenix, LGS, Maverick, and Guardian, Vulcan and Prime Logix, Vulcan and Prime Logix, among other entities. These entities were used to facilitate a transfer of revenue and client files in the face of pending litigation by Debtor's creditors and a series of class action lawsuits, and in order to protect and syphon off the ACH pulls (as to which clients had only authorized LPG to withdraw funds from their accounts) to other existing or newly created entities with regards to LPG funds.

4.    Through the date of the Order approving the sale of Estate assets, Trustee's focus was primarily to protect the consumers and their private data; recover funds originating from post-petition ACH and credit card transactions; and prevent unauthorized ACH transactions and duplicate

transactions that have been complained of after files were transferred to Phoenix and Oakstone, among others. Notwithstanding, Trustee has remained vigilant and dedicated to ensuring recovery of Estate assets. To that end, on March 25, 2023, Trustee sought emergency relief in the form of an order seeking a temporary restraining order, turnover of information and data, re-direction of mail and setting an order to show cause ("TRO"). After considering the moving papers and evidence in support thereof and finding good cause and exigent circumstances, the Court granted the TRO subject to the Court's ruling at the hearing, which was incorporated into the turnover and TRO entered by the Court on May 26, 2023, and subsequently amended to correct minor typographical errors. [1046 Dkt. Nos. 13 and 21.]

5.      Virtually all of the named parties (except as noted below) subject to Trustee's Adversary Complaint were served with the initial Summons, Complaint, Order Appointing Richard Marshack as Chapter 11 Trustee, and the TRO entered May 26, 2023, with the exception of Defendants EPPS, Chris Winslow and Maria Eeya Tan.  The Proofs of Service of which were filed on June 9, 2023. [1046 Dkt. Nos. 31, 34-37, 40-44.]

6.      All non-parties subject to the TRO were served on or about June 2, 2023; *see* Proofs of Service, 1046 Dkt. Nos. 31, 34-36, 41-42.

7.      On June 15, 2023, Trustee filed an Amended Complaint to the initial fraudulent conveyance and turnover Adversary Complaint, which in essence added several named Defendants and corrected the names of identified Defendants. [1046 Dkt. Nos. 62.]

8.      On June 12, 2023, this Court held a long and thorough hearing, considered oral argument from all parties, and Greyson's written opposition and declarations in support thereof [1046 Dkt. No. 47], this Court granted and issued its Preliminary Injunction Order, subsequently entered on June 23, 2023 [1046 Dkt. No. 70]. Notably the declarations and oral argument by Greyson supported Trustee's claims, which this Court noted. The Amended Summons, Amended Adversary Complaint and Preliminary Injunction were all served at the same time on essentially all parties and non-parties with the exception of a few whose proper name, agent for service of process and/or location has yet to be located, discussed more thoroughly below. Also on June 23, 2023, Trustee filed and served Notice of Compliance with Rule 7026. [1046 Dkt. No. 73.]

9.      On July 24, 2023, Defendants Eng and Touzi Capital, LLC ("Touzi") filed a Motion to Dismiss as to Trustee's Amended Complaint [1046 Dkt. No. 96]. The hearing was originally scheduled to be heard on September 13, 2023. On July 27, 2023, the Court continued the hearing to September 14, 2023 [1046 Dkt. No. 108]. The Trustee opposed Defendants Eng and Touzi's Motion to Dismiss providing recently obtained evidence to support Trustee's allegations and causes of action as to these Defendants, including but not limited to, evidence of Eng's direct involvement in initiating double pulls on LPG client accounts, totaling more than $550,000 pre and post-petition, using entities he controlled in an effort to hide, hinder and delay discovery of the fraudulent transfers and wrongful conduct [1046 Dkt. No. 159-1].

10.     On July 25, 2023, Trustee dismissed the United States Postal Services ("USPS") in light of its compliance with the TRO and Preliminary Injunction in redirecting mail [1046 Dkt. No. 103].

11.     On August 2, 2023, after an extensive hearing, substantial briefing and good faith auction held on July 21, 2023, the Court granted Trustee's Motion Ordering the Sale of LPG's assets to Morning Law Group in the main bankruptcy matter [Bankr. Dkt. No. 352].

12.     Between August and September 2023, Trustee sought, and the Court entered default as to Trustee's Amended Complaint against the following Defendants: Vulcan Consulting Group, LLC [1046 Dkt. No. 144]; Wes Thomas [1046 Dkt. No. 145]; Seamless Chex, Inc. [1046 Dkt. No. 153]; Teracel Blockchain Fund II, LLC [1046 Dkt. No. 154]; Jake Akers [1046 Dkt. 163]; BAT, Inc. dba Coast Processing [1046 Dkt. No. 164]; Jimmy Chorr [1046 Dkt. No. 174]; Oakstone [1046 Dkt. No. 177]; Prime Logix [1046 Dkt. 179]; and Guardian [1046 Dkt. No. 181].

13.     On September 11, 2023, Plaintiffs OHP-CDR, LP and PurchaseCo 80, LLC filed their complaint against Defendants Richard Marshack in his capacity as the Chapter 11 Trustee and Azzure Capital, LLC to determine priority of lien and ownership interest, initiating Adversary Proceeding No. 8:23-ap-01098-SC ("1098 Action"). On October 13, 2023, the Trustee filed his answer and counter-claims as against Plaintiffs OHP-CDR, LP and PurchaseCo 80, LLC [1098 Dkt. No. 7]. On November 3, 2023, OHP-CDR, LP and PurchaseCo 80, LLC filed their answer to Trustee's counter claims [1098 Dkt. No. 13].

