| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christopher Celentino (State Bar No.131688)<br>Christopher.Celentino@dinsmore.com<br>Christopher B. Ghio (State Bar No. 259094)<br>Christopher.Ghio@dinsmore.com<br>Yosina M. Lissebeck (State Bar No. 201654)<br>Yosina.Lissebeck@dinsmore.com<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, California 92101<br>Tele: (619) 400-0500<br>Fax: (619) 400-0501 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Richard A. Marshack, Trustee of the LPG Liquidation Trust | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.<br><br>Debtor(s). | CASE NO.: 8:23-bk-10571-SC<br><br>ADVERSARY NO.: 8:23-ap-01046-SC<br><br>CHAPTER: 11 |
|---|---|
| RICHARD A. MARSHACK,<br>Chapter 11 Trustee,<br><br>Plaintiff(s).<br>vs.<br>TONY DIAB, an individual; DANIEL S. MARCH, an individual; ROSA BIANCA LOLI, an individual; LISA COHEN, an individual; WILLIAM TAYLOR CARSS, an individual, et al.<br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE: September 17, 2025<br>TIME: 11:00 a.m.<br>COURTROOM: 5C<br>ADDRESS:<br>411 W. Fourth Street<br>Santa Ana, California 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1 (a)(2):

### A. PLEADINGS/SERVICE:

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No
2. Have all parties filed and served answers to the Claims Documents?  ☐ Yes  ☒ No
3. Have all motions addressed to the Claims Documents been resolved?  ☐ Yes  ☒ No
4. Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 1    F 7016-1.STATUS.REPORT

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below *(or on attached page)*:
See attachment A(5).

## B. READINESS FOR TRIAL:

1. When will you be ready for trial in this case?

| Plaintiff | Defendant |
|---|---|
| Estimated April 2026 | Unknown at this time, but no earlier than April 2026 |

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

| Plaintiff | Defendant |
|---|---|
| With over 25 defendants, many of whom have not responded, substantial disclosure, production and corresponding subpoenas for records and deposition | Substantial discovery and law and motion practice |

3. When do you expect to complete <u>your</u> discovery efforts?

| Plaintiff | Defendant |
|---|---|
| Unknown at this time but not earlier than November 2025. Initial disclosures have been produced | Unknown at this time, but no earlier than November 2025 |

4. What additional discovery do you require to prepare for trial?

| Plaintiff | Defendant |
|---|---|
| Written discovery, expert discovery, individual and PMK depositions, subpoenas of numerous financial records, and 2004 exams. | Requests for Production of Documents, Requests for Admissions, Interrogatories, subpoenas, depositions of expert and non-expert witnesses, and related third party discovery, as necessary. |

## C. TRIAL TIME:

1. What is your estimate of the time required to present <u>your side of the case</u> at trial *(including rebuttal stage if applicable)*?

| Plaintiff | Defendant |
|---|---|
| 14-21 days for all defendants in 1046 Action | Unknown at this time, but no less than three to five days |

2. How many witnesses do you intend to call at trial *(including opposing parties)*?

| Plaintiff | Defendant |
|---|---|
| Based on information known to date, Trustee estimates between 20-30 as to all Defendants in the 1046 Action | Unknown at this time |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 2    F 7016-1.STATUS.REPORT

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| Based on information known to date having initial disclosures, Trustee estimates between 200-400 | Unknown at this time |

### D. PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |
| Given the number of defendants, coordination at a trial conference is requested. | Narrow issues for trial |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (date) 10/01/2025 | (date) 10/01/2025 |

### E. SETTLEMENT:

1. What is the status of settlement efforts?

Trustee has resolved his claims as against Phoenix Law, PC, Maria Eeah Tan, William Ty Carrs, Maverick Bankcard, Payliance, Stripe, and FIS, among others. Trustee continues his efforts to discuss potential resolution of claims as agaisnt all non-defaulted defendants. Trustee is in the process of attemtping resolution of his claims against Eadie. Trustee also anticipates a settlement with CLG and LGS to be consummated within 15-30 days.