14.    On September 14, 2023, the Court granted Defendants Eng and Touzi's Motion to Dismiss without prejudice and ordered a second amended complaint be filed no later than October 14, 2023 [1046 Dkt. No. 211].

15.    On October 6, 2023, the Court granted the Stipulated Order to Dismiss Gallant Law Group, PC ("Gallant") and Centre Pointe Law, PC ("Centre Pointe") without prejudice [1046 Dkt. No. 221]. Defendants Gallant and Center Pointe remain bound by the Preliminary Injunction and the Court's jurisdiction to enforce same.

16.    On October 13, 2023, Trustee filed his Second Amended Complaint ("SAC") [1046 Dkt. No. 226]. Notably, Trustee's SAC alleged specific facts based on evidence obtained as a result of Trustee's significant ongoing investigation, including formal and informal discovery.

17.    On October 27, 2023, the Court granted the Stipulated Order to Dismiss Defendants Han and Jayde without prejudice [1046 Dkt. No. 250]. Defendants Han and Jayde remain bound by the Preliminary Injunction and the Court's jurisdiction to enforce same.

18.    On November 3, 2023, Eng and Touzi filed a Motion to Dismiss as to Trustee's Second Amended Complaint [1046 Dkt. No. 265]. On December 22, 2023, the Court denied Eng and Touzi's Motion to Dismiss as to Trustee's Second Amended Complaint [1046 Dkt. 299].

19.    On November 8, 2023, Trustee filed a Dismissal of Occams Advisory, Inc.; Teracel Blockchain Fund, LLC and Chris Winslow and as to erroneously named Defendants, B.A.T., Inc. d/b/a/ Coast Processing, Guardian, Maverick Management, LLC, Eng Tang, and WorldPay, Inc. who have since been properly named [1046 Dkt. No. 270].

20.    On December 6, 2023, Defendant Greyson filed its Motion to Vacate the Court's Preliminary Injunction [1046 Dkt. No. 290]. After Trustee's good faith effort to meet and confer with Greyson, on January 8, 2024, the parties filed their Joint Statement of Issues and supporting declarations [1046 Dkt. No. 325]. On January 16, 2024, Greyson filed further evidentiary objections and declarations in support of their Motion in violation of the Court's December 28, 2023, Order [1046 Dkt. No. 293].   On December 16, 2024, the Court issued a further Scheduling Order on Greyson's frivolous Motion to Vacate the Court's Preliminary Injunction Order [1046 Dkt. No. 333]. That same day, Greyson again violated the Court's orders [1046 Dkt. Nos. 293 and 333] and filed

6

1  further briefing on its Motion to Vacate without leave of Court [1046 Dkt. No. 338].

2      21.    On December 19, 2023, Trustee filed his complaint initiating Adversary Proceeding

3  No. 8:23-ap-01148-SC ("1148 Action") for avoidance, recovery of money, preference and fraudulent

4  transfer and turnover, among other causes of action as against Defendant JGW Solutions, LLC.

5      22.    On December 21, 2023, the Trustee filed his complaint initiating Adversary

6  Proceeding No. 8:23-ap-01150-SC ("1150 Action") for avoidance, recovery of money, preference

7  and fraudulent transfer and turnover, among other causes of action as against Defendant Clear Vision

8  Financial, LLC dba Liberty1 Financial.

9      23.    On December 22, 2023, Defendants Loli and Lisa Cohen ("Cohen") filed separate

10  Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [1046 Dkt. Nos. 300 and

11  301]. The hearings on Loli and Cohen's Motions to Dismiss was initially set for January 31, 2024

12  [1046 Dkt. Nos. 301 and 302]. On January 16, 2024, the Court entered the Stipulated Order to

13  Continue the Hearings on Loli and Cohen's Motions to Dismiss to February 7, 2024, to allow the

14  parties to work towards a potential resolution of the issues raised by their Motions [1046 Dkt.

15  No. 334]. On January 26, 2024, the parties filed a Further Stipulation to Continue the Hearings on

16  Loli and Cohen's Motions to Dismiss to provide further opportunity for the parties to resolve the

17  issues raised by the Motions to Dismiss [1046 Dkt. No. 360]. On March 13, 2024, Trustee filed his

18  opposition to Loli and Cohen's Motions to Dismiss [1046 Dkt No. 443 and 442]. On March 26, 2024,

19  the Court granted Defendants Loli and Cohen's Motions to Dismiss with leave to amend the SAC

20  [1046 Dkt. No. 458, 459]. Pursuant to the Court's Order, the Trustee's deadline to file his Third

21  Amended Complaint as to Defendants Loli and Cohen was April 19, 2024 [1046 Adv. Dkt. No. 458,

22  459]. On April 26, 2024, the Trustee filed its Third Amended Complaint [1046 Dkt. No. 506],

23  pursuant to this Court order granting an extension to file same [1046 Dkt. No. 507].

24      24.    On January 10, 2024, Trustee filed his complaints for avoidance, recovery of money,

25  preference and fraudulent transfer initiating Adversary Proceeding No. 8:24-ap-01001-SC ("1001

26  Action") as to Defendant Leucadia Enterprises, Inc.; Adversary Proceeding No. 8:24-ap-01002-SC

27  ("1002 Action") as to Defendant Clearcube dba Litigation Practice Center; Adversary Proceeding No.

28  8:24-ap-01003-SC ("1003 Action") as to Defendant Perfect Financial; and Adversary Proceeding No.