2. Has this dispute been formally mediated?    ☐ Yes    ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☒ Yes ☐ No | ☒ Yes ☐ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 3                    F 7016-1.STATUS.REPORT

## F. FINAL JUDGMENT/ORDER:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

Plaintiff
I ☒ do ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

Defendant
I ☐ do ☒ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

## G. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: *(Use additional page if necessary)*

The parties are working to settle this matter, pending a response to a subpoena issued to Debtor's payroll processors for payroll records which will help fix Defendant's liability.

Respectfully submitted,

Date: 09/09/2025

Dinsmore & Shohl LLP
Printed name of law firm

/s/ Christopher B. Ghio
Signature

Christopher B. Ghio
Printed name
        Richard A. Marshack, Trustee of the
Attorney for: LPG Liquidation Trust

Date: 08/08/2025

In Pro Per
Printed name of law firm

/s/ Scott Eadie
Signature

Scott Eadie
Printed name

Attorney for: Scott Eadie

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 4                                    F 7016-1.STATUS.REPORT

**ATTACHMENT A(5)**

*Adversary Proceeding No. 8:23-ap-01046-SC*

**PLAINTIFF, RICHARD MARSHACK**

1. Pursuant to the Court's order granting leave to file Plaintiff's Fifth Amended Complaint [1046 Dkt. 647], the Trustee removed all dismissed Defendants from the caption of the pleading. On November 18, 2024, Plaintiff filed his 5AC [1046 Dkt. 653]. Out of the remaining thirty (30) defendants, six (6) of the named defendants have filed answers to the 5AC. Those defendants include Consumer Legal Group, PC [1046 Dkt. 668], LGS HoldCo, LLC [1046 Dkt. 668], Bianca Loli [Dkt. 666], Scott Eadie [1046 Dkt. 662], Greyson Law Center, PC [1046 Dkt. 661], and EPPS [1046 Dkt. 751]. The status of the remaining twenty-four (24) named Defendants is detailed below.

   a. Defaults have been entered, pending default judgment, as to two (2) named Defendants. These include:
      i. Wes Thomas [1046 Dkt. 145], and
      ii. Seamless Chex, Inc. [Dkt. 153].
   b. Plaintiff dismissed Payliance, LLC after the 5AC was filed pursuant to the modified order granting the Trustee's motion to compromise.
   c. Pursuant to Trustee's request [1046 Dkt. 690] the following three (3) Defendants have been dismissed, without prejudice:
      i. Vulcan Consulting Group, LLC;
      ii. Prime Logix, LLC; and
      iii. Maverick Management Group, LLC.
   d. Pursuant to a Stipulation for Entry of Judgment [1046 Dkt. 719], the following two (2) Defendants have stipulated to entry of judgment in this matter:
      i. Tony Diab; and
      ii. BAT, Inc. d/b/a Coast Processing.
   e. Pursuant to Trustee's Motion to Dismiss [1046 Dkt. 713], Trustee has dismissed the following nine (9) Defendants without prejudice:
      i. Jimmy Chorr,

      ii. Guardian Processing, LLC;

      iii. Teracel Block Chain Fund II, LLC;

      iv. Oakstone Legal Group, PC;

      v. Eng Taing;

      vi. Touzi Capital, LLC;

      vii. Dongliang Jiang;

      viii. Heng Taing; and

      ix. PECC Corp.

f. Two (2) of the named defendants previously filed answers to Plaintiff's Second, Third and/or Fourth Amended Complaints and appear to stand on such answers to be their response to the 5AC as there have been no further substantive changes since that time as it relates to them. *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (quoting Stanley *Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1990) [" '[a] defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not 'change the theory or scope of the case.'"].) These Defendants include:

      i. OptimumBank Holdings, Inc. d/b/a Optimum Bank [1046 Dkt. 538],

      ii. Daniel March [1046 Dkt. 531].

g. Pursuant to Trustee's Notice of Dismissal (1046 Dkt. 726), the following five (5) Defendants have been dismissed, without prejudice:

      i. Merit Fund, LLC,

      ii. Dwolla, Inc.,

      iii. Max Chou,

      iv. World Global, and

      v. Revolv3, Inc.

h. The Trustee intends to dismiss, default, or take other appropriate action as to to Defendant Equipay.