8:24-ap-01004-SC ("1004 Action") as to Defendant Point Blank Holdings, LLC.

25.     On January 18, 2024, Trustee filed his Motion to Dismiss his claims against Defendants Marich Bein, LLC and BankUnited, NA in order to sever his claims from the 1046 Action and file a new adversary proceeding [1046 Dkt. No. 339]. On February 29, 2024, the Court granted Trustee's Motion to Dismiss [1046 Dkt. No. 436].

26.     On January 24, 2024, Bradford Lee filed an Emergency Motion to Quash his deposition unilaterally set by Greyson without leave of Court to conduct early discovery, among other issues [1046 Dkt. No. 347]. At the hearing, the Court granted in part and denied in part Lee's Motion to Quash [1046 Dkt. No. 351]. The Court's Order at the hearing: (1) continued the deposition of Bradford Lee to February 2, 2024 at 10:00 am to be held in person at the office of the Bankruptcy Law Firm, PC; (2) set January 29, 2024 as the deadline for any party to file a motion for a protective order as to Bradford Lee's continued deposition; (3) amended 1046 Dkt. No. 333 continuing Greyson's deadline to file briefing on its evidentiary objections to February 29, 2024; (4) amended 1046 Dkt. No. 333 continuing Trustee's deadline to file an opposition in response to Greyson's further briefing; (5) amended 1046 Dkt. No. 333 continuing Greyson's deadline to file a reply to March 21, 2024; and (6) amended 1046 Dkt. No. 333 to continue the hearing on Greyson's frivolous Motion to Vacate to March 27, 2024, at 1:30 pm. The Court ordered counsel for Trustee to prepare such an order and further requested that the order include language that all other orders set forth in Adv. Dkt No. 333 were to be followed. By way of objection, Greyson sought to have extraneous information included in the Order expanding the scope of further briefing and language intended to harass, intimidate and threaten Bradford Lee. Specifically, language ordering him to testify truthfully, which is required of every deponent, and with no evidence of any wrongdoing other than providing truthful testimony supported by actual evidence that contradicts Han's self-serving declarations that are unsupported by any evidence.

27.     On January 26, 2024, Trustee filed his complaint initiating Adversary Proceeding No. 8:24-ap-01011-SC (1011 Action) for recovery of money, preference and fraudulent transfer among other causes of action, as against Defendants Bridge Funding Cap, LLC; MNS Funding LLC; Azzure Capital LLC; Marich Bein, LLC; Diverse Capital LLC; PECC Corp; ProofPositive LLC; MC DVI

Fund 1, LLC; MC DVI Fund 2, LLC; Debt Validation Fund II, LLC; and Venture Partners LLC.

28.    On February 6, 2024, Trustee filed his complaint initiating Adversary Proceeding No. 8:24-01018-SC [1018 Dkt. No. 1] as against MRD Marketing, LLC.

29.    On February 9, 2024, Trustee filed his complaint initiating Adversary Proceeding No. 8:24-ap-01023-SC [1023 Dkt. No. 1] as against CRI Systems, Inc.

30.    On February 12, 2024, Defendants Worldpay Group, Worldpay, LLC and Fidelity National Information Services, Inc. dba FIS filed answers to Trustee's Second Amended Complaint [1046 Dkt. Nos. 395, 396].

31.    On February 12, 2024, Trustee filed his Motion for Order Approving Compromise of Controversy as to Defendant [1046 Dkt. No. 394]. February 16, 2024, Trustee re-filed his Motion for Order Approving Compromise of Controversy as to Maverick Bankcard, Inc. in the main bankruptcy case to provide notice to all creditors [Bankr. Dkt. No. 942]. On March 4, 2024, Trustee filed his Notice of Withdrawal of his Motion for Order Approving Compromise with Maverick Bankcard, Inc as to the Motion filed in the 1046 Action only [1046 Dkt. No. 430]. On March 8, 2024, the Court granted Trustee's Motion for Order Approving Compromise with Maverick Bankcard, Inc. in the main bankruptcy case [Bankr. Dkt. No. 1035].

32.    On February 20, 2024, counsel for Defendant Cohen filed a Motion to Withdraw as Counsel [1046 Dkt. No. 401]. On March 13, 2024, the Court granted counsel's Motion by default [1046 Dkt. No. 451].

33.    On February 22, 2024, Defendant Han filed her Motion for a Protective Order [1046 Dkt. No. 403] related to Trustee's Deposition Subpoena and Request for Production of Documents in order to oppose Greyson's frivolous Motion to Vacate the Preliminary Injunction. On February 27, 2024, Trustee filed its opposition to Han's frivolous Motion for a Protective Order and Request for Sanctions [1046 Dkt. No. 416]. On February 28, 2024, this Court denied Defendant Han's Motion for a Protective Order, continued the hearing on Greyson's frivolous Motion to Vacate to May 1, 2024, and continued the briefing schedule for Greyson's supplemental brief, Trustee's supplemental opposition, and Greyson's supplemental reply, and set a hearing on Trustee's Request for Sanctions [1046 Dkt. No. 418]. Trustee and Defendant Han settled Trustee's Request for Sanctions, which was

1  granted by the Court on March 15, 2024 [1046 Dkt. No. 445].

2      34.    On March 26, 2024, Trustee filed his complaint initiating Adversary Proceeding No.