/ / /

2.      The Trustee, with the assistance of the Court, employed financial accountants Grobstein Teeple, LLP [Dkt. 169], is working diligently to complete its forensic account to prepare and file for default judgment, as appropriate given this matter remains in the early stages of discovery. As discussed more thoroughly below, the Trustee continues to work with banks and other financial institutions in order to obtain the necessary records to trace and locate Estate funds.

**DEFENDANT, CONSUMER LEGAL GROUP, PC**

3.      On December 23, 2024, Defendant Consumer Legal Group, PC ("CLG") answered Plaintiff's Fifth Amended Complaint [1046 Dkt. 668] and filed a *Motion for Order Vacating Motion for Order: (A) Vacating or, in the alternative, modifying as to Consumer Legal Group P.C. That Certain Order Entered June 23, 2023 on Trustee, Richard Marshack's Omnibus Motion Granting 1) Turnover of Estate Property and Recorded Information Pursuant to 11 U.S.C. § 542; 2) Preliminary Injunction; 3) Lock-Out; 4) Redirection of United States Parcel Mail Services; 5) Order to Show Cause; and 6) Other Relief [Dkt. No. 70]; (B) Releasing Funds Frozen at Optimum Bank to CLG; (C) And Granting Related Relief to the Honorable Scott C. Clarkson, United States Bankruptcy Judge; the Office of the United States Trustee; the Chapter 11 Trustee; the Above-Captioned Debtor, and Other Parties in Interest, and Their Respective Counsel of Record, if any* [1046 Dkt. 667] ("CLG's Motion"), which was set for a hearing on January 15, 2025.

4.      On January 2, 2025, the Trustee and CLG entered into a stipulation, [1046 Dkt. 675] (the "First CLG Stipulation"), to continue the hearing in order to discuss and potentially resolve issues related to CLG's Motion. The First CLG Stipulation was approved by order entered on January 3, 2025. [1046 Dkt. 677], and the hearing was continued to February 12, 2025. Due to the Trustee and CLG's desire for additional time to discuss and potentially resolve issues related to CLG's Motion, the parties entered into a second stipulation on January 21, 2025 [1046 Dkt. 691] (the "Second CLG Stipulation"). The Second CLG Stipulation was approved by order entered on January 22, 2025 [1046 Dkt. 698], and the hearing was continued to March 5, 2025. Due to the Trustee and CLG's desire for additional time to discuss and potentially resolve issues related to CLG's Motion, the parties entered

into a third stipulation on February 19, 2025 [1046 Dkt. 715] (the "Third CLG Stipulation"). The Third CLG Stipulation was approved by order entered on February 20, 2025 [1046 Dkt. 716], and the hearing was continued to April 2, 2025. Due to the Trustee and CLG's desire for additional time to discuss and potentially resolve issues related to CLG's Motion, the parties entered into a fourth stipulation on March 19, 2025 [1046 Dkt. 724] (the "Fourth CLG Stipulation"), requesting to move the Trustee's deadline to file an opposition to CLG's Motion to March 25, 2025, and the deadline for CLG to file a reply to April 1, 2025. The Fourth CLG Stipulation was approved by order entered on March 19, 2025 [1046 Dkt. 728].

5. On March 3, 2025, the Trustee entered into a Stipulation with Defendant Tony Diab for Entry of Judgment [1046 Dkt. 719] ("Diab Stipulation"). On March 12, 2025, the Trustee filed a *Motion for Order Approving Stipulation Between Trustee of the LPG Liquidation Trust and Tony Diab* [1046 Dkt. 722] ("Trustee's Motion"). The Court set the Trustee's Motion for a hearing on April 2, 2025 [1046 Dkt. 723]. On March 19, 2025, the Trustee and CLG entered into a stipulation, [1046 Dkt. 725] (the "Trustee Stipulation"), requesting to move CLG's deadline to file an opposition to the Trustee's Motion to March 25, 2025, and the deadline for the Trustee to file a reply to April 1, 2025. The Trustee Stipulation was approved by order entered on March 19, 2025 [1046 Dkt. 727]. Both CLG's Motion and the Trustee's Motion were set for a hearing on April 2, 2025. Following the April 2, 2025 hearing, the Court took CLG's Motion off calendar pursuant to an Order Approving the Stipulation of Withdrawal Without Prejudice. [1046 Dkt. 759].