3  8:24-ap-01040-SC [1040 Dkt. No. 1] against Marich Bein, BankUnited, Vulcan Consulting Group,

4  LLC and Lisa Cohen.

5      35.    On April 2, 2024, Greyson filed its Supplemental Brief in support of its Motion to

6  Vacate, including the Declarations of Han Trinh, Tony Diab, Scott Eadie and Kathleen March [1046

7  Adv. Dkt. No. 474]. Greyson further filed four (4) sets of improper Evidentiary Objections to the

8  Declaration of Brad Lee, Supplemental Declaration of Brad Lee, Declaration of Alex Rubin and

9  Declaration of Jeremy Freedman [1046 Dkt Nos. 475, 475, 477, 478]. On April 17, 2024, Trustee

10 filed his Supplemental Opposition to Greyson's Supplemental Brief in support of its Motion to Vacate

11 and Responses to four (4) sets of meritless Evidentiary Objections filed by Greyson on April 2, 2024

12 [1046 Dkt. Nos. 493, 493-1 to 493-11]. On April 18, 2024, the Trustee filed the declaration of Randall

13 Balwin Clark in Opposition to Greyson's Motion to Vacate and subsequently the exhibits thereto

14 [1046 Dkt. No. 495 and 498]. On April 24, 2024, Greyson filed its Reply in support of its Motion to

15 Vacate and additional evidentiary objections [1046 Dkt. Nos. 501-505]. On May 1, 2024, the Court

16 held a hearing on Greyson's Motion to Vacate. At the hearing the Court ordered the parties to file

17 separate findings of fact and conclusions of law. On May 15, 2024, Greyson and Trustee filed their

18 respective finding of fact and conclusions of law [1046 Dkt. Nos. 532 and 537, respectively]. On

19 August 27, 2024, the Court denied Greyson's Motion to Vacate [Bankr. Dkt. No. 1545].

20     36.    On May 6, 2024, Greyson filed its motion to dismiss the Trustee's Third Amended

21 Complaint [1046 Dkt. No. 513]. On May 29, 2024, the Trustee filed his opposition to Greyson's

22 motion to dismiss [1046 Dkt. No. 548]. On June 5, 2024, Greyson filed its Reply in support of its

23 motion to dismiss and request to strike portion of the declaration of Jeremy Freedman [1046 Dkt.

24 Nos. 561 and 562]. On June 10, 2024, the Court denied Greyson's motion to dismiss [1046 Dkt. No.

25 566].

26     37.    On May 7, 2024, Greyson filed its motion to compel the production of a purported

27 contract pursuant to its request for production of documents [1046 Dkt. No. 515]. On June 7, 2024,

28 the Court denied Greyson's motion to compel and ordered the Trustee to file a supplemental

1    declaration regarding his lack of possession, custody or control of the contract sought by Greyson

2    [1046 Dkt. No. 564]. On June 17, 2024, the Trustee filed his declaration pursuant to the Court's order

3    denying Greyson's motion to compel [1046 Dkt. No. 572]. On June 20, 2024, Greyson filed its motion

4    to strike the Trustee's declaration [1046 Dkt. No. 573]. On July 15, 2024, the Court denied Greyson's

5    motion to strike [1046 Dkt. No. 598].

6        38.    On May 10, 2024, Loli filed her motion to dismiss the Third Amended Complaint

7    [1046 Dkt. No. 522]. On May 29, 2024, Trustee filed his opposition to Loli's motion to dismiss [1046

8    Dkt. No. 549]. On June 5, 2024, Loli filed her Reply in support of her motion to dismiss [1046 Dkt.

9    No. 560]. On June 10, 2024, the court denied in part and granted in part Loli's motion to dismiss and

10    granted the Trustee leave to amend to provide a more definite statement regarding his negligence

11    cause of action [1046 Dkt. No. 567]. On June 28, 2024, the Trustee timely filed his Fourth Amended

12    Complaint pursuant to the Court's order denying in part Loli's motion to dismiss the Third Amended

13    Complaint [1046 Dkt. No. 583].

14        39.    On August 20, 2024, the Trustee filed his motion to compromise with Payliance

15    [Bankr. Dkt. No. 1526]. On August 27, 2024, Greyson filed its objection to the turnover of the

16    Greyson Reserve as part of the Trustee's compromise with Payliance [Bankr. Dkt. No. 1556]. On

17    September 4, 2024, the Trustee filed his Reply in support of his motion to compromise with Payliance

18    [Bankr. Dkt. No. 1625]. On September 11, 2024, the Court held a hearing on Trustee's motion to

19    compromise with Payliance. On September 26, 2024, the Court granted the Trustee's motion to

20    compromise with Payliance as modified at the hearing on same [Bankr. Dkt. No. 1770].

21        40.    On August 22, 2024, the Trustee filed his motion to compromise with Optimum

22    [Bankr. Dkt. No. 1530]. On September 5, 2024, CLG filed its opposition to Trustee's motion to

23    compromise with Optimum [Bankr. Dkt. No. 1635]. On September 10, 2024, the Trustee filed his

24    Reply in support of motion to compromise with Optimum [Bankr. Dkt. No. 1653]. Based on the

25    agreement of the parties, including CLG, to work towards a resolution the Trustee he withdrew his

26    motion to compromise to be re-filed at a later time and after further discovery with CLG.