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): **JOINT STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 9, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On September 9, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
Honorable Scott C. Clarkson
United States Bankruptcy Court. Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 9, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 9, 2025 | Bonnie Connolly | /s/ Bonne Connolly |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Keith Barnett on behalf of Defendant Payliance, LLC
keith.barnett@troutman.com, kelley.wade@troutman.com

Bradford Barnhardt on behalf of Plaintiff Richard A. Marshack
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Trustee Richard A Marshack (TR)
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us

Christopher Celentino on behalf of Plaintiff Richard A. Marshack
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Christopher Celentino on behalf of Trustee Richard A Marshack (TR)
christopher.celentino@dinsmore.com, caron.burke@dinsmore.com

Leslie A Cohen on behalf of Defendant Rosa Bianca Loli
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com

Michael T Delaney on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
mdelaney@bakerlaw.com, TBreeden@bakerlaw.com

Jamie P Dreher on behalf of Defendant EPPS
jdreher@downeybrand.com, cdeulloa@DowneyBrand.com;courtfilings@downeybrand.com

Lexi J. Epley on behalf of Plaintiff Richard A. Marshack
lexi.epley@dinsmore.com, angelica.urena@dinsmore.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com

Jeremy Freedman on behalf of Plaintiff Richard A. Marshack
jeremy.freedman@nelsonmullins.com, bonnie.connolly@dinsmore.com

Jeremy Freedman on behalf of Trustee Richard A Marshack (TR)
jeremy.freedman@nelsonmullins.com, bonnie.connolly@dinsmore.com

Christopher Ghio on behalf of Plaintiff Richard A. Marshack
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Christopher Ghio on behalf of Trustee Richard A Marshack (TR)
christopher.ghio@dinsmore.com, angelica.urena@dinsmore.com

Eric D Goldberg on behalf of Defendant Stripe, Inc.
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Richard H Golubow on behalf of Creditor Debt Validation Fund II, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 1, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard H Golubow on behalf of Creditor MC DVI Fund 2, LLC
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Veneeta Jaswal on behalf of Plaintiff Richard A. Marshack
veneeta.jaswal@dinsmore.com, kathy.gumm@dinsmore.com;wendy.yones@dinsmore.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc.
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Fidelity National Information Services, Inc. dba FIS
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay Group
kelly@ksgklaw.com

Sweeney Kelly on behalf of Defendant Worldpay, LLC
kelly@ksgklaw.com

Ira David Kharasch on behalf of Defendant Consumer Legal Group, PC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant LGS Holdco, LLC
ikharasch@pszjlaw.com

Meredith King on behalf of Defendant Gallant Law Group
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

Meredith King on behalf of Interested Party Courtesy NEF
mking@fsl.law, ssanchez@fsl.law;jwilson@fsl.law

David S Kupetz on behalf of Defendant Marich Bein, LLC
david.kupetz@troutman.com, mylene.ruiz@troutman.com

Matthew A Lesnick on behalf of Defendant OptimumBank Holdings, Inc.
matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Yosina M Lissebeck on behalf of Plaintiff Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Daniel S March on behalf of Defendant Daniel S. March
marchlawoffice@gmail.com, marchdr94019@notify.bestcase.com

Kathleen P March on behalf of Defendant Greyson Law Center PC
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Han Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Defendant Jayde Trinh
kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

Kenneth Misken on behalf of U.S. Trustee United States Trustee (SA)
Kenneth.M.Misken@usdoj.gov

Victoria Newmark on behalf of Defendant Consumer Legal Group, PC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant LGS Holdco, LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Lisa Patel on behalf of Defendant OptimumBank Holdings, Inc.
lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com

Daniel H Reiss on behalf of Defendant Touzi Capital, LLC
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Daniel H Reiss on behalf of Defendant Eng Taing
dhr@lnbyg.com, dhr@ecf.inforuptcy.com

Jonathan Serrano on behalf of Plaintiff Richard A. Marshack
Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

Zev Shechtman on behalf of Interested Party Morning Law Group, P.C.
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com

Howard Steinberg on behalf of Defendant BankUnited, N.A.
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

Andrew Still on behalf of Interested Party Courtesy NEF
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

William J Wall on behalf of Witness Bradford Lee
wwall@wall-law.com

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**