27    / / /

28    / / /

41.     On October 9, 2024, the Trustee filed his motion for leave to file a Fifth Amended Complaint. [1046 Dkt. No. 628.] On November 8, 2024, the Court granted Trustee's motion for leave to file his Fifth Amended Complaint. [1046 Dkt. No. 647.] On November 15, 2024, the Trustee timely filed his Fifth Amended Complaint. [1046 Dkt. No. 653.] All Defendants who remain in the case were timely served. On January 3, 2025, the Court granted the joint stipulation with Defendant EPPS to provide additional time to file a responsive pleading while the parties work on exchanging information informally and discuss potential resolution. [1046 Dkt. No. 676.] EPPS' deadline to file a responsive pleading is now January 31, 2025. [*Id.*]

42.     At all relevant times after the Court entered its TRO and subsequently entered Preliminary Injunction, Trustee secured and/or has gained access to all ACH processing companies accounts, including EquiPay; Merit Fund; Authorize.net; World Global; OptimumBank; BankUnited; Marich Bein; Revolv3; and FIS. ACH processing company EPPS has yet to be identified. The ACH identification transaction "LPG 949-226-6262 #5 2363 RT 9 TOMS RIVER NJ 0875" or any such substantially similar has been identified as a dba used by Marich Bein, so that when Marich Bein processed ACH transactions on behalf of LPG, LPG clients would recognize the charge as being a charge initiated by LPG in order to prevent disputed charges. The ACH account held at Guardian appears to be under Defendant Eng and/or PECC, which was also run by Defendant Eng, based on recent communications with counsel for Defendants Eng and Touzi.

43.     Trustee has secured funds and bank accounts held at Bank of America, including those held by Prime Logix, Vulcan and Scott Eadie and Maverick's bank account held at Wells Fargo.

44.     Trustee has gained access to over 100 million separate documents through discovery, informal and formal, subpoenas, 2004 exams and documents contained in more than five hundred email addresses in addition to the evidence stored in LUNA, Google accounts, Microsoft accounts and other email and data storage accounts for LPG, Phoenix, Greyson and Maverick. Trustee continues to diligently work through reviewing much of the electronically stored data.

45.     Additionally, the Trustee has obtained substantial documents, evidence and financial records informally from Eng, Touzi, Maverick Bankcard, Inc., OptimumBank, Payliance, Bradford Lee, Revolv3, FIS, Wells Fargo, Bank of America, among many other individuals and entities all of

which support Trustee's claims alleged in the SAC and related adversary proceedings. By way of example and as more thoroughly set forth in Trustee's portion of the parties' Joint Statement and supporting declarations in Opposition to Greyson's Motion to Vacate the Preliminary Injunction [1046 Adv. Dkt. Nos. 325, 325-4, 325-5, 325-6, 325-7, 325-8, 325-9, 331 and 331-1], the evidence shows Diab and his accomplices, Han and Jayde, among others at Greyson, devised a scheme wherein they appropriated LPG funds from Vulcan, Prime Logix and BAT, among others, LPG's attorney network, client files, computer equipment, proprietary client relationship management software ("CRM") LUNA, proprietary documents, scripts and videos in order to raise LPG from the ashes and pilfer prior LPG clients transferred to the good faith purchaser of LPG's assets under the specious argument that they are a competitor. Similar to the structure at LPG, Diab was running Greyson in the shadows, with Han, Jayde and Eadie as the face of the LPG 2.0 - Greyson. Along these lines, the evidence obtained as a result of this Court's Preliminary Injunction has further uncovered substantial monetary payments from LPG to or for the benefit of Han and Jayde immediately prior to LPG filing its Bankruptcy petition, including paying off substantial student and automobile loans, which will be the subject of separate adversary proceedings to be filed at or around the time of the currently scheduled Status Conference. Further, the Trustee with the assistance of Grobstein Teeple, have traced millions of dollars of funds transferred to affiliates, non-debtor entities and individuals which the Trustee seeks to recover by way of the adversary proceedings listed herein and those that have yet to be filed.

46.    As a result of the foregoing efforts during which time Trustee and Special Counsel also expended significant efforts working to facilitate the sale of LPG's main assets for the protection of consumer clients, Trustee secured and the Court confirmed LPG's modified joint plan of confirmation [Bankr. Dkt. No. 1646] on September 9, 2024. Trustee's efforts in this regard with the assistance of Special Counsel and Grobstein Teeple continue.

## II.    STATUS OF ADVERSARY PROCEEDING 1046

### A.    RESPONSIVE PLEADINGS AND DEFAULTS

47.    Out of the remaining thirty (30) defendants, six (5) of the named defendants have filed answers to the 5AC. Those defendants include Consumer Legal Group, PC [1046 Dkt. 668], LGS

1    HoldCo, LLC [1046 Dkt. 668], Bianca Loli [Dkt. 666], Scott Eadie [1046 Dkt. 662], Greyson Law

2    Center, PC [1046 Dkt. 661]; and EPPS [1046 Dkt. 751]. The status of the remaining twenty-four (24)

3    named Defendants is detailed below.

    i.    Defaults have been entered, pending default judgment, as to two (2) named Defendants. These include:

        i.  Wes Thomas [1046 Dkt. 145], and

        ii.  Seamless Chex, Inc. [Dkt. 153].

    ii.    Plaintiff dismissed Payliance, LLC after the 5AC was filed pursuant to the modified order granting the Trustee's motion to compromise.

    iii.   Pursuant to Trustee's request [1046 Dkt. 690] the following three (3) Defendants have been dismissed, without prejudice:

        i.  Vulcan Consulting Group, LLC;

        ii.  Prime Logix, LLC; and

        iii.  Maverick Management Group, LLC.

    iv.   Pursuant to a Stipulation for Entry of Judgment [1046 Dkt. 719], the following two (2) Defendants have stipulated to entry of judgment in this matter:

        i.  Tony Diab; and

        ii.  BAT, Inc. d/b/a Coast Processing.

    v.    Pursuant to Trustee's Motion to Dismiss [1046 Dkt. 713], Trustee has dismissed the following nine (9) Defendants without prejudice:

        i.  Jimmy Chorr,

        ii.  Guardian Processing, LLC;

        iii.  Teracel Block Chain Fund II, LLC;

        iv.  Oakstone Legal Group, PC;

        v.  Eng Taing;

        vi.  Touzi Capital, LLC;

        vii.  Dongliang Jiang;

        viii.  Heng Taing; and

ix.  PECC Corp.

vi.  Two (2) of the named defendants previously filed answers to Plaintiff's Second, Third and/or Fourth Amended Complaints and appear to stand on such answers to be their response to the 5AC as there have been no further substantive changes since that time as it relates to them. *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (quoting Stanley *Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1990) [" '[a] defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not 'change the theory or scope of the case.'"].) These Defendants include:

i.  OptimumBank Holdings, Inc. d/b/a Optimum Bank [1046 Dkt. 538],

ii.  Daniel March [1046 Dkt. 531].

vii.  Pursuant to Trustee's Notice of Dismissal (1046 Dkt. 726), the following five (5) Defendants have been dismissed, without prejudice:

i.  Merit Fund, LLC,

ii.  Dwolla, Inc.,

iii.  Max Chou,

iv.  World Global, and

v.  Revolv3, Inc.

vi.  The Trustee intends to dismiss, default, or take other appropriate action as to Defendant Equipay.

**B.  <u>DISMISSALS AND/OR PARTIES THAT HAVE NOT BEEN SERVED</u>**

48.  The Court granted Orders dismissing the following two (2) Defendants:

i.  Marich Bein, LLC; and

ii.  BankUnited, NA.

49.  Trustee has dismissed without prejudice the following eighteen (18) Defendants:

i.  United States Postal Services [1046 Dkt. No. 102];

ii.  Han Trinh [1046 Dkt. No. 219]

iii.  Jayde Trinh [1046 Dkt. No. 219];

1          iv.      Gallant Law Group, PC [1046 Dkt. No. 221];

2          v.       Center Pointe Law, PC [1046 Dkt. No. 221];

3          vi.      Occams Advisory, Inc. [1046 Dkt. No. 270];

4          vii.     Teracel Blockchain Fund, LLC [1046 Dkt. No. 270];

5          viii.    Chris Winslow [1046 Dkt. No. 270];

6          ix.      Jake Akers [1046 Dkt. No. 372];

7          x.       Authorize.net [1046 Dkt. No. 372];

8          xi.      Maverick Management Group, LLC [1046 Dkt. No. 690];

9          xii.     Vulcan Consulting Group, LLC [1046 Dkt. No. 690];

10         xiii.    Prime Logix, LLC [1046 Dkt. No. 690];

11         xiv.     Revolv3, Inc. [1046 Dkt. No. 726];

12         xv.      Max Chou [1046 Dkt. No. 726];

13         xvi.     Dwolla, Inc. [1046 Dkt. No. 726];

14         xvii.    Merit Fund, LLC [1046 Dkt. No. 726]; and

15         xviii.   World Global [Dkt. No. 726]

16    50.    Plaintiff dismissed Payliance, LLC after the 5AC was filed pursuant to the modified

17 order granting the Trustee's motion to compromise. [1046 Dkt. No. 660.]

18    51.    Pursuant to the order on the parties' stipulation, Defendants FIS, WorldPay, LLC, and

19 Worldpay Group have been dismissed without prejudice and who have agreed to remain bound by

20 the terms of the Preliminary Injunction until further order of the Court based on sworn affidavits

21 provided by same.  [1046 Dkt. No. 648.]

22    52.    The following five (5) erroneously named Defendants have been dismissed and

23 properly named in the SAC:

24         i.       B.A.T., Inc. d/b/a/ Coast Processing;

25         ii.      Guardian;

26         iii.     Maverick Management, LLC;

27         iv.      Eng Tang; and

28         v.       WorldPay, Inc.

53.     Despite attempts to seek to meet and confer on a Joint Status Report, Trustee received no response from Defendant Loli.

**C.     STIPULATED JUDGMENTS AND SETTLEMENTS**

54.     The Court approved Trustee's Motion for Order Approving Compromise with Defendants Phoenix Law, PC, which agreed to a Stipulated Judgment, William "Ty" Carss, and Mariah Eeya Tan, who have been dismissed without prejudice [1046 Dkt. No. 77].

55.     The Court approved the Trustee's Motion for Order Approving Compromise with Maverick Bankcard, Inc. which netted the Debtor's Estate $252,938.95 in funds, which have been received and deposited into Trustee's trust account.

56.     The Court approved the Trustee's Motion for Order Approving Compromise with Payliance, LLC which netted the Debtor's Estate $508,460 of which $453,570 is free of liens.

57.     Trustee further continues to work with Defendants CLG and LGS on the terms of a proposed settlement for the benefit of the Debtor's Estate.

58.     The Trustee has entered into a Stipulation for Entry of Judgment with Tony Diab and BAT, Inc., d/b/a Coast Processing in the minimum amount of $100 million dollars [1046 Dkt. No. 776].

59.     Trustee is currently negotiating stipulated judgments or other resolutions with Defendants March and Eadie and Thomas.

**III.     TRUSTEE'S COURSE OF ACTION TO RECOVER ESTATE PROPERTY**

Based on the foregoing and ongoing review of client files and business operations, Trustee intends to continue his vigorous investigation and recovery of Estate property:

60.     At this time, there are a total of nine (9) Defendants who have been served, however, have not filed an answer, a motion to dismiss, reached a settlement, been dismissed or obtained an order extending time to answer. As discussed above, the Trustee intends to dismiss, default, or take other appropriate action as to the nine (9) remaining defendants who have not responded to Plaintiff's Fifth Amended Complaint.

61.     Based on the sheer number of Defendants, discovery, documents turned over to Trustee (totaling more than 100 million documents), and preparation, the length of trial in this matter

is expected to exceed normal expectations. That said, the Trustee has exchanged initial disclosures with Scott Eadie, Loli, Greyson, Eng Taing, Touzi Capital, Optimum and CLG in this adversary proceeding in addition to numerous other parties in other related adversary proceedings. As to those Defendants with whom the Trustee has not exchanged initial disclosures with to date, the Trustee either has been working towards a resolution with said Defendants or anticipates dismissing them from this matter in the near future.  The Trustee is further diligently continuing its investigation both formally and informally in order to either work towards resolution, narrow the issues and trace funds rightfully belonging to the LPG's Estate.

62.    In an effort to stay in front of the enormous volume of discovery necessary to recover assets under Trustee's Fifth Amended Complaint, the Trustee has issued numerous subpoenas to non-debtor entities and banks known to have been used to transfer LPG funds [*see* 1046 Dkt. Nos. 464-67, 524-26, 541-47, 601, 614]. This is in addition to the subpoenas and 2004 exams related to Trustee's claims in this Adversary Proceeding that have been issued in the main bankruptcy matter and other related adversary proceedings. Unfortunately, many of the banks have experienced severe delay in producing necessary records for Grobstein Teeple and Trustee to trace funds. Trustee has taken the deposition of Han Trinh with requests for production of documents in light of her declarations made in connection with Greyson's Motion to Vacate. Trustee intends to notice a number of depositions and conduct further targeted discovery now that initial disclosures have been exchanged for many of the Defendants who have answered the Fifth Amended Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

63.     Trustee remains vigilant and focused on maximizing recovery of all of LPG assets to the Debtor's Estate for the benefit of all creditors, including consumer creditors as indicated by his efforts to recover millions of dollars and reach valuable compromises of his claims as against certain Defendants.

64.     Presently, Trustee is working to complete due diligence and documentation of a settlement, the principal terms of which the parties have reached, with Defendants CLG and LGS Holdco.

65.     With respect to Greyson, the Trustee anticipates a resolution following a ruling on the pending appeal denying Greyson's administrative claim.

66.     Trustee requests a continuance of the status conference for approximately 45 days pending the foregoing.

Respectfully submitted,

Dated:  June 25, 2025                    DINSMORE & SHOHL LLP


By:   */s/ Christopher B. Ghio*
       Christopher Celentino
       Christopher B. Ghio
       Yosina M. Lissebeck
       Attorneys for Richard A. Marshack,
       Trustee of the LPG Liquidation Trust

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIQUIDATION TRUST'S UNILATERAL STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 25, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Keith Barnett<br>on behalf of Defendant Payliance, LLC | keith.barnett@troutman.com<br>kelley.wade@troutman.com |

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On June 25, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 25, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 25, 2025 | Angelica Urena | /s/ *Angelica Urena* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        Page 20                          **F 9013-3.1.PROOF.SERVICE**

**1.**     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

| | |
|---|---|
| Bradford Barnhardt<br>on behalf of Plaintiff Richard A. Marshack | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Bradford Barnhardt<br>on behalf of Trustee Richard A. Marshack (TR) | bbarnhardt@marshackhays.com<br>bbarnhardt@ecf.courtdrive.com<br>alinares@ecf.courtdrive.com |
| Eric Bensamochan<br>on behalf of Interested Party Courtesy NEF | eric@eblawfirm.us<br>G63723@notify.cincompass.com |
| Christopher Celentino<br>on behalf of Plaintiff Richard A. Marshack | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Christopher Celentino<br>on behalf of Trustee Richard A Marshack (TR) | christopher.celentino@dinsmore.com<br>caron.burke@dinsmore.com |
| Leslie A Cohen<br>on behalf of Defendant Rosa Bianca Loli | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Leslie A Cohen<br>on behalf of Interested Party Courtesy NEF | leslie@lesliecohenlaw.com<br>jaime@lesliecohenlaw.com<br>clare@lesliecohenlaw.com |
| Michael T Delaney<br>on behalf of Defendant Fidelity National Information<br>Services, Inc. dba FIS | mdelaney@bakerlaw.com<br>tbreeden@bakerlaw.com |
| Jamie P Dreher<br>on behalf of Defendant EPPS | jdreher@downeybrand.com<br>amasson@downeybrand.com<br>courtfilings@downeybrand.com |
| Lexi J. Epley<br>on behalf of Richard A. Marshack | Lexi.Epley@dinsmore.com<br>Angelica.Urena@dinsmore.com |
| Alan W Forsley<br>on behalf of Interested Party Courtesy NEF | alan.forsley@flpllp.com<br>awf@fkllawfirm.com<br>awf@fl-lawyers.net<br>addy@flpllp.com<br>andrea@flpllp.com |
| Jeremy Freedman<br>on behalf of Plaintiff Richard A. Marshack | jeremy.freedman@dinsmore.com<br>bonnie.connolly@dinsmore.com |
| Jeremy Freedman<br>on behalf of Trustee Richard A. Marshack (TR) | jeremy.freedman@dinsmore.com<br>bonnie.connolly@dinsmore.com |
| Christopher Ghio<br>on behalf of Plaintiff Richard A. Marshack | christopher.ghio@dinsmore.com<br>angelica.urena@dinsmore.com |
| Christopher Ghio<br>on behalf of Trustee Richard A. Marshack (TR) | christopher.ghio@dinsmore.com<br>angelica.urena@dinsmore.com |
| Eric D Goldberg<br>on behalf of Defendant Stripe, Inc. | eric.goldberg@dlapiper.com<br>eric-goldberg-1103@ecf.pacerpro.com |
| Richard H Golubow<br>on behalf of Creditor Debt Validation Fund II, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 1, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |
| Richard H Golubow<br>on behalf of Creditor MC DVI Fund 2, LLC | rgolubow@wghlawyers.com<br>jmartinez@wghlawyers.com<br>svillegas@wghlawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*          Page 21          **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Veneeta Jaswal<br>on behalf of Plaintiff Richard A. Marshack | veneeta.jaswal@dinsmore.com<br>bonnie.connolly@dinsmore.com |
| Sweeney Kelly<br>on behalf of Defendant Fidelity National Information Services, Inc. | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Fidelity National Information Services, Inc. dba FIS | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay Group | kelly@ksgklaw.com |
| Sweeney Kelly<br>on behalf of Defendant Worldpay, LLC | kelly@ksgklaw.com |
| Ira David Kharasch<br>on behalf of Defendant Consumer Legal Group, PC | ikharasch@pszjlaw.com |
| Ira David Kharasch<br>on behalf of Defendant LGS Holdco, LLC | ikharasch@pszjlaw.com |
| Meredith King<br>on behalf of Defendant Gallant Law Group | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| Meredith King<br>on behalf of Interested Party Courtesy NEF | mking@fsl.law<br>ssanchez@fsl.law<br>jwilson@fsl.law |
| David S Kupetz<br>on behalf of Defendant Marich Bein, LLC | David.Kupetz@lockelord.com<br>mylene.ruiz@lockelord.com |
| Matthew A. Lesnick<br>on behalf of Defendant Optimumbank Holdings, Inc. d/b/a Optimum Bank | matt@lesnickprince.com<br>matt@ecf.inforuptcy.com<br>jmack@lesnickprince.com |
| Daniel A Lev<br>on behalf of Interested Party Courtesy NEF | daniel.lev@gmlaw.com<br>cheryl.caldwell@gmlaw.com<br>dlev@ecf.courtdrive.com |
| Yosina M Lissebeck<br>on behalf of Plaintiff Richard A. Marshack | yosina.lissebeck@dinsmore.com<br>caron.burke@dinsmore.com |
| Daniel S March<br>on behalf of Defendant Daniel S. March | marchlawoffice@gmail.com<br>marchdr94019@notify.bestcase.com |
| Kathleen P. March<br>on behalf of Defendant Greyson Law Center PC | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Han Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Kathleen P. March<br>on behalf of Defendant Jayde Trinh | kmarch@bkylawfirm.com<br>kmarch3@sbcglobal.net<br>kmarch@sbglobal.net |
| Richard A Marshack (TR) | pkraus@marshackhays.com<br>rmarshack@iq7technology.com<br>ecf.alert+Marshack@titlexi.com |
| Kenneth Misken<br>on behalf of U.S. Trustee United States Trustee (SA) | Kenneth.M.Misken@usdoj.gov |
| Victoria Newmark<br>on behalf of Defendant Consumer Legal Group, PC | vnewmark@pszjlaw.com |
| Victoria Newmark<br>on behalf of Defendant LGS Holdco, LLC | vnewmark@pszjlaw.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| Queenie K Ng<br>on behalf of U.S. Trustee United States Trustee (SA) | queenie.k.ng@usdoj.gov |
| Lisa Patel<br>on behalf of Defendant OptimumBank Holdings, Inc. | lpatel@lesnickprince.com<br>jmack@lesnickprince.com<br>jnavarro@lesnickprince.com |
| Daniel H Reiss<br>on behalf of Defendant Touzi Capital, LLC | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Daniel H Reiss<br>on behalf of Defendant Eng Taing | dhr@lnbyg.com<br>dhr@ecf.inforuptcy.com |
| Jonathan Serrano<br>on behalf of Plaintiff Richard A. Marshack | Jonathan@MarguliesFaithLaw.com<br>vicky@marguliesfaithlaw.com<br>angela@marguliesfaithlaw.com<br>amber@marguliesfaithlaw.com |
| Zev Shechtman<br>on behalf of Interested Party Morning Law Group, P.C. | Zev.Shechtman@saul.com<br>zshechtman@ecf.inforuptcy.com<br>hannah.richmond@saul.com |
| Howard Steinberg<br>on behalf of Defendant BankUnited, N.A | steinbergh@gtlaw.com<br>pearsallt@gtlaw.com<br>howard-steinberg-6096@ecf.pacerpro.com |
| Andrew Still<br>on behalf of Interested Party Courtesy NEF | astill@swlaw.com<br>kcollins@swlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| William J Wall<br>on behalf of Witness Bradford Lee | wwall@wall-law.com |
| Johnny White<br>on behalf of Interested Party Courtesy NEF | JWhite@wrslawyers.com<br>jlee@wrslawyers.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.